# SULLIVAN PAPAIN BLOCK MCGRATH & CANNAVO P.C.

120 BROADWAY • NEW YORK • NEW YORK 10271
TELEPHONE: (212) 732-9000
FACSIMILE: (212) 266-4141
SPBMC-NY@TrialLaw1.com
www.TrialLaw1.com

| | | | |
|---|---|---|---|
| Robert G. Sullivan | Marie Ng | Cheol I. Kim | Liza A. Milgrim |
| Nicholas Papain | Eleni Coffinas | Kostantinos Mallas | Susan M. Jaffe |
| Michael N. Block | David J. Dean | Eric K. Schwarz | Donte Mills |
| Christopher T. McGrath | Hugh M. Turk | Mary Anne Walling | Paul R. Cordella |
| Vito A. Cannavo | Albert B. Aquila | Elizabeth Montesano | Christopher P. Spina |
| John F. Nash | Brian J. Shoot | Victoria Wickman | Jeffrey B. Bromfeld |
| Frank V. Floriani | Andrew J. Carboy | Matthew J. Jones | Wendell Y. Tong |
| | | Deanne M. DiBlasi | Kevin E. Verge |
| | | Beth N. Jablon | |

**PLEASE REPLY TO:**

New York City Office

**Herman Badillo**
*Of Counsel*

**Peter DeBlasio**
*Of Counsel*

John M. Tomsky
George J. Pfluger
*Counsel to the Firm*

Hon. Joseph N. Giamboi (ret.)
Robert J. Bohner
Stephen C. Glasser
*Of Counsel*

July 11, 2007

TO:   ATTACHED SERVICE LIST

  Re:   U.S.A  vs. City of New York
    Docket No.:  1:07-cv-02067

Gentlemen:

  Please be advised that the undersigned represent the proposed intervenor, the Uniformed Firefighters Association.

  We are serving herewith a Notice of Motion for permission to intervene, together with supporting affidavits of Stephen J. Cassidy and Michael N. Block.  We are also serving a Memorandum of Law in support of the motion.

  In accordance with the Court approved briefing schedule, any opposition papers are to be served by July 20, 2007.

  If you have any questions or do not receive a complete copy of the papers, please contact me immediately.

  Thank you.

       Very truly yours,

       SULLIVAN PAPAIN BLOCK
       McGRATH & CANNAVO P.C.

       By: _____
         Michael N. Block

MNB:law
Enclosures
(F-068518/017131)

SULLIVAN PAPAIN BLOCK MCGRATH & CANNAVO P.C.

*U.S.A. vs. City*
July 11, 2007
Page 2 of 3

**PLAINTIFF'S ATTORNEYS:**

**CLARE F. GELLER, ESQ.**
U.S. Department of Justice
601 D Street - Room 4926
Washington, D.C.  20004
(202) 353-1817
[FAX NO.:  (202) 514-1005]
*clare.geller@usdoj.gov*

**MICHAEL J. GOLDBERGER, ESQ.**
United States Attorneys Office
Eastern District of New York
One Pierrepont Plaza - 14th Floor
Brooklyn, New York  11201
(718) 254-6052
[FAX NO.:  (718) 254-6083]
*Michael.Goldberger@usdoj.gov*

**DAVID NATHAN REESE, ESQ.**
U.S. Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, N.W.
PHB 4031
Washington, D.C.  20530
(202) 514-3851
[FAX NO.:  (202) 353-8961]
*david.reese@usdoj.gov*

**ELLIOT M. SCHACHNER, ESQ.**
United States Attorneys Office
147 Pierrepont Plaza - 14th Floor
Brooklyn, New York  11201
(718) 254-6053
[FAX NO.:  (718) 254-6081]
*Elliot.Schachner@usdoj.gov*

SULLIVAN PAPAIN BLOCK McGRATH & CANNAVO P.C.

