1

2          UNITED STATES DISTRICT COURT
           EASTERN DISTRICT OF NEW YORK

3

       ------------------------------X
4      UNITED STATES OF AMERICA      :   07-CV-2067 (NGG)
                                     :
5                v.                  :
                                     :   July 24, 2007
6      CITY OF NEW YORK,             :   Brooklyn, New York
                                     :
7                   Defendant.       :
       ------------------------------X

8
              TRANSCRIPT OF CIVIL CAUSE FOR INITIAL CONFERENCE
9               BEFORE THE HONORABLE ROANNE L. MANN
                   UNITED STATES MAGISTRATE JUDGE

10

     APPEARANCES:
11   For the Government:        UNITED STATES ATTORNEY
                                BY:  SHARON SEELEY, ESQ.
12                              ASSISTANT U.S. ATTORNEY
                                One Pierrepont Plaza
13                              Brooklyn, New York   11201

14   For Plf. Intervenors:      RICHARD LEVY, ESQ.
     For the Defendant:         Levy, Ratner, P.C.
15                              80 Eighth Avenue
                                New York, New York   10011

16
     For Defendants:            Office of the Corporation Counsel
17                              BY:  GEORGIA M. PESTANA, ESQ.
                                Assistant Corporate Counsel
18                              100 Church Street
                                New York, New York   10007

19
     For Def. Intervenors:      MICHAEL N. BLOCK, ESQ.
20                              Sullivan, Papain, Block, McGrath
                                 & Cannavo, P.C.
21                              120 Broadway
                                New York, New York   10038

22
     For NYC Fire Dept.:        JASON FRIEDMAN, ESQ.
23
     Court Transcriber:         CARLA NUTTER
24                              TypeWrite Word Processing Service
                                356 Eltingville Boulevard
25                              Staten Island, New York 10312

     Proceedings recorded by electronic sound recording,
     transcript produced by transcription service

FILED
IN CLERK'S OFFICE
U.S. DISTRIC          D.N.Y.
★      ...  3 ... 2007   ★

BROOKLYN OFFICE

2

1          THE CLERK:  Civil Cause for Initial Conference,

2   United States of America v. New York City, 07-CV-2067.

3   Counsel, please state your appearances for the record.

4          MS. SEELEY:  Your Honor, this is Sharon Seeley for

5   the United States.

6          MR. SCHACHNER:  Elliot Schachner, also for the United

7   States.

8          MR. REESE:  David Reese, also for the United States.

9          MR. LEVY:  I'm Richard Levy of Levy, Ratner.  We

10  represent the proposed intervenors, Vulcan Society.

11         MR. DORN:  Richard Dorn also from Levy, Ratner.

12         MS. LOSSEA:  Dana Lossea, also from Levy, Ratner.

13         MS. KADIDAL:  Shayana Kadidal from the Center for

14  Constitutional Rights for proposed plaintiff intervenor.

15         MS. PESTANA:  Georgia Pestana from the Corporation

16  Counsel's Office for the City of New York.

17         MR. FRIEDMAN:  Jason Friedman, also with the

18  Corporation Counsel.

19         MR. SHACKNAR:  Don Shacknar, New York City Fire

20  Department.

21         MR. BLOCK:  Michael Block for proposed defendant

22  intervenor, Firefighters Union.

23         THE COURT:  Okay.  Welcome to all of you.  Please be

24  seated.  This is on for an initial conference.

25         Before we turn to scheduling there are just some

1  factual matters that I wanted to address.  The exam that was

2  administered in January 2007, this year, has the Department of

3  Justice made a determination that that does not -- either that

4  there's no impact or that it is job-related or if that matter

5  is still under consideration?

6          MS. SEELEY:  No, Your Honor, we essentially have no

7  information at this point about the exam.

8          THE COURT:  All right.  As I understand it, the City

9  intends to use the eligibility list generated by Exam 2043

10  until it expires in -- I'm sorry, yes, Exam 2043 until it

11  expires in May of 2008?

