

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

GEORGIA PESTANA
*Chief, Labor and Employment Law*
*(212) 788-0862*

October 8, 2007

Honorable Roanne L. Mann
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  USA et a. v. City, et al.
           07 CV 2067 (NGG)(RLM)

Dear Magistrate Judge Mann:

      Enclosed please find for Your Honor's consideration and signature a proposed Agreed Protective Order which concerns certain documents and information to be produced by defendants in this action. It has been signed by counsel for the Intervenor-Plaintiffs and defendants and is nearly identical to the Agreed Protective Order executed by the Plaintiff United States and defendant City in this action and endorsed by this Court on August 3, 2007. The sole difference is the omission from this agreement of paragraph 3 (F) which permits the USA to provide copies of the Confidential Materials to a Congressional entity.

                                          Respectfully submitted,

                                          /s/
                                          Georgia Pestana (GP8596)
                                          Assistant Corporation Counsel

Cc: All counsel via ECF

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

UNITED STATES OF AMERICA,

                              Plaintiff,

      -against-

CITY OF NEW YORK,

                              Defendant.

        and

VULCAN SOCIETY, INC., for itself and on behalf of its
members; MARCUS HAYWOOD, CANDIDO NUNEZ,
and ROGER GREGG, individually and on behalf of a
class of all others similarly situated,

                              Plaintiffs-Intervenors,

      -against-

CITY OF NEW YORK; THE FIRE DEPARTMENT OF
THE CITY OF NEW YORK; NEW YORK CITY
DEPARTMENT OF CITYWIDE ADMINISTRATIVE
SERVICES, MAYOR MICHAEL BLOOMBERG and
NEW YORK CITY FIRE COMMISSIONER
NICHOLAS SCOPPETTA, in their individual and
official capacities,

                              Defendants.

------------------------------------------------------------------ x

**AGREED PROTECTIVE ORDER**

CV 07 2067.
(NGG)(RLM)

      Plaintiffs-Intervenors Vulcan Society, Inc., for itself and on behalf of its members, Marcus Haywood, Candido Nunez, and Roger Gregg, ("Plaintiffs-Intervenors") and defendants City of New York ("City"), The Fire Department of the City of New York, New York City Department of Citywide Administrative Services, Mayor Michael Bloomberg, and New

York City Fire Commissioner Nicholas Scoppetta, (collectively "Defendants") through their respective counsel, have consulted and agreed to entry of this Protective Order. Therefore, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

It is hereby ORDERED that:

1. <u>Confidential Material</u>

   A. The Plaintiffs-Intervenors and the City and any experts, consultants and support service personnel retained by plaintiff or defendant are required to maintain the confidentiality of the following information obtained through discovery in this litigation or obtained and marked as exhibits in depositions in this case:

   i) names, addresses, telephone numbers and social security numbers of current and former employee(s) of the City's Fire Department ("FDNY"), and applicants for the entry-level firefighter position in the FDNY; and

   ii) other information which specifically identifies such current or former employee(s), including but not limited to information in personnel files;

   iii) written examination items (i.e., examination questions) from the written examination used as part of Examination No. 7029 or Examination No. 2043. Notwithstanding any other provision(s) of this Protective Order, written examination items shall no longer be confidential material protected from disclosure by this Protective Order after the date on which the City administers the written examination portion of Examination No. 2043 for the last time.

   B. Documents and information are not Confidential Materials to the extent that they:

   i) are properly obtained by counsel for the Plaintiffs-Intervenors in this action or their support staff from a source other than the City; or

{Worldox Files\NU537\001\04\07048100.DOC}   -2-

ii) are otherwise publicly available.

2. <u>Limitations on Disclosure</u>

The information described in paragraph 1, <u>supra</u>, shall be used solely for the purpose of this litigation.

A. For the purpose of this litigation, the information described in paragraph 1, <u>supra</u>, may be disclosed to the following persons only:

i) the parties' attorneys and their support staff;

ii) experts and consultants and their administrative and secretarial employees employed by a party or its attorneys in this lawsuit and providers of copy services and litigation preparation support services employed by a party or its attorneys in this lawsuit, all of whom must agree to abide by the terms of this Protective Order;

iii) any state entity with authority or responsibility for the certification or licensure of firefighters or for testing for such certification or licensure; and

iv) the Court, its personnel and court reporters.

B. Before making disclosure of information described in paragraph 1, <u>supra</u>, to persons listed in paragraph 2(A)(ii), such persons shall be advised of the terms of this Protective Order and be given a copy of it; and such persons shall execute a nondisclosure agreement in the form of Attachment A. The signed nondisclosure agreement shall be retained by counsel for the party making the disclosure.

C. Disputes regarding the authorization of access to information described in paragraph 1, <u>supra</u>, shall be resolved by the Court after the parties have made good faith efforts to resolve such disputes without judicial intervention.

3. <u>Use of Confidential Material</u>

A. The following shall not use Confidential Material for any purpose other than for the preparation or presentation of the Plaintiffs-Intervenors' case in this action: the Plaintiffs-Intervenors, attorneys for the Plaintiffs-Intervenors and any expert(s) or consultant(s) retained by the Plaintiffs-Intervenors or its attorneys.

