IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
UNITED STATES OF AMERICA,

            Plaintiff,

  -and-

THE VULCAN SOCIETY, INC., ET AL,

         Plaintiffs-Intervenors,

  -against-

THE CITY OF NEW YORK, ET AL,

           Defendants.
------------------------------------------------------------------X

Case No. 07-CV-2067
(NGG)(RLM)

ECF Case

STATE OF NEW YORK )
          ) ss.:
COUNTY OF NEW YORK )

## DECLARATION OF RICHARD A. LEVY

Richard A. Levy, pursuant to 28 U.S.C. ¶1746, hereby declares:

1. I am a member of Levy Ratner, P.C., and counsel, along with the Center for Constitutional Rights and Scott + Scott LLP, to Plaintiffs-Intervenors in this matter. I submit this declaration to provide the Court with true and correct copies of the documents contained in the attached Appendix, which are referred to in Plaintiffs-Intervenors' Rule 56.1 statement of undisputed facts and memorandum of law in support of their motion for summary judgment:

  A. Attached as Exhibit "A" is a true and correct copy of a page from the New York City Department of Personnel's database, produced by Defendants during discovery, which shows that, as of March 31, 2005, 331 out of 8,960 (2.97%) of the employees in the FDNY's "firefighter" title were black;

56-001-00001 31755.doc

B. Attached as Exhibit "B" is a true and correct copy of a page from the U.S. Census Bureau web site, available at http://quickfacts.census.gov/qfd/states/36/3651000.html, and printed on January 30, 2009, which shows that in 2000 the population of New York City was 26.6% black;

C. Attached as Exhibit "C" is a true and correct copy of an "ethnicity distribution of FDNY firefighters" produced by Defendants during discovery and marked as Plaintiffs-Intervenors' deposition exhibit 82, which show that 53 out of 2,692 appointments from the Exam 0084 eligibility list (2%) were black and 29 out of 2,256 appointments from the Exam 7022 eligibility list (1.3%) were black;

D. Attached as Exhibit "D" is a true and correct copy of page from the Equal Employment Practices Commission's Report to Mayor Bloomberg, produced by Defendants during discovery, which shows that, in 1999, New York City had a lower percentage of black firefighters than any of the other major U.S. cities listed;

E. Attached as Exhibit "E" is a true and correct copy of portions of the transcript from the deposition of Abraham May, Jr., Executive Director of the Equal Employment Practices Commission, dated April 9, 2008;

F. Attached as Exhibit "F" is a true and correct copy of the Equal Employment Practices Commission's April 8, 2003 report to Mayor Bloomberg (exclusive of appendices), as well as Mayor Bloomberg's October 23, 2003 response, both produced by Defendants during discovery and marked as Plaintiffs-Intervenors' deposition exhibits 48 and 49, respectively;

G.  Attached as Exhibit "G" is a true and correct copy of the Vulcan Society's August 2002 charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC");

H.  Attached as Exhibit "H" is a true and correct copy of the EEOC's June 2004 Determination of the Vulcan Society's charge;

I.  Attached as Exhibit "I" are true and correct copies of Roger Gregg, Marcus Haywood and Candido Nuñez's February 2005 charges of discrimination with the EEOC;

J.  Attached as Exhibit "J" are true and correct copies of the EEOC's November 2005 Determinations of the Gregg, Haywood and Nuñez charges;

K.  Attached as Exhibit "K" is a true and correct copy of the December 2005 letter from the City Law Department to the EEOC declining to conciliate the charges;

L.  Attached as Exhibit "L" are true and correct copies of the Third Amended Notice of Examination for Exam 7029, the Second Amended Notice of Examination for Exam 2043, and the Second Amended Notice of Examination for Exam 6019, marked as Plaintiff's deposition exhibits 2, 4 and 5, respectively;

M.  Attached as Exhibit "M" are true and correct copies of several pages from Defendants' responses and objections to Plaintiff's requests for admission;

N.  Attached as Exhibit "N" are true and correct copies of several pages from Defendants' responses to Plaintiff's interrogatories;

O.  Attached as Exhibit "O" are true and correct copies of pages from Dr. Bernard R. Siskin's expert report in this matter, dated November 2007;

P.	Attached as Exhibit "P" are true and correct copies of portions of the transcript from the deposition of Thomas Patitucci, the Assistant Commissioner for Examinations at the Department of Citywide Administrative Services ("DCAS"), dated October 9, 2007 (designee) and June 25, 2008;

Q.	Attached as Exhibit "Q" are true and correct copies of portions of the transcript from the deposition of Stephen Dobrowsky, the Deputy Assistant Commissioner for Civil Service Administration at DCAS, dated October 23, 2007 (designee);

R.	Attached as Exhibit "R" are true and correct copies of pages from Dr. Joel P. Wiesen's expert report in this matter, dated, as corrected, January 4, 2008;

S.	Attached as Exhibit "S" are true and correct copies of pages from the expert report of Dr. Philip Bobko and F. Mark Schemmer in this matter, dated January 21, 2008;

T.	Attached as Exhibit "T" are true and correct copies of portions of the transcript from the deposition of Dr. Philip Bobko, an expert for Defendants in this matter, dated July 1, 2008 and July 2, 2008;

