**U.S. Department of Justice**

Civil Rights Division

---

JMG:SAS:CFG:VH:CW:cmj
DJ 170-51-358

*Employment Litigation Section - PHB*
*950 Pennsylvania Avenue, NW*
*Washington, DC 20530*
*www.usdoj.gov/crt/emp*

August 18, 2009

Judge Nicholas G. Garaufis
United States District Court
  for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    **Response to Uniformed Firefighters Association's Motion to Intervene in
United States, et al. v. City of New York, et al., No. 07-cv-2067 (NGG) (RLM)**

Dear Judge Garaufis:

    The United States respectfully submits this response to the letter-motion filed by the Uniformed Firefighters Association ("UFA") on August 11, 2009, seeking intervention as a party defendant in the relief phase of this case. Although the UFA cannot properly be characterized as a defendant, the United States has no objection to the UFA's participation in the relief phase with respect to retroactive competitive seniority, one form of relief sought by the United States and plaintiffs-intervenors the Vulcan Society, Inc., Candido Nuñez, Roger Gregg and Marcus Haywood (collectively "Plaintiffs-Intervenors").[1] However, the United States respectfully requests that, in allowing intervention, the Court make clear that the UFA's role is limited to matters relating to the request for an award of retroactive competitive seniority as a remedy for the City's discriminatory practices.

---

    [1] Seniority consists of "benefits seniority" and "competitive seniority." *See Franks v. Bowman Transp. Co.*, 424 U.S. 747, 766-767 (1976). Retroactive benefits seniority includes seniority for purposes of amounts of salary or other pay, pension benefits and accrual of leave, as well as any other purposes for which seniority is used in determining the amount of or eligibility for employee benefits. *See id.*, 768 n.27. Retroactive competitive seniority is seniority used for any purpose in which an incumbent competes with other incumbents, including but not limited to assignments, promotions, and layoffs/recall. *See id.*, 766-67. It should be noted that the United States does not seek retroactive seniority for purposes of any applicable probationary period or time-in-grade requirement for eligibility for promotion. However, the United States does seek retroactive seniority that can be used for promotional purposes once any such probationary period or time-in-grade requirement has been met. Thus, if awarded, such retroactive seniority could affect the rank on a promotional list of a firefighter who has *actually been an entry-level firefighter* in the Fire Department of the City of New York ("FDNY") long enough to be eligible for promotion (and passed any promotional examination).

In its letter-motion, the UFA asserts that, pursuant to Rule 24(a)(2), it is entitled to intervention of right because an award of the retroactive competitive seniority sought by the United States and the Plaintiffs-Intervenors for victims of the City's discriminatory practices might delay the promotions of incumbent firefighters and "could adversely affect" their ability to obtain transfers and special assignments. Docket Entry # 303, p. 4. The UFA also asserts that, pursuant to Rule 24(b)(1)(B),[2] it should be granted permissive intervention "as its defenses on the issue of retroactive seniority have common questions of law and fact as may be interposed by the City of New York." *Id.*, p. 5.

As this Court held in denying the UFA's original motion to intervene, to support intervention under Rule 24(a)(2), the proposed intervenor's interest must be "direct, substantial, and legally protectable." Docket No. 47, p. 5 (quoting *New York New, Inc. v. Kheel*, 972 F.2d 482, 486 (2d Cir. 1992)). Neither the UFA's letter-motion nor the affidavit of UFA president Stephen Cassidy, filed in support of the UFA's motion, refers to any contractual seniority right. Indeed, it appears that use of seniority for competitive purposes is not a contractual right under the collective bargaining agreement between the City and the UFA. A review of the most recent collective bargaining agreement obtained by the United States during liability phase discovery indicates that there is no contractual right to use of seniority for purposes of promotions, transfers and special assignments. Although the collective bargaining agreement refers to the "importance of seniority" in filling vacancies and making assignments, it ultimately leaves the decision to the discretion of the FDNY. *See* Exh. A (Collective Bargaining Agreement, dated July 28, 2006)), pp. 16-17, Articles XIII and Article XVI; Exh. B (memorandum of agreement extending the Collective Bargaining Agreement's terms to July 31, 2008).

The UFA also has not established that permissive intervention under Rule 24(b)(1)(B) is appropriate. Rule 24(b)(1)(B) allows intervention by anyone who "has a claim or defense that shares with the main action a common question of law or fact." As the United States pointed out in response to the UFA's initial motion to intervene, however, there has been no claim made against the UFA. Nor has the UFA made a claim against any existing party. Thus, the UFA has neither a claim nor a defense that "shares with the main action a common question of law or fact," as required by Rule 24(b)(1)(B).

