# SULLIVAN PAPAIN BLOCK MCGRATH & CANNAVO P.C.

120 BROADWAY • NEW YORK • NEW YORK 10271
TELEPHONE: (212) 732-9000
FACSIMILE: (212) 266-4141
SPBMC-NY@TrialLaw1.com
www.TrialLaw1.com

| | | | | |
|---|---|---|---|---|
| Robert G. Sullivan | Marie Ng | | Eric K. Schwarz | Jeffrey B. Bromfeld |
| Nicholas Papain | Eleni Coffinas | | Mary Anne Walling | Wendell Y. Tong |
| Michael N. Block | David J. Dean | | Elizabeth Montesano | Benjamin J. Wolf |
| Christopher T. McGrath | Hugh M. Turk | | Matthew J. Jones | Terrence L. Tarver |
| Vito A. Cannavo | Albert B. Aquila | PLEASE REPLY TO: | Deanne M. DiBlasi | Michael J. Wells |
| John F. Nash | Brian J. Shoot | | Beth N. Jablon | Noemi Puntier |
| Frank V. Floriani | Andrew J. Carboy | New York City Office | Liza A. Milgrim | Clifford S. Argintar |
| | | | Susan M. Jaffe | Jocelyn E. Lupetin |
| | | | Donte Mills | Kerry A. McManus |
| | | | Christopher P. Spina | Thomas J. McManus |
| John M. Tomsky | Herman Badillo | | | |
| George J. Pfluger | Hon. Joseph N. Giamboi (ret.) | | | |
| *Counsel to the Firm* | Stephen C. Glasser | | | |
| | *Of Counsel* | November 2, 2009 | | |

The Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza East - Room 659
Brooklyn, New York  11201

      Re:  U.S.A. vs. City and UFA
            Civil Action No.:  07-cv-2067 (NGG) (RLM)
           <u>United States' Proposed Relief Order</u>

Dear Judge Garaufis:

     The undersigned are counsel for <u>amicus</u> <u>curiae</u> Uniformed Firefighters Association ("UFA"), and we are submitting this letter to comment upon the Proposed Relief Order ("Order") submitted by the United States.

     Our comments are as follows:

     (1) With regard to the "priority hiring" proposals contained in the Order, we note that the United States suggests that "Non-hire Claimants," as defined in paragraph "8", will be eligible for priority hiring relief as long as they take written Examination No. 6019 (on an interim basis as provided in Section III of the Order).

     Your Order granting summary judgment to the plaintiffs related only to the scoring of Examination Nos. 7029 and 2043.  It did not relate to the scoring of Examination No. 6019.

SULLIVAN PAPAIN BLOCK MCGRATH & CANNAVO P.C.

The Honorable Nicholas G. Garaufis
November 2, 2009
Page 2 of 3

  Nevertheless, the Order states that a Non-hire Claimant need only score 60 on written Examination No. 6019 to be qualified as a priority hire (Proposed Order, paragraph "48"). If a score of 60 is lower than the "default pass mark" for Examination No. 6019, the UFA objects to such proposal as artificially and improperly lowering the minimum standards for the selection of candidates for the position of firefighter. A person seeking to be hired as a firefighter should be compelled to achieve at least the minimum passing grade on the written exam to be considered qualified. There has been no determination that the minimum pass mark for Examination No. 6019 is discriminatory.

  (2) Similarly, paragraph "47" of the Order provides that a proposed priority hire who has not passed the written portion of Examination No. 6019 (no matter what score the candidate received) cannot be considered unqualified if that candidate scored at least 60 on written Examination Nos. 7029 or 2043. Once again, we urge that any candidate should be minimally qualified, at the time of hire, to be a firefighter. If that person cannot pass the written portion of Examination No. 6019, that person is not qualified no matter what he may have scored on prior examinations.

  (3) However, if the Court accepts the proposition that a person who does not pass the written portion of Examination No. 6019 should still be hired if that person received a specified written grade or higher on Examination Nos. 7029 or 2043, that grade should be 70 rather than 60 as proposed in the Order (see paragraph "7" of letter dated October 7, 2009 from Richard A. Levy, Esq. to the Court containing comments on behalf of plaintiffs-intervenors regarding the Proposed Relief Order).

  (4) Finally, we note the language of paragraph "10" of the Order, defining "retroactive seniority," provides that retroactive seniority "shall not be used for purposes of any applicable probationary period(s) or time-in-grade requirement(s) for eligibility for promotion." I believe that this clause needs some clarification.

  Under current FDNY rules, we believe that a firefighter is not eligible to take the promotional exam for the rank of Lieutenant unless that firefighter has actually served three years in the Department. Furthermore, a firefighter cannot actually be promoted to the rank of Lieutenant unless the firefighter has served at least five years in the Department, i.e., reached 1st grade. If a firefighter is going to be promoted to the supervisory rank of Lieutenant, leading other firefighters in dangerous situations, the Order should clearly require that the

SULLIVAN PAPAIN BLOCK MCGRATH & CANNAVO P.C.

The Honorable Nicholas G. Garaufis
November 2, 2009
Page 3 of 3

firefighter should have served a minimal amount of three years before being eligible to take such an examination. Furthermore, that firefighter should have actually worked for at least five years in the Fire Department before being allowed to supervise other firefighters. Retroactive seniority contemplated by the Order is certainly not a substitute for the real life experience required of a fire officer.

    Thank you for considering these comments.

                              Respectfully submitted,

                              SULLIVAN PAPAIN BLOCK
                               McGRATH & CANNAVO P.C.

                              By: _____
                                   Michael N. Block (MNB/0957)

MNB:law

cc:   Magistrate Roanne L. Mann
      Service List

(UF-068518)