# LEVY RATNER, P.C.
Attorneys at Law
80 Eighth Avenue, 8th Floor
New York, New York 10011-5126

Telephone (212) 627-8100
Telecopier (212) 627-8182

www.levyratner.com

Richard A. Levy
Daniel J. Ratner
Daniel Engelstein°
Gwynne A. Wilcox ᐃ
Pamela Jeffrey
Owen M. Rumelt
Kevin Finnegan
Carl J. Levine ᐃ
David Slutsky ᐃ
Allyson L. Belovin
Suzanne Hepner •

Dana E. Lossia ᐃ
Susan J. Cameron ᐃ
Micah Wissinger •
Ryan J. Barbur
Vanessa Flores ᐃ
Alexander Rabb
Nicole Grunfeld

Senior Counsel:
Richard Dorn
Robert H. Stroup

Counsel:
Paul Schachter ᐃ
Anthony DiCaprio
Michael Steven Smith
David P. Horowitz †

December 29, 2009

*[Handwritten: The Court modifies the schedule proposed by Plaintiffs-Intervenors and Plaintiffs, to take into account Defendants' objections.]*

**ELECTRONICALLY FILED**

Hon. Roanne L. Mann
U.S. Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

SO ORDERED:
/s/
Roanne L. Mann
U.S. Magistrate Judge
Dated: 1/19/10

Re: **U.S.A., et al v. City of New York, et al.**
**Civ. Action No. 07-cv-2067 (NGG) (RLM)**

Dear Judge Mann:

Pursuant to Your Honor's Order of December 15, 2009 (Dkt. 373), I write on behalf of Plaintiffs-Intervenors concerning a proposed schedule for the remainder of remedy phase discovery.

As we indicated in our December 15, 2009 letter, the parties agreed to structure the expert discovery schedule so that Plaintiffs-Intervenors' expert, Dr. Louis Lanier, could review the report of the United States' expert, Dr. Bernard Siskin, and then make an additional submission only if it were necessary to do so. Plaintiffs-Intervenors' goal was to avoid the time and expense of producing a duplicative expert report, as well as to avoid burdening the City Defendants and the Court with such duplication. Thus, Plaintiffs-Intervenors did not ask Dr. Lanier to begin his economic analysis prior to the submission of the United States' report on December 18, 2009.

From December 18, 2009 – December 28, 2009, Dr. Lanier worked to assess the adequacy of Dr. Siskin's report. In order to ensure that plaintiffs are granted the full remedy to which they are entitled, Dr. Lanier has determined that it is necessary for him to address two or three issues that were dealt with in Dr. Siskin's report.

Because Dr. Lanier has only recently begun this analysis, the earliest possible date on which he is able to make an expert submission is January 19, 2010. With this date as a starting point, the Plaintiffs-Intervenors and the United States have conferred and agree to

°Admitted in NY, MA and DC   ᐃAdmitted in NY and NJ   •Admitted in NY and CT   *Admitted in NY and DC   †Admitted in NY and MA

Case 1:07-cv-02067-NGG -RLM   Document 386   Filed 01/19/10   Page 2 of 2
Case 1:07-cv-02067-NGG -RLM   Document 379   Filed 12/29/09   Page 2 of 2
LEVY RATNER, P.C.

the following schedule for the remainder of remedy phase discovery, which maintains the current close of discovery deadline of May 17, 2010, as requested by the Court:

| | |
|---|---|
| January 19, 2010 | Plaintiffs-Intervenors' expert report due |
| Dec. 25 – Jan. 25, 2010 | United States' expert available for deposition |
| Feb. 1 – Feb. 19, 2010 | Plaintiffs-Intervenors' expert available for deposition |
| March 12, 2010 | City's expert report due |
| March 29 – April 14, 2010 | City's expert available for deposition |
| May 17, 2010 | Close of remedy phase discovery |

I have also conferred with counsel for Defendants regarding the remedy phase discovery schedule. Defendants do not object to the January 19, 2010 date for submission of Plaintiffs-Intervenors' expert report. However, Defendants object to the remainder of the schedule proposed by the United States and Plaintiffs-Intervenors because it does not allow the City the same amount of time to respond to Dr. Lanier's report as it has to respond to Dr. Siskin's report. The City also objects that the proposed schedule allows too short a time between the filing of Dr. Lanier's report and the last day to depose Dr. Siskin. Finally, the City notes that while the prior schedule allowed just over three weeks to prepare an expert report from the last possible day to depose an opposing side's expert, the current schedule allows only two weeks and two days from the last possible deposition date. Defendants did not propose specific modifications to the schedule described above. Rather, Defendants request that each date in the current schedule be moved forward by 31 days (the amount of time between December 18, 2009, the original date for Plaintiffs-Intervenors' expert submission, and the new deadline of January 19, 2010).

Because Dr. Lanier's January 19, 2010 report will address far fewer issues than the United States' report, Plaintiffs-Intervenors do not believe it is necessary to modify the entire schedule in this way. We defer to Your Honor's judgment in this matter. Thank you for your assistance.

Very truly yours,

*Dana Lossia*

Dana E. Lossia

TO: All counsel via ECF.