

**PRYOR CASHMAN LLP**

New York | Los Angeles

7 Times Square, New York, NY 10036-6569  Tel: 212-421-4100  Fax: 212-326-0806          www.pryorcashman.com

February 3, 2010

Hon. Nicholas G. Garaufis
United States District Court
Eastern District of New York
United States Courthouse
225 Cadman Plaza East-Room 659
Brooklyn, NY 11201

    Re:    **United States of America and Vulcan Society, et al. v. City of New York**
           **07-cv-2067 (NGG) (RLM)**

Dear Judge Garaufis:

This firm represents the Uniformed Fire Officers Association, Local 854, IAFF, AFL-CIO ("UFOA"). The UFOA is the certified bargaining representative of uniformed members of the New York City Fire Department in the ranks, *inter alia*, of Lieutenant, Captain, Battalion Chief and Deputy Chief. Pursuant to the direction of your chambers, this letter will serve as the UFOA's application to appear as *amicus curiae* in the above-referenced matter.

The UFOA represents approximately 2,500 members in the Fire Department. This includes at the present time more than 1,500 members in the rank of Lieutenant and 545 members in the rank of Captain. With the exception of specialized units, the Fire Department is organized around fire companies, each of which is based in a firehouse. Each company consists of one Captain, usually three Lieutenants and the Firefighters assigned to that company. When a company responds to a fire, that response consists of either the Captain or one of the Lieutenants and the Firefighters assigned to that company on that tour. In fighting a fire, a Lieutenant or a Captain is right there with the Firefighters on the fire ground, supervising them as they extinguish the fire or perform search and rescue operations in the fire building. In addition to providing line supervision, the Captain or the Lieutenant who is responsible for the company on a given tour provides training and supervision to the Firefighters in the company on all activities that they perform.

This unique perspective as the representative of those who supervise all Firefighters on a day-to-day basis makes the UFOA uniquely situated to provide input to the Court on issues relating to this litigation that range from identification of the skills which are required to function effectively as a Firefighter through the impact in the company, on the fire ground and upon promotion of the appointment of Firefighters who may lack certain skills or who may be promoted to Lieutenant without sufficient experience as a Firefighter.

**PRYOR CASHMAN LLP**

Because Lieutenants and Captains every day are part of a firefighting team which consists primarily of Firefighters, the qualifications of new Firefighters has a direct impact on the safety of these members of the UFOA bargaining unit. Lieutenants and Captains rely on the Firefighters in their command, for example, to anchor a rope on which the Officer will rely for his or her safety. When a Firefighter fails to properly "size up" the fire scene, it is both the Officer and the Firefighter who may find themselves falling through the floor or trapped by fire in a part of the fire floor from which there is no easy egress.

Unfortunately, experience has shown that the UFOA cannot rely on the City of New York to protect the safety of our members. The UFOA's view on what safety requires and that of the City of New York have often diverged. Over the almost 30 years that I have represented the UFOA, the UFOA has repeatedly and consistently advocated for members of its bargaining unit against the City of New York when it believed that actions taken by the City threatened the safety of its members. For example, the UFOA filed safety impact petitions with the New York City Office of Collective Bargaining when the City eliminated one of the divisions in which the fire companies are grouped and through which Deputy Chiefs respond as the incident commander for major fires. On another occasion, the UFOA joined the Uniformed Firefighters Association ("UFA") some years ago in filing a petition to challenge the use of light duty Division Aides because of its view that the absence of a full duty aide threatened the safety of all of its members at the fire scene. 49 OCB 39 (1992), Docket No. BCB-1359-91. The UFOA has the same potential concern here depending on the manner in which the relief is framed.

The same concern would apply if Firefighters are promoted to Lieutenant without sufficient experience on the job as a Firefighter. As the Court is already aware from the application of the UFA to intervene in this action, the current practice is that Firefighters must have three years on the job to take the Lieutenant's examination and must have five years service as a Firefighter at the time of promotion to Lieutenant. The Court in framing its relief will have to balance the relief which it grants to discrimatees who may have been unlawfully denied appointment in the past against the need for Firefighters to obtain on the job experience as Firefighters prior to promotion. The UFOA can offer the insights it has gained from its long-standing role as the representative of the ranks which supervise Firefighters as the Court strikes this difficult balance.

The UFOA also has an interest in the seniority rights of the incumbents in its bargaining unit when candidates appointed pursuant to the relief granted by the Court are eventually promoted to Lieutenant. In this respect and in its concern about the safety of its members, the interests of the UFOA in this action directly parallel those of the UFA. The primary difference is that the UFOA brings a somewhat different perspective as the representative of the first-line and higher level supervisors of the Firefighters.

# PRYOR CASHMAN LLP

Hon. Nicholas G. Garaufis
February 3, 2010
Page 3


The Court has previously granted the UFA the status of *amicus curiae* "even in the initial liability phase of this action…."  Memorandum and Order dated September 5, 2007 at 10.  For the same reasons, the Court should permit the UFOA to participate in this action as *amicus curiae*.


Respectfully submitted,



Pryor Cashman LLP


By: _____
      Richard M. Betheil (RMB 8246)


cc:   Magistrate Judge Roanne L. Mann
      Service List
      Capt. Alexander Hagan