**U.S. Department of Justice**

Civil Rights Division

---

JMG:SAS:CFG:VH:CW:sj
DJ 170-51-358

*Employment Litigation Section - PHB*
*950 Pennsylvania Avenue, NW*
*Washington, DC 20530*
*www.usdoj.gov/crt/emp*

February 4, 2010

Judge Nicholas G. Garaufis
United States District Court
  for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  **Response to Uniformed Fire Officers Association's Request to Appear as *Amicus Curiae* in <u>United States, et al. v. City of New York, et al.</u>, No. 07-cv-2067 (NGG) (RLM)**

Dear Judge Garaufis:

The United States respectfully submits this response to the letter-motion filed by the Uniformed Fire Officers Association ("UFOA") on February 3, 2010, seeking leave to appear *amicus curiae* in the above-referenced case. While the United States does not object to the UFOA's request, the United States wishes to note the following:

The fairness hearing procedures set forth in the Proposed Relief Order ("PRO") submitted by the United States on September 10, 2009 (Dkt. No. 315-2) already allow the UFOA to present its views regarding relief. Under the PRO, the UFOA can, like others whose interests may be affected by the terms of the relief ordered by the Court, submit objections that will be considered by the Court at a fairness hearing.

Secondly, the United States notes that, to the extent that the UFOA's interest in the relief awarded in this case relates to the award of retroactive seniority, the Court already held in its January 21, 2010 Memorandum and Order that it will order awards of retroactive seniority for priority hires and those whose hiring was delayed by the City's discriminatory practices. Dkt. No. 390, pp. 3, 28. Accordingly, to the extent that the Court allows the UFOA to participate as *amicus curiae*, the United States requests that the Court should make clear that the UFOA's participation will not be interpreted as an invitation to re-open issues already decided by the Court. In this regard, the UFOA states that "the interests of the UFOA in this action directly parallel those of the" United Firefighters Association ("UFA"). Dkt. No. 394, p.2. In 2007, the Court granted the UFA leave to participate as *amicus curiae* in this case, and the UFA has addressed the retroactive seniority issue (as well as safety concerns) on several occasions since that time.

Moreover, to the extent that the UFOA's request is based on its assertions regarding promotions of victims of discrimination "without sufficient experience as a Firefighter," Dkt. No.

394, pp. 1 and 2, as the Court is aware, the PRO specifically provides that retroactive seniority awarded as remedial relief in this case "shall not be used for purposes of any applicable probationary period(s) or time-in-grade requirement(s) for eligibility for promotion," Dkt. No. 315-2, ¶ 10. Indeed, the Court acknowledged this provision in its January 21 Memorandum and Order and, given the UFA's stated concerns in this regard, requested that the United States and the UFA propose additional language making absolutely clear what has always been the position of all parties to this case – that the City's time-in-grade requirements for eligibility for promotion will apply to those victims who receive an award of retroactive seniority and that the retroactive seniority awarded will not reduce the time-in-grade required for such eligibility. Dkt. No. 390, p. 45. Thus, the primary interest asserted by the UFOA has already been addressed by the Court.

Finally, to the extent that the UFOA asserts that it is "uniquely situated to provide input" regarding "identification of the skills which are required to function effectively as a Firefighter," that issue appears to relate to the development of a new, lawful selection procedure. Under the PRO, the experts of the United States and the City will, based upon the standards and guidelines of their profession, jointly determine how such information should be obtained in a reliable manner as part of any job analysis that they may conduct. It would be inappropriate to give the UFOA a role in the development of the new examination unless it is requested by the experts based upon their professional standards and judgment.

Sincerely,

John M. Gadzichowski
Chief
Employment Litigation Section

By:

/s Sharon Seeley
Special Litigation Counsel
Employment Litigation Section
Civil Rights Division
(202) 514-4761

Benton J. Campbell
United States Attorney

By:

/s Elliot M. Schachner
Assistant U.S. Attorney
(718) 254-6053

cc: All counsel of record (via ECF)