D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
UNITED STATES OF AMERICA,

                    Plaintiff,

    -and-

THE VULCAN SOCIETY, INC., MARCUS
HAYWOOD, CANDIDO NUÑEZ, and
ROGER GREGG,

                 Plaintiff-Intervenors,

    -against-

THE CITY OF NEW YORK,

                 Defendant.
----------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

**ORDER**
**07-cv-2067 (NGG)(RLM)**

       By letter dated February 3, 2010, the Uniformed Fire Officers Association, Local 854,

IAFF, AFL-CIO ("UFOA") has requested leave to appear as amicus curiae in this matter.

(Docket Entry # 394.)  The UFOA is "the certified bargaining representative of uniformed

members of the New York City Fire Department in the ranks, inter alia, of Lieutenant, Captain,

Battalion Chief and Deputy Chief," and represents approximately 2,500 members of the Fire

Department.  (Id. 1.)  The UFOA asserts that, because its members are responsible for training

firefighters and supervising them in the line of duty, it can offer an additional, unique perspective

on the potential impact that any court-ordered relief might have on the safety or efficacy of

firefighting units.  The UFOA also asserts that it has interests in the qualifications and seniority

rights of its members that will be affected by the court's award of retroactive seniority.

1

The court has no doubt that the UFOA can provide valuable input on firefighter operations and the degree to which such operations will be affected by any additional proposed relief. The court notes, however, that to the extent that the UFOA's interest in the remedial phase of this case relates to the award of retroactive seniority, the Court has already held that (1) a limited number of identified victims of discrimination who are currently eligible and qualified to be firefighters will be entitled to priority hiring relief, including retroactive competitive seniority; and (2) victims whose hiring was delayed by the City's discriminatory use of Exams 7029 and 2043 will be entitled to retroactive seniority. (See Jan. 21, 2010 Memorandum & Order (Docket Entry # 390) ("Initial Remedial Order) 55.) These rulings are now the law of the case, and the court will not revisit them.[1] Had the UFOA wished to make its views on these issues known prior to the Initial Remedial Order, it could have applied for amicus status at any point after the court's disparate-impact liability ruling. (See July 22, 2009 Memorandum & Order (Docket Entry # 294) 93 (granting Plaintiffs' motions for summary judgment and stating that "an appropriate remedy must now be considered by the court").)

Accordingly, the court GRANTS the UFOA's application to appear as amicus curiae in this case, with the understanding that the court will neither entertain nor tolerate attempts to re-open or re-litigate previously settled issues.

SO ORDERED.

Dated: Brooklyn, New York
      February 5, 2010

s/Nicholas G. Garaufis

NICHOLAS G. GARAUFIS
United States District Judge

---

[1] As noted in the Initial Remedial Order, all parties and amici are currently in agreement that any award of retroactive seniority "shall not be used for purposes of any applicable probationary period(s) or time-in-grade requirements for eligibility for promotion," and at this juncture the court is strongly inclined to incorporate this provision in the final remedial order. (Initial Remedial Order at 45.) Such a provision would presumably allay the UFOA's fears that victims of discrimination with insufficient experience will be promoted to the officer ranks.