February 16, 2010

**Via Hand**
Hon. Nicholas G. Garaufis, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:    *U.S.A., et al v. City of New York*
          **Civ. Action No. 07-cv-2067 (NGG) (RLM)**

Dear Judge Garaufis:

I am the President of the United Women's Firefighters (UWF) and am writing to you in advance of the conference scheduled for February 24th to apprise you of my organization's interest and concern in the above referenced case as it relates to female firefighters.

The UWF was founded in 1982 as a support organization for women firefighters in the New York City Fire Department (FDNY). The FDNY began accepting applications from women for the position of firefighter in 1977, but did not hire any women until after Brenda Berkman successfully sued the City of New York on behalf of herself and other women who had passed the written examination, questioning the validity of the physical exam. The UWF was founded by Ms. Berkman to deal with the discrimination and the sexual harassment women firefighters faced. We have often lobbied for training for all officers and firefighters on issues related to women on the job.

Despite the legal victories achieved in the 1980's and the initial hiring of 40 women firefighters, today, only 32 New York City firefighters are women, amounting to approximately .25% representation. As such, women firefighters are even more underrepresented in the FDNY than minority male firefighters. As in the instant suit alleging racial bias, the discrimination against women in the FDNY has a long, factious history and the fraction of women firefighters in New York City stands in sharp contrast to the higher representation of women firefighters in various other municipalities such as Minneapolis, MN (17%), San Francisco, CA (15%), and Miami-Dade, FL (13%). ("Status Report," International Association of Women in Fire and Emergency Services, http://www.i-women.org/status_report.php, last visited Feb. 9, 2010).

The obstacles impeding women from the profession of firefighting in New York City are varied and complex. Yet, what should be beyond dispute is the goal to avoid harming another under-represented group – women – when crafting a remedy in the case at bar.

Hon. Nicholas G. Garaufis
February 16, 2010
Page 2 of 2

To that end, UWF seeks to be heard regarding new testing requirements and Orders for preferential hiring.[1]

Presently, UWF is exploring legal options to safeguard the rights and concerns of its membership. We are investigating the retention of legal counsel and whether or not to move for intervenor status in the remedy stage or seek Your Honor's permission to appear *amicus curiae*. We are also considering a separate lawsuit specifically addressing the FDNY's ongoing discrimination against women. We welcome Court guidance as to the most expedient, fair approach to address our concerns without jeopardizing justice or prejudicing the named parties in this case.

Respectfully submitted,

United Women Firefighters

Regina Wilson
President

cc:     Magistrate Judge Roanne L. Mann (via hand)
        All counsel (via facsimile)

---

[1] For instance, if the current eligibility list of qualified candidates is tossed out as invalid, over 100 women candidates would be back to square one, including at least 2 non-minority female candidates who were near the top of the list. In addition, if the Court contemplates adjusting eligibility requirements with a greater emphasis on physical testing, women are very likely to be disparately impacted at even greater numbers than that which currently occurs.