

THE CITY OF NEW YORK

**MICHAEL A. CARDOZO**
*Corporation Counsel*

# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY  10007

**JAMES M. LEMONEDES**
*Assistant Corporation Counsel*
Phone: (212) 788-0881
Fax:  (212) 788-0877
JLemoned@law.nyc.gov
E-Mail and Fax No. <u>Not</u> For Service of Papers

March 18, 2010

<u>VIA ECF FILING</u>
Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  <u>USA v. City</u>,
Civil Action No.: 07 CV 2067 (NGG)(RLM)
Law Dept. No.: 2007-017441

Dear Judge Garaufis:

On March 12, 2010, Magistrate Judge Mann issued an Order, docket entry number 409, which asserted that it was this Court's intent to defer the issue of alternate selection procedures "until after an evidentiary hearing and ruling on the exam's underlying validity, job relatedness and business necessity."  As such, the Magistrate Judge's Order does not require the expert reports of Plaintiff and Plaintiffs-Intervenors to address the alternate selection method issue.  For the reasons stated below defendants believe this to be an error and request that Your Honor modify the Magistrate Judge's Order or, in the alternative, remand the Order to the Magistrate Judge for further consideration of the issue.

During the February 24th conference Your Honor explained that it is the Court's desire that if the City needs to hire additional firefighters from the list generated by Examination 6019, the Court did not want such hiring to be tainted with the possibility that it was discriminatory.  The Court stated:

THE COURT:   And at that point what I would like you to do is go to the Magistrate Judge and work out a schedule for any further depositions on 6019.  The reason for this is, as I said earlier, I don't want to have a situation where you need to have a class and there is an open issue as to whether and how the list for 6019 can be used consistent with the Court's prior rulings.

Lemonedes to Hon. Garaufis
March 18, 2010; p 2

> That's my only concern.  I want you to have your class, if you need your class, but I need to at least have the process so that I'm comfortable that we're moving ahead consistent with my prior rulings.

Transcript of February 24, 2010 conference at 19:1-11.

As Your Honor is aware, even after a defendant establishes that an employment selection device is valid, that is to say job related and consistent with business necessity, a plaintiff can still show a Title VII violation by proving the existence of other equally valid selection devices that would have had a lesser or no impact on a protected group.  Gulino v. New York State Educ. Dep't, 460 F.3d 361, 382 (2d Cir. 2006).

A hearing concerning Examination 6019 only addressing the examination's underlying validity would not resolve the question of the Examination's lawfulness.  Unless the Court also resolves the question of whether an alternative with lesser impact existed, and could have feasibly been administered in January 2007, plaintiffs, the intervenors, or third parties could continue to challenge any hiring made from the 6019 list.

A fractured approach to resolving the lawfulness of Exam 6019 would run counter to this Court's stated goal of **not** wanting "to have a situation where you need to have a class and there is an open issue as to whether and how the list for 6019 can be used consistent with the Court's prior rulings."  Indeed, this fractured approach would specifically ensure that "an open issue" would exist before defendants could proceed with the 6019 eligible list – the exact situation Your Honor wanted to avoid.  Moreover, it would squander judicial and public resources and leave new hires with a false sense of security in their newly obtained positions as FDNY firefighters.  Consequently, defendants do not believe that it was Your Honor's intent to defer the issue of alternative selection methods until after an evidentiary hearing on the underlying validity of Examination 6019.

Wherefore, defendants respectfully request that the Court amend the Order of Magistrate Judge Mann and order instead that the expert report to be produced no later than April 30th by Plaintiff, address not only the underlying validity, job relatedness and the business necessity of Examination 6019, but also address any claim that another selection method existed that if used would have less of an impact on the protected groups.  Defendants also request that their time to submit a rebuttal report be extended by one week until June 15th as defendants' expert, Dr. Cline, will be out of the country during the period of Friday May 14th through Friday May 28th.

We thank the Court for its attention to this matter.

Respectfully submitted,
 s/
James M. Lemonedes
Assistant Corporation Counsel

cc:    All counsel via ECF only