UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

                     Plaintiff,

    -and-

THE VULCAN SOCIETY, INC., for itself and
on behalf of its members; MARCUS
HAYWOOD, CANDIDO NUÑEZ,
ROGER GREGG, individually and on
behalf of a class of all others similarly situated,

                     Plaintiffs-Intervenors,

    -against-

THE CITY OF NEW YORK,

                     Defendant.
------------------------------------------------------------X

**MEMORANDUM & ORDER**
**07-cv-2067 (NGG) (RLM)**

NICHOLAS G. GARAUFIS, United States District Judge.

      In its January 21, 2010 initial remedial order (Docket Entry # 390("Initial Order")), this court stated that it would hold a hearing addressing the impact and job-relatedness of Exam 6019 (the "6019 Hearing") prior to ruling on the City's interim firefighter-hiring procedure. Initial Order at 41-43. In advance of that hearing, the parties have submitted numerous letters regarding the scope and timing of discovery. (See Docket Entry ## 404-08, 410-13.) Although the discovery dispute currently before the court centers on the production of expert reports about alternative selection devices, see Docket Entry ## 410-13, several of the parties' requests appear to be premised on a misunderstanding of the nature and purpose of the 6019 Hearing. Accordingly, the court issues this Memorandum and Order to resolve the discovery dispute and to clear up any confusion regarding the Initial Order or the 6019 Hearing.

1

During the remedial phase, the court's obligation is to place the parties in the positions they would have occupied absent the City's unlawful discrimination. Franks v. Bowman Transp. Co., 424 U.S. 747, 764-66 (1976). Looking backward, this duty requires the court to make whole the victims of the City's past discrimination. Going forward, this duty requires the court to craft prospective equitable relief that will guarantee future compliance with Title VII. And in the interim, this court must exercise its remedial powers to ensure that the City does not engage in further discrimination. Initial Order at 32; Guardians Assoc. of New York City Police Dept., Inc. v. Civil Service Comm'n, 630 F.2d 79, 108 (2d Cir. 1980). It is for this reason – and this reason alone – that the court is examining the validity of Exam 6019, despite the burdens and delays this inquiry occasions.

The court's assumption of this duty, however, does not signal the opening of a new front in this litigation, and is certainly not an invitation to the parties to engage in a mini-trial over the legality of Exam 6019. Title VII grants this court broad discretion to choose from a spectrum of interim remedies. See 42 U.S.C. 2000e-5(g). Although this court has rejected two options at the extremes of that spectrum – hiring quotas and unconsidered hiring off the Exam 6019 eligibility list – it is not limited to remedies that could withstand an independent Title VII challenge. See Sheet Metal Workers v. EEOC, 478 U.S. 421, 479-80 (1986); Berkman v. City of New York, 705 F.2d 584, 594 (2d Cir. 1983). Accordingly, there is no need to mobilize the entire procedural apparatus of Title VII in order to decide whether the City can use the Exam 6019 eligibility list to hire a relatively small number of firefighters. Nor, for that matter, is it necessary (or even appropriate) for this court to conclusively determine the legality of Exam 6019 at this juncture. See General Bldg. Contractors Ass'n v. Pa., 458 U.S. 375, 399 (1982). The court simply wants to know, before it decides on an interim hiring remedy, whether the

pass/fail and rank-ordering uses of Exam 6019 have a disparate impact on black and Hispanic test-takers, and if so, whether those uses are job-related. See Initial Order at 41-43. The exam's precise legal status, its superiority or inferiority to alternate procedures, and the rights of the candidates who took it are all important questions that may be taken up elsewhere. But they are ancillary to the question facing the court, which is what use, if any, should be made of the Exam 6019 eligibility list in the event that the FDNY begins hiring firefighters before a new examination is developed.

The court therefore does not see any need to compel the Plaintiffs to submit expert reports regarding the use or existence of alternate selection procedures in advance of the 6019 Hearing.[1] (See Docket Entries ## 410-13.) The court has ample authority under its remedial jurisdiction to determine the appropriate procedures for interim hiring without engaging in a full-blown Title VII liability analysis. Moreover, as explained in the Initial Order, the question of alternative procedures can be more fully and fruitfully explored when it comes time to decide on a new selection procedure. Initial Order at 43.

By the same token, the Intervenors appear to misunderstand the purpose of the 6019 Hearing when they describe the remedial measures that they plan to pursue "should the Court find that Exam 6019 is unlawful." (Letter from Intervenors dated Mar. 22, 2010 (Docket Entry # 412) 2.) The freestanding "legality" of Exam 6019 under Title VII will not be at issue in the

---

[1] The City's request for such a report is odd, to say the least, given that Plaintiffs would bear the burden of demonstrating the existence of less discriminatory alternatives, and that their failure to provide discovery or make a showing on that issue would presumably support a waiver argument by the City. See Gulino v. New York State Bd. of Educ., 460 F.3d 361, 382 (2d Cir. 2006). In support of its request, the City asserts that a hearing that does not address alternative procedures could not "resolve the question of the Examination's lawfulness" and would leave "open issues" with respect to the legality of Exam 6019. (See Letter from City dated Mar. 18, 2010 (Docket Entry # 410) 2.) As the court hopes it made clear in its intentional-discrimination ruling, a party's failure to carry its assigned burden under Title VII does not throw the entire claim into limbo; to the contrary, it mandates entry of judgment for the opposing party. See United States v. City of New York, 2010 U.S. Dist. LEXIS 2506, at *59-66 (E.D.N.Y. Jan. 13, 2010). Thus, if the legality of Exam 6019 was at issue, Plaintiffs' failure to demonstrate the existence of alternative procedures in response to a successful business-necessity defense would require, rather than prevent, a ruling in the City's favor. See Gulino, 460 F.3d at 382. The City's objection is doubly irrelevant, however, because the lawfulness of Exam 6019 will not be at issue in the 6019 Hearing.

6019 Hearing, and will not be considered unless and until a Title VII liability claim is properly presented to this court.

Accordingly, the City's letter motion for discovery of alternate selection methods is DENIED. The parties are directed to proceed according to the discovery schedule outlined in Magistrate Judge Mann's March 12, 2010 Memorandum and Order (Docket Entry # 409).

SO ORDERED.

Dated: Brooklyn, New York
      March 31, 2010

      /s/ Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge