UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA,

                  Plaintiff,

     -and-

THE VULCAN SOCIETY, INC., for itself and
on behalf of its members; MARCUS
HAYWOOD, CANDIDO NUÑEZ,
ROGER GREGG, individually and on
behalf of a class of all others similarly situated,

                 Plaintiffs-Intervenors,

     -against-

THE CITY OF NEW YORK,

                 Defendant.
----------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

**ORDER**
**07-cv-2067 (NGG) (RLM)**

       Attached to this Order as Exhibit A is a Draft Order outlining the terms of the court's

appointment of a Special Master.  The parties are advised that the specific terms of the Special

Master's compensation (e.g., hourly rate, initial retainer) will only be determined once the court

has selected a particular individual to serve as Special Master.

       The parties are directed to file any objections to the Draft Order by May 25, 2010.  No

extensions of time will be granted.

SO ORDERED.

                        _/s/ Nicholas G. Garaufis___
Dated: Brooklyn, New York         NICHOLAS G. GARAUFIS
      May 19, 2010              United States District Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
UNITED STATES OF AMERICA,

        Plaintiff,

  -and-

THE VULCAN SOCIETY, INC., for itself and
on behalf of its members; MARCUS
HAYWOOD, CANDIDO NUÑEZ,
ROGER GREGG, individually and on
behalf of a class of all others similarly situated,

        Plaintiffs-Intervenors,

  -against-

THE CITY OF NEW YORK,

        Defendant.
--------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

**DRAFT ORDER**
**07-cv-2067 (NGG) (RLM)**

**[STATEMENT OF FACTS]**

IT IS HEREBY ORDERED:

1.  Pursuant to Fed. R. Civ. P. 53(a)(1)(C) and the court's inherent equitable powers, **[XXXXX]** is appointed to serve as Special Master in this litigation;

  a.  Prior to being appointed, the Special Master must file an affidavit "disclosing whether there is any ground for disqualification under 28 U.S.C. § 455." Fed. R. Civ. P. 53(b)(3); <u>see also</u> Rule 53(a)(2) (discussing grounds for disqualification). Attached to this Order is the affidavit submitted to the court by the Special Master, dated [  ], 2010.

<u>Duties</u>

2.  The duties of the Special Master shall include the following:

a. Monitoring and reporting on the City's compliance with its discovery and disclosure obligations in connection with the review of Exam 6019, making such orders as necessary to ensure the City's compliance with such discovery and disclosure obligations, and making any other orders that the Special Master believes will facilitate the timely assessment of Exam 6019, in accordance with the Initial Remedial Order (Docket Entry # 390);

b. Monitoring and reporting on the parties' compliance with the Initial Remedial Order and subsequent orders of the court regarding the development of a new procedure for screening and selecting applicants for the position of entry-level firefighter, and ordering such plans, processes, or other measures that the Special Master believes will facilitate the timely development of the new selection procedure;

c. Facilitating the parties' resolution of any disputes concerning compliance with their obligations in the remedial phase of this litigation, without the court's intervention, and recommending appropriate action by the court in the event an issue cannot be resolved by the parties with the Special Master's assistance.

3. The Special Master's duties shall include investigating any matters related to the duties set forth above and enforcing any orders related to the matters set forth above. The Special Master shall have all authority provided under Fed. R. Civ. P. 53(c).

Reporting and Judicial Review

4. The Special Master shall report to the court and to the parties from time to time, and at least once every 90 days, concerning the status of the parties' compliance with the Initial Remedial Order and other orders of the court or the Special

Master, including their progress, any barriers to compliance, and potential areas of noncompliance.

5.   The Special Master may require periodic reports from the parties regarding implementation of the Initial Remedial Order and any other orders of the court or the Special Master, in a format specified by the Special Master, as reasonably required to enable the Special Master to perform his/her duties.

6.   The orders, reports, and recommendations of the Special Master may be introduced as evidence in accordance with the Federal Rules of Evidence.

7.   The parties may file objections to – or a motion to adopt or modify – the Special Master's order, report, or recommendations no later than 14 calendar days after a copy is served.  The court will review these objections under the standards set forth in Fed. R. Civ. P. 53(f).

8.   Before a party seeks relief from the court for alleged noncompliance with any court order that is based upon the Special Master's report or recommendations, the party shall: (i) promptly notify the other parties and the Special Master in writing; (ii) permit the party who is alleged to be in noncompliance five business days to provide the Special Master and the other parties with a written response to the notice, which either shows that the party is in compliance, or proposes a plan to cure the noncompliance; and (iii) provide the Special Master and parties an opportunity to resolve the issue through discussion.

Record Keeping

9.   The Special Master shall file all written orders, reports, and recommendations on the electronic docket, along with any evidence that the Special Master believes will assist the court in reviewing the order, report, or recommendation.  The Special Master shall preserve any documents he/she receives from the parties.

Access to Information

10.	The Special Master shall have the access to individuals, information, documents, materials, programs, services, facilities and premises relevant to the orders of the court that he/she requires to perform his/her duties, subject to the terms of this Order Appointing a Special Master.

11.	The Special Master may communicate with a party or a party's counsel or staff on an ex parte basis on matters affecting compliance with the orders of the court. The Special Master may also communicate with the court on an ex parte basis concerning the status of his/her work.

Engagement of Staff and Consultants

12.	The Special Master may, consistent with a budget to be approved by the court, hire staff or expert consultants to assist him/her in performing his/her duties. The Special Master will provide the parties advance written notice of his/her intention to hire a particular consultant, and such notice will include a resume and a description of duties of the consultant.

Budget, Compensation, and Expenses

13.	The City will fund the Special Master's work pursuant to a budget proposed by the Special Master and approved by the court.  The Special Master shall incur only such fees and expenses as may be reasonably necessary to fulfill his duties under this Order, or such other orders as the court may issue.

14.	Every 60 days, the Special Master shall submit to the court an itemized statement of fees and expenses, which the court will inspect for regularity and reasonableness.  If the court determines the itemized statement is regular and reasonable, the court will sign it and transmit it to the parties. The City shall then remit to the Special Master any court-approved amount, within 20 calendar days of court approval.

<u>Other Provisions</u>

15. As an agent and officer of the court, the Special Master and those working at his/her direction shall enjoy the same protections from being compelled to give testimony and from liability for damages as those enjoyed by other federal judicial adjuncts performing similar functions.

16. As required by Rule 53(b)(2) of the Federal Rules of Civil Procedure, the court directs the Special Master to proceed with all reasonable diligence.

17. The Special Master shall be discharged or replaced only upon an order of this court.

18. The parties, their successors in office, agents and employees will observe faithfully the requirements of this Order and cooperate fully with the Special Master, and any staff or expert consultant employed by the Special Master, in the performance of their duties.