UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,

-and-

THE VULCAN SOCIETY, INC., for itself and
on behalf of its members; MARCUS
HAYWOOD, CANDIDO NUÑEZ,
ROGER GREGG, individually and on
behalf of a class of all others similarly situated,

                Plaintiffs-Intervenors,

-against-

THE CITY OF NEW YORK,

              Defendant.
------------------------------------------------------------X

**MEMORANDUM & ORDER**
**07-cv-2067 (NGG) (RLM)**

NICHOLAS G. GARAUFIS, United States District Judge.

      The City of New York intends to move to disqualify the Honorable Robert M. Morgenthau as Special Master in this litigation. (See May 28, 2010 Letter from the City (Docket Entry # 443).) For the reasons stated in the attached letter, Mr. Morgenthau has asked this court to withdraw his appointment, and the court obliges. Nonetheless, the circumstances of his withdrawal require an explanation to the parties and to the people who will be affected by the City's latest effort at delay.

      This court appointed Mr. Morgenthau as Special Master in order to expedite the parties' efforts to develop a new firefighter selection procedure and to resolve certain discovery disputes. (See Order Appointing Special Master (Docket Entry # 441).) This appointment was necessitated by the City's refusal to obey court orders or fulfill its remedial-phase obligations in a timely manner. In a passage that apparently failed to resonate with the City, this court observed that,

1

> [f]or whatever reason – inertia, resource-allocation, or calculated strategy – the City has been dragging its feet throughout the remedial phase. The City is approaching the remedial phase in the posture of a pre-trial defendant who will not move expeditiously on any issue until forced to do so. The City does not appear to understand that it already lost this case, and that its obligation now is not to fight tooth and nail against the possibility of change, but to move with alacrity to cure its illegal practices.

(Id. at 7.) In spite of this admonition, the City has now decided to further delay proceedings by attempting to disqualify the very person who was appointed to speed things up.

According to the City, the extraordinary remedy of disqualification is necessary because Mr. Morgenthau, the former New York City District Attorney, "may be less than impartial." (May 28, 2010 Letter from the City at 2.) Specifically, the City levies the following charges against Mr. Morgenthau: he convened a grand jury to consider criminal charges against the City following the deaths of two firefighters in the 2007 Deutsche Bank fire; he defended the District Attorney's office against the Mayor's allegations of financial nondisclosure; and he once used indecorous language toward the Mayor. That the City bore this yoke of tyranny for even a day following Mr. Morgenthau's appointment is a small miracle.

This court does not need to catalogue the years of distinguished service that Mr. Morgenthau rendered to New York City, or to recount the words and deeds that made him one of its most beloved sons. The people of New York know his record all too well, as does the current mayoral administration. But when the City accuses one of its finest civil servants of harboring disqualifying prejudices – of, essentially, being unable to render competent, unbiased service to the people of New York – this court is compelled to comment.

This case is not about mayoral administrations or executive agencies; it is about people. The United States Department of Justice brought this case against the City of New York, not the

Mayor or the Fire Department.[1]  The gravamen of its claim was that the City was engaging in an illegal practice that not only offended basic notions of equal treatment, but actively harmed the City's own citizens.  Now, after years of discovery and two lengthy liability decisions, this case is still about the same thing: the City's obligation to comply with the Civil Rights Act of 1964 and to treat its own citizens with the respect and fairness they deserve.  These are not, one would think, obligations that the City's administrators would deny or shirk.  And yet here, in the <u>remedial</u> phase of the litigation, this court is confronted with the odious specter of a city government taking every possible step to perpetuate a fundamental, decades-old injustice against its own citizens.  The City's obstinacy, its unflagging defense of an overrun position, reflects a misguided set of priorities and loyalties.

New York City is not a fiefdom.  It is a representative democracy.  The Corporation Counsel does not owe fealty to this or any other Mayor or Fire Commissioner; it owes a duty of service and unbending loyalty to the people of New York City, who are its ultimate sovereign.  The lawyers and administrators in the city's executive branch abjure this duty when they refuse to remedy a pernicious and illegal harm against New York's citizens.  That they do so by questioning the integrity of a man who has done perhaps more than anyone else in the last 40 years to uphold the law and protect the welfare of New York's citizens is a dishonor.  To whom, the people of New York may decide for themselves.

Accordingly, and with great regret, the court withdraws its appointment of the Honorable Robert M. Morgenthau as Special Master in this litigation.

SO ORDERED.

Dated: Brooklyn, New York
       June 1, 2010

    /s/ Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

---

[1] The Intervenors subsequently added claims against Mayor Bloomberg and the Fire Commissioner; this court dismissed them.  See <u>United States v. City of New York</u>, No. 07-2067 (NGG), 2010 U.S. Dist. LEXIS 2506, at *36-42, *115-124 (E.D.N.Y. Jan. 13, 2010).