UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                         **ORDER APPOINTING**
                                                         **SPECIAL MASTER**
            Plaintiff,                              **07-cv-2067 (NGG) (RLM)**

    -and-

THE VULCAN SOCIETY, INC., for itself and
on behalf of its members; MARCUS
HAYWOOD, CANDIDO NUÑEZ,
ROGER GREGG, individually and on
behalf of a class of all others similarly situated,

                Plaintiffs-Intervenors,

    -against-

THE CITY OF NEW YORK,

                Defendant.
-------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

      For the reasons stated in this court's previous Special Master Appointment Order (Docket Entry # 441), this court appoints Mary Jo White to serve as Special Master during the remedial phase of this litigation. Accordingly,

    IT IS HEREBY ORDERED:

1.     Pursuant to Fed. R. Civ. P. 53(a)(1)(C) and the court's inherent equitable powers, Mary Jo White is appointed to serve as Special Master in this litigation;

    a.     Prior to being appointed, the Special Master must file an affidavit "disclosing whether there is any ground for disqualification under 28 U.S.C. § 455." Fed. R. Civ. P. 53(b)(3); <u>see also</u> Rule 53(a)(2) (discussing grounds for disqualification). Attached to this Order is the affidavit submitted to the court by the Special Master, dated June 1, 2010.

Duties

2. The duties of the Special Master shall include the following:

    a. Monitoring and reporting on the City's compliance with its discovery and disclosure obligations in connection with the review of Exam 6019, making such orders as necessary to ensure the City's compliance with such discovery and disclosure obligations, and making any other orders that the Special Master believes will facilitate the timely assessment of Exam 6019 by the court, in accordance with the Initial Remedial Order (Docket Entry # 390);

    b. Monitoring and reporting on the parties' compliance with the Initial Remedial Order and subsequent orders of the court regarding the development of a new procedure for screening and selecting applicants for the position of entry-level firefighter, and ordering such plans, processes, or other measures that the Special Master believes will facilitate the timely development of the new selection procedure;

    c. Facilitating the parties' resolution of any disputes concerning compliance with their obligations with respect to the subject matter of the Special Master's duties as set forth in subsections (a) and (b), above, without the court's intervention, and recommending appropriate action by the court in the event an issue cannot be resolved by the parties with the Special Master's assistance.

3. The Special Master's duties shall include investigating any matters related to the duties set forth above and enforcing any orders related to the matters set forth above. The Special Master shall have all authority provided under Fed. R. Civ. P. 53(c).

Reporting and Judicial Review

4. The Special Master shall report to the court and to the parties concerning the status of the parties' compliance with the Initial Remedial Order and other orders of the court or the Special Master, including their progress, any barriers to compliance, and potential areas of noncompliance. The Special Master shall issue a report under this provision at least once every 30 days until such time as the parties actually begin joint development of a new selection procedure, and at least once every 90 days thereafter.

5. The Special Master may require periodic reports from the parties regarding implementation of the Initial Remedial Order and any other orders of the court or the Special Master, in a format specified by the Special Master, as reasonably required to enable the Special Master to perform her duties.

6. The orders, reports, and recommendations of the Special Master may be introduced as evidence in accordance with the Federal Rules of Evidence.

7. The parties may file objections to – or a motion to adopt or modify – the Special Master's order, report, or recommendations no later than 10 calendar days after a copy is served. The court will review these objections under the standards set forth in Fed. R. Civ. P. 53(f).

8. Before a party seeks relief from the court for alleged noncompliance with any court order that is based upon the Special Master's report or recommendations, the party shall: (i) promptly notify the other parties and the Special Master in writing; (ii) permit the party who is alleged to be in noncompliance five business days to provide the Special Master and the other parties with a written response to the notice, which either shows that the party is in compliance, or proposes a plan to cure the noncompliance; and (iii) provide the Special Master and parties an opportunity to resolve the issue through discussion. The Special Master shall attempt to resolve any such issue of noncompliance as expeditiously as possible.

Record Keeping

9. The Special Master shall file all written orders, reports, and recommendations on the electronic docket, along with any evidence that the Special Master believes will assist the court in reviewing the order, report, or recommendation. The Special Master shall preserve any documents she receives from the parties.

Access to Information

10. The Special Master shall have the access to individuals, information, documents, materials, programs, services, facilities and premises relevant to the orders of the court that she requires to perform her duties, subject to the terms of this Order Appointing a Special Master.

11. The Special Master may not communicate with a party or a party's counsel or staff on an ex parte basis. The Special Master may communicate with the court on an ex parte basis concerning non-substantive matters such as scheduling or the status of her work.

Engagement of Staff and Consultants

12. The Special Master may, consistent with a budget to be approved by the court, hire staff or expert consultants to assist her in performing her duties. The Special Master will provide the parties advance written notice of her intention to hire a particular consultant, and such notice will include a resume and a description of duties of the consultant.

Budget, Compensation, and Expenses

13. The City will fund the Special Master's work pursuant to a budget proposed by the Special Master and approved by the court. The Special Master and her law firm, Debevoise & Plimpton LLP, have agreed that the Special Master's time and that of attorneys and other employees of the firm assisting her will be provided on a pro bono basis, and that they will seek reimbursement only for out-of-pocket

expenses and disbursements. The Special Master shall incur only such fees and expenses as may be reasonably necessary to fulfill her duties under this Appointment Order, or such other orders as the court may issue.

14. Every 60 days, the Special Master shall submit to the court an itemized statement of fees and expenses, which the court will inspect for regularity and reasonableness. If the court determines the itemized statement is regular and reasonable, the court will sign it and transmit it to the parties. The City shall then remit to the Special Master any court-approved amount, within 20 calendar days of court approval.

Other Provisions

15. As an agent and officer of the court, the Special Master and those working at her direction shall enjoy the same protections from being compelled to give testimony and from liability for damages as those enjoyed by other federal judicial adjuncts performing similar functions.

16. As required by Rule 53(b)(2) of the Federal Rules of Civil Procedure, the court directs the Special Master to proceed with all reasonable diligence.

17. The Special Master shall be discharged or replaced only upon an order of this court.

18. The parties, their successors in office, agents, and employees will observe faithfully the requirements of this Appointment Order and cooperate fully with the Special Master, and any staff or expert consultant employed by the Special Master, in the performance of their duties.

SO ORDERED.

Dated: Brooklyn, New York  
     June 1, 2010

_/s/ Nicholas G. Garaufis_  
NICHOLAS G. GARAUFIS  
United States District Judge