```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
                                                            :
UNITED STATES OF AMERICA,
                                                            :
                     Plaintiff,
                                                            :    SPECIAL MASTER'S
          -and-                                                  ORDER NO. 3
                                                            :
THE VULCAN SOCIETY, INC., for itself and on behalf of            07-cv-2067 (NGG)(RLM)
its members, and MARCUS HAYWOOD, CANDIDO               :
NUÑEZ and ROGER GREGG, individually and on behalf
of a class of all others similarly situated,                :

                     Plaintiffs-Intervenors,                :

          -against-                                         :

THE CITY OF NEW YORK,                                       :

                     Defendant.                             :

------------------------------------------------------------------------x
```

Whereas, the parties have submitted written status reports to the Special Master, attached to this Order as Exhibits 1-3;

Whereas, the parties and the Special Master conferenced on June 7, 2010; and

Whereas, the Special Master has given due consideration to the parties' respective positions as reflected in their written submissions, their statements during the status conference, and their prior filings in this matter;

IT IS HEREBY ORDERED THAT:

<u>Written Exam 6019 ("Exam 6019")</u>

1. The parties shall conclude any additional fact discovery related to Exam 6019 by no later than the close of business on June 15, 2010. Nothing contained herein shall affect the schedule for expert discovery previously approved by the Court (*see* Dkt. Nos. 409, 425) nor preclude application to the Special Master for permission to engage in additional fact discovery after June 15, 2010, but good cause must be demonstrated.

2. No later than June 15, 2010, Defendant shall provide Plaintiffs and Plaintiffs-Intervenors with the identities of the persons who completed the ratings sheets completed by firefighters and firefighter lieutenants who reviewed Exam 6019.

3. No later than June 15, 2010, Defendant shall file and serve all parties with a certification by the Corporation Counsel that Defendant has produced all documents (except those over which a valid claim of privilege may be asserted by Defendant) concerning the design and validity of Exam 6019, the job-relatedness and business necessity of Defendant's pass/fail use of 6019, or the job-relatedness and business necessity of Defendant's rank-ordering processing and selection of candidates from the Exam 6019 eligibility list. The certification shall include a detailed account of the steps taken by Defendant to identify the relevant documents and satisfy the Corporation Counsel that all responsive documents have in fact been found and produced.

4. No later than June 22, 2010, Defendant shall produce (or confirm in writing that it has already produced) a complete privilege log listing all Exam 6019-related documents that have been withheld from production based on the assertion of the attorney-client privilege, work product doctrine, or any other applicable privilege.

5. With the parties' consent, the Special Master consulted with the Court to inquire whether the Court would permit dispositive motions on the impact and job relatedness of exam 6019. The Court has confirmed that a hearing on these issues will be held, commencing on August 16, 2010, and has requested simultaneous pretrial briefing.

6. Accordingly, in connection with the August 16, 2010 hearing, the following deadlines for the submission of pre-trial materials shall apply:

   - July 30, 2010 – Deadline for Defendant, Plaintiff and Plaintiff-Intervenors to file and serve proposed findings of fact, pre trial briefs, witness and exhibit lists, and motions *in limine*, if any;
   - August 6, 2010 – Deadline for Defendant, Plaintiff and Plaintiff-Intervenors to file and serve additional motions *in limine*, if any, based upon July 30, 2010 submissions of the other parties.

7. Defendant has indicated that it intends to hire new firefighters from the Exam 6019 eligibility list if funding is approved, which could occur as early as July 1, 2010. In the event that Defendant decides to proceed with hiring new firefighters, it shall notify the Court, the Special Master and the parties within 24 hours of making that decision. Defendant shall also, in giving notice, specify the number of new firefighters to be hired, the earliest date on which prospective firefighters

from the Exam 6019 eligibility list will begin taking the additional pre-employment tests, *e.g.*, the "run test", and the earliest date on which any new firefighter will start training at the New York City Fire Academy. If notice is given under this paragraph, prior to August 16, 2010, the Special Master will convene a conference with the parties as soon as practicable thereafter to discuss the acceleration of the schedule set forth in paragraph 6.

Development of New Eligibility Test

8. No later than June 28, 2010, Defendant shall designate an expert who is ready, willing and able to immediately begin work on the design of a new test for the hiring of firefighters and produce a copy of the designated expert's curriculum vitae to the Special Master and all other parties.

9. No later than July 7, 2010, Plaintiff shall designate an expert to participate in the design of a new test for the hiring of firefighters and produce a copy of the designated expert's curriculum vitae to the Special Master and all other parties.

10. The experts designated by Defendant and Plaintiff shall conference no later than July 14, 2010 to discuss a plan for developing the new test.

11. No later than July 23, 2010, Defendant shall submit to the Special Master and all other parties a proposed plan for the development of the new test (the "Development Plan"). The Development Plan should specify deadlines for the completion of individual tasks associated with the development of the new hiring

procedures. The deadlines shall be set so as to ensure that a new eligibility list will be in place no later than May 27, 2011.

12. The Special Master has notified the parties of her intention to retain an expert on test construction to assist her in performing her duties. Pursuant to the Court's June 1, 2010 appointment order, the expenses of that expert will be borne by Defendant, following approval by the Court of a budget, submitted by the Special Master, of the anticipated expenses of an expert. If the parties have recommendations for who might serve as the Special Master's expert, those recommendations should be submitted to the Special Master by close of business on Friday, June 11, 2010.

13. The Plaintiff-Intervenors have requested that Defendant pay for an expert with whom they can consult on test construction and creation. A ruling on that request is deferred until after the Plaintiff has identified its expert and the Plaintiff-Intervenors have met with that expert to determine whether they continue to believe that having a Plaintiff-Intervenors' expert is necessary. If so, Plaintiff-Intervenors may renew their request that Defendant bear the costs of their own expert, and the other parties will be given an opportunity to respond prior to any decision being reached.

<u>Regular Conferences with Special Master</u>

14. Until further notice, the parties shall conference with the Special Master each Tuesday morning at 10:30 a.m. Appearance by video-conference shall be permitted.

/s/ Mary Jo White\_\_\_\_

Mary Jo White

Dated: June 8, 2010