UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
                                                                                                            :

UNITED STATES OF AMERICA,
                                                                                                            :

            Plaintiff,
                                                                                        :    **SPECIAL MASTER'S**
   -and-                                                                              **REPORT NO. 1**
                                                                                        :

THE VULCAN SOCIETY, INC., for itself and on behalf of    **07-cv-2067 (NGG)(RLM)**
its members, and MARCUS HAYWOOD, CANDIDO    :
NUÑEZ and ROGER GREGG, individually and on behalf
of a class of all others similarly situated,                        :

           Plaintiffs-Intervenors,                          :

   -against-                                                                             :

THE CITY OF NEW YORK,                                                 :

            Defendant.                                                           :

-----------------------------------------------------------------------x

MARY JO WHITE, Special Master.

      This report is submitted in accordance with the Court's June 1, 2010 Order Appointing Special Master (the "Appointment Order") (Dkt. No. # 448, ¶ 4). The Appointment Order specified the duties of the Special Master as follows:

1.    Monitoring and reporting on the City's compliance with its discovery and disclosure obligations in connection with the review of Exam 6019, making such orders as necessary to ensure the City's compliance with such discovery and disclosure obligations, and making any other orders that the Special Master believes will facilitate the timely assessment of Exam 6019 by the Court, in accordance with the Initial Remedial Order; and

2.  Monitoring and reporting on the parties' compliance with the Initial Remedial Order and subsequent orders of the court regarding the development of a new procedure for screening and selecting applicants for the position of entry-level firefighter, and ordering such plans, processes, or other measures that the Special Master believes will facilitate the timely development of the new selection procedure.

(*Id.* ¶ 2(a)-(b); *see also* ¶¶ 2(c), 3).

The Court's Appointment Order also included a reporting duty, i.e., to "report to the court and the parties concerning the status of the parties' compliance with the Initial Remedial Order and other orders of the court or the Special Master, including their progress, any barriers to compliance, and potential areas of noncompliance. The Special Master shall issue a report under this provision at least once every 30 days until such time as the parties actually begin joint development of a new selection procedure, and at least once every 90 days thereafter." (*Id.*, ¶ 4).

## I. Preliminary Matters

The Special Master ordered weekly conferences of the parties (until further notice) and has set dates for those conferences through the end of September. (Special Master's Order No. 3, ¶ 14, Dkt. No. 453). There have been four conferences to date which have taken place on June 7, 2010, June 15, 2010, June 23, 2010 and June 30, 2010.

## II. Preparation for Hearing on Validity of Written Exam 6019

The Special Master has pursuant to her mandate, focused on ensuring that the parties will be prepared to timely participate in a hearing before the Court on the validity of Written Exam 6019 ("Exam 6019") prior to any further hiring of new firefighters by

2

Defendant.  At the time the Special Master was appointed, the hearing had been tentatively scheduled for August 16, 2010.  At the initial conference between the Special Master and the parties, Defendant confirmed that it intended to hire new firefighters if the City's 2011 budget, effective on July 1, 2010, allocated funds for this purpose.  Following the first conference with the parties, the Special Master issued an order setting deadlines for the completion of fact discovery and the submission of pre-hearing materials to the Court (*id.* ¶¶ 1-6) consistent with an August 16, 2010 hearing date.[1]  In an effort to avoid delay in the hiring of new firefighters, the order also directed Defendant to promptly inform the Special Master and all other parties in the event it determined that funds would be available to hire new firefighters so that, if necessary, the August 16, 2010 hearing could be moved to an earlier date.  (*Id.* ¶ 7).

By letter dated June 29, 2010, Defendant informed the Court and the Special Master that based upon City Council approval of the City's 2011 budget, it intends to hire approximately 300 new firefighters from the Exam 6019 eligibility list, intends to initiate the new academy class in either the last week of August 2010 or the first week in September 2010, and would need to begin calling prospective candidates approximately 30 days in advance of the start of the class. (Letter from J. Lemonedes to USDJ, Dkt. No. 456).  Accordingly, following discussions with the Court, and with the parties during the

---

[1]  Plaintiff and Plaintiffs-Intervenors had requested that time be allotted for summary judgment motions on the issue of the validity of Exam 6019.  After consultation with the Court (with the parties' consent), the Special Master informed the parties on June 8, 2010 that the Court would not entertain dispositive motions prior to the Exam 6019 hearing.  (Special Master's Order No. 3, ¶ 5, Dkt. No. 453).

June 30 conference, the Special Master has ordered an accelerated schedule for the hearing on the validity of Exam 6019, and the parties have come to a number of agreements directed towards expediting review of Exam 6019:

1.	The revised schedule, which the Special Master has previously reported to the Court, provides as follows:

- Friday, July 9 – Deadline for parties to submit witness lists and exhibit lists;

- Monday, July 12 – Deadline for Defendant to serve rebuttal expert report;

- Friday, July 16 – Deadline for parties to file proposed findings of fact, pre-hearing briefs and motions *in limine*; and

- Tuesday, July 20 – Hearing begins (to continue on each successive day until concluded).

