**U.S. Department of Justice**

Civil Rights Division

---

JMG:SAS:MLB:es
DJ 170-51-358

*Employment Litigation Section - PHB*
*950 Pennsylvania Avenue, NW*
*Washington, DC  20530*
*www.usdoj.gov/crt/emp*

July 13, 2010

Honorable District Judge Nicholas G. Garaufis
United States District Court
  for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

> Re:   Motion to Strike Expert Report in <u>United States, et al. v. City of New York, et al.,</u>
> 07-CV-2067 (NGG) (RLM); **EXPEDITED CONSIDERATION REQUESTED**

Dear Judge Garaufis:

On July 12, 2010, the City produced the rebuttal report of Catherine Cline, Ph.D., the City's expert with respect to the issue of whether the use of its current entry-level firefighter ("Written Exam 6019") is job related and consistent with business necessity.  Dr. Cline's report attaches, as an appendix, another report (in the form of an unsigned memorandum to counsel), dated May 17, 2010, and prepared by Christopher Erath, Ph.D..  Dr. Erath has not been designated as an expert with respect to Exam 6019 and will not testify at the July 20, 2010 hearing regarding the issues addressed in the Erath report.[1]  *See* Attachment A.  The United States respectfully requests that the Court reject the City's transparent attempt to insert into the record the hearsay opinions of an undesignated expert.  Specifically, the United States requests that the Court order that the City is precluded from submitting into evidence at the July 20 hearing Dr. Cline's rebuttal report to the extent that it refers to, summarizes, utilizes and/or attaches the Erath report.  Given the imminence of the hearing with respect to Exam 6019, the

---

[1]  Dr. Erath is the City's expert with respect to monetary relief.  *See* Dkt. No. 446.  In addition, on its July 9, 2010 witness list, the City listed Dr. Erath as its expert to provide testimony in rebuttal to that of Joel Weisen, Ph.D., if Dr. Weisen were allowed to testify at the July 20 hearing.  *See* Attachment B, p. 7.  The City's July 9 witness list was not timely filed with the Court, but was provided by email to the other parties on July 9, 2010.  The City filed its exhibit and witness lists only after the Court granted the City's motion to strike Dr. Weisen's report on July 12.  *See* Dkt. No. 471.  In the list actually filed on July 12, the City lists Dr. Erath as a witness with respect to the preparation of certain summary exhibits, which were not produced to the United States and the Plaintiffs-Intervenors until July 12.  Attaching Dr. Erath's report to that of Dr. Cline appears to be only the most recent in a series of attempts by the City to put Dr. Erath's opinions into evidence without designating him as an expert or allowing the other parties an opportunity to take discovery regarding his opinions.

United States further requests that Court consider this request on an expedited basis.[2]

Since Dr. Cline's deposition, the City has expressed its desire to retain a new expert. Shortly after the report of the United States' expert, David Jones, Ph.D., was produced to the City on June 1, 2010, the City informed the Special Master that it might wish to retain a new expert to prepare a rebuttal report. See Attachment C (Letter of J. Lemonedes, dated June 4, 2010, pp. 17-18). The reason given by the City was that it was surprised to see that Dr. Jones' report stated his opinion that relying on a content validation strategy alone to attempt to prove that Written Exam 6019 is job related is inappropriate given the highly abstract nature of the 18 cognitive and personality constructs that Dr. Cline claims the examination measures. According to the City, Dr. Jones' opinion was surprising because neither the United States nor the Plaintiffs-Intervenors had made such an assertion regarding Written Exam 7029 or 2043.

The United States and the Plaintiffs-Intervenors promptly pointed out at the first conference with the Special Master on June 7, 2010 and in subsequent letters to the Special Master, that the City's assertion was patently false and proved it by providing to the Special Master the reports of their respective liability phase experts, Drs. Irwin Goldstein and Joel Weisen, both of which discussed at length the inappropriateness of a content validation strategy to attempt to establish that Written Exams 7019 and 2043 were job related. *See* Attachment D (Letter of R. Levy, dated June 8, 2010); Attachment E (Letter of S. Seeley, dated June 10, 2010). The United States and Plaintiffs-Intervenors also pointed out that allowing the City to retain a new expert would result in severe prejudice. The expert discovery schedule did not allow for the deposition of the City's rebuttal expert because the schedule was based on the City's representations that Dr. Cline would be its rebuttal expert – indeed, the schedule for the rebuttal report was constructed around Dr. Cline's summer vacation schedule. *See* Attachment E, p. 6; Dkt. No. 400-1, Joint Statement Regarding Relief Phase issues, p. 55 (stating concern that proposed schedule would prejudice the City's ability to submit a rebuttal report due to Dr. Cline's vacation schedule); Dkt. No. 410, p. 2 (requesting one-week extension of deadline for Dr. Cline's rebuttal report due to her vacation schedule). The prejudice that would have resulted if the City had identified a new expert in June obviously is magnified by the fact that the hearing will commence in one week. *See* n. 2, *supra*.

