UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

UNITED STATES OF AMERICA,

                                                                 Plaintiff,

                        -and-                                                  **DEFENDANTS' MOTION**

VULCAN SOCIETY INC., for itself and on behalf of its        ***IN LIMINE*** **TO EXCLUDE**
members; MARCUS HAYWOOD, CANDIDO NUÑEZ,        **CERTAIN EXHIBITS FOR**
and ROGER GREGG, individually and on behalf of a class        **HEARING REGARDING**
of all others similarly situated,                                                      **EXAM 6019**

                                            Plaintiffs-Intervenors,

                   -against-                                   Civil Action Number:
                                                                  07-CV-2067 (NGG) (RLM)

THE CITY OF NEW YORK, THE FIRE DEPARTMENT
OF THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF CITYWIDE ADMINISTRATIVE
SERVICES, MAYOR MICHAEL BLOOMBERG and
NEW YORK CITY FIRE COMMISSIONER NICHOLAS
SCOPPETTA, in their individual and official capacities,

                                                         Defendants.

------------------------------------------------------------------- x

        Pursuant to the direction of the Special Master, *see* Special Master's Order No. 6 (Dkt. No. 457), Defendants hereby submit this motion *in limine* to exclude certain proposed exhibits during the Hearing regarding the business necessity of New York City entry-level Firefighter Exam 6019.[1] Defendants hereby move *in limine* to:

        1.        Preclude Plaintiff's proposed hearing exhibits PX-53a through 53t, identified as: "Group Exhibit (Demonstrative Exhibits)." *See* Plaintiff's Pre-Hearing Materials, dated July 9, 2010, at p. 4. These exhibits are purportedly "demonstrative exhibits" expected to be used to

---

[1] Defendants further provide the Court with a list of Defendants objections concerning the Plaintiff's and Plaintiffs-Intervenors' proposed exhibits. *See* Exhibit "A" attached hereto.

summarize or support the expert testimony of Plaintiff's witness Dr. David Jones. Because these exhibits were not provided as part of Dr. Jones expert report, and were not provided prior to Defendants deposition of Dr. Jones, such exhibits should be precluded pursuant to Federal Rule of Civil Procedure 26(a)(2)(B)(iii);

    2.    Preclude Plaintiff's proposed hearing exhibit PX-12, which consists of privileged attorney/client communications, pursuant to Federal Rules of Evidence 501 and 502; and

Additionally, in the interest of expediting the hearing, Defendants submit their list of objections to the various proposed hearing exhibits submitted by both Plaintiff and Plaintiffs-Intervenors. This list is attached as Exhibit "A" hereto. In reviewing the objections to exhibits list, it should be noted that unless expressly stated Defendants do not object to the proposed exhibits on the ground of authenticity and/or foundation.

## POINT I

### THE PROPOSED "DEMONSTRATIVE EXHIBITS" CONCERNING DR. JONES' EXPERT TESTIMONY SHOULD BE EXCLUDED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(A)(2)(B) (III)

Plaintiff's proposed hearing exhibits PX-53a through 53t, are labeled as "demonstrative exhibits" and purportedly submitted to summarize and/or support the expert testimony for Plaintiff's expert on test validity, Dr. David Jones. *See* Plaintiff's Pre-Hearing Materials, dated July 9, 2010, at p. 4 (a copy of these exhibits is attached hereto as Exhibit "B"). These exhibits, however, were **not** presented in Dr. Jones' expert report. *See*, Plaintiff's proposed hearing exhibit PX-17; identified in Plaintiff's Pre-Hearing Materials, dated July 9, 2110, at p. 2. Moreover, these proposed exhibits were **not** provided until July 9, 2010, over three weeks **after** Dr. Jones' June 17, 2010, deposition, and only ten days before the July 20, 2010, hearing.

Rule 26 of the Federal Rules of Civil Procedure addresses the requirements for any expert discovery. Specifically, this Rule **requires** that the expert provide a written report which "must contain:"

> (i)  a complete statement of all opinions the witness will express and the basis for them;
>
> (ii) the data or other information considered by the witness in forming them; [and]
>
> (iii) any exhibits that will be used to summarize or support them; ...

*See*; Fed. R. Civ. P. 26(a)(2)(B)(i)-(iii). Accordingly, pursuant to this Rule, the new "demonstrative exhibits" should be precluded at the hearing. *Id*; *and see, e.g.,* <u>Gay v Chandra</u>, 05 Civ. 0150 (MJR), 2009 U.S. LEXIS 80952, *5 (S.D. Ill. Sept. 4,

2009)(excluding expert testimony and exhibits that were not previously produced, because the "infraction" of this Rule would preclude the moving party from "properly preparing for trial and for cross-examination of this witness without being unduly prejudiced."). Indeed, the fact that these exhibits were submitted well after the deposition and on the eve of the hearing effectively precludes Defendants from questioning Dr. Jones about these exhibits prior to the hearing and thus properly preparing for the hearing.

