UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
UNITED STATES OF AMERICA,

|  |  |
|---|---|
| Plaintiff, | **ORDER** |
|  | **07-cv-2067 (NGG)(RLM)** |

      -and-

THE VULCAN SOCIETY, INC., MARCUS
HAYWOOD, CANDIDO NUÑEZ, and
ROGER GREGG,

                         Plaintiff-Intervenors,

      -against-

THE CITY OF NEW YORK,

                         Defendant.
------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

The parties have submitted various motions in limine in advance of the July 20, 2010

hearing regarding the validity of Exam 6019 ("the Hearing"). For the following reasons, the

court GRANTS the United States' motion in part and reserves judgment in part; DENIES the

Plaintiff-Intervenors' motion; and GRANTS Defendant City of New York's motion in part and

reserves judgment in part.

I.      DISCUSSION

      A.      **Plaintiff United States' Motion to Exclude**

            i.      CPAT Evidence

The City plans to introduce exhibits and testimony relating to the Candidate Physical

Ability Test ("CPAT"), the physical abilities test that the City uses as part of its current

firefighter selection process. In particular, the City proposes to introduce (1) testimony from

Lieutenant Michael Cacciola regarding the validation of the CPAT, "the importance of the CPAT

and the impact of physical fitness on becoming an entry-level firefighter, and the efforts by [the] FDNY to assist potential candidates in passing the CPAT"; (2) testimony from Richard Duffy of the International Association of Fire Fighters regarding the validation of the CPAT; (3) Exhibit C-2, titled "Candidate Physical Ability Test, Second Edition"; and (4) Exhibit C-1/D-1, titled "Physical Preparation Manual for CPAT." (See Docket Entry # 473.) The United States moves to exclude this evidence as irrelevant and as inadmissible opinion testimony.

The court agrees with the United States that this proposed evidence is irrelevant to the Hearing. The purpose of the Hearing is to determine whether the City's use of Written Examination 6019 on a pass/fail and rank-order basis is valid under Title VII. The FDNY's physical test – formerly the PPT, now the CPAT – has never been at issue in this litigation, and there is no reason to place it at issue now. The "validity" of the physical test has absolutely no bearing on the validity of the written exam. In fact, it would be an irresponsible overreach for this court to pass judgment on the CPAT, given that no party has ever questioned its usefulness or validity.

ii.      Evidence Relating to Bonus Points and Candidate Investigations

The City seeks to introduce evidence relating to the effect that "bonus points" (residency, veterans, and legacy credits) have on candidates' ranking. (See Docket Entry # 473.) According to the City's Proposed Findings of Fact, this evidence will demonstrate that the use of bonus points disproportionately benefits black and Hispanic candidates. (See Docket Entry # 492 ¶¶ 24-30.) The City also seeks to introduce evidence and testimony concerning the rates at which minority candidates who pass the written exam and are called for processing are later disqualified for reasons unrelated to the exam – for example, as a result of failing the medical exam or CPAT. (See Docket Entry # 473.) All of this evidence is irrelevant to the question of

whether the City's pass/fail and rank-order uses of Written Examination 6019 are valid. Like the CPAT, the City's use of bonus points and its post-exam candidate-investigation processes are not at issue in this Hearing. The use of bonus points may well impact a candidate's ranking, but that has no bearing on whether Exam 6019 scores usefully distinguish between more and less-qualified candidates. The fact that minorities may be more likely than whites to be disqualified for reasons unrelated to the test is immaterial to the validity of the test itself.

### iii. Lieutenant Cacciola's Testimony

The United States objects to the proposed testimony of Lieutenant Cacciola concerning "[t]he importance of reading comprehension and its impact on becoming an entry-level firefighter" and "[t]he importance of organizational skills and their impact on becoming an entry-level firefighter, and the benefit of a military background in developing such skills." (See Docket Entry # 473.) To the extent that Lieutenant Cacciola is attempting to offer lay opinion testimony regarding the job-relatedness of Exam 6019's reading comprehension requirements, that issue is "beyond the realm of common experience and . . . require[s] the special skill and knowledge of an expert witness." Randolph v. Collectramatic, Inc., 590 F.2d 844, 846 (10th Cir. 1979); see Fed. R. Civ. P. 701. Because Lieutenant Cacciola was not timely designated as an expert witness, he may not offer expert testimony. To the extent that Lieutenant Cacciola's proposed testimony concerning organizational skills is intended to demonstrate Exam 6019's validity, the court strikes it for the same reason. To the extent that such testimony is offered in support of the use of bonus points based on military service, it is also irrelevant for the reasons explained above.

iv.     Dr. Cline's Rebuttal Report

The United States also seeks to exclude what it characterizes as new opinion testimony in

