UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,

-and-

THE VULCAN SOCIETY, INC., for itself and
on behalf of its members; MARCUS
HAYWOOD, CANDIDO NUÑEZ,
ROGER GREGG, individually and on
behalf of a class of all others similarly situated,

                Plaintiffs-Intervenors,

-against-

THE CITY OF NEW YORK,

                Defendant.
-------------------------------------------------------------X

**ORDER**
07-cv-2067 (NGG) (RLM)

NICHOLAS G. GARAUFIS, United States District Judge.

At the court's request, the parties and the Special Master have agreed to meet, in advance of the August 19, 2010 hearing, to discuss whether (or to what extent) the parties can agree on a proposal for hiring entry-level firefighters prior to the development of a new written examination, in light of the court's August 4, 2010 ruling and the City's legitimate needs. The court clarifies that, regardless of whether this discussion is labeled a "mediation" or a "conference," the Special Master's role shall be limited to facilitating discussion among the parties and reporting the outcome of those discussions to the court. The Special Master will not have the authority to bind the parties to a particular proposal or to decide any disputed questions of law or fact relating to interim hiring. Any agreement reached among the parties must ultimately be ratified by the court.

The City requests that this court permit the Special Master to engage in ex parte communications with the parties. (Docket Entry # 508.) The United States objects to this

1

proposal, but has not explained its objection beyond asserting that ex parte communications are "inappropriate and unnecessary" and "not likely to facilitate an agreement by the parties before the August 19, 2010 hearing." (Docket Entry # 509.) The court disagrees. In order to broker an agreement among the parties, the Special Master needs as much information at her disposal as possible, so that she may properly discern areas of genuine agreement or disagreement and suggest intelligent compromises. In particular, she may need access to information that a party is only willing to disclose on an ex parte basis. The court therefore permits the Special Master to engage in ex parte communications with the parties for the limited purpose of facilitating an agreement regarding interim hiring. To avoid prejudice and encourage full disclosure, the court directs the Special Master not to disclose to the court any information that she receives on an ex parte basis without first obtaining the disclosing party's permission and then sharing that information with the other parties.

After consulting with the Special Master, the court also directs that each party submit a letter to the Special Master by noon on Monday, August 16, 2010, setting forth any proposal it has for how the City should conduct interim hiring. This order supersedes the Special Master's prior instruction to submit such letters by the close of business on Friday, August 13, 2010.

SO ORDERED.

                                                           /s/ Nicholas G. Garaufis
Dated: Brooklyn, New York                       NICHOLAS G. GARAUFIS
       August 13, 2010                          United States District Judge