UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
UNITED STATES OF AMERICA,

                           Plaintiff,

   -and-

THE VULCAN SOCIETY, INC., MARCUS
HAYWOOD, CANDIDO NUÑEZ, and
ROGER GREGG,

                Plaintiff-Intervenors,

   -against-

THE CITY OF NEW YORK,

                Defendant.
---------------------------------------------------------------X

**ORDER**

**07-cv-2067 (NGG) (RLM)**

NICHOLAS G. GARAUFIS, United States District Judge.

      On August 4, 2010, the court found that the City's use of its current written examination, Exam 6019, disparately impacts minority applicants for the position of entry-level firefighter and fails to test for relevant job skills, in violation of Title VII of the Civil Rights Act of 1964. (Docket Entry # 505 ("6019 Validity Order").) The court determined that Exam 6019 was invalid for both rank-order and pass/fail purposes. (Id. at 37.) The court also enjoined the City from taking any steps to initiate an academy class using the Exam 6019 eligibility list until October 1, 2010. (Id.)

      The court held a hearing on August 19, 2010 (the "Hiring Hearing"), at which it heard testimony and received evidence regarding the City's asserted need for a new firefighter class and the means by which a new class could be hired. The hearing demonstrated that the City's reasons for seeking to hire a class were largely financial. (See Docket Entry # 527 ("Interim

Hiring Order") at 14-16.)  There was no evidence that a delay in hiring of several months would have any impact on public safety.  (Id. at 16.)  Assistant Commissioner for Finance and Budget Stephen Rush testified that the number of structural fires has been falling over the past several years, and that firefighter response times have been improving, despite decreasing manpower.  (Id. at 15.)  And, earlier this year, the Mayor proposed closing 20 fire houses to save money, and is currently proposing to reduce staffing on 60 engine companies.  (Id.)

Nonetheless, in an effort to accommodate the City's asserted need for additional firefighters, the Special Master, at the court's request, held intensive discussions with the parties over the course of six days to explore whether they could agree on an interim hiring proposal that involved Exam 6019.  On September 4, 2010, the Special Master filed a Hiring Report detailing seven proposals that the parties had discussed, as well as the parties' positions regarding the legality and desirability of each proposal.  (Docket Entry ## 521, 522.)

On September 13, 2010, this court issued an order providing the City with five different options for hiring entry-level firefighters from applicants who took Exam 6019.  (Interim Hiring Order.)  Each option balanced the court's obligation to end the City's decades of illegal discrimination and the need to safeguard New York's citizens and firefighters.  The court chose not to impose a single solution because it determined that the City was best-positioned to weigh its own financial and operational interests.  (Id. at 2.)

On September 17, 2010, the City notified the court that it "decline[d]" to select any of the five options.  (Docket Entry # 532 at 1.)  It asserted that each option involved "some form of race-based quota" and that each was contrary to the public policy interests of the City and to the law.  (Id.)  If the City's policy preferences compel it to forego hiring altogether – rather than to hire in accordance with its Title VII obligations – its claims about the urgency of its hiring

2

needs lack credibility. Moreover, the City did not cite any authority in support of its claims regarding the illegality of the proposed hiring methods. (See id.)

Because the City is unwilling to adopt any of the proposals identified by the court and has not come forward with any other lawful and equitable way to hire using Exam 6019, the court must now consider whether it is appropriate to permanently enjoin the City from using Exam 6019 to select entry-level firefighters.

In light of the foregoing, the court extends the temporary injunction imposed in the 6019 Validity Order from October 1, 2010 to October 31, 2010 to permit the parties to submit briefing regarding the need for permanent injunctive relief. The United States and Plaintiffs-Intervenors, either jointly or separately, shall file with the court a letter motion specifying the nature, scope, and basis of any requested relief by September 30, 2010. They are further instructed to specifically address the legal basis for any injunctive relief both as a matter of the court's general equity authority and Title VII. (See Interim Hiring Order at 6-8.) The City shall file its response with the court by October 8, 2010. The United States and Plaintiffs-Intervenors shall file their reply, if any, with the court by October 15, 2010. For the purpose of this briefing schedule the court suspends its usual practice of requiring parties to file only fully briefed motion papers.

The City is admonished that any arguments concerning the legality or illegality of possible injunctive relief must be accompanied by citation to relevant legal authority. To the extent that the City objects to either the form or scope of the relief sought, it is instructed to specify what alternative relief would be appropriate. While the court is aware that the City disagrees with the conclusions of the 6019 Validity Order, the court will not permit the City to

3

re-litigate it now.  The City is counseled that further obstructionism in this litigation will ill-serve the public interest.

SO ORDERED.

|  |  |
|---|---|
| Dated: Brooklyn, New York<br>September 21, 2010 | _/s/ Nicholas G. Garaufis___<br>NICHOLAS G. GARAUFIS<br>United States District Judge |