# LEVY RATNER, P.C.

Attorneys at Law
80 Eighth Avenue, 8th Floor
New York, New York 10011-5126

Telephone (212) 627-8100
Telecopier (212) 627-8182

www.levyratner.com

Richard A. Levy
Daniel J. Ratner
Daniel Engelstein°
Gwynne A. Wilcox[Δ]
Pamela Jeffrey
Owen M. Rumelt
Kevin Finnegan
Carl J. Levine[Δ]
David Slutsky[Δ]
Allyson L. Belovin
Suzanne Hepner♦
Richard Dorn
Robert H. Stroup

Dana E. Lossia[Δ]
Susan J. Cameron[Δ]
Micah Wissinger•
Ryan J. Barbur
Vanessa Flores[Δ]
Alexander Rabb
Nicole Grunfeld

Counsel:
Paul Schachter[Δ]
Anthony DiCaprio
Michael Steven Smith
David P. Horowitz[†]

October 8, 2010

**ELECTRONICALLY FILED**

Magistrate Judge Roanne L. Mann
United States District Court
Eastern District of New York
225 Cadman Plaza East
New York, NY 11201

    Re:  *United States et al v. City of New York,* Civ. Action No. 07-CV-2067 (NGG) (RLM)

Dear Judge Mann:

    Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiffs-Intervenors respectfully request that Defendant City of New York be ordered to provide full and complete responses to Plaintiffs-Intervenors' Second Set of Relief Phase Requests For Admission and Fourth Set of Requests for Production of Documents and Interrogatories, which were served on July 28, 2010. (A copy of the requests is annexed hereto).

    Relief-phase discovery in this matter was set to close on August 27, 2010, the day that the City's responses to Plaintiffs-Intervenors' discovery requests were due. On August 31, 2010, counsel for Plaintiffs-Intervenors conducted a telephonic "meet and confer" with counsel for the City. The City stated that it needed more time to respond to the requests, and we offered an extension until September 30, 2010, on the condition that the City identify, before that time, the requests to which it would be objecting. The City said that it would not be able to identify each of its objections by September 30, but the parties discussed each request in detail. The City made oral objections to various requests, and Plaintiffs-Intervenors clarified some of their inquiries. At the conclusion of the call, the City indicated its intention to provide preliminary responses to certain requests by September 15, 2010. To date, Plaintiffs-Intervenors have not received any responses to any of the requests.

    The outstanding discovery requests are directly relevant to Plaintiffs-Intervenors' proposed remedy for the City's intentional discrimination. Plaintiffs-Intervenors will seek a remedial order that includes enhanced recruitment of black and Hispanic applicants, monitoring of the post-exam candidate screening process, and monitoring of the workplace treatment of black and Hispanic incumbents, many of whom will be appointed as the direct result of this litigation and may be subject to harassment and

56-001-00001: 115813.doc

°Admitted in NY, MA and DC     [Δ]Admitted in NY and NJ     ♦Admitted in NY and CT     •Admitted in NY and DC     [†]Admitted in NY and MA

Hon. Roanne L. Mann
October 8, 2010
Page 2

retaliation at the workplace. Each of the unanswered requests seeks to create an evidentiary record concerning either:

    (a)    Recruitment (Document Requests 11-12, Interrogatories 8-11);

    (b)    Candidate screening and selection (Requests for Admission 1-2, Document Requests 1-2, Interrogatories 1-6); or

    (c)    The assessment and treatment of incumbent firefighters, either during the Training Academy (Document Requests 3, 6-10, Interrogatory 7) or on the job (Document Requests 4-5).

This information is necessary in order to tailor appropriate remedies for the City's conduct. For example, increased recruitment is often ordered in cases where black communities have been alienated by decades of employer misconduct. *See, e.g., EEOC v. Local 638 & Local 28 of the Sheet Metal Workers' Int'l Ass'n*, 532 F.2d 821, 830-31 (2d Cir. 1976). The requests seek to establish the level of resources currently dedicated to firefighter recruitment, which is directly relevant to Plaintiffs-Intervenors' proposal for enhanced recruitment relief.

