```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
                                                                        :
UNITED STATES OF AMERICA,
                                                                        :
                Plaintiff,
                                                                        :      SPECIAL MASTER'S
        -and-                                                                  ORDER NO. 9
                                                                        :
THE VULCAN SOCIETY, INC., for itself and on behalf of                          07-cv-2067 (NGG)(RLM)
its members, and MARCUS HAYWOOD, CANDIDO                                :
NUÑEZ and ROGER GREGG, individually and on behalf
of a class of all others similarly situated,                            :

                Plaintiffs-Intervenors,                                 :

        -against-                                                       :

THE CITY OF NEW YORK,                                                   :

                Defendant.                                              :

------------------------------------------------------------------------x
```

MARY JO WHITE, Special Master.

This ruling addresses the City's request that the Special Master permit a representative of the New York City Department of Citywide Administrative Services ("DCAS") to participate in the weekly conferences held among the parties' and Special Master's experts as they develop the new firefighter entrance examination (the "New Test"). The City maintains that DCAS is "in a unique position to assist the experts in providing information about the issues and problems that have been experienced in creating and administrating such exams as well as the logistical issues that need to be addressed and the resources the City has available." The City also contends that DCAS'

participation in the weekly experts' meetings will help avoid unnecessary delays and that DCAS can alert the experts if any proposals would require notice to the Unions.

Plaintiff and Plaintiffs-Intervenors oppose the participation of DCAS in the experts' weekly conferences. They argue that DCAS should not be permitted to participate in experts-only meetings because the weekly conferences with the Special Master already provide a forum for all parties to raise any concerns they (including the City and DCAS) may have with the New Test development; the Special Master already determined (with the City agreeing) that limiting participation to experts would allow the process to move more smoothly; and any legal constraints on the New Test development process should have already been identified in prior communications by the City to all the experts on this subject. Finally, Plaintiff and Plaintiffs-Intervenors argue that if the Special Master does decide to allow DCAS to participate, then representatives of Plaintiff and Plaintiffs-Intervenors should also be permitted to do so. They reason that just as the City claims DCAS should participate because it is ultimately responsible for administering the New Test, so too do the other parties, because they will have to represent to the Court that the New Test is lawful.

The weekly experts' telephone conferences – held at the direction of the Special Master – are designed to facilitate frequent and open communications among the parties' experts so that their development of the New Test will be completed as expeditiously and collaboratively as possible. At the outset of the New Test development process, the Special Master decided, after hearing the parties' positions, that these weekly conference calls and other working meetings among the experts would not be attended by counsel or

other representatives of the parties. The experts have worked efficiently and productively together since that time.

Having reviewed the parties' submissions on the City's request to have another representative, other than its expert, at the weekly expert conferences, the Special Master is not inclined to modify the current process at this time and therefore denies the request.

The Special Master acknowledges the City's interest in having DCAS provide timely input to the experts. Participation in the weekly experts' conferences, however, is not the only way for DCAS to provide input into the New Test development. The City, presumably with DCAS' input, has already provided the parties and their experts with a report of the legal constraints of which the experts need to be aware as they develop the New Test. DCAS representatives also participated in the New Test development kickoff meeting and are invited to join an upcoming meeting of the experts and counsel at which the experts will report to the parties' counsel on the progress on the New Test development to date, as well as upcoming steps in the process. In addition, DCAS is presumably free to speak to the City's expert, who is coordinating the New Test development in conjunction with Plaintiff and Plaintiffs-Intervenors' experts, with some frequency. DCAS also has access to the project timeline and so is fully aware of the proposed plan and schedule for the New Test development. Further, the Special Master and the experts themselves have kept the Unions informed of the New Test development process, both through in-person meetings and telephone conferences, something that will continue until the New Test is finalized. Finally, the Special Master agrees with Plaintiff and Plaintiffs-Intervenors that it would be unfair to permit the City to have a

representative at the experts' meetings, yet not to also permit the other parties to do so as well.  If all the parties have representatives at these weekly meetings, the experts' weekly calls would be transformed from a small working group to an all-hands meeting, something the Special Master thinks is likely to lead to a less efficient and less productive development process.

Accordingly, the City's request that DCAS participate in the experts' weekly conferences is DENIED.

/s/  Mary Jo White____

Mary Jo White

Dated:  November 8, 2010