U.S. Department of Justice

Civil Rights Division

LK:MLB:EKB:JMS:AKT:BS
DJ 170-51-358   ,

*Employment Litigation Section - PHB*
*950 Pennsylvania Ave, NW*
*Washington DC 20530*
*www.usdoj.gov/crt/emp*

June 17, 2011

Honorable Nicholas G. Garaufis
United States District Court
  for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

Re:    **United States v. City of New York, et al.**, 07-CV-2067 (NGG)(RLM)

Dear Judge Garaufis:

In accordance with the Court's June 6, 2011 Order (Dkt. 640), Plaintiff United States of America ("United States") respectfully submits this letter to outline the proposed plan for distribution of notice as well as a proposed framework for the claims process for individual relief.  A detailed explanation of the proposed claims process will be set forth in the briefing on organization and management of the claims process, which will be filed on July 1.  The purpose of this letter is to summarize the broad contours of the proposed claims process in order to provide context for, and explanatory comments about, the attached proposed notice (including an opt-out form for class members), claim form (with instructions), and notice for newspaper and radio publication, attached as Exhibits 1, 2, and 3, respectively, as well as to identify issues that may merit discussion during the June 21, 2011 litigation management conference.

On Monday, June 13, the City and the Plaintiffs-Intervenors were provided with drafts of this letter and the attached exhibits.  Both the City and Plaintiffs-Intervenors provided a series of edits and comments to the attached proposed notice, claim form, notice for newspaper and radio publication, and opt-out form and only one objection has been raised to such documents (the City's objection described in footnote 1 to the proposed notice (Exhibit 1)).  However, the City has advised the United States that it may have substantive disagreements with the proposals outlined in this cover letter regarding the claims process and the process for obtaining mitigation information.  The City stated that it will submit its initial memorandum on the claims process on July 1, 2011.  The City's objection to footnote 3 of this cover letter has also been noted.  The Plaintiffs-Intervenors have no objection to the general proposals in this cover letter but may wish to address them further in the briefing due on July 1, 2011.

The United States suggests that the general structure of the individual relief claims process set forth below may be appropriate:

(1)     The City will mail a notice and claim form to the approximately 7,100[1] black and Hispanic applicants who took Written Exam 7029 and/or Written Exam 2043.

(2)     The United States will then evaluate the potential eligibility of the applicants who return claim forms based on the City's applicant data and the information provided in the completed claim form.

    (a)     If it appears an applicant meets the eligibility criteria that will be established by the Court, information related to the applicant's backpay mitigation will be obtained.

    (b)     If it appears an applicant may be ineligible for relief, the applicant will be notified of this initial evaluation, be provided an opportunity to conduct discovery to demonstrate that he or she should be eligible for relief, and be informed of his or her right to have a hearing pursuant to a process to be established by the Court.

(3)     After the limited discovery outlined in Steps 2(a-b) has been completed, the United States will make its eligibility recommendations for each applicant who returned a claim form. The United States' eligibility recommendations will include the type and amount of relief it recommends be granted to each eligible applicant.

(4)     After notice of these recommendations is provided to the applicants, the process for individual relief hearings that will be established by the Court following further briefing by the parties will move forward, and a fairness hearing will be held thereafter.

As to the first step, the parties' proposed plan for distribution of the notice is for the City to send the notice and claim forms by U.S. first class mail to the approximately 7,100 black and Hispanic applicants who took Written Exam 7029 and/or Written Exam 2043. The parties respectfully submit that the Court should first determine the appropriate eligibility criteria before the notice and claim form are mailed because these criteria will determine what information will be requested in the claim form. In addition, the parties are continuing to obtain and review updated contact information for the approximately 7,100 applicants and will continue to do so until the mailing deadline. Thus, the parties propose that the City shall mail the notice and claim forms within 21 days after the last of the following three events occurs: (1) the Court approves the eligibility criteria and the notice-related documents; (2) the City receives a spreadsheet from the United States containing updated mailing addresses for the individuals who will receive the notice; and (3) the City receives the final notice and claim form documents, as approved by the Court, in an electronic format. Applicants will then have 45 days in which to return their claim forms to the United States. Finally, the parties propose that notice regarding the claims process should also be provided to the public through newspaper and radio advertisements given that the

---

[1]     Reference in this letter to the 7,100 black and Hispanic applicants refers to unique applicants. Applicants who sat for both Written Exams 7029 and 2043 are counted only once.

contact information for many of the 7,100 applicants was provided up to twelve years ago.[2]  The
parties also agree that these newspaper and radio notices should be published in both English and
Spanish.

