U.S. Department of Justice

Civil Rights Division

LK:MLB:EKB:JMS:AKT:BS
DJ 170-51-358

*Employment Litigation Section - PHB*
*950 Pennsylvania Ave, NW*
*Washington DC 20530*
*www.usdoj.gov/crt/emp*

June 21, 2011

Honorable Nicholas G. Garaufis
United States District Court
  for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re: <u>United States v. City of New York, et al.</u>, 07-CV-2067 (NGG)(RLM)

Dear Judge Garaufis:

In accordance with the Court's June 20, 2011 Order, Plaintiff United States of America ("United States") respectfully submits this letter to address the effect of the Supreme Court's decision in *Wal-Mart Stores, Inc. v. Dukes*, No. 10-277, 564 U.S. ___ (June 20, 2011), on the Plaintiffs-Intervenors' pending motion for subclass certification filed on June 13, 2011. In their motion, the Plaintiffs-Intervenors seek class certification under Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3).

In *Wal-Mart*, the plaintiff class included approximately 1.5 million current and former female employees throughout all of Wal-Mart's retail locations nationwide who alleged that Wal-Mart discriminated against them on the basis of their sex by denying them equal pay or promotions, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-1, *et seq. Wal-Mart*, No. 10-277 at 2-3. The Supreme Court held that the class should not have been certified because it failed to meet the commonality requirements of Rule 23(a). *Id.* at 19 ("[W]e have concluded that they have not established the existence of any common question."). Further, the Supreme Court held that the class certification under Rule 23(b)(2) was improper because Rule 23(b)(2) "does not authorize class certification when each class member would be entitled to an individualized award of monetary damages." *Id.* at 22-23.

These holdings should not affect the Court's analysis of the Plaintiffs-Intervenors' pending motion for subclass certification for two reasons. First, as to the Rule 23(a) commonality requirement, the Supreme Court's holding on this issue was based on the specific evidence presented in support of class certification on the question of liability under Title VII for employment decisions involving subjective decision-making at thousands of different retail locations. These employment decisions were made by thousands of individual managers who, based on Wal-Mart's policy, had independent discretion to make pay and promotion decisions about employees working in their locations. The Supreme Court found that the plaintiffs had not come forward with evidence demonstrating that legal or factual questions common to the class existed in these circumstances. Further, the Supreme Court specifically noted that where

an employer "used a biased testing procedure to evaluate both applicants for employment and incumbent employees, a class action on behalf of every applicant or employee who might have been prejudiced by the test clearly would satisfy the commonality and typicality requirements of Rule 23(a)." *Wal-Mart*, 10-277 at 12 (quoting *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 159 n. 15 (1982)). Thus, because the Supreme Court's decision was based on a lack of evidence that would support certification of a class for consideration of Title VII liability under a specific set of factual circumstances that are inapplicable here, *Wal-Mart* did not establish new standards regarding commonality that would alter the Court's analysis of the Plaintiffs-Intervenors' motion for subclass certification in the remedial phase.

Second, as to certification under Rule 23(b)(2), the Plaintiffs-Intervenors have represented to the United States in a telephone call on June 20, 2011, that they will seek class certification for the Non-Hire and Delayed-Hire subclasses, which involve claims for monetary and hiring-related relief, solely under Rule 23(b)(3).[1] The Supreme Court held that "we think it clear that individualized monetary claims belong in Rule 23(b)(3)" and made clear that "the applicability of [Rule 23(b)(3)] to the plaintiff class is not before us." *Wal-Mart*, No. 10-277 at 5 n. 2, 22. *Wal-Mart* does not alter the standards under which the Plaintiffs-Intervenors' request for class certification under Rule 23(b)(3) should be analyzed, which are the same standards set forth by the Court in its June 6 Order regarding certification under Rule 23(b)(3) of the non-economic loss subclass. *See* Dkt. 640 at 30. Therefore, because the Plaintiffs-Intervenors no longer seek to certify a class for monetary relief under Rule 23(b)(2), *Wal-Mart* should not impact their motion for subclass certification.

Sincerely,

Loretta King
Acting Chief
Employment Litigation Section

By:

*Eric Bachman /AT*

Eric K. Bachman
Senior Trial Attorney
(202) 305-7883
Civil Rights Division
United States Department of Justice

---

[1] In an order dated June 6, 2011, the Court held that the Injunctive Relief Subclass should be certified under Rule 23(b)(2). Dkt. 640 at 29. This subclass focuses exclusively on declaratory and injunctive relief, including the implementation of a new entry-level firefighter selection procedure. This subclass was not certified for any issue related to monetary damages or hiring relief regarding retroactive seniority and/or priority hires.

Loretta E. Lynch
United States Attorney

By:

*Elliot Schachner/ET*
Elliot Schachner
Assistant U.S. Attorney
(718) 254-6053