U.S. Department of Justice

Civil Rights Division

LK:MLB:EKB:JMS:AKT:BS
DJ 170-51-358

*Employment Litigation Section - PHB*
*950 Pennsylvania Ave, NW*
*Washington DC 20530*
*www.usdoj.gov/crt/emp*

June 24, 2011

Honorable Nicholas G. Garaufis
United States District Court
  for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:   <u>United States v. City of New York, et al.</u>, 07-CV-2067 (NGG)(RLM)

Dear Judge Garaufis:

      In accordance with the Court's June 6, 2011 Order (Dkt. 640), Plaintiff United States of America ("United States") respectfully submits this letter on behalf of the Plaintiffs-Intervenors and the City of New York (the "City") to brief the Court on the proposed criteria for making individual eligibility determinations. The City and the Plaintiffs-Intervenors have reviewed this letter and provided edits and comments. The Plaintiffs-Intervenors agree with the contents of the letter. The City stated that it agrees with the proposed definitions of Non-hire and Delay Claimants as well as the proposed "other lawful qualifications." However, the City stated that it believes additional "other lawful qualifications" should be added (*e.g.*, medical and psychological conditions, educational requirements) to determine claimant eligibility and also believes that no retroactive seniority should be awarded as relief. On June 24, the City submitted a separate letter addressing these areas of disagreement (Dkt. 649).

      As directed by the Court, Section I of this letter sets forth the proposed eligibility criteria that the parties agree can be used to determine whether a particular applicant would have been eligible to be hired at the time he or she took Written Exam 7029 or 2043, the bases for applying these criteria, and an explanation of how the criteria will be applied to particular applicants. Dkt. 640 at 45. The City's areas of disagreement on these issues are noted in this letter. Section II of this letter describes the evidence the parties intend to rely on to evaluate these criteria. *Id.* Section III of this letter explains how the application of these criteria will likely affect the overall number of black and Hispanic applicants who will be eligible for individual relief.

I.    The Proposed Eligibility Criteria and Their Applicability to Particular Applicants

      The parties propose that an applicant be deemed eligible for relief if: (1) he or she meets the definition of Delay Claimant or Non-hire Claimant set forth in Sections I.A and I.B below; and (2) he or she satisfied certain "other lawful qualifications" that were required for an applicant to be hired as an entry-level firefighter by the Fire Department of New York ("FDNY") at the time he or she applied, as set forth below. The City's disagreement regarding the scope of

the other lawful qualifications is noted in Section I.C. and the City's letter filed on June 24 (Dkt. 649). These criteria, except for the Delay Claimant definition, are substantially similar to those set forth in Paragraphs 5, 8 and 35 of the United States' Revised Proposed Relief Order ("Revised PRO") (Dkt. 619-4).

The definitions of Delay Claimant and Non-hire Claimant are intended to identify applicants who were actual victims of the practices found to be discriminatory by the Court: the City's use of Written Exams 7029 and 2043 as pass/fail screening devices, as well as the City's rank-order processing and selection of applicants who passed these exams to proceed in the firefighter selection process. The "other lawful qualifications" are intended to ensure that applicants who satisfy the definition of Delay Claimant or Non-hire Claimant also met certain objective minimum qualifications the FDNY required of all applicants at the time they applied. Because applicants who did not meet these other lawful qualifications would not have been eligible to be hired by the FDNY, they cannot be said to have been harmed by one of the employment practices found to be discriminatory and therefore should not be eligible for relief.

The parties agree that simply because an applicant is a member of one of the subclasses that have or may be certified does not mean the applicant will be eligible for individual relief. Likewise, an applicant who is deemed ineligible for individual relief may still be a member of the Non-hire Subclass or the Delayed Hire subclass, as well as the Injunctive Relief Subclass.

