

**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

July 11, 2011

VIA ECF FILING
Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

            Re: <u>USA v. City</u>, Civil Action No.: 07 CV 2067 (NGG)(RLM)
                Law Dept. No.: 2007-017441

Dear Judge Garaufis:

        At this afternoon's argument, the Court expressed disagreement with the language of the Notice of Examination providing for an exception to the age limit for entry level firefighters that was limited to candidates remaining on the civil service list for Exam Nos. 6019 and 6506. Assistant Corporation Counsel Georgia Pestana represented that the legislation passed by the New York City Council limited the exception to candidates remaining on the eligible list because they were the people who had an expectation of being considered for appointment and were thus harmed. The Court expressed its view, with which Ms. Pestana did not disagree, that the fairer result would have been to raise the age limit for everyone who took Exam 6019 and 6506.

        Upon returning to the office, Ms. Pestana reviewed the legislation again and realized that the legislation passed by the City Council and signed by the Mayor achieves the result that this Court desires. Local Law 38 reads:

        Section 1. Notwithstanding any inconsistent provision of section 15-103 of the administrative code of the city of New York, no person shall be disqualified from membership in the fire department on the basis of exceeding the otherwise applicable maximum age requirement for the first open competitive

examination for firefighter, or the first promotion examination for firefighter in the case of persons eligible to take such examination, given after the effective date of this local law if he or she has not passed his or her thirty-sixth birthday on the date of filing his or her application for the first open competitive examination for firefighter, or the first promotion examination for firefighter in the case of persons eligible to take such examination, given after the effective date of this local law and he or she either (i) could not be appointed from an eligible list for the position of firefighter, including but not limited to a special military eligible list, established before the effective date of this local law because such list could not be used in whole or in part by the fire department due to litigation or (ii) took a civil service examination for the position of firefighter in the five years preceding the effective date of this local law. No person who qualifies under this local law shall be disqualified from membership in the department on the basis of exceeding such maximum age requirement because of having passed his or her thirty-sixth birthday subsequent to the filing of his or her application.

§ 2. This local law shall take effect immediately.

In short, the legislation raises the age limit for anyone who took the firefighter exam in the last five years. Exam 6019, the most recent exam, was administered in January 2007. Thus, anyone who took Exam 6019 will benefit from this legislation.

The Notice of Exam for Exam No. 2000 and 2500 (the promotional exam) will be corrected. There is no need for an order on this point.

We apologize for the confusion and any inconvenience to the Court.

Respectfully submitted,

Michael A. Cardozo

Cc:    All Counsel

2