UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

UNITED STATES OF AMERICA,

                              Plaintiff,                         **MEMORANDUM & ORDER**

       -and-                                                **07-CV-2067 (NGG) (RLM)**

THE VULCAN SOCIETY, INC., *for itself and on behalf of its members*, JAMEL NICHOLSON, *and* RUSEBELL WILSON, *individually and on behalf of a subclass of all other victims similarly situated seeking classwide injunctive relief;*

ROGER GREGG, MARCUS HAYWOOD, *and* KEVIN WALKER, *individually and on behalf of a subclass of all other non-hire victims similarly situated; and*

CANDIDO NUÑEZ *and* KEVIN SIMPKINS, *individually and on behalf of a subclass of all other delayed-hire victims similarly situated,*

                            Plaintiff-Intervenors,

      -against-

THE CITY OF NEW YORK,

                            Defendant.

------------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

      Plaintiff-Intervenors[1] have moved the court to order the City to reduce the application fee for the next entry-level firefighter examination, Exam 2000, from $54.00 to $30.00. (Int. Fee Reduction Mem. (Docket Entry # 660-1) at 2.) The $54.00 fee represents an 80% increase from the $30.00 fee charged to those applying to take Exam 6019, the last examination for the selection of entry-level firefighters. Plaintiff-Intervenors argue that this increase is likely to

---

[1] The Injunctive Relief Subclass represents the black non-hire and delayed-hire victims of the City's discrimination as to classwide prospective injunctive relief. (See Second Remedial Cert. Order (Docket Entry # 665) at 55.)

1

disproportionately discourage black and Hispanic people from applying to take Exam 2000. (Id. at 3-5.) Plaintiff-Intervenors point to the contrast between the relatively high rates at which black and Hispanic persons apply for other civil service jobs, for example corrections officer, in which black and Hispanic employees are represented in sizeable numbers with the much lower rates at which black and Hispanic persons apply to be firefighters.[2] Based in part on these statistics and on anecdotal evidence provided by veteran FDNY recruiter and Vulcan Society president John Coombs, Plaintiff-Intervenors reason that black and Hispanic applicants who are aware of the City's long history of discrimination in its hiring of firefighters are less likely, relative to potential white applicants, to view an opportunity to apply for the job as a good investment of time and money. (Int. Fee Reduction Reply (Docket Entry # 668) at 4-5.) Accordingly, Plaintiff-Intervenors argue that the fee increase will disproportionately deter black and Hispanic applicants from applying to take the exam. (Id. at 2-4.)

The City counters that the schedule it uses to determine application fees is the same for all civil service examinations and is intended to help it recoup the cost of developing and administering examinations. (NYC Opp. to Fee Reduction (Docket Entry # 662) at 2-3.) The City argues that decreasing the fee will have the effect of increasing the number of applicants for the examination from all ethnic groups, not just blacks and Hispanics. (Id. at 6-7.)

At argument, the City admitted, as it must, that increasing the fee to $54.00 for Exam 2000 will likely have the effect of deterring some people from applying to be firefighters who would have applied if it had been $30.00. Plaintiff-Intervenors have made a persuasive argument

---

[2] The City's statistics show that 50.8% of those who applied for the most recent corrections officer exam identified as black and 23.2% identified as Hispanic. (NYC Opp. to Fee Reduction (Docket Entry # 662) at 4.) In the court's Disparate Treatment Opinion the court observed that, as of 2001, 61.4% of corrections officers identified as black, while 18.0% identified as Latino. (Disparate Treatment Opinion (Docket Entry # 385) at 18.) Of those applicants who registered to Exam 6019, 19.0% identified as black while 18.9% identified as Hispanic. (See NYC Opp. to Fee Reduction at 6-7.) As of 2001, just 3.8% of firefighters identified as black, and 3.2% identified as Latino. (Disparate Treatment Opinion at 18.)

2

that black and Hispanic applicants will be uniquely discouraged from applying because of the City's history of discriminating against blacks and Hispanics in hiring firefighters. But no party can reliably say how many potential applicants will be deterred, and no party can know who will be burdened most by this fee increase.

The City, the United States, and Plaintiff-Intervenors have spent months working to design a test that all parties hope will fairly and reliably evaluate the abilities of *all* applicants for the position of entry-level firefighter—now is not the time to increase the barriers to those seeking to take it. The court orders the City to charge each applicant for Exam 2000 no more than $30.00 for the opportunity to take the test.

SO ORDERED.

                                                                                   /s/ Nicholas G. Garaufis

Dated: Brooklyn, New York                            NICHOLAS G. GARAUFIS
        July 11, 2011                                     United States District Judge