UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

UNITED STATES OF AMERICA,

                         Plaintiff,                              **MEMORANDUM & ORDER**

        -and-                                                   07-CV-2067 (NGG) (RLM)

THE VULCAN SOCIETY, INC., *for itself and on behalf of its members*, JAMEL NICHOLSON, *and* RUSEBELL WILSON, *individually and on behalf of a subclass of all other victims similarly situated seeking classwide injunctive relief*;

ROGER GREGG, MARCUS HAYWOOD, *and* KEVIN WALKER, *individually and on behalf of a subclass of all other non-hire victims similarly situated*; and

CANDIDO NUÑEZ *and* KEVIN SIMPKINS, *individually and on behalf of a subclass of all other delayed-hire victims similarly situated*,

                        Plaintiff-Intervenors,

       -against-

THE CITY OF NEW YORK,

                        Defendant.

----------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

      On July 13, 2011, the City submitted to the court copies of the proposed Notices of Examination ("NOE") and applications for the next entry-level firefighter examination, Exam 2000, and firefighter promotional examination, Exam 2500. (NYC Request for Email Submission (Docket Entry # 671).) The court has reviewed and generally approves of the changes the parties have made to the NOEs and applications. (See NYC Summary of Changes (Docket Entry # 672).)

1

During the court's review of the proposed application forms, however, the court noted that the forms do not require applicants to provide demographic information, i.e., their race, ethnicity, or gender. The application forms allow applicants to indicate whether they are: "White, Black, Hispanic, American Indian/Alaskan Native, or Asian/Pacific Islander," although any such election is voluntary. Counsel for the City indicated during a July 13, 2011, telephonic status conference that these race/ethnicity demographic options are standard for all applications for open competitive examinations administered by the City, and are substantially similar to the options provided the applicants for Exams 7029, 2043, and 6019.

The demographic data collected by the City from applicants for past firefighter examinations have been central to the court's findings of disparate impact and disparate treatment liability in this case. During the remedial phase it is incumbent on the court to verify that the City's current hiring practices comply with the requirements of federal and state antidiscrimination law and the collection of exam applicant demographic data will be critical to fulfilling that obligation.

At the July 13, 2011 status conference, the court asked the parties for their views as to whether it should require applicants to provide the demographic information requested by the City. While all counsel noted that it is within the court's remedial authority to require applicants to provide this information, counsel for the United States correctly observed that the limited race/ethnicity options on the application are unlikely to adequately capture every applicant's ethnic or racial identity. But the purpose of collecting these data are to help the court determine whether the new testing procedures comply with the requirements of the law. To that end it is important that the court and the parties are able to compare the results from the new test to the results from previous tests. While the race/ethnicity options on the new exam applications are

arbitrary, and are unlikely to be anything other than rough approximations of the ways applicants are likely to identify themselves, they have the virtue of being consistent and directly comparable with the data the City obtained from applicants for past firefighter examinations.  Allowing applicants the option to write in their own racial or ethnic identification would likely result in a multitude of different descriptions, and would defeat the principal purpose of requiring that applicants provide such information—assessing the testing procedure's compliance with federal antidiscrimination law.

Accordingly, the City shall require all applicants for Exams 2000 and 2500 to choose one of the race/ethnicity options, and to choose one of the gender options.  The applications shall include a statement requiring applicants to pick the single option that best describes how they identify themselves, and shall state that the information is being collected solely to evaluate the City's compliance with applicable law.  The statement shall also state that the demographic information will not be used in determining who is hired for the job.

SO ORDERED.

Dated: Brooklyn, New York  
      July 13, 2011

      /s/ Nicholas G. Garaufis  
NICHOLAS G. GARAUFIS  
United States District Judge