**U.S. Department of Justice**

Civil Rights Division

---

DLK:MLB:EKB:JMS:AKT:BS
DJ 170-51-358

*Employment Litigation Section - PHB*
*950 Pennsylvania Ave, NW*
*Washington DC 20530*
*www.usdoj.gov/crt/emp*

July 26, 2011

Honorable Nicholas G. Garaufis
United States District Court
 for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: **United States v. City of New York, et al., 07-CV-2067 (NGG)(RLM)**

Dear Judge Garaufis:

  In accordance with the Court's June 6, 2011 Order (Dkt. 640), Plaintiff United States of America ("United States") respectfully submits this response to the pre-trial briefing filed by the Injunctive Relief Subclass Representatives (the "Subclass Representatives") (Dkt. 658) and the City of New York (the "City") (Dkt. 687) regarding the injunctive relief trial. The Subclass Representatives request that the Court order various injunctive relief measures to remedy the City's disparate treatment discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), as well as the City's intentional discrimination in violation of other federal, state, and local law, and for disparate impact discrimination under state and local law.

  The United States has not asserted a disparate treatment claim under Title VII, nor has it asserted a claim under any law or statute other than Title VII. Thus, because the Subclass Representatives' requests for injunctive relief are based on the City's liability for claims not asserted by the United States, the United States takes no position regarding the merits of these requests. If, however, the Court determines, following the injunctive relief trial, that it is appropriate to award the injunctive relief requested by the Subclass Representatives, the United States agrees with the Subclass Representatives that such relief should generally apply to black and Hispanic applicants and firefighters. Additionally, to the extent any remedial order requires the City to provide notice or information to the Subclass Representatives regarding this injunctive relief, the United States requests that the order also require the City to provide such notice or information to the United States simultaneously.[1]

---

[1] This request is consistent with the Proposed Order submitted with the Plaintiffs-Intervenors' Motion for Injunctive Relief and Service Awards to Class Representatives, which stated that when "this Order requires notice or information . . . be provided to the Plaintiffs-Intervenors or Class Counsel, copies shall simultaneously be provided to the United States." (Dkt. 594 ¶ 40.)

      Moreover, the United States seeks to clarify one issue related to the Subclass Representatives' request that the Court enjoin the City from any future discrimination against black and Hispanic claimants who receive priority hiring relief, as well as black and Hispanic firefighters who seek relief based on delayed hiring. It should be noted that certain elements of the Subclass Representatives' request for injunctive relief assuring non-discrimination for Delayed Hires, Priority Hires, and all black and Hispanic firefighters are encompassed by the broader prohibition against retaliation requested by the United States to remedy the City's Title VII disparate impact liability.[2] (*See* United States' Revised Proposed Relief Order, Dkt. 619-4 ¶ 12; United States' Proposed Relief Order, Dkt. 315-2 ¶ 12; United States' Memorandum of Law in Support of Proposed Relief Order, Dkt. 316 at 13-15.) Under the relief proposed by the United States, the City would be enjoined from retaliating against, or in any way adversely affecting the terms or conditions of employment of, any person (a) who has complained about discrimination against blacks or Hispanics, (b) who has participated in the investigation or litigation of any claim or allegation of such discrimination, or (c) who has sought or obtained relief in this case, which includes the Priority and Delayed Hires.[3] (*Id.*)

      Thank you for your attention to this matter.

Sincerely,

Eric K. Bachman
Senior Trial Attorney
(202) 305-7883
Civil Rights Division
United States Department of Justice

Elliot Schachner /EKB
Elliot Schachner
Assistant U.S. Attorney
Eastern District of New York
(718) 254-6053

---

[2] Once a Title VII disparate impact violation is established, the Court may order prospective class-wide injunctive relief, including an injunction against future discrimination and any other order "necessary to ensure the full enjoyment of the rights" protected by Title VII. *International B'hd of Teamsters v. United States*, 431 U.S. 324, 361 (1977).

[3] The Court has not yet ruled on the United States' requested injunctive relief. *See* Dkt. 390 at 6 n.3; Dkt. 629.