U.S. Department of Justice

Civil Rights Division

LK:MLB:EKB:JMS:AKT:BS
DJ 170-51-358

*Employment Litigation Section - PHB*
*950 Pennsylvania Ave, NW*
*Washington DC 20530*
*www.usdoj.gov/crt/emp*

August 12, 2011

<u>*Via ECF*</u>
Hon. Nicholas G. Garaufis
United States District Court
 for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   <u>United States v. City of New York, et al., 07-CV-2067 (NGG)(RLM)</u>

Dear Judge Garaufis:

The United States respectfully submits this response to the motions filed by the Uniformed Firefighters Association of Greater New York ("UFA") on August 8, 2011 (1) to intervene in this litigation as a "non-aligned" party (Dkt. 704) and (2) to require candidates eligible for priority hiring relief to take and pass the City's new computer-based test ("Exam 2000") before being hired as entry-level firefighters (Dkt. 705).

I.   **The UFA's Motion to Intervene**

   A.   <u>Appropriate Procedure for Intervention under Fed. R. Civ. P. 24</u>

   In its order of July 27, 2011 (Dkt. 696), the Court directed the UFA to file a motion to intervene in this action as a party in order to pursue its request that all priority hires be required to take and pass Exam 2000. On August 8, 2011, the UFA moved to intervene under Fed. R. Civ. P. 19(a)(1)(B)(i), which governs the joinder of necessary parties, rather than Fed. R. Civ. P. 24, which establishes the standards for intervention. Nothing in the Court's order of July 27 suggested that the UFA would be exempt from demonstrating that it meets all of the necessary requirements to intervene under Rule 24. Unlike Rule 19, Rule 24 "explicitly contemplates motions by non-parties" and "provides the mechanism by which non-parties who believe they have a valid and sufficient interest in the litigation can assert their rights." *Mastercard Int'l, Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 382 (2d Cir. 2006). Rule 24 also sets forth procedural requirements for persons seeking to file motions to intervene. Fed. R. Civ. P. 24(c).

   The Second Circuit has noted that, with respect to the interest that may be impaired, the joinder of a necessary party under Rule 19(a)(1)(B) and intervention as of right under Rule 24(a)(2) "are intended to mirror one another." *Mastercard*, 471 F.3d at 389-90. However, Rule 24 also requires a moving party to demonstrate that its interests are not adequately represented by an existing party in order to be entitled to intervene, a requirement that is not present in the text of Rule 19. Because the Court's order did not suggest that the UFA would not be required to

demonstrate that it meets all of the requirements for intervention in its motion, the United States responds to the UFA's motion as one for intervention as of right under Rule 24(a)(2).

B. <u>The UFA Has Not Demonstrated that it Should be Permitted to Intervene</u>

In order to intervene as of right under Rule 24 (a)(2), the moving party must:

> (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action.

*Brennan v. New York City Bd. of Educ.*, 260 F.3d 123, 128-29 (2d Cir. 2001). Failure to satisfy even one of these requirements is sufficient grounds to deny the application for intervention. *United States v. City of New York*, 198 F.3d 360, 364 (2d Cir. 1999). In its August 8, 2011 filing, the UFA argues that it is entitled to intervene in order to protect its "interest in the safety of its members" who are incumbent firefighters.[1] Dkt. 704 at 3. The UFA asserts that this interest is impaired in this action because the City of New York ("City") and the Plaintiffs-Intervenors have taken the position that claimants who are eligible for consideration for priority hiring and received a score of 70 or higher on either Written Exam 7029 or 2043 should not be required to take and pass Exam 2000 in order to receive priority hiring relief. The UFA also notes that the "City's interest and the interest of the Plaintiffs-Intervenors do not, on this issue, coincide with the interest of the UFA."[2] Dkt. 704 at 4. These assertions are insufficient to support the UFA's intervention as of right under Rule 24(a)(2) because: (1) the UFA has not established that it has a sufficient, legally cognizable interest in the action, and (2) the interest in the safety of FDNY firefighters is already adequately represented in this lawsuit by the existing parties.

