# LEVY RATNER, P.C.
Attorneys at Law
80 Eighth Avenue, 8th Floor
New York, New York  10011-5126

Telephone (212) 627-8100
Telecopier (212) 627-8182

www.levyratner.com

Richard A. Levy
Daniel J. Ratner
Daniel Engelstein°
Gwynne A. Wilcox ᐃ
Pamela Jeffrey
Owen M. Rumelt
Kevin Finnegan
Carl J. Levine ᐃ
David Slutsky ᐃ
Allyson L. Belovin
Suzanne Hepner •
Richard Dorn
Robert H. Stroup

Dana E. Lossia ᐃ
Susan J. Cameron ᐃ
Micah Wissinger •
Ryan J. Barbur
Vanessa Flores ᐃ
Alexander Rabb
Michael R. Hickson

Counsel:
Paul Schachter ᐃ
Anthony DiCaprio
Michael Steven Smith
David P. Horowitz †

August 17, 2011

VIA ECF

Hon. Nicholas G. Garaufis
United States District Court for
    the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

Re:    United States, et al. v. City of New York
       Civ. Action No. 07-cv-2067 (NGG) (RLM)

Dear Judge Garaufis:

Plaintiffs-Intervenors submit this letter to request that the Court reconsider its order of August 16, 2011 (Dkt. # 714), which permits Defendant City of New York to introduce additional expert testimony from Dr. Christopher Erath through an expert report and a sworn declaration, and live testimony from William Eimicke, concerning Plaintiffs-Intervenors' requests for injunctive relief.

### I.     New Opinions From Defendant's Expert Are Untimely and Prejudicial

The admission of new opinions from Dr. Erath at this point would be exceptionally untimely. Dr. Wiesen's analysis of the distribution of CNS codes for Exam 7029 was provided to Defendant in November 2007. Plaintiffs-Intervenors again put Defendant on notice of Dr. Wiesen's Exam 7029 analysis in their motion for injunctive relief in September 2010. *See* Declaration of Richard A. Levy, dated September 29, 2010, at ¶21 (Dkt. # 597 at 12), and Exhibit T thereto (Dkt. # 597-6, at 35-39). They again listed Dr. Wiesen's analysis in the exhibit list provided to Defendant on July 1, 2011 (Dkt. # 659, at 5), and they provided a copy of the document (which Defendant already had in its possession since 2007) several days in advance of the start of the trial on injunctive relief.

Defendant's list of trial exhibits was provided on July 22, 2011 – a full three weeks after Plaintiffs-Intervenors' exhibit list – and it did not include a listing for an expert report from Dr. Erath. (Dkt. # 686). On the day that Dr. Wiesen testified, Monday August 1, 2011, Plaintiffs-

Hon. Nicholas G. Garaufis
August 17, 2011
Page 2

Intervenors still had not received any such expert report from Dr. Erath, contrary to the Court's Order of June 6, 2011. (Dkt. # 640, at 46-47, requiring Rule 26(a) disclosures by July 22, 2011).

During Dr. Wiesen's testimony with respect to CNS codes, he explained his analysis of Exam 7029 and also explained that he had checked some figures from a paralegal in our office concerning Exam 6019. (8/1/11 Tr. at 119-122). Dr. Wiesen did not offer an opinion as to the statistical significance of any differences in CNS codes on Exam 6019. However, during cross examination, counsel for Defendant asked "Did you at some point in time do a similar adverse impact analysis on the CNS code for exam 6019?" (Tr. 128:24-25). Dr. Wiesen was also asked if it is true that "there is no statistical significance in the difference between blacks and whites concerning the exam given in 2002 and the most recent exam, exam number 6019; is that true?" (Tr. 129:20-23). Responding to Ms. Miller's questions, Dr. Wiesen testified that he had, in fact, performed an analysis of CNS codes for Exam 6019 and found statistical significance. (Tr. 129:24-130:1, 137:21-23).[1]

Counsel for the City then made a request for production: "I ask that the witness produce to us as soon as possible whatever it is he says he looked at in order to reach his conclusions vis-à-vis exam 6019. I would also ask for any notes he took as well." (Tr. 143:5-8). In response, the following exchange occurred:

| | |
|---|---|
| DR. WIESEN: | I looked at exhibits Y and Z and based on the information in Y and Z, I did a statistical analysis. |
| THE COURT: | You have notes from the analysis? |
| DR. WIESEN: | I have the – the code that I used to [con]struct the statistical analysis package in doing the analysis, and I could provide those in narrative form. |
| THE COURT: | That's fine. Why don't we do that? |
| MS. MILLER: | Thank you, Your Honor. |

(Tr. 143:21-144:3)

Plaintiffs-Intervenors provided Dr. Wiesen's written explanation of his Exam 6019 analysis to the City on August 4, 2011. (Plaintiff's Ex. QQ). At that point, Plaintiffs-Intervenors still had received nothing by way of an expert report from Dr. Erath concerning CNS codes on any of the City's exams, including Exam 7029. The next day, August 5, counsel for the City provided a report from Dr. Erath that covered CNS dispositions for Exams 7029, 2043 and 6019.

