

**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

August 19, 2011

VIA ECF FILING

Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  USA v. City, Civil Action No.: 07 CV 2067 (NGG)(RLM)

Dear Judge Garaufis:

    Defendants respectfully submit this letter in response to Plaintiffs–Intervenors' August 17, 2011 letter objecting to the Court's August 16, 2011 Bench Trial Scheduling Order and seeking to preclude various exhibits and the testimony of Dr. Erath and William Eimicke.

    As a preliminary matter, it is worth noting that Plaintiffs–Intervenors' original witness/exhibit list for the injunctive relief portion of this hearing was filed, pursuant to the Court's scheduling order, on July 1, 2011. That list identified only 29 exhibits, namely, Exhibits A through CC. Without the Court's permission, Plaintiffs–Intervenors served a revised witness/exhibit list on July 26, 2011, twenty-six days after their original list was filed pursuant to the Court's pretrial order. The revised list added Exhibits DD through HH. Thereafter, during the hearing, Plaintiffs–Intervenors again supplemented their witness/exhibit almost on a daily basis. See Plaintiffs–Intervenors' Updated Exhibit List provided on August 12, 2011 and listing Exhibits A through SS, attached hereto. On the morning of August 16, Plaintiffs–Intervenors gave Defendants Exhibit TT, a document they represented they were going to use and in fact used during the direct examination of Plaintiffs–Intervenors' witness, Lainard Granger. Even though Mr. Granger had been identified as a witness on July 1, 2011; and even though the parties were in court on August 15 without Plaintiffs–Intervenors mentioning they intended to subpoena

Mr. Granger for the next day; and even though on the evening of August 15, Plaintiffs–Intervenors finally advised Defendants they were calling Mr. Granger the next day, Plaintiffs–Intervenors chose not to provide Plaintiffs–Intervenors' Exhibit TT to Defendants until the morning of August 16 just before Mr. Granger was called as a witness.

Furthermore, on August 16, Plaintiffs–Intervenors added yet another new exhibit – this time with respect to the non-economic damage phase -- the YouTube video on FDNY safety practices. Plaintiffs–Intervenors did not list this video in their original exhibit list for non-economic damages and did not disclose it until the day they proffered it, immediately before the examination of Chief Kilduff.

In light of this history, Plaintiffs–Intervenors, current argument to preclude Defendants' exhibits pertaining to the non-economic damage stage as well as exhibits related to the injunctive phase is curious at best. If the Court accepts Plaintiffs–Intervenors' argument that exhibits Defendants now seek to use in the non-economic damage phase of this hearing should be precluded because they were not listed on Defendants' original exhibit list, it must likewise exclude all of the exhibits Plaintiffs–Intervenors failed to identify in their original exhibit list, namely, Exhibits DD through TT and all of the testimony related to those exhibits. But as the Court has repeatedly noted this is an unusual proceeding.

Finally, Plaintiffs–Intervenors' assertion that the injunctive portion of this case "is concluded" is misleading. Defendants have not rested.

**Professor Eimicke**

Contrary to Plaintiffs–Intervenors' assertion, Professor William Eimicke *is* part of Defendants' witness list. Defendants' witness/exhibit list, dated July 22, 2011, specifically states that Defendants "reserve their right to call any and all witnesses listed by Plaintiff-Intervenors." Plaintiffs-Intervenors, in their Revised List of Witnesses, Docket # 695, listed Professor Eimicke as a witness.

Furthermore, the Court specifically permitted Defendants to call a witness such as Professor Eimicke. As the Court may recall, Defendants objected to Plaintiffs–Intervenors calling certain witnesses out of order. Specifically, the requested injunctive relief portion of this matter was scheduled to start on August 1. Plaintiffs–Intervenors indicated that Paul Washington would not be available to testify until August 15. Plaintiffs–Intervenors later added Lainard Granger and Candido Nunez as yet other witnesses not available to testify until August 15. Defendants objected on the grounds that if permitted, Plaintiffs–Intervenors would be calling witness on their case after Defendants had presented their witnesses. The Court overruled the objection but also indicated that "if the City has any witnesses that it wants to call to dispute [what] was said by these witnesses they're certainly going to be permitted to come in and, in fact, if there is someone who is not on the City's witness list… it would be my inclination to put that person or persons on." (Trial Transcript p. 23).

