

**U.S. Department of Justice**

Civil Rights Division

---

DK:MLB:EKB:JMS:AKT:BS
DJ 170-51-358

*Employment Litigation Section - PHB*
*950 Pennsylvania Ave, NW*
*Washington DC 20530*
*www.usdoj.gov/crt/emp*

October 17, 2011

*Via ECF*
Hon. Nicholas G. Garaufis
United States District Court
 for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. City of New York, et al., 07-CV-2067 (NGG)(RLM)

Dear Judge Garaufis:

      In accordance with the Court's October 5, 2011 Memorandum and Order (Dkt. 743), Plaintiff United States of America ("United States") and Plaintiffs-Intervenors (hereinafter, jointly "Plaintiffs") respectfully submit their response regarding the scope and terms of the appointment of a Court Monitor to oversee the City's implementation of the injunctive relief proposed by the Court in its Draft Remedial Order, Permanent Injunction, and Order Appointing Court Monitor ("Draft Remedial Order") (Dkt. 743-1), which was attached as an exhibit to the Court's October 5 Memorandum and Order.

      The Plaintiffs generally do not object to the scope and terms of appointment for the Court Monitor as outlined in the Court's Draft Remedial Order, except to the provisions related to *ex parte* communications discussed below. In addition, the Plaintiffs seek clarification regarding certain portions of the Draft Remedial Order.

      Paragraph 66 of the Draft Remedial Order permits the Court Monitor to communicate *ex parte* with a party, including a party's staff or counsel, if reasonably necessary to carry out the Court Monitor's duties. The Plaintiffs object to this provision to the extent that it permits the Court Monitor to engage in *ex parte* communications regarding disputes submitted to the Court Monitor for resolution. *See* FED. R. CIV. P. 53(b) advisory committee's note (2003) ("In most settings, however, ex parte communications with the parties should be discouraged or prohibited.") Additionally, the Plaintiffs believe that, in order to permit a full and fair opportunity for the parties' consideration of responses and/or objections to the recommendations made by the Court Monitor, it is important that those recommendations be based on a record that is available to all parties. Therefore, to the extent that recommendations issued by the Court Monitor rely or are based on *ex parte* communications, the Plaintiffs request that the Draft Remedial Order provide a provision for the parties to seek disclosure of memoranda related to *ex parte* communications with the parties that will be maintained by the Court Monitor as set forth in Paragraph 67.

Paragraph 66 also permits *ex parte* communications between the Court and the Court Monitor. The Plaintiffs do not object to the Court Monitor communicating *ex parte* with the Court regarding the status of the work of the Court Monitor, which the Plaintiffs understand to mean scheduling and other non-substantive issues. However, the Plaintiffs object to the provision allowing the Court Monitor to have *ex parte* communications with the Court on substantive matters because such communications may undermine *de novo* review of the Court Monitor's decisions. *See* FED. R. CIV. P. 53(b) advisory committee's note (2003) ("Ex parte communications between a master and the court present troubling questions. Ordinarily the order should prohibit such communications, assuring that the parties know where authority is lodged at each step of the proceedings.")

In addition, the Plaintiffs seek clarification regarding the roles of the Court Monitor versus the Special Master for test development, Mary Jo White. For example, it is unclear whether Paragraph 15 of the Draft Remedial Order applies to Exam 2000. Paragraph 15 requires the City to obtain the Court Monitor's approval before "tak[ing] any step in any process for the selection of entry-level firefighters, or us[ing] any examination as part of such process." If Paragraph 15 does apply to Exam 2000, it may overlap with the Court's June 1, 2010 Order, which invests Special Master White with the responsibility for "[m]onitoring and reporting on the parties' compliance . . . regarding the development of a new procedure for screening and selecting applicants for the position of entry-level firefighter." Dkt. 448, at ¶ 2(b).[1] Clarification regarding the roles of the Special Master and the Court Monitor with respect to the development and administration of Exam 2000 would be helpful. The Plaintiffs suggest that authority over the development and administration of Exam 2000 should remain solely with Special Master White until the Court approves its use, at which time the Court Monitor should assume sole responsibility for the remaining steps in the process for the selection of entry-level firefighters based on Exam 2000. Further, once the Court approves Exam 2000, the Court Monitor should have sole responsibility for the development of subsequent examinations.

Next, the United States requests that the Court revise Paragraph 17 of the Draft Remedial Order so that it reads, "The City of New York shall not discriminate on the basis of race <u>or national origin</u> against black or Hispanic firefighter candidates in the development or implementation of any process for the selection of entry-level firefighters." This revision would make Paragraph 17 consistent with Paragraph 16, which prohibits retaliation against blacks or Hispanics "on the basis of *race or national origin*." Dkt. 743-1, at ¶ 16 (emphasis added). Similarly, the United States requests that Paragraph 18 of the Draft Remedial Order be revised as follows: "The City of New York shall, with reasonable diligence, take all steps necessary to

---

[1] Likewise, under the Draft Remedial Order, the Court Monitor is expected to adopt a schedule regarding any step in the selection process for entry-level firefighters and the City is required to, among other things, obtain the Court Monitor's approval before commencing any step in the selection process. Dkt. 743-1, at ¶¶ 21-22. This may also implicate Special Master White's responsibilities regarding the schedule related to the Exam 2000 development project. Here, again, Special Master White has been deeply involved in the supervision of the schedule for Exam 2000.

2

eliminate the vestiges of its pattern and practice of discrimination against black <u>and Hispanic</u> firefighter candidates, to remove all barriers to the elimination of these vestiges of discrimination, and to end all policies and practices that have the effect of perpetuating the effects of the City's discrimination against black <u>and Hispanic</u> firefighter candidates." The Plaintiffs-Intervenors support the application of the United States on these points.

In addition, the Plaintiffs seek clarification regarding the process by which the Court Monitor approves the City's retention of independent consultants regarding recruitment and compliance with equal employment opportunity ("EEO") laws and policies. *See id.* ¶¶ 25, 45. Specifically, the Plaintiffs request that any information provided to the Court Monitor regarding the City's recommended candidates for the independent consultant positions be provided to the Plaintiffs, and that the Court Monitor provide an opportunity for the parties to provide input regarding any candidate under consideration.

Finally, the Plaintiffs submit that each party should be provided a copy of the documents and information described in paragraphs 21, 22, 26, 38, 39, 40, 46, 51, and 58.

Respectfully submitted,

Delora L. Kennebrew
Chief
Employment Litigation Section


/s/ ERIC K. BACHMAN
Senior Trial Attorney
Telephone: (202) 305-7883
Facsimile: (202) 514-1005
United States Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, N.W.
Patrick Henry Building, Room 4500
Washington, D.C. 20530


LORETTA E. LYNCH
United States Attorney


/s/ ELLIOT M. SCHACHNER
Assistant United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201-1820

3

Telephone: (718) 254-6053
Facsimile: (718) 254-6479

Counsel for the United States

LEVY RATNER, P.C.

_____

/s/ Richard A. Levy
80 Eighth Avenue
New York, NY 10011
(212) 627-8100
(212) 627-8182 (fax)

Counsel for Plaintiffs-Intervenors