UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

UNITED STATES OF AMERICA,

       Plaintiff,

   -and-

THE VULCAN SOCIETY, INC., *for itself and on behalf of its members*, JAMEL NICHOLSON *and* RUSEBELL WILSON, *individually and on behalf of a subclass of all other victims similarly situated seeking classwide injunctive relief*;

ROGER GREGG, MARCUS HAYWOOD, *and* KEVIN WALKER, *individually and on behalf of a subclass of all other non-hire victims similarly situated*; and

CANDIDO NUÑEZ *and* KEVIN SIMPKINS, *individually and on behalf of a subclass of all other delayed-hire victims similarly situated*,

       Plaintiff-Intervenors,

  -against-

THE CITY OF NEW YORK,

       Defendant.

**ORDER**

**07-CV-2067 (NGG) (RLM)**

-----------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

  The court is in receipt of the parties' and Special Master's joint request that the court reconsider its Order of October 26, 2011. (Joint Letter Motion for Reconsideration (Docket Entry # 753).) The motion for reconsideration is granted.

  The court's Order of October 26, denied, without prejudice, the parties' request to change the administration period of Firefighter Exams 2000 and 2500 to an unspecified "four- to five-week period beginning in late February or March 2012." (Order on Test Administration (Docket

1

Entry # 752) at 2; Joint Letter Motion to Postpone Test Administration (Docket Entry # 751) at 1.) Importantly, the parties' previous submission did not provide a precise examination administration period. (Letter Motion to Postpone Test Administration at 1-2.) As the court noted in its previous Order, in principle the court has no objection to postponing the examination administration for a brief period. The court expressed concern, however, that creating an imprecise deadline for test administration could cause confusion among and provide insufficient notice to the 61,000 candidates who plan to take the examination. (Order on Test Administration at 2.) Furthermore, the court is concerned that granting this request will inevitably create a need for further amended notices, since the parties would eventually propose precise dates and request permission to send another amended notice providing applicants with those precise dates.

      Although the joint request for reconsideration does not alleviate these concerns, it does thoroughly explain why the parties are not able to supply precise dates at this time, and it provides assurances that precise dates will be forthcoming in January. (Letter Motion for Reconsideration at 2.) The court is satisfied that there are legitimate reasons why the parties cannot provide precise dates at this time, and that all the parties are working in good faith to reach a point when they will be able to provide exact dates to the court, and more importantly, to the candidates. Therefore, the court agrees that the risks inherent in such a vague notice are worth taking. The City of New York may send the proposed notices to the candidates. Once again, the court thanks Special Master Mary Jo White for her prompt attention to these matters. SO ORDERED.

Dated: Brooklyn, New York
      October 28, 2011

/s/ Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge