UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

UNITED STATES OF AMERICA,

        Plaintiff,

        -and-

THE VULCAN SOCIETY, INC., *for itself and on behalf of its members,* JAMEL NICHOLSON, *and* RUSEBELL WILSON, *individually and on behalf of a subclass of all other victims similarly situated seeking classwide injunctive relief,*

ROGER GREGG, MARCUS HAYWOOD, *and* KEVIN WALKER, *individually and on behalf of a subclass of all other non-hire victims similarly situated;* and

CANDIDO NUÑEZ *and* KEVIN SIMPKINS, *individually and on behalf of a subclass of all other delayed-hire victims similarly situated,*

        Plaintiff-Intervenors,

        -against-

 THE CITY OF NEW YORK,

        Defendant.

**ORDER ESTABLISHING RATE OF COURT MONITOR COMPENSATION**

07-CV-2067 (NGG) (RLM)

------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

      On November 9, 2011, the court issued an order appointing Mark S. Cohen, founding partner of Cohen & Gresser LLP, as the Court Monitor in this matter. (Order Appointing Monitor (Docket Entry # 758).) The court instructed Mr. Cohen and the City of New York to discuss the terms of compensation and out-of-pocket expenses for the Court Monitor and his staff, and directed Mr. Cohen to submit the proposed terms of compensation to the court. (Id. at 2-3.)

On December 2, 2011, Mr. Cohen wrote a letter to the court regarding the terms of his compensation. (Monitor Letter to Court (Docket Entry # 762).) To this letter, he attached copies of correspondence between himself and the City, reflecting their negotiations over this issue. (See Docket Entries ## 762-1, 762-2, 762-3, 762-4, 762-5.) Despite their best efforts, Mr. Cohen and the City have reached an impasse on the terms of compensation. (See Monitor Letter to Court at 1-2.) Having reviewed the correspondence, which sets forth support for the legal positions and rates advanced by each party (see Monitor Letter to City (Docket Entry ## 762-2), City Letter to Monitor (Docket Entry # 762-3)), the court finds that the fees and staffing structure Mr. Cohen has proposed are reasonable and appropriate.

Mr. Cohen initially proposed compensation at his law firm's ordinary hourly rates, with partners earning compensation of $650-750 per hour, and counsel and associates compensated at lower rates. (Monitor Letter to Court at 1; Monitor Letter to City at 2.) The City initially proposed significantly lower rates of $450 per hour for partners, with associates compensated at lower rates. (See Monitor Letter to Court at 1.) Although, after further discussions with the City, Mr. Cohen agreed to reduce his firm's rate by approximately 15%, the City continues to request rates of no more than $450 per hour for partners and less for other members of the Monitor's team. (See Monitor Letter to Court at 1; Docket Entry # 762-5.) The City's position is based in part on arguments that (1) fees awarded in cases brought under 42 U.S.C. § 1988 provide an appropriate analog for a court monitor's compensation, and (2) compensation should be assessed based on prevailing rates in the Eastern District of New York, without regard to prevailing rates in the Southern District of New York.

It is commonplace for court-appointed monitors to be compensated at their usual hourly rates. See, e.g., Sue Reisinger, "Someone to Watch Over You," Law.com (October 1, 2007) (study

of 28 federal court monitors appointed in districts including the E.D.N.Y. by the Department of Justice) and cases cited therein; United States Commodities Futures Trading Comm'n v. BP Products North Amer. Inc., No. 06-CV-350, 2007 WL 3407430, at *19 (N.D. Il. Oct. 25, 2007) (directing that court monitor and staff be compensated at their "typical hourly rates" in matter involving city hiring practices).[1] Compensation for monitors in some cases is as high as $800 to $1000 per hour. See Reisenger supra. Other court monitor compensation agreements, not fees in § 1988 cases, provide the most appropriate gauge in the instant case.[2]

