KEITH M. SULLIVAN, ESQ.                                                JAMES J. GALLESHAW, ESQ.

# SULLIVAN & GALLESHAW, LLP
## Attorneys-at-Law

108-15 Crossbay Blvd., Queens, NY 11417
P (718) 843-0300  F (718) 228-7010

December 13, 2011

*Via ECF Filing & Facsimile*
Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   **USA v. City of New York**
               **Civ. Action No.: 07-cv-2067 (NGG) (RLM)**

Dear Judge Garaufis,

      This office represents Gregory Della Valle, a United States Marine Corp Combat Veteran. As you may recall, I previously contacted this Court on his behalf seeking clarification of a prior ruling which directly impacts Mr. Della Valle. That correspondence was removed from PACER without comment or communication. In subsequent conversations with your part, I was advised that this may be better addressed as a motion to intervene. For the integrity of your review, a copy of that filing is annexed hereto.

      By way of background, Mr. Della Valle served in Afghanistan and Iraq for a combined total of fourteen months. He received several campaign awards and ribbons along with his unit during the months he served in Afghanistan and Iraq. Additionally, he was the recipient of two Combat Action Ribbons and a Certificate of Commendation, all individual awards.

      The purpose of this correspondence is to seek clarification from the Court with respect to a prior order issued by this Court in order to ascertain if the defendant, The City of New York, is acting in accordance with that order in their treatment and communications with Mr. Della Valle.

      At this juncture, I would ask the court for permission to file a motion to intervene pursuant to FRCP Rule 24, for the limited purpose of seeking clarification of this courts prior order and to ascertain if the defendant, The City of New York is acting in compliance with said order.



www.SullivanGalleshaw.com

One of the rationales behind Rule 24 is to promote judicial economy by facilitating participation of interested parties in others' lawsuits. I submit that this matter can be expeditiously resolved through a mere clarification of the order in question and an acknowledgment from the defendant, The City of New York, that they will abide by such order.

Over the past few weeks I have been contacted by several veterans who claim to be similarly situated to Greg Della Valle. It is my understanding that there are a total of 18 service members who may fall into this category. As such, there will undoubtedly be multiple lawsuits filed along with applications seeking to prevent The City of New York from utilizing the upcoming test and its results. That is a potential scenario that all should strive to prevent from occurring. This office represents Mr. Della Valle pro-bono and will continue to do so even if additional litigation becomes necessary. However, many of the other veterans will be compelled to incur significant legal fees through other firms who will represent them, fees that may be sought against The City of New York where applicable.

As the prior correspondence for relief is annexed hereto, I will briefly set forth the issue and ask the Court to review the annexed correspondence in conjunction with this request.

On February 28, 2011, this Court issued a ruling under document #619-4. Page 7, paragraph 11, states, that the City shall not use the Exam 2043 eligible list "in any way in selecting or appointing entry-level firefighters **other than for those persons on special military lists derived from exam 2043**".

Greg Della Valle is on special military list from exam #2043. He has been advised by DCAS that his guaranteed hire as a member of the Exam #2043 special list under Military Law §243 had been vacated since more than two years had passed from when he was initially placed on that list. It would appear that The City of New York, by taking such position may be doing so in violation of this Court's Order in this case under document #619-4. After being informed by DCAS that his military list status was no longer valid, DCAS received an outpouring of support on behalf of Mr. Della Valle. Accordingly, a letter dated March 29, 2011 from the Deputy General Counsel of DCAS stated that such a determination shall be made by Your Honor at an unknown date.

Respectfully, I am requesting a clarification from this Court as to whether Gregory Della Valle is still considered a member of the special military list and will not be required to take Exam #2000 or in the alternative granting permission to file a motion to intervene on Mr. Della Vales behalf.

It would stand to reason, that based upon this Court's Order, the special military list from Exam #2043 is to be honored and Greg Della Valle does not need to sit for the upcoming exam. As a precautionary measure, he timely filed an application to take the exam.

I thank you for your time and attention to this very important matter. Should you have any questions or concerns, please do not hesitate to contact me.

