## LEVY RATNER, P.C.
Attorneys at Law
80 Eighth Avenue, 8th Floor
New York, New York 10011-5126

Telephone (212) 627-8100
Telecopier (212) 627-8182
www.levyratner.com

Richard A. Levy
Daniel J. Ratner
Daniel Engelstein[*]
Gwynne A. Wilcox[▲]
Pamela Jeffrey
Owen M. Rumelt
Kevin Finnegan
Carl J. Levine[♦]
David Slutsky[♦]
Allyson L. Belovin
Suzanne Hepner[*]
Richard Dorn
Robert H. Stroup

Dana E. Lossia[♦]
Susan J. Cameron[♦]
Micah Wissinger[*]
Ryan J. Barbur
Vanessa Flores[♦]
Alexander Rabb
Michael R. Hickson
Shira T. Roza
Laureve D. Blackstone[♦]

Counsel:
Paul Schachter[♦]
Anthony DiCaprio
Michael Steven Smith
David P. Horowitz[†]

January 5, 2012

*VIA ECF*

Hon. Nicholas G. Garaufis
United States District Court for the
  Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 05 2012 ★
BROOKLYN OFFICE

Re:  United States, et al. v. City of New York
     Civ. Action No. 07-cv-2067 (NGG) (RLM)

Dear Judge Garaufis:

On December 8, 2011, the City appealed from Your Honor's decision finding the City liable for disparate treatment discrimination (Dkt # 385) and from the December 8, 2011 remedial order and permanent injunction and underlying documents (Dkt #s 741, 743, 758, 765). The Court of Appeals has approved an expedited appeal schedule which calls for the City to perfect its appeal by January 17, 2012 and for Plaintiffs-Intervenors to respond by March 2, 2012.

Plaintiffs-Intervenors wish to avoid a separate, duplicative appeal concerning their disparate treatment claims against Mayor Bloomberg and former Fire Commissioner Scoppetta, perhaps more than a year in the future. For that reason, Plaintiffs-Intervenors will move the Court, pursuant to Federal Rule of Civil Procedure 54(b), for entry of a partial final judgment as to their claims against Bloomberg and Scoppetta, so that the Court's dismissal of those claims may be appealed at the same time as the finding of municipal liability for intentional discrimination.

<u>The Basis for the Rule 54(b) Motion</u>

In an action involving multiple parties, a court may enter final judgment as to some of the parties if: (1) the rights of those parties have been finally decided, and (2) there is "no just reason for delay" in entering the final judgment. *See* Fed.R.Civ.P. 54(b); *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 7-8 (1980); *Ginett v. Computer Task Group, Inc.*, 962 F.2d 1085, 1091 (2d Cir. 1992).

56-001-00001: 10080403

[♦]Admitted in NY, MA and DC    [▲]Admitted in NY and NJ    [*]Admitted in NY and CT    [♦]Admitted in NY and DC    [†]Admitted in NY and MA

Hon. Nicholas G. Garaufis
January 5, 2012
Page 2

The Court's January 13, 2010 decision concerning Plaintiffs-Intervenors' claims against Bloomberg and Scoppetta (Dkt # 385) is final for Rule 54(b) purposes because it "ends the litigation [of those claims] on the merits and leaves nothing for the court to do but execute the judgment." *Ginnett*, 962 F.2d at 1092; *Capital Distribution Serv's, Ltd v. Ducor Express Airlines, Inc.*, 462 F.Supp.2d 354, 358 (E.D.N.Y. 2006)(partial summary judgment on claim against one of several defendants was "final" for Rule 54(b) purposes).

There is no just reason for delaying entry of final judgment on the claims against Bloomberg and Scoppetta. As the Second Circuit has explained, the only claims that are *in*appropriate for 54(b) certification are those that are "inextricably interrelated" with claims that are still remaining before the district court. Here, the remaining issues pending in the district court – concerning test development, back pay, compensatory damages and priority hiring – are entirely separate from the claims against Bloomberg and Scoppetta. Moreover, it would be a waste of judicial resources for the Court of Appeals to review the voluminous evidence related to the municipal liability finding – which is closely factually related to the individual claims against Bloomberg and Scoppetta – only to be compelled to re-review that same evidence at a later time in connection with an appeal of the dismissal of the individual claims.

### Proposed Briefing Schedule

Plaintiffs-Intervenors and the City jointly request the Court's approval of the following briefing schedule for the Rule 54(b) motion:

| | |
|---|---|
| Plaintiffs-Intervenors' moving papers | December 28, 2011 |
| City's response | January 13, 2012 |
| Plaintiffs-Intervenors' reply | January 20, 2012 |

Because the Plaintiffs-Intervenors' claims for individual liability are based on laws other than Title VII, and the United States asserted claims only under Title VII, the United States takes no position regarding the merits of the proposed appeal and does not object to the proposed briefing schedule.

Respectfully submitted,

Dana E. Lossia / DJbs

Dana E. Lossia

DEL:del

TO: All Counsel Via ECF

56-001-00001: 10080403

Application granted.
So ordered.
s/Nicholas G. Garaufis, USDJ
1/5/12