```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,                    Civil Action No.
                                                CV-07-2067
        -and-                                   (NGG)(RLM)

THE VULCAN SOCIETY, INC., *for itself
and on behalf of its members*, JAMES
NICHOLSON and RUSEBELL WILSON,
*Individually and on behalf of a
subclass of all other victims
similarly situated seeking classwide
injunctive relief;*

ROGER GREGG, MARCUS HAYWOOD *and* KEVIN
WALKER, *individually and on behalf of
a subclass of all other non-hire
victims similarly situated;* and

CANDIDO NUNEZ *and* KEVIN SIMPKINS,
*individually and on behalf of a
subclass of all other delayed-hire
victims similarly situated,*

                Plaintiff-Intervenors,

        -against-

THE CITY OF NEW YORK,

                Defendant,

        -and-

THE UNIFORMED FIREFIGHTERS ASSOCIATION
OF GREATER NEW YORK,

                A Non-Aligned Party.
------------------------------------------X
```

**MOTION BY UNIFORMED FIREFIGHTERS ASSOCIATION
FOR PERMISSION TO INTERVENE AND IN OPPOSITION
TO DEFENDANTS' MOTION TO MODIFY CERTAIN
REQUIREMENTS OF CIVIL SERVICE LAW SECTION 50-a**

**PLEASE TAKE NOTICE**, that upon the annexed Affidavit of

STEPHEN J. CASSIDY, duly sworn to the 9th day of January, 2012,

the Affidavit of JAMES M. SLEVIN, duly sworn to the 10th day of January, 2012, the Memorandum of Law of Proposed Intervenor, the UNIFORMED FIREFIGHTERS ASSOCIATION OF GREATER NEW YORK ("UFA"), and upon all prior pleadings and proceedings heretofore had herein, the *amicus curiae*, the UFA, will move this Court, before the Honorable Nicholas G. Garaufis, U.S.D.J., at the United States Courthouse for the Eastern District of New York, located at 225 Cadman Plaza East, Courtroom 4-D South, Brooklyn, New York, on a date and time to be set by the Court, for an Order:

(a) Pursuant to F.R.C.P. Rule 24(a)(2) permitting the UFA to intervene as of right in this action as a Non-Aligned Party to enable the UFA to oppose the pending motion by the Defendants to the extent that said motion seeks to modify the statutorily mandated composition of the Test Validation Board; or, in the alternative

(b) Pursuant to F.R.C.P. Rule 24(b)(1)(B) granting the UFA permissive intervention as a Non-Aligned Party for the same purpose; and

(c) Granting such other and further relief as may be just and proper.

DATED: New York, New York
January 9, 2012

SULLIVAN PAPAIN BLOCK
McGRATH & CANNAVO P.C.

By: _____
MICHAEL N. BLOCK
Attorneys for **UNIFORMED FIREFIGHTERS ASSOCIATION OF GREATER NEW YORK**
Office & P.O. Address
120 Broadway - 18th Floor
New York, New York 10271
(212) 732-9000

(F-068518/MNB)

2

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA,

            Plaintiff,                        Civil Action No.
                                                CV-07-2067
       -and-                                    (NGG)(RLM)

THE VULCAN SOCIETY, INC., for itself
and on behalf of its members, JAMES
NICHOLSON and RUSEBELL WILSON,
Individually and on behalf of a
subclass of all other victims
similarly situated seeking classwide
injunctive relief;

ROGER GREGG, MARCUS HAYWOOD and KEVIN
WALKER, individually and on behalf of
a subclass of all other non-hire
victims similarly situated; and

CANDIDO NUNEZ and KEVIN SIMPKINS,
individually and on behalf of a
subclass of all other delayed-hire
victims similarly situated,

            Plaintiff-Intervenors,

       -against-

THE CITY OF NEW YORK,

            Defendant,

       -and-

THE UNIFORMED FIREFIGHTERS ASSOCIATION
OF GREATER NEW YORK,

            A Non-Aligned Party.
------------------------------------X
```

**AFFIDAVIT OF STEPHEN J. CASSIDY**

