

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007-2601

(212) 788-0800
FAX (212) 227-5641
mcardozo@law.nyc.gov

January 17, 2012

VIA ECF FILING

Honorable Nicholas G. Garaufis
United States District Court
 for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

      Re:    <u>United States v. City of New York, et al.</u>, 07-CV-2067 (NGG)(RLM)

Dear Judge Garaufis:

      Defendants respectfully submit this letter pursuant to the Court's December 15, 2011 order directing that the parties respond to Mr. Gregory Della Valle's request for leave to intervene and for clarification of Dkt # 619-4, a proposed order filed by the United States, but never adopted by this Court.  For the reasons stated below, intervention is unnecessary and the request should be denied.

Background

      Mr. Della Valle took Exam 2043.  In 2004, the Department of Citywide Administrative Services asked him to take the qualifying physical exam.  Mr. Della Valle could not do so at the time as he had been deployed to Afghanistan.  Pursuant to New York State Military Law, Mr. Della Valle was placed on a Special Military List for Exam 2043.  Pursuant to that same law, Mr. Della Valle was removed from the list after the expiration of two years.  As a result, to be considered for appointment as a firefighter, Mr. Della Valle now must sit for Exam 2000.  According to the December 13, 2011 letter submitted to this Court on his behalf, Mr. Della Valle has registered for Exam 2000 and will be able to compete again for an entry-level firefighter job.

Clarification of Dkt # 619-4

      Mr. Della Valle's motion is premised on the erroneous assumption that Dkt # 619-4 is a Court order. To the contrary, that docket entry is only a proposed order submitted by the United States on February 28, 2011 for the Court's consideration. To date, it has not been adopted. Therefore, the provision in that proposed order permitting appointments from special military lists is not operative. See Dkt # 619-4 at p. 7, ¶ 11. Consequently, Mr. Della Valle's request to intervene should be denied as the City does not have to comply with a non-order.

      In any event, on December 8, 2011, this Court issued a broad injunction barring the City from making any use of Exam 2043. Assuming *arguendo* that Mr. Della Valle still was on Exam 2043's Special Military List, the Court's injunction would prohibit the City's appointment of him.

      Accordingly, defendants respectfully request that Mr. Della Valle's motion be denied.

Respectfully submitted,

Michael A. Cardozo

cc:    All Counsel via ECF