U.S. Department of Justice

Civil Rights Division

DK:MLB:EKB:JMS:AKT:BS
DJ 170-51-358

*Employment Litigation Section - PHB*
*950 Pennsylvania Ave, NW*
*Washington DC 20530*
*www.usdoj.gov/crt/emp*

January 17, 2012

*Via ECF*
Hon. Nicholas G. Garaufis
United States District Court
 for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   United States v. City of New York, et al., 07-CV-2067 (NGG)(RLM)

Dear Judge Garaufis:

In accordance with the Court's December 15, 2011 order, Plaintiff United States of America ("United States") respectfully responds to Keith Sullivan's letter dated December 13, 2011 ("Sullivan letter"). Mr. Sullivan's letter states that he represents Gregory Della Valle, a military veteran who took and passed the entry-level firefighter examination in 2002 ("Exam 2043") and was ultimately placed on a special military list for Exam 2043. The Sullivan letter (1) seeks clarification from the Court regarding whether Mr. Della Valle is eligible, based on this Court's rulings, to be considered for appointment as a firefighter without sitting for Exam 2000, or, in the alternative, (2) seeks permission from the Court to file a motion to intervene on behalf of Mr. Della Valle. For the reasons set forth below, Mr. Della Valle is not eligible, by virtue of his placement on a special military list, for consideration for appointment as a firefighter based on his Exam 2043 results. The Plaintiffs-Intervenors join the United States' arguments set forth below.

After he took and passed Exam 2043, Mr. Della Valle was placed on a special military list for Exam 2043 on September 23, 2008. Dkt. No. 771 at 9. The City of New York ("City") informed Mr. Della Valle on November 20, 2008 that the special military list on which he was placed would expire on September 23, 2010. *Id.* Based on his eligibility for appointment from the special military list, Mr. Della Valle apparently was offered a position in a probationary firefighter class slated to begin in January 2009. *See id.* at 10. However, on December 11, 2008, the City notified Mr. Della Valle that "the January 2009 Probationary Firefighter Class has been postponed indefinitely due to the city's budgetary concerns. The offer of employment you received in our letter of December 7, 2008[1] is hereby rescinded." *Id.* at 10 (emphasis in original). Thus, the City rescinded Mr. Della Valle's job offer on December 7, 2008, and his eligibility for appointment based on the Exam 2043 special military list expired on September

---

[1] Mr. Sullivan did not provide a copy of the December 7, 2008 letter.

23, 2010. As of September 23, 2010, it therefore appears that Mr. Della Valle ceased to be eligible for the entry-level firefighter position based on his Exam 2043 results.

Mr. Sullivan, however, asserts that a "prior order issued by this Court" requires the City to consider Mr. Della Valle for appointment based on his placement on the Exam 2043 special military list, and that Mr. Della Valle should not be required to sit for Exam 2000. According to Mr. Sullivan, a prior Court order stated that the City shall not use the Exam 2043 eligible list "in any way in selecting or appointing entry-level firefighters other than for those persons on special military lists derived from Exam 2043." Dkt. No. 771 at 2 (quoting Dkt. No. 619-4 at 7). However, the document upon which Mr. Sullivan relies as the basis for Mr. Della Valle's continued eligibility for appointment, docket number 619-4, is not a Court order. Rather, it is the United States' revised proposed relief order, which sets forth the United States' proposal as of February 28, 2011 regarding relief phase issues in this case. Notably, this document has never been entered as an order by the Court.[2] Thus, no support exists in the Court's prior rulings for Mr. Della Valle's continued eligibility for appointment based on his Exam 2043 results, and there is no need for clarification of docket number 619-4.

Moreover, in the Court's December 8, 2011 Remedial Order and Partial Judgment, Permanent Injunction & Order Appointing Court Monitor (Dkt. No. 765) ("Remedial Order"), the Court held that "the City of New York shall not use, in any way, Firefighter Exam 7029, Firefighter Exam 2043, or Firefighter Exam 6019 as part of any process for the selection of entry-level firefighters." Id. at 6. No exception regarding candidates placed on the special military list exists[3]. Finally, even if the Court had made such an exception regarding special military lists, Mr. Della Valle is no longer on a special military list because his eligibility for appointment expired on September 23, 2010. As such, Mr. Sullivan's request that Mr. Della Valle not be required to take Exam 2000 in order to be considered for an entry-level firefighter position should be denied.[4] Additionally, Mr. Della Valle has not asserted a legally protected

---

[2] If the Court had entered such a provision in an order, it would have applied to individuals who, based on the date of their placement on a special military list, were still considered eligible for appointment when the City next hired firefighters. It would not have applied to individuals who, because their special military list had expired, were no longer eligible for appointment.

[3] Mr. Sullivan's letter implies that Mr. Della Valle has been disadvantaged in the hiring process by virtue of his active military service. However, all other applicants who were offered employment in the January 2009 probationary firefighter class were treated the same (i.e., they were not hired because the City cancelled the class due to budgetary concerns).

[4] It should be noted that the United States has recommended that victims of the City's discriminatory hiring practices who seek priority hiring relief as part of this case should be required to take and pass Exam 2000, along with other hiring qualifications in place at the time they are considered for employment, even though such victims may have already passed Written Exam 7029 and/or Written Exam 2043. See Dkt. No. 707; see also Dkt. No. 706 (the City agrees that individuals seeking priority hiring relief should be required to take and pass Exam 2000); and Dkt. No. 708 (Plaintiffs-Intervenors disagree that individuals seeking priority hiring relief should be required to take and pass Exam 2000).

interest upon which a motion to intervene pursuant to Federal Rule of Civil Procedure 24 could be based.

      In conclusion, the United States appreciates Mr. Della Valle's service to his country and the United States' position on this issue is in no way intended to prevent Mr. Della Valle from seeking a firefighter job or to cast a negative light on his candidacy for the position. Mr. Sullivan indicates that Mr. Della Valle has applied to take Exam 2000 and, therefore, Mr. Della Valle is able to compete for the entry-level firefighter position if he so chooses.[5]

      Respectfully submitted,

Delora L. Kennebrew
Chief
Employment Litigation Section

/s/ ERIC K. BACHMAN
Senior Trial Attorney
Telephone: (202) 305-7883
Facsimile: (202) 514-1005
United States Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, N.W.
Patrick Henry Building, Room 4500
Washington, D.C. 20530

LORETTA E. LYNCH
United States Attorney

/s/ ELLIOT M. SCHACHNER
Assistant United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201-1820
Telephone: (718) 254-6053
Facsimile: (718) 254-6479

---

[5] In addition, because Mr. Della Valle took Exam 2043 and is Hispanic, he should receive notice of the relief available in this case, including priority hiring relief, and the claims process for determining eligibility for such relief, once those issues have been resolved by the Court. However, because the eligibility criteria for individual relief in this case have not yet been established by the Court, it cannot be determined at this point whether he would be eligible for relief, including priority hiring.