Date of Service: January 20, 2012

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

              Plaintiff,

      -and-                                  **Civil Action No. 07-CV-2067**
                                                  **(NGG)(RLM)**

THE VULCAN SOCIETY, INC., *for itself and
on behalf of its members,* JAMEL NICHOLSON,
*and* RUSEBELL WILSON, *individually and on
behalf of a subclass of all other victims similarly
situated seeking class-wide injunctive relief,*

ROGER GREGG, MARCUS HAYWOOD, *and*
KEVIN WALKER, *individually and on behalf of
a subclass of all other non-hire victims similarly
situated;* and

CANDIDO NUÑEZ *and* KEVIN SIMPKINS,
*individually and on behalf of a subclass of all
other delayed-hire victims similarly situated,*

              Plaintiff-Intervenors,

      -against-

THE CITY OF NEW YORK, et al,

              Defendants.
------------------------------------------------------------X

## PLAINTIFFS-INTERVENOR'S REPLY
## MEMORANDUM IN SUPPORT OF THEIR MOTION FOR ENTRY
## OF PARTIAL FINAL JUDGMENT UNDER RULE 54(b)

### <u>Introduction</u>

      In their Memorandum in Opposition, the City of New York concedes that two of the

criteria for granting final judgment under Rule 54(b) on the finding of qualified immunity for

Defendants Bloomberg and Scoppetta are present here.

> Defendants do not dispute that the immunity issue meets the first
> two criteria of Rule 54(b) of the Federal Rules of Civil
> Procedure, namely, the claims against the individual defendants

are finally decided as to them and the immunity issue is separate
from the damage issues that remain to be tried.  (Def. Mem. at 1)

Defendants also agree, with respect to their pending appeal before the Second Circuit,
that "[i]f the Second Circuit grants the City of New York's appeal and remands the intentional
discrimination claims, those claims will have to be tried with the possible result that the
immunity issue will either be mooted by final judgment on those claims *or addressed on a
subsequent appeal*."  (*Id.*, at 2, emphasis added).   What the City does not say is that if it
prevails on the pending appeal, and the issue of intentional discrimination is remanded to the
District Court for trial, that trial will necessarily involve extensive evidence on the conduct of
Bloomberg and Scoppetta (which is dealt with at length in this Court's disparate treatment
decision, Dkt. 385) yet will not resolve the claims against those individual Defendants.
Instead, if the qualified immunity dismissal is reversed on a separate, later appeal, there will
need to be an entirely separate trial on intentional discrimination liability of the individual
Defendants.  This potential duplication of trial on essentially co-terminus facts makes no
sense, would represent a massive waste of resources of the Court and the parties, and would
unwarrantedly delay resolution of the case as a whole.

In arguing against this motion, the City displays a fine sense of irony.  Having filed a
126-page appellate brief supported by 26 volumes of exhibits and an additional 4 CD-ROMS,
it argues that Plaintiffs-Intervenors' request for "certification of the immunity issue [is] a
litigation tactic designed to delay a decision of the City's appeal . . ."  (Def. Mem. at 5)  Given
the extraordinary breadth and volume of the City's appellate submission, its claim that adding
the single question of qualified immunity would somehow materially affect the timing of the
Circuit Court's decision is baffling.  Quite to the contrary, the potential delay of separately
having to try the intentional discrimination claims against Bloomberg and Scoppetta after the

intentional claims against the City are tried, far outweighs any delay that might be occasioned by adding the immunity claim to this appeal.

Similarly, the City's argument that granting a final judgment on the immunity question will permit a "piecemeal appeal" is unavailing.   The City itself has filed a "piecemeal appeal," and certifying the immunity question actually corrects that problem by consolidating issues that involve the same facts related to Defendants' conduct, all of which should be decided together.

The City's final argument, that Plaintiffs-Intervenors could have raised this appeal earlier, contradicts its argument against piecemeal appeals.   The immunity issue is raised at this time precisely because an appeal of the municipal liability finding has now been filed, raising with it issues that are inextricably intertwined with the liability of Bloomberg and Scoppetta.   This is the first moment at which it made sense from the standpoint of judicial economy for the immunity issue to be appealed and resolved.

