

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

February 15, 2012

Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re:  <u>USA v. City</u>, Civil Action No.: 07 CV 2067 (NGG)(RLM)
      Law Dept. No.: 2007-01744

Dear Judge Garaufis:

   I write on behalf of defendant to respectfully request that the Court vacate its order from earlier today approving the Initial Work Plan and Budget proposed by the Court Monitor. The Initial Work Plan and Budget was not provided to the City before it was docketed after 6:00 p.m. on February 14, 2012 and the City was not provided with a reasonable opportunity to comment on it before the Court approved it at 11:40 a.m. on February 15, 2012. The Initial Work plan is inconsistent with this Court's Remedial Order and several of the tasks to be performed by the Court Monitor's consultant are duplicative of tasks that the Remedial Order requires the City's Recruitment Consultant to perform. The Court Monitor and the City, with input from the other parties, should work together to draft a proposed work plan that avoids duplication of effort and furthers the Court's stated goal of having the City "take a hard look at its policies and practices, consider the evidence, and decide what actions should be taken." <u>United States et al v. City of New York</u>, 2011 U.S. Dist. LEXIS 115074 *39 (E.D.N.Y. Oct. 5, 2011).

   The City did not and does not object to the Court Monitor's retention of Manitou, Inc. The City's experiences with the consultants from Manitou have been uniformly positive thus far. However, the Initial Work Plan outlines specific tasks that are duplicative of the tasks that this Court ordered be performed by the Recruitment Consultant to be retained by the City. For example, Tasks 3-5 of the Initial Work Plan would have Manitou research and develop an understanding of the Fire Department's recruitment and hiring practices and research how other

public safety agencies, including the NYPD, recruit and hire in order to identify best practices. These tasks directly overlap with the work to be performed by the Recruitment Consultant required by the Remedial Order (Dkt # 765). See ¶ 26. Further, the exclusion in Task 10 of the Work Plan (**Does not include PRB"**) seems to suggest that the Court Monitor anticipates that consultants from Manitou will attend PRB meetings, but has not yet determined the cost of doing so. It should be noted that under Paragraph 43 of the Remedial Order, the Court Monitor is required to attend all meetings of the PRB in person. The work described in Task 9 is quite premature as the recruitment campaign for Exam 2000 is over and it is extremely unlikely that another recruitment campaign will get under way within the next nie to twelve months covered by the Work Plan.

This Court's intention, as expressed in its October 5, 2011 Opinion, was for the City to conduct a comprehensive review of its recruitment, hiring and equal employment policies and practices and decide what actions should be taken and present those to the Court for approval. The role of the Court Monitor is to lead the parties through the remedial steps and audit the City's compliance with the Remedial Order. United States et al v. City of New York, 2011 U.S. Dist. LEXIS 115074 *49-50. Neither the Opinion, nor the Remedial Order itself contemplated that the Court Monitor or his consultant would be conducting an independent and duplicative top-to-bottom review of FDNY practices, researching best practices, or making his own recommendations for changes.

For the foregoing reasons, defendant respectfully requests that the Court vacate its order approving the Initial Work Plan and Budget and direct that the City and the Court Monitor, with input from the other parties, develop a Work Plan for the Court Monitor's consultant that is consistent with the Remedial Order. In the alternative, defendant respectfully requests that the Court's Order be modified to vacate its approval of Tasks 3-5 and 9 of the Work Plan and Budget and direct that Task 10 be clarified.

Respectfully submitted,

*/s/ Michael A. Cardozo*

Michael A. Cardozo

Enc.

Cc: All Counsel
    Court Monitor Cohen