U.S. Department of Justice

Civil Rights Division

DLK:MLB:EKB:JMS:AKT:BS
DJ 170-51-358

*Employment Litigation Section - PHB*
*950 Pennsylvania Ave, NW*
*Washington DC 20530*
*www.usdoj.gov/crt/emp*

February 21, 2012

*Via ECF*
Hon. Nicholas G. Garaufis
United States District Court
 for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    United States v. City of New York, et al., 07-CV-2067 (NGG)(RLM)

Dear Judge Garaufis:

    In accordance with the Court's February 16, 2012 order (Dkt. 811), the United States submits this letter on behalf of all parties in response to the Court's inquiry regarding the parties' agreement that a claimant who scored lower than 25 on Written Exam 7029 or Written Exam 2043 should be ineligible for individual relief. Counsel for the City of New York and the Plaintiffs-Intervenors have reviewed and agreed to jointly submit this letter.

    By way of background, this eligibility criterion was first proposed by the City in the parties' Joint Statement on Relief Phase Issues of February 19, 2010 (Dkt. 400-1) ("Joint Statement"), which was submitted in response to the Court's direction in its initial remedial order of January 21, 2010 (Dkt. 390). In the Joint Statement, the City argued that individuals who scored less than 25 achieved a lower score than someone who randomly chose answers for each question on the test, and as a result, "did not complete the written test." Dkt. 400-1 at 15 n.15. Based on this assertion, the City stated its position that applicants who scored less than 25 on the written examination should be considered ineligible for monetary and priority hiring relief. *Id.* at 15. The United States and Plaintiffs-Intervenors did not object to the City's proposal. *Id.* at 23.

    The United States' June 24, 2011 letter to the Court on behalf of the parties (Dkt. 651) identified the existing areas of agreement among the parties regarding the eligibility criteria for claimants to receive monetary and/or priority hiring relief. Consistent with the agreement reached in the Joint Statement,[1] the parties proposed that the definition of a "Non-hire Claimant" for eligibility purposes should be limited to:

---

    [1] This agreement was also reflected in the United States' Revised Proposed Relief Order. Dkt. 619-4 at 5-6.

"[A]ny black or Hispanic person who:

(a) failed Written Exam 7029 with a score of 25 or higher and was not later appointed as an entry-level firefighter;

(b) failed Written Exam 2043 with a score of 25 or higher and was not later appointed as an entry-level firefighter...."

Dkt. 651 at 2. As a practical matter, the exclusion of applicants who scored below 25 from eligibility for individual relief affects a total of only seven black and Hispanic applicants. Six of these affected individuals took Written Exam 2043, while only one took Written Exam 7029. A total of 22 applicants scored less than 25 on Written Exam 2043. A total of five applicants scored less than 25 on Written Exam 7029.

The Court now directs the parties to provide their justification for using a minimum score of 25 on either written exam as an eligibility criterion "in light of the court's ruling that neither of these exams was job-related." Dkt. 811 at 2. The parties' positions are set forth below:

The Position of the United States and the Plaintiffs-Intervenors:

In light of the relatively small number of individuals affected by this eligibility criterion and in the interest of narrowing areas of disagreement as encouraged by the Court, the United States and the Plaintiffs-Intervenors did not object to the City's original proposal that individuals who scored less than 25 on the written examination should be ineligible for monetary and/or priority hiring relief. In preparing subsequent submissions to the Court on this issue, the United States determined that it would not reopen issues on which the parties previously had reached agreement. Therefore, the United States included this eligibility criterion in its Revised Proposed Relief Order (Dkt. 619-4) and the June 24, 2011 letter (Dkt. 651). Significantly, because the City's proposed eligibility criterion affects just seven individuals out of the approximately 7,100 black and Hispanic applicants who took Written Exams 7029 and 2043,[2] the United States and the Plaintiffs-Intervenors concluded that application of this minimum cutoff score would not violate Title VII.[3] However, in response to the Court's inquiry, a job-related justification for this criterion has not been identified.

The Position of the City:

As noted above, the City proposed setting a cutoff score of 25 on both Exams 2043 and 7029 for candidates to be considered for eligibility for priority hiring or monetary relief because

---

[2] As indicated in its June 24, 2011 letter, the United States believes that only approximately 2,200 black and Hispanic applicants appear to meet the definitions of Non-hire or Delay Claimant. Dkt. 651 at 8.

[3] For instance, if the City had used a minimum cutoff score of 25 on Written Exams 7029 and 2043, that cutoff score would not have produced a statistically significant disparate impact on black and Hispanic candidates.

a candidate who randomly chose an answer for each question would have scored at least a 25. (Dkt. 390 at p. 15, n. 15). Consequently, anyone who scored less than a 25 did not even make the minimum level of effort required to complete the test by randomly filling in bubbles on the answer sheet. Such a candidate was not a victim of a discriminatory test. That is, regardless of the validity of the test, such a candidate would not have succeeded due to his or her own lack of effort and, therefore, should not be eligible for relief. Only actual victims of discriminatory practices are entitled to relief. *See International Brotherhood of Teamsters v. United States*, 431 U.S. 324, 371-72 (1977).

Respectfully submitted,

Delora L. Kennebrew
Chief
Employment Litigation Section

/s/ ERIC K. BACHMAN
Senior Trial Attorney
Telephone: (202) 305-7883
Facsimile: (202) 514-1005
United States Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, N.W.
Patrick Henry Building, Room 4500
Washington, D.C. 20530


LORETTA E. LYNCH
United States Attorney

/s/ ELLIOT M. SCHACHNER
Assistant United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201-1820
Telephone: (718) 254-6053
Facsimile: (718) 254-6479

3