U.S. Department of Justice

Civil Rights Division

DK:MLB:EKB:JMS:AKT:BS
DJ 170-51-358

*Employment Litigation Section - PHB*
*950 Pennsylvania Ave, NW*
*Washington DC 20530*
*www.usdoj.gov/crt/emp*

February 27, 2012

*Via ECF*
Hon. Nicholas G. Garaufis
United States District Court
  for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   United States v. City of New York, et al., 07-CV-2067 (NGG)(RLM)

Dear Judge Garaufis:

The United States submits this correspondence in response to the City of New York's ("City") February 24, 2012 letter (Dkt. 817). The City's letter requests that the Court stay significant portions of the individual relief claims process while the City's appeal of the Remedial Order and Partial Judgment, Permanent Injunction & Order appointing a Court Monitor (Dkt. 765) is pending.

The City's request to stay portions of the individual relief claims process should be denied for three reasons. First, the City's request for a stay is speculative and premature because the Court has not issued an order establishing an individual relief claims process or awarding noneconomic damages. Because no framework or applicable deadlines have been established for the claims process, and the court has not decided whether noneconomic damages will be awarded, there is no basis for the City's claim that a stay would increase efficiency in the claims process. There also is no basis upon which to evaluate whether the City's request is consistent with applicable legal standards for granting a stay. *See, e.g., Barclays Capital, Inc. v. Theflyonthewall.com*, 700 F. Supp.2d 310, 349 (S.D.N.Y. 2010).

Second, even assuming for the sake of argument that the City were to prevail in its appeal of the Court's disparate treatment ruling, noneconomic damages may still be available pursuant to the Court's finding of disparate impact liability under New York State and City Human Rights Laws, which the City has not appealed. (Dkt. 802 at 18 n. 9.) Thus, noneconomic damages may still be available regardless of the outcome of the City's appeal and, as such, no basis for a stay exists.

Finally, the City requests that the Court take specific action (stay portions of the individual relief claims process), but its two-sentence letter failed to follow the Court's Local Rules, as well as Your Honor's individual rules regarding motions practice. Among other things, the City failed to discuss the relief sought with the parties prior to filing the motion and did not

include a memorandum of law or meaningful discussion of the applicable facts and legal standards. The United States therefore requests that the Court deny the City's request for a stay or, in the alternative, require the City to submit a motion that complies with the Court's Local Rules and Your Honor's individual rules, including a briefing schedule agreed upon by the parties that allows the United States an opportunity to respond fully to the City's motion.

Respectfully submitted,

Delora L. Kennebrew
Chief
Employment Litigation Section

/s/ ERIC K. BACHMAN
Senior Trial Attorney
Telephone: (202) 305-7883
Facsimile: (202) 514-1005
United States Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, N.W.
Patrick Henry Building, Room 4500
Washington, D.C. 20530

LORETTA E. LYNCH
United States Attorney

/s/ ELLIOT M. SCHACHNER
Assistant United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201-1820
Telephone: (718) 254-6053
Facsimile: (718) 254-6479