UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

UNITED STATES OF AMERICA,

                                  Plaintiff,

              -and-

VULCAN SOCIETY, INC., for itself and on behalf of its members, JAMES NICHOLSON and RUSEBELL WILSON, Individually and on behalf of a subclass of all other victims similarly situated seeking classwide injunctive relief; and ROGER GREGG, MARCUS HAYWOOD, and KEVIN WALKER, individually and on behalf of a subclass of all other non-hire victims similarly situated; and CANDIDO NUNEZ and KEVIN SIMPKINS, individually and on behalf of a subclass of all other delayed-hire victims similarly situated,

                                Plaintiffs-Intervenors,

            -against-

CITY OF NEW YORK; THE FIRE DEPARTMENT OF THE CITY OF NEW YORK; NEW YORK CITY DEPARTMENT OF CITYWIDE ADMINISTRATIVE SERVICES; MAYOR MICHAEL BLOOMBERG and NEW YORK CITY FIRE COMMISSIONER NICHOLAS SCOPPETTA, in their official capacities,

                                Defendants.

------------------------------------------------------------------------ x

**AMENDED ANSWER TO UNITED STATES OF AMERICA'S COMPLAINT**

07 CV 2067
(NGG)(RLM)

        Defendant by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its Amended Answer to the Complaint filed by the United States of America, respectfully alleges as follows:

        1.    Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to proceed as set forth therein.

2. Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to proceed as set forth therein.

3. Admits the allegations set forth in paragraph "3" of the complaint.

4. Admits the allegations set forth in paragraph "4" of the complaint.

5. Admits the allegations set forth in paragraph "5" of the complaint.

6. Denies the allegations set forth in paragraph "6" of the complaint, except admits that the FDNY is the largest municipal fire department in the United States, employs approximately 11,000 uniformed firefighters in all ranks, of whom approximately 3.0% are black.

7. Denies the allegations set forth in paragraph "7" of the complaint, except affirmatively states that, subject to the New York Civil Service Law, defendant is responsible for determining the minimum qualifications for the position of FDNY firefighter, planning, preparing, and administering open competitive and promotional examinations for the position of FDNY firefighter, and performing other functions relating to the appointment of FDNY firefighters.

8. Denies the allegations set forth in paragraph "8" of the complaint, except affirmatively states that at all times relevant to this action defendant has administered open competitive and promotional examinations for appointment to the rank of entry-level firefighter.

9. Denies the allegations set forth in paragraph "9" of the complaint, except admits that at all times relevant to this action defendant's open competitive examination process for appointment to an entry-level position as firefighter has included a written examination and a physical performance test ("PPT").

10. Denies the allegations set forth in paragraph "10" of the complaint, except admits that defendant administered the written portion of Exam No. 7029 in February 1999, that Eligibility List 7029 was certified in February 2001 and was used until December 2004; defendant further admits that the written portion of Exam No. 2043 was administered in December 2002, that Eligibility List No. 2043 was certified in May 2004, and will expire in May 2008.

11. Denies the allegations set forth in paragraph "11" of the complaint, except admits that on January 20, 2007, defendant administered the written portion of open competitive Exam No. 6019 for the position of firefighter and that defendant intends to appoint firefighters from List 2043 until it expires in May 2008.

12. Denies the allegations set forth in paragraph "12" of the complaint, except admits that only those applicants who passed written examination 7029 and 2043 were eligible to take the PPT.

13. Denies the allegations set forth in paragraph "13" of the complaint, except admits that defendant used the results of Exam 7029 and 2043 as part of its rank ordering processing of candidates and that defendant also verifies that candidates meet all qualifications for appointment.

14. Denies the allegations set forth in paragraph "14" of the complaint.

15. Denies the allegations set forth in paragraph "15" of the complaint, except admits that the passing score for Exam No. 7029 was 84.705.

16. Denies the allegations set forth in paragraph "16" of the complaint.

17. Denies the allegations set forth in paragraph "17" of the complaint.

18. Denies the allegations set forth in paragraph "18" of the complaint.

19. Denies the allegations set forth in paragraph "19" of the complaint.

20. Denies the allegations set forth in paragraph "20" of the complaint, except admits that the passing score for Exam No. 2043 was 70.000.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. Denies the allegations set forth in paragraph "22" of the complaint.

