UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

UNITED STATES OF AMERICA,

                              Plaintiff,

                 -and-

VULCAN SOCIETY, INC., for itself and on behalf of its
members, JAMES NICHOLSON  and RUSEBELL
WILSON, Individually and on behalf of a subclass of all
other victims similarly situated seeking classwide
injunctive relief;  and ROGER GREGG, MARCUS
HAYWOOD, and KEVIN WALKER, individually and on
behalf of a subclass of all other non-hire victims similarly
situated; and CANDIDO NUNEZ and KEVIN SIMPKINS,
individually and on behalf of a subclass of all other
delayed-hire victims similarly situated,

                        Plaintiffs-Intervenors,

                 -against-

CITY OF NEW YORK; THE FIRE DEPARTMENT OF
THE CITY OF NEW YORK; NEW YORK CITY
DEPARTMENT OF CITYWIDE ADMINISTRATIVE
SERVICES; MAYOR MICHAEL BLOOMBERG and
NEW YORK CITY FIRE COMMISSIONER NICHOLAS
SCOPPETTA, in their official capacities,

                            Defendants.

---------------------------------------------------------------------- x

**AMENDED ANSWER TO
PLAINTIFFS-
INTERVENORS'
COMPLAINT**

07 CV 2067
(NGG)(RLM)

         Defendants by their attorney, Michael A. Cardozo, Corporation Counsel of the

City of New York, for their Amended Answer to the Plaintiffs-Intervenors' Complaint,

respectfully allege as follows:

         1.     Deny the allegations set forth in paragraph "1" of the plaintiffs-

intervenors' complaint, except admit that plaintiffs-intervenors purport to proceed as set forth

therein.

2.     Deny the allegations set forth in paragraph "2" of the plaintiffs-intervenors' complaint.

3.     Deny the allegations set forth in paragraph "3" of the plaintiffs-intervenors' complaint.

4.     Deny the allegations set forth in paragraph "4" of the plaintiffs-intervenors' complaint, except admit that plaintiffs-intervenors purport to proceed as set forth therein.

5.     Deny the allegations set forth in paragraph "5" of the plaintiffs-intervenors' complaint, except admit that plaintiffs-intervenors purport to proceed as set forth therein.

6.     Deny the allegations set forth in paragraph "6" of the plaintiffs-intervenors' complaint to the extent it refers to claims relating to Exam 7029, except admit that plaintiffs-intervenors purport to proceed as set forth therein.

7.     Deny the allegations set forth in paragraph "7" of the plaintiffs-intervenors' complaint.

8.     Deny the allegations set forth in paragraph "8" of the plaintiffs-intervenors' complaint, except admit that plaintiffs-intervenors purport to proceed as set forth therein and respectfully refer the Court to Exhibit "A" of plaintiffs-intervenors' complaint for a full and complete statement of its contents.

9.     Deny the allegations set forth in paragraph "9" of the plaintiffs-intervenors' complaint, except admit that plaintiffs-intervenors purport to proceed as set forth therein.

10.     Deny the allegations set forth in paragraph "10" of the plaintiffs-intervenors' complaint, except admit that plaintiffs-intervenors purport to proceed as set forth therein.

11.     Deny the allegations set forth in paragraph "11" of the plaintiffs-intervenors' complaint, except deny knowledge or information sufficient to form a belief as to the number, identity and affiliations of the Vulcan Society's membership.

12.     Deny the allegations set forth in paragraph "12" of the plaintiffs-intervenors' complaint.

13.     Deny the allegations set forth in paragraph "13" of the plaintiffs-intervenors' complaint.

14.     Deny the allegations set forth in paragraph "14" of the plaintiffs-intervenors' complaint.

15.     Deny the allegations of the second sentence of paragraph "15" of the plaintiffs-intervenors' complaint, except admit that the individual plaintiffs-intervenors are or were applicants for the position of firefighter and deny knowledge or information sufficient to form a belief as to the remaining allegations of paragraph "15" of the plaintiffs-intervenors' complaint.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the plaintiffs-intervenors' complaint, except admit that plaintiffs-intervenors purport to proceed as set forth therein.

