FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ MAR 23 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

UNITED STATES OF AMERICA,

                Plaintiff,

   -and-

THE VULCAN SOCIETY, INC., *for itself and on behalf of its members,* JAMEL NICHOLSON, *and* RUSEBELL WILSON, *individually and on behalf of a subclass of all other victims similarly situated seeking classwide injunctive relief;*

ROGER GREGG, MARCUS HAYWOOD, *and* KEVIN WALKER, *individually and on behalf of a subclass of all other non-hire victims similarly situated;* and

CANDIDO NUÑEZ *and* KEVIN SIMPKINS, *individually and on behalf of a subclass of all other delayed-hire victims similarly situated,*

                Plaintiff-Intervenors,

   -against-

THE CITY OF NEW YORK,

                Defendant,

   -and-

THE UNIFORMED FIREFIGHTERS ASSOCIATION
OF GREATER NEW YORK,

                A Non-Aligned Party.

------------------------------------------------------------------X

**MEMORANDUM & ORDER**

07-CV-2067 (NGG) (RLM)

NICHOLAS G. GARAUFIS, United States District Judge.

      On December 8, 2011, the court issued a Remedial Order and Partial Judgment, Permanent Injunction, and Order Appointing Court Monitor (the "Remedial Order"). (Docket Entry # 765.) In the Remedial Order, the court appointed as Court Monitor Mark S. Cohen and

1

entrusted him with oversight responsibilities on several areas that the court found the City should reform. (Remedial Order ¶¶ 57-58.) The court ordered the City to pay for the Court Monitor's services (id. ¶ 72) and determined the Court Monitor's fee structure, when the Court Monitor and the City could not agree (Order Establishing Rate of Court Monitor Compensation (Docket Entry # 768) at 3-4). Before the court are Court Monitor Mark S. Cohen's first statement of fees and expenses (Court Monitor's First Statement of Fees and Expenses (Docket Entry # 822)) and the City of New York's objections to it (City Mar. 3, 2012 Ltr. (Docket Entry # 824); City Mar. 20, 2012 Ltr. (Docket Entry # 832)).

The City objects specifically that the Court Monitor did not provide it with the Court Monitor's hourly billing records that support his first statement of fees and expenses. (City Mar. 20, 2012 Letter at 2.) Without the hourly billing records, the City argues, no one can determine whether the Court Monitor's fees are reasonable. The City misunderstands the intent of the Court Monitor. As the Court Monitor indicates in his letter, the Court Monitor has provided the hourly billing records to the court. (See Court Monitor Mar. 16, 2012 Letter (Docket Entry # 830) at 4.) The court has conducted an in camera review of the records and has ordered that they be filed under seal with the Clerk of Court, so that they are preserved and available for appellate review should the City attempt to seek it. As the Court Monitor explains, providing the hourly records for in camera review is a proper method of proceeding for two reasons.

The first reason for providing the hourly bill records to the court, rather than the City, is that the City is not the Court Monitor's employer. Rather, the Court Monitor is an agent of the court. The Court Monitor works to enforce a judicial decree, under the supervision of the court. Whether the Court Monitor is working efficiently or inefficiently, or undertaking tasks that are within or outside the scope of his duties under the Remedial Order, are decisions for the court to

make. The City's view of how the Court Monitor spends his time would be particularly unhelpful in this case because it is the City's agencies that the Court Monitor is charged with overseeing; the City would inevitably argue that the Court Monitor should spend less time, and address fewer areas of the City's activities, in his oversight function. (See Court Monitor Mar. 16, 2012 Letter at 2-3.)

The second reason that the Court Monitor does not believe he should be required to share his hourly billing records to the City is that such a log may reveal various lines of research and investigation that should be kept confidential. (See id. at 3-4.) The billing records may reveal that the Court Monitor is conducting legal research and drafting documents on issues that are confidential—because the issues involved, or the Court Monitor's position on them, are not yet a matter of public knowledge. Moreover, the terms of the Remedial Order allow the Court Monitor to engage in ex parte communication with the parties, third parties, and the court, without disclosing that fact to the parties. (See Remedial Order ¶¶ 69-70.) The Remedial Order's careful consideration of how ex parte communications should be regulated would be completely undone if the Court Monitor were required to submit a detailed billing record to the parties that revealed the existence of ex parte confidential communications.

Given these two reasons, the court concurs with the Court Monitor that requiring the Court Monitor to publicly disclose his detailed time records would be counterproductive. The court concludes that the Court Monitor shall continue to provide the court with his hourly billing records for in camera review while filing his statement of fees and expenses on the public docket; if the court finds that the requested fees, supported by the confidential hourly billing records, are reasonable and regular, the court will approve the statement of fees and expenses.

3

The court will order each set of billing records be filed under seal with the Clerk of Court to enable appellate review.

Applying these principles to the Court Monitor's first statement of fees and expenses, the court has reviewed the hourly billing record that supports the statement and finds that the fees and expenses are reasonable and regular. The court notes that this first statement reflects the fact that the Court Monitor had been appointed to a case that was already four years old and has been the subject of multiple opinions of the court and voluminous filings by the parties. Moreover, the Remedial Order that created the position of Court Monitor endowed that role with responsibilities over a wide range of areas. Familiarizing himself with the record of the case and the topics that the Remedial Order addressed was a necessary initial task for the Court Monitor and thus was reflected in this bill. Moreover, as the Court Monitor's first status report to the court shows, the Court Monitor has made extraordinary efforts in the first months since he has been appointed on a wide range of duties assigned to him by the Remedial Order (often with the cooperation of the parties). (See Court Monitor's First Status Report (Docket Entry # 823).) The Court Monitor's first statement of fees and expenses reflects the first portion of this extraordinary work.

The court finds the Court Monitor's first statement of fees and expenses reasonable and regular. The City is ordered to remit the listed amount to the Court Monitor as Paragraph 73 of the Remedial Order requires.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York  
       March 23, 2012

NICHOLAS G. GARAUFIS  
United States District Judge