FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ APR 0 6 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

UNITED STATES OF AMERICA,

                Plaintiff,

     -and-

THE VULCAN SOCIETY, INC., *for itself and on behalf of its members*, JAMEL NICHOLSON, *and* RUSEBELL WILSON, *individually and on behalf of a subclass of all other victims similarly situated seeking classwide injunctive relief;*

ROGER GREGG, MARCUS HAYWOOD, *and* KEVIN WALKER, *individually and on behalf of a subclass of all other non-hire victims similarly situated;* and

CANDIDO NUÑEZ *and* KEVIN SIMPKINS, *individually and on behalf of a subclass of all other delayed-hire victims similarly situated,*

                Plaintiff-Intervenors,

     -against-

THE CITY OF NEW YORK,

                Defendant,
     -and-

THE UNIFORMED FIREFIGHTERS ASSOCIATION
OF GREATER NEW YORK,

                A Non-Aligned Party.

**MEMORANDUM & ORDER**

07-CV-2067 (NGG) (RLM)

------------------------------------------------------------------X

NICHOLAS G. GARAUFIS, United States District Judge.

      Before the court is the City of New York's motion for an order to show cause why the Court Monitor should not post a bond or, in the alternative, for an order staying the City's duty to

1

pay the Court Monitor's first statement of fees. (City Mot. (Docket Entry # 843).) The City's motion is DENIED.

On September 30, 2011, and October 5, 2011, the court issued Findings of Fact and a Memorandum and Order after a bench trial on the need for, and proper scope of, affirmative injunctive relief. (Findings of Fact (Docket Entry # 741); Mem. & Order (Docket Entry # 743).) In the latter opinion, the court concluded that its "findings as to the need for injunctive and monitoring relief to prevent the City from committing further violations of the equal employment opportunity laws are as applicable to the City's violations of the disparate impact provisions of Title VII as they are to the need to prevent further acts of intentional discrimination by the City." (Mem. & Order at 20.) This statement reflects the fact that the City has been found liable for violations of Title VII of the Civil Rights of 1964, as amended, under both disparate impact and disparate treatment theories. (See Disparate Impact Liability Op. (Docket Entry # 294) at 93; Disparate Treatment Liability Op. (Docket Entry # 385) at 70.) The court concluded that a Court Monitor had been made necessary by the City's failure to remedy the violation of the civil rights of so many people in the process of hiring firefighters. (Mem. & Order at 28.)

After those opinions issued, the court engaged in a thorough process to determine who should be appointed Court Monitor, a position that would be endowed with oversight responsibilities in several areas that the court found the City should reform. Mark S. Cohen was a candidate that the City of New York did not object to. (See Order Appointing Monitor (Docket Entry # 758) at 2.) The court selected Cohen as the Court Monitor and announced that selection on November 9, 2011. (Id.) On December 8, 2011, the court issued a Remedial Order and Partial Judgment, Permanent Injunction, and Order Appointing Court Monitor (the "Remedial Order") (Docket Entry # 765); in the Remedial Order, the court confirmed its selection of Cohen

as the Court Monitor (Remedial Order ¶¶ 57-58). The court ordered the City to pay for the Court Monitor's services (id. ¶ 72) and determined the Court Monitor's fee structure, when the Court Monitor and the City could not agree (Order Establishing Rate of Court Monitor Compensation (Docket Entry # 768) at 3-4). The City sought an appeal of the Remedial Order (Notice of Appeal (Docket Entry # 766)), but did not ask for, and did not receive, a stay of the Remedial Order from either this court or the Court of Appeals.

On March 7, 2012, the Court Monitor made his first motion for payment of fees and expenses. (Docket Entry # 822.) The City objected, arguing that it is entitled to access to the detailed time records of the Court Monitor's law firm. (City Ltr. (Docket Entry # 832).) The court denied that request, conducted an in camera review of the time records, and found them reasonable and regular. (Mem. & Order (Docket Entry # 837) at 3-4.) The court approved the fee statement. (Id.) The court noted the extensive work that the Court Monitor had already performed in his official duties. (Id. (citing Court Monitor's First Status Report (Docket Entry # 823)).)

The City has now moved for an order to show cause why a bond should not issue or, in the alternative, for an order staying its obligation to pay the Court Monitor's first fee request while it seeks an appellate review of the court's determinations that the City does not have the right to view the detailed time records and that the first statement of fees is reasonable. (City Mot.) The Court Monitor has responded to correct several significant misstatements of fact and law in the City's application. (Court Monitor Ltr. (Docket Entry # 845).)

In the context of this litigation, the City's arguments that are based on financial concerns ring hollow. The City has had innumerable opportunities to correct its violations of federal law and avoid the cost of litigation. Judge Weinfeld of the United States District Court for the

3

Southern District of New York held that the City's hiring policies at the FDNY violated Title VII in 1973. See Vulcan Soc'y of N. Y. City Fire Dep't, Inc. v. Civil Serv. Comm'n, 360 F. Supp. 1265 (S.D.N.Y. 1973), aff'd in relevant part by 490 F.2d 387 (2d Cir. 1973). More recently, the City's Equal Employment Practices Commission advised the Mayor of the City that one of the entry-level firefighter examinations produced results that showed an adverse impact. (See Mem. & Order at 9-10.) That the City could be found to have violated federal law (and that such a finding might impose monetary costs onto the City) should not have been a shock to the City, given these pre-litigation events and given the City's large Law Department that has significant expertise in employment law. Since the United States Department of Justice commenced this case in 2007, the City has engaged in almost five years of protracted litigation rather than agreeing to an out-of-court resolution (see, e.g., Mem. & Order at 13-14, 18); the cost of this litigation to the taxpayers, when litigated as the City has done, dwarfs the Court Monitor's fee request. Moreover, the cost of this protracted litigation is a cost spent opposing the application of civil rights laws that would benefit New Yorkers.

Given that the context suggests that the City's financial arguments are not genuine, the City's motion appears to be an attempt to stay the Court Monitor's work without requesting and receiving a stay of the Remedial Order from either this court or the Court of Appeals. The court will not entertain the City's transparent attempt to avoid making the difficult showing that a losing party must make to obtain a stay of a district court's order while pursuing an appeal.

The court notes further that the City's briefing of this request uses unnecessarily accusatory and vitriolic language and appears to cast the Court Monitor—an officer of the court—as an adversary. The court would appreciate the City's respect for and cooperation with the work of the Court Monitor in his efforts to address the City's long-standing violations of

federal civil rights laws. (See Disparate Impact Liability Op. & Disparate Treatment Liability Op.) The court is satisfied that, to date, the Court Monitor has acted professionally and prudently to fulfill his obligations to the court.

For the foregoing reasons, the court sees no reason to require a bond or stay the City's obligation to pay the Court Monitor. The City's request is therefore DENIED.

SO ORDERED.

                                                                                                 s/Nicholas G. Garaufis

Dated: Brooklyn, New York                               NICHOLAS G. GARAUFIS
       April 6, 2012                                          United States District Judge