UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | 07-cv-2067 (NGG)(RLM) |
| Plaintiff, | ECF Case |
| -and- | |
| THE VULCAN SOCIETY, INC., for itself and on behalf of its members, and MARCUS HAYWOOD, CANDIDO NUNEZ and ROGER GREGG, individually and on behalf of a class of all others similarly situated, | |
| Plaintiff-Intervenors, | |
| - v. - | |
| THE CITY OF NEW YORK, | |
| Defendant. | |

# RECOMMENDATIONS OF THE SPECIAL MASTERS[1] REGARDING THE CLAIMS PROCESS

The Special Masters submit the following recommendations regarding the proposed claims process for determining the appropriate compensation for eligible claimants under the terms of the order issued by the Court on March 8, 2012. (*See* Docket No. 825.)

## I. ESTABLISHING THE GROUP OF ELIGIBLE CLAIMANTS

### A. Eligible Claimants

In its Memorandum and Order of March 8, 2012, the Court ruled on the criteria to determine whether an individual qualifies for relief through the individual damages claims relief process (the "Claims Process"). (*See* Docket No. 825, at 51-53.)

---

[1] "Special Masters," as used in the recommendations, refers to Steven M. Cohen (Zuckerman Spaeder LLP), Hector Gonzalez (Dechert LLP), Mitra Hormozi (Kirkland & Ellis LLP), and Breon S. Peace (Cleary Gottlieb Steen & Hamilton LLP).

In that Memorandum and Order, the Court held that both "Non-Hire Claimants" and "Delayed-Hire Claimants" are eligible for damages through the Claims Process.

Non-Hire Claimants include any individual who:

    a.    failed Written Exam 7029 with a score of 25 or higher and who was not later appointed as an entry-level firefighter;

    b.    failed Written Exam 2043 with a score of 25 or higher and who was not later appointed as an entry level firefighter;

    c.    passed Written Exam 2043, has a list number higher than 5646 on the Exam 2043 eligible list, was not appointed as an entry-level firefighter, and was not given by the City's Department of Citywide Administration Services ("DCAS") . . . a disposition code of CNS (considered not selected), DEA (declined), DCE (deceased), FRA (failed to report after accepting appointment), FRI (failed to report for interview), NQA (not qualified for appointment), UNA (underage at time of appointment), or UNF (underage at time of filing) the last time the person was certified from the Exam 2043 list.

Delayed-Hired Claimants include any individual who:

    a.    passed Written Exam 7029, was given a list number on the Exam 7029 eligible list and was appointed as an entry-level firefighter after February 4, 2001 . . . and was not given by DCAS . . . a disposition code of CNS (considered not selected), DEA (declined), DCE (deceased), FRA (failed to report after accepting appointment), FRI (failed to report for interview), NQA (not qualified for appointment), OVA (overage), UNA (underage at time of appointment), or UNF (underage at the time of filing) the last time the person was certified from the Exam 7029 list;

    b.    passed Written Exam 2043, was given a list number on the Exam 2043 eligible list and was appointed as an entry-level firefighter after May 25, 2004 . . . and was not given by DCAS . . . a disposition code of CNS (considered not selected), DEA (declined), DCE (deceased), FRA (failed to report after accepting appointment), FRI (failed to report for interview), NQA (not qualified for appointment), OVA (overage), UNA (underage at time of appointment), or UNF (underage at the time of filing) the last time the person was certified from the Exam 2043 list;

        c.      failed Written Exam 7029 and was appointed as an entry-level firefighter after February 4, 2001 from an eligible list other than the Exam 7029 eligible list; or

        d.      failed Written Exam 2043 and was appointed as an entry-level firefighter after May 25, 2004 from an eligible list other than the Exam 2043 eligible list.

Based on these criteria,[2] plus six additional lawful qualifications[3] that the Court has accepted, it is estimated that there are more than 2,200 individuals who will participate in the Claims Process.

