**U.S. Department of Justice**

Civil Rights Division

DK:MLB:EKB:JMS:AKT:BS
DJ 170-51-358

*Employment Litigation Section - PHB*
*950 Pennsylvania Ave, NW*
*Washington DC 20530*
*www.usdoj.gov/crt/emp*

April 10, 2012

Honorable Nicholas G. Garaufis
United States District Court
 for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

Re:    <u>United States v. City of New York, et al., 07-CV-2067 (NGG)(RLM)</u>

Dear Judge Garaufis:

In accordance with the Court's March 22, 2012 Order, Plaintiff United States of America respectfully submits the attached revised notice documents described in Section I on behalf of all parties.  In Section II, the parties request an opportunity to respond to the Special Masters' recommendations regarding the claims process (Dkt. 849) by May 3.  Finally, in Section III, the United States addresses the issue of subclass counsel's proposal to represent individual subclass members.  The United States respectfully requests that the Court consider and, if appropriate, approve the subclass counsel's proposal on this issue in order to reduce the likelihood of future challenges related to this concern.  However, the revised notice documents can be mailed out before any decision is made regarding the subclass counsel issue.

I.    **The Parties' Proposed Revised Notice Documents**

The parties jointly propose the following revised notice documents, which are attached:

1.  Notice of the claims process (Exhibit 1)
2.  Claim form with instructions and Social Security Administration consent form (Exhibit 2)
3.  Notice of the class action (Exhibit 3)
4.  Opt-out form (Exhibit 4)
5.  Notice of the claims process for newspaper and radio publication (Exhibit 5)
6.  A proposed order governing the distribution of the notice (Exhibit 6).

Moreover, the parties agree that the revised notice documents can be mailed approximately two weeks after (a) the Court approves these documents, (b) the Court rules on the outstanding retroactive seniority issue, which will be fully briefed by April 12, and (c) the Court decides whether claimants will have 30 or 45 days to return claim forms.[1]

---

[1] In their April 10, 2012 recommendations regarding the claims process, the Special Masters propose that claimants should have only 30 days to return completed claim forms.  *See* Dkt. 849

## II.   The Parties' Joint Request to Respond to the Special Masters' Claims Process Recommendations

The parties continue to review the Special Masters' recommendations filed today and request the opportunity to respond by May 3.  Under the joint proposed briefing schedule filed with the Court on April 4, the parties suggested May 3 as the deadline for initial briefing regarding disputes that the Court must resolve before notice of Fairness Hearing I can be distributed.  Because today's filing by the Special Masters similarly implicates issues that must be resolved before notice of Fairness Hearing I can be distributed, the parties propose to include their responses to the Special Masters' recommendation in the May 3 briefing.

## III.   Subclass Counsel's Representation of Individual Subclass Members

Finally, the United States respectfully requests the Court's input regarding Subclass Counsel's (Levy Ratner and the Center for Constitutional Rights ("CCR")) role in representing individual subclass members.  As discussed during the March 22 status conference, the parties agree that all subclass members are entitled to have counsel of their own choosing represent them on their claims for individual relief.[2]  However, a potential tension exists between Subclass Counsel's

---

at 3.  The parties, on the other hand, agree that claimants should have 45 days to return completed claim forms. *See* Dkt. 844-2 at 2.  The parties believe the longer time period is necessary to increase the claimant participation rate and to allow the City to re-send notice and claim form mailings when such mail is returned to the City as undeliverable.  Despite the United States' extensive efforts, it was unable to obtain updated contact information for each of the nearly 7,100 black and Hispanic applicants who took Written Exam 7029 in 1999 and/or Written Exam 2043 in 2002.  As a result, the parties anticipate that a substantial number of the notice and claim form mailings will be returned to the City as undeliverable.  Accordingly, the parties request that the Court approve their proposed 45-day time period for claimants to return completed claim forms.

[2]  Before turning to the subclass counsel issue, the United States briefly sets forth its role regarding claimants who seek relief in the claims process.  Counsel for the United States will vigorously advocate on behalf of eligible claimants at every step in the claims process, including individual hearings (as necessary), to ensure they receive appropriate relief.  Indeed, the United States' interests are closely aligned with those of individual victims who seek relief in this case, as assuring that individual victims of the City's unlawful employment practices are made whole is a central aspect of remedying the City's violation of federal law.  However, in Title VII litigation such as here, the counsel for the United States does not serve as the attorney for individual victims. *See* 42 U.S.C. § 2000e-5(f); *Gen'l Tel. Co. of the Northwest v. EEOC,* 446 U.S. 318, 331 (1980); *Williams v. United States*, 665 F. Supp. 1466, 1470 (D. Ore. 1987).  In addition, although counsel for the United States will pursue individual relief on behalf of every claimant who is eligible for backpay, retroactive seniority, and/or priority hiring relief, the United States will not advocate for noneconomic damages on behalf of any black claimant, because the United States did not assert that claim.

