

**MICHAEL A. CARDOZO**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

April 12, 2012

Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:  USA v. City, Civil Action No.: 07 CV 2067 (NGG)(RLM)
            Law Dept. No.: 2007-01744

Dear Judge Garaufis:

      I write on behalf of the defendants in accordance with the proposed briefing schedule jointly presented to the Court on April 4, 2012 by all parties (Dkt. # 844-1) to address two issues: (1) the eligibility criteria for awards of retroactive seniority and (2) the appropriate methodology for making any such awards.

**Eligibility Criteria**

      The threshold eligibility criteria for non-hire and delayed hire claimants seeking seniority awards should be the same as those for determining who is eligible for back pay as agreed upon by the parties and approved by the Court. (Dkt. # 825 at 51-54, as modified by Minute Entry dated March 22, 2012).

      In addition, the parties have agreed that any non-hire claimant who applies for, receives and accepts an offer of a priority hire position ("Priority Hires") must meet all current minimum job qualifications, except the age requirement, before entering the FDNY Academy. The parties have proposed briefing additional issues regarding the eligibility criteria for Priority Hires, including whether they must take Exam 2000, in submissions due to be filed on May 3, 2012.

      As discussed below, blacks and Hispanics who were appointed to the first Academy class for either Exam 7029 or 2043 are ineligible for seniority relief as delayed hire claimants.

**Methodology for Distributing Retroactive Seniority to Non-Hire Claimants**

In its January 21, 2010 Memorandum and Order (Dkt. # 390)("January 21, 2010 Order"), this Court adopted an approach to the valuation of lost seniority for non-hire victims which is based on the Court's determination of the number of positions (293) which would have been awarded to black and Hispanic test applicants absent discrimination. Id. at 25 ("The approach awards seniority in an amount that is co-extensive with the shortfall that resulted from the City's discriminatory hiring practices.") The Court found that the aggregate value of the seniority lost by the 293 shortfall minority candidates should be determined based on the median date for each exam. ("[I]t is reasonable to set the seniority date for each of these hired [sic] victims as of the median date.") Id. at 25. The median hire date for Exam 7029 is Feb. 2, 2003 and the median hire date for Exam 2043 is June 6, 2006. The City agrees with the United States and Plaintiffs-Intervenors that this ruling is now the law of the case as to non-hire claimants' entitlement to seniority awards.

The parties agree that in the event that the City hires 293 Priority Hires, none of the remaining non-hire claimants will receive seniority awards.

**Methodology for Distributing Retroactive Seniority to Delayed Hire Claimants**

Defendants agree with the Court's concern that reliance on the median hire date for delayed hire claimants will not approximate the lost seniority suffered by each delayed hire claimant and that sufficient evidence exists to make more individualized determinations. Id. at 29.

Defendants, therefore, endorse the methodology set forth in footnote 24 of the Court's January 21, 2010 decision:

> For example, the court might: (1) divide the 20 years of lost seniority of black hires from Exam 7029 among all 104 blacks from that examination (amounting to approximately 2.3 months of seniority each); (2) divide the 23 years of lost seniority of Hispanic hires from Exam 7029 among all 274 Hispanic hires from the examination (amounting to approximately 1 month of seniority each); (3) divide the 14 years of lost seniority of black hires from Exam 2043 among all 80 black hires from that examination (amounting to approximately 2.1 months of seniority each); and (4) divide the 12 years of lost seniority of Hispanic hires from Exam 2043 among all 187 Hispanic hires from that examination (amounting to 0.8 months of seniority each).

However, defendants contend that seniority awards should be made only to the delayed hire claimants who were not in the first classes for each exam because, clearly, they could not have been hired any earlier and, consequently, cannot be "delayed hire claimants." To determine the appropriate amount of a potential seniority award for an Exam 7029 delayed hire claimant, therefore, the 20 years of lost experience, as calculated by Dr. Siskin, should be divided by the

102 black hires who were not admitted to the first class.[1]  Second, to avoid giving any claimant a windfall, the amount of the individual awards should not increase if fewer than 102 delayed hires submit claims.  Third, to the extent that defendants can establish that the delay encountered by a particular claimant was attributable to the candidate's own actions, that candidate should not receive any seniority award.  As the Court noted in its March 8, 2012 Memorandum and Order (Dkt # 825) at 43, "["S]omeone whose delay in hiring was self-induced should not benefit from a damage award intended to make victims whole."  For example, if the FDNY offered a candidate who was eventually appointed the opportunity to join the first Academy class and the candidate declined for personal reasons, that candidate should not receive a seniority award.  Determinations as to whether claimants suffered self-induced delays can be made during the individual hearings to be held before the Special Masters.  Again, the amount of the remaining individual awards should not increase just because some of the delayed hire claimants are found to have been responsible for the delay in their appointments.

Respectfully submitted,

_____/s/_____
Michael A. Cardozo

---

[1] Two blacks and ten Hispanic were in the first Academy class for Exam 7029.  See Siskin Report, tbls. 3 and 4.  One black and one Hispanic were in the first Academy class for Exam 2043.  Id. tbls. 12 and 14.