

U.S. Department of Justice

Civil Rights Division

LK:MLB:EKB:JMS:AKT:BS
DJ 170-51-358

*Employment Litigation Section - PHB*
*950 Pennsylvania Ave, NW*
*Washington DC 20530*
*www.usdoj.gov/crt/emp*

April 12, 2012

*Via ECF*
Hon. Nicholas G. Garaufis
United States District Court
 for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: <u>United States v. City of New York, et al., 07-CV-2067 (NGG)(RLM)</u>

Dear Judge Garaufis:

As directed by the Court at the March 22, 2012 litigation management conference and in accordance with the briefing schedule proposed by the parties on April 4, the United States writes to set forth its position regarding the method for awarding retroactive seniority to claimants whose hiring was delayed ("Delay Claimants").

In Section I below, the United States provides a brief overview of the eligibility requirements for obtaining retroactive seniority relief. In Section II, the United States explains why the Court should award retroactive seniority to claimants based on the median hire dates of candidates who took Written Exams 7029 and 2043. Further, the parties agree, and respectfully request, that the Court should resolve the issue of how to award retroactive seniority before the revised notice documents, which were submitted to the Court on April 10, are mailed to potential claimants.

I. **Eligibility for Retroactive Seniority**

The parties agree that in order to be eligible for individual relief – *e.g.*, backpay, priority hiring, and retroactive seniority – claimants must satisfy two sets of eligibility criteria. *See* Dkt. 651. First, claimants must meet the definition of either Non-hire Claimant or Delay Claimant, as set forth in Docket No. 651 at pages 2-5. Second, claimants must also demonstrate that – during the life of the relevant exam's eligible list – they *had met* certain "other lawful qualifications" that were in place.[1] *See id.* at 5-7.

---

[1] In addition to these criteria, the parties agree that Non-Hire Claimants who seek priority hiring relief must also demonstrate they *presently* meet the "other lawful qualifications" that continue to be in place for entry-level firefighters, other than the maximum age requirement. Dkt. 619-4 ¶ 34. Further, the parties generally agree that, in order to be hired by the City, priority hires must

In its order dated March 8, 2012, the Court adopted the definitions of Non-Hire and Delay Claimants,[2] as well as the "other lawful qualifications" to determine which claimants are "eligible for individual monetary relief." Dkt. 825 at 57. In response to the Court's inquiry during the March 22 litigation management conference regarding the eligibility criteria for retroactive seniority relief, the parties agree that the same two sets of eligibility criteria apply. In other words, claimants who meet the two sets of eligibility criteria above are automatically eligible for retroactive seniority relief without any further showing. Dkt. 619-4 ¶¶ 77-78. Of course, retroactive seniority will be awarded only to claimants who are currently employed (Delay Claimants), or will be employed (priority hires), as firefighters with the New York City Fire Department ("FDNY"). Finally, the parties also agree that the retroactive seniority awarded to Delay Claimants and priority hires will not override time-in-grade requirements for eligibility for promotion or other assignment, to the extent such requirements exist.

## II. The Appropriate Method for Calculating Retroactive Seniority

The United States proposes that the Court calculate retroactive seniority relief based on the median date of hire for the relevant eligible list (*i.e.*, Exam 7029 or 2043). *See, e.g.,* Dkt. 315-2 ¶ 9, 54-55. Notably, the City previously agreed that, as to Delay Claimants, "if retroactive seniority is to be awarded use of the median hire date can be considered appropriate." Dkt. 400-1 at 39.[3] The median hire date for Exam 7029 claimants is February 2, 2003, and the median hire date for Exam 2043 claimants is June 11, 2006. Dkt. 315-2 ¶ 9; Dkt. 619-4 ¶ 9.

### A. Priority Hires

By way of background, the Court has already decided the appropriate method for calculating retroactive seniority for priority hires. In its January 21, 2010 initial remedial order, the Court overruled the City's objections to awarding competitive retroactive seniority to Delay Claimants and priority hires. In its analysis, the Court recognized that the United States' proposed method for calculating retroactive seniority based on the median hire date is appropriate for priority hires. Dkt. 390 at 27. The Court characterized this method as a "modest

---

demonstrate that they are qualified for the position by undergoing the same entry-level firefighter selection process as all other applicants. Dkt. 400-1 at 29-30. The issue on which the parties have not agreed, whether claimants seeking priority hire must take and pass Exam 2000, will be fully briefed (along with any other issues related to priority hiring eligibility) by May 17. Dkt. 844-1.

[2] In accordance with the Court's minute entry dated March 22, 2012, the definitions of Non-Hire and Delay Claimant have been modified to reference the City's most recently updated disclosure of data from Exam 2043.

[3] In prior discussions, the United States informed the City that it intended to make the same proposal regarding the distribution of retroactive seniority as it had made in the Joint Statement on Relief Phase Issues ("Joint Statement"), Dkt. 400-1. The United States requested that the City share its proposal regarding the distribution of retroactive seniority but did not receive the City's proposal prior to the City's submission of its letter.

approach" that lessens the impact on incumbent firefighters by assuming that "minority candidates would have been hired approximately in the middle of each list" rather than "plac[ing] the victims in front of every other person hired from those examinations." *Id.*

One issue that has very recently been identified relates to the probationary period for priority hires, including its duration, and its effect on how retroactive seniority will be credited. Because the parties have not yet had an opportunity to discuss this issue, which is interrelated with the priority hire eligibility criteria that will be briefed on May 3, the United States requests the opportunity to address this issue as part of the May 3 briefing. However, this issue does not need to be resolved before the revised notice documents, which were submitted on April 10, are approved and mailed.

