# LEVY RATNER, P.C.
Attorneys at Law
80 Eighth Avenue, 8th Floor
New York, New York  10011-5126

Telephone (212) 627-8100
Telecopier (212) 627-8182

www.levyratner.com

Richard A. Levy
Daniel J. Ratner
Daniel Engelstein°
Gwynne A. Wilcox ᐃ
Pamela Jeffrey
Owen M. Rumelt
Kevin Finnegan
Carl J. Levine ᐃ
David Slutsky ᐃ
Allyson L. Belovin
Suzanne Hepner ♦
Richard Dorn
Robert H. Stroup

Dana E. Lossia ᐃ
Susan J. Cameron ᐃ
Micah Wissinger ♦
Ryan J. Barbur
Vanessa Flores ᐃ
Alexander Rabb
Michael R. Hickson

Counsel:
Paul Schachter ᐃ
Anthony DiCaprio
Michael Steven Smith
David P. Horowitz †

April 12, 2012

*VIA ECF*

Hon. Nicholas G. Garaufis
United States District Court for the
    Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

    Re:    United States, et al. v. City of New York
            Civ. Action No. 07-cv-2067 (NGG) (RLM)

Dear Judge Garaufis:

      Counsel to the black non-hire victim subclass submit this letter concerning eligibility for, and how to award, retroactive seniority[1] to non-hire victims.  As we noted during the litigation management conference with the Court on March 22, 2012, we believe that this issue must be finalized before the mailing of notice to potential claimants.

      <u>Eligibility</u>.  The parties agree that every non-hire claimant who is deemed eligible for priority hiring, and is offered and accepts a priority hire, is also eligible for an award of retroactive seniority.  There is no circumstance under which a priority hire should be excluded from an award of retroactive seniority.

      The parties have also agreed that priority hires must complete a probationary period – including Fire Academy training – before being credited with retroactive seniority. (Dkt. 390 at 19, n.16)  However, the parties have not yet discussed whether priority hires will be subject to the twelve (12) month probationary period in effect for Exams 7029 and 2043 (and 6019) or the eighteen (18) month probationary period that was first instituted for Exam 2000. Because that issue need not be decided prior to the mailing of the notice documents to

---

[1] Unless otherwise specified, "retroactive seniority" includes both retroactive benefits seniority (for the purpose of all employment benefits) and retroactive competitive seniority (for any purpose involving competition among employees, such as assignments or layoffs).

Hon. Nicholas G. Garaufis
April 12, 2012
Page 2

claimants, the non-hire subclass will address the issue, to the extent there is a dispute, in its submission to the Court on May 3, 2012, unless otherwise directed by the Court.[2]

<u>Calculating retroactive seniority</u>. This Court has previously determined, and all parties agree, that non-hire victims who are appointed as priority hires should be assigned seniority dates of February 2, 2003 (for Exam 7029 victims) and June 11, 2006 (for Exam 2043 victims). (Dkt. 390 at 27). The parties also agree that the retroactive seniority awarded to priority hires will not override time-in-grade requirements for eligibility for promotion or other assignment, to the extent such time-in-grade requirements exist. (*Id.* at 45).

We thank the Court for its attention to this matter.

Very truly yours,

Dana Lossia

Dana E. Lossia

DEL:del

---

[2] It is the understanding of the non-hire subclass that priority hires will receive a salary based upon their presumptive hire dates immediately upon entering the FDNY Academy. In other words, priority hires need not complete the probationary period in order to be entitled to the salary they would already have been earning absent the City's discrimination. To the extent there is a dispute on this issue, the non-hire subclass would address this issue as well in its May 3, 2012 submission. This, again, is not an issue that must be decided prior to the mailing of the notice documents to claimants.

56-001-00001: 10105424_2