# centerforconstitutionalrights
## on the front lines for social justice

April 12, 2012

<u>VIA ECF</u>
Hon. Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

      Re:    *United States, et al. v. City of New York, et al.*, 07-cv-2067 (NGG) (RLM)

Dear Judge Garaufis:

    Counsel for the black Delayed-Hire Victim Subclass submits this letter concerning eligibility for and calculation of retroactive seniority[1] to Delay Claimants.  As we noted during the litigation management conference with the Court on March 22, 2012, we believe that this issue must be finalized before notices can be mailed to potential claimants.

    We respectfully request that the Court award retroactive seniority as of the median dates of hire to Delay Claimants hired after the median hire date for their exam. This proposal would provide meaningful seniority relief to the Delay Claimants most affected by City's discriminatory testing and rank-ordering procedures. We recognize that this proposal does not provide seniority relief to all members of the subclass.  Nonetheless, use of the median hire date does not cause any substantive harm to those hired prior to the relevant dates and avoids the pitfalls of other proposed methods of calculation.

    **<u>Background</u>**

    On September 10, 2009, the United States submitted a Proposed Relief Order that, *inter alia,* defined "Delay Claimant" and proposed to calculate retroactive seniority using a "presumptive hire date" based on the median date of hire as calculated by the United States' statistical expert.  *See* Dkt. 315-3 at ¶¶ 9, 54, 56.   The presumptive or median hire date is February 3, 2003 for those who took Exam 7029 and June 11, 2006 for those who took Exam 2043.  *Id.* at ¶ 9.[2]  Plaintiffs-Intervenors[3] did not object to this proposal.

---

[1] Our use of "retroactive seniority" is meant to include both retroactive benefits seniority (seniority for the purpose of all employment benefits) and retroactive competitive seniority (seniority for any purpose involving competition among employees, such as seniority for the purpose of layoffs).

[2] A Revised Proposed Relief Order submitted on February 28, 2011 maintained the same definitions of Delay Claimant and presumptive hire date.  *See* Dkt. 619-5 at ¶¶ 5, 9, 77.

[3] The Court certified separate subclasses for non-hire and delayed-hire victims on June 6, 2011, after the submission of the Proposed Relief Order, the Joint Statement Regarding Relief Phase Issues, and the Revised Proposed Relief Order. *See* Dkt. 640.

666 broadway, 7 fl, new york, ny 10012
t 212 614 6464 f 212 614 6499 www.CCRjustice.org

On January 21, 2010, the Court issued its Initial Remedial Order awarding Non-Hire Claimants retroactive seniority based on the median hire dates for each exam, noting that this was a "modest approach" that minimized the negative impact upon incumbents. *See* Dkt. 390 at 27. In the same order, the Court expressed concern that use of the median hire date to award retroactive seniority would exclude Delay Claimants hired prior to each relevant date and suggested a *pro rata* calculation to be apportioned among all Delay Claimants or, alternatively, the use of the actual hiring approximations calculated by the United States' expert. *Id.* at 30, 30 n.24, 30 n.25.

The parties submitted a Joint Statement Regarding Relief Phase Issues ("Joint Statement") on February 19, 2010. *See* Dkt. 400-1. The United States reiterated, and Plaintiffs-Intervenors again agreed, that use of the median hire date would provide the fairest possible remedy for Delay Claimants as a group. Joint Statement at 35-39. Defendants similarly stated that "if retroactive seniority is to be awarded use of the median hire date can be considered appropriate." *Id.* at 39.

The Joint Statement explained that:

> [I]t is impossible to identify the specific black and Hispanic firefighter who would have been hired earlier and the specific classes into which they would have been hired, absent the practices the Court has found to be discriminatory. . . . The best estimate that can be made statistically is that, absent discrimination, all applicants would have been hired into the class beginning on the average (median) hire date. Thus, the best estimate is that black and Hispanic applicants hired into that class or an earlier class were not delayed and that those hired into a later class were delayed.

Joint Statement at 36-37. The Joint Statement further pointed out that use of a *pro rata* method of apportionment divided among all Delay Claimants would not provide each Delay Claimant with meaningful relief, because "black and Hispanic firefighters hired into the later classes from each of the relevant eligible lists will remain near the bottom in terms of seniority, as compared to other firefighters from the same eligible list." *Id.* at 37.

