

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ APR 2 0 2012 ★
BROOKLYN OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    PLAINTIFF,

THE VULCAN SOCIETY INC., for itself and on behalf of its members, JAMES NICHOLSON, and RUSEBELL WILSON, individually and on behalf of a subclass of all other victims similarly situated seeking classwide injunctive relief;

ROGER GREGG, MARCUS HAYWOOD, and KEVIN WALKER, individually and on behalf of a subclass of all other non-hire victims similarly situated; and

CANDIDO NUÑEZ and KEVIN SIMPKINS, individually and on behalf of a subclass of all other delayed-hire victims similarly situated,

    PLAINTIFFS-INTERVENORS,

v.

CITY OF NEW YORK, ET AL.,

    DEFENDANTS.

CIV. ACTION NO. 07-CV-2067 (NGG)(RLM)

## PRIVACY ACT PROTECTIVE ORDER

Upon consideration of the parties' joint request for a Privacy Act Protective Order dated April 19, 2012, IT IS HEREBY ORDERED that contact information for individuals who may be entitled to participate in the individual relief claims process in this case that is disclosed by Plaintiff United States of America ("United States"), pursuant to the Privacy Act disclosure exemptions at 5 U.S.C.§ 552a(b)(3) and (b)(11), shall be subject to the following conditions:

    1.    For purposes of this Order, the term "record" shall have the same meaning as set forth in the Privacy Act, 5 U.S.C. § 552a(a)(4). This Order applies to government documents or

1

information contained in records that are subject to the Privacy Act only and does not create greater or lesser rights or obligations than those contained in the Privacy Act. Government document summaries, statistical compilations, or other summary records that do not contain information by which to identify specific individuals (whether by name, social security number, symbol or other form of personal identification), and which are not subject to the Privacy Act, are not covered by this Order.

2. Government records that identify specific individuals shall be marked "CONFIDENTIAL PRIVACY ACT INFORMATION" or contain a similar marking, and may be used only for purposes of the individual relief claims process. For any government records, such as computer data, whose medium makes such stamping impracticable, the diskette case and/or accompanying cover letter shall be marked "CONFIDENTIAL PRIVACY ACT INFORMATION" or contain a similar marking. Except as provided herein, no person having access to the records designated as subject to this Order or the information therein shall make public disclosure of those records or that information without further Order of the Court.

3. Any government documents or information produced by the United States that are designated as subject to this Order shall be used by the City, the Subclasses, or their representative(s) only for purposes of the individual relief claims process, including any subsequent appeals, and shall not be disclosed by the City, the Subclasses, or their representative(s) to the public or any other person or entity for any reason other than for purposes of the individual relief claims process, including any subsequent appeals.

4. Except as otherwise ordered by this Court, any government documents or information subject to the Protective Order may be disclosed only to the following persons: (a) parties and counsel for the parties in this action; (b) partners, associates, secretaries, paralegal

2

assistants, and employees of such counsel to the extent reasonably necessary to render professional services in these consolidated cases; (c) persons retained by the City to assist it in the individual relief claim process, including the mailing of notice and claims documents; (d) persons retained by the parties or their counsel to assist in discovery, preparation for any hearing, or to serve as expert witnesses, provided that such disclosure is reasonably and in good faith calculated to aid in the individual relief claims process; (e) persons with factual knowledge relating to this case who may be called as witnesses at any hearing, provided that such disclosure is reasonably and in good faith calculated to aid in the individual relief claims process; and (f) any deponent in these cases during his or her deposition.

5. All individuals to whom documents or information subject to this order are disclosed shall be informed of and shall agree with the terms of this Order and shall not otherwise disclose the documents or information subject to this Order to the public or to any person or entity, and shall acknowledge their agreement to comply with the provisions of this Order by signing a copy of the acknowledgment form, which is annexed hereto as Appendix A. Counsel for the City and the Subclasses will retain copies of the acknowledgment forms until such time as the individual relief claims process, including all appeals, is concluded. Should the City, the Subclasses, or their counsel wish to disclose government records or information marked "CONFIDENTIAL PRIVACY ACT INFORMATION" to any persons other than those set forth in this paragraph and paragraph 4, above, counsel for the City or the Subclasses must obtain the United States' consent. If the United States does not consent to disclosure, then the City, the Subclasses, or their counsel may, on motion, seek modification of this Order from the Court.

