D/F
FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ APR 20 2012 ★
BROOKLYN OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

PLAINTIFF,

THE VULCAN SOCIETY INC., for itself and on behalf of its members, JAMES NICHOLSON, and RUSEBELL WILSON, individually and on behalf of a subclass of all other victims similarly situated seeking classwide injunctive relief;

ROGER GREGG, MARCUS HAYWOOD, and KEVIN WALKER, individually and on behalf of a subclass of all other non-hire victims similarly situated; and

CANDIDO NUÑEZ and KEVIN SIMPKINS, individually and on behalf of a subclass of all other delayed-hire victims similarly situated,

PLAINTIFFS-INTERVENORS

V.

CITY OF NEW YORK, ET AL.,

DEFENDANTS.

CIV. ACTION NO. 07-CV-2067 (NGG)(RLM)

## ORDER

This Order governs: (I) the distribution to each black or Hispanic applicant who took Written Exam 7029 and/or Written Exam 2043 of the following: information about this lawsuit in the form of a notice, a claim form with instructions and Social Security Administration authorization form to complete and return to Plaintiff United States of America ("United States"), a notice of the Plaintiffs-Intervenors' class action claims, and an opt-out form that will allow black applicants to ask to be excluded from the Plaintiffs-Intervenors' class action; and (II)

1

the publication and broadcast of information about this lawsuit in newspapers and on radio stations.

## I. Distribution of notice, claim form, and opt-out form

1. Defendant City of New York ("the City") shall mail via first class U.S. mail a Court-approved notice, claim form with instructions and Social Security Administration authorization form, notice of class action, and opt-out form (hereafter collectively referred to as "notice documents") to each black and Hispanic applicant who took Written Exam 7029 and/or Written Exam 2043. To the extent any changes to the notice documents filed with the Court on April 10, 2012 are required prior to mailing as a result of the Court's decisions on any outstanding issues pertaining to the notice documents, the parties shall provide the Court with revised notice documents within five (5) days of the decision necessitating the change. Within fourteen (14) days after the parties submit notice documents to the Court, the United States shall provide the City and Subclass Counsel (with respect to black applicants only) with an Excel spreadsheet in electronic format that contains the mailing addresses, as well as any email addresses and telephone numbers in the possession of the United States, for all of the black and Hispanic individuals who took Written Exams 7029 and/or 2043, indicating separately the applicants who currently are employed by the New York City Police Department ("NYPD"). The City shall obtain mailing labels of applicants currently employed by the New York City Police Department ("NYPD mailing list"). The NYPD mailing list shall not be made public. The City shall mail the notice documents to the addresses that the United States provides and to the addresses on the NYPD mailing list within fourteen (14) days of the Court's approval.

2. No later than fourteen (14) days after the City mails the notice documents, the City shall provide to the United States: (a) a list of all applicants to whom the City mailed notice

documents, which shall include an indication as to whether an applicant is a current NYPD employee; and (b) a declaration affirming and/or stating: (1) that the notice documents were mailed via first class mail to every applicant on the United States' and NYPD's mailing lists, copies of which will be attached to the declaration with NYPD addresses redacted; (2) the amount of postage paid for each envelope mailed; (3) for each applicant, the date the notice documents were deposited in the mail; and (4) that the envelopes displayed legible addresses and return addresses. The City shall provide the same information described in this paragraph, with respect to Non-Hire claimants, to counsel for the Non-Hire Subclass, and with respect to Delayed-Hire claimants, to counsel for the Delayed-Hire Subclass.

3. The City shall keep all notice documents that are returned as undeliverable until all appeals in this lawsuit are exhausted. No later than fourteen (14) days after the mailing of the notice documents required by Paragraph 1, the City shall provide to the United States: (a) a list of all individuals whose notice documents were returned as undeliverable; and (b) a photocopy, or scanned image, of all mailing envelopes as they appeared at the time they were returned as undeliverable other than envelopes addressed to current NYPD police officers. Each photocopy or scanned image of the returned envelope shall show, to the greatest extent possible, the postage paid, the postmark date, the individual applicant's address, the return address, and any markings on the envelope that may be relevant to the reasons for its return to the City. Thereafter, the City shall provide to the United States on a weekly basis a list of any additional individuals whose notice documents were returned as undeliverable and photocopies or scanned images of all mailing envelopes returned as undeliverable other than envelopes addressed to current NYPD police officers. For all envelopes addressed to current NYPD police officers that are returned as undeliverable, the City shall provide the United States with the name of the applicant in lieu of a

3

copy or scanned image of the returned envelope within the same time frame set forth above. For current NYPD police officers whose notice documents are returned as undeliverable, the City shall undertake reasonable efforts to identify the correct mailing address within five (5) days after receiving notice that the notice documents were returned undeliverable. The City shall provide the same information described in this paragraph, with respect to Non-Hire claimants, to counsel for the Non-Hire Subclass, and with respect to Delayed-Hire claimants, to counsel for the Delayed-Hire Subclass.

4. If the United States or counsel for the Non-Hire Subclass or Delayed-Hire Subclass provides the City with an alternative address for any applicant whose notice documents were returned to the City as undeliverable or if the City identifies an alternative address for current NYPD police officers whose notice documents were returned as undeliverable, the City shall re-mail the notice documents to the alternative address for that applicant within two (2) days of receiving the alternative address from the United States or Subclass Counsel or identifying the NYPD police officer's address. No later than fourteen (14) days after the City re-mails notice documents to an applicant, the City shall provide to the United States a declaration affirming and/or stating (a) the applicant's name; (b) whether the applicant is a current NYPD police officer; (c) that the notice documents were re-mailed via first class mail to the alternative address provided by the United States or Subclass Counsel or identified by the City; (d) the amount of postage paid on the envelope; (e) the date the envelope was deposited in the mail; and (f) that the envelope displayed a legible address and return address. The City shall provide the same information described in this paragraph, with respect to Non-Hire claimants, to counsel for the Non-Hire Subclass, and with respect to Delayed-Hire claimants, to counsel for the Delayed-Hire Subclass.

5.	In order to be eligible for individual relief, applicants must submit a completed claim form to the United States no later than forty-five (45) days after the City's deadline for mailing the notice documents pursuant to Paragraph 1 of this Order. Any applicant who does not timely submit a claim form, absent a showing of good cause, shall be deemed to have waived any right to be considered for individual relief. The submission date of each claim form shall be the date on which the completed claim form was mailed to the United States, as determined by the postmark. If the postmark is illegible, the date of submission shall be deemed five (5) days prior to the date of receipt of the claim form by the United States.

6.	No later than twenty (20) days prior to the deadline for submission of claim forms to the United States, the United States shall provide to the City and Subclass counsel a list of the names and races of all potential claimants whose claim forms have not yet been received.

7.	No later than twenty-one (21) days after the City mails notice documents and on a rolling basis every fourteen (14) days thereafter, the United States shall provide to the City and Subclass counsel copies of all claim forms received by the United States. Claim forms received by the United States more than fourteen (14) days after the deadline for submission of claim forms will be provided to the City and Subclass counsel on a rolling basis.

8.	In order to be excluded from the Non-Hire Victims Subclass or the Delayed-Hire Victims Subclass, a black applicant must submit a completed opt-out form to the Court no later than forty-five (45) days after the City's deadline for mailing the notice documents pursuant to Paragraph 1 of this Order. Any black applicant who does not timely submit an opt-out form, absent a showing of good cause, shall be deemed to have waived any right to be excluded from these classes. The submission date of each opt-out form shall be the date on which the completed opt-out form was mailed to the Court, as determined by the postmark. If the postmark

is illegible, the date of submission shall be deemed five (5) days prior to the date of receipt of the claim form by the Court.

9. No later than ten (10) days after the deadline for submission of opt-out forms to the Clerk of the Court, Subclass counsel shall obtain opt-out forms submitted from the Clerk of the Court. No later than fourteen (14) days after the deadline for submission of opt-out forms to the Clerk of the Court, Subclass counsel shall provide to the United States and the City copies of all opt-out forms. Opt-out forms received by the Clerk of the Court more than ten (10) days after the deadline for submission of opt-out forms shall be obtained by Subclass counsel on a rolling basis, and copies of the opt-out forms shall be provided to the United States and the City on a rolling basis.

## II. Publication and broadcast notice

10. Notice regarding this lawsuit shall be provided to the public through newspaper and radio advertisements in an attempt to reach as many of the black or Hispanic applicants who took Written Exam 7029 and/or Written Exam 2043 as possible.

11. The City shall take all necessary steps to have a Court-approved advertisement published in English in the newspapers identified in Appendix A to this Order. The City shall have the Court-approved advertisement translated into Spanish by a certified translator and take all necessary steps to have the Court-approved advertisement published in Spanish in the newspapers listed in Appendix B to this Order. The City shall have the Court-approved advertisements published one time per week in the daily edition of each newspaper identified in Appendices A and B for five (5) consecutive weeks beginning five (5) days after the City mails the notice documents discussed above. To the extent a newspaper in Appendix A or B is identified as a weekly publication, the advertisement should appear in that publication for five

(5) consecutive weeks on the day the publication is distributed to the public, beginning five (5) days after the City mails the notice documents discussed above. The newspaper advertisement shall appear with a headline in bold typeface, be surrounded by a dark border, be of the size indicated in Appendices A and B, and be placed in the local news section or other prominent location agreed to by all of the parties.

12. The City shall take all necessary steps to have a Court-approved advertisement broadcast in English in the radio stations listed in Appendix C to this Order. The City shall have the Court-approved advertisement translated into Spanish by a certified translator and take all necessary steps to have the Court-approved advertisement broadcast in Spanish in the radio stations listed in Appendix D to this Order. The City shall have the Court-approved advertisement broadcast four times daily between 6am and 6pm and one additional time daily between 6pm and midnight on each radio station identified in Appendices C and D for a period of five (5) consecutive weeks beginning five (5) days after the City mails the notice documents discussed above in Paragraph 1. The parties shall take all necessary steps to ensure that one or more professionals who work for the radio stations and who have experience speaking in radio advertisements shall read the radio advertisements.

13. All deadlines in this order shall be determined in accordance with the Federal Rules of Civil Procedure.

SO ORDERED this 19th day of April, 2012, in Brooklyn, New York.

s/Nicholas G. Garaufis

HON. NICHOLAS G. GARAUFIS
UNITED STATES DISTRICT JUDGE

## APPENDIX A
### (English language newspapers)

Daily News (Sunday edition) – ¼ page black & white ad

New York Post (Monday edition) – ¼ page black & white ad

Metro (Tuesday edition) – ¼ page black & white ad

AM New York (Friday edition) – ¼ page black & white ad

The Chief Leader (weekly publication) – ¼ page black & white ad

Amsterdam News (weekly publication) – 4 columns x 10 inches ad

Black Star News (weekly publication) – full page black & white ad

Harlem Community News (weekly publication) – full page black & white ad

New York Beacon (weekly publication) – ¼ page black & white ad

**APPENDIX B**
**(Spanish language newspapers)**

El Diario/La Prensa (Wednesday edition) – ¼ page black & white ad

Impacto Latin News (weekly publication) – junior page ad

Hora Hispana (weekly publication) – ¾ page black & white ad

Manhattan Times/Bronx Free Press (weekly publication) – full page black & white ad

**APPENDIX C**
**(English language radio stations)**

WKTU (FM)

WBLS (FM)

WWPR (FM)

WQHT (FM)

**APPENDIX D**
**(Spanish language radio stations)**

WXNY (FM)

WSKQ (FM)