**U.S. Department of Justice**

Civil Rights Division

DLK:MLB:EKB:JMS:AKT:BS
DJ 170-51-358

*Employment Litigation Section - PHB*
*950 Pennsylvania Ave, NW*
*Washington DC 20530*
*www.usdoj.gov/crt/emp*

May 11, 2012

<u>Via ECF</u>

Hon. Nicholas G. Garaufis
United States District Court
 for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>**United States v. City of New York, et al.,**</u> **07-CV-2067 (NGG)(RLM)**

Dear Judge Garaufis:

      In accordance with the Court's April 12, 2012 scheduling order, Plaintiff United States of America ("United States") respectfully responds to Sholom Elberg's letter dated March 21, 2012 (Dkt. 835). In its April 12 scheduling order, the Court noted that it interprets Mr. Elberg's letter as a *pro se* motion to intervene. For the reasons set forth below, the Court should not permit Mr. Elberg to intervene in this case. The Plaintiffs-Intervenors agree and join the United States' letter.

      Mr. Elberg's letter alleges that the City of New York ("City") discriminated against him on the basis of his religion (Jewish) when it failed to hire him as an entry-level firefighter. Dkt, 835 at 1. Specifically, Mr. Elberg alleges that the City improperly processed his request for residency bonus points on Exam 2043, which was first administered in 2002.[1] *Id.* Mr. Elberg seeks to be included in this case and requests that the Court direct the City to reconsider his application for admission to the Fire Academy. *Id.* at 2.

      The United States' and the Plaintiffs-Intervenors' allegations in this case, as well as the Court's holdings, have been limited to discrimination on the basis of race (black) and national origin (Hispanic) based on the City's use of written examinations in the firefighter selection process. *See, e.g.,* Dkt. 294. The plaintiffs in this lawsuit have not alleged, nor has the Court

---

[1] Sholom Elberg signed his March 21, 2012 letter as "Sholom 'Sam' Elberg." The City's applicant data for Exam 2043 confirms that an applicant named Sam Elberg took the test and that his address and exam score match the information provided in Mr. Elberg's March 21 letter. Further, the City's applicant data confirms that Mr. Elberg was not credited with residency bonus points. The United States has no information regarding the reasons that Mr. Elberg did not receive residency bonus points.

found the City liable for or awarded relief to remedy, claims of religious discrimination against the City or claims relating to the City's consideration of candidates' eligibility for bonus points. As a result, Mr. Elberg fails to meet the legal standards for both intervention as of right and permissive intervention.  Mr. Elberg cannot satisfy the intervention as of right standard because he does not assert an interest in the subject matter of this litigation, nor will the disposition of this action impair or impede any right Mr. Elberg has to pursue a claim of religious discrimination against the City.  *See* Fed. R. Civ. P. 24(a); *Washington Electric Cooperative, Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 922 F. 2d 92, 97 (2d Cir. 1990).  Similarly, Mr. Elberg does not meet the permissive intervention standard because his claims of religious discrimination regarding the City's failure to credit him with residency bonus points do not share common questions of law or fact with the underlying claims in this case.  *See* Fed. R. Civ. P. 24(b); *St. John's University, New York v. Bolton*,  No. 08-CV-5039, 2010 WL 5186823  at *4 (E.D.N.Y. Dec. 10, 2010) (Garaufis, J.), *aff'd* 450 Fed. Appx. 81 (2d Cir. 2011).  The Court should therefore deny Mr. Elberg's motion to intervene.

The United States further notes, however, that Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), prohibits discrimination in employment on the basis of religion. Congress has designated the Equal Employment Opportunity Commission ("EEOC") as the federal agency responsible for investigating individual charges of discrimination under Title VII. [2]  If Mr. Elberg believes he has been discriminated against in violation of Title VII, he should contact the EEOC at 1-800-669-4000 to find out whether he may file a charge.  It is important that a charge be filed with the EEOC as soon as possible, because a discrimination charge must be filed within a certain time period after the alleged discriminatory act occurred in order to be considered timely.  Finally, Mr. Elberg may wish to contact the New York City Bar Association at (212) 382-6600 or www.abcny.org for information about free legal referral services that may be available.

---

[2] The Attorney General has authority to pursue an individual charge of discrimination against a public employer *only* after the EEOC has found reasonable cause to believe a violation of Title VII has occurred, conciliation efforts have failed, and the EEOC has referred the charge to the Department of Justice.  *See* 42 U.S.C. sec. 2000e-5(f)(1).  Therefore, to the extent Mr. Elberg alleges that the City violated Title VII by failing to hire him, the Department of Justice does not have jurisdiction to review Mr. Elberg's claims.

Respectfully submitted,

Delora L. Kennebrew
Chief
Employment Litigation Section

_____
/s/ ERIC K. BACHMAN
Senior Trial Attorney
Telephone: (202) 305-7883
Facsimile: (202) 514-1005
United States Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, N.W.
Patrick Henry Building, Room 4500
Washington, D.C. 20530


LORETTA E. LYNCH
United States Attorney

_____
/s/ ELLIOT M. SCHACHNER
Assistant United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201-1820
Telephone: (718) 254-6053
Facsimile: (718) 254-6479

cc:     Sholom Elberg via U.S. Mail