# LEVY RATNER, P.C.

Richard A. Levy
Daniel J. Ratner
Daniel Engelstein°
Gwynne A. Wilcox ⁴
Pamela Jeffrey
Owen M. Rumelt
Kevin Finnegan
Carl J. Levine ⁴
David Slutsky ⁴
Allyson L. Belovin
Suzanne Hepner*
Richard Dorn
Robert H. Stroup

Attorneys at Law
80 Eighth Avenue, 8th Floor
New York, New York  10011-5126

Telephone (212) 627-8100
Telecopier (212) 627-8182
www.levyratner.com

Dana E. Lossia ⁴
Susan J. Cameron ⁴
Micah Wissinger*
Ryan J. Barbur
Vanessa Flores ⁴
Alexander Rabb
Michael R. Hickson
Shira T. Roza
Laureve D. Blackstone ⁴

Counsel:
Paul Schachter ⁴
Anthony DiCaprio
Michael Steven Smith
David P. Horowitz †

May 11, 2012

*VIA ECF*

Hon. Nicholas G. Garaufis
United States District Court for the
    Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

Re:   United States, et al. v. City of New York
      Civ. Action No. 07-cv-2067 (NGG) (RLM)

Dear Judge Garaufis:

In accordance with the scheduling order issued on April 12, 2012, Counsel to the Non-Hire Subclass and Counsel to the Delayed-Hired Subclass jointly submit this letter concerning legal representation of individual Claimants in the claims process. There are four relevant areas of individual representation: (1) representation concerning a claimant's entitlement to, and the amount of, noneconomic damages, (2) representation concerning a claimant's eligibility for back pay and/or priority hiring, (3) representation concerning the extent of a claimant's mitigation of damages, and (4) representation concerning compensation for fringe benefits. With respect to each of these areas, it is appropriate for Levy Ratner, P.C. and the Center for Constitutional Rights (CCR) to represent individual Claimants, with the understanding that the firms are not acting in their role as Subclass Counsel.

Noneconomic Damages

There is no conflict among Subclass members with respect to noneconomic damages, because there is no cap on such damages and, accordingly, zealous representation on behalf of any particular Claimant does not threaten to diminish the funds available to other Claimants. In fact, successful representation of individual Claimants – particularly near the start of the process – may lift all boats, by setting a standard concerning the value of noneconomic losses. Neither the City nor the United States objects to Levy Ratner and CCR representing individual Claimants regarding eligibility for, and the dollar value of, noneconomic damages. Dkt. 850, at 4 & n.4. If Levy Ratner and CCR were prevented from taking on this role, black Claimants would most likely be on their own to gather evidence, develop a strategy and

°Admitted in NY, MA and DC   ⁴Admitted in NY and NJ   *Admitted in NY and CT   •Admitted in NY and DC   †Admitted in NY and MA

Hon. Nicholas G. Garaufis
May 11, 2012
Page 2

present a case for noneconomic damages, with Corporation Counsel opposing their claims. This would be a tremendous burden upon the victims of discrimination.

Claimants may, of course, locate and retain outside counsel to assist them with noneconomic damages or any other aspect of individual relief. Dkt. 850, at 2. However, with a group of lawyers from Levy Ratner and CCR at the ready, who already have a deep understanding of the litigation and the claims process, it would seem to invite unnecessary delays and inefficiencies to require Claimants to seek advice from attorneys who are unfamiliar with these proceedings. As the Second Circuit has noted,

> In such class actions, often only the attorneys who have represented the class, rather than any of the class members themselves, have substantial familiarity with the prior proceedings, the fruits of discovery, the actual potential of the litigation. And when an action has continued over the course of many years, the prospect of having those most familiar with its course and status be automatically disqualified whenever class members have conflicting interests would substantially diminish the efficacy of class actions as a method of dispute resolution.

*In re "Agent Orange" Prod. Liab. Litig.*, 800 F.2d 14, 18-19 (2d Cir. 1986).

Levy Ratner and CCR will be able to quickly assess the likely merits of a Claimant's position and avoid pursuing those arguments that are clearly meritless. Their involvement will assist the parties, the Special Masters and the Court to focus their energies on valid disputes and will hopefully speed the conclusion of the individual hearings stage.

<u>Eligibility</u>

With respect to eligibility for back pay and/or priority hiring, there is a limited pool of money and job offers available to eligible victims. However, the interest of each Subclass as a whole is to ensure that each and every <u>eligible</u> black Claimant has an opportunity to participate in the claims process and receives the relief to which she or he is entitled. Everyone in the group has an interest in seeing that victims are not erroneously disqualified, and the Subclass representatives and their counsel have an obligation to protect the interests of these unnamed Subclass members. *Pettway v. American Cast Iron Pipe Co.*, 576 F.2d 1157, 1165, 1176 (5th Cir. 1978), *cert. denied*, 439 U.S. 1115 (1979); *see also Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1078 (2d Cir. 1995). Thus, a common Subclass-wide interest supersedes the interest that any individual Subclass member may have in reducing the roster of eligible Claimants who will take a share of the pot. Accordingly, representation of individual Claimants concerning eligibility would not create a "fundamental" or otherwise legally significant conflict between Levy Ratner or CCR and the Subclasses they represent. *Denney v. Deutsche Bank AG*, 443 F.3d 253, 268 (2d Cir. 2006)

56-001-00001: 10113231



LEVY RATNER, P.C.

Hon. Nicholas G. Garaufis
May 11, 2012
Page 3

("A conflict or potential conflict alone will not, however, necessarily defeat class certification–the conflict must be 'fundamental.'"); *see also In re "Agent Orange,"* 800 F.2d at 19 (finding that even "in many cases where a technical conflict may exist," "the benefit of the participation of attorneys who are familiar with the litigation" has prevailed.)

It is also important to note that the eligibility criteria for back pay and priority hiring will already have been established by the Court in advance of individual relief hearings. In representing individual Claimants, Levy Ratner and CCR would not seek to amend those criteria.[1] Rather, there may be instances where Claimants have legitimate complaints about their eligibility determinations, based upon the unique facts at hand. For example, a Claimant who passed Exam 2043 may have been assigned a disposition code indicating that he failed to report for his intake interview. If that Claimant could show that he had provided the City with a new mailing address, but the City mailed the intake materials to his previous address, there may be no basis for having listed him as "failed to report." That type of factual question is best handled with the assistance of counsel,[2] so that Claimants may obtain the evidence they need to evaluate their claims and may have assistance in presenting their cases. But, Levy Ratner and CCR's representation would not involve a challenge to the underlying criteria, namely, that those who in fact "failed to report" are ineligible. Therefore, the impact on each Subclass member of a few eligibility determinations where assistance may be required is both speculative and likely to be quite small. No real or potential conflict prohibits Levy Ratner and CCR from representing individual Claimants outside of their roles as Subclass Counsel.

Mitigation

Individual Claimants may also require representation regarding the scope and adequacy of their mitigation efforts. (The parties have not yet submitted briefing regarding the scope of mitigation evidence and the scope of discovery regarding job search efforts, so the spectrum of contestable issues is not entirely resolved at this time.) Under the proposal for distribution of back pay that was submitted by the United States, Dkt. 869, at 3-9, and joined by the Non-Hire Subclass and Delayed-Hire Subclass, Dkt. 870, at 7, each Claimant's degree of mitigation would have no bearing on a fellow Claimant's recovery. Thus, there is no conflict among Subclass members concerning mitigation issues, and there is no basis for preventing Levy Ratner and CCR – as firms, not in their role as Subclass Counsel – from

---

[1] The firms could conceivably object to some aspect of the criteria set by the Court, either through a motion to reconsider or an appeal, but would do so in their capacity as Subclass Counsel, representing the interests of all Subclass members.

[2] While the Department of Justice plainly has a strong interest in ensuring individual victims are made whole, it has acknowledged that "counsel for the United States does not serve as the attorney for individual victims." Dkt. 850 at 2, n.2. Rather, the United States is its sole client.

56-001-00001: 10113231




LEVY RATNER, P.C.

Hon. Nicholas G. Garaufis
May 11, 2012
Page 4

representing individuals on an issue that will likely be difficult for a Claimant to navigate without the assistance of counsel.

<u>Lost Benefits</u>

Finally, individual Claimants may need substantial assistance to locate evidence and/or submit claims for out-of-pocket insurance costs that would otherwise have been paid by the City had they been employed as firefighters. As the Court is aware, the Non-Hire and Delayed-Hire Subclasses will be urging to the Court to rule that such individualized determinations are not necessary or appropriate. (Briefing on the motion for reconsideration will be fully submitted by July 20, 2012. Dkt. 844-1, as approved by 4/12/2012 Scheduling Order.) The recovery of any individual Claimant will not impact the recovery available to others as there is no fixed ceiling on those claims. Thus, no conflict exists that would prevent representation by Levy Ratner or CCR, outside of their role as Subclass Counsel.

For these reasons, we ask the Court to confirm the agreement of the parties that Levy Ratner and the Center for Constitutional Rights may serve as counsel to individual Claimants with respect to eligibility for and value of noneconomic damages, back pay and priority hiring eligibility, mitigation of damages and lost benefits, provided that they will not do so in their role as Subclass Counsel. Dkt. 850, at 4.[3]

Respectfully submitted,

/s/
Richard A. Levy
*Counsel for the Non-Hire Subclass*

/s/
Darius Charney
*Counsel for the Delayed-Hire Subclass*

DEL:del

---

[3] The parties agreed that "if a class member requests individual representation from Levy Ratner or CCR, the City and the United States do not object to such representation, although neither law firm may act in its role as subclass counsel when representing subclass members on individual claims." Dkt. 850, at 4.

56-001-00001: 10113231

