

|  | THE CITY OF NEW YORK |
|---|---|
| MICHAEL A. CARDOZO<br>*Corporation Counsel* | LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 |

May 11, 2012

**By ECF**

Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: <u>USA v. City</u>, Civil Action No.: 07 CV 2067 (NGG)(RLM)
          Law Dept. No.: 2007-01744

Dear Judge Garaufis:

      In accordance with the Court's Scheduling Order of April 4, 2012, Defendants respectfully submit this letter in response to the March 23, 2012 letter from Mr. Sholom Elberg (Dkt. # 835) which the Court has interpreted as a *pro se* application to intervene. For the reasons stated below, Mr. Elberg's application should be denied.

      To intervene as of right under F.R.C.P. § 24(a)(2), the movant must: (1) file a timely application; (2) show an interest in the action; (3) demonstrate that his interest may be impaired by the disposition of the action; and (4) show that his interest is not adequately protected by the parties to the action. *New York News, Inc. v. Kheel*, 972 F.2d 482, 485 (2d Cir. 1992). Permissive intervention under F.R.C.P. 24(b)(1)(B) is discretionary with the court. However, the Second Circuit has stated that the primary consideration is

> whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties. The court also will consider whether the applicant will benefit by intervention. . . Other relevant factors "include the nature and extent of the intervenors' interest," whether their interests are "adequately represented by other parties," and "whether parties seeking intervention will significantly contribute to full development of the

underlying factual issues in the suit and to just and equitable adjudication of the legal questions presented.

*United States Postal Service v. Brennan*, 579 F.2d 188. 191-192 (2d Cir. 1978)(citations omitted).

Mr. Elberg fails to satisfy the requirements for either intervention as of right or permissive intervention. Mr. Elbert, a white applicant who self-identifies as Jewish, passed Exam 2043 but was not appointed to an entry-level firefighter position. The list for Exam 2043 expired before Mr. Elberg's list number (# 5702) was reached. The gist of Mr. Elberg's complaint is that the City discriminated against him based on his Jewish heritage by failing to award him New York City residency points. Mr. Elberg should not be permitted to intervene in this action because he has not articulated a legally cognizable interest, *i.e.*, a right, claim or defense that would be affected by any of the Court's decisions herein. Neither the United States' enforcement action nor the Vulcan Society's class action seek to vindicate the rights of victims of religious discrimination. Therefore, Mr. Elberg has no interest in the subject matter of this action and, therefore, cannot be impaired. To the extent he may be trying to raise a new discrimination claim, his claim is not timely and any new claims at the remedy stage of this litigation would unduly delay and prejudice the rights of the original parties.

It is worth noting that Mr. Elberg could have, but did not, challenge the decision about residency points by filing either an appeal with the New York City Civil Service Commission or an Article 78 proceeding in state court. Moreover, he could have, but did not, timely file an administrative charge or action seeking to vindicate his religious discrimination claim under federal, state or City law.

Respectfully submitted,

Michael A. Cardozo

Cc: Sholom Elberg (by mail)
All Counsel