
FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ MAY 2 2 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

UNITED STATES OF AMERICA,

                Plaintiff,

-and-

THE VULCAN SOCIETY, INC., *for itself and on behalf of its members*, JAMEL NICHOLSON, *and* RUSEBELL WILSON, *individually and on behalf of a subclass of all other victims similarly situated seeking classwide injunctive relief*;

ROGER GREGG, MARCUS HAYWOOD, *and* KEVIN WALKER, *individually and on behalf of a subclass of all other non-hire victims similarly situated*; and

CANDIDO NUÑEZ *and* KEVIN SIMPKINS, *individually and on behalf of a subclass of all other delayed-hire victims similarly situated*,

                Plaintiff-Intervenors,

-against-

THE CITY OF NEW YORK,

                Defendant,

-and-

THE UNIFORMED FIREFIGHTERS ASSOCIATION OF GREATER NEW YORK,

                A Non-Aligned Party.
------------------------------------------------------------------X

**MEMORANDUM & ORDER CONFIRMING APPOINTMENT OF SPECIAL MASTERS**

07-CV-2067 (NGG) (RLM)

NICHOLAS G. GARAUFIS, United States District Judge.

      In accordance with Federal Rule of Civil Procedure 53(b)(1), the court previously notified the parties of its intention to appoint special masters for issues relating to individual relief and gave them an opportunity to suggest candidates and comment on proposed terms of

1

appointment. (Feb. 21, 2012 Order (Docket Entry # 815) at 2.) After considering the nominees of the parties, the court named four Special Masters: Steven M. Cohen, Hector Gonzalez, Mitra Hormozi, and Breon S. Peace. (Mar. 8, 2012 Mem. & Order (Docket Entry # 825) at 59-60.) The court directed each appointee to file an affidavit, pursuant to Federal Rule of Civil Procedure 53(b)(3), "disclosing whether there is any ground for disqualification under 28 U.S.C. § 455," and directed the Special Masters to file a joint recommendation to the court on how to structure a process for considering the claims of individuals. Each Special Master has filed the required affidavit. (See Gonzalez Aff. (Docket Entry # 826); Peace Aff. (Docket Entry # 829); Hormozi Aff. (Docket Entry # 833); Cohen Aff. (Docket Entry # 847).) The Special Masters have also filed a joint recommendation. (Report & Recommendation (Docket Entry # 849).) No ground for disqualification having been found,

IT IS HEREBY ORDERED:

1. Pursuant to Federal Rule of Civil Procedure 53(a)(1)(B) and the court's inherent equitable powers, Steven M. Cohen, Hector Gonzalez, Mitra Hormozi, and Breon S. Peace are confirmed as Special Masters in this litigation;

Duties

2. The duties of the Special Masters shall include the following:

    a. Conducting hearings and issuing findings of fact and conclusions of law on: the eligibility for equitable monetary and hiring relief of individual claimants; the amount of equitable monetary relief owed to each individual claimant after each claimant's mitigation efforts and interim earnings have been considered; and the amount of compensatory non-economic damages to be awarded to eligible class members;

2

b.  Supervising discovery of materials necessary to adjudicate the issues listed in 2.a., to the extent the court assigns said duties to the Special Masters in a subsequent order;

c.  Recommending to the court a revised framework for the efficient and just processing of claims for relief of injured individuals and the accomplishment of the duties listed in 2.a. and 2.b., after conferring with all parties.

d.  Additional duties relating to the resolution of claims for relief from eligible claimants as may be assigned to the Special Masters by the court in subsequent orders.

3.  The Special Masters shall have all authority provided under Federal Rule of Civil Procedure 53(c).

Reporting and Judicial Review

4.  The Special Masters shall report to the court on the results of their consultation with the parties and shall file revised recommendations based on that consultation, within 30 days of the date of this Order.

5.  The Special Masters shall report to the court and to the parties concerning the status of the processing of individual claims every 90 days once that process begins.

6.  The orders, reports, and recommendations of the Special Masters may be introduced as evidence in accordance with the Federal Rules of Evidence.

7.  The parties may file objections to – or a motion to adopt or modify – the Special Masters' orders, reports, or recommendations no later than 10 calendar days after

a copy is served. The court will review these objections under the standards set forth in Federal Rule of Civil Procedure 53(f).

## Record Keeping

8. The Special Masters shall file all written orders, reports, and recommendations on the electronic docket, along with any evidence that the Special Masters believe will assist the court in reviewing the order, report, or recommendation. The Special Masters shall preserve any documents they receive from the parties.

## Access to Information

9. The Special Masters shall have the access to individuals, information, documents, materials, programs, services, facilities, and premises relevant to the orders of the court that they require to perform their duties, subject to the terms of this Order Appointing a Special Master.

10. The Special Masters may not communicate with a party or a party's counsel or staff on an ex parte basis. The Special Masters may communicate with the court on an ex parte basis concerning non-substantive matters such as scheduling or the status of their work.

## Compensation and Expenses

11. The City will fund the Special Masters' work, as determined by the court in the court's previous Memorandum and Order. (See Mar. 8, 2012 Mem. & Order at 60-61.) As stated in that Memorandum and Order, the fee structure for the Special Masters is the same as that established for the Court Monitor in the Court's December 9, 2011 Order. The Special Masters shall incur only such fees and expenses as may be reasonably necessary to fulfill their duties under this Appointment Order, or such other orders as the court may issue.

14. Every 60 days, the Special Masters shall submit to the court itemized statements of fees and expenses, which the court will inspect for regularity and

4

reasonableness. If the court determines that the itemized statements are regular and reasonable, the court will approve them. The City shall then remit to each Special Master any court-approved amounts, within 20 calendar days of court approval.

Other Provisions

15. As agents and officers of the court, the Special Masters and those working at their direction shall enjoy the same protections from being compelled to give testimony and from liability for damages as those enjoyed by other federal judicial adjuncts performing similar functions.

16. As required by Rule 53(b)(2) of the Federal Rules of Civil Procedure, the court directs the Special Masters to proceed with all reasonable diligence.

17. The Special Masters, or any one Special Master, shall be discharged or replaced only upon an order of this court.

18. The parties, their successors in office, agents, and employees, will observe faithfully the requirements of this Appointment Order and cooperate fully with the Special Masters, and any staff or expert consultant employed by the Special Masters, in the performance of their duties.

SO ORDERED.

Dated: Brooklyn, New York
May 22, 2012

s/Nicholas G. Garaufis

NICHOLAS G. GARAUFIS
United States District Judge