**LEVY RATNER, P.C.**
Attorneys at Law
80 Eighth Avenue, 8th Floor
New York, New York 10011-5126

Telephone (212) 627-8100
Telecopier (212) 627-8182

www.levyratner.com

Richard A. Levy
Daniel J. Ratner
Daniel Engelstein°
Gwynne A. Wilcox ᴬ
Pamela Jeffrey
Owen M. Rumelt
Kevin Finnegan
Carl J. Levine ᴬ
David Slutsky ᴬ
Allyson L. Belovin
Suzanne Hepner •
Richard Dorn
Robert H. Stroup

Dana E. Lossia ᴬ
Susan J. Cameron ᴬ
Micah Wissinger •
Ryan J. Barbur
Vanessa Flores ᴬ
Alexander Rabb
Michael R. Hickson
Shira T. Roza
Laureve D. Blackstone ᴬ

Counsel:
Paul Schachter ᴬ
Anthony DiCaprio
Michael Steven Smith
David P. Horowitz ᵗ

May 23, 2012

*VIA ECF*

Hon. Nicholas G. Garaufis
United States District Court for
   the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    United States, et al. v. City of New York
           Civ. Action No. 07-cv-2067 (NGG) (RLM)

Dear Judge Garaufis:

       The Non-Hire and Delayed-Hire Subclasses have reviewed and discussed with the United States our respective positions on the issue of mitigation and, as we are in concert, have joined the Justice Department's memorandum being submitted today. We write to emphasize the following points.

       As noted by the United States, the primary source of information concerning claimants' earnings during the back pay period will come from the Social Security Administration ("SSA"). We anticipate that many, if not most, claimants will have reported SSA earnings for all or substantially all of the back pay period. For those claimants, *no* additional discovery of any kind will be required. Their earnings will be recorded and will mitigate (on a pro rata basis) their back pay awards. As to them, there is simply no need for further informational filings or other discovery. Yet the City apparently seeks to require that all such claimants answer an invasive and burdensome questionnaire, even though the information elicited will be entirely unnecessary in determining their back pay entitlements. Moreover, waiting for claimants to gather and submit all of this irrelevant information would delay the claims process, open the door to further demands for discovery and, thereby, waste the time of the parties, the claimants, the Special Masters and the Court.

       To the extent that a claimant's SSA earnings reflect a meaningful period in which income was not reported, *that* claimant may reasonably be asked to provide limited additional information but only to the extent necessary to determine: 1) whether income was earned from an employer that does not report earnings to the SSA (*e.g.*, some public employers,

Hon. Nicholas G. Garaufis
May 23, 2012
Page 2

international employers, etc.); 2) whether the claimant sought employment during a period without earnings; and/or 3) if a claimant did not seek employment for any such period, the reason why that was the case – *e.g.* some claimants, not having been hired by the FDNY, may have continued their education.

Regardless of whether SSA earnings are reported for the entire back pay period for a given claimant, the City has no legitimate basis for obtaining medical histories or criminal records from claimants seeking back pay. Such requests are enormously intrusive – so much so that they may deter eligible claimants from participating in the process – and would not result in evidence that the Special Masters or the Court could use to objectively determine whether a particular claimant would have incurred the illness or injury, or engaged in the questionable conduct, had (s)he been hired by the Fire Department. And, there is no way to determine at this time whether such claimants would have been terminated from employment with the City during the back pay period. Not only are the City's criteria for continuing employment highly subjective, it is equally possible that employment with the FDNY would have changed a claimant's life course, so that the claimant could have avoided the injury or conviction at issue. Such speculative analyses are not appropriate in the determination of monetary relief this many years after the fact. The time and resources that would be required to adjudicate these issues would not be justified by the highly speculative finding that might be made. We note that the Court rejected using these criteria for purposes of eligibility determinations, and the City appears to be seeking a path around that ruling.

Finally, with respect to collateral sources of income, such as unemployment insurance benefits, workers compensation and Social Security disability benefits, the City has absolutely no entitlement to "recoup" the expenditures of the outside agencies that provided such benefits. Claimants who obtained such payments may have a legal obligation to repay monies received. *See, e.g., Civil Serv. Emples. Ass'n, Local 1000 ex rel. Hinton v. State*, 223 A.D.2d 890, 892 (N.Y. App. Div. 3d Dep't 1996) ("[T]he Commissioner of Labor is authorized to commence an action to recover the benefits when there has been a retroactive payment of remuneration"), *citing* N.Y. Labor Law § 597 (3)-(4). But such repayments would not go to the City. Rather, the monies would be returned to the agency that actually provided the funds. *Id.* Moreover, where a claimant was earning unemployment benefits, workers compensation or Social Security disability benefits, there should be no dispute that the claimant is eligible for back pay for that period of time. Unemployment benefits are only paid to those who are actively seeking work. N.Y. Labor Law § 591. Workers compensation benefits are paid to those injured on the job, and the City would have continued to employ any firefighter so injured, with full pay. *See* 8/1/11 Trial Transcript at 216. Likewise, the City would have continued to employ a firefighter collecting Social Security disability benefits unless the individual was determined to be permanently disabled. Even where a firefighter is forced to retire due to an injury, he or she receives 75% of his or her last year's pay, including overtime, for life. *Id.*; *see also* Trial Exhibits BBB at 29-30 and CCC at 25-26. Remarkably,



LEVY RATNER, P.C.

Hon. Nicholas G. Garaufis
May 23, 2012
Page 3

the retiree disability pension, by legislation and contract, is not taxed by the city or state and only partially taxed, if at all, by the federal government. *Id.*

For these reasons, and those stated in the United States' submission (Dkt. 884), the Non-Hire and Delayed-Hire Subclasses respectfully ask the Court to reject the City's proposal concerning the mitigation discovery to be required from claimants. The Social Security records will suffice in many or most cases, and where income gaps appear a simple questionnaire asking about 1) employment outside the Social Security system; 2) if work was sought during a period of unemployment; or 3) if another reason – such as pursuit of education, military service, etc. – accounts for that time period.

Respectfully submitted,

LEVY RATNER, P.C.

/s/
_____
Richard A. Levy
*Attorneys for the Non-Hire Subclass*

CENTER FOR CONSTITUTIONAL RIGHTS

/s/
_____
Darius Charney
*Attorneys for the Delayed-Hire Subclass*

DEL:del

TO: All Counsel via ECF.

56-001-00001: 10118191

