**COHEN & GRESSER LLP**

800 Third Avenue
New York, New York 10022
212 957 7600 phone
212 957 4514 fax
www.cohengresser.com

Mark S. Cohen
212 957 7601
mcohen@cohengresser.com

June 5, 2012

VIA ECF

Hon. Nicholas G. Garaufis
United States District Judge
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: *United States v. City of New York*, No. 07-CV-2067(NGG)(RLM)

Dear Judge Garaufis:

  The Monitor respectfully submits this recommendation to address the threshold issue of jurisdiction with regard to an ongoing dispute between the parties concerning certain communications distributed within New York City firehouses by use of FDNY fax machines, the FDNY's response to those communications and investigation of alleged violations of existing FDNY policies, and more broadly, the FDNY's policies regarding the use of fax machines and bulletin boards.

  On January 25, 2012, Plaintiff-Intervenors Vulcan Society, Inc. (the "Vulcan Society") wrote to the Monitor expressing concerns regarding specific communications distributed within firehouses by use of FDNY fax machines. These communications concern, among other things, Exam 2000, the Vulcan Society, and this litigation. On January 31, 2012, the City responded to the Vulcan Society's letter, and the Vulcan Society replied on February 1, 2012. The parties have also discussed the issue on several telephone conference calls amongst the parties.

  On February 24, 2012, the Monitor directed a set of questions to the City regarding the faxes, and the City provided responses to the Monitor's questions on March 12, 2012. In further correspondence dated April 25, 2012, the United States and Plaintiff-Intervenors stated, among other things, that the City should provide additional information. The United States informed the Monitor that until such information has been provided (in particular with regard to the City's investigation of alleged violations of one or more City policies), the United States will not be in a position to respond substantively or evaluate the sufficiency of actions taken by the City.

**COHEN & GRESSER LLP**

Hon. Nicholas G. Garaufis
June 5, 2012
Page 2

The City has participated in the discussions above subject to an express qualification that the City does not believe the Monitor has jurisdiction over the issues presented by the parties' correspondence described above, or should decline to exercise jurisdiction. Plaintiff-Intervenors and the United States contend, however, that the Monitor does have such jurisdiction, and should take action or recommend such action to the Court.

The Monitor agrees with the Parties that the threshold issue of jurisdiction should be resolved at this time, before addressing the merits. The Monitor respectfully recommends that this Court issue a finding that the Monitor has jurisdiction over this dispute pursuant to the Court's Remedial Order and Partial Judgment, Permanent Injunction, and Order Appointing Court Monitor ("Remedial Order") (Docket # 765).

The Monitor's Jurisdiction Over the Parties' Dispute

A. The City's Position

The City's position regarding jurisdiction focuses principally on Paragraphs 17 and 19 of the Remedial Order (City's January 31, 2012 Letter to Monitor at 1-2; April 25, 2012 Letter at 1). The City states that these provisions of the Remedial Order prohibit retaliation and adverse effects on the employment of blacks and Hispanics within the FDNY, but that "Plaintiff-Intervenors do not allege that any term or condition of their employment has been affected" by faxes addressed in the parties' correspondence. City's April 25 Letter at 1. Likewise, the City states that Paragraph 19 requires elimination of vestiges of discrimination, but that the Remedial Order and prior orders "focus on civil service tests, recruitment, EEO policies and practices, and candidate investigation practices," and "cannot be stretched" to cover FDNY policies regarding fax machine or bulletin board use. *Id.* The City further contends that because certain elements of proposed relief requested by the Plaintiff-Intervenors would conflict in the City's view with the First Amendment, the Monitor should decline to exercise jurisdiction, to the extent it might exist.

B. Plaintiff's and Plaintiff-Intervenors' Position

The United States and Plaintiff-Intervenors both pointed out in their February and April correspondence on this issue that the Monitor's duties under the Remedial Order include "[f]acilitating the Parties' resolution of any disputes concerning compliance with their obligations under this Order, and recommending appropriate action by the court in the event an issue cannot be resolved by the Parties with the Court Monitor's assistance." Remedial Order ¶ 58. The Monitor also is required to "proactively investigate" any matter related to the Monitor's duties. *Id.*

**COHEN & GRESSER LLP**

Hon. Nicholas G. Garaufis
June 5, 2012
Page 3

Additionally, by its letter dated April 25, 2012, the United States asserted that the Monitor is tasked with "monitoring the City's compliance" with the Remedial Order, including overseeing the work of the City's EEO consultant, and identifying steps to "detect, deter and prevent" acts of retaliation. The United States stated its view that the City should have sought input from its EEO consultant in evaluating the faxes at issue. United States' April 25 Letter at 2-3. The United States noted that its "primary concern," both under the Remedial Order and as part of its general mandate to enforce Title VII, is to "determin[e] whether the City is appropriately handling a complaint from its employees that may implicate internal EEO policy as well as city, state, and federal law." *Id.*

In its April 25, 2012 submission, the Vulcan Society stated that the faxes at issue had been the subject of an EEO complaint by a member of the Vulcan Society. The Vulcan Society also asserted that the fax behavior at issue violates City policies. The Vulcan Society has highlighted language in the faxes that, according to the Vulcan Society, accuses the leadership of the Vulcan Society of violating Department rules; asserts that the Vulcan Society should be investigated by the government; and suggests that incoming Black and Hispanic firefighters will be unqualified to serve and will pose a safety risk to current incumbents. The Vulcan Society accordingly characterizes dissemination of the faxes as a barrier to eliminating vestiges of discrimination, alleging that the faxes encourage prohibited retaliation against the Vulcan Society, cause disruption in the workplace and violate FDNY policies against "arousing . . . racial hatred," *e.g.*, through slogans and the like implying that soon-to-be firefighters who are minorities "lack sufficient merit to perform the job" or did not "earn it [the job]." *Id.*

C. Monitor's Recommendation

The Monitor recommends that the Court find that the Monitor has jurisdiction over this issue. As set forth in the Court's Remedial Order, the Monitor's duties include "[f]acilitating the Parties' resolution of any disputes concerning compliance with their obligations under this Order, and recommending appropriate action by the court in the event an issue cannot be resolved by the Parties with the Court Monitor's assistance." Remedial Order ¶ 58. Based on the text of the Remedial Order, the parties have a dispute concerning their obligations under the Remedial Order. Accordingly, the Monitor has jurisdiction over the dispute and attempts to facilitate its resolution.

**COHEN & GRESSER** LLP

Hon. Nicholas G. Garaufis
June 5, 2012
Page 4

Further, under Paragraph 58 of the Remedial Order, the Monitor has a duty to "proactively investigate" any matter related to the Monitor's duties. The Monitor agrees with the Vulcan Society and United States that as of this writing the Plaintiff and Plaintiff-Intervenors have raised issues that are germane to the Monitor's duties, including Paragraphs 17 and 19 of the Remedial Order, which collectively target retaliation, adverse employment action, and vestiges or perpetuation of effects of past discrimination.

Allegations of the creation of a hostile work environment, coupled with allegations of failure to adequately investigate violations of and/or enforce City policies that would allegedly prohibit or restrict such conduct and communications if adequately enforced, implicate the Monitor's role. Though the Monitor expressly takes no position on the merits at this time, for the analysis of jurisdiction it appears sufficient that claims raised by Plaintiff-Intervenors are of a type that, if proven, could establish retaliation or other violation of state and Federal anti-discrimination laws. Further, the Monitor believes that the City's stated concerns about avenues of possible relief can be addressed at the proper time in connection with any specific proposal for relief that may be made (if any), and therefore do not warrant declining jurisdiction over the parties' dispute.

Paragraph 19 of the Remedial Order creates a second basis for the Monitor's jurisdiction over these issues. That provision requires the City to take steps to eliminate vestiges of intentional jurisdiction, to "remove all barriers to the elimination of these vestiges of discrimination, and to end all policies and practices that perpetuate the effects of the City's past intentional discrimination ...." Remedial Order ¶ 19. Again, the Monitor takes no position on the merits at this time. If proven, however, Plaintiff-Intervenors' allegations could support a finding that the policies and procedures at issue and the FDNY's response to concerns over the use of fax machines represent vestiges of discrimination or represent barriers to the elimination of vestiges of discrimination. As such, the Remedial Order directs the City to address the issue and, by extension, requires the Monitor to facilitate resolution of the present dispute. *Id.* ¶ 58(c).

**COHEN & GRESSER** LLP

Hon. Nicholas G. Garaufis
June 5, 2012
Page 5

Conclusion

  For the foregoing reasons, the Monitor respectfully requests that the Court find that the Monitor possesses jurisdiction to resolve disputes between the Parties regarding this fax machine issue.

            Respectfully submitted,

            Mark S. Cohen

cc: All Counsel