

**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

June 6, 2012

BY ECF

Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: USA v. City, Civil Action No.: 07 CV 2067 (NGG)(RLM)
      Law Dept. No.: 2007-01744

Dear Judge Garaufis:

    I write on behalf of the City to object to the Court's approval – before the City had any opportunity to object -- of the Court Monitor's Second Statement of Fees and Expenses in the sum of $351,604 (Dkt. # 893). We respectfully request that the Court vacate its approval and, for the reasons set forth below, i) reconsider its earlier determination that the City is not entitled to review the Monitor's hourly records and ii) substantially reduce the amount of the Monitor's fees and expenses.

    The City received the ECF notice of the Court Monitor's filing of his Second Statement of Fees and Expenses (Dkt. 891) Tuesday night. The Court approved the Court Monitor's letter at mid-day today without giving the City a reasonable opportunity to object. While the City's ability to object has been severely constrained by the Court's previous denial of its request for access to the Court Monitor's hourly billing records (Dkt. # 837), even without access to the hourly records, had the City been given the opportunity, the City would have directed the Court's attention to items in the publicly accessible summary of hours (Dkt. # 891-1) that raise substantial questions about the reasonableness of the statement of fees.

    For example, in the Court Monitor's First Statement of Fees and Expenses attorneys were billed at four different rates, $650, $550, $525, and $415, (Dkt. 822-1), however, in the Second Statement of Fees and Expenses, attorneys are billed at only two rates, $650 and

$415, with more than half the attorney hours billed at the top approved rate of $650/hr. Not only is the disappearance of attorneys billing at the middle ranges, who billed the most hours in the time period covered by the First Statement of Fees, suspect, this change strongly suggests a move to an even more inefficient and less cost-effective staffing pattern. This change coupled with the fact that four or five attorneys from the Court Monitor's firm -- in addition to the Court Monitor's consultants – recently attended the same interviews of FDNY officials should prompt a review of the hourly billing statements to determine the reasonableness of staffing decisions and whether unnecessary duplication is occurring.

In the summary statement attached to Second Statement of Fees and Costs, the Court Monitor notes that services rendered included "legal research and communications related to pilot program of home visits by the Vulcan Society." However, the First Statement of Fees included 68 hours relating to the dispute concerning home visits by the Vulcan Society; the Court Monitor made his recommendation on the issue to the Court on December 20, 2011 (Dkt. # 782) and the Court approved that recommendation on December 21, 2011 (Dkt. # 783). As the Court had already ruled in December, it is difficult to understand what, if any, additional research on this issue was needed in January or February 2012. Similarly, more than 147 hours were allocated to "Detailed Review of Record Materials and Court Orders" in the period covered by the First Statement of Fees and Expenses (Dkt. 822-1), yet the summary in the Second Statement again notes "detailed review of record materials and the Court's Orders." (Dkt. 891-1). There also appears to be duplication in the work being performed by members of the Court Monitor's firm and the Court Monitor's Consultant, particularly in the area of Attrition Mitigation. See Exhibit 1 to the First Statement of Consultant Fees and Expenses (Dkt. # 877-1).

In its earliest discussions with the Court Monitor, the City expressed concerns that his proposed staffing plan could lead to inefficiency. While the Court Monitor offered reassurance that it was his aim to be efficient and cost-effective, there appears to be a great deal of wastefulness in the approach to this case thus far. He has billed more than $300,000 for each of the two-month billing periods of his monitorship thus far. At this rate, the City's taxpayers will be charged approximately $2 million a year for services that under the Court's order are to last for at least ten years. I respectfully urge the Court Monitor and the Court to evaluate the staffing and management of this engagement in an effort to more efficiently carry out the duties of the Court Monitor.

In addition, as noted above, I respectfully request that the approval of the Monitor's Second Statement of Fees and Expenses be vacated, the City be given access to the hourly billing records and the Fees and Expenses requested be substantially reduced.

Respectfully submitted,

Michael A. Cardozo

2