UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

UNITED STATES OF AMERICA,

                    Plaintiff,

        -and-

THE VULCAN SOCIETY, INC., *for itself and on behalf of its members*, JAMEL NICHOLSON, *and* RUSEBELL WILSON, *individually and on behalf of a subclass of all other victims similarly situated seeking classwide injunctive relief*;

ROGER GREGG, MARCUS HAYWOOD, *and* KEVIN WALKER, *individually and on behalf of a subclass of all other non-hire victims similarly situated*; and

CANDIDO NUÑEZ *and* KEVIN SIMPKINS, *individually and on behalf of a subclass of all other delayed-hire victims similarly situated*,

                    Plaintiff-Intervenors,

        -against-

THE CITY OF NEW YORK,

                    Defendant,
        -and-

THE UNIFORMED FIREFIGHTERS ASSOCIATION
OF GREATER NEW YORK,

                    A Non-Aligned Party.

**ORDER**

**07-CV-2067 (NGG) (RLM)**

------------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

       In March and April of 2012, candidates for the position of entry-level firefighter at the FDNY took Exam 2000, an exam designed by the City with input from all parties and under the supervision of Special Master Mary Jo White. (Special Master's Report No. 10 (Docket Entry #

1

875) at 3.) The court anticipates that the parties will eventually request that the court adjudicate the validity of Exam 2000. (Id. at 6; see also Dec. 8, 2011 Remedial Order & Partial Judgment, Permanent Injunction, & Order Appointing Court Monitor (Docket Entry # 765) ¶ 15 (enjoining the City of New York from using any exam that results in a disparate impact and lacks business necessity or otherwise violates applicable anti-discrimination laws).)

The court intends to ensure that the process of litigating the validity of Exam 2000 does not result in the disclosure of the identity or score of any individual candidate who took Exam 2000. To that end, the court orders the Special Master and the parties not to disclose the identities of candidates in their submissions to the court. When the City submits a proposed eligibility list to the court for approval, it should submit a list with candidates' names redacted and rank, score, ethnicity and gender supplied. The court further orders the Special Master and the parties not to disclose the identities or scores of individual candidates to any persons or entities beyond what is necessary for reviewing, analyzing, and scoring the test results, preparing a final technical report and responses thereto, creating a proposed eligible hire list, and litigating the validity of the exam. Counsel for the parties shall provide a copy of this Order to any principal, employee or contractor of a party who has access to the identities or scores of Exam 2000 and shall also inform said recipients of this Order of the potential penalties for violating a court order.

SO ORDERED.

                                                                             /S/ Nicholas G. Garaufis
Dated: Brooklyn, New York                          NICHOLAS G. GARAUFIS
        June 11, 2012                              United States District Judge