UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

UNITED STATES OF AMERICA,

                Plaintiff,

        -and-

THE VULCAN SOCIETY, INC., *for itself and on behalf of its members*, JAMEL NICHOLSON, *and* RUSEBELL WILSON, *individually and on behalf of a subclass of all other victims similarly situated seeking classwide injunctive relief*;

ROGER GREGG, MARCUS HAYWOOD, *and* KEVIN WALKER, *individually and on behalf of a subclass of all other non-hire victims similarly situated*; and

CANDIDO NUÑEZ *and* KEVIN SIMPKINS, *individually and on behalf of a subclass of all other delayed-hire victims similarly situated*,

                Plaintiff-Intervenors,

      -against-

THE CITY OF NEW YORK,

                Defendant,

      -and-

THE UNIFORMED FIREFIGHTERS ASSOCIATION OF GREATER NEW YORK,

                A Non-Aligned Party.

------------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**07-CV-2067 (NGG) (RLM)**

NICHOLAS G. GARAUFIS, United States District Judge.

      Before the court is the City of New York's request that the court vacate its approval of

Court Monitor Mark Cohen's Second Statement of Fees and Expenses, reconsider the court's

ruling that the Court Monitor should submit his hourly billing records to the court for in camera

review and not provide the records to the City, and reduce "substantially" the amount of the Court Monitor's fees and expenses. (City Mot. (Docket Entry # 895).) The City's motion is DENIED.

The court has considered the City's arguments in support of its request that the court vacate its approval and reduce the amount of fees awarded.[1] The court considers these arguments to be without merit. Regarding the increased number of hours billed at a higher rate, and a decreased number of hours billed at a lower rate (id. at 1-2), a shift in the preponderance of hours billed from a lower rate to a higher rate is consistent with the changing nature of the Court Monitor's staffing needs. At the beginning of the monitorship, the Court Monitor assigned many research and other background tasks to other attorneys at his law firm to gain an understanding of the variety and complexity of issues on which the Remedial Order called the Court Monitor to take immediate action. As the initial period ends, the focus of the monitorship is shifting from background tasks to implementation, and the Court Monitor is billing an increasing number of hours personally. Unsurprisingly, the Court Monitor's personal billing rate is higher than that of a junior associate. The City's concern that the Court Monitor has included references to review of the record materials and court orders in both the first and second statements of fees (id. at 2) ignores: (1) the fact that the court has issued orders and the parties have filed documents in this case since the period covered by the Court Monitor's first statement and (2) the likelihood that the Court Monitor might need to consult the court's orders and other court filings more than once.

---

[1] The court does not consider the City's request for reconsideration of the court's earlier ruling that the Court Monitor should provide the court with hourly billing records for in camera review and not provide the same to the City (see Mar. 23, 2012 Mem. & Order (Docket Entry # 837)) because the City does not attempt to argue that it has satisfied the stringent requirements for a motion for reconsideration: "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Montblanc-Simplo GmBH v. Colibri Corp., 739 F. Supp. 2d 143, 147 (E.D.N.Y. 2010); see also Local Rule 6.3.

Further, with regard to the City's concern that the fee statement was approved before it had an opportunity to object, the court notes that the Remedial Order according to which the Court Monitor submits his fees to the court for approval did not envision a pre-approval objection period. (See Remedial Order (Docket Entry # 765) ¶ 73.) The City was aware of this provision before the Remedial Order became effective, and did not object. (See Draft Remedial Order (Docket Entry # 743-1) ¶ 70; City ltr. Commenting on Terms of Appointment of Court Monitor (Docket Entry # 744).) The court also notes that the City has never objected to the court approving the fee and expense statements of Special Master Mary Jo White without input from the City. Indeed, the Order that appointed Special Master White contains an identical provision regarding judicial approval of the court adjunct's fees and expenses without a specific objection period (see Order Appointing Special Master (Docket Entry # 448) ¶ 14), and that provision has never been objected to despite the court's approval of twelve fee statements pursuant to it. The City has not provided reasoning to support its implied contention that the provisions of those two orders should be modified.

In response to the City's general concerns about expense and efficiency of staffing, the court notes that the City is projecting an annual cost based on very little evidence (two fee statements). The City is certainly permitted to raise issues of efficiency and staffing with the Court Monitor directly, to the extent that both believe such a conversation to be useful. After reviewing the Court Monitor's Second Report to the court (Docket Entry # 892), the court is satisfied that the Court Monitor has been working diligently, efficiently and successfully on the wide range of issues that the Remedial Order ordered him to consider.

For the reasons described above, the City's request is DENIED.

SO ORDERED.

                                                      /S/ Nicholas G. Garaufis
Dated: Brooklyn, New York                          NICHOLAS G. GARAUFIS
       June 11, 2012                               United States District Judge