UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

UNITED STATES OF AMERICA,

                Plaintiff,

      -and-

THE VULCAN SOCIETY, INC., *for itself and on behalf of its members*, JAMEL NICHOLSON, *and* RUSEBELL WILSON, *individually and on behalf of a subclass of all other victims similarly situated seeking classwide injunctive relief*;

ROGER GREGG, MARCUS HAYWOOD, *and* KEVIN WALKER, *individually and on behalf of a subclass of all other non-hire victims similarly situated*; and

CANDIDO NUÑEZ *and* KEVIN SIMPKINS, *individually and on behalf of a subclass of all other delayed-hire victims similarly situated*,

                Plaintiff-Intervenors,

    -against-

THE CITY OF NEW YORK,

               Defendant,
      -and-

THE UNIFORMED FIREFIGHTERS ASSOCIATION
OF GREATER NEW YORK,

                A Non-Aligned Party.

**MEMORANDUM & ORDER**

**07-CV-2067 (NGG) (RLM)**

----------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

      Before the court is a disagreement as to whether the Court Monitor has the jurisdiction to resolve disputes between the parties regarding the FDNY's response to, and investigation of, certain communications broadcast through FDNY fax machines and bulletin boards, and the

1

FDNY's policies in general regarding the use of department fax machines and bulletin boards. This issue arose after Plaintiff-Intervenors brought certain communications that had been distributed within FDNY firehouses to the attention of the Court Monitor; the Court Monitor reports that the communications referenced, among other things, Exam 2000, the Vulcan Society, and this litigation. (June 5, 2012 Court Monitor Ltr. (Docket Entry # 890) at 1.) The Vulcan Society characterizes these communications as implying that "soon-to-be firefighters who are minorities 'lack sufficient merit to perform the job' or did not 'earn it [the job].'" (Id. at 4 (alteration in original) (quoting Apr. 25, 2012 Vulcan Society Ltr. ).) The Court Monitor recommends that the court hold he has jurisdiction to consider these disputes (id. at 3-4), while the City objects to the Court Monitor's jurisdiction (June 8, 2012 City Ltr. (Docket Entry # 896)). The court concludes that the Court Monitor has jurisdiction.

The resolution of this jurisdictional issue is clear once a few provisions of the court's Remedial Order are remembered: the City is enjoined from, inter alia, "retaliat[ing] against or in any way adversely affect[ing] the terms or conditions of employment of any person because he or she has . . . sought or obtained relief from the court in this case" (Remedial Order (Docket Entry # 765) ¶ 17), and enjoined to, inter alia, "take all steps necessary to eliminate the vestiges of its pattern and practice of intentional discrimination, . . . remove all barriers to the elimination of these vestiges of discrimination, and to end all policies and practices that perpetuate the effect of the City's past intentional discrimination (id. ¶19).[1] The Court Monitor is empowered to act to, inter alia, monitor and report on the City's compliance with the Remedial Order (id. ¶ 58(b)), facilitate "the resolution of any disputes concerning compliance" that may exist among the

---

[1] Although the City is ordered to undertake specific tasks relating to four areas (see Remedial Order ¶¶ 25-30 (recruitment); id. ¶¶ 31-36 (attrition mitigation); id. ¶¶ 37-46 (post-examination candidate screening); id. ¶¶ 47-51 (EEO compliance reform)), its obligation to refrain from violating paragraphs 17 and 19 is not limited to actions taken within those four subject matters.

2

parties and recommend appropriate court action if the parties cannot agree on a resolution (id. ¶58(c)), and investigate any matters relating to these and other duties of the Court Monitor (id. ¶58(d)).

The Court Monitor and the City both report that Plaintiff and Plaintiff-Intervenors believe that the City's actions and inactions may constitute a violation of the Remedial Order, specifically paragraphs 17 and 19. (June 5, 2012 Court Monitor Ltr. at 3; June 8, 2012 City Ltr. at 2.) On the other hand, the City maintains that its actions and inactions on this issue are not governed by the Remedial Order, including paragraphs 17 and 19. (Id.) The parties thus disagree with the scope of the City's obligations under the Remedial Order and whether it is complying with those obligations. By the terms of the Remedial Order, then, the Court Monitor is empowered to facilitate a consensual resolution of this issue, and recommend an appropriate action for the court to take if a consensual resolution is not possible. (See Remedial Order ¶ 58(c).)

At this juncture, the court resolves only this jurisdictional issue. The City may be correct that the City's policies and actions do not violate paragraphs 17 and 19 of the Remedial Order; the court would consider that issue only if the dispute among the parties is not resolved consensually after a good-faith attempt by all concerned under the guidance of the Court Monitor. Similarly, the City may be correct that the remedy the Plaintiff-Intervenors seek would conflict with the City's obligations under the First Amendment (see June 8, 2012 City Ltr. at 2.); again, the court would consider that issue only if the parties cannot resolve their dispute consensually with the assistance of the Court Monitor.

For the reasons described above, and for the reasons presented in the Court Monitor's letter to the court, the court finds that the Court Monitor has jurisdiction over this dispute.

SO ORDERED.

|  |  |
|---|---|
| Dated: Brooklyn, New York<br>June 18, 2012 |  /S/ Nicholas G. Garaufis<br>NICHOLAS G. GARAUFIS<br>United States District Judge |