## 11.8

## **TITLE VII AND ADA DAMAGES**

A. **Committee Notes**

This charge can be used for all Title VII and ADA cases.

B. **Charge**

1. If you found that Defendant violated [Title VII/the ADA], then you must determine whether Defendant has caused Plaintiff damages and, if so, you must determine the amount, if any, of those damages.

2. Plaintiff must prove [his/her] damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. On the other hand, Plaintiff need not prove the amount of [his/her] losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.[211]

3. You should consider the following elements of damages, and no others: (1) economic loss, which includes back pay and benefits; (2) punitive damages, and (3) compensatory damages, which include emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.[212]

4. Back pay and benefits include the amounts the evidence shows Plaintiff would have earned had [he/she] [remained an employee of Defendant/been promoted, etc.], and includes fringe benefits such as life and health insurance, stock options, contributions to retirement, etc., minus the amounts of earnings and benefits, if any, Defendant proves by a preponderance of the evidence, Plaintiff received in the interim.[213]

5. Defendant asserts that Plaintiff failed to mitigate [his/her] damages.[214] To prevail on this defense, Defendant must show, by a preponderance of the evidence, that: (a) there were "substantially equivalent employment" positions available; (b) Plaintiff failed to use reasonable diligence in

---

[211] *United States v. U.S. Steel*, 520 F.2d 1043, 1050 (5th Cir. 1975).

[212] Section 1981a also provides that a plaintiff may recover for "future pecuniary losses," which by definition does not include front pay. *Pollard v. E.I. DuPont de Numours & Co.*, 532 U.S. 843 (2001).

[213] *Marks v. Prattco*, 633 F.2d 1122, 1125 (5th Cir. 1981).

[214] This instruction should be used only when Defendant asserts the affirmative defense that Plaintiff failed to mitigate his or her damages.

        seeking those positions; and (c) the amount by which Plaintiff's damages were increased by [his/her] failure to take such reasonable actions.[215]

6. "Substantially equivalent employment" means a job that has virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the job [he/she] [lost/was denied]. Plaintiff does not have to accept a job that is dissimilar to the one [he/she] [lost/was denied], one that would be a demotion, or one that would be demeaning.[216] The reasonableness of Plaintiff's diligence should be evaluated in light of the individual characteristics of Plaintiff and the job market.[217]

7. There is no exact standard for determining compensatory damages. You are to determine an amount that will fairly compensate Plaintiff for any injury s/he has sustained.[218] Do not include as compensatory damages back pay or interest on back pay and/or benefits.

8. Punitive damages are those damages designed to punish a defendant and to deter a defendant and others from engaging in similar conduct in the future.[219]

9. In this case you may award punitive damages if Plaintiff proves by a preponderance of the evidence that: (1) the individual who engaged in the discriminatory act(s) or practice(s) was a managerial employee; (2) [he/she] engaged in the discriminatory act(s) or practice(s) while acting in the scope of [his/her] employment; and (3) [he/she] acted with malice or reckless indifference to Plaintiff's federal protected right to be free from discrimination.[220]

10. If Plaintiff has proven these facts, then you may award punitive damages, unless Defendant proves by a preponderance of the evidence that the

---

[215] *50-Off Stores, Inc. v. Banques Paribas (Suisse), S.A.*, 180 F.3d 247, 258 (5th Cir. 1999); *Floca v. Homecare Health Servs., Inc.*, 845 F.2d 108 (5th Cir. 1988); *Ballard v. El Dorado Tire Co.*, 512 F.2d 901, 906 (5th Cir.1975).

[216] *Ford Motor Co. v. EEOC*, 458 U.S. 219 (1982).

[217] *Sellers v. Delgado Coll.*, 902 F.2d 1189, 1993 (5th Cir. 1999).

[218] SEVENTH CIR. PATTERN JURY INSTR. 7.23

[219] *Deffenbaugh-Williams v. Wal-Mart Stores, Inc.*, 188 F.3d 278, 284 n.4 (5th Cir. 1999).

[220] *Deffenbaugh-Williams v. Wal-Mart Stores, Inc.*, 188 F.3d 278, 284 n.4 (5th Cir. 1999).

[conduct/act] was contrary to the employer's good faith efforts to prevent discrimination in the workplace.[221]

11. In determining whether [employee] was a "managerial employee" of Defendant, you should consider the type of authority [employee] had over Plaintiff and whether Defendant delegated employment decisions to [employee].[222]

12. An action was in "reckless indifference" to Plaintiff's federally protected rights if it was taken in the face of a perceived risk that the conduct would violate federal law.[223] Plaintiff is not required to show egregious or outrageous discrimination to recover punitive damages. However, proof that Defendant engaged in intentional discrimination is not enough in itself to justify an award of punitive damages.[224]

13. In determining whether Defendant made "good faith efforts" to prevent discrimination in the workplace, you may consider things like whether it adopted anti-discrimination policies, whether it educated its employees on the federal anti-discrimination laws, how it responded to Plaintiff's complaint of discrimination, and how it responded to other complaints of discrimination.[225]

---

[221] *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 545-46 (1999); *Deffenbaugh-Williams v. Wal-Mart Stores, Inc.*, 188 F.3d 278, 281, 286 (5th Cir. 1999).

[222] *Deffenbaugh-Williams v. Wal-Mart Stores, Inc.*, 188 F.3d 278, 285 (5th Cir. 1999); *Barrow v. New Orleans Steamship Ass'n*, 10 F.3d 292, 297 (5th Cir. 1994).

[223] *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 536 (1999).

[224] *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 535 (1999).

[225] *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 72 (1986); *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998); *Deffenbaugh-Williams v. Wal-Mart Stores, Inc.*, 188 F.3d 278, 286 (5th Cir. 1999).