**U.S. Department of Justice**

Civil Rights Division

DK:MLB:EKB:JMS:AKT:BS
DJ 170-51-358

*Employment Litigation Section - PHB*
*950 Pennsylvania Ave, NW*
*Washington DC 20530*
*www.usdoj.gov/crt/emp*

July 6, 2012

Honorable Nicholas G. Garaufis
United States District Court
 for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

    Re:    <u>United States v. City of New York, et al.</u>, 07-CV-2067 (NGG)(RLM)

Dear Judge Garaufis:

    As indicated in Plaintiff United States of America's July 3, 2012 letter (Dkt. 915), the United States, on behalf of all parties, respectfully submits this request to modify the Court's April 20, 2012 Order governing the distribution of notice and claim form documents related to the claims process for individual relief (Dkt. 860).  Specifically, paragraph 5 of that Order provides that the submission date of each claim form shall be the date on which the completed claim form was mailed to the United States, as determined by the postmark.  However, "[i]f the postmark is illegible, the date of submission shall be deemed five (5) days prior to the date of receipt of the claim form by the United States."  Dkt. 860 at 5.

    As discussed in the United States' July 3 letter, because of unanticipated processing delays related to the United States Department of Justice's mail screening security procedures, it may take up to approximately fourteen (14) days from the postmark date until the United States receives the claim form.  *See* Exhibit 1 for a small sample of envelopes (with names and addresses redacted) showing 10 days or more between the postmark date and the date received by the United States.  Moreover, the vast majority of claimants returned their claim forms to the United States using the business reply envelope ("BRE") included in the notice documents that the City mailed to claimants on May 3, 2012.  In most cases, however, the United States Postal Service did not affix a postmark to the BREs.  For this reason, and to ensure that the mailing grace period for the claim forms and the objection forms[1] is consistent, the parties respectfully request that the Court modify the last sentence of paragraph 5 in its April 20 Order as follows:  "If the postmark is illegible or if no postmark exists, the date of submission shall be deemed fourteen (14) days prior to the date of receipt of the claim form by the United States."

---

[1] The Court has ordered that the City shall mail the objection forms by July 25 and that objectors will be given a mailing grace period of fourteen (14) days after the deadline for objection forms that lack a postmark date.  Dkt. 917 at 3.

      Finally, the parties request that the Court modify the instructions for the Fairness Hearing objection form, which the Court previously approved.  *See* Dkt. 907 at 2 approving the notice documents filed as Dkt. 903-1 at 3.  Specifically, in order to prevent confusion regarding the deadline to submit objection forms, the parties request that paragraph 2 of the instructions for the objection form be modified to read, "**All objections must be returned by August 24, 2012**.  If your objection is not returned by this date, your objection may not be considered and you may be prohibited from objecting later."  The fourteen day mailing grace period for objections forms that lack a postmark date will still apply but the parties submit that including this information in the instructions may create confusion about the deadline and/or encourage individuals to submit untimely objection forms.

      Sincerely,

/s/ Eric K. Bachman
Senior Trial Attorney
(202) 305-7883
Civil Rights Division
United States Department of Justice


/s/ Elliot M. Schachner
Assistant U.S. Attorney
Eastern District of New York
(718) 254-6053