**U.S. Department of Justice**

Civil Rights Division

DK:MLB:EKB:JMS:AKT:BS  
DJ 170-51-358

*Employment Litigation Section - PHB*  
*950 Pennsylvania Ave, NW*  
*Washington DC 20530*  
*www.usdoj.gov/crt/emp*

July 11, 2012

Honorable Nicholas G. Garaufis  
United States District Court  
 for the Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York  11201

      Re:    <u>United States v. City of New York, et al.</u>, 07-CV-2067 (NGG)(RLM)

Dear Judge Garaufis:

      Plaintiff United States of America, on behalf of all parties, writes to address two issues regarding the United States' July 6, 2012 letter (Dkt. 918).  The United States' letter sought a modification to Paragraph 2 of the instructions for the Fairness Hearing objection form, as well as a modification to Paragraph 5 of the Order governing notice of the claims process for individual relief.

      The first issue relates to the Court's approval of a modification to the instructions for the Fairness Hearing objection form, which the Court had previously approved.  See Dkt. # 907 at 2 approving the notice documents filed as Dkt. # 903-1 at 3. Specifically, the parties requested that paragraph 2 of the instructions for the objection form be modified to read only, "**All objections must be returned by August 24, 2012.**  If your objection is not returned by this date, your objection may not be considered and you may be prohibited from objecting later."  To avoid confusion about the filing deadline, the parties seek to delete explanatory information contained in paragraph 2 about the fourteen day grace period for forms lacking postmark dates or having illegible dates.

      As the instructions cannot be printed until this issue is resolved, the City is concerned that a delay in the Court's ruling could result in a delay in the delivery of notices.  Therefore, the parties request that the Court rule on this issue as soon as possible and no later than July 13, 2012.

      Second, the United States respectfully requests that the Court hold in abeyance the United States' request to modify Paragraph 5 of the Court's April 20, 2012 Order governing the distribution of notice and claim form documents related to the claims process for individual relief (Dkt. 860).

      Paragraph 5 of that Order provides that the submission date of each claim form shall be the date on which the completed claim form was mailed to the United States, as determined by the postmark.  However, "[i]f the postmark is illegible, the date of submission shall be deemed five (5) days prior to the date of receipt of the claim form by the United States."  Dkt. 860 at 5.  In its July 6

letter, the United States respectfully requested a modification from five days to fourteen days, to account for processing delays related to the United States Department of Justice's mail screening security procedures. If the United States' request were granted, it would permit all mail received by the United States by July 2 to be considered timely.

However, on July 10, the United States received sixty-one claim forms in the mail, forty-two of which were postmarked on or before June 18, the claim form deadline. Indeed, one claim form received on July 10 bore a postmark date of June 11, thirty days prior to its arrival at the United States Department of Justice. On July 11, the United States received an additional twelve claim forms, eight of which were postmarked on or before June 18.

The vast majority of claimants returned their claim forms to the United States using the business reply envelope ("BRE") provided by the City, to which the United States Postal Service typically does not affix a postmark. For this reason, the mailing grace period for claim forms plays an exceptionally important role in determining whether a claim form is timely. To provide the parties with an opportunity to consider fully the developments of the past two days, we respectfully request that the Court postpone ruling on the United States' request to modify Paragraph 5 of the Order governing notice of the claims process (Dkt. 860). The United States will notify the Court as soon as the parties have conferred regarding whether to seek an amendment of the request for a fourteen-day grace period.

Sincerely,

/s/ Jennifer M. Swedish
Senior Trial Attorney
(202) 305-4069
Civil Rights Division
United States Department of Justice


/s/ Elliot M. Schachner
Assistant U.S. Attorney
Eastern District of New York
(718) 254-6053