Civil Action No. 07 CV 2067 (NGG) (RLM)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

Plaintiff,

-and-

THE VULCAN SOCIETY, INC. ,*for itself and on behalf of its members,* JAMEL NICHOLSON, *and* RUSEBELL WILSON, *individually and on behalf of a subclass of all other victims similarly situated seeking classwide injunctive relief;* ROGER GREGG, MARCUS HAYWOOD, *and* KEVIN WALKER, *individually and on behalf of a subclass of all other non-hire victims similarly situated;* and CANDIDO NUNEZ *and* KEVIN SIMPKINS, *individually and on behalf of a subclass of all other delayed-hire victims similarly situated,*

Plaintiffs-Intervenors,

-against-

CITY OF NEW YORK, THE FIRE DEPARTMENT OF THE CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF CITYWIDE ADMINISTRATIVE SERVICES, MAYOR MICHAEL BLOOMBERG and NEW YORK CITY FIRE COMMISSIONER NICHOLAS SCOPPETTA, in their individual and official capacities,

Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS-INTERVENORS' MOTION TO RECONSIDER ORDER ON FRINGE BENEFITS**

*MICHAEL A. CARDOZO*

*Corporation Counsel of the City of New York*

*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Law Dept. No.: 2007-017441-LE*

Service Date: July 13, 2012

## PRELIMINARY STATEMENT

Plaintiffs-Intervenors' Motion to Reconsider the Court's March 8, 2012 ruling on the appropriate method for determining the value of an individual claimant's fringe benefits, Dkt. # 825 at 15-16 and 38-40 ("Order") should be denied. In its Order, the Court recognized that: 1) "the parties disagree on whether an employer's liability for the loss of fringe benefits is valued by the cost the employer would have paid in insurance premiums or the expenses that the victims of discrimination actually incurred" (internal citations omitted); and 2) "there is disagreement among the courts on this exact issue" (internal citations omitted). *Id.* at 38-39. In resolving this disagreement, this Court held:

> The court sides with the weight of authority [requiring victims to prove out-of-pocket losses] and holds that the City's liability for the loss of fringe benefits should be valued by expenses that the claimants actually incurred.

*Id.* at 39. Plaintiffs-Intervenors now seek to have the Court reverse itself on this issue without identifying any factual matters or controlling decisions that they claim the Court overlooked in reaching its decision, a change in the controlling law or new evidence.

## POINT I

### THE MOTION FAILS TO COMPLY WITH THE STRINGENT REQUIREMENTS OF A MOTION FOR RECONSIDERATION AND SHOULD BE DENIED.

**A.  Legal Standard**

This Court repeatedly has held that "[p]ursuant to Local Rule 6.3, a motion for reconsideration will generally be denied unless the moving party can establish: '(1) that the court overlooked controlling decisions or data [or] that there has been a change in decisions or data; (2) that there has been a change in controlling law; (3) that new evidence has become available; or (4) that reconsideration is necessary to correct a clear error or prevent manifest injustice.'" *Norton v. Town of Islip*, 2012 U.S. Dist. LEXIS 65338 at *4 (E.D.N.Y. May 7, 2012)(internal

citations omitted). *See also Gorbaty v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 141849 at *2-3 (E.D.N.Y. Dec. 9, 2011); *AMTEC Int'l of NY Corp. v. Beverage Alliance LLC*, 2011 U.S. Dist. LEXIS 114214 at *2-3 (E.D.N.Y. Sept. 30, 2011). Courts narrowly construe and strictly apply this rule in order to avoid "repetitive arguments on issues that have already been considered fully by the court." *Caleb & Co. v. E.I. Du Pont De Nemours & Co.*, 624 F. Supp. 747, 748 (S.D.N.Y. 1985). Local Rule 6.3, in fact, explicitly requires that the moving party's memorandum of law set forth "the matters or controlling decisions which counsel believes the court has overlooked." Courts also require that the moving party demonstrate that any available factual matters or controlling precedent "were presented to [the court] on the underlying motion." *Gayle v. Harry's Nurses Registry, Inc.*, 2010 U.S. Dist. LEXIS 137498 at *9 (E.D.N.Y. Dec. 23, 2010)(quoting *In re N.Y. Cmty. Bancorp, Inc. Sec. Litig.*, No. 04-CV-4165 (ADS), 244 F.R.D. 156, 2007 U.S. Dist. LEXIS 47405, at *7 (E.D.N.Y. 2007)). The Second Circuit has made clear that a motion for reconsideration "is not favored and is properly granted only upon a showing of exceptional circumstances." *Nakshin v. Holder*, 360 Fed. Appx. 192, 193 (2d Cir. 2010)(quoting *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2004)). No such showing has been made here.

As Plaintiffs-Intervenors did not even attempt to satisfy the stringent requirements for a motion to reconsider or Local Rule 6.3, the Court should deny the motion on procedural grounds. *United States v. City of New York*, 2012 U.S. Dist. LEXIS 80699 at *5-6 (E.D.N.Y. June 11, 2012).[1] In the alternative, the Court should deny the motion because Plaintiffs-Intervenors cannot establish any of the four basic grounds, outlined above, for granting a motion for reconsideration.

Perhaps recognizing the futility of attempting to make a proper Rule 6.3 showing, Plaintiffs-Intervenors blithely argue that the Court has the discretion to reconsider any of its

---

[1] Plaintiffs-Intervenors also failed to comply with this Court's individual rule limiting briefs for motions for consideration to five pages. Individual Rules of Judge Nicholas G. Garaufis at III.E.

decisions prior to the entry of a final judgment and should do so here "in the interests of accuracy of calculating make-whole relief, fairness to the parties, and efficiency . . . ." Memorandum of Law in Support of Plaintiffs-Intervenors' Motion to Reconsider Order of Fringe Benefits ("P-I Memo") at 1. None of these grounds, however, constitutes a recognized basis for granting a motion for reconsideration. In explaining the interface between the law of the case doctrine and a court's power to reconsider its decisions, the Second Circuit reiterated the basic grounds for justifying such a reconsideration:

> The law of the case "doctrine is admittedly discretionary and does not limit a court's power to reconsider its own decisions prior to final judgment." *Virgin Atl. Airways v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.), *cert. denied*, 121 L. Ed. 2d 34, 113 S. Ct. 67 (1992); *see also Arizona v. California*, 460 U.S. 605, 618, 75 L. Ed. 2d 318, 103 S. Ct. 1382 (1983) ("Law of the case directs a court's discretion, it does not limit the tribunal's power."). As we have noted, "the major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways*, 956 F.2d at 1255 (quoting 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4478, at 790 (1981)) [hereinafter *Federal Practice & Procedure*].

*Dilaura v. Power Auth. of NY*, 982 F.2d 73, 76 (2d Cir. 1992). While recognizing a court's power to reconsider its own decisions, the Second Circuit has admonished the district courts to exercise this power "only upon a showing of exceptional circumstances." *Nakshin*, 360 Fed. Appx. at 193. No such showing can be made here.

**B.    Plaintiffs-Intervenors' New Proposal Was Not Presented Below**

Plaintiffs-Intervenors now advocate for the creation of a rebuttable presumption of lost fringe benefits in favor of each eligible claimant based on the cost of premium approach that the Court rejected in its Order. *Id.* at 6. Under Plaintiffs-Intervenors' new proposal, claimants would be entitled to present evidence that they incurred actual costs in excess of the value of the premiums and the City would be able to rebut this showing and/or present evidence that the claimant obtained insurance from a collateral source.

3

Plaintiffs-Intervenors cite no case law that directly supports this novel proposition. Instead, in a footnote, they cite three decisions which they claim may lend support to their new approach. P-I Memo at 7 n. 2. Each of the three decisions, however, merely relies on or explains the Fourth Circuit's decision in *Farris v. Lynchburg Foundry*, 769 F.2d 958 (4th Cir. 1985), a decision which both the United States and the Plaintiffs-Intervenors cited unsuccessfully in support of their argument on the underlying motion for the adoption of the premium cost method of valuing fringe benefits. Plaintiff United States' Reply Memorandum in Support of Plaintiff's Motion for Summary Judgment with Respect to the Amount of Backpay and Benefits Lost, Dkt. # 547 at 10 (The "proper measure of value of insurance benefits in ADEA cases is what employer would have paid."); Reply Brief in Support of Plaintiffs-Intervenors' Motion to Exclude Dr. Erath's Testimony and for Summary Judgment with Respect to the Class-wide Back Pay, Dkt. # 550 at 14-15 ("The prevailing rule is that the cost of the premiums that the employer would have paid for such coverage, not the actual losses suffered, is the proper measure of damages.")(emphasis in the original). One of the three decisions mentioned in footnote 2, *EEOC v. Serv. New Co.*, 898 F.2d 958, 966 (4th Cir. 1990), in fact, limited the *Fariss* holding to situations in which the employee failed to mitigate his damages by purchasing comparable insurance. Finding that the Service New Co. employee had undertaken a serious, but unsuccessful effort to secure substitute insurance, the Fourth Circuit concluded that the proper measure of damages was out-of-pocket medical expenses. *Id*. Finally, as none of the cases cited in footnote 2 were presented by Plaintiffs-Intervenors to the Court in the underlying motion, they should not be considered now. *Gayle v. Harry's Nurses Registry, Inc.*, 2010 U.S. Dist. LEXIS 137498 at *9.

C.  **Nature and Timing of Action is Irrelevant**

Contrary to Plaintiffs-Intervenors' contention, neither the class action status of their action nor the length of the liability period in the overall action warrants a reversal of this

4

Court's decision on the method for valuing fringe benefits. This action started in 2007 as an enforcement action by the United States on behalf of blacks and Hispanics. As this Court observed in its June 6, 2011 opinion, the United States is not required to seek class certification on behalf of victims for whom it seeks relief. Dkt. # 640 at 2. The class action, on the other hand, is limited to black candidates. Decisions in this circuit and other circuits adopting the out-of-pocket method of valuing insurance benefits pre-date the commencement of this 2007 action. *See* Order, Dkt. # 825 at 16. Therefore, Plaintiffs-Intervenors' counsel was on notice of the decisional split on this issue and could have sought an order pursuant to Rule 23(d) of the Federal Rules of Civil Procedure advising potential class members to preserve and retain documentary evidence. Moreover, nothing precluded Plaintiffs-Intervenors from commencing a lawsuit earlier than 2007. The Vulcan Society filed its charge of discrimination in 2002 and could have requested a right-to-sue letter shortly thereafter.[2] The fact that it chose not to do so is not the City's fault. Therefore, the *Bigelow* principle is not applicable here. *See Raishevich v. Foster*, 247 F.3d 337, 343 (2d Cir. 2001)("The *Bigelow* principle applies to situations in which the amount of damages, although not specifically ascertainable because of misconduct by the defendant, falls within a certain range. It provides the plaintiff with the benefit of a more liberalized standard of proof and prevents the defendant from 'profit[ing] by his wrongdoing at the expense of his victim.")

Plaintiffs-Intervenors' argument that in failure-to-hire class actions, courts use the premium-based approach to evaluating the loss of fringe benefits, P-I Memo at 3-4, pre-dates the U.S. Supreme Court's decision in *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541(2011) criticizing the use of trials by formula in class actions, as do all of the cases they cite for that proposition. Nevertheless, Plaintiffs-Intervenors continue to cite court decisions that value

---

[2] The Vulcan Society and individual plaintiffs could also have filed their claims under 42 U.S.C. §§ 1983 and 1981, as well as under the State and City Human Rights Laws, at any time since

5

fringe benefits on a class-wide basis, rather than on an individualized basis. *EEOC v. Dial Corp.*, 469 F.3d 735, 744 (8th Cir. 2006); *Mister v. Illinois Cent. Gulf R.R. Co.*, 790 F. Supp. 1411, 1418 (S.D. Il. 1992); *Green v. U.S. Steel Corp.*, 640 F. Supp. 1521, 1530 (E.D. Pa. 1986), *vacated in part on other grounds*, 843 F.2d 1511 (3d Cir. 1988). In fact, although Plaintiffs-Intervenors state that they do not "suggest a departure from the individualized process for evaluating losses and do not seek a class-wide valuation of losses," P-I Memo at 1, the use of a rebuttable presumption which assumes at the outset and without factual foundation that every claimant suffered a loss of fringe benefits valued by the City's premium costs is nothing more than an end run around the individualized proof process and a de facto class-wide determination.

Plaintiffs-Intervenors' contention that its new proposal is fairer and more accurate is based on pure speculation. Plaintiffs-Intervenors opine without foundation that "it is unlikely that many or most of the victims will be able to recall or recreate accurate proof of their losses." P-I Memo at 4. Until the claimants tender proof to support their burden of production on the fringe benefit issue, there is no basis for making such a sweeping, conclusory assessment of the claimants' ability to make an individualized showing.

D.      **Re-Allocation of Burden of Proof is Impermissible**

Plaintiffs-Intervenors' muddled burden of proof argument appears to proceed from the unspoken and mistaken premise that the claimants should not have the initial burden of production on the issue of fringe benefits. In that regard, Plaintiffs-Intervenors mistakenly paraphrase the Southern District's holding in *EEOC v. Kallir, Philips, Ross Inc.* which states that "Once the gross amount of back pay owed plaintiff has been determined. . . ", the burden shifts. *EEOC v. Kallir, Philips, Ross, Inc.*, 420 F. Supp. 919, 924 (S.D.N.Y. 1976), *aff'd*, 559 F.2d 1203 (2d Cir. 1977). The *Kallir* court did not state, as Plaintiffs-Intervenors contend, that the burden shifts "after a victim has produced a back pay demand . . . ." P-I Memo at 8. It shifts after a

---

those claims do not require any administrative prerequisites.

plaintiff offers proof of a loss. A careful reading of each of the decisions Plainitffs-Intervenors cite in Point III of their Memo makes clear that while the claimant's burden of production might be light, it is not non-existent. *See e.g.*, *Woodbridge v. Marlene Industries Corp.*, 876 F.2d 540, 547 (6th Cir. 1989) (A claimant must "provide the court with information from which her damages can be determined."); *Pettway v. Am. Cast Iron Pipe Co.*, 494 F.2d 211, 260 (5th Cir. 1974)(requiring a statement from the plaintiff of an estimation of the amount of requested back pay). Therefore, as part of a claimant's initial burden, he or she must do more than produce a demand for the value of lost benefits, evidence of an actual loss must be tendered to satisfy his or her burden of production. Plainitffs-Intervenors' new proposal, which they admit is a modified approach to that presented by them below (P-I Memo at 1), is a transparent effort to re-litigate an adverse decision and side-step the claimant's individualized burden.

## CONCLUSION

For the reasons stated above, the City respectfully submits that the Court should deny Plaintiffs-Intervenors' motion to reconsider the Court's March 8, 2012 ruling, Dkt. # 825 at 15-16 and 38-40, on the method of proving fringe benefits.

Dated: New York, New York
July 13, 2012

Respectfully Submitted,

**MICHAEL A. CARDOZO**
Corporation Counsel of the
 City of New York
Attorney for Defendants
100 Church Street
New York, New York 10007
(212) 788-0862

By: _____
Michael A. Cardozo
Corporation Counsel

7