

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

July 18, 2012

Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re: <u>USA v. City</u>, Civil Action No.: 07 CV 2067 (NGG)(RLM)
            Law Dept. No.: 2007-01744

Dear Judge Garaufis:

      Defendant writes on behalf of all parties to respectfully request that the Court modify paragraph 1 of the Order governing distribution of the notice, objection form with instructions and applicable cover letter (the "Notice Documents") (Dkt. 917) with respect to the manner of distribution to all current uniformed fire service employees of the FDNY.

      Paragraph 1 requires that distribution to current uniformed fire service employees of the FDNY be effectuated through the "all unit circular" system. However the "All Unit Circular" system is not the most effective means for communicating with all uniformed employees. All Unit Circulars primarily concern training and operational guidelines and ultimately become part of an FDNY operations manual. The primary audience for All Unit Circulars are fire officers.

      The primary and more effective method the FDNY uses to communicate with all uniformed fire service employees is through Department Order ("D.O."). Defendant requests that the Order be modified to require that the attached text, which is derived from the cover letter to incumbent firefighters that the Court already approved (Dkt. 903-2 at 1), be incorporated into a Department Order to be read at every roll call for four consecutive days. The Department Order will include as attachments the other Notice Documents already approved by the Court (Notice, Instructions and Objection Form).

Consistent with normal practice, the names of the firefighters at roll call would be recorded and the City would preserve these roll call records in a central file until all appeals in this lawsuit are exhausted. Copies of the Notice Documents would be available at roll call and firefighters would be instructed to take copies for themselves. In addition, the Department Order with attachments would be posted on the house watch and available on the FDNY intranet page with all other Department Orders.

For the foregoing reasons, the parties respectfully request that paragraph 1 of the Order governing distribution of the Notice Documents (Dkt. 917) be modified to direct that distribution of the Notice Documents to all current uniformed fire service employees of the FDNY be completed through Department Order instead of by All Unit Circular.

Respectfully submitted,

Michael A. Cardozo

Enclosure

## DEPARTMENT ORDER

This Department Order is to notify you of a Proposed Relief Order in <u>United States and Vulcan Society, et al. v. City of New York</u>. A document entitled "NOTICE OF PROPOSED RELIEF ORDER AND FAIRNESS HEARING" is attached to this Department Order. This document describes the basis of the lawsuit concerning Written Exam 7029 for Firefighter (administered primarily in 1999) and Written Exam 2043 for Firefighter (administered primarily in 2002) and the terms of the Proposed Relief Order. In addition, the document provides the time and place of a Fairness Hearing regarding the Proposed Relief Order and tells you how to make an objection to the terms of the Proposed Relief Order, if you choose to do so. Please read the entire Department Order and its attachments carefully as your right to object to the Proposed Relief Order or participate in the Fairness Hearing may be affected.

NOTE: Written Exams 2000/2500 were developed under the supervision of the court in this lawsuit. However, they are <u>not</u> the basis of the underlying lawsuit or the upcoming Fairness Hearing. Thus, objections related to Written Exams 2000/2500 will not be addressed during the Fairness Hearing.