UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

   UNITED STATES OF AMERICA,

                                        Plaintiff,                          **MEMORANDUM & ORDER**

                 -and-                                                       **07-CV-2067 (NGG) (RLM)**

   THE VULCAN SOCIETY, INC., *for itself and on behalf of its members*, JAMEL NICHOLSON, *and* RUSEBELL WILSON, *individually and on behalf of a subclass of all other victims similarly situated seeking classwide injunctive relief*;

   ROGER GREGG, MARCUS HAYWOOD, *and* KEVIN WALKER, *individually and on behalf of a subclass of all other non-hire victims similarly situated*; and

   CANDIDO NUÑEZ *and* KEVIN SIMPKINS, *individually and on behalf of a subclass of all other delayed-hire victims similarly situated*,

                                        Plaintiff-Intervenors,

                 -against-

   THE CITY OF NEW YORK,

                                        Defendant.

------------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

   The court has received the parties' Proposed Findings of Fact and Conclusions of Law regarding the noneconomic benefits of the job of firefighter. (Docket Entry ## 910-11.) The parties' Proposed Conclusions of Law do not sufficiently address whether the court has the authority under federal and New York law to award the forms of compensatory damages discussed by Plaintiff-Intervenors. Plaintiff-Intervenors are directed, within fourteen days, to submit supplemental briefing in support of their proposed damages; the City shall respond within

1

fourteen days of the filing of Plaintiff-Intervenors' brief.  The briefing shall include (but not necessarily be limited to) a discussion of the following issues.

Title VII permits compensatory damages "for future pecuniary damages, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses."  42 U.S.C. § 1981a(b)(3).  Plaintiff-Intervenors must first inform the court whether the damages they seek fall within either (1) one or more of the specifically enumerated categories of damages in the statute; or (2) the catch-all category of "other nonpecuniary losses."

If Plaintiff-Intervenors believe that their requested damages fall within an enumerated category—for example, if they are requesting damages for "loss of enjoyment of life," as they have previously represented (Pl.-Intervenors' Mem. Regarding Class-Wide Compensatory Damages (Docket Entry # 401))—then they must support that belief with additional case law, legislative history, administrative materials, or other authorities.  At least some of the types of damages listed in Title VII have been given specific definitions or requirements in cases.  For example, "[t]he concept of loss of enjoyment of life provides compensation for the deprivation or impairment of the senses or of one's ability to engage in those activities and perform those functions which were part of the victim's life prior to the injury."  Rufino v. United States, 829 F.2d 354, 359 n.8 (2d Cir. 1987) (internal quotation marks omitted); see also Furey v. United States, 458 F. Supp. 2d 48, 56 (N.D.N.Y. 2006) ("[L]oss of enjoyment of life [ ] compensates for the frustration and anguish caused by the inability to participate in activities that once brought pleasure.").  "Proof of pain and suffering involves evidence of physical injury with its attendant physical and emotional responses."  Rufino, 829 F.2d at 359 n.8.  And emotional distress damages require "evidence of concrete emotional problems."  Equal Emp't Opportunity Comm'n v. Yellow Freight Sys., Inc., No. 98-CV-2270 (THK), 2002 WL 31011859, at *34 (S.D.N.Y.

Sept. 9, 2002); see also Migis v. Pearle Vision, Inc., 135 F.3d 1041, 1053 (5th Cir. 1998) ("The 1991 amendments allowing compensatory damages under Title VII have been interpreted by the EEOC to require physical manifestations in order to recover for emotional harm.").

The court is not currently convinced that the denial of the noneconomic benefits of the job of firefighter *on its own* entitles a claimant to damages under any of these categories—i.e., without an additional individualized showing. For example, under the case law the court has reviewed, the loss of the intangible benefits of a firefighter position does not appear to qualify as a "loss of enjoyment of life"; to obtain damages for loss of enjoyment of life, a claimant would have to show on an individualized basis that he or she has suffered "deprivation or impairment of the senses" or a loss of the "ability to engage in those activities and perform those functions which were part of the victim's life prior to the injury." Rufino, 829 F.2d at 359 n.8. Plaintiff-Intervenors will, however, be given the opportunity to convince the court otherwise.

If Plaintiff-Intervenors are seeking damages under the catch-all category of "other nonpecuniary losses," they must explain to the court the kinds of damages they believe are encompassed by that catch-all category, and why each of their asserted intangible losses is included. To be sure, the catch-all provision must be read to permit damages beyond those specifically listed, and several courts and administrative agencies have noted categories of unlisted damages that might fall within the residual clause. See, e.g., Migis, 135 F.3d at 1053; Williams v. Pharmacia, Inc., 137 F.3d 944, 952 (7th Cir. 1998); Watts v. Vilsack, EEOC Doc. 0120093410, 2012 WL 2356809, at *2 (June 11, 2012); Edwards v. Dep't of Transp., 117 M.S.P.R. 222, 227 (Merit Sys. Prot. Bd. Jan. 6, 2012). But it is a well-established canon of statutory construction that "general terms that follow specific ones are interpreted to embrace only objects of the same kind or class as the specific ones," United States v. Amato, 540 F.3d

3

153, 161 (2d Cir. 2008), a rule that avoids rendering the specific provisions superfluous, see RadLAX Gateway Hotel, LLC v. Amalgamated Bank, 132 S. Ct. 2065, 2071 (2012).  The task for the court is to determine the "kind or class" of damages intended to be encompassed by Title VII's catch-all category.  Amato, 540 F.3d at 161.

      For now, the court leaves it to the parties to develop this issue, but notes that there is some suggestion in Title VII's legislative history that the statute was intended to authorize "tort-like damages," 137 Cong. Rec. S15,348-01, S15,383, 1991 WL 219639, at *94 (Oct. 29, 1991) (statement of Sen. Jeffords), which might refer to damages previously recognized in the common law of tort.  The parties should address Title VII's legislative history, and, to the extent relevant, whether Plaintiff-Intervenors' requested damages are supported by the common law.

      Finally, the parties' supplemental briefing should address whether the damages at issue are authorized under New York State and City law.  New York statutory law broadly authorizes "compensatory damages" in discrimination cases, e.g., N.Y. Exec. Law § 297(4)(c), but provides little guidance on the types of compensatory damages permitted.  New York case law on the subject is sparse, but appears to authorize compensatory damages only in specific limited categories.  See, e.g., McDougald v. Garber, 73 N.Y.2d 246, 251 (1989) (refusing to recognize "loss of enjoyment of life" as a category of damages separate from pain and suffering); Cullen v. Nassau Cty. Civ. Serv. Comm'n, 53 N.Y.2d 492, 496 (1981) ("[C]ompensatory damages . . . can include an award of less tangible injuries such as humiliation and mental anguish."). Plaintiff-Intervenors must therefore support their apparent belief that New York law permits an award of compensatory damages to claimants who have not suffered provable emotional trauma.

      For the foregoing reasons, Plaintiff-Intervenors are ORDERED, within fourteen days, to submit supplemental briefing on whether this court has the authority under federal and New

4

York law to award the compensatory damages they have requested; the City shall respond within fourteen days of the filing of Plaintiff-Intervenors' brief. The parties' briefing shall include a discussion of the specific issues addressed above.

    SO ORDERED.

Dated: Brooklyn, New York
       July 25, 2012

/s/ Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge