U.S. Department of Justice

Civil Rights Division

DK:MLB:EKB:JMS:AKT:BS
DJ 170-51-358

*Employment Litigation Section - PHB*
*950 Pennsylvania Ave, NW*
*Washington DC 20530*
*www.usdoj.gov/crt/emp*

August 9, 2012

Honorable Nicholas G. Garaufis
United States District Court
 for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

  Re: <u>United States v. City of New York, et al.</u>, 07-CV-2067 (NGG)(RLM)

Dear Judge Garaufis:

  Plaintiff United States of America, on behalf of all parties, writes to follow up on the United States' July 11, 2012 letter (Dkt. 923) and the Court's July 12 minute order, which addressed the mailing grace period that should be applied to claims forms submitted to the United States.

  Both the United States' receipt of claim forms and its ability to evaluate their timeliness have been affected by a number of unanticipated factors.  These factors include delivery delays related to the United States Department of Justice's mail screening security procedures, the United States Postal Service's ("USPS") apparent processing of mail returned via business reply envelope ("BRE") in bundles, and the fact that the USPS typically does not affix a postmark date to mail returned via BRE.  In light of these factors, the parties previously requested that the Court modify Paragraph 5 of the Court's April 20, 2012 Order governing the distribution of notice and claim form documents related to the claims process for individual relief (Dkt. 860).  Paragraph 5 of that Order provides that the submission date of each claim form shall be the date on which the completed claim form was mailed to the United States, as determined by the postmark.  However, "[i]f the postmark is illegible, the date of submission shall be deemed five (5) days prior to the date of receipt of the claim form by the United States."  Dkt. 860 at 5.  In its July 6 letter (Dkt. 918), the parties respectfully requested a modification from five days to fourteen days, to account for mail processing delays.

  However, the United States continued to receive claim forms during the month of July, scores of which were postmarked on or before the June 18 claim form deadline.  For example, on July 10, the United States received sixty-one claim forms in the mail, forty-two of which were postmarked on or before June 18.  Indeed, one claim form received on July 10 bore a postmark date of June 11, thirty days prior to its arrival at the United States Department of Justice.  Further, between July 20 and August 1, the United States received approximately nineteen claim forms, of which approximately fourteen lacked a postmark date.

The vast majority of claimants returned their claim forms to the United States using the BRE provided by the City and, as a result, the vast majority of envelopes used to return claims forms lack a postmark date. For this reason, the mailing grace period for claim forms plays an exceptionally important role in determining whether a claim form is timely.

For these reasons, the parties respectfully request that Paragraph 5 of the Court's April 20 Order be modified so that it states in total: "In order to be eligible for individual relief, an applicant's claim form must have been received by the United States on or before August 10, 2012. Any claim form received by the United States after August 10, 2012 will be considered untimely, absent a showing of good cause. The submission date of each claim form shall be the date stamp affixed by the United States Department of Justice when it received the claim form."

Finally, the parties do not seek to modify the August 24, 2012 mailing deadline for objection forms related to the October 1 Fairness Hearing. In the United States' July 6 letter (Dkt. 918), the parties requested that, if an objection form lacks a postmark or it is illegible, the date of submission should be deemed to be fourteen (14) days prior to the date on which the United States received the objection form.[1] In contrast to the claim forms, the parties anticipate that most objection forms will have a postmark affixed to them because BREs were not used to return the objection forms. As such, the parties and the Court should be able to determine the timeliness of most objection forms based on the postmark date, and the mailing grace period will be inapplicable to most objection forms.

Sincerely,

/s/ Eric K. Bachman
Senior Trial Attorney
(202) 305-7883
Civil Rights Division
United States Department of Justice

/s/ Elliot M. Schachner
Assistant U.S. Attorney
Eastern District of New York
(718) 254-6053

---

[1] To avoid confusion about the mailing deadline, the parties requested that this mailing grace period not be referenced in the objection form instructions.