UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

UNITED STATES OF AMERICA,

                Plaintiff,

-and-

THE VULCAN SOCIETY, INC., *for itself and on behalf of its members*, JAMEL NICHOLSON, *and* RUSEBELL WILSON, *individually and on behalf of a subclass of all other victims similarly situated seeking classwide injunctive relief*;

ROGER GREGG, MARCUS HAYWOOD, *and* KEVIN WALKER, *individually and on behalf of a subclass of all other non-hire victims similarly situated*; and

CANDIDO NUÑEZ *and* KEVIN SIMPKINS, *individually and on behalf of a subclass of all other delayed-hire victims similarly situated*,

                Plaintiff-Intervenors,

-against-

THE CITY OF NEW YORK,

                Defendant.

------------------------------------------------------------------X

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ AUG 20 2012 ★

BROOKLYN OFFICE

**MEMORANDUM & ORDER**

07-CV-2067 (NGG) (RLM)

NICHOLAS G. GARAUFIS, United States District Judge.

      On March 8, 2012, the court issued a Memorandum and Order that, inter alia, addressed the value of the lost health insurance benefits for the victims of the City of New York's discriminatory hiring of entry-level firefighters. (Mar. 8, 2012 Mem. & Order (Docket Entry # 825) at 39-40.) The court held that these benefits must be measured based on individualized evidence that victims suffered an economic loss that they would not have been suffered had they been on the City's health plan, rather than on the premiums the City would have paid had the

1

victims been Fire Department employees. (Id.) Now before the court is Plaintiff-Intervenors' motion for reconsideration of the court's Memorandum and Order in a "limited way;" they ask the court to issue an order establishing a presumption that each claimant is entitled to the amount the City would have paid in insurance premiums for one firefighter, with the chance for each claimant to prove that he or she has lost more than that amount and for the City to offer evidence that claimant has suffered a smaller loss than that amount. (Pl.-Intervenors' Mem. in Supp. of Mot. for Reconsideration (Docket Entry # 913) at 6.) The reader's familiarity with the court's March 8, 2012, Memorandum and Order is assumed. For the reasons discussed below, the Plaintiff-Intervenors' motion is denied.

A motion for reconsideration may be granted if, inter alia, the court overlooked critical facts or controlling decisions that could have changed its decision, see Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995), or if there has been an intervening change in controlling law, new evidence has appeared, or to correct clear error or prevent manifest injustice, see Virgin Atl. Airways v. Nat'l Mediation Bd., 965 F.2d 1245, 1255 (2d Cir. 1992). Although their initial brief did not identify which ground for reconsideration justified their motion, in their reply brief, Plaintiff-Intervenors argue that the court's decision will result in manifest injustice. (Pl.-Intervenors' Reply Mem. (Docket Entry # 930) at 2.) The principal arguments put forward in support of that claim are (1) that the court did not consider that no court has previously required proof of a claimant's loss in a failure-to-hire case, and (2) that it would be inequitable to place the burden of maintaining up to ten years' worth of medical records on claimants in this case, as this case is a class action and notice was not sent to class members before June of 2012. (Id.) The City opposes Plaintiff-Intervenors' motion, but the United States supports it. (See City

Mem. in Opp. to Mot. for Reconsideration (Docket Entry # 926) at 1; United States July 13, 2012 Ltr. (Docket Entry # 925) at 1.)

The court is not persuaded by Plaintiff-Intervenors' arguments. As to the first argument, the court's response is that its March ruling was based on "first principles," namely, that "the purpose of the Title VII backpay remedy is to make victims whole, not more or less." (Mar. 8, 2012 Mem. & Order at 39.) This purpose is the same for failure-to-hire victims as for victims of other forms of employment discrimination. As to the second argument, the class action/multiple claimant structure of this case should not alter the substantive purpose—and limits—of Title VII. Cf. Wal-Mart, Inc., v. Dukes, 131 S. Ct. 2541, 2561 (2011) ("a class cannot be certified on the premise that [the defendant] will not be entitled to litigate its statutory defenses to individual claims"). Fundamentally, there is simply nothing manifestly unjust about choosing an interpretation of Title VII that has been adopted by other courts and fulfills the statutory purpose of the act, even in a class action setting. Plaintiff-Intervenors offer the court no persuasive reason to reconsider its previous conclusion that:

> "[v]ictims of discrimination who did not purchase substitute health insurance, contribute to their interim employer's health insurance costs, or pay for medical care directly, did not suffer an economic loss, and [c]onversely, victims who were required to do any of those things may have suffered a larger loss than would be compensated by a judgment limited to the amount the liable employer would have paid in health insurance premiums." (Mar. 8, 2012 Mem. & Order at 39.)

Although the court denies Plaintiff-Intervenors' motion, it does make two observations in response to the concerns expressed in that motion. The first is that the court's ruling was not, and was not meant to be, an evidentiary one. The court did not hold that documentary evidence was required to prove a claimant's loss. It may be that losses are provable in other ways, so long as the fact-finder is given sufficient admissible evidence to make a defensible conclusion. Cf. EEOC v. Enterprise Ass'n Steamfitters Local 638, 542 F.2d 579, 587 (2d Cir. 1978) ("limiting

backpay to those who . . . can provide documentary proof [of job application] would serve to frustrate the central statutory purposes of Title VII[;] . . . [t]estimonial evidence may be received as in any other litigation." (internal quotation marks omitted)). Moreover, the court is aware of the principle that an employment discrimination victim's damages do not have been measured with "unrealistic exactitude," and that "uncertainties in determining what an employee would have earned but for the discrimination[] should be resolved against the discriminating (party)." Id. (quoting Hairston v. McLean Trucking Co., 520 F.2d 226, 233 (4th Cir. 1975)); see also Raishevich v. Foster, 247 F.3d 337, 343 (2d Cir. 2001) ("If the plaintiff's inability to prove an exact amount of damages arises from actions of the defendant, a factfinder has some latitude to make a just and reasonable estimate of damages based on relevant data." (internal quotation marks omitted)). The court has held merely that the amount to be proven (whether exactly or not) must be the loss experienced by the claimant, not the cost avoided by the City.

The court's second observation is that Plaintiff-Intervenors' extended discussion of the need to prove the expense of every visit to a doctor may indicate that Plaintiff-Intervenors do not understand that one form of loss would be the cost a claimant paid for substitute health insurance (either on the open market or in the form of contributions toward an employer-sponsored health plan). Proof of such payments may be far simpler to obtain and may eliminate any need to assemble a ten-year pile of receipts from doctor's offices for many claimants.

For the foregoing reasons, Plaintiff-Intervenors' motion is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
      August 20, 2012

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge