UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

UNITED STATES OF AMERICA,

                                                  Plaintiff,

And

THE VULCAN SOCIETY, INC., *for itself and on behalf of its members,* JAMEL NICHOLSON, *and* RUSEBELL WILSON, *individually and on behalf of a subclass of all other victims similarly situated seeking classwide injunctive relief;*

CANDIDO NUNEZ *and* KEVIN SIMPKINS, *individually and on behalf of a subclass of all other delayed-hire victims similarly situated,*

                                     Plaintiff-Intervenors,

                               -against-

THE CITY OF NEW YORK,

                                                  Defendant.

------------------------------------------------------------------------- x

**NOTICE OF MOTION FOR APPROVAL OF EXAM**

07 CV 2067 (NGG)(RLM)

      **PLEASE TAKE NOTICE**, that upon the Declaration of John Weiner, dated September 21, 2012 and the *FDNY Firefighter Test Development and Validation Report,* dated September 21, 2012 annexed thereto, and Defendant's Memorandum of Law In Support of Its Motion for Approval of Firefighter Exam 2000, dated September 24, 2012, and all prior papers and proceedings had herein, defendant moves this Court, before the Honorable Nicholas G. Garaufis, United States District Judge, Eastern District of New York, at the Courthouse located

-2-

at 225 Cadman Plaza East, Brooklyn, New York, for an order approving defendant's proposed use of the new exam for the position of entry-level firefighter.

**PLEASE TAKE FURTHER NOTICE**, that any papers in opposition are to be filed by 5:00 p.m. September 26, 2012.

Dated:   New York, New York
         September 24, 2012

                              Respectfully Submitted,

                              **MICHAEL A. CARDOZO**
                              Corporation Counsel of the City of New York
                              Attorney for the Defendants
                              100 Church Street, Room 2-100
                              New York, New York  10007-2601
                              (212) 788-0682

                              By: _/s/ Michael A. Cardozo_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
UNITED STATES OF AMERICA,

                                  Plaintiff,

           -and-                                      **DECLARATION**
VULCAN SOCIETY, INC., et al.,                          **OF**
                                            **JOHN WEINER**
                      Plaintiffs-Intervenors,

           -against-                           **CIVIL ACTION NO.**
                                           **07 CV 2067 (NGG)(RLM)**
CITY OF NEW YORK, et al.,

                                Defendants.
------------------------------------------------------------------ x

        **John Weiner** declares, pursuant to 28 U.S.C. § 1746 and subject to the penalties of perjury, that the following is true and correct:

        1.     I am the Chief Science Officer of PSI Services LLC (PSI), the test development firm engaged by the City of New York in June 2010 to construct the new selection procedure for the civil service position of entry-level firefighter. I have a master's degree in psychology from California State University, Sacramento, specializing in quantitative and industrial psychology. I have worked in the assessment industry for over twenty-five years and have been responsible for the development of many technically sound and legally defensible assessment instruments for employee selection in both the private and public sector.

        2.     I have led the PSI team responsible for the development, administration and scoring of the examination for the entry-level position of New York City Firefighter. I and members of the PSI team under my direction have consulted frequently throughout this process with testing experts designated by the other parties to this litigation and with Dr. Shane Pittman, the testing expert, retained by Special Master Mary Jo White. I have also participated in meetings and conference calls with counsel for the parties and Special Master White and her colleagues.

3.    The "FDNY Firefighter Test Development and Validation Report," dated September 21, 2012, annexed as Exhibit A (the "Report") is a true and accurate report of the steps taken in the development and validation of the examination for entry-level Firefighter designated by the City as open competitive Exam 2000 and promotional Exam 2500.

4.    The Report presents evidence establishing the validity of the new firefighter test, the cut-score and rank-ordered use through three studies representing content, criterion-related and construct validation strategies. As set forth more fully in the Report, evidence of content validity was established for the cognitive portion of the test by collecting data showing that the content of the test represents important aspects of performance on the FDNY firefighter job. Criterion-related validity was established by demonstrating that incumbent firefighters' scores on the test were significantly correlated with their performance in the training academy and the performance ratings assessed by their supervisors. Construct validity evidence was established by demonstrating that the noncognitive scores on the test are significantly correlated with other established tests of the same characteristics.

5.    An investigation of test fairness indicates that the test is not unfair to blacks and Hispanics in predicting their job performance. Moreover, projected selection rates were computed within racial/ethnic and gender groups and analyses were conducted to identify potential adverse impact using the four-fifths rule (Uniform Guidelines § 4.D) and application of a statistical significance test (the two or three standard deviation test). The four-fifths rule and statistical significance test were both satisfied for each year that the City anticipates selecting Exam 2000 candidates from the eligible list during the anticipated 4-year life of the list.

6.    The minimum passing score also satisfied the four-fifths rule, but did not satisfy the statistical significance test with respect to black promotional candidates or with respect to black and Hispanic open pool candidates. However, the corresponding adverse impact ratio for

promotional candidates, was 0.983, indicating that the selection rates were nearly equivalent for the two groups. In fact, only four of 873 candidates failed the promotional exam. The minimum passing score, i.e. 70, is less relevant with respect to the open pool candidates because selection from the eligible list will occur in the upper range of scores (i.e., Final Adjusted Scores of 97 and higher) and the list is expected to expire well before reaching the cut score of 70. Consequently, the test does not have any practical adverse impact.

Dated:     New York, New York
           September 21, 2012

_____
                                John Weiner