IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>   PLAINTIFF,<br>-AND-<br><br>THE VULCAN SOCIETY, INC., *for itself and on behalf of its members,* JAMEL NICHOLSON *and* RUSEBELL WILSON, *individually and on behalf of a subclass of all other victims similarly situated seeking classwide injunctive relief;*<br><br>ROGER GREGG, MARCUS HAYWOOD, *and* KEVIN WALKER, *individually and on behalf of a subclass of all other non-hire victims similarly situated;* and<br><br>CANDIDO NUÑEZ *and* KEVIN SIMPKINS, *individually and on behalf of a subclass of all other delayed-hire victims similarly situated,*<br><br>   PLAINTIFFS-INTERVENORS,<br>V.<br>CITY OF NEW YORK, ET AL.,<br>   DEFENDANTS. | CIV. ACTION NO. 07-CV-2067<br>(NGG)(RLM) |

**PLAINTIFFS-INTERVENORS' RESPONSES
TO OBJECTIONS TO RELIEF ORDER**

Center for Constitutional Rights
666 Broadway, 7th Floor
New York, NY 10012-2399
(212) 614-6438
(212) 614-6499 (fax)

Levy Ratner, P.C.
80 Eighth Avenue, Floor 8
New York, NY 10011-5126
(212) 627-8100
(212) 627-8182 (fax)

On the Brief: Richard A. Levy
       Dana E. Lossia

**INTRODUCTION**

Plaintiffs-Intervenors' Non-hire Subclass and Delayed-Hire Subclass jointly submit this memorandum in response to the objections that have been filed regarding the Court's proposed Relief Order. Dkt. 922. Plaintiffs-Intervenors have reviewed the United States' submission concerning the objections and join in the United States' filing of today. Dkt. 978. This response is submitted separately in order to address objections to the grant of noneconomic damages to black victims; to address objections to the Court's January 13, 2010 finding of disparate treatment liability, Dkt. 385; and to address certain objections concerning the proposed eligibility criteria for relief.

**I.    NONE OF THE OBJECTIONS CONCERNING NONECONOMIC DAMAGES SHOULD IMPACT RELIEF FROM THE COURT**

Plaintiffs-Intervenors have sought compensatory damages for noneconomic harm to black victims. This relief is authorized by Title VII, 42 U.S.C. § 1981, 42 U.S.C. § 1983, the New York State Human Rights Law, N.Y. Exec. Law § 297(9), and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-502(a). Approximately fifty (50) objections touched upon black victims' potential recovery of noneconomic compensatory damages. The objections included complaints that compensatory damages should also be made available to Hispanic victims (USARP_OBJ_000397, 001801, 003097, 003172, 003732); that the firefighter job has "many negative aspects" (USARP_OBJ_000428-31, 000444-47, 000554-57, 000617-20, 000638-41, 000702-05, 000937-40, 001122-25, 001220-23, 001227-30, 001389-92, 003616-19, 004154-57) including dangers (USARP_OBJ_001055, 001405, 001925, 003083-84, 003160, 003292, 003632, 003655) and alleged racism toward blacks (USARP_OBJ_002000, 002553, 002942); that noneconomic losses are "subjective, individual and unquantifiable" (USARP_OBJ_001747, 002506); and others (USARP_OBJ_000549; 000831; 000891; 001420;

10144925

1

001696; 001704; 001812; 002000; 002154; 002195; 002500; 002606; 002626; 002715; 003151; 003154; 003180; 003469; 003599; 004276).  None of these objections are grounds upon which to preclude the award of such relief.

Hispanic victims are not entitled to compensatory damages simply because only the Plaintiffs-Intervenors – who represent black victims – brought a claim for compensatory damages.  Dkt. 1; Dkt. 48.  The opportunity to obtain such relief will be limited to identified, eligible victims of the City's discriminatory use of Exams 7029 and 2043 who made timely claims for relief and who are members of the Non-hire or Delayed-Hire Subclass.  Moreover, pursuant to the Court's September 18, 2012 Memorandum & Order concerning compensatory damages for noneconomic harms to black victims, an eligible black claimant "may be granted compensatory damages only if he or she makes an entirely individualized showing of one or more of certain limited categories of damages that have been recognized and defined in the common law of tort."  Dkt. 974 at 1-2.  Thus, relief will not be based on the characteristics of the firefighter job and will instead flow only to actual victims who demonstrate harm apart from their loss of the benefits attendant to the position.

The award of such damages to eligible claimants who make the required showing of harm will in no way infringe upon the rights of third parties.  The award of money damages does not impact the screening or selection of third parties who are candidates for positions as entry-level FDNY firefighters, and it does not impact upon the terms and conditions of employment for incumbent FDNY employees or future FDNY incumbents.  Thus, the objectors here have no legally-protectable interest that is affected by the Relief Order and have pointed to no basis for denying eligible black victims the opportunity prove their entitlement to noneconomic damages.

10144925

## II.   OBJECTIONS CONCERNING THE COURT'S FINDING OF INTENTIONAL DISCRIMINATION ARE NOT RELEVANT TO THE PROPOSED RELIEF

Objections relating to the Court's finding of liability for a pattern-or-practice of disparate treatment discrimination are not before the Court at this hearing.  Moreover, the Relief Order would not be affected by a different outcome on the question of intentional discrimination since the Order provides relief to individuals based upon the City's undisputed liability for disparate impact discrimination under Title VII and New York State and City Law.  As third parties lack standing to object to the Court's finding of liability for intentional discrimination, such objections should be set aside.[1]

## III.   CERTAIN OBJECTIONS CONCERNING ELIGIBILITY CRITERIA RAISE ISSUES THAT SHOULD BE CONSIDERED BY THE CLAIMS PROCESS SPECIAL MASTERS

While Plaintiffs-Intervenors do not seek to amend the claimant eligibility criteria described in the Relief Order, several objectors have raised concerns as to the proper application of those eligibility criteria to them, based on their unique factual circumstances.  For example, numerous objectors have stated that they failed to appear for physical testing or some other step in the hiring process solely because the City did not notify them of their opportunity to advance

---

[1] Some objectors characterized the Court's finding of intentional discrimination as "absurd," "offensive" or "troubling."  USARP_OBJ_000019; 001828; 003642; 003652.  Two Hispanic objectors, on the other hand, believe they were also victims of intentional discrimination.  *See* USARP_OBJ_003668 (asserting intentional discrimination during Exam 7029 physical test and requesting relief); USARP_OBJ_001211-15 (asserting intentional discrimination based on City's failure to notify him of passing score on Exam 2043 and requesting relief).  Another objector asserted that the true source of the bias in the FDNY is "nepotism," stating that it is "part of the 'culture' of the department to pass over as many eligible applicants as possible . . .because of all the 'favors' that existing firefighters and retirees need to have their friends and family appointed."  This objector indicates that failing to notify passers "of the next steps in the hiring process," failing to assign candidates to an investigator, and other methods "are used to 'weed-out' other people to make room for all the nephews and sons who feel a special entitlement to this job.  After all there are only so many vacancies . . ."  USARP_OBJ_004283-86.

to the next step in the hiring process (USARP_OBJ_000323; 000352; 000367; 000449; 000734; 000897; 000988; 001211; 002091; 002094; 002299; 002693-94; 002874; 003113; 003165; 003603; 004232; 004307); others believe that they suffered discrimination during the physical testing or screening process (USARP_OBJ_003667-68; 003708-11; 003713).[2] These individual eligibility issues should be the subject of consideration and recommendations by the claims process Special Masters.

## CONCLUSION

For these reasons, and those contained in the United States' submission of today, which Plaintiffs-Intervenors join in and adopt, we respectfully submit that none of the objections that were filed warrant modification of the Relief Order.

Dated: September 24, 2012
      New York, New York

                                      Respectfully submitted,

                                      LEVY RATNER, P.C.

                                      /s/
                          By:   Richard A. Levy
                               Dana E. Lossia
                               Robert H. Stroup
                               80 Eighth Avenue
                               New York, NY 10011
                               (212) 627-8100
                               (212) 627-8182 (fax)

                               *Attorneys for the Non-Hire Subclass*

                               CENTER FOR CONSTITUTIONAL RIGHTS

---

[2] Others did not explain the circumstances of their failure to move forward in the hiring process, or did not know why they were not selected by the City, but they may have legitimate concerns regarding the fairness of the selection process as applied to them. *See* USARP_OBJ_ 000166; 002887; 003444; 003620; 003723.

                    /s/
By:    Darius Charney
        Ghita Schwarz
        666 Broadway, 7th Floor
        New York, NY 10012-2399
        (212) 614-6438
        (212) 614-6499 (fax)

*Attorneys for the Delayed-Hire Subclass*

TO: All Counsel via ECF

10144925

5