**U.S. Department of Justice**

Civil Rights Division

DK:MLB:EKB:AKT:BS:KL
DJ 170-51-358

*Employment Litigation Section - PHB*
*950 Pennsylvania Ave, NW*
*Washington DC 20530*
*www.usdoj.gov/crt/emp*

September 26, 2012

*Via ECF*

Hon. Nicholas G. Garaufis
United States District Court for
   the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    <u>United States v. City of New York, et al.</u>, 07-CV-2067 (NGG)(RLM)

Dear Judge Garaufis:

      The United States submits this letter in response to the City of New York's ("City") motion for approval of Exam 2000 and accompanying memorandum of law. Dkt. 976 and 977. The United States does not oppose the City's motion because the City's proposed "method of use" for the computer-based test ("CBT") that it used for Exam 2000 complies with Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). 29 C.F.R. § 1607.5(G) (defining the term "method of use"). The United States' agreement that use of the CBT complies with Title VII is based both on its review of the FDNY Firefighter Test Development and Validation Report ("Report") prepared by the City's experts, as well as its experts' independent analyses of the City's proposed pass/fail and rank order use of the CBT.

      As the City's Report indicates, the City's proposed method of use for the CBT includes both a minimum passing score ("cut score") and a rank order selection process. Dkt. 976-1 at pp. 9-10. According to the Report, use of the cut score has a disparate impact on black and Hispanic applicants, and the United States has concluded that the level of disparate impact has both statistical and practical significance. *Id.* at pp. 80-81. However, unlike the City's past exams, which the Court has found violated Title VII, the Report that the City has submitted demonstrates that the proposed cut score for the CBT complies with Title VII because it is job-related and consistent with business necessity. *Id.* at pp. 69-70. Specifically, the use of the cut score is supported by evidence of criterion-related validity, establishing that there is a statistically significant correlation between achieving a score of 70 on Exam 2000 and anticipated performance in the fire academy and on the job. *Id.*

      The rank order selection process that the City has proposed also complies with Title VII because it does not cause a practically significant disparate impact against any group protected by Title VII. *Waisome v. Port Authority of New York and New Jersey*, 948 F.2d 1370, 1376-77 (2d Cir. 1991). As the Report demonstrates, based on the City's projections of how many

firefighters it intends to hire over the four-year life of the Exam 2000/2500 eligible lists, there is no evidence that the City's proposed method of use for the CBT will result in significant differences in the rates at which applicants in any racial/ethnic or gender sub-group are selected for further consideration in the hiring process. Dkt. 976-1 at pp. 80-81.[1]

While the United States does not oppose the City's motion, the United States does not agree with the City's contention that evidence derived from the content validity study is sufficient, standing alone, to prove that the cognitive portion of the CBT is job-related and consistent with business necessity. Dkt. 977 at pp. 24-29. Primarily, the United States does not agree that content validity is an appropriate validation strategy for the cognitive portion of the CBT because, like Exam 6019, it measures "abstract, unobservable mental constructs." Dkt. 505 at 27. Instead, a criterion-related validity study was necessary to establish that the CBT, including its cognitive portion, was job-related and consistent with business necessity—and that is why such a study was conducted in this case. Dkt. 976-1 at pp. 47-57.

Even if a content validity strategy was an appropriate way to validate the cognitive portion of the CBT, the study that was conducted in this case does not satisfy three of the five *Guardians* requirements. *Guardians Ass'n. of New York City Police Dep't., Inc., v. Civil Serv. Comm'n.*, 630 F.2d 79, 95 (2d Cir. 1980). Specifically, the content validity study does not satisfy the direct relationship, representativeness, and scoring system *Guardians* requirements for a variety of reasons, including: (a) the City administered a version of the cognitive portion of the CBT to candidates in connection with Exam 2000 that materially differed from the cognitive portion of the CBT that was administered to the subject matter experts (SME's) during the content validity study because the CBT was changed after the completion of the content validity study (Dkt. 976-1 at pg. 45); (b) the sample of SME's who participated in the content validity study was not representative of the FDNY (*Id.* at pg. 42); (c) the SME's who reviewed the cognitive portion of the CBT did not link individual test items to core abilities but, rather, just linked large portions of the cognitive portion of the CBT to core abilities (*Id.* at pp. 43-44) and; (d) because the content validity study addressed only the cognitive portions of the CBT, it cannot independently demonstrate that the City's proposed scoring method, which includes candidates' scores on the non-cognitive portions, "usefully selects from among applicants who can better perform the job." *Guardians*, 630 F.2d at 95. The other two *Guardians* requirements pertain to job analysis and test construction. The United States agrees that a "suitable job analysis" was conducted and that "reasonable competence" was used to construct all portions of the CBT. *Id.* at 95.

The United States stresses that the Court need not resolve this disagreement between the United States and the City over the content validity study in order to approve the City's intended uses of Exam 2000 because, as stated above, (a) the criterion-related validity study provided sufficient evidence to establish that the cut score is job-related and consistent with business

---

[1] It should be noted that the projections in the Report do not take into account the priority hires that the Court has ordered the City to make to remedy its past discriminatory practices. This omission of priority hires from the Report was appropriate because the priority hires should not be counted when analyzing the disparate impact caused by Exam 2000 since the claimants seeking priority hiring relief have not yet taken the exam.

2

necessity and (b) the rank order selection process will not result in a practically significant disparate impact against any group protected by Title VII.[2]

Finally, while the United States does not object to the City's proposed method of use for the CBT, it reserves the right to object in the future if any component of the method of use is modified in any way (*e.g.,* if the weighting of the various components of the CBT were altered or the use of bonus points changed).

        Respectfully submitted,

        Delora L. Kennebrew
        Chief
        Employment Litigation Section

By:   /s/ Eric K. Bachman
        Eric K. Bachman
        Senior Trial Attorney
        (202) 305-7883
        Civil Rights Division
        United States Department of Justice

        Loretta E. Lynch
        United States Attorney

By:   /s/ Elliot M. Schachner
        Elliot M. Schachner
        Assistant U.S. Attorney
        Eastern District of New York
        (718) 254-6053

cc:   All counsel via ECF

---

[2] The United States has not presented briefing or an expert opinion regarding this dispute over the content validity study at this time because the Court does not need to resolve this dispute in order to grant the City's motion. If the Court decides that it must resolve this dispute, the United States would request the opportunity to present further briefing and an expert opinion to support its position.