

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

October 10, 2012

**VIA ECF**

Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        *Re:*  USA v. City,
              Civil Action No.: 07 CV 2067 (NGG)(RLM)
              Law Dept. No.: 2007-01744

Dear Judge Garaufis:

      Pursuant to this Court's October 5, 2012 Order, the City addresses the effect of an award of retroactive competitive seniority upon a candidate's score on a promotional examination. Seniority weighs heavily in the promotional process, as a promotional candidate's seniority is combined with applicable performance awards and in most instances that combined score comprises 50% of the candidate's final score. That "seniority/performance" score is then combined with the results of a written or practical exam and applicable credits to compute the candidate's adjusted final score. For the reasons set forth in this letter, the City respectfully submits that this Court reconsider its decision to award retroactive competitive seniority for eligible claimants, at least for purposes of computing scores on promotional exams.[1]

**1.    Claimants Receiving Retroactive Competitive Seniority Will Obtain A Significant Advantage In The Promotional Process**

      An examination of the attached notices of promotional examinations (NOEs) for uniformed FDNY positions since February 2, 2003[2] makes clear that a grant of retroactive competitive seniority significantly affects the promotional process, and also provides a claimant

---

[1] The City also reiterates and incorporates herein its prior opposition to an award of retroactive seniority. *See* Dkt. 649, Letter Regarding Proposed Eligibility Criteria For Non-Hires and Delay Hires.

[2] None of the lists for the NOEs have expired.

in this litigation with an extraordinary advantage over incumbent firefighters who receive the same score on the written or practical exam and the same number of performance awards.

    a.    **Retroactive Seniority Has a Cascading Effect Upon the Promotional Process For Senior Uniformed Positions**

Promotions for lieutenant, wiper, pilot, and fire marshal use the firefighter title as either the only eligible title (in the case of wiper) or as one of the eligible titles. Although this Court previously ruled that an award of retroactive seniority does not displace time-in-grade requirements, the NOEs demonstrate that Non-Hired and Delayed Hire claimants are nonetheless given a significant advantage in taking these promotional examinations because of the scoring methodologies used for these exams.

The award of retroactive competitive seniority also has a "cascading" effect upon promotions to higher-ranking uniformed positions that enables Non-Hire or Delayed Hire claimants to surpass other candidates with more years of practical experience. For example, a Non-Hire or Delayed Hire claimant appointed in 2013 with retroactive seniority going back to 2003 would be higher on the seniority list for promotion to captain than a candidate who has served in the FDNY since 2003 and has 10 more years of experience.

In addition, Non-Hire and Delayed Hire claimants may be entitled to take a series of examinations for higher-level positions in a short time period. For example, if a claimant argues that he/she would have taken an examination for lieutenant, DCAS would be required to administer a make-up examination for that claimant. If the claimant scores high enough and would have been reached, the claimant could argue that he/she also would have taken the next captain's examination, in which case DCAS would have to administer that make-up examination as well. As a result, such claimants can move up the promotional more quickly than they would have otherwise been able.

Each NOE imposes eligibility criteria to take the examination and to be promoted, as summarized below:

| Position | Eligibility To Take Examination | Eligibility To Be Promoted |
|---|---|---|
| Lieutenant | 1. permanently employed or in preferred list for title of Firefighter, or in title of Wiper, Pilot, Marine Engineer, Fire Marshal, or Supervising Fire Marshal, and 2. served permanently in such titles for period of 3 years | completed probationary period in eligible title and be permanently employed in eligible title or appear on Preferred List |
| Captain | 1. permanent competitive appointment or appear on Preferred List for title of Lieutenant or Supervising Fire Marshal, and 2. served permanently in title of Lieutenant for period of at least one day | completed probationary period in eligible title and be permanently in eligible title or appear on Preferred List, and have served permanently in eligible titles for at least one year |
| Battalion Chief | permanently employed in or appears on Preferred List for title of Captain | completed probationary period in eligible title and be permanently employed in eligible title or appear |

| | | |
|---|---|---|
| | | on Preferred List, and have served permanently in eligible title for at least 2 years |
| Deputy Chief | permanent appointment or appears on Preferred List for title of Battalion Chief | completed probationary period in eligible title and be permanently employed in eligible title or appear on Preferred List for eligible title, and have served permanently in eligible title for at 3 three years of permanent service |
| Fire Marshal | 1. permanent competitive appointment or appears on Preferred List for Firefighter, Wiper, Marine Engineer, or Pilot,<br>2. served as permanent Firefighter for period of at least one year. | completed probationary period in eligible title of Firefighter, Wiper, Marine Engineer, or Pilot, and permanently employed in eligible title or appear on Preferred List for eligible title, as well as having served permanently:<br>1. in title of Firefighter for at least 5 years, or<br>2. in title of Firefighter for at least 4 years and Police Officer for at least one year. |
| Supervising Fire Marshal | 1. permanent competitive appointment or appears on Preferred List for Fire Marshal or Lieutenant and<br>2. served permanently in title of Fire Marshal for period of at least 6 months | completed probationary period in title of Fire Marshal and have served permanently in that title for at least two years |
| Wiper | 1. permanent competitive appointment or appears on preferred list of firefighter<br>2. member of Uniformed Force in FDNY for three or more years. | completed probationary period as firefighter and be permanently employed in eligible title, or name must appear on Preferred List for eligible title. |
| Marine Engineer | 1. permanent competitive appointment or appears on Preferred List for title of Firefighter and served permanently in such title for period of at least three years, or<br>2. permanent competitive appointment or appears on Preferred List for title of Pilot, Fire Marshall, or Wiper, and has served permanently in such title for at least one year | completed probationary period in one of eligible titles and must be permanently employed in such title or appear on Preferred List, and have served permanently in such title for at least one year |
| Pilot | permanent competitive appointment or appears on Preferred List for title of Firefighter, Wiper, Marine Engineer, or Fire Marshal | completed probationary period in eligible title and be permanently employed in eligible title or appear on Preferred List, and must have completed 3 years of permanent service in any one or combination of the eligible titles |

3

### b. Retroactive Competitive Seniority Provides Claimants An Advantage In Computing Their Final Examination Score

The eligibility requirements for each promotional exam require that a firefighter complete the probationary period for the firefighter title and serve in the firefighter or other title for a specific period of time ("time in grade" requirement). For example, the time in grade requirement for the promotional exam from firefighter to lieutenant is three years. To become a captain, the time in grade requirement to take the examination is only one day and the time to be eligible for promotion is one year.

In addition to the time in grade requirements, many of the FDNY uniformed promotional examinations use a weighted formula to calculate the candidate's final score that includes specific percentages for the candidate's score on the written or practical exam, the candidate's seniority and certain performance awards. For example, the promotional examination to lieutenant administered on November 21, 2009 ("2009 Lt. Promotional exam") involved a multiple-choice written examination that comprised 50% of the final score. A candidate achieving a passing score of 70 on the written exam is eligible for seniority and award credits, which comprised the remaining 50% of the candidate's total score. Thus, for example, a candidate on the lieutenant's examination who receives 81 seniority points and 1 percentage point for awards has a score of 82 that is multiplied by 50% and is added to that candidate's weighted score on the examination.

The NOEs describe how seniority is calculated:

- Lieutenant – 76-85%
- Captain – 70-85%
- Battalion Chief – 70-85%
- Deputy Chief – 70 – 85%
- Fire Marshal – 71-75%
- Supervisory Fire Marshal – 71-85%
- Wiper – 5 points for each year in eligible title of Firefighter
- Pilot – 70-85%

The starting point is the date of permanent entry into the title which, in the case of firefighters, is the date of appointment to the Fire Academy. The maximum of seniority credit that a firefighter can receive is ten years. For the 2009 Lieutenant promotional exam, a candidate whose date of permanent appointment to firefighter was November 22, 2006 or after was ineligible for seniority credit. However, firefighters that had attained three or more years of seniority were eligible for points. For example, a firefighter with a date of permanent appointment between August 22, 2005 and November 21, 2005 would receive 78 points, while a candidate with a date of permanent appointment between August 22, 2000 and November 21, 2000 would receive 84 points.

As a result, a Priority Hire or Delayed Hire claimant who receives a retroactive seniority award will be promoted before firefighters who have the exact same written or practical score and performance awards, but many more years of experience. The above summary demonstrates

that claimants eligible for an award of competitive retroactive seniority will receive a significant advantage in the promotional process. Indeed, the median hire dates of February 2, 2003 for Exam 7029 and June 11, 2006 for Exam 2043 amplify the claimants' advantage, as these claimants may be entitled to substantially more seniority points than otherwise-similarly situated promotional candidates. This Court should reconsider the award of competitive retroactive seniority set forth in the Proposed Relief Order on this ground.

2.  **The Award of Retroactive Seniority Presents A Significant Safety Concern**

As the firefighters who spoke at the Fairness Hearing demonstrated, the grant of retroactive seniority for promotional appointments will create significant public safety issues justifying the denial of such relief. The time-in-grade requirement ensures that a promotional candidate has a minimum of experience for the job. The seniority/performance exam component ensures that the most experienced promotional candidates, all other things being equal, are chosen for field positions that oftentimes require them to make split second decisions in life or death situations. Therefore, those who do well on the written examination have the most experience.

Claimants that are awarded competitive retroactive seniority will not have had years of actual, on-the-job experience as a firefighter prior to taking a promotional examination. As a result, promoting these individuals to positions such as lieutenant may present serious public safety concerns to the officer's FDNY comrades and to the public. Because the award of competitive retroactive seniority potentially compromises the safety of FDNY personnel and the public, this Court should modify the proposed relief order to eliminate the use of retroactivity for all promotional decisions and considerations.

Respectfully submitted,

Michael A. Cardozo

cc:   All counsel