*U.S.A. vs. City*
July 11, 2007
Page 3 of 3


**SHARON SEELEY, ESQ.**
U.S. Department of Justice
Civil Rights Division - Employment Litigation
950 Pennsylvania Avenue, N.W.
Washington, D.C.  20530
(202) 514-4761
[FAX NO.:  (202) 514-1005]
*sharon.seeley@usdoj.gov*

**KENNETH A. STAHL, ESQ.**
United States Attorneys Office
One Pierrepont Plaza - 14th Floor
Brooklyn, New York  11201
(718) 254-6519
[FAX NO.:  (718) 254-6081]
*Kenneth.Stahl@usdoj.gov*


**DEFENDANT'S ATTORNEY:**


**GEORGIA MARY PESTANA, ESQ.**
Office of the Corporation Counsel
100 Church Street
New York, New York  10007
(212) 788-0862
[FAX NO.:  (212) 788-0940]
*gpestana@law.nyc.gov*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA,

                        Plaintiff,       **Docket No. 1:07-cv-02067**

       -against-               <u>NOTICE OF MOTION</u>

CITY OF NEW YORK,

                        Defendant,

UNIFORMED FIREFIGHTERS ASSOCIATION,

                        Intervenor.
------------------------------------X

S I R S :

    PLEASE TAKE NOTICE, that upon the annexed affidavit of STEPHEN J. CASSIDY, duly sworn to the 11th day of July, 2007, the annexed affidavit of MICHAEL N. BLOCK, duly sworn to the 11th day of July, 2007, and upon all prior pleadings and proceedings heretofore had herein, the undersigned will move this Court at a Designated Motion Term before the Honorable Nicholas G. Garaufis, District Judge, at a date, time and location to be designated by the Court, for an Order:

        (a)   Pursuant to Rule 24(a)(2) of the F.R.C.P. permitting the Uniformed Firefighters Association (hereinafter "UFA") to intervene as a party defendant in this action as of right; or, in the alternative,

        (b)   Pursuant to Rule 24(b)(2) of the F.R.C.P. allowing permissive intervention by the UFA as a defendant; and

    (c)  Granting  such  other  and  further  relief  as
         may be just and proper.

DATED:  New York, New York
       July 11, 2007

                                Yours, etc.,

                                SULLIVAN PAPAIN BLOCK
                                McGRATH & CANNAVO P.C.

                              By: _____
                                MICHAEL N. BLOCK (0957)
                                Attorneys for Proposed
                                Intervenor - UNIFORMED
                                FIREFIGHTERS ASSOCIATION
                                Office & P.O. Address
                                120 Broadway - 18th Floor
                                New York, New York  10271
                                (212) 732-9000

TO:   ATTACHED SERVICE LIST

(F-068518/017131/MNB)

2

<u>SERVICE LIST RE:  U.S.A. vs. CITY OF NEW YORK</u>

<u>(AS OF JULY 2007)</u>

<u>PLAINTIFF'S ATTORNEYS:</u>

**CLARE F. GELLER, ESQ.**
U.S. Department of Justice
601 D Street - Room 4926
Washington, D.C.  20004
(202) 353-1817
[FAX NO.:  (202) 514-1005]
*clare.geller@usdoj.gov*

**MICHAEL J. GOLDBERGER, ESQ.**
United States Attorneys Office
Eastern District of New York
One Pierrepont Plaza - 14th Floor
Brooklyn, New York  11201
(718) 254-6052
[FAX NO.:  (718) 254-6083]
*Michael.Goldberger@usdoj.gov*

**DAVID NATHAN REESE, ESQ.**
U.S. Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, N.W.
PHB 4031
Washington, D.C.  20530
(202) 514-3851
[FAX NO.:  (202) 353-8961]
*david.reese@usdoj.gov*

**ELLIOT M. SCHACHNER, ESQ.**
United States Attorneys Office
147 Pierrepont Plaza - 14th Floor
Brooklyn, New York  11201
(718) 254-6053
[FAX NO.:  (718) 254-6081]
*Elliot.Schachner@usdoj.gov*

<u>SERVICE LIST RE:   U.S.A. vs. CITY OF NEW YORK</u>

<u>(CONTINUATION)</u>

**SHARON SEELEY, ESQ.**
U.S. Department of Justice
Civil Rights Division - Employment Litigation
950 Pennsylvania Avenue, N.W.
Washington, D.C.  20530
(202) 514-4761
[FAX NO.:  (202) 514-1005]
*sharon.seeley@usdoj.gov*

**KENNETH A. STAHL, ESQ.**
United States Attorneys Office
One Pierrepont Plaza - 14th Floor
Brooklyn, New York  11201
(718) 254-6519
[FAX NO.:  (718) 254-6081]
*Kenneth.Stahl@usdoj.gov*

<u>**DEFENDANT'S ATTORNEY:**</u>

**GEORGIA MARY PESTANA, ESQ.**
Office of the Corporation Counsel
100 Church Street
New York, New York  10007
(212) 788-0862
[FAX NO.:  (212) 788-0940]
*gpestana@law.nyc.gov*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA,

                              Plaintiff,      **Docket No. 1:07-cv-02067**

        -against-                             AFFIDAVIT IN SUPPORT
                                              OF MOTION TO
CITY OF NEW YORK,                             INTERVENE

                              Defendant.

UNIFORMED FIREFIGHTERS ASSOCIATION,

                              Intervenor.
------------------------------------X


STATE OF NEW YORK    )
                     )SS.:
COUNTY OF NEW YORK   )


     STEPHEN J. CASSIDY, being duly sworn, deposes and says:

     1.   I am a firefighter employed by the Fire Department of
the City of New York.   I am also President of the Uniformed
Firefighters Association, the union representing all members of
the New York City Fire Department in the rank of firefighter.   I
submit this affidavit in support of a motion seeking leave, on
behalf of the Uniformed Firefighters Association (hereinafter
the "UFA"), to intervene as a party defendant in this action
pursuant to Rules 24(a)(2) and 24(b)(2) of the Federal Rules of
Civil Procedure.

2.   I   am   advised   that   pursuant   to   the   applicable standards, the UFA should be permitted to intervene as of right and, alternatively, with permission of the Court.

THE NATURE OF THE ACTION

3.   This action brought by the United States of America asserts that defendant, CITY OF NEW YORK (hereinafter "CITY"), in its capacity as an employer of firefighters in the Fire Department of the City of New York, discriminated against black and Hispanic applicants on two prior Civil Service examinations.

4.   The Complaint claims that with regard to Civil Service Entrance Examination Nos. 7029 (administered in 1999) and 2043 (administered in 2002), the CITY, by using an alleged "pass/fail" written examination and by the rank order processing of applicants who passed the examination, created a disparate impact upon black and Hispanic candidates.

5.   The Complaint further alleges that the manner in which the CITY used the written portion of the examinations and the subsequent rank order listing of passing applicants was not job-related and violated applicable civil rights statutes.

6.   Finally, the Complaint asserts that the CITY has failed and refused to annul the effects of the alleged discriminatory policies and practices and has failed to "make whole" those black and Hispanic applicants who were harmed by those practices.

6

7.    Your deponent anticipates, therefore, that plaintiff is seeking a process that either diminishes or minimizes the importance of the written portion of Examination Nos. 7029 and 2043 and also some form of preferential hiring of blacks and Hispanics as a remedy for the claimed discrimination.

### THE UFA SHOULD BE
### PERMITTED TO INTERVENE

8.    The UFA is the exclusive bargaining organization of New York City firefighters.   As President of the union, one of my most important responsibilities is protecting the safety of union members.   In that regard, the UFA's general policy is to fully support the "merit system" of hiring in the Fire Department so that the most qualified individuals, as demonstrated by their performance on written and physical examinations, are chosen to join the firefighting ranks of the Department.

9.    It is certainly beyond dispute that firefighting today remains a very dangerous profession.   Firefighters face serious physical injury and death on a daily basis.   The essence of firefighting is teamwork.   It requires the ability:  (a) to follow all appropriate safety procedures; (b) to familiarize oneself with the type of dangers that are faced; (c) to read and understand volumes of complicated FDNY written protocols

governing tactics and procedures; and (d) to perform the tasks assigned in an expeditious and safe manner.

10.   Firefighters today undergo extensive training on the use of sophisticated computerized equipment.   The job requires not only physical strength, but also an alert and keen mind, the importance of which should not be underestimated.   Firefighters are now extensively trained to deal with hazardous materials, possible terrorism and environmental issues unknown years ago. There is no doubt that intelligence and the ability to read and understand are important traits for firefighters.

11.   The UFA has always opposed any attempt to minimize the significance of the written or physical portions of the Fire Department entrance examinations.   To the extent that such examinations are trivialized would, in our view, result in a less qualified firefighting force and pose unnecessary dangers to our union members.

12.   Similarly, we believe that a departure from rank order hiring, such as a quota system for the increased selection of minorities, is illogical and a recipe for disaster.   We ask only that those candidates who join the Fire Department be the most qualified amongst the population seeking appointment.

13. I wish to make clear that the UFA welcomes any qualified individual into its ranks.   We oppose any discriminatory hiring scheme.   However, to the extent we are

8

familiar with the type of written questions utilized on Examination Nos. 7029 and 2043, they hardly seem discriminatory. Basic intelligence is an important asset for firefighters and ignoring that fact will imperil the safety of the firefighting force.   We steadfastly believe that both the public and our fellow firefighters deserve a merit system of hiring which selects the most qualified applicants.

14.   Thus, given the assertions of the Complaint that the written portions of Examination Nos. 7029 and 2043 were not job-related and that the rank order hiring system was discriminatory, the UFA has a definite interest in this action and may be negatively affected by an outcome that either diminishes the importance of the written examination or imposes a preferential hiring system that departs from rank order merit selection.

15.   Nor, we submit, will the CITY adequately represent the interests of the UFA in this controversy.   In this case, the CITY is accused of discriminatory practices in the hiring process of firefighters.   The UFA was not, in any way, involved in the formulation of the two examinations in question.   Nor was the UFA involved in the creation of the rank order hiring lists resulting from those tests.

16.   We are concerned that the CITY's interest in defending itself from these claims and avoiding the embarrassment of being

9

found to have discriminated could provoke the CITY to enter into a settlement adverse to the safety concerns of the UFA.   We submit that we have the right to voice our concerns and submit proofs, along with the CITY, supportive of merit selection and rank order hiring.

17. I am also advised that the Vulcan Society, representing black firefighters, is seeking to intervene as a plaintiff.  Presumably, the Vulcan Society and its firefighter members would seek to offer evidence that the written portion of the examinations at issue were not job-related.

18. In that regard annexed hereto as **Exhibit "A"** is a letter from the Vulcan Society President, John Coombs, that appeared in the June 28, 2007 *Daily News* setting forth the Vulcan Society's position on the written test.  The letter refers to the written test as "meaningless" and advocates a "pass/fail" written test and a competitive physical examination.

19. I respectfully submit that the UFA and its membership should be allowed to offer contrary evidence attesting to the importance of the written examinations in evaluating potential firefighters.

20. Given the fact that this litigation has just commenced, this application is made in a timely fashion.

21. Finally, there is no question that the UFA's defenses to this Complaint present questions of law and fact identical to

those raised by the CITY.   At the very least, therefore, this Court should exercise its discretion to permit the UFA to intervene as a defendant if we do not have an absolute right under the applicable rules.   Neither the plaintiff nor defendant be prejudiced if the UFA's application to intervene is granted.

WHEREFORE, it is respectfully requested that:

1. The Uniformed Firefighters Association be granted permission to intervene as a party defendant in this action;

2. The Uniformed Firefighters Association be permitted to submit an Answer to the Complaint in the form annexed hereto as Exhibit "B"; and

3. This Court grant such other and further relief as may be just and proper.

STEPHEN J. CASSIDY

Sworn to before me this
11th day of July, 2007.

Notary Public

(F-017131/068518/MNB)

MARGARET M. SULLIVAN
Notary Public, State Of New York
No. 01SU6010599
Qualified In Kings County
Commission Expires July 20, 20 10

11

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
UNITED STATES OF AMERICA,

                          Plaintiff,        **Docket No. 1:07-cv-02067**

        -against-                   AFFIDAVIT IN SUPPORT
                                    OF MOTION TO
CITY OF NEW YORK,                   INTERVENE

                          Defendant.

UNIFORMED FIREFIGHTERS ASSOCIATION,

                          Intervenor.
-------------------------------------X


STATE OF NEW YORK   )
                    )SS.:
COUNTY OF NEW YORK  )


    MICHAEL N. BLOCK, being duly sworn, deposes and says:

    1.   I am an attorney at law and a member of the Bar of

this Court.  I am a member of the firm of SULLIVAN PAPAIN BLOCK

McGRATH  &  CANNAVO  P.C.,  attorneys  for  proposed  defendant

intervenor,  UNIFORMED  FIREFIGHTERS  ASSOCIATION,  and  I  submit

this affidavit in support of the relief requested in the annexed

Notice of Motion.

    2.   The UFA is the union representing approximately 9,000

New York City firefighters.  It is their exclusive bargaining

agent.

    3.   The Complaint in this action asserts that two previous

Civil Service examinations for the position of New York City

12

firefighter (Exam Nos. 7029 and 2043) resulted in a disparate impact on black and Hispanic candidates and were not job-related.

4.    The Complaint appears to contend that the written portion of those examinations were given too much weight in the selection process and that rank order hiring based upon the combined scores of candidates on the written and physical portions of the examinations was also discriminatory.

5.    The Complaint seeks a remedy that will "make whole" the black and Hispanic individuals who were allegedly harmed by the purported discrimination.  Presumably, one of the remedies being sought would be a preferential hiring scheme.  The Complaint also seeks an end to the alleged discriminatory hiring practices that have resulted in the disparate impact on blacks and Hispanics.

                    THE UFA HAS A PROTECTABLE
                    INTEREST IN THIS ACTION

6.    As noted in the accompanying affidavit of UFA President Stephen J. Cassidy, the UFA's primary responsibility is the safety and protection of its members.

7.    The UFA desires that only the most qualified candidates for the position of firefighter be chosen through open competitive examination and rank order hiring.

13

8.   Mr. Cassidy notes that firefighting requires both strength and intelligence.   It is a profession based upon teamwork and coordinated efforts at scenes of fires and other emergencies.

9.   Accordingly, the UFA opposes any efforts that would reduce the quality of the firefighting force by minimalizing the importance of either the written or physical portions of F.D.N.Y. entrance examinations.

12.   The UFA, with its membership comprised solely of firefighters, can offer a unique prospective to this action.   We anticipate that the UFA would produce witnesses from the firefighting ranks to testify concerning the skills necessary for the job, including skills that are tested by written examination.

13.   Furthermore, a disposition of this action without the input of the UFA may, in reality, prevent the UFA from protecting the safety of its members if such disposition results in a reduction of the quality of the firefighting force.

14.   Nor, we submit, is the UFA's interest adequately represented by the CITY OF NEW YORK (hereinafter "CITY").   The CITY presumably has an interest in avoiding any finding of discrimination.   Its desire to resolve this matter may well exceed its concern that a preferential hiring scheme or some

14

other departure from rank order hiring could have the potential for a diminished quality within the firefighting ranks.

15. Thus, since this motion is made in a timely fashion and would not prejudice any parties to the case, the UFA should be permitted to intervene as of right.

PERMISSIVE INTERVENTION

16. In the alternative, if the Court denies the UFA's application for intervention as of right, the UFA should be allowed permissive intervention because the defenses it seeks to assert have common questions of fact and law with those raised in the main action.

17. As noted above, the UFA contends that the written portion of the challenged examinations was job-related and should not be trivialized by a "pass/fail" system. Such a system might very well make only the physical portion of an examination determinative as to who is selected and unfairly eliminate intelligence or mental acuity as important traits when compared with physical talents.

18. Thus, the UFA's position would be essentially consistent with the defenses of the CITY and add the important views of New York City firefighters, the group that would be most affected by a change in the existing hiring scheme.

19. Finally, attached as **Exhibit "B"** is the proposed Answer of the UFA to the Complaint as required by F.R.C.P. Rule 24(c).

WHEREFORE, it is respectfully requested that this Court grant the UNIFORMED FIREFIGHTERS ASSOCIATION the right to intervene as a party defendant in this action and such other and further relief as may seem just and proper.

_____
MICHAEL N. BLOCK (0957)

Sworn to before me this
11th day of July, 2007.

Notary Public
BARBARA STERLING
Notary Public, State of New York
No. 24-4962776
Qualified in Kings County
Commission Expires 02-26-10

16

# EXHIBIT "A"

## FDNY is failing a big test

**Lawsuit must end the department's biased hiring practices, which keep blacks at bay**
**NY Daily News 6/28/07**

By JOHN COOMBS

Be Our Guest

In the first 49 years of its 142-year existence, the FDNY hired no blacks, Hispanics or women. There was clearly a standard practice of unofficial segregation and blatant discrimination that continued well into the 1970s.

Now, after a Justice Department investigation lasting more than two years, the federal government has filed a lawsuit against the FDNY for discriminatory hiring practices. It is based on the Fire Department's practice of using a standardized written test as, effectively, the sole determining criteria for who does or does not get hired.

No one, particularly anyone who has ever fought a fire, has ever made the claim that the candidate who gets 100% on the exam will be a better firefighter than the person who gets 90% or even 80%. In fact, Fire Department officials have known for years that all they had to do to avoid even the possibility of a lawsuit was show its tests had been legitimately "validated" - that is, showing a correlation between a high test score and good job performance.

But they cannot, because the test is meaningless.

It's time for the FDNY to stop perpetuating a system that keeps this great city career as the domain of those who often live outside the city and are disproportionately the sons, brothers and nephews of firefighters. The better education available to these candidates growing up outside New York City virtually ensures a high mark on the test, and family connections help smooth out any problems in actually getting the job. But does that make them more qualified to fight fires? Does a high mark on a meaningless test make them the best?

It is unfortunate that many believe firefighters are born. In fact, firefighters are trained, and during one's career he or she actually gains the skills and knowledge of a firefighter.

The Vulcan Society has for many years laid out simple, straightforward ways to bring about diversity, including:

- Reinstituting the Fire Cadet program.

- Making the written test pass/fail and the physical test competitive.

- Changing the five extra points given for New York City residency (completely unenforceable) to five extra points to anyone with a diploma from a New York City (public or private) high school (completely enforceable).

- Launching a serious recruitment effort that would still only spend less than 1% of the FDNY's annual budget.

The FDNY has ignored these solutions. Even with the most optimistic results possible from what the department claimed was last year's "successful recruitment effort," the FDNY won't become even 4% black for at least another three years. At that rate it will take until approximately 2025 for New York City to have a Fire Department that is even 10% black. Fire Commissioner Nicholas Scoppetta wants New Yorkers to believe that the percentage of blacks in the FDNY has increased steadily during his tenure. This is not accurate. Today, the percentage of black firefighters is virtually the same as it was 5-1/2 years ago - slightly less than 3%.

Mayor Bloomberg and Scoppetta could have avoided this potentially expensive lawsuit. At the conclusion of a federal investigation by the Equal Employment Opportunity Commission in 2002, followed by the Justice Department investigation last year, the FDNY was asked to come to the table with the Vulcan Society to try to resolve these problems informally. Both times Fire Department officials refused, directly resulting in the current lawsuit.

I eagerly await our day in court.

*Coombs, a New York City firefighter, is president of the Vulcan Society, the black firefighters' fraternal organization.*

# EXHIBIT "B"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
UNITED STATES OF AMERICA,

                             Plaintiff,        **Docket No. 1:07-cv-02067**

          -against-              **ANSWER OF INTERVENOR**
                                 **UNIFORMED FIREFIGHTERS**
CITY OF NEW YORK,            **ASSOCIATION**

                            Defendant.

UNIFORMED FIREFIGHTERS ASSOCIATION,

                            Intervenor.
-------------------------------------X

    Defendant Intervenor, UNIFORMED FIREFIGHTERS ASSOCIATION, by its attorneys, SULLIVAN PAPAIN BLOCK McGRATH & CANNAVO P.C., as and for its Answer to the Complaint, respectfully allege as follows:

    1.   Denies each and every allegation contained in paragraph "1" of the Complaint, except admits that plaintiff purports to proceed as set forth therein.

    2.   Denies each and every allegation contained in paragraph "2" of the Complaint, except admits that plaintiff purports to proceed as set forth therein.

    3.   Admits the allegations set forth in paragraph "3" of the Complaint.

4.   Admits the allegations set forth in paragraph "4" of the Complaint.

5.   Admits the allegations set forth in paragraph "5" of the Complaint.

6.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Complaint, except admits that the Fire Department of the City of New York (hereinafter "FDNY") is the largest Fire Department in the United States and employs approximately 11,000 uniformed firefighters in all ranks.

7.   Denies each and every allegation contained in paragraph "7" of the Complaint, except affirmatively states that, subject to the New York Civil Service Law, defendant, THE CITY OF NEW YORK (hereinafter "CITY"), is responsible for determining the minimum qualifications for the position of FDNY firefighter, planning, preparing and administering open competitive and promotional examinations for the position of FDNY firefighter and performing other functions relating to the appointment of FDNY firefighters.

8.   Denies each and every allegation contained in paragraph "8" of the Complaint, except affirmatively states that at all times relevant to this action, defendant CITY has

administered open competitive and promotional examinations for appointment to the rank of entry-level firefighter.

9.   Denies each and every allegation contained in paragraph "9" of the Complaint, except admits that at all times relevant to this action, defendant CITY's open competitive examination process for appointment to an entry-level position as firefighter has included a written examination and a Physical Performance Test ("PPT").

10.   Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "10" of the Complaint, except admits that defendant CITY has administered written Examination Nos. 7029 and 2043 from which eligibility lists were certified.

11.   Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "11" of the Complaint, except admits that in January 2007, defendant CITY administered the written portion of Examination No. 6019 and that defendant CITY continues to appoint firefighters from the Eligible List generated from Examination No. 2043.

12.   Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "12" of the Complaint, except admits that only those applicants who passed

3

written Examination Nos. 7029 and 2043 were eligible to take the PPT.

13.   Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "13" of the Complaint, except admits that defendant CITY used Examination Nos. 7029 and 2043 as part of its rank order processing of candidates.

14.   Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "14" of the Complaint.

15.   Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "15" of the Complaint.

16.   Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "16" of the Complaint.

17.   Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "17" of the Complaint.

18.   Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "18" of the Complaint.

19.   Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "19" of the Complaint.

20.   Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "20" of the Complaint.

21.   Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "21" of the Complaint.

22.   Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "22" of the Complaint.

23.   Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "23" of the Complaint.

24.   Denies each and every allegation contained in paragraph "24" of the Complaint.

25.   Denies each and every allegation contained in paragraph "25" of the Complaint.

26.   Denies each and every allegation contained in paragraph "26" of the Complaint.

27.   Denies each and every allegation contained in paragraph "27" of the Complaint.

5

28. Defendant UNIFORMED FIREFIGHTERS ASSOCIATION repeats and realleges its responses to paragraphs "1" through "27" of the Complaint as if set more fully at length herein.

29. Denies each and every allegation contained in paragraph "29" of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "30" of the Complaint.

31. Denies each and every allegation contained in paragraph "31" of the Complaint.

32. Defendant UNIFORMED FIREFIGHTERS ASSOCIATION repeats and realleges its responses to paragraphs "1" through "27" of the Complaint as if set forth more fully at length herein.

33. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "33" of the Complaint.

34. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "34" of the Complaint.

35. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "35" of the Complaint.

36.   Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "36" of the Complaint.

37.   Denies each and every allegation contained in paragraph "37" of the Complaint.

38.   Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "38" of the Complaint.

WHEREFORE, defendant UNIFORMED FIREFIGHTERS ASSOCIATION demands judgment dismissing the Complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

DATED:   New York, New York
         July 11, 2007

                              Yours, etc.,

                              SULLIVAN PAPAIN BLOCK
                               McGRATH & CANNAVO P.C.


                              By: _____
                              MICHAEL N. BLOCK (0957)
                              Attorneys for Defendant-
                               Intervenor UNIFORMED
                               FIREFIGHTERS ASSOCIATION
                              Office & P.O. Address
                              120 Broadway - 18th Floor
                              New York, New York  10271
                              (212) 732-9000

TO:   ATTACHED SERVICE LIST

(F-068528/017131/MNB)

7

<u>SERVICE LIST RE:  U.S.A. vs. CITY OF NEW YORK</u>

<u>(AS OF JULY 2007)</u>

<u>PLAINTIFF'S ATTORNEYS:</u>

**CLARE F. GELLER, ESQ.**
U.S. Department of Justice
601 D Street - Room 4926
Washington, D.C.  20004
(202) 353-1817
[FAX NO.:  (202) 514-1005]
*clare.geller@usdoj.gov*

**MICHAEL J. GOLDBERGER, ESQ.**
United States Attorneys Office
Eastern District of New York
One Pierrepont Plaza - 14th Floor
Brooklyn, New York  11201
(718) 254-6052
[FAX NO.:  (718) 254-6083]
Michael.Goldberger@usdoj.gov

**DAVID NATHAN REESE, ESQ.**
U.S. Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, N.W.
PHB 4031
Washington, D.C.  20530
(202) 514-3851
[FAX NO.:  (202) 353-8961]
*david.reese@usdoj.gov*

**ELLIOT M. SCHACHNER, ESQ.**
United States Attorneys Office
147 Pierrepont Plaza - 14th Floor
Brooklyn, New York  11201
(718) 254-6053
[FAX NO.:  (718) 254-6081]
Elliot.Schachner@usdoj.gov

<u>SERVICE LIST RE:   U.S.A. vs. CITY OF NEW YORK</u>

<u>(CONTINUATION)</u>

**SHARON SEELEY, ESQ.**
U.S. Department of Justice
Civil Rights Division - Employment Litigation
950 Pennsylvania Avenue, N.W.
Washington, D.C.  20530
(202) 514-4761
[FAX NO.:  (202) 514-1005]
*sharon.seeley@usdoj.gov*

**KENNETH A. STAHL, ESQ.**
United States Attorneys Office
One Pierrepont Plaza - 14th Floor
Brooklyn, New York  11201
(718) 254-6519
[FAX NO.:  (718) 254-6081]
Kenneth.Stahl@usdoj.gov

<u>DEFENDANT'S ATTORNEY:</u>

**GEORGIA MARY PESTANA, ESQ.**
Office of the Corporation Counsel
100 Church Street
New York, New York  10007
(212) 788-0862
[FAX NO.:  (212) 788-0940]
*gpestana@law.nyc.gov*

9

STATE OF NEW YORK        )
                         )SS:
COUNTY OF NEW YORK       )

LINDA A. WEISINGER, being duly sworn, deposes and says:

I am not a party to this action and am over 18 years of age. I have a business address at l20 Broadway, New York, New York l0271.

On the 11th day of July, 2007, deponent served the within **NOTICE OF MOTION AND SUPPORTING AFFIDAVITS** by transmitting the papers via the internet at the e-mail addresses listed on the attached Service List, which e-mail addresses were designated by the attorneys for such purpose.  I also deposited a true copy of said papers, enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service addressed to the attorneys at the addresses also set forth on said attached Service List.

LINDA A. WEISINGER

Sworn to before me this
11th day of July, 2007.

Notary Public

BARBARA STERLING
Notary Public, State of New York
No. 24-4962776
Qualified in Kings County
Commission Expires 02-26-/0

<u>SERVICE LIST RE:  U.S.A. vs. CITY OF NEW YORK</u>

<u>(AS OF JULY 2007)</u>

<u>PLAINTIFF'S ATTORNEYS:</u>

**CLARE F. GELLER, ESQ.**
U.S. Department of Justice
601 D Street - Room 4926
Washington, D.C.  20004
(202) 353-1817
[FAX NO.:  (202) 514-1005]
*clare.geller@usdoj.gov*

**MICHAEL J. GOLDBERGER, ESQ.**
United States Attorneys Office
Eastern District of New York
One Pierrepont Plaza - 14th Floor
Brooklyn, New York  11201
(718) 254-6052
[FAX NO.:  (718) 254-6083]
*Michael.Goldberger@usdoj.gov*

**DAVID NATHAN REESE, ESQ.**
U.S. Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, N.W.
PHB 4031
Washington, D.C.  20530
(202) 514-3851
[FAX NO.:  (202) 353-8961]
*david.reese@usdoj.gov*

**ELLIOT M. SCHACHNER, ESQ.**
United States Attorneys Office
147 Pierrepont Plaza - 14th Floor
Brooklyn, New York  11201
(718) 254-6053
[FAX NO.:  (718) 254-6081]
*Elliot.Schachner@usdoj.gov*

i

## SERVICE LIST RE:   U.S.A. vs. CITY OF NEW YORK

### (CONTINUATION)

**SHARON SEELEY, ESQ.**
U.S. Department of Justice
Civil Rights Division - Employment Litigation
950 Pennsylvania Avenue, N.W.
Washington, D.C.  20530
(202) 514-4761
[FAX NO.:  (202) 514-1005]
*sharon.seeley@usdoj.gov*

**KENNETH A. STAHL, ESQ.**
United States Attorneys Office
One Pierrepont Plaza - 14th Floor
Brooklyn, New York  11201
(718) 254-6519
[FAX NO.:  (718) 254-6081]
*Kenneth.Stahl@usdoj.gov*

**DEFENDANT'S ATTORNEY:**

**GEORGIA MARY PESTANA, ESQ.**
Office of the Corporation Counsel
100 Church Street
New York, New York  10007
(212) 788-0862
[FAX NO.:  (212) 788-0940]
*gpestana@law.nyc.gov*

ii