12          MS. PESTANA:  That's correct, Your Honor.

13          THE COURT:  All right.  I wasn't aware until

14  yesterday but I know you are going to be appearing before Judge

15  Garaufis later this afternoon.  The motions to intervene are

16  before him and I don't even think they've all been fully

17  briefed yet but those matters will be handled by him as well as

18  the bifurcation motion.  However, for purposes of discovery,

19  I'm prepared to bifurcate discovery.  It's not a ruling on

20  whether or not the bifurcation will be a trial bifurcation,

21  that's a matter best left for the trial judge.  But I am

22  prepared to bifurcate discovery.  However, while I appreciate

23  the efforts that went into the parties' proposed discovery

24  schedule, I am concerned about the duration of discovery that's

25  proposed particularly given my decision to bifurcate discovery.

1    In preparing that proposed schedule you were contemplating that

2    that would only be liability discovery?

3            MS. SEELEY:  Yes, Your Honor.

4            THE COURT:  Well, I realize that this is a complex

5    case but at the same time it's a case that Judge Garaufis has

6    indicated he would like to have discovery so I'm not prepared

7    to give you all the time that you've requested although I will

8    give you a substantial portion of it and I know that at least

9    one of the proposed intervenors, the Vulcans, have requested a

10   longer period of discovery.  As an initial matter, the Vulcans

11   are not yet in the case but if they want to participate in this

12   case they should recognize that the district court judge has

13   said that he wants discovery expedited and when the two

14   original parties to the case have proposed a schedule that they

15   feel they can live with then at minimum the intervenors should

16   be able to live with that schedule and, indeed, an even shorter

17   one that's going to be set by the Court.

18           Now, in looking over the parties' proposal it seemed

19   to me that even just to whittle this down a little bit is there

20   any reason why the City can't produce the applicant data by

21   September 10th?

22           MS. PESTANA:  Yes, Your Honor, the issue is that

23   there's a class going in from Exam 2043 in August.  So in order

24   to have the most up-to-date data for the experts to examine we

25   need at least until the end of September to incorporate what

5

1   happened to all the candidates that were considered for the

2   August class.  Generally, the -- what they call the

3   certifications -- the list and the dispositions -- are returned

4   within thirty days and the Fire Department has committed to

5   doing that in thirty days or less but that's why we needed

6   until the end of September for that.

7            THE COURT:  Well, when in August do they go in?

8            MS. PESTANA:  I think it's August 14th.  It's the

9   middle of August.  I'm not sure of the exact date.

10           THE COURT:  Well, the deadline that you proposed is

11  October 9th and considering, again, the wishes of the district

12  court and this Court if ordinarily it takes thirty days when

13  there is a Court order to expedite discovery they ought to be

14  prepared to do it more quickly.  So if August 14th is the class

15  you haven't persuaded me that September 10th is unrealistic.

16           MS. SEELEY:  I think the concern is that we wanted to

17  be accurate and to be entered in an electronic format so that

18  we can all use it and the experts be able to manipulate it so

19  that's why I think the additional time would be helpful in

20  making sure that we're all working off an accurate data set and

21  that includes as much information as we can and that would

22  leave one more class of 2043 and I think we've agreed that

23  we'll just deal with up through the appointments in the August

24  class for purposes of this case.  So it's a concern that we

25  have the data in the most accurate format as well as the format

6

1   that will be most useful and easiest for the experts to deal

2   with in developing their expert reports.  That's why I think

3   the additional time is warranted.

4            THE COURT:  Well, you've talked me into four days,

5   September 14th which is 31 days from August 14th, and it may be

6   most useful since you've gone through the trouble of doing a

7   very detailed time line if we can all work from that same time

8   line.  I'm looking at Page 5.  So Item No. 1 would be September

9   14, 2007 and would otherwise be the same.  The deadline for the

10  disclosures by the United States would then be November 9th.

11  That's in Item 2.  Item 3, the deposition dates would be

12  November 26th to December 14th and I should add that I've

13  haven't -- the modifications that I did were not -- I didn't

14  simply adjust each one by the same amount of time.  I took into

15  account intervening holidays and the like.  I mean, frankly, if

16  you wanted to adjust the deadlines for the depositions of

17  experts, you know, if you're all in agreement, I don't have a

18  problem with that.  I'd just try to come up with a deadline

19  that would slightly roll back the proposed deadlines and still

20  be substantially within -- would have substantially the same

21  time periods that have been proposed.

22            Let me just indicate to you why I'm doing this.

23  Ultimately, it's only going to be about a month shorter and

24  while that may seem like a lot of adjustments or not much of a

25  change, I was not -- the problem with having a discovery period

7

1    that ends in the middle of August is that everyone then is

2    probably going to be disappearing.  I would like to have a

3    settlement conference or if need be a series of settlement

4    conferences with the parties after discovery on the liability

5    is completed and with the proposed time line that you've

6    presented that wouldn't happen until September.  I think it's

7    in everyone's interest to get that done before everyone

8    disappears for the summer.

9            All right.  Item No. 4 would be January 7th.  Item

10   No. 5 would be January 24th through February 18th.  Item No. 6

11   would be March 3rd.  Item No. 7 would be March 24th through

12   April 18th.  Item No. 8 would be May 2nd.  Item No. 9 would be

13   May 14th to June 3rd and then discovery would end July 10th and

14   since the government prepared this document if you could

15   prepare a modified one just with those ten items and submit it

16   as an order, I'll sign it and if counsel want to confer and

17   just tweak some of those deadlines, I want to stay with the

18   July 10th close of discovery but within that if you want to

19   change a few dates here and there on consent that's fine with

20   me and we'll put this down for settlement conference, why don't

21   we say July 16th at 9:30 and we'll go all day if need be and if

22   we need to go over into the next day, July 17th.

23           Are there any other deadlines for discovery matters

24   that any of you would like to address?

25           MS. SEELEY:  I don't believe so, Your Honor.

8

1          MS. PESTANA:  No, Your Honor.

2          THE COURT:  All right.  Let me just go through --

3    just talk generally about the questionnaire.  I'm going to sign

4    off on an order along the lines that I've reviewed with you as

5    far as the other matters in the questionnaire; the maximum

6    number of requests for admission, additional interrogatories

7    and the like.  Unless the parties would like a Court order

8    embodying those limits, generally what I do, unless the parties

9    anticipate a dispute, is I leave it up to you.  If it turns out

10   that somebody wants 250 requests for admission rather than 200

11   you would speak with opposing counsel.  Presumably, you'd be

12   able to reach agreement.  I wouldn't have to hear about it

13   unless there was a dispute that you couldn't resolve on your

14   own.  Alternatively, it's going to be part of the Court order

15   as the other deadlines will be, if you want to modify it you

16   would need leave of the Court.  So I would strongly encourage

17   you not to have that part of the Court order but if you're

18   aware of any lurking issues about the scope of discovery and

19   you want to have the limit as part of a Court order, I'm

20   prepared to sign off on it.

21          MS. SEELEY:  Your Honor, so far we've been able to

22   work together really well so I don't think we would require a

23   Court order.

24          THE COURT:  All right.  Amendments of the pleadings

25   and additional parties.  I will adopt those.  That's Nos. 11

9

1  and 12.   I'm not going to give you any deadlines now for

2  dispositive motions.   Judge Garaufis requires that any party

3  wishing to make a dispositive motion write to him first and

4  request a pre-motion conference.   You won't be deemed to have

5  waived a dispositive motion by not making that request before

6  the settlement conference.

7          Are there any other matters that any of you would

8  like included in the calendar order?

9          MS. SEELEY:   Your Honor, will the other agreements of

10 the parties that were included in our document that we called

11 an attachment be in the order?

12         THE COURT:   You mean in terms of the electronic

13 discovery and the like?   Obviously, bifurcation -- I'm ruling

14 now that the schedule I've given you is for liability discovery

15 only and you're getting a year just for one phase.   Let me just

16 say that if the case isn't resolved I don't intend to give you

17 another year for the damages discovery.   Hopefully, as a result

18 of this discovery and the settlement conference we can try and

19 wrap the whole thing up.

20         Now, if the parties will prefer I will make myself

21 available for as long as it takes for the settlement

22 conference.   Would the parties prefer be sent to a court of

23 next mediation [sic]?

24         MS. SEELEY:   No, I don't believe we would prefer

25 that, Your Honor.   I think --

1          THE COURT:  You'll stick with me?

2          MS. SEELEY:  We'll stick with you in this case.

3          THE COURT:  You're stuck with me.

4          All right.  If any discovery disputes come up during

5    the course of the case confer with one another informally to

6    try to resolve the matter without getting the Court involved.

7    If you need to have a Court ruling, discovery issues in the

8    first instance come to the magistrate so don't write to Judge

9    Garaufis unless you're filing an objection from one of my

10   rulings.  In addition, most discovery disputes can be

11   adequately addressed in three pages or less which is the limit

12   in the Local Rules.  That doesn't include attachments so if

13   it's a dispute about the scope of interrogatories you get your

14   three pages plus the attachments.  Discovery letters should be

15   sent through ECF.  All communications with the Court should be

16   sent through ECF.  Responses to letters raising discovery

17   disputes should also comply with the three page limit and

18   should be sent through ECF.  If you have one of those rare

19   discovery issues that can't be adequately addressed in three

20   pages, write and request permission to file something lengthier

21   but unless it's a very complex privilege issue, three pages

22   should be more than sufficient and I see that you've agreed

23   that the United States privilege log will be produced by August

24   10th.  Are the parties contemplating that there are going to be

25   privilege disputes?

1            MS. SEELEY:  We don't contemplate any dispute with

2    regard to those documents, Your Honor, mainly attorney/client

3    documents and some deliberative [sic] process.

4            THE COURT:  All right.  Because I'll tell you right

5    now that I am not going to be available for the latter part of

6    August so if it's possible to get the privilege log done sooner

7    so that any issues can be resolved before I go I would prefer

8    that.

9            Is there going to be a confidentiality agreement?

10           MS. SEELEY:  Your Honor, the parties are working

11   right now on an agreed protective order and we think we have

12   come to agreement on almost all of the terms and the remaining

13   term is just a question more than a difference so we're hoping

14   to be able to submit an agreed protective order within the next

15   couple of days.

16           THE COURT:  All right.  The one thing that I should

17   bring to your attention because I often end up modifying the

18   proposed language of the parties, when there is confidential

19   material parties often say that any document containing

20   confidential material should be filed under seal and since

21   there is a presumption of public access I think the appropriate

22   way to handle it is to file a redacted copy under seal and then

23   an unredacted one can be filed under seal.  I mean often we're

24   talking about one line in -- let's say it's a fifty page brief,

25   there really is no reason why the entire document should be

12

1    filed under seal and not accessible through the public court

2    file.   Please make a provision in the agreement for that.

3              MS. SEELEY:  Will do, Your Honor.

4              THE COURT:  All right.  Anything else?

5              MS. SEELEY:  Not from the United States.

6              MS. PESTANA:  No.

7              THE COURT:  Did you miss any of the dates that I read

8    into the record?

9              MS. SEELEY:  Your Honor, no other issues for the

10   United States.

11             MS. PESTANA:  None for the City either.

12             THE COURT:  All right.  Just so that I have a control

13   date when can I expect the proposed order -- not the

14   confidentiality agreement but the scheduling agreement to be

15   filed?   I understand that you may want to talk with one

16   another to tweak some of the dates.  By the end of the week?

17             MS. SEELEY:  By the end of the week, Your Honor.

18             THE COURT:  Okay.  Fine.  I'll keep my eye out for

19   it.

20             Okay.  Thank you very much.

21                           *  *  *  *  *

22

23

24

25

13

1                              *  *  *  *  *

2              I certify that the foregoing is a transcript from an

3     electronic sound recording of the proceedings in the above-

4     entitled matter.

5

6     _____

7                         CARLA NUTTER

8

9     Dated:    August 28, 2007

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25