B. Portions of deposition transcripts (including deposition exhibits) that reveal

Confidential Material shall be deemed confidential and shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed Confidential Materials within the meaning of this Protective Order.

C. If any paper which reveals Confidential Material is filed with the Court, the portion(s) of the paper which reveal the Confidential Material shall be redacted from the paper, and the redacted copy of the paper shall be filed with the Court in the usual manner. An unredacted copy of the paper shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents and the following legend:

**CONFIDENTIAL**

THIS ENVELOPE CONTAINS DOCUMENTS OR INFORMATION
DESIGNATED CONFIDENTIAL PURSUANT TO AN ORDER
ENTERED BY THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK IN THE ABOVE-CAPTIONED
ACTION. THIS ENVELOPE SHALL NOT BE OPENED OR
UNSEALED WITHOUT THE EXPRESS DIRECTION OF A JUDGE OF
THIS COURT, AND ITS CONTENTS SHALL NOT BE DISPLAYED
OR REVEALED EXCEPT AS THE COURT MAY ORDER. THIS
ENVELOPE AND ITS CONTENTS SHALL AT ALL TIMES BE
MAINTAINED SEPARATE AND APART FROM THE PUBLICLY
AVAILABLE FILES OF THIS CASE.

D. Nothing in this Protective Order is meant to, nor shall, inhibit, in any way, the use of the information described in paragraph 1, supra, by the City in the ordinary course of the City's operations.

E. Nothing in this Protective Order is meant to, nor shall, inhibit, in any way, the use of the information described in paragraph 1, supra, by any party at trial or in preparation for trial.

F. If Confidential Material is disclosed to any persons other than in the manner authorized by this Protective Order inadvertently or otherwise, the party responsible for the disclosure must, immediately upon learning of the disclosure, inform counsel for the City of all pertinent non-privileged facts relating to such disclosure in writing and shall make every effort to prevent disclosure by each unauthorized person who received such information.

4. Destruction of Confidential Material

Within ninety (90) days of the final conclusion of this litigation (including the exhaustion of all time for appeals or the expiration or dissolution by the Court of any consent decree, order or judgment), the Plaintiffs-Intervenors shall destroy all documents containing Confidential Material, as described in paragraph 1, supra, and all copies thereof in its possession, including documents containing such information in the possession of all other persons hired or retained by the Plaintiffs-Intervenors to assist in the preparation of this matter for trial. Notwithstanding the foregoing, notes and other materials that are, or contain, the work product of attorneys may be retained. However, any such retained work product shall not be used by the Plaintiffs-Intervenors' attorneys in any other case.

5. Duration

This Protective Order shall remain in effect throughout this litigation and until all Confidential Material and copies thereof and all extracts and summaries of such Confidential Material are destroyed in accordance with the terms set forth at Paragraph 4 herein.

Dated:  New York, New York
October 5, 2007

RICHARD A. LEVY
LEVY RATNER, P.C.
Attorney for Plaintiffs-Intervenors
80 Eighth Avenue
New York, New York 10011
(212) 627-8100

By: _____
  RICHARD A. LEVY
  RL 5154

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
Attorney for Defendants
100 Church Street, Room 2-100
New York, N.Y. 10007
(212) 788-0862

By: _____
  GEORGIA PESTANA
  Assistant Corporation Counsel
  GP 8596



CENTER FOR CONSTITUTIONAL RIGHTS
Attorney for Plaintiffs-Intervenors
666 Broadway, 7th Floor
New York, New York 10012
(212) 614-6438

By: _____
  SHAYANA KADIDAL
  SK 1278

SO ORDERED:

_____
  U.S.M.J.

This Protective Order shall remain in effect throughout this litigation and until all Confidential Material and copies thereof and all extracts and summaries of such Confidential Material are destroyed in accordance with the terms set forth at Paragraph 4 herein.

Dated: New York, New York
October 3, 2007

RICHARD A. LEVY
LEVY RATNER, P.C.
Attorney for Plaintiffs-Intervenors
80 Eighth Avenue
New York, New York 10011
(212) 627-8100

By: _____
RICHARD A. LEVY
RL 5154

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
Attorney for Defendants
100 Church Street, Room 2-100
New York, N.Y. 10007
(212) 788-0862

By: _____  10/5/07
GEORGE PESTANA
Assistant Corporation Counsel
GP 8596

CENTER FOR CONSTITUTIONAL RIGHTS
Attorney for Plaintiffs-Intervenors
666 Broadway, 7th Floor
New York, New York 10012
(212) 614-6438

By: _____
SHAYANA KADIDAL
SK 1278

SO ORDERED:

_____
U.S.M.J.

Attachment A

NONDISCLOSURE AGREEMENT

The undersigned hereby acknowledges that (s)he has read the Protective Order entered by the United States District Court for the Eastern District of New York on _____, 2007 in the action entitled <u>United States, et al. v. City of New York, et al</u>, No. 07-CV-2067 (E.D.N.Y.) or has been advised of its provisions and contents. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with that case and agrees to be bound by the terms and conditions of said Order unless and until modified by further Order of the Court in that case.

Dated: _____

_____
Signature

_____
Print name