U.	Attached as Exhibit "U" are true and correct copies of pages from the expert report of Dr. Leaetta M. Hough and David P. Jones, dated July 31, 2008;

V.	Attached as Exhibit "V" are true and correct copies of pages of Dr. Bernard R. Siskin's expert report in this matter, dated July 31, 2008;

W.	Attached as Exhibit "W" are true and correct copies of portions of the transcript from the deposition of Carol Wachter, former Assistant Commissioner for Examinations at DCAS, dated January 17, 2008;

X. Attached as Exhibit "X" are true and correct copies of portions of the transcript from the deposition of Matthew Morrongiello, DCAS Examiner for Exam 7029, dated January 14, 2008 and January 29, 2008;

Y. Attached as Exhibit "Y" is a true and correct copy of the Exam 7029 Explanation of Test Scores, produced by Defendants in this matter and marked as Plaintiff's deposition exhibit 35;

Z. Attached as Exhibit "Z" are true and correct copies of pages of Dr. Joel. P. Wiesen's expert report in this matter, dated, as corrected, August 1, 2008;

AA. Attached as Exhibit "AA" are true and correct copies of portions of the transcript from the deposition of Dr. F. Mark Schemmer, expert to Defendants in this case, dated July 8, 2008;

BB. Attached as Exhibit "BB" are true and correct copies of portions of the transcript from the deposition of Dr. Catherine Cline, consultant to DCAS in developing Exam 6019, dated February 21, 2008 and March 24, 2008;

CC. Attached as Exhibit "CC" are true and correct copies of several pages from Defendants' responses and objections to Plaintiffs-Intervenors' requests for admission;

DD. Attached as Exhibit "DD" are true and correct copies of pages from Dr. Irwin L. Goldstein's expert report in this matter, dated July 31, 2008;

EE. Attached as Exhibit "EE" is a true and correct copy of the Firefighter Exam No. 7029 Test Development Report prepared by Matthew Morrongiello, which is marked as Plaintiff's deposition exhibit 39;

FF. Attached as Exhibit "FF" is a true and correct copy of the Firefighter Examination No. 7029 Linking Panel worksheet for Rater 3, which is marked as Plaintiff's deposition exhibit 79;

GG. Attached as Exhibit "GG" are true and correct copies of portions of the transcript from the deposition of Linking Panel Rater 1, dated March 11, 2008;

HH. Attached as Exhibit "HH" are true and correct copies of portions of the transcript from the deposition of Linking Panel Rater 3, dated February 27, 2008;

II. Attached as Exhibit "II" are true and correct copies of portions of the transcript from the deposition of Linking Panel Rater 8, dated June 17, 2008;

JJ. Attached as Exhibit "JJ" are true and correct copies of portions of the transcript from the deposition of Linking Panel Rater 10, dated March 21, 2008;

KK. Attached as Exhibit "KK" are true and correct copies of portions of the transcript from the deposition of Alberto Johnston, DCAS Examiner for Exam 2043, dated January 15, 2008 and February 4, 2008;

LL. Attached as Exhibit "LL" are true and correct copies of portions of the transcript from the deposition of Daniel A. Nigro, former FDNY Chief of Department, dated January 30, 2008;

MM. Attached as Exhibit "MM" is a true and correct copy of the Exam 6019 Test Specifications, produced by Defendants during discovery and marked as Plaintiff's deposition exhibit 163;

NN. Attached as Exhibit "NN" are true and correct copies of the cover page and Table 7 from the June 2007 Job Analysis Report for Exam 6019, produced by Defendants during discovery and marked as Plaintiff's deposition exhibit 149;

OO.   Attached as Exhibit "OO" are true and correct copies of portions of the transcript from the deposition of Robert Alexander, DCAS Examiner for Exam 6019, dated June 12, 2008 and June 13, 2008;

PP.   Attached as Exhibit "PP" are true and correct copies of Plaintiffs-Intervenors' deposition exhibits 67 and 67A, which are pages from, and a table reproducing information contained in, the United States Civil Service Commission's, December 1976 Job Analysis of the Entry Level Firefighter Position;

QQ.   Attached as Exhibit "QQ" is a true and correct copy of Plaintiffs-Intervenors' deposition exhibit 65, which displays the O*Net Work Styles data for the position of Municipal Firefighter;

RR.   Attached as Exhibit "RR" are true and correct copies of Plaintiffs-Intervenors' deposition exhibits 66 and 66A, which were printed on July 7, 2008 from the web site of an employment testing company called Previsor;

SS.   Attached as Exhibit "SS" is a true and correct copy of a 1999 article entitled "Selection Tests for Firefighters: A Comprehensive Review and Meta-Analysis" by Barrett, Polomsky and McDaniel, which is marked as Plaintiff's deposition exhibit 620;

TT.   Attached as Exhibit "TT" are true and correct copies of portions of the transcript from the deposition of Plaintiff-Intervenor Candido Nuñez, dated October 21, 2008.

2.   For the reasons set forth in Plaintiffs-Intervenors' accompanying memorandum of law, we respectfully ask that the Court grant the motion for summary judgment in its entirety.

Dated: New York, New York
February 2, 2009

*Richard Levy*
RICHARD A. LEVY