Nonetheless, to avoid any question as to whether any rights of the UFA and/or its members have been adequately represented prior to entry of a relief order, the United States does not oppose the UFA's intervention. It has became apparent that the UFA intends to assert that any award of retroactive competitive seniority to victims of the City's discrimination will violate the equal protection rights of the UFA's members. Specifically, during a conference with

---

[2] Although the UFA's letter-motion states that the UFA seeks intervention pursuant to Rule 24(b)(2), the UFA apparently intended to refer to subsection (b)(1)(B) of Rule 24. Rule 24(b)(2) relates to intervention by a governmental officer or agency, while Rule 24(b)(1)(B) provides that a court may permit intervention by anyone who "has a claim or defense that shares with the main action a common question of law or fact."

2

Magistrate Judge Mann on August 11, 2009, counsel for the UFA, after hearing the City assert that an award of such seniority would violate the equal protection rights of white firefighters, stated that "the union's position *is not only the issue . . . of equal protection* but it's also an issue of safety with regard to promotional credit" based on seniority. Exh. C, Tr. pp. 22-23 (emphasis added). In addition, in his affidavit, Mr. Cassidy argues that the grant of retroactive competitive seniority "will *discriminate against* . . . incumbent UFA members who . . . may be jumped over by the successful litigants in this case." Docket No. 303-1, ¶ 6 (emphasis added).[3]

Given the Court's liability ruling, such a claim is meritless as a matter of law because any classification made in awarding seniority will not be made on the basis of race/national origin, but rather will be made on the basis of whether an individual was the victim of the City's past discrimination. *See United States v. N.Y.C. Bd. of Educ.*, 448 F. Supp.2d 397, 438 n.50 (E.D.N.Y. 2006) (quoting *City of Richmond v. J.A. Croson Co.*, 488 U.S. 469, 526 (1989) (Scalia, J., concurring)). However, the Second Circuit has held that the lack of merit of the claim that is the basis for intervention does not preclude intervention. *See Brennan v. N.Y.C. Bd. Of Educ.*, 260 F.3d 123, 129-130 (2d Cir. 2001) ("An interest that is otherwise sufficient . . . does not become insufficient because the court deems the claim to be legally or factually weak.") Accordingly, the United States does not oppose the UFA's intervention in this case for the limited purpose of addressing the issue of retroactive competitive seniority relief. *See* Fed. R. Civ. P. 24, advisory committee's note, 1966 Amendment (intervention may be subject to restrictions); *Harris v. Pernsley*, 820 F.2d 592, 599 (3d Cir. 1987) (person seeking intervention "may have a sufficient interest to intervene as to certain issues . . . without having an interest in the litigation as a whole."); *Kirkland v. New York States Dept. of Corr. Servs.*, 711 F.2d 1117, 1128 (2d Cir. 1983) (approving of grant of intervention "solely to object to the settlement").

---

[3] Mr. Cassidy's affidavit also refers to "safety" as an interest of the UFA's members that may be implicated if victims of the City's discrimination are awarded retroactive seniority for purposes of promotions, transfers or special assignments. Docket Entry # 303-1, ¶ 6. Clearly, the safety of not only the UFA's current members but also of individuals who may obtain relief in this case is of interest to the parties. Indeed, in denying the UFA's original motion to intervene, the Court found that "the UFA has not shown that the City . . . will not adequately represent the union's interest in safety concerns." Docket No. 47, p. 7. At any rate, Mr. Cassidy's affidavit indicates that the UFA's asserted safety interest relates to the use of retroactive seniority for purposes of competing for promotions, transfers and special assignments. Thus, allowing the UFA to participate in relief proceedings with respect to the issue of retroactive seniority will ensure that the UFA's views regarding safety will be heard. Moreover, the Court already has invited the UFA, in the capacity of *amicus curiae*, to brief any other safety issue that might arise. *See* Docket No. 47, p. 10.

Sincerely,

John M. Gadzichowski
Chief
Employment Litigation Section

By:

/s Sharon Seeley
Special Litigation Counsel
Employment Litigation Section
Civil Rights Division
(202) 514-4761

Benton J. Campbell
United States Attorney

By:

/s Elliot M. Schachner
Assistant U.S. Attorney
(718) 254-6053

cc: All counsel of record (via ECF)