(Special Master's Order No. 6, ¶ 1, Dkt. No. 457).

2.	During the June 30, 2010 conference, the parties agreed, subject to the Court's approval, that the experts' reports could serve as their direct examinations.

3.	The parties further stated that they will attempt to agree on a joint recommendation to the Court concerning what remedy or remedies should be imposed in the event that Exam 6019 is held to be invalid. (*Id.*).[2]

---

[2]	The parties raised several disputes relating to discovery requests on potential non-economic relief necessitated by the Court's finding of intentional discrimination. As the Court's Appointment Order did not grant the Special Master authority to decide issues relating to this aspect of the case, the Special Master discussed the issues, urged the parties to resolve their differences, and directed them to bring any remaining dispute to the attention of Magistrate Judge Mann. Today, the parties reported to the Special Master that they were able to resolve these differences and that, subject to the Court's approval: (i) Defendant will have until August 6, 2010, to provide the remainder of the responses to Plaintiffs-Intervenors' June 11, 2010 discovery demands; and (ii) the non-economic relief phase discovery will end on August 27, 2010.

To date, the parties have complied with the Special Master's orders relating to the upcoming hearing and the parties have confirmed that fact discovery is now completed. Specifically, over the past 30 days, the parties made the following progress:

1. By letter dated June 15, 2010, Defendant provided to Plaintiff and Plaintiffs-Intervenors the identities of the persons who completed the ratings sheets completed by firefighters and firefighter lieutenants who reviewed Exam 6019 (Exhibit 1);

2. By letter dated June 15, 2010, Defendant filed a declaration from Michael A. Cardozo, Corporation Counsel for the City of New York, attesting that the City has conducted a thorough, diligent search of all records and has produced all non-privileged documents and data concerning the design and validity of Exam 6019, and the job-relatedness and business necessity of the City's rank-ordering processing and selection of candidates from Exam 6019. The certification incorporated, via additional declarations, a detailed account of the steps taken by the City to identify and produce responsive documents (*Id.*); and

3. By letter dated June 21, 2010, Defendant provided confirmation that it has produced privilege logs listing all Exam 6019-related documents that have been withheld from production based on the assertion of privilege (Exhibit 2).

Over the past month, the parties have continued to conduct expert discovery related to Exam 6019 within the schedule previously ordered by the Court. Under the Court's schedule, expert discovery is set to be completed on July 12, 2010 with the submission of Defendant's rebuttal report.

**III. Development of New Eligibility Test**

By orders dated June 9, 2010, and June 17, 2010, the Special Master set deadlines relating to the development of a new procedure for screening and selecting entry-level firefighters. (Special Master's Orders No. 3, ¶¶ 8-11, No. 4, No. 5, Dkt. Nos. 453-55). In view of the accelerated schedule relating to preparation for the Exam 6019 hearing, the

Special Master revised this schedule on June 30, 2010 to allow for a two-week delay as to the date by which the parties' experts are to conference to discuss a plan for developing the new test. (Special Master's Order No. 6, ¶ 4, Dkt. No. 457). In light of that delay, Defendant has today requested a corresponding delay in the due date for its expert's submission of a proposed plan for the development of a new test until August 10, 2010. The Special Master will amend the schedule accordingly.

The parties have also met past deadlines in connection with the development of a new test and have reported that they are on track to meet remaining deadlines. Specifically:

1. Following the parties agreement and subsequent order of the Special Master, Defendant produced a copy of the Negotiated Acquisition solicitation used for the purposes of retaining an expert to assist in the design of the firefighter process (Exhibit 2). The Special Master ordered that the parties treat that document as confidential as outlined in the previous Protective Orders issued by the Court. (Special Master's Order No. 5, ¶ 1, Dkt. No. 455).

2. Defendant selected its new test development expert, John A. Weiner, Vice President and Chief Science Officer at PSI Services LLC, on June 28, 2010. Defendant has reported that Dr. Weiner can start work on the development of a new selection procedure on or before July 6, 2010 (Exhibit 2).

3. Plaintiff is on track to select its expert by July 7, 2010, and may do so earlier.

4. Plaintiffs-Intervenors have selected an expert, Dr. Harold Goldstein, Professor of Industrial/Organizational Psychology at Baruch College, the City University of New York.[3]

---

[3] Plaintiff-Intervenors have requested that Defendant be ordered to pay their expert's fees and costs. The Special Master has deferred consideration of this issue to a later date. (Special Master's Order No. 3, ¶ 13, Dkt. No. 453).

5.      The experts for all parties are scheduled to meet no later than July 30, 2010 to discuss a plan for developing the new test. (Special Master's Order No. 6, ¶ 4, Dkt. No. 457).

The Special Master has also informed the parties that she intends to hire an expert to advise her through the new test development and expects to do so shortly.

* * * * * * * * *

All parties have expressed a strong interest in ensuring that the hearing on Exam 6019 be completed expeditiously and that the development of the new test begin and proceed on schedule. The Special Master anticipates the parties continued cooperation and will report again to the Court in 30 days.

/s/  Mary Jo White____

Mary Jo White

Dated:  July 1, 2010