After the United States and the Plaintiffs-Intervenors documented the fact that the City's claim of surprise was contrary to the facts, the City informed the Special Master that, purportedly due to the City's difficulty in quickly retaining a new expert, the issue might be moot. Over the course of the next several weeks, the Special Master repeatedly asked counsel for the City whether the City would seek to introduce a new rebuttal expert into the case. Counsel repeatedly responded that it was very unlikely. When the hearing regarding Exam 6019

---

[2] If the Court were to allow Dr. Erath's opinions into evidence, the United States would be severely prejudiced because it has had no opportunity to depose Dr. Erath regarding the opinions stated in his report or take discovery regarding his analyses. As the City is undoubtedly aware, even if it were possible to do so within the next week, the United States would be severely prejudiced due to the resulting disruption in its preparation for the July 20 hearing.

recently was rescheduled to take place this month, the City finally informed the Special Master that Dr. Cline would be its only rebuttal expert.

Indeed, the report produced by the City yesterday – one week prior to the commencement of the hearing –  is signed only by Dr. Cline.  However, as stated previously, it attaches a seven-page "memorandum" from Dr. Erath to William Fraenkel, counsel for the City, stating a number of expert opinions.  Indeed, the first sentence of the memorandum states, "This memorandum discusses exam 6019 and whether disparities in appointments would occur or be expected under alternate uses of the exam, as well as claims advanced by plaintiffs concerning this exam."  No materials underlying Dr. Erath's report have been produced by the City and, of course, the United States has had no opportunity to depose Dr. Erath about the opinions he states.  In addition, the matters stated in the Erath report do not rebut opinions in Dr. Jones' report or matters previously addressed by Dr. Cline.  The Court should strike the Erath report as an untimely expert report, not allowed by the discovery scheduled set by the Court.

Moreover, the Court should strike the Erath report because it is clearly inadmissible hearsay.  *See* Fed. R. Civ. P. 801, 801.  The City cannot argue that Dr. Erath's report is admissible as the basis of Dr. Cline's opinions.  Although Rule 703 of the Federal Rules of Evidence permits experts to rely upon inadmissible evidence in forming their opinions if the evidence is "of a type reasonably relied upon by experts in [their] field," Rule 703 is not a license for parties to bootstrap hearsay into evidence by having their expert witnesses rely upon it in their reports and testimony.[3]  *See, e.g.*, <u>Malletier v. Dooney & Bourke, Inc.</u>, 525 F. Supp. 2d 558, 666 (S.D.N.Y. 2007) ("[A] party cannot call an expert simply as a conduit for introducing hearsay under the guise that the testifying expert used the hearsay as the basis of his testimony"); <u>Smith ex rel Smith v. Islamic Emirate of Afghanistan</u>, 262 F. Supp.2d 217, 224 (S.D.N.Y. 2003) (hearsay evidence relied upon by expert is "otherwise inadmissible for any substantive purpose").  In her report, Dr. Cline presents no independent analysis or opinions regarding the matters discussed in Dr. Erath's report.  She simply summarizes his opinions and refers to his report.  The Court's order of July 12 adopting the parties' agreement that their respective expert's reports would be admitted into evidence as the experts' direct testimony (an agreement made prior to the City's production of the Cline rebuttal attaching Dr. Erath's report), does not give the City license to submit into evidence materials that clearly are inadmissible simply by attaching them to its designated expert's report.

For the reasons stated above, the United States respectfully requests that the Court preclude the City from submitting into evidence Dr. Cline's report to the extent that it refers to, summarizes, utilizes and/or attaches Dr. Erath's report (*i.e.*, the last full paragraph on page 18 of Dr. Cline's through the end of the report and Appendix B), and preclude Dr. Cline from testifying regarding them matters stated in that portion of her report and the Erath report.

---

[3]  Nor is Dr. Erath's memorandum to counsel material "of a type reasonably relied upon by experts in the field."

Sincerely,

John M. Gadzichowski
Chief
Civil Rights Division

By:      s/ Sharon Seeley
Acting Deputy Chief
Employment Litigation Section
Civil Rights Division
(202) 514-4761

Loretta E. Lynch
United States Attorney

By:     s/ Elliot M. Schachner
Assistant U.S. Attorney
(718) 254-6053

cc: All counsel of record (via ECF)
    Special Master M.J. White
    M.B. Hogan