Plaintiff might argue that the exhibits are merely demonstrative, as Plaintiff has specifically labeled them as such. But this is irrelevant to the requirements of the Rule itself – it makes no distinction between "demonstrative" or other exhibits. See, Fed. R. Civ. P. 26 26(a)(2)(B)(i)-(iii). Indeed, virtually all expert exhibits are demonstrative – thus any such argument to permit expert demonstrative exhibits would nullify the Rule itself. This very argument was rejected by a Federal Court, in *Raley v. Hyndai Motor Co., Ltd.*, Civ 08-0376 (HE), 2010 U.S. Dist. LEXIS 11318 (W.D. Okl., Feb. 9, 2010), where the Court excluded such a late production of expert exhibits and explained:

> The court disagrees with plaintiff's characterization of some of the challenged exhibits as "demonstrative aids." Many appear to constitute substantive evidence not mere aids. Regardless, their disclosure is required by Rule 26, which expressly refers to the production of "any exhibits that will be used to summarize or support" an expert's opinions.

*Id.* at *9. Indeed, a review of the proposed "demonstrative" exhibits, demonstrates that they contain substantive information. Some examples include: PX-53d, which lists the "KSAPCs" that Dr. Jones asserts the City "targeted" for measurement in Exam 6019; PX-53i through 53m, all provide the actual factor analysis results which Dr. Jones purports he

found in his factor analysis of Exam 6019; PX-53o and 53n purports to depict "What Angoff Raters Actually Said About Cut-offs." Defendants respectfully assert each of these exhibits contains substantive evidence. Moreover, as the Rule specifically provides, and the Courts have concluded, whether or not the expert's proposed exhibits are "demonstrative," they must be provided in the expert report. Because Plaintiff did not provide the expert exhibits in Dr. Jones expert report, Defendant will be prejudiced in preparing to cross-examine him about these exhibits during the hearing. Accordingly, Defendants move to exclude these exhibits from the hearing.

## POINT II

## CERTAIN OF PLAINTIFF'S PROPOSED HEARING EXHIBITS CONTAIN PRIVILEGED ATTORNEY/CLIENT COMMUNICATIONS AND SHOULD BE EXCLUDED PURSUANT TO FEDERAL RULE OF EVIDENCE 501

Plaintiff's proposed hearing exhibits PX-12 specifically includes a two page document that has the heading: "ATTORNEY CLIENT PRIVILEGED COMMUNICATION" (a copy of this exhibit is attached hereto as Exhibit "C"). The information provided in this document is specifically privileged attorney-client communication: the memo was a communication between an attorney and her client; intended to be and was in fact kept confidential; and made for the purpose of providing legal advice. Accordingly, this exhibit should be excluded as privileged and confidential. *See* F.R.E. 501; In re County of Erie, 473 F.ed 413, 419 (2d Cir. 2007).

The memo at issue (as part of PX-12) was prepared by Georgia Pestana, Esq., the attorney from the New York City Law Department, who had been giving legal advice to DCAS concerning the development of Exam 6019. This memo was intended to be kept confidential as the header specifically delineates: "ATTORNEY CLIENT PRIVILEGED COMMUNICATION" Moreover, the memorandum was kept confidential, but produced over Defendants objection pursuant to the direction of Magistrate-Judge Mann. *See* Magistrate-Judge Mann's Memorandum and Order, dated May 2, 2008, (Dkt. No. 138).[2] The memorandum consists of legal advice from

---

[2] Prior to the production of this document Magistrate-Judge Mann directed Defendants to produce the job analysis report and test development report for Exam 6019. When the Magistrate-Judge was advised that they had not been completed, she directed that if they were not completed by a date certain, then Defendants would need to produce drafts of the reports. Although the final reports were completed and submitted to opposing counsel on or before the directed date, Plaintiff continued to demand the drafts. Thereafter, the Magistrate-Judge directed Defendants to produce the drafts. In complying with the Magistrate Judge's direction, Defendants provided redacted portions of the drafts, noting that the redactions concerned privileged information. The Magistrate-Judge thereafter directed the in camera

the attorney to DCAS concerning the creation of firefighter Exam 6019. This legal advice was provided after consultation between Ms. Pestana and the NYC Law Department's consultant Dr. Phillip Bobko. Although Ms. Pestana's comments are related to Bobko's analysis, such comments are nevertheless privileged communication as they involve legal advice provided to a client. Both the Supreme Court and Second Circuit have recognized that the attorney-client privilege is rooted in the imperative need for confidence and trust. *See Sims v. Blot*, 534 F.3d 117, 130-31 (2d Cir. 2008)(*quoting, Jaffee v. Redmond*, 518 U.S 1, 15 (1996)). Accordingly, Defendants move to exclude this evidence.

---

review of the documents, and ultimately required the production of the documents asserting that Defendants waived the privilege by not producing a privilege log. Thus this material was produced over Defendants objection. Defendants respectfully disagree with the Magistrate-Judge's conclusion as Federal Rule of Evidence 502 (a)(1) require that a waiver be intentional.

## CONCLUSION

For all of the reasons stated above, Defendants requests an Order precluding plaintiff from presenting the exhibits specified above. Defendant respectfully further requests any additional relief that the Court deems just and proper.

.

Dated:     New York, New York
           July 16 , 2010

                                MICHAEL CARDOZO
                                Corporation Counsel of the
                                 City of New York
                                Attorney for Defendant
                                100 Church St., Rm 2-172
                                New York, New York 10007
                                (212) 788-0881

By: _____
      James M. Lemonedes
      Assistant Corporation Counsel