Dr. Catherine Cline's Expert Rebuttal Report.  In the Rebuttal Report, Dr. Cline states –

according to Plaintiffs, for the first time – that "scores from Examination 6019 are not used in a

strict rank-order fashion" because "rank order on the 6019 Firefighter civil service list is a

function of both examination score and bonus points."  (Rebuttal Report 18.)  Dr. Cline also

states that "firefighters are not hired on a rank order basis, but on a class basis."  The United

States asserts that these statements constitute new opinions that cannot be raised for the first time

in a rebuttal report under Fed. R. Civ. P. 26(a)(2)(B)(I) & (a)(2)(C)(ii).  It is not clear to the court

that Dr. Cline's statements are "opinions," or that they are particularly novel.  See United States

v. City of New York, 637 F. Supp. 2d 77, 85 (E.D.N.Y. 2009) ("Adjusted Final Average" for

Exams 7029 and 2043 "was created by adding any 'Residency,' 'Legacy,' or 'Veteran' points to

the Transformed Score.").  Therefore, prior to Dr. Cline's testimony at the hearing, the court will

hear argument to determine how it should treat the challenged portions of the Rebuttal Report.

B.      Plaintiff-Intervenors' Motion to Exclude

The Intervenors move to exclude Dr. Cline's "Report on the Modified Angoff Workshop

for Examination 6019" and all testimony and opinions of Dr. Cline concerning and based upon

her "Modified Angoff Workshop," including those expressed in Dr. Cline's Expert and Rebuttal

Reports.  (See Docket Entry # 489.)  The Intervenors assert that evidence regarding Dr. Cline's

Modified Angoff procedure is inadmissible under Fed. R. Civ. P. 702 and Daubert v. Merrell

Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).

The court is sensitive to the concerns raised in Intervenors' motion.  Nonetheless, the

court believes that wholesale exclusion of Dr. Cline's testimony would impoverish the record,

and that the better course is for the court to hear Dr. Cline's testimony and decide for itself how much weight to give it.  The purpose of the <u>Daubert</u> rule is to keep unreliable and irrelevant technical testimony away from the factfinder.  Given that the factfinder here is the court, and that the court would have to review Dr. Cline's evidence and testimony in order to engage in a <u>Daubert</u> analysis, a scrupulous application of the rule would be self-defeating in this case.  The court will of course be mindful of the concerns that animate <u>Daubert</u> and Rule 702 when it considers the City's expert evidence.

### C.  The City's Motion to Exclude

Plaintiffs propose to introduce a series of "demonstrative exhibits" intended to summarize the testimony of Plaintiffs' expert, Dr. David Jones.  (Docket Entry # 468.)  The City moves to exclude these exhibits on the ground that they were not included in Dr. Jones's expert report as required by Fed. R. Civ. P. 26(a)(2)(B)(iii).  The City is correct that Plaintiffs were obligated to provide the challenged exhibits along with Dr. Jones's report.  <u>See</u> <u>Salgado v. Gen. Motors Corp.</u>, 150 F3d 735, 741 n.6 (7th Cir. 1988) (noting that the category of "exhibits to be used as a summary of or support for the [expert's] opinions" under Rule 26(a)(2)(B)(iii) "encompasses demonstrative evidence which summarizes or supports the expert's opinion").  <u>Minebea Co. v. Papst</u>, 231 F.R.D. 3, 12 (D.D.C. 2005).  This does not mean, however, that the court is obligated to exclude these exhibits.  Rule 37(c)(1) gives the court discretion to admit evidence that was not properly disclosed under Rule 26(a) if "the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  In considering whether to exclude evidence, the court must consider "(1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4)

the possibility of a continuance. The purpose of the rule is to prevent the practice of 'sandbagging' an opposing party with new evidence." Haas v. Del. & Hudson Ry. Co., 282 Fed. Appx. 84, 86 (2d Cir. 2008). "Before the extreme sanction of preclusion may be used by the district court, a judge should inquire more fully into the actual difficulties which the violation causes, and must consider less drastic responses." Outley v. New York, 837 F.2d 587, 591 (2d Cir. 1988). Accordingly, the court will hear argument prior to the Hearing regarding the propriety of excluding Plaintiffs' "demonstrative exhibits."

The City also moves to exclude Plaintiffs' Exhibit 12, which it says is protected by the attorney-client privilege. Having reviewed this document, the court agrees that it is privileged, and excludes it.

## II. CONCLUSION

For the foregoing reasons, the following exhibits are excluded from the Hearing:

**Plaintiffs' Exhibits**
    PX-12

**Defendant's Exhibits**
    B-2 (as hearsay and for the reasons stated in Section I.A.iii)
    C-1
    C-2
    D-1
    D-2
    E-1 through E-11-a
    F-1 through F-4

The court also excludes the testimony of Lieutenant Michael Cacciola, Richard Duffy, and Chris Erath, Ph.D.

SO ORDERED.

                                   _/s/ Nicholas G. Garaufis___
Dated: Brooklyn, New York                NICHOLAS G. GARAUFIS
      July 19, 2010                  United States District Judge