Likewise, monitoring of the candidate selection process, and workplace treatment of black and Hispanic incumbents, is an important part of Court-ordered relief where intentional discrimination has been found. *See, e.g., United States v. Yonkers Bd. of Educ.*, 29 F.3d 40, 44 (2d Cir. 1994); *McClain v. Lufkin Indus. Inc.*, 2010 WL 455351, at *4-5 (E.D. Tex, Jan. 15, 2010). The requested documents are relevant to Plaintiffs-Intervenors' proposed monitoring relief because they will reveal the hurdles faced by black candidates in the City's discretionary candidate screening process, and may reveal a disparity in outcomes at the Training Academy. Complaints and anecdotal evidence of mistreatment at the Training Academy or on the job are also relevant to Plaintiffs-Intervenors' request for the appointment of a monitor to hear and resolve allegations of discrimination and retaliation against future black and Hispanic hires.

    1.    <u>The City's General Relevance Objections</u>

Defendant orally objected to Requests for Production 4 - 10 and Interrogatory 7, arguing that they go beyond the scope of this litigation. Plaintiffs-Intervenors are entitled to discover "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Here, the purpose of the discovery requests is to establish a record upon which the Court can exercise its discretion to order appropriate relief for the City's intentional discrimination. Thus, the requested material is directly relevant to our claims for relief:

- Requests 4 – 5 seek documents concerning complaints of discrimination on the basis of race or national origin in the recruitment and selection of firefighters, during Academy training, or on the job. Complaints of race discrimination are patently relevant to a race discrimination case, and the specific complaints of individual firefighters are highly relevant to fashioning an appropriate remedy here.

- Requests 6 – 10 and Interrogatory 7 seek documents and information concerning the quizzes,

Hon. Roanne L. Mann
October 8, 2010
Page 3

tests and homework assignments that are given to probationary firefighters in the Training Academy. This information is necessary to understand how probationary firefighters are assessed, to determine whether there are racial disparities in outcomes, and to evaluate complaints of discrimination or retaliation at the Academy. The Court's intentional discrimination finding provides grounds to impose a remedy that ensures equal treatment at the Academy, where black probationary firefighters (including those who are hired as a direct result of this litigation) are at the greatest risk of losing their jobs.

2. <u>Undue Burden and Overbreadth Objections</u>

Defendant objected to Requests for Production 1 - 4, and 11 - 12 on the grounds that they were unduly burdensome or overly broad.

- Requests 1 – 2 seek information concerning the disposition (i.e., the decision of the FDNY as to qualification for the job) of firefighter candidates during the FDNY's discretionary candidate-screening process. The requested documents may reveal disparate treatment of minorities in this process and are directly related to Plaintiffs-Intervenors request for a Court-appointed monitor to oversee candidate screening.

- Request 3 asks the City to supplement its response to Plaintiff's Request No. 85, which sought documents identifying individuals who entered the Academy but did not complete it, and the reasons therefor. The City claims that, in order to respond to this request, it would need to go through each individual's paper file by hand. Plaintiffs-Intervenors have asked the City to determine whether any of the relevant files are stored electronically, and the City agreed to do so by September 15, 2010. To date, no such information has been provided.

- Request 4 asks the City to supplement its response to Plaintiff's Request No. 87, which sought documents related to complaints of discrimination in the recruitment, appointment or training of firefighters. The City indicated that it "may" have produced responsive information during the liability phase or to the Special Master in recent weeks. To the extent any responsive material was previously produced, it should be identified by Bates number, and additional responsive material should be produced now.

- Request 11 seeks documents concerning recruitment by other employers. The FDNY's Director of Recruitment testified at her deposition that she did not know of any such documents. Counsel for the City should conduct an appropriate search – rather than rely on a single witness – and should produce any responsive material that is discovered.

- Request 12 is also directly relevant to Plaintiffs-Intervenors' claim for recruitment relief. The Court should have the benefit of any recruitment-related information possessed by the City before it decides any motions concerning future recruitment.

3. <u>Remaining Interrogatories</u>

Defendant indicated that it would respond to Interrogatories 1, 4, 5, 8, 9, and 10, but would need more time. To date, Plaintiffs-Intervenors have not received any response.

Hon. Roanne L. Mann
October 8, 2010
Page 4

      In order for the parties to complete their briefing concerning the appropriate remedies in this case, the requested discovery must be produced without delay. Defendants objections, as discussed above, are not adequate. Plaintiffs-Intervenors respectfully request that the Court compel the City to timely and fully respond to each of the attached requests.

                              LEVY RATNER, P.C.

                              */s/ Dana Lossia*
                              _____
      By:    Dana Lossia
             Richard A. Levy
             Robert H. Stroup
             80 Eighth Avenue
             New York, NY 10011
             (212) 627-8100
             (212) 627-8182 (fax)
             dlossia@levyratner.com
             rlevy@levyratner.com
             rstroup@levyratner.com

             CENTER FOR CONSTITUTIONAL
             RIGHTS
             Darius Charney
             Anjana Samant
             666 Broadway, 7th Floor
             New York, NY 10012-2399
             (212) 614-6438
             (212) 614-6499 (fax)
             dcharney@ccrjustice.org
             asamant@ccrjustice.org

             SCOTT + SCOTT, LLP
             Judy Scolnick
             500 Fifth Avenue, 40th Floor
             New York, NY 10110
             (212) 223-6444
             (212) 223-6334 (fax)
             jscolnick@scott-scott.com

             *Attorneys for Plaintiffs-Intervenors*

56-001-00001: 115813.doc

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA,

                      PLAINTIFF,

-and-

THE VULCAN SOCIETY, ET AL.,

                    PLAINTIFFS-INTERVENORS,

-against-

THE CITY OF NEW YORK,

                      DEFENDANT.
------------------------------------------------------------X

**PLAINTIFFS-INTERVENORS'S SECOND SET OF RELIEF PHASE REQUESTS FOR ADMISSION AND FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

Civil Action No. 07-cv-2067 (NGG) (RLM)

TO:    Defendant City of New York, through its counsel of record James M. Lemonedes and William S. J. Fraenkel, New York City Law Department, 100 Church Street, New York, NY 10007.

PLEASE TAKE NOTE that, pursuant to Rules 33, 34 and 36 of the Federal Rules of Civil Procedure and Local Rule 33.1, Defendant is hereby required to answer under oath the following requests for admission and interrogatories and to produce the requested documents within thirty (30) days from the date of service of these requests.

## INSTRUCTIONS

A.    Identify each person who assisted or participated in preparing and/or supplying any of the information given in answer to, or relied upon in preparing answers to, each request for admission or interrogatory.

B.    To the extent any interrogatory is objected to, set forth all reasons therefor and supply all information sought by such interrogatory to the extent that there is no objection.

C.    If you claim any privilege as a ground for not answering any request for admission or interrogatory, whether in whole or in part, a description of the factual basis for your

56-001-00001: 101305.doc

claim of privilege must be provided so that the Court has sufficient detail to adjudicate the validity of the claim.

D.  These interrogatories and document requests shall be deemed continuing, so as to require additional answers if further information is obtained between the time answers are served and the time of trial.  Such additional answers shall be served from time to time, but not later than thirty (30) days after such additional information is received.

E.  If, in responding to these requests for admission, requests for the production of documents and interrogatories, any ambiguity is encountered in construing the request for admission or for documents, the interrogatory, a definition, or an instruction, set forth the matter deemed ambiguous and the construction chosen in responding to the request or interrogatory.

## DEFINITIONS

A.  "Candidate" refers to an applicant for the position of New York City firefighter who has taken Written Examination No. 7029, 2043 or 6019.

B.  "Document" is used in the broadest sense and is equal in scope to the meaning and usage of that term within Rule 34(a) of the Federal Rules of Civil Procedure.  It includes, but is not limited to, any and all originals, copies (if the originals are not available), non-identical copies (whether different from the original because of underlining, editing marks, notes made on or attached to such copy, or otherwise) and drafts of the following items, correspondence, memoranda, records, summaries of personal conversations or interviews, minutes or records or notes of meetings or conferences, job applications, notes, e-mails and any other writings, papers and tangible things within the possession, custody or control of the City.

C.   "Identify," as used herein with reference to a natural person means the name, job title, race or ethnicity, age, education level, last known address, and last known telephone number.

D.   "Identify," when used in connection with any document, including documents which reflect or refer to any oral communications, includes the following:

1.  the date of the document;
2.  the general content of the document;
3.  the author of the document;
4.  the addressee of the document;
5.  the method in which the document was sent to recipient or otherwise filed or maintained;
6.  the address to which it was sent or the fax number to which it was sent;
7.  the present location of the document and its custodian.

E.   "Person" shall mean a natural person, proprietorship, corporation, public organization, governmental body, or agency, partnership, group, association, or organization.

## REQUESTS FOR ADMISSION

1.   From 1999 to the present, every candidate who has been assigned the disposition code Considered Not Selected ("CNS") was considered and rejected for appointment by the FDNY's Personnel Review Board ("PRB").

2.   From 1999 to the present, no candidate who was considered and rejected by the PRB was assigned any disposition code other than CNS.

## REQUESTS FOR THE PRODUCTION OF DOCUMENTS

1.   Produce all data concerning the dispositions of entry-level firefighter candidates from Exams 7029, 2043, and 6019 (which we understand from the deposition of Dean Tow is

contained in the FDNY's Human Resource Information System (HRIS) database), along with the race and/or ethnicity of each candidate.

2. Please supplement the City's response to Plaintiffs-Intervenors' February 19, 2010 Request for Production of Documents No. 16, which seeks documents showing the racial breakdown of those candidates from Exam 7029, Exam 2043 and Exam 6019 who were "Considered But Not Selected" for the firefighter position. [In its March 23, 2010 response to Plaintiffs-Intervenors' Request No. 16, the City referred to documents bates stamped FDNY-019534 to FDNY-019535 and FDNY-021769, which do not appear to be complete lists of candidates who were "Considered Not Selected" from Exam 7029, Exam 2043 and Exam 6019. The City indicated that it would produce additional, non-privileged material as it became available.]

3. Please supplement the City's response to the United States' August 9, 2007 Request for Production of Documents No. 85, which seeks documents identifying persons who entered basic academy training, and did not successfully complete the required training to become entry-level FDNY firefighters, including, but not limited to, documents indicating the reason(s) each person did not successfully complete the required training and documents relating to any scores, grades, ranks or evaluations received by each such person during basic academy training. Please refer to the definition of "identify" with respect to persons, which is set out above.

4. Please supplement the City's response to the United States' August 9, 2007 Request for Production of Documents No. 87, which seeks documents relating to all formal or informal complaints or allegations of discrimination on the basis of race or national origin in any aspect of the recruitment, selection or appointment of entry-level firefighters in the FDNY or in basic academy training for entry-level firefighters. Such documents include, but are not limited to,

documents relating to the investigation of such complaints or allegations, any conclusions reached regarding the merits of such complaints or allegations and any actions taken as a result of such complaints or allegations.

5. Produce documents relating to all formal or informal complaints or allegations of discrimination on the basis of race or national origin in any aspect of the post-appointment employment, discipline or separation from employment of entry-level firefighters in the FDNY or in basic academy training for entry-level firefighters. Such documents include, but are not limited to, documents relating to the investigation of such complaints or allegations, any conclusions reached regarding the merits of such complaints or allegations and any actions taken as a result of such complaints or allegations.

6. Produce copies of any and all tests, quizzes or scored homework used to evaluate any member of an FDNY academy class from 2001 to the present.

7. Produce all documents, including but not limited to summaries, reports, memos, analysis or data, concerning the scores of individual firefighters or groups of firefighters on tests, quizzes or scored homework used in the FDNY academy from 2001 to the present.

8. Produce any documents concerning the design, development, scoring or use of tests, quizzes or scored homework in the FDNY academy from 2001 to the present.

9. Produce any analysis, review, summary or report concerning outcomes at the Academy by race or ethnicity, which includes both outcomes on tests, quizzes, scored homework or other evaluation measures as well as outcomes in terms of final completion of the Academy.

10. Produce documents concerning the reading level or difficultly level of teaching materials, training materials or other information read during the Academy.

11. Produce any documents within the possession, custody or control of the City that concern firefighter recruitment activities or recruitment expenditures of other municipal or private employers.

12. Produce any documents, including requests for proposals, proposals, reports, memoranda or electronic communications concerning the design, development or evaluation of firefighter recruitment work since the publication of Columbia University's 2004 report "Improving Workforce Diversity in the FDNY" (Pl.-Int. Dep. Ex. 21).

### INTERROGATORIES

1. Identify the current members of the PRB. Please refer to the definition of "identify" with respect to persons, which is set out above.

2. If, from 1999 to the present, any candidate was not considered and rejected for appointment by the PRB but was assigned the disposition code CNS, identify that candidate and state why the candidate was assigned the disposition code CNS.

3. If, from 1999 to the present, any candidate was considered and rejected for appointment by the PRB but was not assigned the disposition code, CNS, identify that candidate, identify the disposition code assigned to that candidate, and state why the candidate was assigned that disposition code.

4. With respect to the document bates stamped FDNY-019534 to FDNY-019535,:

   (a) State the name of the database in which this information is contained.

   (b) Identify the person(s) who maintain the information in that database.

   (c) Identify the person(s) who created the document.

   (d) State when the document was created or last modified.

    (e)    State whether this document contains a complete list of all candidates for Exam 7029 who received a disposition code of CNS.

5.    With respect to the documents bates stamped FDNY-02176:

    (a)    State the name of the database in which this information is contained.

    (b)    Identify the person(s) who maintain the information in that database.

    (c)    Identify the person(s) who created the document.

    (d)    State when the document was created or last modified.

    (e)    State whether this document contains a complete list of all candidates for Exam 2043 who received a disposition code of CNS.

6.    With respect to the document entitled "Defendants' Proposed Standards to Determine Whether a Claimant Has 'Good Character and a Satisfactory Background,'" produced on or about June 14, 2010, please:

    (a)    Identify the person(s) who created, reviewed or approved the document.

    (b)    Identify the person(s) who have the authority to modify, interpret or enforce the proposed standards contained in the document.

    (c)    State whether these proposed standards are the same as the standards used by the FDNY to evaluate the character and background of candidates on the Exam 7029 and Exam 2043 eligibility lists.

    (d)    To the extent the proposed standards are different from the standards used by the FDNY to evaluate the character and background of candidates on the Exam 7029 and Exam 2043 eligibility lists, state how they are different.

7.    For each test, quiz or scored homework item produced in response to Request for Production of Documents No. 15 above:

  (a) Identify the person(s) who created the test, quiz or homework.

  (b) Identify the person(s) who decided how to score and/or use the test, quiz or homework.

  (c) State the dates on which the test, quiz or homework item were used.

8. State the actual dollar amount spent by the FDNY on recruitment for the position of firefighter for each fiscal year from 1999 to the present.

9. For each yearly amount provided in response to Interrogatory No. 8 above, state the dollar amount spent in the following categories: (a) regular staffing, (b) overtime staffing, (c) other than personnel services ("OTPS").

10. For each yearly amount provided in response to Interrogatory No. 8 above, state whether the expenditures were related to recruitment for a particular firefighter examination and, if so, identify the examination.

11. State the total FDNY budget for each fiscal year from 1999 to the present.

Dated: July 28, 2010
   New York, New York

              LEVY RATNER, P.C.

              /s/ Richard A. Levy
              _____
         By: Richard A. Levy
            Attorneys for Plaintiffs-Intervenors
            80 Eighth Avenue
            New York, New York 10011
            (212) 627-8100
            (212) 627-8182 (fax)
            rlevy@levyratner.com