As to the second and third steps, the United States proposes to evaluate each applicant's
eligibility for relief based on (1) whether the applicant meets the proposed definitions of Non-
hire Claimant or Delay Claimant in the briefing to be filed on June 24, 2011;[3] and (2) whether, at
the time the applicant applied, he or she met the "other lawful qualifications" that served as
objective, minimum qualifications for the entry-level firefighter position.[4]  Precise definitions of
these terms, and the justification for using them as eligibility criteria, will be provided in the
briefing on claimant eligibility determinations, which is due on June 24, 2011.  However, they
are raised generally in this submission because these eligibility criteria provide the basis of the
attached claim form, which does not propose to seek mitigation information from all individuals
who took Written Exam 7029 and/or 2043 for the reasons described below.

The United States estimates, based on a review of the City's applicant data, that
approximately 2,200 of the approximately 7,100 black or Hispanic individuals who took Written
Exams 7029 and/or 2043 will meet the first set of eligibility criteria (the proposed definition of
Non-hire Claimant or Delay Claimant).  Some of these approximately 2,200 individuals may be
determined to be ineligible for relief based on the second set of eligibility criteria ("other lawful
qualifications").  The United States will be able to perform an initial evaluation of both sets of
eligibility criteria once the attached claim form is returned.  The United States proposes that
individuals who, upon initial evaluation, appear to be ineligible for relief should not be required
to provide mitigation-related information.  Requiring thousands of potentially ineligible
individuals (or the parties) to obtain and evaluate such evidence would likely cause significant
delay and would be unduly burdensome given that, based on the available evidence, they appear
to be ineligible.  If after receiving notice and the opportunity to produce additional evidence, an

---

[2]  If the Court desires, the parties will provide a proposed order that sets forth the Court's
determinations regarding the plan for distribution of notice.  In addition, the parties will provide
more detailed information about the deadlines and proceedings for the administration of the
claims process in their briefing on organization and management of the claims process, which is
due on July 1, 2011.

[3]  The proposed definitions of Delay Claimant and Non-hire Claimant will be designed to
identify the test-takers who were actual victims of the practices found to be discriminatory by the
Court:  the City's use of Written Exams 7029 and 2043 as pass/fail screening devices, as well as
the City's rank-order processing and selection of applicants from firefighter eligibility lists based
on a combination of applicants' scores on the written examinations and a physical ability test.
The City has stated that it objects to this footnote as being inaccurate.

[4]  The "other lawful qualifications" are intended to ensure that individuals who were victims of
the City's discrimination also met the objective qualifications to be hired by the Fire Department
of New York ("FDNY") at the time they applied to be entry-level firefighters.  Any applicant
whose claim form indicates that he or she did not meet these other lawful qualifications would
have been denied employment with the FDNY for a lawful, nondiscriminatory reason and, thus,
should not be eligible for relief.

applicant initially deemed ineligible is determined to be eligible for relief, then mitigation information may be obtained in the same manner it is obtained for other applicants. Further, using the claim form to obtain the necessary mitigation information from applicants appears to be impracticable given the volume of potentially relevant information, which will span a number of years , at issue.

The parties are continuing to explore the most efficient manner for collection of mitigation information, and may wish to address the Court's ruling on this question during the June 21 litigation management conference. A formal proposal on this subject will be provided in the parties' July 1, 2011 briefing.


Sincerely,

Loretta King
Acting Chief
Employment Litigation Section

By:
/s/ Eric K. Bachman
Senior Trial Attorney
(202) 305-7883
Civil Rights Division
United States Department of Justice

Loretta E. Lynch
United States Attorney

By:
/s/ Elliot Schachner
Assistant U.S. Attorney
(718) 254-6053