A. Non-hire Claimants

The parties' proposed Non-hire Claimant definition includes two types of applicants who took one or both of the challenged exams and were not appointed as entry-level firefighters: (1) black or Hispanic applicants who took and failed Written Exam 7029 or 2043 (with a score of 25 or higher) and were not subsequently appointed as entry-level firefighters, and (2) black or Hispanic applicants who took and passed Written Exam 2043, but were not appointed because they ranked lower on the eligibility list than the lowest-ranked applicant hired off the Exam 2043 eligibility list before it expired, and were not disqualified for hire for a reason unrelated to rank.

The parties propose to use the following precise terms, based on the information provided in the City's applicant data files, to define a Non-hire Claimant:

[A]ny black or Hispanic person who:

(a) failed Written Exam 7029 with a score of 25 or higher and was not later appointed as an entry-level firefighter;

(b) failed Written Exam 2043 with a score of 25 or higher and was not later appointed as an entry-level firefighter; or

(c) passed Written Exam 2043, had a list number higher than 5646 on the Exam 2043 eligible list, was not appointed as an entry-level firefighter, and was not given by the City's Department of Citywide Administration Services ("DCAS") (as indicated in the data produced by the City to the

2

other parties in November 2007 on a disk labeled "2043 Corrected" if the applicant was last certified prior to November 1, 2007) a disposition code of CNS (considered not selected), DEA (declined), DCE (deceased), FRA (failed to report after accepting appointment), FRI (failed to report for interview), NQA (not qualified for appointment), UNA (underage at time of appointment), or UNF (underage at time of filing) the last time the person was certified from the Exam 2043 eligible list.

Revised PRO, Dkt. 619-4, ¶ 8.

The following examples taken directly from the City's data files (without personally identifying information) illustrate how the Non-hire Claimant definition may be applied to particular applicants:

- Applicant A is a Hispanic man who took Written Exam 7029 and received a raw score of 81.176%, which was below the cut-off score of 84.705% required to pass Written Exam 7029. The City's appointee data files indicate that Applicant A was not later appointed. Thus, Applicant A was harmed by the City's pass/fail use of Written Exam 7029 and qualifies as a Non-Hire Claimant under part (a) of the definition of Non-hire Claimant.

- Applicant B is a black woman who passed Written Exam 2043 with a raw score of 82.352% (the cut-off score for passing was 70.588%). Applicant B took and passed the physical exam with a score of 87.5%, and she was given a list number higher than 5646 on the Exam 2043 eligible list. According to the Written Exam 2043 applicant data, Applicant B does not have a disqualifying disposition code, and according to the Exam 2043 appointee data files, Applicant B was not appointed off the Exam 2043 eligible list before it expired. As such, Applicant B was harmed by the City's rank-order use of Written Exam 2043 and qualifies as a Non-hire Claimant under part (c) of the definition of Non-hire Claimant.

- Applicant C is a Hispanic man who took Written Exam 2043 and passed with a raw score of 83.529. However, the applicant data indicate that Applicant C never took the physical exam: there is no date listed under "Date of Physical Test," and Applicant C has a "0" under "PPT Score: Raw." Because Applicant C did not take the physical exam, he was never ranked on the Exam 2043 eligible list and, thus, he was not harmed by the rank-order use of the Exam 2043 eligible list. Therefore, Applicant C does not meet the definition of either type of Non-hire Claimant, and Applicant C would not be eligible for relief.

B. Delay Claimants

The United States and Plaintiffs-Intervenors have previously proposed that black and Hispanic applicants who were hired after the median hire date of their relevant eligibility list (*i.e.*, the date by which half of the applicants appointed from that list were hired) should be eligible for relief as Delay Claimants. *See* Dkt. 400-1 at 35-39. The Court's June 6 Order states

3

that potential Delay Claimants may establish a *prima facie* case that they were harmed by the City's discriminatory practices if they took either Written Exam 7029 or 2043 and were "not among the first academy class of firefighters hired from the cohort of applicants who sat for the same exam." Dkt. 640 at 34 n. 17. The parties have interpreted the Court's June 6 Order as a ruling on their previous arguments and have amended the eligibility criteria accordingly.

The parties' proposed Delay Claimant definition encompasses two types of applicants whose hiring was delayed due to the City's discriminatory practices: (1) black or Hispanic applicants who were hired off the Exam 7029 or 2043 eligibility list but were not appointed into the first academy class from the relevant Exam 7029 or 2043 eligibility list, and (2) black or Hispanic applicants who took and failed Written Exam 7029 or 2043 but were then appointed as entry-level firefighters from a subsequent eligibility list.

The parties propose to use the following precise terms to define a Delay Claimant:

[A]ny black or Hispanic person who:

(a) passed Written Exam 7029, was given a list number on the Exam 7029 eligible list and was appointed as an entry-level firefighter after February 4, 2001 (date of first Exam 7029 academy class), and was not given by DCAS (as indicated in the data produced by the City to the other parties in November 2007 on a disk labeled "Exam 7029 Corrected Applicant Data") a disposition code of CNS (considered not selected), DEA (declined), DCE (deceased), FRA (failed to report after accepting appointment), FRI (failed to report for interview), NQA (not qualified for appointment), OVA (overage), UNA (underage at time of appointment), or UNF (underage at time of filing) the last time the person was certified from the Exam 7029 eligible list;

(b) passed Written Exam 2043, was given a list number on the Exam 2043 eligible list and was appointed as an entry-level firefighter after May 25, 2004 (date of first Exam 2043 academy class), and was not given by DCAS (as indicated in the data produced by the City to the other parties in November 2007 on a disk labeled "2043 Corrected" if the applicant was last certified prior to November 1, 2007) a disposition code of CNS (considered not selected), DEA (declined), DCE (deceased), FRA (failed to report after accepting appointment), FRI (failed to report for interview), NQA (not qualified for appointment), OVA (overage), UNA (underage at time of appointment), or UNF (underage at time of filing) the last time the person was certified from the Exam 2043 eligible list;

(c) failed Written Exam 7029 and was appointed as an entry-level firefighter after February 4, 2001 from an eligible list other than the Exam 7029 eligible list; or

    (d)    failed Written Exam 2043 and was appointed as an entry-level firefighter after May 25, 2004 from an eligible list other than the Exam 2043 eligible list.

For purposes of determining the amount of individual back pay relief for Delay Claimants, the parties agree that each Delay Claimant would be eligible for a *pro rata* share of back pay, subject to mitigation, based on the academy class into which they were appointed.[1] The United States and Plaintiffs-Intervenors further propose that Delay Claimants may be awarded retroactive seniority up to the median hire date for the relevant exam: Written Exam (February 2, 2003) and Written Exam 2043 (June 11, 2006). The City has stated that it does not believe any retroactive seniority should be awarded.

The following examples taken directly from the City's data files (without personally identifying information) illustrate how the Delay Claimant definition may be applied:

- Applicant D appears on the Written Exam 2043 applicant data as a Hispanic man who passed Written Exam 2043 with a score of 85.882%. Applicant D took and passed the physical exam with a score of 100%. Because Applicant D was appointed off the Exam 2043 eligible list after May 25, 2004, the date of the first academy class for Exam 2043, Applicant D was harmed by the City's rank-order use of Written Exam 2043. Applicant D qualifies as a Delay Claimant for Written Exam 2043 under part (b) of the definition.

- According to the Written Exam 7029 applicant data, Applicant E is a black man who failed Written Exam 7029 with a score of 74.117%. Applicant E was appointed as an entry-level firefighter on January 20, 2008 off the Exam 2043 eligible list. Because Applicant E failed Written Exam 7029 and was subsequently appointed after February 4, 2001, the date of the first academy class for the Exam 7029 eligible list, he was harmed by the City's pass/fail use of Written Exam 7029 and qualifies as a Delay Claimant for Written Exam 7029 under part (c) of the definition of Delay Claimant. According to the Written Exam 2043 applicant data, Applicant E passed Written Exam 2043 with a score of 83.529%; he took and passed the physical exam with a score of 100%. Because Applicant E was appointed off the Exam 2043 eligible list after May 25, 2004, the date of the first academy class for Exam 2043, Applicant E was also harmed by the City's rank-order use of Written Exam 2043 and also qualifies as a Delay Claimant for Written Exam 2043 under part (b) of the definition of Delay Claimant.

C. <u>Other Lawful Qualifications</u>

The parties propose that an applicant who meets the definition of Delay Claimant or Non-hire Claimant be deemed eligible for relief if he or she satisfied certain "other lawful

---

[1] It is possible that the change to the definition of Delay Claimant may affect the overall amount of backpay due to Delay Claimants. The United States will address this question with the Court if it believes an adjustment will be necessary.

5

qualifications" that were required for an applicant to be hired by the FDNY at the time he or she applied. As set forth in Section II below, these other lawful qualifications will be applied to particular applicants based on the information individual applicants provide on their claim form.

The United States and Plaintiffs-Intervenors agree that these "other lawful qualifications" should be limited to the objective hiring qualifications in place at the time of Written Exams 7029 and 2043: (1) the minimum age requirement; (2) the maximum age requirement; (3) the ability to communicate in English; (4) United States citizenship; (5) no felony convictions; and (6) no dishonorable discharges from the military. The United States and Plaintiffs-Intervenors propose to temporally limit to within four years after the date of establishment of the relevant eligibility list the requirements that applicants be United States citizens, have no felony convictions, and have not received a dishonorable discharge from the military. This limitation accurately captures whether applicants would have been eligible for hire at the time they would have been considered because the 7029 and 2043 eligible lists expired after four years. The City agrees that these six criteria should apply but believes that additional criteria set forth in the City's June 24 letter should also apply.

The parties propose to use the following precise terms to define the "other lawful qualifications":

[An applicant must meet] the following minimum qualifications required at the time the [applicant] applied to be an entry-level firefighter as stated in the relevant Notices of Examination:

(a) Was not younger than 17 ½ years of age by the end of the application period for the relevant examination, which was October 16, 1998 for Exam 7029 and October 31, 2002 for Exam 2043;

(b) Was not older than 29 by the beginning of the application period for the relevant examination, which was September 2, 1998 for Exam 7029 and June 28, 2002 for Exam 2043 (after a deduction of time, not to exceed six years, spent in military duty as defined in Section 243 of the New York State Military Law);

(c) Can presently understand and be understood in English;

(d) Had obtained citizenship by four years after the date of the establishment of the relevant eligible list: the relevant eligible list for Exam 7029 was established on November 15, 2000; and the relevant eligible list for Exam 2043 was established on May 5, 2004;

(e) Had not been convicted of a felony as of four years after the date of the establishment of the relevant eligible list: the relevant eligible list for Exam 7029 was established on November 15, 2000; and the relevant eligible list for Exam 2043 was established on May 5, 2004; and

  (f) Had not received a dishonorable discharge from the Armed Forces as of four years after the date of the establishment of the relevant eligible list: the relevant eligible list for Exam 7029 was established on November 15, 2000; and the relevant eligible list for Exam 2043 was established on May 5, 2004.

Dkt. 619-4, ¶ 35.

## II. Evidence Used to Determine an Applicant's Eligibility for Relief

  The parties anticipate using two primary sources of evidence to initially evaluate whether an individual applicant is eligible for relief. As detailed in the United States' cover letter submitted with the proposed notice and claim form (Dkt. 644), the parties anticipate sending a notice and claim form to the approximately 7,100 unique black and Hispanic applicants who took Written Exam 7029 and/or Written Exam 2043. For each applicant who returns a claim form, the United States will evaluate the applicant's potential eligibility based on two sources of evidence: (1) data files produced by the City will be used to determine whether the applicant meets the definition of Delay Claimant and/or Non-hire Claimant; and (2) information provided on the applicant's claim form will serve as the basis of the determination whether he or she met the "other lawful qualifications" for hire when he or she applied to the FDNY.

### A. The City's Data Files

  During discovery, the City produced two sets of data files that will be used to determine whether an applicant meets the definition of Delay Claimant and/or Non-hire Claimant. First, the City produced during liability phase discovery applicant data files for Written Exams 7029 and 2043, which contain detailed information about every applicant who took Written Exam 7029 and Written Exam 2043, respectively.[2] The City also produced during liability and relief phase discovery appointee data files containing lists of people appointed off the eligible lists for Exams 7029, 2043, 6019 and 6506.[3] For each applicant who submits a claim form, the United States will examine that applicant's entry in the applicant data file for the relevant written exam(s) and will examine all appointee data files produced by the City to determine whether the

---

[2] On October 1, 2007, the City produced the Written Exam 7029 applicant data file, entitled "exam7029 corrected applicant data# Legal 1820012).xls," on a CD labeled "Exam 7029 Corrected Applicant Data," and the Written Exam 2043 applicant data file, entitled "2043 Spreadsheet FINAL.xls," on a CD labeled "2043 corrected."

[3] On October 1, 2007, the City produced the Exam 7029 appointee data file, entitled "CID_DOJ_7029_qualapptd.xls," on a CD labeled "7029 Appt dates + CFR-D," as well as an Exam 2043 appointee data file covering classes hired through November 2006, entitled "CID_DOJ_2043_qualapptd.xls," on a CD labeled "2043 Appt dates. On August 5, 2009, the City produced an Exam 2043 appointee data file covering classes hired between March 2007 and July 2008, entitled "DOJ2043.xls" on a CD labeled "US v NYC 07 Civ 2067 EDNY – NGG, DOJ: 2043, 6019-1, 6506." The same CD produced on August 5, 2009 also contained appointee data files for Exam 6019 ("DOJ6019_1.xls") and Exam 6506 ("DOJ 6506.xls").

applicant was ever appointed by the City as an entry-level firefighter. Using these data files, the United States will make a preliminary evaluation of whether the applicant meets the definition of Delay Claimant or Non-hire Claimant.

B. <u>The Claim Form</u>

The proposed claim form will seek information to determine whether the applicant met the "other lawful qualifications" required for hire at the time the applicant took Written Exam 7029 and/or Written Exam 2043. Each applicant who returns a claim form will provide the evidence necessary for the United States to initially evaluate whether he or she met the following objective hiring qualifications in place at the time of Written Exams 7029 and 2043: (1) the minimum age requirement; (2) the maximum age requirement; (3) the ability to communicate in English; (4) United States citizenship; (5) no felony convictions; and (6) no dishonorable discharges from the military. The City believes additional criteria should apply as "other lawful qualifications" as set forth in its June 24 letter.

**III.     The Potential Impact of Applying the Proposed Eligibility Criteria**

The United States has preliminarily reviewed the data files provided by the City during discovery in order to examine how many applicants may meet the definitions of Delay Claimant and Non-hire Claimant. Although approximately 7,100 unique black and Hispanic applicants took Written Exam 7029 and/or 2043, only about 2,200 of them appear to meet the proposed definition of Delay Claimant or Non-hire Claimant. The most common reason that black or Hispanic applicants may not be eligible for relief is that they passed Written Exam 7029 or Written Exam 2043 but either did not take or did not pass the physical exam and, thus, were never placed on the relevant eligibility list. The next most common reason black or Hispanic applicants may not be eligible is if they were disqualified for hire from the Exam 7029 or 2043 eligibility list for reasons unrelated to rank (*e.g.,* declined offer, failed to appear for interview). Thus, applicants in these categories may be ineligible for relief because they were not harmed by either the pass/fail or rank-order use of Written Exam 7029 or Written Exam 2043.

Thank you for your attention to this matter.

Sincerely,

Eric K. Bachman
Senior Trial Attorney
(202) 305-7883
Civil Rights Division
United States Department of Justice

Elliot Schachner /EKB
Elliot Schachner
Assistant U.S. Attorney
Eastern District of New York
(718) 254-6053