1. *The UFA has not demonstrated that it has a direct, substantial, and legally-protectable interest.*

To support an application for intervention under Rule 24(a)(2), the proposed intervenor must demonstrate an interest in the litigation that is "direct, substantial, and legally protectable." Sept. 5, 2007 Order Denying UFA Mot. to Intervene in Liability Phase, Dkt. 47 at 5 (quoting *New York News, Inc. v. Kheel*, 972 F.2d 482, 486 (2d Cir. 1992)). "An interest that is remote

---

[1] The UFA claims that all parties have previously recognized that the UFA has "a valid interest in the safety of its members." Dkt. 704 at 3. While the United States recognizes that, as a general matter, the UFA has an interest in the safety of its members, the United States does not agree that the purported safety interest asserted in the UFA's motion constitutes a legally cognizable interest on which to intervene under Rule 24. *See* Dkt. 310 at 3 n.3; Dkt. 22 at 1, 10-11.

[2] According to the City's response to the UFA's motion to intervene, the City has now changed its position and "agree[s] with the UFA that requiring eligible claimants who seek priority hiring relief to pass Exam 2000 would eliminate any question about their qualifications to hold the position of firefighter and, therefore, is the preferable course." Dkt. 706 at 2.

from the subject matter of the proceeding, or contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule." *Brennan*, 260 F.3d at 129.

Here, the UFA has not demonstrated that its purported safety interest is a direct, substantial, and legally protectable interest which warrants intervention as a party to this case. The UFA's rights with respect to the City's employment of firefighters (and the terms and conditions of that employment) are established in its collective bargaining agreement ("CBA") with the City. However, the UFA does not contend its CBA includes any contractual provisions that relate to the general safety of firefighters with respect to their pre-hire qualifications. In fact, a review of the CBA obtained by the United States during liability-phase discovery reveals no contractual provisions giving the UFA any rights relating to the establishment of selection criteria for entry-level firefighters. *See* Dkt. 310-1 at 2-86 (CBA, dated July 28, 2006 and Mem. of Agreement extending the CBA's terms to July 31, 2008).[3]

Furthermore, the UFA articulates only a speculative safety interest in its motion. The UFA appears to argue that the safety of its members may be threatened in the event priority hire claimants who received a 70 or above on Written Exam 7029 or 2043 are not required to pass the new exam. This argument seems to be based on the following suppositions: if priority hires do not pass Exam 2000 this (1) may raise doubt as to the qualifications of these priority hires, and/or (2) may create divisiveness as a result of the stigma that may attach to these priority hires who have not taken Exam 2000, which, in turn, (3) may undermine the safety of the UFA's members. *See* Dkt. 704 at 3-5. However, the UFA's argument regarding this possibility is speculative and does not directly implicate its safety interest and, instead, merely "raises the specter that the individuals receiving priority hiring may not be qualified for employment as firefighter." *Id.* at 4.[4] *See Alston v. Coughlin*, 109 F.R.D. 609, 613 (S.D.N.Y. 1986) (intervention as of right not appropriate where "threat posed by the litigation to [the proposed intervenor's] interest is largely speculative"). As a result, the UFA has not shown a direct, substantial, and legally protectable interest in this action.

2. *The UFA has not demonstrated that its purported safety interest is not already adequately represented in this action by the existing parties.*

Even if the Court were to find that the UFA has a sufficient, legally cognizable interest in this action, the UFA's purported safety interest is already adequately represented by the parties to this litigation. The standard for whether an interest is adequately protected by the parties to the litigation is whether the interest of a party is so similar to the interest of the proposed intervenor that adequacy of representation is assured. *Brennan*, 260 F.2d at 132-33. As this

---

[3] Although this CBA expired in 2008, the UFA has not demonstrated that any provision of a current CBA provides any rights to the UFA relating to the establishment of selection criteria for entry-level firefighters.

[4] Even if priority hires were appointed to the firefighter academy without taking Exam 2000, presumably, they will not graduate from the academy if they cannot demonstrate that they are able to safely perform the job.

Court has recognized, "a threat to firefighter safety threatens public safety," which is an interest the City embraces. Dkt. 47 at 7. Ultimately, the City and the UFA have the same interest: to ensure that all firefighters are qualified to perform the job safely. In denying the UFA's motion to intervene in the liability phase, the Court found that "the UFA has not shown that the City . . . will not adequately represent the union's interest in safety concerns." Dkt. 47 at 7. Notably, as indicated in its response to the UFA's motion to intervene filed on August 12, 2011, the City now agrees with the UFA about whether claimants eligible for priority hiring relief should be required to take Exam 2000. Dkt. 706 at 2. As a result, there is no question that the interest of the UFA is adequately represented in this litigation by the City.

Furthermore, as the United States has previously indicated in response to the UFA's request for intervention, "the safety of not only the UFA's current members but also of individuals who may obtain relief in this case is of interest to all the parties." Dkt. 310 at 3 n.3. Indeed, the Vulcan Society and the individual intervenors who are current firefighters have an interest in their own safety and the safety of all FDNY firefighters. Because the UFA has failed to show that its purported interest in the litigation, even if it meets the Rule 24(a)(2) standard, is not already adequately represented by the existing parties to this litigation, the UFA has failed to meet the requirements for intervention as of right.

    C. <u>Intervention by the UFA is Unnecessary with Respect to its Purported Safety Interest in Whether All Priority Hires will be Required to Take Exam 2000</u>

The UFA does not need to intervene as a party in order to address its purported safety concern related to requiring priority hires to take Exam 2000. The UFA has the ability to address its safety concern because it will have the opportunity to object to the relief ordered by this Court at a fairness hearing in accordance with the requirements of Title VII. 42 U.S.C. § 2000e-2(n). The UFA may properly raise, and the parties and the Court can address, its safety concern at a fairness hearing after the Court provisionally orders final relief in this litigation. Moreover, no individuals will actually be hired as priority hires until after the fairness hearing occurs and the UFA has had an opportunity to present its objection. Thus, the UFA's purported safety interest will not be impaired by requiring the UFA to wait until the fairness hearing to raise its safety concerns. Notably, the UFA, as amicus curiae, is also able to present concerns regarding the safety of its members at any time during this case.

II.    **The UFA's Motion to Require All Candidates for Priority Hiring to Take and Pass Exam 2000 Before Being Awarded Priority Hiring Relief**

On August 8, 2011, the UFA also filed a motion to require that claimants who seek priority hiring relief must take and pass Exam 2000[5] before being awarded priority hiring relief. For the reasons set forth above, the UFA's motion to intervene (Dkt. 704) should be denied. However, the United States does not object to the UFA's request that claimants eligible for

---

[5] In its motion, the UFA appears to make claims about the content and validity of Exam 2000. The United States notes that the test development project is ongoing and that neither the final content of the exam nor its validity have yet been established.

priority hiring relief be required to take and pass Exam 2000.[6] The United States has consistently stated that all claimants eligible for priority hiring relief should be required to meet all lawful minimum qualifications in place at the time they are considered for employment, which will include passing Exam 2000, assuming that the Court approves the use of the exam.

### III. Conclusion

For the foregoing reasons, the United States respectfully requests that the UFA's motion to intervene (Dkt. 704) should be denied.

Respectfully submitted,

THOMAS E. PEREZ
Assistant Attorney General

/s/ ERIC K. BACHMAN
Senior Trial Attorney
Telephone: (202) 305-7883
Facsimile: (202) 514-1005
United States Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, N.W.
Patrick Henry Building, Room 4500
Washington, D.C. 20530

---

[6] As stated in the United States' July 29, 2011 letter (Dkt. 697), the parties have proposed that claimants potentially eligible for consideration for priority hiring relief would not be required to take Exam 2000 in January 2012, when it is currently scheduled to be administered. Instead, claimants eligible for priority hiring consideration would take Exam 2000 on a later date, after the Court has determined (1) which claimants are eligible to be considered for priority hiring relief, and (2) whether all such claimants will be required to take Exam 2000. As such, claimants seeking priority hiring relief should not be required to apply to take Exam 2000 before the application period expires on September 15, 2011.

LORETTA E. LYNCH
United States Attorney

/s/ ELLIOT M. SCHACHNER
DAVID ESKEW
Assistant United States Attorneys
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201-1820
Telephone: (718) 254-6053
Facsimile: (718) 254-6479