---

[1] The Court ruled that Plaintiffs-Intervenors could explore that issue on redirect (Tr. 129:24-130:19) and overruled an objection by the City to such questioning (Tr. 137:17-138:11).

56-001-00001: 10054605_2

Hon. Nicholas G. Garaufis
August 17, 2011
Page 3

(Def. Ex. 29) Dr. Erath testified concerning his report on August 8, 2011, and neither the witness nor counsel for the City gave any indication at that time that Dr. Erath sought to produce a second report with respect to Exam 6019 or any other issue. The first time Plaintiffs-Intervenors learned that the City intended to introduce such a document was yesterday afternoon, August 16, 2011, more than a full week after Dr. Erath's testimony.

There is no basis to permit Defendant to submit a second expert report on subjects already covered by Dr. Erath. Defendant had access to the same data that was available to Dr. Wiesen, and no new information has come to light regarding the processing or coding of candidates for Exams 7029, 2043 and 6019 since Dr. Erath submitted his report on August 5, 2011. Defendant's expert has opined with respect to these issues, and he should not be permitted to enlarge upon or modify those opinions now.

Obviously, a second report from Dr. Erath will require Plaintiffs-Intervenors to invest significant additional expert fees and attorney time. Parenthetically, Dr. Wiesen is a Sabbath observer and will not be able to review Dr. Erath's report until Sunday – the day before a responsive report would be due. Such a schedule is particularly prejudicial to Plaintiffs-Intervenors in light of the fact that the City has had weeks, if not months, to prepare its expert to further address the issue of CNS codes. Defendant did not alert the Court or the Plaintiffs-Intervenors of their intention to do so. In light of those facts, they should not be permitted to do so now.

## II. Defendant Has Offered No Reason For the Testimony of William Eimicke, And Such Testimony Should be Excluded

For the first time yesterday afternoon, counsel for Defendant indicated that the City intended to call William Eimicke to the stand. Mr. Eimicke is a Columbia University professor who was involved in a study commissioned by the FDNY concerning diversity in its firefighter workforce. Two versions of the Columbia University study were received in evidence as Plaintiff's Exhibit A and Defendant's Exhibit 21 during the trial on injunctive relief. To the extent the City seeks the admission of the other versions of the Columbia Study that it listed as Exhibits 22, 23 and 24, Plaintiffs-Intervenors have no objection to those exhibits being received. However, it is not appropriate for the City to call Mr. Eimicke at this time, when the trial with respect to injunctive relief is concluded, when documents relating to Mr. Eimicke have been available for months, and when he was not included on the City's witness list. Moreover, Defendant has not made any offer of proof with respect to the necessity of Mr. Eimicke's testimony.

## III. Defendant's New Exhibits Are Likewise Untimely and Prejudicial

We also note briefly that as of the morning of August 16, 2011, which was supposed to be the last day of testimony in these trials, Defendant had not provided Plaintiffs-Intervenors with a copy of any of Defendant's exhibits relating to noneconomic damages, contrary to Your



Hon. Nicholas G. Garaufis
August 17, 2011
Page 4

Honor's Individual Rules § V.D, and in spite of several written and oral requests for those documents by Plaintiffs-Intervenors. Yesterday afternoon, counsel for Defendant finally gave Plaintiffs-Intervenors a binder of new exhibits that had never been previously produced or listed. While Defendant had only listed Exhibits 1-29, for both injunctive relief and noneconomic damages, Plaintiffs-Intervenors have now been given documents marked through Exhibit 55. Many of these new exhibits clearly relate to injunctive relief. This includes documents apparently having to do with CID investigations, even though that issue was dealt with on the first day of trial – August 1, 2011 – with Plaintiffs-Intervenors' first witness, Dean Tow. If this new material is received into evidence, it would prejudice Plaintiffs-Intervenors because we cannot now use it to question Mr. Tow, Deputy Commissioner White, Assistant Commissioner Queenan, or Comissioner Cassano. We therefore object to the introduction of the new material provided by the City on August 16, 2011.

Respectfully submitted,

Richard A. Levy

DEL:del

TO: All Counsel Via ECF Only.