Paul Washington, who testified on August 15, was asked on direct examination questions about recruitment including radio ads. (Transcript pp. 1018-1021). Mr. Washington opined on

the quality of FDNY recruitment campaigns throughout the years including the recruitment efforts for Exam 6019. On cross examination, Mr. Washington was asked about a report done by Columbia University in anticipation of the recruitment efforts for Exam 6019 (Defendants Exhibit 24). He said he knew reports were done but did not have a specific memory or knowledge. (Trial Transcript pp. 1066-1067). Defendants will now call Mr. Eimicke to address these matters and to admit into evidence Defendants Exhibit 24.

**Dr. Christopher Erath**

With respect to Dr. Erath, Defendants originally listed him in the event he would be necessary. For the most part, as was anticipated, much of what was needed to refute Plaintiffs–Intervenors' expert, Dr. Weisen, was obtained during the cross of Plaintiffs–Intervenors' expert. What was not anticipated was that Plaintiffs–Intervenors' expert had done an analysis for Exam 6019. It should be noted that, prior to the beginning of this hearing, the parties appeared before the Court to discuss Defendants' motion in limine. At that time, Defendants' counsel inquired if Plaintiffs–Intervenors' expert would be providing an updated report addressing 6019 as his original report addressed only the CNS code as it related, in his view, to Exam 7029. Defendants were told such a report would not be written and that Dr. Weisen would be addressing only what was in his original report.

On August 1, the very day Dr. Weisen testified, Plaintiffs–Intervenors informed Defendants that they had decided to use Dr. Weisen to correct certain percentages set forth in Exhibit EE pertaining to exam 6019. The percentages were originally calculated by a paralegal working for Plaintiffs–Intervenors' counsel. Plaintiffs–Intervenors apparently determined those numbers were inaccurate and had their expert submit new calculations on August 1. (Trial Transcript pp. 106-111). These new calculations were handed to Defendants right before the lunch break on August 1 (Trial Transcript p. 106) and were marked as Plaintiffs–Intervenors Exhibit EE''. At that time, Defendants objected and repeated that Plaintiffs–Intervenors had never provided with an updated expert report for Dr. Wiesen. Plaintiffs–Intervenors' counsel at no time advised Defendants that Dr. Weisen had done an additional analysis.

On cross examination, Dr. Weisen was questioned about the new exhibit and he testified that the numbers presented concerning Exam 6019 were not statistically significant. (Trial Transcript pp. 128-130). Dr. Weisen agreed that the results for 6019 were not statistically significant. He also agreed that the percentages appearing on Exhibit EE'' were not statistically significant. He went on to say that he done a different analysis and opined that pursuant to this new analysis he had determined a statistical significance with respect to the use of the CNS code and Exam 6019. In fact, Dr. Weisen said he had prepared this analysis in preparation for this hearing. (Trial Transcript p. 130). This admission is contrary to the representation by counsel and is in violation of Rule 26 in that experts cannot testify about expert opinions without submitting a report prior to the expert's testimony.

On redirect, Plaintiffs–Intervenors questioned Dr. Wiesen about this analysis over objection on the grounds that a report had never been provided despite Defendants' requests to do so. On re-cross, Dr. Wiesen identified materials he had reviewed to reach his new found conclusion. Defendants requested and the Court, on August 1, directed the production of the

materials relied upon by the expert in forming his new opinion. (Trial Transcript pp. 143-144). Plaintiffs–Intervenors did not produce Dr. Wiesen's supporting documentation until August 4, even though they acknowledged on August 3 that they had received this information and Dr. Wiesen's supplemental report is dated August 3. Dr. Erath produced his rebuttal report on August 5, 2011.

On Monday, August 8, Dr. Erath testified that, among other things, Dr. Wiesen used inconsistent methodologies in reaching certain results. He further stated that all of the methodologies employed by Dr. Wiesen were flawed. During cross examination, Dr. Erath testified that "the last two exams [demonstrate] the CNS code really isn't used very often, and there's no racial pattern at all." (Trial Transcript p. 743) Dr. Erath was asked on cross why he did not use what he deemed to be the correct methodology. He responded that "there was not time" as he only received Dr. Wiesen's new analysis on August 4; his report was due on August 5 and he was to testify on August 8.

Dr. Erath has now prepared and provided by declaration (as directed by the Court) his analysis that Plaintiffs–Intervenors implied on cross examination he should have performed. Had Plaintiffs–Intervenors provided an updated report on July 1 or at least prior to Dr. Wiesen's testimony, Dr. Erath could have done this analysis before he submitted his report on August 5. The fact that Plaintiffs–Intervenors chose not to furnish the report, in violation of Fed. R. Civ. P. 26, severely prejudiced Defendants' rights.

**Dr. Kelly**

While Plaintiffs–Intervenors do not object to the testimony of Dr. Kelly, they are apparently objecting to Exhibits 50, 51, 52, 54A and 55 through 57 that may be used and/or offered for admission during the testimony of Dr. Kelly. Plaintiffs–Intervenors do not indicate how they are unduly prejudiced by the use and/or admission of these exhibits.

However, the Court has directed Defendants to state why these documents were not previously disclosed. First, Defendants original exhibit list for the non economic damage phase of this action identified Exhibits 28 and 29 as a general description of documents referring to "on the job injuries" and "sick leave usage" respectively. These items were generally described because the actual charts did not yet exist. Exhibits 50, 51, 52, 54A, 55, 56, 57 are the charts and cover a period from 1999 to 2011. They were created as recently as August 16 to directly refute the testimony of Mr. Washington and Mr. Marshall, who testified on August 15, concerning certain characteristics of the job. Exhibits 50, 51 and 52 were supplied to this office on August 12. Exhibits 56 and 57 were supplied on August 18.

**Remaining Exhibits**

Plaintiffs–Intervenors also seek to preclude Defendants' Exhibits 30 through 49, each of which is described on the attached amended list. Defendants' Exhibit 30, 31 and 32 have already been admitted. Exhibits 33 and 33A are deposition designations from the deposition of Paul Washington in this action and from the action, *Granger v. City of New York*. The Court

4

specifically asked the parties to consider using deposition designations to avoid the necessity of recalling Mr. Washington in light of Mr. Granger's testimony.[1]

Exhibit 34 will be Census data from 2010. Again, the Court specifically permitted Defendants to update Plaintiffs–Intervenors' 2008 census data in response to Defendants' relevance objection. On that score, Defendants are attempting to obtain the relevant data but have not been able to do so at this point. The U.S. Census Bureaus local office has indicated that the information is anticipated to be available sometime this month.

Exhibits 35A through 35G are the consideration reports for the exam 6019 black candidates who received a CNS code. A cursory review of these reports show each candidate has multiple problems not single arrest issues. This directly impeaches Dr. Wiesen's testimony and refutes the notion that black candidates were unfairly treated by the PRB. In addition, this information is directly related to the designated deposition testimony of Mr. Washington indicating that "[s]ometimes you look at it and the guy's got an arrest record as long as your arm and we don't want that person, the Vulcan Society wouldn't want that person on either." (Defendants Exhibit 33).

Exhibits 36 (Protective Order from the case *Floyd v. City*); Exhibit 47 (EEOC finding concerning the individual referred to in Plaintiffs–Intervenors' U-5); and Exhibit 55 (FDNY EEO investigation re: Granger) are impeachment/and or rebuttal materials. Each item was referred to or used during the cross examinations of Mr. Head, Mr. Tow and Mr. Granger respectively. These items are relevant and were raised during questioning of witnesses. The singular question for Plaintiffs–Intervenors was whether they were going to object on the grounds of authenticity requiring Defendants to call more witnesses.

Exhibits 38 through 41A are applicant data for the third and fourth weeks of the current filing periods for Exams 2000 and 2500 that show significant increases in black applicant filings. The Court has already admitted into evidence the weekly reports for Exam 2000 as well as the comparative filing data for Exam 6019 (*see* Defendants Exhibits 25, 26, 31, and 32). Exhibits 38 through 41A update this data and add in the data for promotional exam 2500.

Exhibit 42 is a part of Exhibit 13 already admitted into evidence. As the Court may recall, Ms. Maglione testified about "earned media" including the press conference covered by NY1 announcing the 2011 recruitment campaign. (Trial Transcript pp. 374-375 ). Exhibit 13 admitted into evidence and described on Defendants' exhibit list as containing the NY1 report actually had earned media referred to by Ms. Maglione but did not contain the NY1 report announcing the current campaign. Exhibit 42 corrects that error.

---

[1] Plaintiffs–Intervenors notified Defendants in writing on Friday, August 12, that they were withdrawing Mr. Granger from their witness list. After Mr. Washington testified on Monday, August 15, Plaintiffs–Intervenors notified Defendants that evening that they were going to call Mr. Granger for testimony on August 16. Defendants objected to this maneuver. The Court overruled Defendants' objection, but stated it would allow Defendants leeway.

Exhibit 44 is the FDNY fiscal year 2011 EEO report. This exhibit updates Plaintiffs–Intervenors' Exhibit P – a compilation of EEO reports. Defendants objected on the grounds of completeness and the Court directed Plaintiffs-Intervenors to update this exhibit. (Trial Transcript 479) While plaintiffs did update to 2010, Exhibit 44 completes the update.

Exhibit 45 is the EEOC "Pre-employment Inquiries and Arrest & Conviction." This is exhibit is in direct response to Plaintiffs–Intervenors' Exhibit PP. The Court stated that Exhibit PP could be admitted if Plaintiffs–Intervenors could offer a Federal Register cite for this document. (Trial Transcript p. 651). Plaintiffs–Intervenors have made no such showing. If the Court nevertheless admits Exhibit PP it should likewise admit Exhibit 45 (also from the EEOC website) to provide a complete picture of the EEOC's position on this issue.

Exhibit 37 is the DCAS Agency Investigation manual addressing, among other things, the treatment of arrests when considering employment applications. Ms. Queenan was cross examined on the issue of written guidelines and testified that such guidelines existed. Exhibit 37 are those guidelines.

Exhibit 46 are the counter designations from the deposition of Sherry Kavaler. The Court has already admitted into evidence Plaintiffs–Intervenors' designated portions of this deposition and allowed to submit counter-designations. Exhibit 46 are those designations, part of which have already been read into the record.

Exhibit 49 is a designation of deposition testimony from John Coombs in this action. Pursuant to Fed. R. Civ. P 32 (a) (1), a party's prior sworn testimony may be admitted providing it is, among other things, relevant. Here Defendants seek to introduce the deposition testimony of Mr. Coombs, the current president of the Vulcan Society, that states that he does not think the PRB intentionally discriminates. As Plaintiffs–Intervenors are proceeding under both disparate impact and treatment liability theories, this testimony is highly relevant.

Respectfully submitted,

Michael A. Cardozo

*USA, et al v. City of New York*

**EXHIBIT LIST – INJUNCTIVE RELIEF TRIAL**

I. **Plaintiffs-Intervenors' Exhibits Received in Evidence**

| Exhibit | Document Name (Bates No.) | Notes |
|---|---|---|
| P-I Ex. A | Columbia University – School of International and Public Affairs, *Improving Workforce Diversity in the FDNY* (2004) (Vul 00302-404) | |
| P-I Ex. C | Excerpts from the January 4, 2008 report of Plaintiffs-Intervenors' Expert Joel P. Wiesen, Ph.D. | |
| P-I Ex. F1 | U.S. Census Bureau, "2002 American Community Survey Summary Tables" on total population of New York City | |
| P-I Ex. F2 | U.S. Census Bureau, "2002 American Community Survey Summary Table" on black population of New York City | |
| P-I Ex. G | U.S. Census Bureau, "2006-2008 American Community Survey 3-Year Estimates" on black, white, and overall populations of New York City | |
| P-I Ex. I | May 21, 2007 email from Recruitment Director Michele Maglione to Deputy Commissioner Douglas White (FDNY 027095-027097) | |
| P-I Ex. J | January 19, 2008 email from Recruitment Director Michele Maglione to Deputy Commissioner Douglas White (FDNY-E-250-252) | |
| P-I Ex. P | FDNY EEO Office Records, FY2002 - FY2010 (FDNY 3819, 4231, 3713, 4272, 4356, 5027, 4879, 4826, 4327-4330, 4850-4852, 42705, 43181-43182, 43447-43448, 43992-43994) | Defendant to add Summary of EEO Complaints FY2011<br><br>Confidential information redacted. Unredacted version to be provided to Clerk under seal. |
| P-I Ex. Q | August 9, 2005 Memo from FDNY Assistant Commissioner Paulette Lundy to DCAS re: EEO Staffing (FDNY 4310) | |

| Exhibit | Document Name (Bates No.) | Notes |
|---|---|---|
| P-I Ex. S | November 24, 2004 Memo from CID Investigator Iris Ramos to Deputy Commissioner Douglas White (FDNY 026948-026950) | |
| P-I Ex. T | Graph "Blacks and Hispanics Are More Likely to Be Disqualified for Failing to Report," prepared by Defendant's expert Dr. Christopher Erath (Def. August 19, 2010 Hearing Ex. F-1) | |
| P-I Ex. U1 through P-I Ex. U5 | FDNY Candidate Investigation Division files for Michael Harding (FDNY 13762-13791), Oscar Castro (FDNY 10636-10657), Richard Murphy (FDNY 15419-15435), Edward McMellon (FDNY 15532-15549), and Damon Rollins (FDNY 18489-18510) | Confidential information redacted. Unredacted version to be provided to Clerk under seal. |
| P-I Ex. AA | June 14, 2010 letter from J. Lemonedes to D. Lossia and Exhibit D to the letter | |
| P-I Ex. DD | Summary of New York City arrest statistics | |
| P-I Ex. EE[11] | Summary of Analysis of Firefighter Candidates Deemed "Qualified-Considered Not Selected" (CNS) for Exams 7029 and 6019, based upon data in P-I Ex. C, P-I Ex. Y and P-I Ex. Z | |
| P-I Ex. II | Transcript excerpts from the deposition of former FDNY Assistant Commissioner Sherry Kavaler | |
| P-I Ex. JJ | Sections of FDNY EEO Office 3rd Quarter Report 2008 (FDNY 042976-042978, 042994-043001, 043041-043067) | Confidential information redacted. Unredacted version to be provided to Clerk under seal. |
| P-I Ex. LL | Discrimination Complaint Investigation Time Extension Logs (FDNY 042759-042786, 043254-043283, 043470-043492, 044014-044028) | Confidential information redacted. Unredacted version to be provided to Clerk under seal. |
| P-I Ex. NN | Internal FDNY EEO Complaints Active in 4th Quarter FY2008 (FDNY 043087-043095), Internal Complaints Active for FY2009 (FDNY 043449-043462), Internal Complaints Active in 4th Quarter FY2010 (FDNY 043935-043936), Active Internal Complaints FY2010 (FDNY 043997-044006) | |

| Exhibit | Document Name (Bates No.) | Notes |
|---|---|---|
| P-I Ex. PP | EEOC "Policy Guidance on the Consideration of Arrest Records in Employment Decisions under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*" (1990) | *Available at* http://www.eeoc.gov/policy/docs/arrest_records.html, and listed as being in compliance with the requirements set by the Office of Management and Budget for Final Bulletin for Agency Good Guidance Practices. OMB's guidelines are found at 73 Fed. Reg. 3432 (Jan. 25, 2007) |
| P-I Ex. QQ | Joel P. Wiesen, Ph.D., "Outline Description of 6019 Statistical Analysis of CNS Dispositions Among Candidates Reviewed for Character" dated August 3, 2011 | |
| P-I Ex. SS | FDNY Strategic Plan, 2004-2005 | |

## II. Plaintiffs-Intervenors' Exhibits Not Yet Received in Evidence

| Exhibit | Document Name (Bates No.) | Notes |
|---|---|---|
| P-I Ex. D | June 30, 2010 Letter from S. Seeley to J. Lemonedes re: racial demographics of Exam 6019 test-takers | Defendant to check accuracy of figures reported in exhibit |
| P-I Ex. K | October 27, 1998 NEW YORK TIMES Article entitled "Two Firefighters Who Rode Float in Blackface Are Dismissed" | Court has reserved Judgment |
| P-I Ex. L | March 10, 2006 CHIEF LEADER article entitled "Claims Longtime Bias: Black Fireman Sues Over Noose" | Court has reserved Judgment |
| P-I Ex. M | February 7, 2011 NEW YORK DAILY NEWS article entitled "FDNY electrician in dispute over workplace racism displays 3-foot noose allegedly left by his locker" | Court has reserved Judgment |
| P-I Ex. N | Flyer commemorating Vulcans Society's memorial service for black firefighters killed in the World Trade Center tragedy | Plaintiffs-Intervenors to introduce through Capt. Washington |

| | | |
|---|---|---|
| P-I Ex. X | June 30, 2001 NEW YORK DAILY NEWS article entitled "Diallo Cop Set to Join FDNY" | Court has reserved Judgment |
| P-I Ex. CC | Statistics on the racial demographics of the student body enrolled in the City University of New York (CUNY) system as of Fall 2010 | Defendant to check availability of information on the CUNY web site. *Available at* http://owl.cuny.edu:7778/ENRL_0016_RACE_UGGR_PCT.rpt.pdf |
| P-I Ex. KK | Pages from FDNY EEO Office 4th Quarter Report 2009 (FDNY 043389-043394) | Confidential information redacted. Unredacted version to be provided to Clerk under seal. |
| P-I Ex. MM | Summary of EEO Complaints 4th Quarter FY2008 (FDNY 043086), Summary of EEO Complaints 4th Quarter FY2010 (FDNY 043930-043931) | |
| P-I Ex. OO | EEO Case History Report (FDNY 036468 - 036505) | Confidential information redacted. Unredacted version to be provided to Clerk under seal. |

### III. Defendant's Exhibits Received in Evidence

Our notes indicate that the Defendant's Exhibits received in evidence are: 7, 8, 9, 10, 11, 12, 13, 17, 19, 20, 21, 25, 26, 27, 28, 29, 30, 31, and 32.

To the extent they are not already received in evidence, Plaintiffs-Intervenors will move for the admission of Defendant's Exhibits 22, 23 and 24.

### IV. Court's Exhibit Received in Evidence

Court Exhibit 2 has been received in evidence.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
UNITED STATES OF AMERICA,

                                              Plaintiff,

        -and-

VULCAN SOCIETY, INC., for itself and on behalf of its members; MARCUS HAYWOOD, CANDIDO NUNEZ, and ROGER GREGG, individually and on behalf of a class of all others similarly situated,

                               Plaintiffs-Intervenors,

        -against-

CITY OF NEW YORK; THE FIRE DEPARTMENT OF THE CITY OF NEW YORK; NEW YORK CITY DEPARTMENT OF CITYWIDE ADMINISTRATIVE SERVICES; MAYOR MICHAEL BLOOMBERG and NEW YORK CITY FIRE COMMISSIONER NICHOLAS SCOPPETTA, in their individual and official capacities,

                                              Defendants.
------------------------------------------------------------------------ x

**DEFENDANTS' AMENDED LIST OF EXHIBITS FOR INJUNCTIVE RELIEF AND NON-ECONOMIC DAMAGES**

07 CV 2067 (NGG)(RLM)

        Defendants respectfully submit this List of Exhibits which the Defendants may use during the bench trial to be conducted concerning Plaintiffs-Intervenors' motion for further injunctive relief and non-economic damages.

| Exhibit Number | Document Name or Bates Stamp Number | Subject Matter | Admission Status |
|---|---|---|---|
| **Defendants' Exh. 7** | Advertisement & Media | Examples of Advertisements from the 2011 Recruitment campaign | Admitted |
| **Defendants' Exh. 8** | Advertisement & Media | 2011 E-Mail Blast exemplar | Admitted subject to update thru Sept. 15, 2011 |
| **Defendants' Exh. 9** | Advertisement & Media | 2011 Media Plan | Admitted |
| **Defendants'** | Advertisement & Media | 2011 FDNY ORD Sign- | Admitted |

| | | up locations | |
|---|---|---|---|
| Defendants' Exh. 11 | Advertisement & Media | 2011 Phone Bank results | Admitted |
| Defendants' Exh. 12 | CD of PSA Radio Advertisement | Recording of the Public Service Announcement broadcast on the radio | Admitted |
| Defendants' Exh. 13 | Advertisement & Media | CD contain media reports of the press conference announcing the 2011 recruitment campaign | Admitted |
| Defendants' Exh. 17 | Recruitment Staff FDNY 030756 to 030757 | Listing of ORD staff | Admitted |

| | | | |
|---|---|---|---|
| Defendants' Exh. 19 | Citywide Equal Employment Opportunity Policy DCAS-E-00004979 to DCAS-E-00005013 | Citywide Equal Employment Opportunity Policy | Admitted |
| Defendants' Exh. 20 | FDNY Equal Employment Opportunity Policy | FDNY Equal Employment Opportunity Policy | Admitted |
| Defendants' Exh. 21 | Diversity in the FDNY, Creating a Fire Department that Better Reflects New York City Initial Findings USA002910 to USA003115 | Columbia University Study of the FDNY vol 1 | Admitted |
| Defendants' Exh. 24 | FDNY Toward Diversity FDNY 034978 to FDNY 035054 | Columbia University Study of the FDNY vol 4 | |
| Defendants' Exh. 25 | Applicant Data for Exam 6019 on 18th day of filing period | | Admitted |
| Defendants' Exh. 26 | Applicant Data for Exam 2000 on t18th day of filing period | | Admitted |
| Defendants' Exh. 27 | FDNY webpage video | | Admitted |
| Defendants' Exh. 28 | FDNY webpage | | Admitted |
| Defendants' Exh. 29 | Dr. Erath's Aug. 5, 2011 expert report | | Admitted |
| Defendants' Exh. 30 | Dr. Erath's Chart for tabulation of CNS Codes for Exam 2043 based on | | Admitted |

|  |  |  |  |
|---|---|---|---|
|  | methodology used by Dr. Wiesen for Exam 7029 |  |  |
| **Defendants' Exh. 31** | Applicant Data for Exam 2000 on 25th date of filing period |  | Admitted |
| **Defendants' Exh. 32** | Applicant Data for Exam 6019 on 25th date of filing period |  | Admitted |
| **Defendants' Exh. 33** | Designation of Paul Washington deposition testimony in this action – p. 68: li. 8-10; p. 71: li. 3 to p. 72: li. 17 |  |  |
| **Defendants' Exh. 33A** | Designation of Paul Washington deposition testimony in *Granger v. NYC* – p. 88, li. 9 to p. 89, li. 5 |  |  |
| **Defendants' Exh. 34** | Chart on 2010 U.S. Census Bureau Data |  |  |
| **Defendants' Exh. 35A-35G** | FDNY Consideration Reports for Exam 6019 black candidates who received CNS codes |  |  |
| **Defendants' Exh. 36** | June 8, 2009 Protective Order in *Floyd v. City of New York* |  |  |
| **Defendants' Exh. 37** | DCAS Agency Investigation Manual |  |  |
| **Defendants' Exh. 38** | Applicant Data for Exam 2000 on 32nd date of filing period |  |  |
| **Defendants' Exh. 39** | Applicant Data for Exam 6019 on 32nd date of filing period |  |  |
| **Defendants' Exh. 40** | Exam 2500 amended Notice of Examination |  |  |
| **Defendants' Exh. 41** | Applicant Data for Exam 2500 on 25th day |  |  |
| **Defendants' Exh. 41A** | Applicant Data for Exam 2500 on 32nd day |  |  |
| **Defendants' Exh. 42** | NY1 July 18, 2011 news report on recruitment campaign |  |  |
| **Defendants' Exh. 44** | FDNY Fiscal year 2011 EEO report |  |  |

| | | | |
|---|---|---|---|
| **Defendants' Exh. 45** | EEOC – "Pre-employment Inquiries and Arrest & Conviction" | | |
| **Defendants' Exh. 46** | Sherry Kavaler deposition designations – p. 208, li. 16 to p. 209, li. 2, p. 363, li. 11 to p. 364, li. 11. p. 367, li. 19 to p. 368, li. 1, p. 372, li. 13 to p. 373, li. 1, p. 372, li. 13 to 373, li. 6 | | |
| **Defendants' Exh. 47** | EEOC finding re individual referred to in PI Ex. U-5 | | |
| **Defendants' Exh. 48** | FDNY Answer to EEOC charge re individual referred to in PI Ex. U-5 | | |
| **Defendants' Exh. 49** | John Coombs deposition designations – p. 130: li. 1-7 | | |
| **Defendants' Exh. 50** | Line of duty death benefit summary report | | |
| **Defendants' Exh. 51** | Report re applications for line of duty death benefits | | |
| **Defendants' Exh. 52** | Report re applications for WTC line of duty death benefits | | |
| **Defendants' Exh. 54A** | Report re injuries from 1999 to 2011 | | |
| **Defendants' Exh. 55** | EEO Investigation Summary re *Granger v. FDNY* | | |
| **Defendants' Exh. 56** | Report re status of candidates appointed from Exam 7029 | | |
| **Defendants' Exh. 57** | Report re status of candidates appointed from Exam 2043 | | |

In addition to the exhibits listed above, Defendants reserve their right to offer any and all exhibits listed by Plaintiffs-Intervenors. Defendants further reserve their right to amend this list in response to any ruling this Court may make in relation to the motions in limine.

Dated:    New York, New York
             August 18, 2011

                      Respectfully Submitted,

                      **MICHAEL A. CARDOZO**
                      Corporation Counsel of the City of New York
                      Attorney for Defendants
                      100 Church Street
                      New York, New York 10007
                      (212) 788-0881
                      mcardozo@law.nyc.gov

               By: _____
                         Michael A. Cardozo
                         Corporation Counsel