Even without the 15% reduction that they have offered, Cohen & Gresser's rates are reasonable. The firm's normal rates are considerably below market. (See Monitor Letter to City at 6.)[3] In fact, the court monitor candidates that *the City* proposed all work at major Manhattan law firms that charge hourly rates comparable to or higher than Cohen & Gresser's.[4] The court will, however, hold Mr. Cohen to his offer to reduce the firm's rates in this matter by approximately 15%, as follows:

| | |
|---|---|
| Partners | $ 525 to $ 650 per hour |
| Counsel | $ 450 to $ 550 per hour |
| Associates | $ 250 to $ 525 per hour |

---

[1] As a report of the Federal Judicial Center indicates, special masters' compensation is typically their "standard hourly rate" in addition to costs and expenses. Thomas E. Willging et al., Federal Judicial Center, "Special Masters' Incidence and Activity" at 42 (2000) (available at http://www.fjc.gov/public/pdf.nsf/lookup/SpecMast.pdf/$file/SpecMast.pdf).

[2] Although the City cites to several § 1988 cases in which courts found rates of $300 to $400 to be reasonable (see Docket Entry # 762-1), lawyers in these cases are frequently compensated at their normal hourly rates. See e.g., Lowrance v. Coughlin, 88 Civ. 3343 (LBS), 1995 WL 103277, at *1 (S.D.N.Y. Mar. 8, 1995) (approving Paul, Weiss, Rifkind, Wharton & Garrison LLP's standard rates); Rodriguez ex rel. Kelly v. McLoughlin, 84 F. Supp. 2d 417, 421-22 (S.D.N.Y. 1999) (approving Chadbourne & Parke LLP's standard rates and collecting cases). Even if the court were to consider § 1988 cases, which it does not, these cases would not necessarily counsel for the significant reduction that the City proposes.

[3] Cohen & Gresser is a Manhattan-based law firm, and the court's consideration of the operating costs and prevailing rates for lawyers in Manhattan is appropriate. While this case is being litigated in the Eastern District of New York, the Fire Department operates within both the Eastern and Southern Districts, and the Court Monitor's work will span multiple boroughs. The court further notes that all of candidates that the City proposed to serve in this role are based in Manhattan. Additionally, even if the court were to consider only the prevailing rates within the Eastern District of New York, Mr. Cohen's proposal is well within that range.

[4] The identities of the court monitor candidates that the City proposed and the law firms these candidates represent are known to the parties. Mr. Cohen states that the "hourly rates charged by attorneys at those firms typically exceeds [Cohen & Gresser's] standard rates by 25% or more." (Monitor Letter to City at 6.)

    Paralegals  $ 100 to $ 225 per hour

 This Court Monitor's role is a difficult one. Especially at the outset, this complicated project will require a significant expenditure of time. The court finds that, in light of the tasks that the Monitor must perform (see Remedial Order (Docket Entry # 765)), Mr. Cohen's staffing proposal is eminently reasonable. Mr. Cohen and the City are free to renegotiate both the rates of compensation and staffing after the first two years of this monitorship.

 Finally, the court notes that, to a great degree, the amount of money the City must expend is in its own hands. The City's overall conduct and level of cooperation will significantly impact the number of hours that the Court Monitor and his team must expend. To the extent that the City demonstrates a positive compliance attitude, the important work of ridding the Fire Department of the vestiges of discrimination will move more expeditiously and thus, cost the City less.

 As set forth in the court's Remedial Order, the Court Monitor shall submit an itemized statement of fees and expenses to the court every 60 days. (Remedial Order ¶ 74.) If the court determines the Monitor's fees and expenses are reasonable, and consistent with the hourly rates set forth above, the court will approve them and transmit a summary of fees and expenses to the parties. The City shall remit to the Court Monitor payment for the full court-approved amount within 20 days of approval. (Id.) Any failure to remit payment in a timely fashion as required by this Order and the court's Remedial Order, will result in the imposition of monetary and other penalties and/or sanctions.

SO ORDERED.

                                /s/ Nicholas G. Garaufis
Dated: Brooklyn, New York            NICHOLAS G. GARAUFIS
   December 9, 2011            United States District Judge