Sincerely,

Keith M. Sullivan (1650)

SULLIVAN & GALLESHAW, LLP

KEITH M. SULLIVAN, ESQ.                                    JAMES J. GALLESHAW, ESQ

# SULLIVAN & GALLESHAW, LLP
## Attorneys-at-Law

108-15 Crossbay Blvd., Queens, NY 11417
P (718) 843-0300  F (718) 228-7010

November 6, 2011

*Via ECF Filing & Facsimile*
Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: USA v. City of New York
     **Civ. Action No.: 07-cv-2067 (NGG) (RLM)**

Dear Judge Garaufis,

  This office represents Gregory Della Valle.

  Mr. Della Valle is a 26 year-old United States Marine Corp Combat Veteran. He served in both Afghanistan and Iraq for a combined total of fourteen months. In addition to receiving several campaign awards and ribbons along with his unit during the fourteen months he served in Afghanistan and Iraq. Additionally, he was awarded individual awards as well. He received two Combat Action Ribbons, one in Afghanistan and the other in Iraq as well a Certificate of Commendation while in Iraq.

  The purpose of this correspondence is to seek clarification from the Court with respect to a prior order issued by this Court in order to ascertain if the defendant, The City of New York, is acting in accordance with that order.

  Specifically, I draw the Court's attention to document #619-4, page 7, paragraph 11, which states in substance, that the City shall not use the Exam 2043 eligible list "in any way in selecting or appointing entry-level firefighters **other than for those persons on special military lists derived from exam 2043**".

  In December 2002, Gregory Della Valle took FDNY Exam #2043. Several months later, still attending high school, he was sworn in as a United States Marine in March 2003.



www.SullivanGalleshaw.com

Upon obtaining his high school diploma, he commenced active duty with the United States Marine Corp in January of 2004. In November 2004, he was deployed to Afghanistan and stationed in the Korengal Valley in the Kunar Province. This area of Afghanistan has been termed "The Valley of Death" and served as the basis of Sebastian Junger's best-selling book *War*, and the subsequent documentary film *Restrepo*, which highlighted the brutal and fierce fighting in the valley that members of the military service were subjected to.

Based upon his score on Exam #2043, the Department of Citywide Administrative Services (DCAS) contacted him in late 2004 requesting he complete the physical examination. At that time he was already deployed in Afghanistan and apprised DCAS accordingly. He was advised by DCAS that upon completion of his service, he should provide his discharge papers, also known as a DD-214, to DCAS at which time he would be given a physical examination. Upon passing the physical examination, he would then be placed on a special military list and would automatically be hired in the next available class.

Mr. Della Valle's official "End of Active Service" date from the military is January 4, 2008. However, he went on permanent leave with his accrued vacation days on November 28, 2007. Immediately upon returning home he went in person to DCAS, supplied his necessary paperwork and requested that he be administered the physical examination so that he could be hired by the FDNY in the next upcoming class. Despite weekly phone calls to DCAS he was not given a physical examination until August of 2008. Had the City of New York not unnecessarily, and without good cause, delayed in offering this veteran a physical exam for eight months, he could have entered the FDNY academy in July 2008 with the last class that had been hired. As such, this correspondence would be a moot issue. Unfortunately, it is not.

Pursuant to Military Law §243, on September 23, 2008, Mr. Della Valle was placed on what is commonly referred to as the "special military list." In effect, he would have been a guaranteed hire in the next academy class. He was scheduled to enter the FDNY probationary class planned for January 2009. That class was postponed indefinitely due to the pending litigation instituted by The Department of Justice and The Vulcan Society.

Pursuant to this Court's order, the City of New York has been unable to commence any FDNY academy classes and is essentially under a 'hiring freeze' until the issues in this case are resolved or The City of New York opts to hire applicants pursuant to one of the formulaic options previously set forth by your Honor.

For the past year, Greg Della Valle has requested confirmation from DCAS whether he is still an eligible hiree based on the special military list from Exam #2043. Despite letters from numerous politicians who have taken up his plight to date, no one has been able to provide him with a clear satisfactory answer. Many of these letters sent from Assemblymen and Congressmen were directed to Mayor Michael Bloomberg and included a copy to FDNY Commissioner Sal Cassano as well as other high-ranking officials within New York City.

Recently, Mr. Della Valle was advised by DCAS that his guaranteed hire as a member of the Exam #2043 special list under Military Law §243 had been vacated since more than two years had passed from when he was initially placed on that list. It would appear that The City of

SULLIVAN & GALLESHAW, LLP

New York, by taking such position may be doing so in violation of this Court's Order in this case under document #619-4. After being informed by DCAS that his list military status was no longer valid, DCAS received an out pouring of support for Mr. Della Valle. Accordingly, a letter dated March 29, 2011 from the Deputy General Counsel of DCAS stated that such a determination shall be made Your Honor at an unknown date.

Additionally, on August 5, 2011, through its attorneys, the Uniformed Firefighter's Association of Greater New York filed a letter with this Court under document #704 stating "…the Court should require that all candidates eligible for priority hire in the remedy phase of this case, be required to take and pass written Exam No. 2000 before they could be considered qualified for employment as firefighters." The letter went on to explain that this position would ensure priority hires possess minimal job-related skills and would not be viewed with skepticism by fellow firefighters. Practically speaking, it would appear that UFA's position includes those who would have been on special military list from Exam #2043. If so, their position would serve no legitimate purpose and will negatively impact a decorated Combat Marine Corp Veteran, Gregory Della Valle, in addition to the other 17 veterans similarly situated on Exam #2043 special military list. I am certain that this is not the intended purpose of the UFA's position.

Respectfully, I am requesting a clarification from this Court as to whether Gregory Della Valle is still considered a member of the special military list and will not be required to take Exam #2000, currently scheduled to be administered in February or March 2012. It would stand to reason, that based upon this Court's Order, the special military list from Exam #2043 should be held in abeyance, as opposed to adhering to a strict two-year deadline such as the one DCAS appears to have done, as the FDNY's ability to hire incoming academy classes have been for over three-and-a-half years. Further, if it is determined by this Court that Greg Della Valle is a mandatory hire from the special military list, I request confirmation that he receive the proper retroactive seniority credits available to him under Military Law §243.

In closing, I must highlight, although embarrassingly, that as much as one's ethnicity may play a significant role to some in the hiring of future FDNY applicants and, indeed, is at the very core of this lawsuit, I would be remiss in my obligations if I did not state that Greg Della Valle is of Hispanic descent. I believe firmly that he should be hired not because of the color of his skin or his ethnic roots -mere pedigree over which he had no control- but rather, based purely on the merit and worth of his character and abilities which he has nobly demonstrated by passing Exam #2043 and through his brave voluntary service to this Country. Citizens of New York City and the FDNY should be proud to have a true man like Greg Della Valle serve as a firefighter.

Lastly, via this correspondence, I ask that all of the litigants in this action join in supporting this request and publically state their position as to the validity of Greg Della Valle's status on the special military list as well as to the additional 17 members on that list.

For the integrity of the Court's review, I have attached the various documents discussed above, except for those documents that are part of Court record.

SULLIVAN & GALLESHAW, LLP

I thank you for your time and attention to this very important matter. Should you have any questions or concerns, please do not hesitate to contact me.

Sincerely,

*[signature]*

Keith M. Sullivan (1650)

SULLIVAN & GALLESHAW, LLP

| CAUTION: NOT TO BE USED FOR IDENTIFICATION PURPOSES | THIS IS AN IMPORTANT RECORD. SAFEGUARD IT. | ANY ALTERATIONS IN SHADED AREAS RENDER FORM VOID |

## CERTIFICATE OF RELEASE OR DISCHARGE FROM ACTIVE DUTY

| 1. NAME (Last, First, Middle) | 2. DEPARTMENT, COMPONENT AND BRANCH | 3. SOCIAL SECURITY NUMBER |
|---|---|---|
| DELLA VALLE, Gregory Alfred | USMC-11 | |

| 4a. GRADE, RATE OR RANK | 4b. PAY GRADE | 5. DATE OF BIRTH (YYYYMMDD) | 6. RESERVE OBLIGATION TERMINATION DATE (YYYYMMDD) |
|---|---|---|---|
| | E-4 | 19850127 | 20110310 |

| 7a. PLACE OF ENTRY INTO ACTIVE DUTY | 7b. HOME OF RECORD AT TIME OF ENTRY (City and state, or complete address if known) |
|---|---|
| New York MEPS Brooklyn, NY 11252-6700 | |

| 8a. LAST DUTY ASSIGNMENT AND MAJOR COMMAND | 8b. STATION WHERE SEPARATED |
|---|---|
| HQCO 3DMAR 3DMARDIV MCBH KBAY HI (MCC 130) | MCBH KBAY HI (RUC 45650) |

| 9. COMMAND TO WHICH TRANSFERRED | 10. SGLI COVERAGE | NONE |
|---|---|---|
| CG, Marine Corps Mobilization Command, 15303 Andrews Road, Kansas City, MO 64147-1207 (RUC 36005) | AMOUNT: $ 400,000 | |

| 11. PRIMARY SPECIALTY (List number, title and years and months in specialty. List additional specialty numbers and titles involving periods of one or more years.) | 12. RECORD OF SERVICE | YEAR(S) | MONTH(S) | DAY(S) |
|---|---|---|---|---|
| 0311, Rifleman, 3 years 7 months | a. DATE ENTERED AD THIS PERIOD | 2004 | 01 | 05 |
| | b. SEPARATION DATE THIS PERIOD | 2008 | 01 | 04 |
| | c. NET ACTIVE SERVICE THIS PERIOD | 04 | 00 | 00 |
| | d. TOTAL PRIOR ACTIVE SERVICE | 00 | 00 | 00 |
| | e. TOTAL PRIOR INACTIVE SERVICE | 00 | 00 | 00 |
| | f. FOREIGN SERVICE | 01 | 03 | 03 |
| | g. SEA SERVICE | 00 | 00 | 12 |
| | h. EFFECTIVE DATE OF PAY GRADE | 2006 | 09 | 01 |

| 13. DECORATIONS, MEDALS, BADGES, CITATIONS AND CAMPAIGN RIBBONS AWARDED OR AUTHORIZED (All periods of service) | 14. MILITARY EDUCATION (Course title, number of weeks, and month and year completed) |
|---|---|
| Combat Action Ribbon, Afghanistan; Navy Meritorious Unit Commendation; Marine Corps Good Conduct Medal; National Defense Service Medal; Afghanistan Campaign Medal, Afghanistan; Iraq Campaign Medal, Iraq; Global War on Terrorism Service Medal; Sea Service Deployment Ribbon (2nd Awd); Certificate of Commendation (Individual Award); Certificate of Appreciation; Rifle Sharpshooter Badge | Recruit Training (Male), 13 wks, Apr 2004; Basic Infantryman Course, Jun 2004; Rifleman, 6 wks, 2004; Fast Rope Master Course, 2006 |

| 15a. MEMBER CONTRIBUTED TO POST-VIETNAM ERA VETERANS' EDUCATIONAL ASSISTANCE PROGRAM | | YES | X | NO |
|---|---|---|---|---|
| b. HIGH SCHOOL GRADUATE OR EQUIVALENT | | X | YES | NO |

| 16. DAYS ACCRUED LEAVE PAID RLB 0.5 | 17. MEMBER WAS PROVIDED COMPLETE DENTAL EXAMINATION AND ALL APPROPRIATE DENTAL SERVICES AND TREATMENT WITHIN 90 DAYS PRIOR TO SEPARATION | YES | NO |
|---|---|---|---|
| | | | X |

**18. REMARKS**
Non-Creditable Delayed Entry Program time: 00 years 09 months 24 days (20030311-20040104).
Item 18 CONT: SLB 00.
Good Conduct Medal period commences: 20070105.
Contributed to MGIB: $1200.00.
Received Hostile Fire Pay from (20041101-20050630) for Afghanistan; (20060301-20061031) for Iraq.
Subject to active duty recall and/or annual screening.
While a member of the Marine Corps Reserve, you will keep the Commanding General, MOBCOM (Toll free 1-800-255-5082) informed of any change of address, marital status, number of dependents, civilian employment, or physical standards.
SER: 45650-2007-0901

The information contained herein is subject to computer matching within the Department of Defense or with any other authorized Federal or non-Federal agency for verification purposes and subsequently for pursuing any administrative, criminal or civil action against the individual for violating regulations or laws.

| 19a. MAILING ADDRESS AFTER SEPARATION (Include ZIP Code) | 19b. NEAREST RELATIVE (Name and address - include ZIP Code) |
|---|---|
| | |

| 20. MEMBER REQUESTS COPY 6 BE SENT TO | NY | DIRECTOR OF VETERANS AFFAIRS | X | YES | NO |
|---|---|---|---|---|---|

| 21. SIGNATURE OF MEMBER BEING SEPARATED | 22. OFFICIAL AUTHORIZED TO SIGN (Type name, grade, title and signature) |
|---|---|
| [signature] | J. E. HUDSON III, CWO2, Personnel Officer, By direction [signature] |

### SPECIAL ADDITIONAL INFORMATION (For use by authorized agencies only)

| 23. TYPE OF SEPARATION | 24. CHARACTER OF SERVICE (Include upgrades) |
|---|---|
| RELEASED FROM ACTIVE DUTY | HONORABLE |

| 25. SEPARATION AUTHORITY | 26. SEPARATION CODE | 27. REENTRY CODE |
|---|---|---|
| MARCORSEPMAN par 1005 | MBK | RE-1A |

| 28. NARRATIVE REASON FOR SEPARATION |
|---|
| COMPLETION OF REQUIRED ACTIVE SERVICE |

| 29. DATES OF TIME LOST DURING THIS PERIOD (YYYYMMDD) | 30. MEMBER REQUESTS COPY 4 (Initials) |
|---|---|
| None | [initials] |

DD FORM 214, FEB 2000                    PREVIOUS EDITION IS OBSOLETE.                    MEMBER - 4



**DEPARTMENT OF CITYWIDE ADMINISTRATIVE SERVICES**
DIVISION OF CITYWIDE PERSONNEL SERVICES

One Centre Street, 21st Floor South
New York, NY 10007
(212) 669-2244 • Fax: (212) 669-3101/2
Email: jhein@dcas.nyc.gov

Martha K. Hirst
*Commissioner*

James G. Hein
*Deputy Commissioner*

*Citywide Personnel Services*

September 26, 2008

Mr. Gregory Dellavalle

*Facilities Management & Construction*

, NY

Re: Firefighter, Exam No. 2043, List No. 4882.5

Dear Mr. Dellavalle:

Please be advised that a review of our records indicates that, as a result of your special military make-up examination, your name was inserted on the subject list on September 23, 2008. Your list number is as indicated above.

*Municipal Supply Services*

Under Section 243 of State Military Law, any candidate whose name is reached for consideration of appointment during the period of their active military service will have their name placed on special eligible list following the termination of their military duty.

*Real Estate Services*

A determination of your rights under Section 243 will be made at the time of your separation from service. Therefore upon your release from active duty, you must report to the Personnel Audits and Transactions Unit of this department on the 21st Floor at the above address, within 90 days if your examination was open competitive or within 60 days if your examination was for promotion. At that time you must present your separation papers from service (DD-214) for a determination of your rights under State Military Law. If you have college credits, please bring along your transcript of records.

*Citywide Equal Employment Opportunity*

If it is determined that you are eligible for the above-mentioned rights, then your eligibility on a special list begins immediately following your separation from service. Accordingly, it is in your best interest to report as soon as possible following termination of military duty.

*Citywide Occupational Safety & Health*

Please be advised that there are additional requirements under the law that will be reviewed when you submit your papers.

*Transportation Services*

If you have any further questions concerning this matter, please feel free to contact me at the above address.

Very truly yours,

Martha G. Pierre
Director, Certification Division
Civil Service Administration

*The City Record*

*CityStore*

MGP/jc

The Official New York City Web Site
www.nyc.gov



**DEPARTMENT OF CITYWIDE ADMINISTRATIVE SERVICES**
OFFICE OF CITYWIDE PERSONNEL SERVICES

One Centre Street, 21st Floor
New York, NY 10007
(212) 669-2244 • Fax: (212) 669-3101/2
Email: jhein@dcas.nyc.gov

| Martha K. Hirst | James G. Hein |
|---|---|
| *Commissioner* | *Deputy Commissioner* |

November 20, 2008

Mr. Gregory Dellavalle

Eligible List: Firefighter
Exam No.: 2043
List No.: 4882.5
Soc. Sec. No.:
Calendar No.: 71

Dear Mr. Dellavalle:

Your request regarding a determination of your rights under Section 243 of the New York State Military Law has been reviewed and approved.

Your name was placed on the special military list on September 23, 2008. Any appointment will be subject to an investigation of your background and qualifications and a pre-appointment medical examination.

If appointed from the special military list, you will be assigned a retroactive seniority date of January 21, 2008. This seniority is credited as actual City service in meeting the eligibility requirements for promotional examinations.

The special military list remains in existence for a period not to exceed two years from the date your name was placed on the list. In your case the special military list will terminate on September 23, 2010. Please note this date since you will not receive additional notice of the expiration of the list.

In order to be further considered for appointment, you must complete additional steps in the selection process. To initiate this process you should now appear in person at the New York City Fire Department, to see Ms. M. Prather, in the Application Investigation Unit, 9 Metrotech Center, Rm. 6W-1, Brooklyn, NY 11201.

If you have any questions regarding this matter please call Ms. Martha G. Pierre at (212) 669-2465.

Very truly yours,

Maria DiPaola
Associate Commissioner
Civil Service Administration

MD/jc
c: D. Queenan, Fire Dept.
c: M. Prather, Fire Dept.

*Sidebar:* Citywide Personnel Services · Facilities Management & Construction · Municipal Supply Services · Real Estate Services · Citywide Equal Employment Opportunity · Citywide Occupational Safety & Health · Transportation Services · The City Record · CityStore

The Official New York City Web Site
www.nyc.gov



# FIRE DEPARTMENT
9 METROTECH CENTER        BROOKLYN, N.Y. 11201-3857

DONAY J. QUEENAN                (718) 999-2165, 2166
*Assistant Commissioner*         Fax: (718) 999-0108
*for Human Resources*

04882.5                                    **December 11, 2008**
GREGORY A DELLAVALLE

    NY

Dear Firefighter Eligible:

We regret to inform you that the January 2009 Probationary Firefighter Class has been postponed indefinitely due to the city's budgetary concerns.

<u>The offer of employment you received in our letter of December 7, 2008 is hereby rescinded.</u> Probationary Firefighter training <u>will not begin</u> on Monday, January 5, 2009.

<u>Do not resign any current position of employment.</u>

<u>Do not report</u> to the Bureau of Training at Randall's Island on December 16, 2008.

<u>Do not submit a money order</u> made payable to the NYC Office of the Clerk in the amount of $9.00.

You will be notified at such time as a new class date may be established.

Thank you for your patience.

                    Sincerely,

                    Donay J. Queenan



**THE ASSEMBLY
STATE OF NEW YORK
ALBANY**

ROBERT J. CASTELLI
Assemblyman 89th District

RANKING MINORITY MEMBER
Committee on Veterans' Affairs

COMMITTEES
Environmental Conservation
Governmental Operations
Election Law
Alcoholism & Substance Abuse

MINORITY TASK FORCES
Crime in Our Community/
Sex Offender Watch
Tax Relief

April 26th, 2011

Mayor Michael R. Bloomberg
City Hall
New York, NY 10007

119 Washington Ave
Albany, NY 12210

Dear Mayor Bloomberg:

    I am writing to you in reference to the plight of Corporal Greg Della Valle, who, by a sad trick of fate, has been excluded from the FDNY appointment list, through no fault of his own.

    Corporal Della Valle is a decorated Marine who served his Country in both the Iraq and Afghanistan wars.

    He passed the FDNY exam in 2002, but was deployed shortly thereafter.

    Under current Civil Service laws, Corporal Della Valle's name was put on the "special military list" until his enlistment ended. Upon discharge, he was to be given a physical and put in the next FDNY academy class.

    When this young Marine completed his military service, on November 28th 2007, he immediately went to the Department of Citywide Administrative Services, and gave them the appropriate information to be put in the next class.

    Corporal Della Valle was persistent and continued to contact DCAS weekly to schedule the physical so he could enroll in the next FDNY academy class, which was to start in July 2008.

    DCAS refused to give Corporal Della Valle a physical until August of 2008. He was to be hired into the January 2009 class, but said class was cancelled due to city budget woes.

    No class has been hired since then, due to a Federal court ruling that the FDNY hiring process potentially discriminated against African-Americans and Hispanics.

    Ironically, Corporal Della Valle is Hispanic, and scored high enough to earn his spot with the FDNY, but the ruling is preventing him from serving as a firefighter.

DCAS recently informed Corporal Della Valle that he was going to be removed from "special military list" because he had been on it for too long. This would now require him to start the entire process over, take a new test, and repeat the process that he began nine years ago.

Corporal Della Valle is a highly decorated Marine, who when his Country needed him, answered the call. He put his life on the line for his Country and community, on countless occasions.

It is a sad irony that as a result of this selfless service, he is being denied the chance to serve on the FDNY.

As a former police officer, I recognize that good police officers, jurists, and public officials often need to temper the letter of law, with the spirit of the law. It is quite obvious in this case that while the letter of the law is being followed, the spirit of the law is being violated and will have a deleterious effect on this fine young veteran who risked so much for us.

I respectfully request that you personally review the case of Corporal Della Valle, and temper the letter of the law with the spirit of the law and return him to the "special military list" so as to allow this fine young man an opportunity to serve us once again.

It would be my great pleasure and privilege to assist you in facilitating this correction by any means I can do so, and I thank you in advance for your time and consideration of this important matter.

Respectfully yours,

ROBERT J. CASTELLI
Member of Assembly

CC:
State Senator Kemp Hannon, 6th Senate District
Assemblyman Joseph S. Saladino, 12th Assembly District
William Kraus, Acting Director, New York State Division of Veterans Affairs
Howard Wolfson, Deputy Mayor for Government Affairs
Haeda Mihaltses, Director, NYC Office of Intergovernmental Affairs
Micah C. Lasher, Director, NYC Office of State Legislative Affairs
Commissioner Edna Wells Handy, NYC DCAS
Commissioner Salvatore J. Cassano, FDNY
Associate Commissioner Caroline Kretz, FDNY Office of Intergovernmental Affairs
Jennine Ventura, NYC DCAS Intergovernmental Affairs



**THE ASSEMBLY
STATE OF NEW YORK
ALBANY**

JOSEPH S. SALADINO
Assemblyman 12th District
Nassau County

Assembly Minority
Review Committee

RANKING MINORITY MEMBER
Governmental Employees Committee

COMMITTEES
Environmental Conservation
Education
Governmental Operations
Labor

May 16, 2011

Mayor Michael R. Bloomberg            RE: Greg Della Valle
City Hall
New York, NY 10007

Dear Mayor Bloomberg:

I have been informed of a situation regarding my constituent, Greg Della Valle of
                    NY      , who is a decorated U.S. Marine and attempting to
join the FDNY. Further information can be referenced in the attached letter you received
from my colleague Assemblyman Robert Castelli. I would greatly appreciate if you could
have a member of your staff review the information to determine if anything can be done
to rectify this situation.

Thank you for your time and attention to this important matter.

Sincerely,

Joseph S. Saladino
Member of Assembly

March 29, 2011

Mr. Gregory Della Valle
132 Baldwin Drive
West Hempstead, NY 11552

Dear Mr. Della Valle:

Your recent communications regarding your status as a candidate for the position of Firefighter – as well as communications sent on your behalf – have been forwarded to my attention for a response.

First, please know that both the City and the Department of Citywide Administrative Services ("DCAS") are extraordinarily grateful for the services you have rendered for our country. We strive always to provide all who have served with every right to which they are entitled.

With respect to your candidacy for Firefighter from Examination No. 2043, you are no doubt aware that that examination, as well as the earlier Firefighter examination (Exam No. 7029), have been the subject of extensive federal litigation challenging the validity of those exams. How any remaining candidate on those eligible lists may be considered for an appointment is a determination which will, ultimately, be made by federal district court Judge Nicholas Garaufis. However, it is fully expected that all affected candidates will be provided an opportunity to explain to the Court their position as to why they deserve an opportunity to be considered for an appointment. When a date for such an opportunity is determined by the Court, you will certainly be notified in writing.

Again, we are grateful for your service and we wish you well in all your future endeavors.

Very truly yours,

Mitchel I. Pollack
Deputy General Counsel