```
STATE OF NEW YORK      )
                       )SS.:
COUNTY OF NEW YORK     )
```

STEPHEN J. CASSIDY, being duly sworn, deposes and says:

1. I am the President of the *amicus curiae*, the UNIFORMED FIREFIGHTERS ASSOCIATION OF GREATER NEW YORK (hereinafter "UFA"), the duly designated collective bargaining representative of all active New York City firefighters.

2. I am advised that the defendants in this action have requested that this Court issue an Order, <u>inter</u> <u>alia</u>, directing that Dr. Shane Pittman, the expert retained by Special Master Mary Jo White, be appointed as the third member of the Test Validation Board (hereinafter "TVB") to be convened to evaluate protests to the proposed answers to the questions on the next FDNY firefighter test (Entrance Exam No. 2000) - the new computer-based written examination formulated pursuant to this Court's prior determinations.

3. I understand that the remaining parties in this case have all consented to the relief sought by the defendants. I am also informed that by Order dated December 16, 2011 (Docket No. 780), this Court has directed that anyone opposing THE CITY OF NEW YORK's (hereinafter "CITY") motion must move to intervene by January 10, 2012.

2

4.   Therefore, by this motion, the UFA seeks intervention as a Non-Aligned Party and submits opposition to the proposed departure from the statutory scheme of New York Civil Service Law Section 50-a[1].

### THE MOTION TO INTERVENE

5.   Pursuant to F.R.C.P. Rule 24(a)(2), the UFA may intervene as of right, as a Non-Aligned Party, if: (a) it moves in a timely fashion; (b) it demonstrates that it has an interest in the action; (c) that interest may be impaired by the disposition of the action; and (d) it shows that its interest is not adequately protected by the current parties.

6.   With regard to the relief sought by the defendants' pending motion, the UFA meets all the criteria to intervene under Rule 24:

7.   <u>Timeliness</u> - There can be no doubt that this motion to intervene is timely - it is made within the time limit ordered by the Court.

8.   <u>The UFA has a Direct and Significant Interest in the Action That Will be Impaired by the Modification Sought by the Defendants</u> - The UFA has a direct interest in the relief sought by the defendants as they want to deprive the UFA of its statutory right to have an incumbent UFA member participate in

---

[1] The UFA does not seek to oppose the portion of the defendants' motion that requests modification of the 30-day deadline for submitting protests.

3

the selection of the third member of the TVB - indeed, the defendants' motion effectively seeks to render the vote of the UFA's representative on the TVB meaningless.

9. By its terms, Civil Service Law Section 50-a directs that the TVB convened to evaluate candidate protests to the proposed answers to Exam No. 2000 consist of one member appointed by the CITY's Personnel Director, one member appointed by the CITY's Personnel Director from a list of up to three "incumbent employees" nominated by the UFA and one member appointed jointly by the other two members.

10. The CITY's moving papers verify that the third member of the TVB is "typically" also an incumbent (in this case, the incumbent would be a firefighter).

11. Thus, I understand that until now, the TVB for any entry level firefighter's examination has been comprised of two firefighters and a DCAS representative.

12. To my knowledge, the TVB, composed of members as directed by the statute, has worked in a proper fashion. I am unaware of any objections to the operation of prior TVB panels by the CITY. I am also unaware of any attempt by the CITY to seek legislative change in the statutory scheme.

13. Now, the movants seek to have this Court ignore the statutory language and direct that the third member of the TVB panel be Dr. Shane Pittman. Dr. Pittman is the expert retained

4

by the Special Master to assist and oversee the creation of the new computer-generated written examination for the position of New York City Firefighter.

14. The UFA has a direct interest in protecting the statutory right of its chosen member of the TVB to participate in selecting the third panel member. The UFA also has a direct interest in insuring that the TVB functions properly, with the independent views of the incumbent firefighters having a meaningful impact on the decisions of the panel.

15. If the UFA is not permitted to protect its interests in the composition of the TVB, such interests will certainly be impaired. Not only will the UFA's designated member on the TVB be deprived of the opportunity to participate in the selection of the third panel member, but that third member will be one of the experts who helped create the very answers that the panel will be judging.

16. Accordingly, if the composition of the TVB panel is changed in the manner requested by the defendants, it is likely that the two experts on the panel, both of whom helped create the test and the test answers, would vigorously defend those answers. As a result, the vote of the incumbent firefighter on the panel would have little meaning.

17. <u>The Current Parties Will Not Adequately Protect the UFA's Interests</u>: Finally, since the moving papers reveal that

5

the Plaintiff and Plaintiffs-Intervenors support the defendants' request for relief, it is apparent that the UFA's interest will not be protected by the current parties to this case.

18. Thus, in seeking to intervene as a Non-Aligned Party, the UFA satisfies all of the judicial criteria to permit intervention as of right.

## PERMISSIVE INTERVENTION

19. I am also advised that if the Court denies the request of the UFA to intervene as of right, we are also seeking permissive intervention.

20. If permitted to intervene to oppose the motion to modify the composition of the TVB, the UFA will be able to protect its interests without delaying the progress of this action.

21. Further, if we are denied intervention, none of the present parties in this case will oppose the relief requested by the defendants and the UFA's right will be compromised without an opportunity to be heard.

22. I, therefore, respectfully request that, in lieu of intervention as of right, the UFA be granted permissive intervention.

6

## THE DEFENDANTS' MOTION TO MODIFY
## THE COMPOSITION OF THE TEST VALIDATION BOARD

23. The defendants seek to alter the statutorily defined composition of the TVB to be convened to evaluate protests to the designated answers for the new computer-generated FDNY entrance test.

24. Since the TVB statute was passed in the mid-1980's, the TVB convened to evaluate protests to FDNY entrance exams for the position of firefighter has normally consisted of a representative of the City Department of Personnel (now known as "DCAS") and two incumbent firefighters.

25. The defendants now want this Court to ignore this statute establishing the TVB system and direct that the panel for the new firefighter examination consist of an expert who participated in the creation of the examination designated by the CITY, an incumbent firefighter designated by the UFA and Dr. Shane Pittman, the testing expert retained by Special Master Mary Jo White. I also understand that Dr. Pittman has been directly involved in the creation of the computer-generated test.

26. The rationale behind the defendants' motion is the allegation that the unique nature of the proposed computer-generated test renders firefighters untrained in "psychometrics" incapable of properly evaluating protests to the

7

designated answers to the exam. The defendants apparently fear that if the TVB is staffed by two incumbent firefighters, there is a "likelihood" that it will negatively impact the validity of the examination.

    27. Specifically, the movants express concern that:

> A panel comprised primarily of non-experts may vote to discard portions of the test which have been demonstrated to be job-related through the criterion-related validation study. The panel's determinations would be based on the subjective judgment of individuals with no expertise in psychometric assessment, rather than on scientific analysis and objective data.

(Defendants' Memorandum of Law, page 7.)

    28. I am informed that the defendants further assert that incumbent firefighters <u>may</u> throw out valid questions, particularly related to the scoring of "non-cognitive" questions that the experts have deemed critical to upholding the validity of the new exam.

    29. What is obvious, however, is that the arguments advanced by the movants are based purely upon speculation. They frankly underestimate the abilities of incumbent firefighters.

    30. The UFA has been largely denied any information about the format of the questions on the new test and of an alleged concern for confidentiality.

8

31. Although I have participated in nearly all of the conferences and conference calls scheduled by the Special Master to update the UFA and the UFOA about the test development process, there has been virtually no discussion about specific test questions.

32. On July 8, 2011, I did attend a meeting with the Special Master and testing experts where the union representatives were shown a brief video of one type of question to be included on the new examination. The video involved the need for candidates to assimilate facts from a hypothetical scenario and answer questions regarding what they had just seen. It certainly did not appear to require any special expertise to determine which answers would be correct.

33. However, to the extent that the "experts" believe that untrained firefighters will be unable to evaluate the acceptable answers to test questions, I would expect that the CITY's expert on the panel would and could educate the firefighters regarding the rationale behind the acceptable answers. That would allow the incumbent firefighters on the panel to intelligently evaluate exam protests.

34. I also reject the arguments set forth in the Declaration of William F. Klimowicz attached to defendants' motion, asserting that:

9

> Moreover, because entry-level exams are testing for the ability to perform a job rather than a candidate's knowledge of the job, incumbents sometimes have difficulty understanding the relevance of a question and are more apt to throw the question out.

(Declaration of Klimowicz, paragraph 12.)

35. Mr. Klimowicz cites no basis for this statement nor does any such basis exist.

36. Mr. Klimowicz also cites no specific facts or examples when he asserts that incumbent members of TVB panels for entry-level exams do not limit their scope of review of protests to whether the challenged answers are "as good or better" than the proposed key answers.

37. Participants in a TVB panel should and could be properly instructed as to the limits of their authority. If the system is unworkable as alleged by the movants, they have had decades to seek legislative modification, but have failed to do so.

38. In addition, the assertion that Civil Service Law Section 50-a was really intended to create a system to evaluate protests for promotional examinations, rather than entry-level examinations, ignores the fact that the statute is not so limited by its own terms and has been applied to entry-level exams since its inception.

10

39. Moreover, submitted herewith is the Affidavit of the UFA Vice President James M. Slevin, which attaches a joint letter of support for the legislation dated July 3, 1986 from both the UFA and the UFOA which makes clear that both unions supported the bill and correctly viewed it as applying both to entrance and promotional examinations.

### MODIFICATION OF THE TEST VALIDATION BOARD MAY ACTUALLY UNDERMINE THE VALIDITY OF THE NEW EXAM

40. The composition of the TVB for the new computer-generated exam proposed by the defendants would, in fact, undermine the ability to defend the validity of the new test against challenges, as it would be viewed as rendering the entire protest process a nullity.

41. Under the scheme proposed by the defendants, two of the three members of the TVB would have spent enormous amounts of time and energy in creating the new test and in establishing an examination that can be defended as job-related and consistent with business necessity. Indeed, the Declaration of Mr. John Weiner (paragraph "4") states:

> Having worked closely with Dr. Shane Pittman (the Special Master's testing expert), I know that she has a firm understanding of the test being developed. I am confident that a TVB panel comprised of an incumbent, Dr. Pittman, along with myself or another PSI representative who has worked on the development of this exam, will be in the best position to efficiently review and respond to protests filed by test applicants in a manner that will not impair the validity of the test.

42. If the TVB is supposed to conduct an unbiased evaluation of protests to proposed answers to the new examination, it would hardly seem logical to have two of three TVB panel members be individuals who

11

created the examination and who are poised to aggressively defend their efforts.

43. Certainly, the New York State legislature must have had a reason to create a scheme that easily prevents a majority of any TVB panel from consisting of the very experts who created the exam in question. Thus, they expressly limited DCAS to independently selecting only one TVB panel member.

44. Here, although Dr. Pittman does not work for DCAS, it is clear that she participated in creating the new examination.

45. I respectfully submit that the relief sought by the defendants enhances the possibility of legal challenges to the proposed answers for the new examination.

46. Such challenges, I am advised, would not be barred by the Civil Service Law as they would likely assert that the duly established review procedures set forth in the Civil Service Law were not followed.

47. For these reasons, I ask that this Court deny the pending motion seeking to alter the statutory scheme for the selection of members to the TVB panel to be convened in connection with the new firefighter entrance examination.

WHEREFORE, it is respectfully requested that:

(1) The UFA be granted leave to intervene as of right as a "non-aligned party" to oppose defendants' motion seeking to modify the composition of the TVB; or

(2) In the alternative, that the UFA be granted permissive intervention as a "non-aligned party" for the same purpose; and

(3) The motion seeking to modify the TVB panel be denied; and

(4) This Court grant such other and further relief as may seem just and proper.

_____
STEPHEN J. CASSIDY

Sworn to before me this
9th day of January 2012.

_____
Notary Public

SHEILA PETTIT
Notary Public, State of New York
No. 01PE5065793
Qualified in Nassau County
Commission Expires Sept. 16, 2014

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,                Civil Action No.
                                            CV-07-2067
        -and-                               (NGG)(RLM)

THE VULCAN SOCIETY, INC., *for itself
and on behalf of its members*, JAMES
NICHOLSON and RUSEBELL WILSON,
*Individually and on behalf of a
subclass of all other victims
similarly situated seeking classwide
injunctive relief*;

ROGER GREGG, MARCUS HAYWOOD *and* KEVIN
WALKER, *individually and on behalf of
a subclass of all other non-hire
victims similarly situated*; and

CANDIDO NUNEZ *and* KEVIN SIMPKINS,
*individually and on behalf of a
subclass of all other delayed-hire
victims similarly situated*,

                Plaintiff-Intervenors,

        -against-

THE CITY OF NEW YORK,

                Defendant,

        -and-

THE UNIFORMED FIREFIGHTERS ASSOCIATION
OF GREATER NEW YORK,

                A Non-Aligned Party.
------------------------------------X
```

**AFFIDAVIT OF JAMES M. SLEVIN**

14

```
STATE OF NEW YORK    )
                     )SS.:
COUNTY OF NEW YORK   )
```

JAMES M. SLEVIN, being duly sworn, deposes and says:

1. I am the Vice President of the Uniformed Firefighters Association ("UFA) and I submit this Affidavit in support of the UFA's motion seeking to intervene as a Non-Aligned Party and in opposition to the motion by the defendants seeking to modify the composition of the Test Validation Board ("TVB").

2. As Vice President of the UFA, I act as a liaison for legislative matters with the New York City Council and the New York State Legislature.

3. At the request of the UFA's general counsel, I have reviewed the "Bill Jacket" for the legislation which resulted in the passage of Civil Service Law Sections 50(7) and 50-a.

4. I am advised that the defendants have argued that the legislation was intended to apply only to promotional exams rather than Civil Service entrance-level examinations.

5. I respectfully disagree with the assertion made by the defendants. The language of the statute is clearly not limited to promotional exams and applies to all New York City Fire Department Civil Service examinations, including examinations for the position of firefighter.

15

6. More importantly, in the "Bill Jacket" I located a letter dated July 3, 1986 sent to counsel for Governor Cuomo, a copy of which is annexed hereto as **Exhibit "A"**.

7. As the Court will note, the letter was sent jointly on behalf of the UFA and the Uniformed Fire Officers Association ("UFOA"). The letter specifically notes that examination protests "gives equal opportunity to all candidates for either entrance or promotional examinations. . .".

8. Accordingly, when the UFA and the UFOA noted their support for the legislation, they specifically recognized that the statute applied both to entrance and promotional examinations and was not intended to be limited solely to promotional exams.

_____
JAMES M. SLEVIN

Sworn to before me this
10th day of January, 2012.

_____
Notary Public

SHEILA PETTIT
Notary Public, State of New York
No. 01PE5005793
Qualified in Nassau County
Commission Expires Sept. 16, 2014

16

EXHIBIT "A"

# UNIFORMED FIRE OFFICERS ASSOCIATION



July 3, 1986

Hon. Evan A. Davis
Counsel to Governor Cuomo
Executive Chamber, 2nd Floor
State Capitol
Albany, New York 12224

Dear Mr. Davis:

### MEMORANDUM IN SUPPORT

Senate Bill 7385B                Assembly Bill 8852B
Senator Lack                     Assemblyman Gottfied

    The 13,000 members of the New York City Fire Department support this type of legislation concerning protest of key answers on Civil Service examinations.

    Protest gives equal opportunity for all candidates for either entrance or promotional examinations and, in many instances, eliminates unnecessary, costly court actions and long delays. It has been a proven method of adopting fair and accurate answers.

    The Uniformed Fire Officers Association and the Uniformed Firefighters Association strongly support this legislation.

Raymond W. Gimmler
Legislative Lobbyist, UFOA

000029