It will certainly be a hardship and an injustice to Plaintiffs-Intervenors if the intentional discrimination claims against the individual Defendants wind up being tried separately from the claims of intentional discrimination against the municipality.   It will cause undue delay in the resolution of the case and waste the limited resources of the parties and the Court.   Further, if Defendants are ultimately found individually liable, the value of that finding – its sentinel effect on them and subsequent City executives – will be delayed for years, as will payment of punitive damages or other relief to which Plaintiffs-Intervenors may be entitled.   In short, there is no just reason to deny this motion for 54(b) relief.

# Argument

### I.    The City Cites No Case that Undercuts Entry of a Final Judgment under the Facts Presented

The Second Circuit's decision in *O'Bert v. Vargo*, 331 F.3d 29 (2d Cir. 2003), cited by the City, does not support denial of Plaintiffs-Intervenors' Rule 54(b) motion.  While Defendants quote *O'Bert* to assert that "certification should be granted only if there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal," Def Mem. at 4; *O'Bert*, 331 F.3d at 41, the Second Circuit has repeatedly recognized that "such a danger may be presented *where an expensive and duplicative trial could be avoided* if, without delaying prosecution of the surviving claims, a dismissed claim were reversed *in time to be tried with the other claims*."  *Cullen v. Margiotta*, 811 F.2d 698, 711 (2d Cir. 1987) (overruled on other grounds) (emphasis added); *see also Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 16 (2d Cir. 1997); *Kass v. Simon*, No. 04-cv-3294, 137 Fed. Appx. 382, 384 (2d Cir. May 11, 2005) ("Disposition of this appeal will obviate the risk of a second trial covering substantially similar matters and will speed resolution of the dispute.")

As described below and in Plaintiffs-Intervenors' opening brief, the risk of "an expensive and duplicative trial" is clearly present here if a partial final judgment is not entered on the issue of qualified immunity.  Thus, the *O'Bert* reasoning is satisfied.  In fact, it is unclear whether the so-called "danger of hardship" requirement that Defendants claim is established by *O'Bert* is even applicable here.  In *Hogan v.  Consolidated Rail Corp.*, 961 F.2d 1021, 1025 (2d Cir. 1992), the Second Circuit specified that "[c]ertification under 54(b) should be granted only where there are interests of sound judicial administration and efficiency to be served, . . . *or* in the infrequent harsh case, . . . where there exists some danger

of hardship or injustice through delay which would be alleviated by immediate appeal." *Hogan*, 961 F.2d 1021, 1025 (2d Cir. 1992) (internal quotations and citations omitted) (emphasis added). Accordingly, in a case where, as here, the "interests of sound judicial administration [and] efficiency" are served, there is no need to turn to the second question of hardship.

In any event, Plaintiffs-Intervenors' claims against Bloomberg and Scoppetta and their intentional discrimination claims against the City which are currently on appeal to the Second Circuit are much more closely related, both factually and legally, to each other than were the claims at issue in *O'Bert*. In *O'Bert*, the unlawful entry claim for which the plaintiff sought 54(b) certification was "substantively different" and "focus[ed] on different considerations, and . . . different periods of time" than the excessive force claim which defendant had appealed to the Second Circuit. *O'Bert*, 331 F.3d. at 43. By contrast, Plaintiffs-Intervenors' intentional discrimination claims against Bloomberg and Scoppetta are not substantively different from their intentional discrimination claims against the City. Both sets of claims were brought pursuant to 42. U.S.C. §§ 1981 & 1983 and the New York City and State Human Rights Laws and, as discussed below, rely on the same factual record. This case is more like *Swarna v. Al-Awadi*, 06 Civ. 4880, 2009 U.S. Dist. LEXIS 62837 (S.D.N.Y. July 22, 2009), where the Court found that granting 54(b) certification would enable the appellate court to consolidate multiple appeals in the same case and therefore "further the federal policy against piecemeal appeals." 2009 U.S. Dist. LEXIS 62837, at *4-5 (granting 54(b) certification for dismissal of plaintiff's claim against foreign state defendant on sovereign immunity grounds so that Second Circuit could consolidate plaintiff's appeal with individual defendants' earlier appeal of default judgment against them in same case); *see also Chan v.*

*City of New York*, 1 F.3d 96, 101 (2d Cir. 1993) (recounting how district court granted 54(b) certification for dismissal of plaintiffs' claims under 42 U.S.C. § 5310  because "relationship between those claims and the § 1983 claims" that were the subject of defendants' appeal "was sufficiently close to make it desirable for [the Second Circuit] to have the opportunity to review both rulings together.")

In the end, aside from the potential for hardship to the plaintiff – which we have demonstrated here – the Court of Appeals is interested in avoiding review of the same case more than once.  In the "interest of sound judicial administration," *Hudson River Sloop Clearwater, Inc. v. Dep't of Navy*, 891 F.2d 414, 419 (2d Cir. 1989) (*quoting  Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 10 (1980)), the court should be cautious not to create a situation "forcing successive appellate panels to review the case." *Hogan*, 961 F.2d at 1025.

## II.    In Order to Analyze Qualified Immunity, the Appellate Court Must Consider the Same Set of Facts under Review in the Current Appeal

The standards for granting both federal and State law qualified immunity require the Court to consider the specific conduct that is alleged to be unlawful and determine whether that conduct violates clearly established law.  *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("The federal doctrine of qualified immunity shields government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"); *see also Mon v. City of New York*, 78 N.Y.2d 309, 313, 574 N.Y.S.2d 529, 532 (1991) ("Whether an action of a governmental employee or official is cloaked with any governmental immunity requires an analysis of the functions and duties of the actor's particular position and whether they inherently entail the exercise of some discretion and judgment. . . . If a functional

56-001-00001: 10085203

analysis of the actor's position shows that it is sufficiently discretionary in nature to warrant immunity, it must then be determined whether the conduct giving rise to the claim is related to an exercise of that discretion.")

The qualified immunity claim will therefore require the Court of Appeals to familiarize itself with all of the facts related to the conduct of the individual Defendants that gave rise to the claim of discrimination, as well as facts presented by the Defendants to justify or explain their conduct. The facts that establish the conduct at issue are quite extensive in this case, and, more importantly for this motion, each of those facts is *already* before the Court of Appeals in connection with the City's appeal of municipal liability for intentional discrimination.

In analyzing both the individual Defendants' conduct under a qualified immunity claim and the City's liability for intentional discrimination, the Court of Appeals will have to review record evidence that, for example, the New York City Equal Employment Opportunity Policy explicitly required the Mayor and the Fire Commissioner to examine hiring procedures for potential adverse impact (Dkt # 385 at 70), and that they both refused to do so, even after New York City's Equal Employment Practices Commission ("EEPC") repeatedly informed Commissioner Scoppetta that the 1999 firefighter test had an adverse impact on black test-takers that violated the EEOC's 80% Rule (*id.* at 56), and even after the EEPC issued a report directly to Mayor Bloomberg requesting that he direct that an adverse impact study be done. (*id.* at 32, 55-56).

This Court has already pointed out that the disposition of both the individual and municipal claims is based on the same closely-related set of facts:

> The court converts Defendants' motion to dismiss the
> intentional discrimination claims against the City, Mayor

> Bloomberg, and Commissioner Scoppetta into a motion for summary judgment. Because the Intervenors have moved for summary judgment on the same claims, and *because the disposition of both motions will turn on common questions of law and fact*, the court addresses the motions jointly in Sections V and VII below. (Disparate Treatment Op., Dkt #385 at 23)

As noted above, one of the central purposes of Rule 54(b) is to avoid a situation in which the Court of Appeals must re-familiarize itself with facts that it has already considered in connection with an earlier appeal. The consolidation of the municipal and individual claims claims into one appeal avoids this waste of judicial and party resources, and avoids significant delay in the overall resolution of the litigation.

## Conclusion

For all of these reasons, Plaintiffs-Intervenors respectfully request that the court enter a partial final judgment dismissing Defendants Bloomberg and Scoppetta on the grounds of qualified immunity, pursuant to Federal Rule of Civil Procedure 54(b).

Dated: January 20, 2012
     New York, New York

               LEVY RATNER, P.C.

               /s/
               _____

By:    Richard A. Levy
       Robert H. Stroup
       Dana E. Lossia
       80 Eighth Avenue
       New York, NY 10011
       (212) 627-8100
       (212) 627-8182 (fax)
       rlevy@levyratner.com
       rstroup@levyratner.com
       dlossia@levyratner.com

CENTER FOR CONSTITUTIONAL RIGHTS
Darius Charney
666 Broadway, 7th Floor
New York, NY 10012-2399
(212) 614-6438
(212) 614-6499 (fax)
dcharney@ccrjustice.com

SCOTT + SCOTT, LLP
Judith S. Scolnick
500 Fifth Avenue
New York, NY 10110
(212) 223-6444
(212) 223-6334 (fax)
jscolnick@scott-scott.com

56-001-00001: 10085203