23. Denies the allegations set forth in paragraph "23" of the complaint.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. Denies the allegations set forth in paragraph "25" of the complaint.

26. Denies the allegations set forth in paragraph "26" of the complaint.

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. Defendant repeats and realleges its responses to paragraphs "1" through "27" of the complaint as if fully set forth herein.

29. Denies the allegations set forth in paragraph "29" of the complaint.

30. Denies the allegations set forth in paragraph "30" of the complaint, excepts admits that the United States, through the Department of Justice, conducted an investigation into the screening and selection of candidates for appointment to the position of FDNY firefighter and notified defendant of its determination and that the parties were unable to resolve this matter.

31. Denies the allegations set forth in paragraph "31" of the complaint.

32. Defendant repeats and realleges its responses to paragraphs "1" through "27" of the complaint as if fully set forth herein.

33. Denies the allegations set forth in paragraph "33" of the complaint, except admits that in August 2002, the Vulcan Society, Inc. (the "Vulcans") filed a charge of

discrimination with the Equal Employment Opportunity Commission ("EEOC") and respectfully refers the Court to a copy of the charge for a full and accurate understanding of its allegations.

34. Denies the allegations set forth in paragraph "34" of the complaint, except admits that the EEOC referred the Vulcans' charge to the Department of Justice after unsuccessful conciliation efforts.

35. Denies the allegations set forth in paragraph "35" of the complaint, except admits that in March 2005, Candido Nunez, Roger Gregg, and Marcus Haywood, three candidates who took Exam No. 2043, filed charges of discrimination with the EEOC and respectfully refers the Court to copies of the charges for a full and accurate understanding of their allegations.

36. Denies the allegations set forth in paragraph "36" of the complaint, except admits that the EEOC found reasonable cause to believe that discrimination occurred and after unsuccessful conciliation efforts referred the charges to the Department of Justice and respectfully refers the Court to a copy of the EEOC's determination for a full and accurate understanding of its content.

37. Denies the allegations set forth in paragraph "37" of the complaint.

38. Denies the allegations set forth in paragraph "38" of the complaint with respect to claims brought under Section 706 of Title VII relating to Exam 7029.

**FIRST DEFENSE**

39. There was no timely filing of a charge of discrimination with the EEOC by the Vulcans or any one else with respect to Exam No. 7029 and, therefore, there was no valid referral by the EEOC to the Department of Justice of any 42 U.S.C. §2000e-5 (Section 706 of Title VII) claim relating to Exam No. 7029.

## SECOND DEFENSE

40. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States.

## THIRD DEFENSE

41. Plaintiff cannot establish that Exam Nos. 7029 and 2043 had unlawful disparate impact on black and Hispanic candidates.

42. Differences in the performance of blacks and Hispanics on the open competitive examinations for entry-level FDNY firefighter positions are not legally significant.

## FOURTH DEFENSE

43. Defendant's examinations and appointment process for the entry-level position of FDNY firefighter are job-related and consistent with business necessity.

## FIFTH DEFENSE

44. There does not exist a pattern or practice of discrimination against blacks and Hispanics in the selection and appointment process for entry-level firefighter.

## SIXTH DEFENSE

45. Plaintiff's and Plaintiff-Intervenors' damage claims are barred, in whole or in part, by the failure of the applicants who took Exam No. 7029 and Exam No. 2043 to mitigate damages.

**WHEREFORE,** defendant requests judgment dismissing the complaint and denying all relief requested therein, together with such other and further relief as the Court

- 7 -

deems just and proper.

Dated:    New York, New York
          March 14, 2012

                                   MICHAEL A. CARDOZO
                                   Corporation Counsel of the
                                      City of New York
                                   Attorney for Defendant
                                   100 Church Street
                                   New York, New York 10007
                                   (212) 788-0800
                                   mcardozo@law.nyc.gov

By:    /s/
           MICHAEL A. CARDOZO