17.     Deny the allegations set forth in paragraph "17" of the plaintiffs-intervenors' complaint, except admit that plaintiffs-intervenors purport to proceed as set forth therein.

- 3 -

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the plaintiffs-intervenors' complaint.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the plaintiffs-intervenors' complaint.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the plaintiffs-intervenors' complaint.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the plaintiffs-intervenors' complaint, except admit that Candido Nuñez sat for Exam 2043 and received an adjusted score of 83.529, that Mr. Nuñez scored 100 on the physical performance test ("PPT") and his combined written examination and PPT gave him an adjusted overall score of 94.199; defendants further admit that Mr. Nuñez was number 5003 on the list of eligibles for Exam 2043.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the plaintiffs-intervenors' complaint, except admit that Roger Gregg sat for Exam 2043 and received an adjusted score of 78.823, that Mr. Gregg scored 100 on the PPT and his combined written examination and PPT gave him an adjusted overall score of 91.107; defendants further admit that Mr. Gregg was number 3017 on the list of eligibles for Exam 2043.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the plaintiffs-intervenors' complaint, except admit that Marcus Haywood sat for Exam 2043 and received an adjusted score of 70.588, that Mr. Haywood scored 100 on the PPT and his combined written examination and PPT gave him

an adjusted overall score of 85.713; defendants further admit that Mr. Haywood was number 6990 on the list of eligibles for Exam 2043.

24.     As paragraph "24" of the plaintiffs-intervenors' complaint asserts legal conclusions no response is required, except admit that the City of New York is a municipal corporation organized and existing pursuant to the laws of the State of New York.

25.     Deny the allegations set forth in paragraph "25" of the plaintiffs-intervenors' complaint, except admit that the City of New York maintains a fire department and respectfully refer the Court to the New York City Charter and Administrative Code for a complete statement of its powers and duties.

26.     Deny the allegations set forth in paragraph "26" of the plaintiffs-intervenors' complaint, except admit that the Fire Department is a department of the City of New York and respectfully refer the Court to the New York City Charter and Administrative Code for a complete statement of its powers and duties; defendants further deny knowledge or information sufficient to form a belief as to the identity of members of the Vulcan Society.

27.     Deny the allegations set forth in paragraph "27" of the plaintiffs-intervenors' complaint, except admit that the Department of Citywide Administrative Services ("DCAS") is a department of the City of New York and respectfully refer the Court to the New York City Charter, the New York City Administrative Code, New York State Civil Service Law and the Rules and Regulations of DCAS for a complete statement of its powers and duties and further admit that plaintiffs-intervenors purport to proceed as set forth therein.

28.     Deny the allegations set forth in paragraph "28" of the plaintiffs-intervenors' complaint, except admit that defendant Michael Bloomberg is the Mayor of the City of New York and serves as the City's chief executive officer and meets with various

- 5 -

commissioners of the City of New York, including the Fire Commissioner and respectfully refer the Court to the New York City Charter and New York Administrative Code for a complete statement of his powers and duties and further admit that plaintiffs-intervenors purport to proceed as set forth therein.

29.   Deny the allegations set forth in paragraph "29" of the plaintiffs-intervenors' complaint, except admit that defendant Nicholas Scoppetta is and has been Fire Commissioner of the City of New York since January 1, 2002 and respectfully refer the Court to the New York City Charter and Administrative Code for a complete statement of his powers and duties.

30.   Deny the allegations set forth in paragraph "30" of the plaintiffs-intervenors' complaint, except admit that the FDNY is the largest municipal fire department in the United States, employing approximately 11,000 uniformed firefighters in all ranks, of whom approximately 3.0% are black.

31.   Deny the allegations set forth in paragraph "31" of the plaintiffs-intervenors' complaint and respectfully refer the Court to Vulcan Society v. Civil Service Comm'n of the City of New York, 490 F.2d 387, 391 (2d Cir. 1973), aff'g 353 F.Supp. 1092 (S.D.N.Y. 1973), as supplemented 360 F.Supp. 1265 (S.D.N.Y. 1973) for an accurate statement of legal matters referred to in paragraph "31" of the plaintiffs-intervenors' complaint.

32.   Deny the allegations set forth in paragraph "32" of the plaintiffs-intervenors' complaint and respectfully refer the Court to the New York City Charter for a complete statement of the Equal Employment Practices Commission's powers and duties and to the reports of the Equal Employment Practices Commission for an accurate statement of their content.

33.     Deny the allegations set forth in paragraph "33" of the plaintiffs-intervenors' complaint.

34.     Deny the allegations set forth in paragraph "34" of the plaintiffs-intervenors' complaint, except admit that DCAS serves as the civil service commission for the City of New York with responsibility to schedule and conduct examinations for positions in the civil service, to establish, promulgate and certify eligible lists and investigate applicants for positions in the civil service.

35.     Deny the allegations set forth in paragraph "35" of the plaintiffs-intervenors' complaint, except that pursuant to applicable law, the City of New York selects candidates for appointment to the position of firefighter by, inter alia, administration of open competitive exams.

36.     Deny the allegations set forth in paragraph "36" of the plaintiffs-intervenors' complaint, except admit that in 1999, Exam 7029 was administered and in 2002, Exam 2043 was administered, and that each of these exams involved the administration of a written examination as well as a physical performance test.

37.     Deny the allegations set forth in paragraph "37" of the plaintiffs-intervenors' complaint, except admit that defendants administered the written portion of Exam 7029 in February 1999, that the eligibility list for Exam 7029 was certified in February 2001 and used until December 2004; defendants further admit that the written portion of Exam 2043 was administered in December 2001, that the eligibility list for Exam 2043 was certified in May 2004 and expired in May 2008.

38.     Deny the allegations set forth in paragraph "38" of the plaintiffs-intervenors' complaint, except admit that on January 20, 2007, defendants administered the

- 7 -

written portion of open competitive Exam 6019 for the position of firefighter and that defendants used Exam 2043's eligibility list until it expired in May 2008.

39.     Deny the allegations set forth in paragraph "39" of the plaintiffs-intervenors' complaint.

40.     Deny the allegations set forth in paragraph "40" of the plaintiffs-intervenors' complaint, except admit that the results of Exams 7029 and 2043 were used as part of the rank ordering processing of candidates, which processing involves, inter alia, efforts to verify that candidates meet the qualifications for appointment.

41.     Admit the allegations set forth in paragraph "41" of the plaintiffs-intervenors' complaint.

42.     Admit the allegations set forth in paragraph "42" of the plaintiffs-intervenors' complaint.

43.     Admit the allegations set forth in paragraph "43" of the plaintiffs-intervenors' complaint.

44.     Deny the allegations set forth in paragraph "44" of the plaintiffs-intervenors' complaint, except admit that among those applicants who passed both Exam 7029 and the PPT and were ranked on the eligibility list, the mean written examination score of whites was higher than the mean examination score of blacks; defendants further admit that only 7.3% of black applicants on the eligibility list obtained written examination scores in the top 20% of all applicants on the eligibility list, 66% of black applicants on the list scored in the bottom 40%, and 42.3% of black applicants on the list scored in the bottom 20%.

45.     Admit the allegations set forth in paragraph "45" of the plaintiffs-intervenors' complaint.

46.     Admit the allegations set forth in paragraph "46" of the plaintiffs-intervenors' complaint.

47.     Admit the allegations set forth in paragraph "47" of the plaintiffs-intervenors' complaint.

48.     Admit the allegations set forth in paragraph "48" of the plaintiffs-intervenors' complaint.

49.     Deny the allegations set forth in paragraph "49" of the plaintiffs-intervenors' complaint, except admit that among those applicants who passed both Exam 2043 and the PPT and were ranked on the eligibility list, the mean written examination score of whites was higher than the mean examination score of blacks; defendants further admit that only 6.8% of black applicants on the eligibility list obtained written examination scores in the top 20% of all applicants on the eligibility list, 66.9% of black applicants on the list scored in the bottom 40%, and 45.9% of black applicants on the list scored in the bottom 20%.

50.     Admit the allegations set forth in paragraph "50" of the plaintiffs-intervenors' complaint.

51.     Deny the allegations set forth in paragraph "51" of the plaintiffs-intervenors' complaint.

52.     Deny the allegations set forth in paragraph "52" of the plaintiffs-intervenors' complaint.

53.     Deny the allegations set forth in paragraph "53" of the plaintiffs-intervenors' complaint.

54.     Deny the allegations set forth in paragraph "54" of the plaintiffs-intervenors' complaint.

55.     Deny the allegations set forth in paragraph "55" of the plaintiffs-intervenors' complaint.

56.     Deny the allegations set forth in paragraph "56" of the plaintiffs-intervenors' complaint.

57.     Deny the allegations set forth in paragraph "57" of the plaintiffs-intervenors' complaint.

58.     Deny the allegations set forth in paragraph "58" of the plaintiffs-intervenors' complaint.

59.     Deny the allegations set forth in paragraph "59" of the plaintiffs-intervenors' complaint.

60.     Deny the allegations set forth in paragraph "60" of the plaintiffs-intervenors' complaint.

61.     Deny the allegations set forth in paragraph "61" of the plaintiffs-intervenors' complaint.

### FOR A FIRST DEFENSE

62.     The Complaint fails, in whole or in part, to state a claim, in whole or in part, upon which relief may be granted.

### FOR A SECOND DEFENSE

63.     The complaint is barred, in whole or in part, by plaintiffs-intervenors' failure to perform all conditions precedent to suit.

### FOR A THIRD DEFENSE

64.     Plaintiffs-intervenors' claims are barred in whole or in part by the applicable limitations period.

**FOR A FOURTH DEFENSE**

65.    Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States.

**FOR A FIFTH DEFENSE**

66.    Plaintiffs-intervenors cannot establish that Exam Nos. 7029 and 2043 had unlawful disparate impact on black and Hispanic candidates.

67.    Differences in the performance of blacks and Hispanics on the open competitive examinations for entry-level FDNY firefighter positions are not legally significant.

**FOR A SIXTH DEFENSE**

68.    Defendants' examinations and appointment process for the entry-level position of FDNY firefighter are job-related and consistent with business necessity.

**FOR A SEVENTH DEFENSE**

69.    There does not exist a pattern or practice of discrimination against blacks and Hispanics in the selection and appointment process for entry-level FDNY firefighter.

**FOR AN EIGHTH DEFENSE**

70.    The Fire Department of the City of New York and the New York City Department of Citywide Administrative Services are not suable entities.

**FOR A NINTH DEFENSE**

71.    Defendants, Mayor Michael Bloomberg and New York City Fire Commissioner Nicholas Scoppetta and are protected from suit, in whole or in part by the doctrines of absolute immunity, qualified immunity, or common law immunity, or any combinations of these doctrines.

## FOR A TENTH DEFENSE

72.     Plaintiff's and Plaintiff-Intervenors' damage claims are barred, in whole or in part, by the failure of the applicants who took Exam No. 7029 and Exam No. 2043 to mitigate damages.

**WHEREFORE,** defendants request judgment dismissing the complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated:          New York, New York
                March 14, 2012

                                        MICHAEL A. CARDOZO
                                        Corporation Counsel of the City of New York
                                        Attorney for Defendants
                                        100 Church Street
                                        New York, New York 10007
                                        (212) 788-0800
                                        mcardozo@law.nyc.gov


                                        By:    /s/_____
                                               MICHAEL A. CARDOZO