### B.    Gathering Information from Claimants

The City of New York (the "City") will be responsible in the first instance for mailing out the (1) Notice, (2) Claim Form with Release, and (3) Opt-Out Form to all potential claimants. The Claimants will then have ***thirty days*** to mail back their Claim Form with Release or the Opt-Out Form.[4]

The United States will then use the information from a potential claimant's Claim Form and the City's applicant data to determine, based on the criteria and lawful qualifications set out above, whether a claimant is eligible to participate in the Claims Process. For those individuals the United States deems eligible, the United States shall request from the Social Security

---

[2] Notably, the Court has ruled that mental and psychological evidence will not play a role in eligibility determinations. (*See* Docket No. 825, at 54-55.)

[3] The parties have agreed that to participate in the Claims Process a candidate must: (1) not have been younger than 17 ½ years of age by the end of the period for the relevant examination; (2) not have been older than 29 years of age by the beginning of the application period for the relevant examination (after a deduction of time, not to exceed 6 years, spent in military duty as defined in Section 243 of the New York State Military Law); (3) presently understand and be understood in English; (4) have obtained citizenship by four years after the date of the establishment of the relevant eligible list; (5) not have been convicted of a felony as of four years after the date of the establishment of the relevant eligible list; and (6) not have received a discharge from the Armed Forces as of 4 years after the date of the establishment of the relevant eligible list.

[4] All dates and deadlines contained herein shall be calculated in accordance with Rule 6 of the Federal Rules of Civil Procedure, which provides in relevant part (1) that the clock begins to run the day after the event that triggers the relevant time period; (2) every day thereafter is to be counted, including weekends and legal holidays; and (3) if the last day of any given period falls on a weekend or legal holiday, the period is extended until the next business day. *See* Fed. R. Civ. P. 6(a)(1).

Administration and/or the Internal Revenue Service interim earnings information for each claimant as soon as it makes its determination. As to individuals that are deemed not eligible, the United States will notify each individual claimant of its determination and shall advise the claimant of his or her right to object to that determination.

    C.    **Fairness Hearing**

While the United States is establishing the group of eligible claimants, the Court will prepare to hold a Fairness Hearing. Prior to that hearing, the Court shall rule on the following: (1) eligibility criteria for priority hires, including whether they must take Exam 2000; (2) whether Exam 2500/2000 applicants are affected by a priority hiring remedy; (3) proposals regarding how to determine each claimant's backpay award and prejudgment interest; and (4) whether the City must pay the cost of obtaining interim earnings information from the Social Security Administration. Once it has had an opportunity to review the Special Masters' recommendations, the Court will also rule on the Claims Process framework and the role of the Special Masters. Following the Court's ruling on those issues, the parties will be required to submit a Proposed Final Relief Order and Notice documents. The Court will then provisionally enter the Proposed Final Relief Order. The Proposed Final Relief Order will not become final until the Court holds the Fairness Hearing and provides notice and an opportunity to object to the public.

**II.    ASSIGNMENT OF CLAIMANTS TO SPECIAL MASTERS**

Once the Proposed Final Relief Order has been entered, the United States shall randomly apportion the claimants evenly among the Special Masters. The United States shall make available to each Special Master a proposed list of individual claimants (the "Proposed Match List") that the United States intends to assign to that Special Master. The

Proposed Match List shall contain, at a minimum, each individual's name, social security number, and contact information, including the individual's address and telephone number.

The Special Masters will have *two weeks* after receiving the Proposed Match List to raise any concerns about the list.[5] Otherwise, the list will become final (the "Final Match List"). The United States shall make available to each Special Master the Final Match List to confirm once the matching process is complete. The United States shall then deliver the Final Match List to the City.

In the event the allocation of cases becomes uneven over time (because of settlement or other reasons), the Special Masters shall confer to decide how best to reapportion individual claimants among the Special Masters.

### A. Notifying the Individual Claimants that Their Case Has Been Assigned

Within *one week* of delivering the Final Match List to the City, the United States shall mail each individual claimant a letter informing him or her that his or her case has been assigned to a Special Master (the "Notification Letter"). The Notification Letter shall include the name of the Special Master in charge of that individual's Claims Process and it should also outline the structure, procedures, and deadlines that govern the Claims Process. All communications from claimants to any Special Master should be routed through the United States, as claims administrator.

---

[5] The Special Masters shall review the Proposed Match List to ensure that there are no conflicts of interest. In the event that conflicts exist, the United States shall revise the Proposed Match List and deliver a new Proposed Match List to the Special Masters within *one week* of receiving notice that a conflict exists. The United States shall continue to amend the Proposed Match List until there are no more conflicts and each Special Master has been assigned approximately the same number of cases.

5

### III. DISCOVERY

Once the claimants have been divided among the Special Masters, the parties will conduct discovery to be completed in *six months or less*.[6] The Special Masters shall meet as often as necessary to discuss and rule on all disputes relating to discovery, including, without limitation, motions in limine. The majority of the Special Masters must be in agreement to render a decision on these disputes. Otherwise, if a majority of the Special Masters is not able to agree on a decision, the dispute will be submitted to the Court for resolution. Discovery shall proceed in the following stages.

*First*, the United States shall take discovery from the City relating to any mitigation claims or eligibility requirements ordered by the Court following the first Fairness Hearing, and the United States shall also be responsible for providing to the City copies of any discovery produced by claimants.

*Second*, the United States shall prepare a list of claimants deemed to meet the initial eligibility criteria, which will be provided to both the Special Master and the City. The list shall describe the type of relief for which the claimants are eligible, the amount of any backpay, as well as retroactive seniority and/or priority hearing relief to which the United States believes the claimant is entitled.

*Third*, the United States shall request from claimants additional information responsive to the mitigation or any other eligibility requirements imposed by the Court.

Once discovery is complete, the City shall disclose in writing to the United States and Special Master: (1) the names of all initially eligible claimants to whom it intends to object; (2)

---

[6] The April 4, 2012 joint submission of Plaintiff United States, Plaintiffs-Intervenors, and Defendant City of New York, (*see* Docket No. 844), contemplates that the parties will conduct discovery before prospective claimants are apportioned among the Special Masters. However, in order to assist the Court in the efficient and timely resolution of this matter, the Special Masters propose to handle discovery disputes in the first instance; therefore, the Special Masters recommend that claimants be apportioned before discovery is underway.

6

the basis of the objection; (3) the names of any witnesses with knowledge of facts supporting the City's position; and (4) copies of any documents supporting the City's position. The City and the United States shall work together to resolve any disputes relating to eligibility within *three weeks* after submission.

The United States shall then submit to the Special Master a list of claimants and the relief recommended. The United States will then notify claimants of the proposed award and the procedures for any challenges to that award.

### IV. THE CLAIMS PROCESS

#### A. The Proposed Relief Letter

For each individual claimant, the United States shall also submit a "Proposed Relief Letter," outlining the preliminary recommended relief. The Proposed Relief Letter shall include:

1. The claimant's name and race/national origin;

2. Whether the claimant timely returned the claim form;

3. Whether the claimant is eligible for individual relief;

4. The type(s) of relief sought by the claimant;

5. The type(s) of relief for which the United States preliminarily deems the claimant eligible;

    a. If eligible for backpay, the amount of backpay to which the United States deems the claimant to be eligible;

    b. If eligible for priority hiring relief, the claimant's presumptive hire date, which is also the claimant's retroactive seniority date if hired by the City;

    c. The amount of retroactive seniority to be awarded to Delayed-Hired Claimants who are determined to be eligible for relief;

6. In addition, each claimant shall submit to the United States, and the United States shall submit to the Special Master, any material the claimant deems helpful to his or her case, including evidence of emotional distress due to his or her performance on Written Exam 7029 and 2043, his or her failure to be hired, or his or her delayed hiring at the FDNY;

7

       7.      If the United States deems the claimant ineligible for a type of relief sought by the claimant, the reason(s) for that determination, including whether the claimant failed to meet the eligibility criteria.

All of the information that the United States submits to any Special Master shall also be shared with the City and the individual claimant.[7]

### B.      Objections to United States' Preliminary Recommended Relief Award

The City will have *three weeks* to submit its response to the preliminary recommended relief award. The City's objection shall explain: (1) the criteria the City used to arrive at its objection; (2) the reasons for using those criteria; and (3) the amount of weight the Special Master should place on each criterion. Moreover, the City shall submit all information, if any exists, regarding the individual claimant's failure to mitigate his or her damages. Once the City has submitted its response, the United States shall be responsible for notifying the individual claimant about the City's response.

Although claimants are permitted to object to the United States' preliminary recommended relief award, the claimants will not be required to submit their own preliminary recommended relief award. Instead, an individual claimant who objects to the United States' recommendation is simply required to submit his or her objection, along with the reasons for the same, to the United States. In addition, that individual will have *three weeks* from the date of the Proposed Relief Letter to supplement the United States' submission to the Special Master. Once the objection is submitted, the United States shall be responsible for sharing the claimant's objection with the City and the Special Master assigned to that case.

---

[7] All documents submitted to the Special Masters shall be submitted in a word-searchable electronic format (.pdf preferred) as well as in hard copy.

### C. Responses to Objections

Once the City has filed its response to the United States' recommendation, the United States shall have *one week* to reply. Likewise, if a claimant files an objection, the United States and the City will have *one week* to respond to the claimant's objection.

### D. Individual Damage Claims Hearings

#### *1. Schedule of Hearings and Reporting Requirements*

Each Special Master will create a schedule to hear contested claims for which he or she is responsible. Although each Special Master shall have some latitude with respect to scheduling Individual Hearings, the Special Masters shall collectively establish a schedule to hear contested claims at a frequency that will be determined once the Special Masters have received the United States' Proposed Relief Letters and the City's responses to those letters. As a means to monitor the overall pace of the Individual Hearings, at the end of each month, the Special Masters shall report to the Court in writing the status of claims adjudications.

#### *2. Individual Hearing Date and Notification*

Once the parties have had an opportunity to object and respond to objections, the Special Master will determine whether he or she can resolve the objections on the papers or whether an Individual Hearing is required. In either case, claimants shall have the burden of establishing the dollar value of their claim by a preponderance of the evidence. *See Ellis v. Brotherhood of Ry. Airline & S.S. Clerks, Freight Handlers, Express and Station Employees*, 466 U.S. 435, 458 n.15 (1984) ("[P]reponderance standard [is] normally applicable in civil suits for damages" (citation omitted)).

Any hearing held by any Special Master will focus on both economic and non-economic damages, as necessary. In advance of the hearing, the Special Master may also submit specific questions or topics that the parties must address at the Individual Hearing.

9

Once an Individual Hearing has been set, the United States shall notify the claimant. The notice shall provide information about the Individual Hearing, including the date, time, address, and telephone number of the offices of the Special Master, and the claimant's rights with respect to the hearing. The United States must also inform the individual claimant about the questions or topics the Special Master wants to address during the Individual Hearing.

       3.     *Structure of Individual Hearings*

Individual Hearings will be held at the offices of the Special Master assigned to the individual claimant. Each party will have ***fifteen minutes*** to present their arguments, including rebuttal time. The parties can decide among themselves how much time each will need to respond to the other parties' arguments.

Moreover, other than any additional material that responds to the Special Master's specific questions or topics as identified before the Individual Hearing, no new material will be accepted at the Individual Hearings. In the event the parties plan to submit additional materials that are responsive to the Special Master's specific questions or topics, the parties must share that material with the other parties at least ***one week*** prior to the Individual Hearing.

       4.     *Settlement Discussions*

To the extent the parties engage in settlement discussions, the Special Masters shall be responsible for overseeing that process. Where warranted, the Special Masters may assign an attorney from his or her firm who will serve as a mediator for the parties.

       5.     *Special Master's Report and Recommendation*

The Special Master shall file a report and recommendation that includes findings of facts and a recommended relief award with the Court within ***ninety days*** after each Individual Hearing.

       6.     *Objections to Special Master's Report and Recommendation*

Once the Special Master has made his or her report and recommendation available to the United States and the City, the parties will have *two weeks* to file an objection with the Court.

DATED:  April 9, 2012                     Respectfully submitted,

   /s/    *Mitra Hormozi*_____
Mitra Hormozi, Special Master
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-6460

Steven M. Cohen, Special Master
ZUCKERMAN SPAEDER LLP
1185 Avenue of the Americas
New York, NY 10036
Telephone: (646) 746-8661
Facsimile: (212) 704-4256

Hector Gonzalez, Special Master
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
Facsimile: (212) 314-0058

Breon S. Peace, Special Master
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999