2

representation of the subclass as a whole and individual subclass members.[3]  The Plaintiffs-Intervenors do not agree with the United States' position on this issue and request the opportunity to respond by May 11.  The City and the United States do not object to this proposal.

For example, the Second Circuit has recognized that "[i]nherent in any class action is the potential for conflicting interests among the class representatives, class counsel, and absent class members." *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1077 (2d Cir 1995).  In general, "class representatives assume fiduciary duties to absent class members, and are obligated to remain alert for, and report to the Court, any conflict of interest on the part of class counsel." Dkt. 640 at 10 (internal citations and quotations omitted).  Moreover, "the role of class counsel is generally greater than that of the class representatives in protecting the interests of absent class members." *Maywalt*, 67 F.3d at 1076.  Similarly, the District Court for the Southern District of New York has recognized:

> The canons of legal ethics require undivided loyalty on the part of an attorney and instruct that even the appearance of impropriety be avoided.  In a class action, it is especially important to avoid even the appearance of divided loyalties.  This urgency lies in the court's duty to guarantee that the rights of the absentee unnamed plaintiffs remain protected.

*Tedesco v. Mishkin*, 689 F. Supp. 1327, 1340 (S.D.N.Y. 1998) (internal citations omitted).

Because of the potential for conflict among class members, the Court recognized in its June 6, 2011 Order that the Court bears "ultimate responsibility to ensure that the interests of class members are not subordinated to the interests of either the class representatives or class counsel." Dkt. 640 at 11 (quoting *Maywalt*, 67 F.3d at 1078).  The Court's June 2011 Order further recognized that the conflict between the interests of the delayed-hire victims and the non-hire victims necessitated two separate subclasses.  The Court based its decision on its concern that awards of priority hiring relief and retroactive seniority to priority hires would "dilute the value of the seniority accumulated by delayed-hire victims and place the two groups in direct competition for the various employment benefits that greater seniority makes more accessible." Dkt. 640 at 12.  Similarly, for example, if CCR's zealous representation of an individual delayed-hire victim, it contends that the Court should make an exception to the eligibility criteria to which subclass counsel already agreed on behalf of the class, then any award to that individual would have this same dilutive effect.  That is, both the value of the seniority accumulated by the delayed-hire subclass and the value of monetary relief available to those subclass members who meet the eligibility criteria would be diluted by an exception to the eligibility criteria.  As to individual representation on backpay and mitigation, a possible conflict also exists between

---

[3]  The Court did not certify the subclasses on issues related to individual subclass member's eligibility for, or amounts of, backpay, retroactive seniority, or priority hiring relief.  As such, subclass counsel have not been appointed to represent the subclasses on these issues.

representing the interests of the subclass and the interests of an individual subclass member, depending on the backpay distribution method ultimately approved by the Court.[4]

As stated above, the parties agree that a class member may be represented in his or her claim for individual relief by an attorney that he or she selects (although such individual representation is certainly not required). Further, if a class member requests individual representation from Levy Ratner or CCR, the City and the United States do not object to such representation, although neither law firm may act in its role as subclass counsel when representing subclass members on individual claims. However, out of an abundance of caution based on the case law and the concerns set forth above, the United States requests that the Court review and approve the parties' agreement on this issue.[5] Doing so should minimize any potential delay or disruption that may result from any subsequent challenge to subclass counsel's dual roles in representing the subclass and individual subclass members. Moreover, the notice of the class action proposed jointly by the parties includes language regarding the parties' agreement. *See* Exhibit 3, at 2-3. Thus, the revised notice documents may be mailed to claimants before the Court decides this issue. Finally, as stated above, the Plaintiffs-Intervenors do not agree with the United States' position on the subclass counsel issue and request the opportunity to respond by May 11. The City and the United States do not object to this request.

Sincerely,

Eric K. Bachman
Senior Trial Attorney
(202) 305-7883
Civil Rights Division
United States Department of Justice

Elliot Schachner
Assistant U.S. Attorney
Eastern District of New York
(718) 254-6053

---

[4] The United States does not anticipate a conflict of interest regarding noneconomic damages, because one subclass member's award of noneconomic damages does not implicate another subclass member's award. Thus, the United States does not object to Levy Ratner or CCR representing individual class members regarding their eligibility for noneconomic damages, provided they do not do so in their capacity as Subclass Counsel.

[5] To the extent the Court has any concerns about subclass counsel's dual representation issues, it may be that an appropriate waiver can resolve such concerns.