### B.   Delay Claimants

Unlike retroactive seniority for priority hires, the Court has not yet decided how to award retroactive seniority to Delay Claimants. In its January 21, 2010 initial remedial order, the Court expressed concern that black and Hispanic Delay Claimants who were hired before the median hire date would not receive retroactive seniority under the United States' proposed method. Dkt. 390 at 29-30. The Court indicated that the parties may want to consider using Dr. Siskin's hiring approximations or a *pro rata* distribution to award retroactive seniority for Delay Claimants and directed the parties to address whether another method for distributing retroactive seniority would be more equitable. *Id.* at 30. In addition, the Court's June 6, 2011 Order stated that potential Delay Claimants may establish a *prima facie* case that they were harmed by the City's discriminatory practices if they were not hired into the first academy class of the exam for which they sat. Dkt. 640 at 34 n. 17.

The United States continues to believe that, although a Delay Claimant who was not hired into the first academy class of the relevant exam may make a *prima facie* demonstration of harm, the most appropriate method by which to distribute retroactive seniority to Delay Claimants is to use the median hire date of the relevant exam.[4] During the liability phase of this case, Dr. Siskin calculated the classwide periods of delay in hiring for each eligible list by, in essence, "moving" unspecified black and Hispanic applicants into the nearest academy class in which a shortfall of black or Hispanic hires existed. For example, Dr. Siskin moved one black hire from the May 6, 2001 academy class, one black hire from the July 15, 2001 academy class, and one black hire from the October 28, 2001 academy class to the February 4, 2001 academy class to fill the shortfall of three black hires in the February 4, 2001 class (*see* Dkt. 253, Table 3 of Part A of Appendix G). Dr. Siskin had to take a classwide approach to the total amount of delay because it is impossible to identify the specific black and Hispanic firefighters who would have been hired earlier, and the specific classes into which they would have been hired, absent the City's discriminatory practices. Thus, Dr. Siskin's method of calculating the overall amount of seniority lost by black and Hispanic firefighters does not mean that one can conclude that specific applicants hired into the second class, for example, would have been hired into the first class absent the discriminatory practices. It could be just as likely that, in the absence of

---

[4] The United States previously addressed this inquiry in the Joint Statement, Dkt. 400-1 at 35-40, and restates those arguments above.

3

discrimination, black and Hispanic applicants who were hired into the last class may have been hired into the first class. Given this uncertainty, the best estimate that can be made statistically is that, absent discrimination, all black and Hispanic applicants would have been hired into the class beginning on the average (median) hire date.[5]

Further, if the Court uses a *pro rata* distribution to award retroactive seniority, black and Hispanic Delay Claimants hired into later academy classes—who may have experienced the longest delays—would likely not be made whole because they would remain near the bottom in terms of seniority compared to other firefighters hired from the same list.[6] At the same time, under a *pro rata* distribution, black and Hispanic firefighters hired into the second academy class would receive retroactive seniority even though they were hired before the majority of white applicants hired from the relevant eligibility list.

Therefore, as with priority hires, using the median hire date to award retroactive seniority to Delay Claimants strikes an appropriate balance between the uncertainty of which black and Hispanic firefighters experienced delay in their hiring (and for how long) and the need to make whole the victims of discrimination. Use of the median hire date also lessens the impact of this relief on the seniority rights of incumbent firefighters.

For the above reasons, the United States submits that using the median hire date is the most appropriate method to calculate awards of retroactive seniority for both priority hires and Delay Claimants. If the Court agrees, the parties can mail potential claimants the notice and claim form documents proposed to the Court on April 10, including the Notice of Class Action, without any additional revisions.[7]

---

[5] Moreover, the Court should not use a Delay Claimant's actual date of hire to approximate the academy class into which the City would have assigned him or her absent discrimination. This method of distribution would award seniority based, in part, on how claimants performed on Exams 7029 and 2043, which were found to be unlawful.

[6] Plaintiff-Intervenor Candido Nuñez provides an example. Mr. Nuñez was hired into the last class hired from the Exam 2043 eligible list. If a *pro rata* distribution were used, Mr. Nuñez would receive retroactive seniority that would place him slightly ahead of the white firefighters hired into the last class from the Exam 2043 eligible list in terms of seniority. But he would remain forever behind all other firefighters hired from the list. Moreover, despite his actual years of experience on the job, Mr. Nuñez would have less seniority than Exam 2043 non-hire victims who, if hired as priority hires, will receive seniority as of the median hire date.

[7] If the Court determines that the median hire date should not be used to calculate retroactive seniority, one sentence in the proposed Notice of Class Action, which has been noted, will need to be edited. Dkt. 850-3 at 2.

Respectfully submitted,

DELORA L. KENNEBREW
Chief
Employment Litigation Section

/s/ ERIC K. BACHMAN
Senior Trial Attorney
Telephone: (202) 305-7883
Facsimile: (202) 514-1005
United States Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, N.W.
Patrick Henry Building, Room 4500
Washington, D.C. 20530


LORETTA E. LYNCH
United States Attorney

/s/ ELLIOT M. SCHACHNER
Assistant United States Attorneys
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201-1820
Telephone: (718) 254-6053
Facsimile: (718) 254-6479