**Argument**

The Delayed-Hire Victim Subclass reaffirms its position that use of the median hire date is the fairest possible method. As pointed out in the Joint Statement, it is not possible to identify specific firefighters who would have been hired earlier based on the hiring approximations calculated by Dr. Siskin, because his method "does not mean that those applicants hired into the second class would have been hired into the first class absent the discriminatory practices. Instead, black and Hispanic applicants who were hired into the last class may have been hired into the first class." Joint Statement at 37. Thus, using the hiring approximations would inevitably provide retroactive seniority to applicants who may not have been hired earlier absent the discriminatory practices and possibly exclude others who would have, because "the expert analysis shows that the delay in hiring did not affect every appointment made." Dkt. 390 at 30, citing Disparate Impact Order, Dkt. 294 at *United States et al. v. City of New York et al.*, 637 F. Supp. 2d 77, 90-92 (E.D.N.Y. 2009). Further, using the

2

hiring approximations would award seniority based, in part, on how Delay Claimants performed on exams this Court has found to be discriminatory.

As for the *pro rata* approach, while it would apportion some relief to all Delay Claimants, it would not provide significant relief to any Delay Claimant. The expert analysis calculates the average lost years of seniority for African Americans hired from Exam 7029's eligible list at .29 years, or 3.48 months, and from Exam 2043's eligible list at .32 years, or 3.84 months. *See* Siskin 2007 Report, Dkt. 253, Appendix G at Tables 3B, 12B. Classes from each eligible list were hired at intervals of approximately two to four months. Thus in many cases, a *pro rata* award of 3.48 or 3.84 months of seniority would still place awardees behind all those hired in the class before them. For example, a Delay Hire Claimant hired on September 14, 2003, would receive seniority retroactive to late May, 2003, still behind all those hired on May 4, 2003 (the last class just prior to the Claimant's class), and a Delay Hire Claimant hired on November 19, 2006 would receive retroactive seniority only to early August, 2006, still behind all those hired on June 11, 2006 (again, the next earlier class). *See* Siskin Report Tables 3B, 12B. This relief would thus provide no practical benefit to most Delay Claimants.[4]

Moreover, in some cases, a *pro rata* calculation would produce unfair results. Non-Hire Claimants who have never worked as a firefighter would be awarded seniority retroactive that exceeds that of Delay Claimants hired near the end of their eligibility list. There is a strong equitable interest in providing both Non-Hire and Delay Claimants with the same seniority dates.

At the same time, the practical effects on those hired before the median hire dates and thus not awarded retroactive seniority would be insignificant or, for those hired in the first class from their list, nonexistent. The median hire date approach provides meaningful relief for the Delay Claimants who experienced the greatest harm, thereby more effectively mitigating the vestiges of the FDNY's long-term discrimination.

**Proposal**

**1. Eligibility & Retroactive Seniority Dates**

The parties agree that in order to be eligible for individual relief, including back pay and retroactive seniority, Delay Claimants must both meet the definition of Delay Claimant set forth in Docket No. 651 and also demonstrate that during the life of the relevant exam's eligible list they had met certain "other lawful qualifications" that were in place. *See* March 8, 2012 Order, Dkt. 825 at 57 (adopting definitions set forth in Dkt. 651 at 2-7).

---

[4] The City once again asks the Court to rule that individuals whose hiring delays were "self-induced" should be denied retroactive seniority. *See* Dkt. 851 at 3. This argument is not relevant to the Court's ruling on methods of calculating retroactive seniority for the subclass as a whole. In any case, the Court has previously indicated that such arguments are premature and more appropriately brought, if at all, during the individual relief stage. *See* Dkt. 825 at 42-43.

The Delayed Hire Victim Subclass proposes that retroactive seniority be awarded as follows:

(a) Black Delay Claimants hired from the Exam 7029 eligible list after February 3, 2003 will be awarded seniority retroactive to February 3, 2003.
(b) Black Delay Claimants hired from the Exam 2043 eligible list after June 11, 2006 will be awarded seniority retroactive to June 11, 2006.
(c) Black Delay Claimants hired prior to and until the median hire dates for both eligible lists will experience no change to their seniority.

**2. Time-in-Grade Requirements**

All parties agree that retroactive seniority shall not displace the FDNY's pre-existing requirements as to the amount of time a firefighter or officer must serve in a particular title or grade prior to becoming eligible to obtain a promotion or other special assignment, to the extent that such "time-in-grade" requirements exist. *See* Dkt. 390 at 45.

In sum, the median hire date provides the fairest and most meaningful relief to the Delayed-Hire Victim Subclass. We respectfully request that the Court approve the use of the median hire date for Delay Claimants so that proposed notice documents submitted to the Court on April 10, 2012 can be mailed to class members without further revision.

Thank you for your consideration and time in this matter.

Very truly yours,

Ghita Schwarz