6. The City, the Subclasses, or other third party to this Order may challenge the government's Privacy Act designation under Paragraph 2 of a document or information by

moving the Court to have the document or information made public. In addition, each party reserves the right to move to modify the terms of this Protective Order at any time, and each party reserves the right to oppose any motion to modify the terms of the Protective Order.

7. The parties may submit documents or information subject to this Protective Order to the Court and the Special Masters if necessary for the consideration of a claim for individual relief and/or objection to a relief determination. Unless the Court has previously ruled that a document or information is not subject to the Privacy Act, government documents or information subject to this Protective Order may be presented to the Court or Special Masters only under seal or redacted by agreement of the parties. Should any party seek to use Privacy Act protected documents or information in open Court or during individual hearings related to the individual relief claims process, orally or through documents, including as trial exhibits, the party must first seek an Order from the Court or a Special Master ruling that the information is relevant and may be publicly disclosed.

8. The protected documents, and all copies thereof, produced in connection with the individual relief claims process must either be destroyed or returned by the City, the Subclasses, or other receiving party to the United States upon the conclusion of the individual relief claims process, including any subsequent appeals, unless doing so would conflict with the City's obligation to preserve and retain documents under any Document Retention and Preservation Order entered in this litigation. Within thirty days of the conclusion of the individual relief claims process and any subsequent appeals, the City, the Subclasses, their counsel, or other person receiving protected documents must certify in writing that all protected documents, and all copies thereof, have been destroyed or returned to the United States. Within forty-five days of the termination of the individual relief claims process, including any subsequent appeals, the

City, the Subclasses, their counsel, or other person receiving protected documents must also certify in writing that any documents they or their attorneys or agents have created which contain Privacy Act protected information derived solely from the protected documents have been destroyed or redacted; provided, however, that no party is required to destroy or redact any document that has been filed with this Court or with a court of appeals of competent jurisdiction in connection with the individual relief claims process.

9. Neither the United States Department of Justice nor any of its officers, employees, or attorneys, shall bear any responsibility or liability for any unauthorized disclosure of any documents obtained by counsel for the City or the Subclasses under this Order, or of any information contained in such documents.

10. This Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable and does not constitute any ruling on any potential objection to the discoverability, relevance, or admissibility of any record, other than objections based on the Privacy Act.

**SO ORDERED** this 19th day of April, 2012, in Brooklyn, New York.

s/Nicholas G. Garaufis

---
HON. NICHOLAS G. GARAUFIS
UNITED STATES DISTRICT JUDGE

**APPENDIX A**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        PLAINTIFF,<br><br>THE VULCAN SOCIETY INC., for itself and on behalf of its members, JAMES NICHOLSON, and RUSEBELL WILSON, individually and on behalf of a subclass of all other victims similarly situated seeking classwide injunctive relief;<br><br>ROGER GREGG, MARCUS HAYWOOD, and KEVIN WALKER, individually and on behalf of a subclass of all other non-hire victims similarly situated; and<br><br>CANDIDO NUÑEZ and KEVIN SIMPKINS, individually and on behalf of a subclass of all other delayed-hire victims similarly situated,<br><br>        PLAINTIFFS-INTERVENORS<br>V.<br><br>CITY OF NEW YORK, ET AL.,<br><br>        DEFENDANTS. | CIV. ACTION NO. 07-CV-2067 (NGG)(RLM) |

**ACKNOWLEDGEMENT OF PRIVACY ACT PROTECTIVE ORDER**

I, _____, hereby acknowledge that I have read and understand the Privacy Act Protective Order entered in this action on **[DATE]**. I hereby agree to be bound by the terms of the Order.


_____[signature]

DATED: