UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X

UNITED STATES OF AMERICA,

                  Plaintiff,

      -and-

THE VULCAN SOCIETY, INC., *for itself and on
behalf of its members*, JAMEL NICHOLSON, *and*
RUSEBELL WILSON, *individually and on behalf
of a subclass of all other victims similarly situated
seeking classwide injunctive relief*;

ROGER GREGG, MARCUS HAYWOOD, *and*
KEVIN WALKER, *individually and on behalf of a
subclass of all other non-hire victims similarly
situated*; and

CANDIDO NUÑEZ *and* KEVIN SIMPKINS,
*individually and on behalf of a subclass of all other
delayed-hire victims similarly situated*,

                  Plaintiff-Intervenors,

      -against-

THE CITY OF NEW YORK,

                  Defendant.

**MEMORANDUM & ORDER**

**07-CV-2067 (NGG) (RLM)**

---------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

      As part of the remedial phase of this litigation, the Special Masters have issued a series of

Reports & Recommendations ("R&Rs") as to the eligibility of individual claimants for priority

hiring and monetary relief. (<u>See</u> Jan. 22, 2013, R&Rs (Dkt. 1044); Feb. 5, 2013, R&Rs

(Dkt. 1057); Feb. 19, 2013, R&Rs (Dkt. 1062); Mar. 1, 2013, R&Rs (Dkt. 1068); Mar. 6, 2013,

R&Rs (Dkt. 1071); Mar. 13, 2013, R&Rs (Dkt. 1078).) Each claimant was given the opportunity

to object to the Special Masters' recommendations, and for each objecting claimant the court has

1

performed an independent review of the claimant's eligibility. This Memorandum & Order addresses objections to the January 22, 2013, R&Rs and the February 5, 2013, R&Rs. For the reasons discussed below, the January 22, 2013 R&Rs are ADOPTED as to all Claimants except five discussed herein, and the February 5, 2013, R&Rs are ADOPTED IN FULL.

## I.    BACKGROUND

### A.    Overview of the Case

In 2007, the United States brought suit against the City of New York ("City"), alleging that certain aspects of the City's policies for selecting entry-level firefighters for the New York City Fire Department ("FDNY") violated Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"). The United States alleged that the City's use of Written Exams 7029 and 2043 as pass-fail screening and rank-ordering devices had a disparate impact on black and Hispanic candidates for entry-level firefighter positions. The Vulcan Society and several individuals ("Plaintiff-Intervenors") intervened in the lawsuit as Plaintiffs, alleging similar claims of disparate impact and also alleging disparate treatment (raising both theories of liability under federal, state, and local law) on behalf of a class of black entry-level firefighter candidates.

In July 2009, the court granted summary judgment in favor of the United States and Plaintiff-Intervenors and found that the City's pass-fail and rank-order uses of Written Exams 7029 and 2043 had an unlawful disparate impact under Title VII. (Dkt. 294.) In addition, in January 2010, the court granted the Plaintiff-Intervenors' motion for summary judgment regarding disparate treatment liability,[1] holding that the City's use of Written Exams 7029 and 2043 constituted intentional discrimination in violation of Title VII, the Equal Protection Clause

---

[1] The City has appealed the court's decision regarding disparate treatment liability, and the appeal is currently pending in the United States Court of Appeals for the Second Circuit.

of the Fourteenth Amendment to the United States Constitution, as well as disparate impact and disparate treatment liability under state and local laws. (Dkt. 385.)

After a finding of liability for employment discrimination under Title VII, there is a presumption that back pay, priority hiring, and retroactive seniority are the proper forms of relief to remedy past employment discrimination. <u>Wrenn v. Sec'y, Dep't of Veterans Affairs</u>, 918 F.2d 1073, 1076 (2d Cir. 1990). In this case, the court determined that victims of the City's discrimination who timely submit claim forms and are determined to be eligible may be awarded individual relief including priority hiring to the FDNY, back pay, retroactive seniority, and, for black claimants only, certain noneconomic damages. (Final Relief Order (Dkt. 1012); <u>see</u> Mem. & Order Addressing Objs. to Proposed Relief Order (Dkt. 1011).) After conducting a four-day Fairness Hearing and receiving objections on the proposed relief, the court issued a Final Relief Order setting forth the applicable definitions, individual eligibility criteria, and general framework for the claims process. (<u>See</u> Final Relief Order.)

**B.      Individual Eligibility Determinations**

As part of the claims process, the court has appointed Steven M. Cohen, Hector Gonzalez, Mitra Hormozi, and Breon S. Peace as Special Masters pursuant to Federal Rule of Civil Procedure 53(a)(1)(B)(i). (<u>See</u> Mem. & Order Appointing Special Masters (Dkt. 883).) The court tasked the Special Masters with several duties, including "recommending to the court a revised framework for the efficient and just processing of claims for relief of injured individuals" and "[c]onducting hearings and issuing findings of fact and conclusions of law on the eligibility for equitable monetary and hiring relief of individual claimants." (<u>Id.</u> at 2-3.)

The Special Masters collaborated with the parties and made several recommendations to the court about the claims process. (<u>See</u> Sept. 7, 2012, R&R (Dkt. 963); Sept. 7, 2012, Order

Adopting in Part Sept. 7, 2012, R&R; Dec. 17, 2012, R&R (Dkt. 1026); Jan. 14, 2013, Order

Adopting Jan. 14, 2013, R&R.)  Based in part on their recommendations, the court adopted a

framework that proceeded over the last several months as follows:  (1) the United States made

preliminary determinations of eligibility for priority hiring and monetary relief and notified the

City and Plaintiff-Intervenors of their determinations; (2) the City and Plaintiff-Intervenors were

given the opportunity to object to the United States' determinations; (3) the United States

notified via letter each claimant who submitted a claim form regarding his or her preliminary

eligibility determination, and included instructions in the mailing for objecting and a form via

which to do so; (4) the claimants were divided equally between the Special Masters, and the

Special Masters began individualized determinations of claimants' eligibility and issued R&Rs

with their recommendations; and (5) the Special Masters notified via letter each individual

claimant of his/her eligibility determination and included instructions in the mailing for objecting

and a form via which to do so.  (See Sept. 7, 2012, R&R at 5-10; Final Relief Order at 15-16.)

The next step in the process is for the court to review claimant objections and issue final

determinations of eligibility for priority hiring and monetary relief.  (See Sept. 7, 2012, R&R at

5-10; Final Relief Order at 15-16.)

## II.    ELIGIBILITY CRITERIA

The court will award individual relief only to individuals who the court determines were

victims of the City's discriminatory practices.   Thus, only black and Hispanic applicants who

took Written Exams 7029 or 2043 will be eligible to receive individual relief.  In the Final Relief

Order, the court adopted the following eligibility criteria for two types of claimants:

(1) applicants who were not hired as a result of the City's discrimination ("Nonhire Claimants");

and (2) applicants whose hiring was delayed by the City's discrimination ("Delayed-Hire

Claimants"). The Special Masters used these criteria in their eligibility determinations. (See, e.g., Jan. 22, 2013, R&Rs (listing, in each Special Masters' R&R, the eligibility criteria used to make a recommendation as to each claimant's eligibility).)

### A. Nonhire Claimant Criteria

A Nonhire Claimant is any black or Hispanic person who:

(a)     failed Written Exam 7029 with a score of 25 or higher and was not later appointed as an entry-level firefighter;

(b)     failed Written Exam 2043 with a score of 25 or higher and was not later appointed as an entry-level firefighter;

(c)     passed Written Exam 2043, had a list number higher than 5646 on the Exam 2043 eligible list, was not appointed as an entry-level firefighter, and was not given by the City's Department of Citywide Administration Services ("DCAS") (as indicated in the data produced by the City to the other parties on September 21, 2011 in a file entitled "Copy of EXAM2043 D092011 REV.xls") a disposition code of CNS (considered not selected), DEA (declined), DCE (deceased), FRA (failed to report after accepting appointment), FRI (failed to report for interview), NQA (not qualified for appointment), UNA (underage at time of appointment), or UNF (underage at time of filing) the last time the person was certified from the Exam 2043 eligible list. (See Order (Dkt. 825) at 51-52, as modified by the court's minute Order dated March 22, 2012.)

Part "c" of this definition encompasses victims of the City's discrimination who passed Written Exam 2043, but whose rank on the eligible list had the same practical effect as failing the Written Exam by preventing their hiring as an entry-level firefighter. To this end, Part "c" properly excludes individuals who passed Written Exam 2043 but were not hired for a reason

unrelated to their rank on the Exam 2043 eligible list.  This definition appropriately excludes individuals who are demonstrably not victims of the discrimination in the hiring process that gave rise to the City's liability and, therefore, are not eligible for individual relief.  As discussed in the Memorandum & Order addressing third-party objections to the Proposed Relief Order, the Special Masters could consider whether an individual's unique circumstances warrant an equitable exception to the eligibility criteria, but could not consider allegations that the City intentionally discriminated in its post-exam procedures.  (Mem. & Order Addressing Objections (Dkt. 1011) at 15-17.)

### B. Delayed-Hire Claimant Criteria

A Delayed-Hire Claimant is any black or Hispanic person who:

(a)      passed Written Exam 7029, was given a list number on the Exam 7029 eligible list and was appointed as an entry-level firefighter after February 4, 2001 (the date of the first Exam 7029 academy class), and was not given by DCAS (as indicated in the data produced by the City to the other parties in November 2007 on a disk labeled "Exam 7029 Corrected Applicant Data") a disposition code of CNS (considered not selected), DEA (declined), DCE (deceased), FRA (failed to report after accepting appointment), FRI (failed to report for interview), NQA (not qualified for appointment), OVA (overage), UNA (underage at time of appointment), or UNF (underage at time of filing) the last time the person was certified from the Exam 7029 eligible list;

(b)      passed Written Exam 2043, was given a list number on the Exam 2043 eligible list and was appointed as an entry-level firefighter after May 25, 2004 (date of the first Exam 2043 academy class), and was not given by DCAS (as indicated in the data produced by the City to the other parties on September 21, 2011, in a file entitled "Copy of EXAM2043 D092011

REV.xls") a disposition code of CNS (considered not selected), DEA (declined), DCE (deceased), FRA (failed to report after accepting appointment), FRI (failed to report for interview), NQA (not qualified for appointment), OVA (overage), UNA (underage at time of appointment), or UNF (underage at time of filing) the last time the person was certified from the Exam 2043 eligible list;

(c)    failed Written Exam 7029 and was appointed as an entry-level firefighter after February 4, 2001, from an eligible list other than the Exam 7029 eligible list; or

(d)    failed Written Exam 2043 and was appointed as an entry-level firefighter after May 25, 2004, from an eligible list other than the Exam 2043 eligible list.  (See Order re Compens. Relief (Dkt. 825) at 51-52, as modified by March 22, 2012, Order.)

### C. Other Lawful Qualifications

In addition to meeting the definition of a Nonhire Claimant or a Delayed-Hire Claimant, in order to be eligible for individual relief, a black or Hispanic individual must also satisfy "other lawful qualifications" that were mandatory, minimum qualifications at the time the Claimant applied for a position of entry-level firefighter.  These "other lawful qualifications" are as follows:

> An applicant must meet the following minimum qualifications required at the time the applicant applied to be an entry-level firefighter as stated in the relevant Notices of Examination:
>
> (a)    Was not younger than 17 ½ years of age by the end of the application period for the relevant examination, which was October 16, 1998, for Exam 7029 and October 31, 2002, for Exam 2043;
>
> (b)    Was not older than 29 by the beginning of the application period for the relevant examination, which was September 2, 1998, for Exam 7029 and June 28, 2002, for Exam 2043 after a deduction of time, not to exceed six years, spent in military duty as defined in Section 243 of the New York State Military Law;

<blockquote>
(c)      Can presently understand and be understood in English;

(d)      Had obtained citizenship by four years after the date of the establishment of the relevant eligible list: the relevant eligible list for Exam 7029 was established on November 15, 2000; and the relevant eligible list for Exam 2043 was established on May 5, 2004;

(e)      Had not been convicted of a felony as of four years after the date of the establishment of the relevant eligible list: the relevant eligible list for Exam 7029 was established on November 15, 2000; and the relevant eligible list for Exam 2043 was established on May 5, 2004; and

(f)      Had not received a dishonorable discharge from the Armed Forces as of four years after the date of the establishment of the relevant eligible list: the relevant eligible list for Exam 7029 was established on November 15, 2000; and the relevant eligible list for Exam 2043 was established on May 5, 2004.
</blockquote>

(Order re Compens. Relief at 53-54 (alterations omitted).)

Only individuals who satisfy the definition of Nonhire Claimant or Delayed-Hire Claimant, as well as the other lawful qualifications, will be eligible to receive an individual award of back pay (including prejudgment interest), retroactive seniority, and/or compensatory damages for certain noneconomic harms. Additionally, such individuals will be eligible for priority hiring relief only if they *presently* satisfy the other lawful qualifications set forth above.

## III.    REVIEW OF THE SPECIAL MASTERS' RECOMMENDATIONS

Federal Rule of Civil Procedure 53, which provides for the appointment of Special Masters, sets forth specific guidelines for how the court may act on Special Master R&Rs. <u>See</u> Fed. R. Civ. P. 53(f). According to Rule 53(f), the court must: "give the parties notice and an opportunity to be heard; may receive evidence; and may adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions." <u>Id.</u> at 53(f)(1). Parties may file objections to the R&Rs, and "[t]he court will decide de novo all objections to findings of fact

made or recommended by a master." Id. at 53(f)(2)-(3). "The court must decide de novo all objections to conclusions of law made or recommended by a master."[2] Id. at 53(f)(4).

For each R&R, the Special Masters set forth the criteria they used for their determinations. The court has reviewed the R&Rs and finds them to apply the eligibility criteria as set forth in the Final Relief Order and the court's prior orders. Thus, the court adopts in full the portions of the R&Rs to which there have been no objection.

For each objecting claimant, however, the court will conduct an independent de novo review of the Special Master's eligibility determination. The United States received the objections to the Special Masters' determinations and filed them on the docket. (See Dkts. 1058, 1064, 1077, 1091, 1093, 1100.) Pursuant to the court's April 12, 2013, Order, the Special Masters submitted to the court a copy of the file pertaining to each objecting claimant, including the evidence upon which the Special Masters relied in making their determinations and the correspondence between the parties (if any) relating to the individual claimant. (See Order re Objs. (Dkt. 1094).) The Special Masters also submitted copies of the Excel files referred to in the Eligibility Criteria. For each objecting claimant, the court examined the materials from the Special Masters in light of the objection and the eligibility criteria. The court's conclusions regarding each objecting claimant are as follows.

A.      January 22, 2013, R&Rs

In the January 22, 2013, R&Rs, the Special Masters recommended that 745 claimants be considered eligible for priority hiring and monetary relief. (See Jan. 22, 2013, R&Rs.) Thereafter, the court directed the City to file a written statement expressing whether it agreed

---

[2]      Although some Circuit Courts of Appeals have interpreted Rule 53 to require a hearing on objections, the Second Circuit has not adopted this interpretation. See Goodrich Corp. v. Town of Middlebury, 311 F.3d 154, 178 (2d Cir. 2002). What is more, it has never been contended by any party that the court must hold, nor has any individual objector requested, an oral hearing on the objections. Thus, even if the objectors were entitled to hearings, they waived any such rights by failing to request a hearing. Id.

with the Special Masters' determination that the individuals were indeed eligible for priority hiring and monetary relief under the criteria set forth in the court's Orders. (See Feb. 4, 2013, Order.) The City submitted a letter informing the court that it agreed with the Special Masters' determinations with respect to all of the claimants except five (Claimant 200000798, Claimant 200002006, Claimant 200000551, Claimant 200007146, and Claimant 200001685) who were the subject of changed circumstances occurring after the Special Masters' determinations. (See Feb. 5, 2013, City Notice (Dkt. 1052).)

On March 1, 2013, the court adopted the parties' agreement as to the treatment of Claimants 200000798, 200002006, and 200000551, in that if they are successfully appointed to the FDNY they will not be considered to have received priority hiring relief, but will receive an award of retroactive seniority and back pay. (See United States Feb. 27, 2013, Ltr. (Dkt. 1061); Mar. 1, 2013, Order.)

As for Claimants 200001685 and 200007146, the City requested time for the Special Masters and the parties to inquire for further information. The court requests an update from the parties as to the status of the inquiries, and, if possible, a recommendation from the Special Masters as to how to consider these claims.

In addition to the concerns raised by the City, six individual claimants objected to the Special Masters' January 22, 2013, R&Rs.

### 1. Claimant 200000329

Special Master Cohen recommended that Claimant 200000329: (1) satisfies the definition of nonhire claimant; (2) meets the "other lawful qualifications" requirements; (3) presently satisfies the "other lawful qualifications" requirements; (4) is eligible for monetary

relief; (5) is eligible for priority hiring relief; and (6) has a presumptive hire date of June 11, 2006.

Claimant 200000329 objected that Hispanic claimants, such as himself, are excluded from receiving noneconomic damages, and that the exclusion constitutes discrimination. He also objected that the number of priority hire positions given to Hispanic claimants are "insufficient and unfair relative to the number of claimants that have been subject to the City's discrimination." He further objected that the "aging out provision" is age discrimination. Finally, he objected that backpay awards discounted interim earnings, thus unfairly disgorging income from claimants who obtained lawful employment rather than illegal (and unclaimed) employment.

First, the court notes that this claimant submitted these same objections during the Fairness Proceedings before entry of the Final Relief Order. (See Objs. (Attachment to Mem. in Supp. of Final Relief Order (Dkt. 978)) (Dkt. 978-8) at BATES # USARP_OBJ_1800-01; Mem. & Order Addressing Objections (Dkt. 1011) at 3-5.) Second, although the claimant certainly has a right to disagree with the nature of the relief, the Special Master's determination relates to the claimant's *eligibility* for the relief that the court has already determined to be appropriate in this case. The claimant does not specifically object to Special Master Cohen's recommendations as to relief, and the court finds the recommendations to be accurate based on the claimant's file. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

2.      Claimant 200000861

Special Master Gonzalez recommended that Claimant 200000861: (1) satisfies the definition of nonhire claimant; (2) meets the "other lawful qualifications" requirements;

(3) presently satisfies the "other lawful qualifications" requirements; (4) is eligible for monetary relief; (5) is eligible for priority hiring relief; and (6) has a presumptive hire date of February 2, 2003.

Claimant 200000861 objected that he had to be computer literate to take Exam 2000, and he was called too late to be able to prepare for and take the exam. However, as set forth in the Final Relief Order and the other orders setting forth the claims process, the Special Master's eligibility determination merely makes the claimant eligible for priority hiring relief. The claimant may only be appointed to the FDNY if he can meet all of the other necessary qualifications, including passing written and physical examinations. (See Final Relief Order at 12-13, 16-17.) Thus, the fact that this claimant has not yet taken Exam 2000 does not, at this juncture, impact his *eligibility* for priority hiring relief. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

3.    Claimant 200000843

Special Master Gonzalez recommended that Claimant 200000843: (1) satisfies the definition of nonhire claimant; (2) meets the "other lawful qualifications" requirements; (3) presently satisfies the "other lawful qualifications" requirements; (4) is eligible for monetary relief; (5) is eligible for priority hiring relief; and (6) has a presumptive hire date of June 11, 2006.

Claimant 200000843 objected that he "did not get hired because I was either from Los Angeles, or because I was black, or I did not have a family member in the NYFD." The claimant raises no ground disagreeing with the Special Master's determination, and indeed seems to agree that he is eligible for relief. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

4.     Claimant 200000665

Special Master Gonzalez recommended that Claimant 200000665:  (1) satisfies the definition of nonhire claimant; (2) meets the "other lawful qualifications" requirements; (3) presently satisfies the "other lawful qualifications" requirements; (4) is eligible for monetary relief; (5) is eligible for priority hiring relief; and (6) has a presumptive hire date of February 2, 2003.

Claimant 200000665 submitted an objection that merely read: "I [Claimant name] would like to file this report objection to the report and recommendation," without providing any specific grounds for objection.  Without a specific objection to the Special Master's determination, the court finds that this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.  Cf. Thompson v. Yelich, No. 09-CV-5039 (KAM), 2012 WL 5904359, at *1 (E.D.N.Y. Nov. 12, 2012) ("[W]hen a party makes only conclusory or general objections . . . the Court reviews the Report and Recommendation only for clear error." (citation omitted)).

5.     Claimant 200000990

Special Master Gonzalez recommended that Claimant 200000990:  (1) satisfies the definition of nonhire claimant; (2) meets the "other lawful qualifications" requirements; (3) presently satisfies the "other lawful qualifications" requirements; (4) is eligible for monetary relief; (5) is eligible for priority hiring relief; and (6) has a presumptive hire date of February 2, 2003.

Claimant 200000990 listed the basis of his objection as "[t]he inability to properly pass the preliminary exam for this form of employment."  As set forth in the Final Relief Order and the other orders setting forth the claims process, the Special Master's eligibility determination

merely makes the claimant eligible for priority hiring relief. The claimant may only be appointed to the FDNY if he can meet all of the other necessary qualifications, including passing written and physical examinations. (See Final Relief Order at 12-13, 16-17.) Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

6.   Claimant 200001589

Special Master Hormozi recommended that Claimant 200001589: (1) satisfies the definition of nonhire claimant; (2) meets the "other lawful qualifications" requirements; (3) presently satisfies the "other lawful qualifications" requirements; (4) is eligible for monetary relief; (5) is eligible for priority hiring relief; and (6) has a presumptive hire date of June 11, 2006.

Claimant 200001589 submitted an objection form that did not indicate any specific ground for objection. Without a specific objection to the Special Master's determination, the court finds that this objection does not provide any basis for the court to modify or reject the Special Master's recommendation. Cf. Yelich, 2012 WL 5904359, at *1.

****

Accordingly, for the reasons stated above, the court finds no reason to modify or reject any portion of the Special Masters' January 22, 2013, R&Rs to which there has been an objection. Thus, the R&Rs are ADOPTED except as to Claimant 200000798, Claimant 200002006, Claimant 200000551, Claimant 200007146, and Claimant 200001685. Claimant 200000798, Claimant 200002006, Claimant 200000551 are to be considered in accordance with the court's March 1, 2013, Order, and the parties are directed to provide the court with an update as to Claimants 200001685 and 200007146.

## B. February 5, 2013, R&Rs

Twenty-seven individual claimants objected to the Special Masters' February 5, 2013, R&Rs.

### 1. Claimant 200007079

Special Master Cohen recommended that Claimant 200007079 is ineligible for both monetary and priority hiring relief because he did not take Written Exam 7029 or Written Exam 2043. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees that this claimant did not take either exam.

Claimant 200007079 objected that "I feel it isn't fair and equal to grade only two exams." However, the claims in this case, and the court's findings of liability, stem from the City's use of Written Exam 7029 and Written Exam 2043. The Final Relief Order specifies that individuals who took other exams (including Written Exam 6019, which was administered in 2007) but did not take Written Exam 7029 and Written Exam 2043 are ineligible for relief. (See Final Relief Order at 2.) Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

### 2. Claimant 200007326

Special Master Cohen recommended that Claimant 200007326 is ineligible for both monetary and priority hiring relief because he did not take Written Exam 7029 or Written Exam 2043. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees that this claimant did not take either exam.

Claimant 200007326 objected that he passed a written exam but was never called in for an interview. He claimed that he "will seek legal assistance, because the whole 2007 test was dismissed." However, the claims in this case, and the court's findings of liability, stem from the

City's use of Written Exam 7029 and Written Exam 2043. The Final Relief Order specifies that individuals who took other exams (including Written Exam 6019, which was administered in 2007) but did not take Written Exam 7029 and Written Exam 2043 are ineligible for relief. (See Final Relief Order at 2.) Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

### 3. Claimant 200007342

Special Master Cohen recommended that Claimant 200007342 is ineligible for both monetary and priority hiring relief because he did not take Written Exam 7029 or Written Exam 2043. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees that this claimant did not take either exam.

Claimant 200007342 objected that he took the written exam in 2007 and hopes to be appointed as a firefighter. However, the claims in this case, and the court's findings of liability, stem from the City's use of Written Exam 7029 and Written Exam 2043. The Final Relief Order specifies that individuals who took other exams (including the exam administered in 2007) but did not take Written Exam 7029 and Written Exam 2043 are ineligible for relief. (See Final Relief Order at 2.) Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

### 4. Claimant 200007358

Special Master Cohen recommended that Claimant 200007358 is ineligible for both monetary and priority hiring relief because he did not take Written Exam 7029 or Written Exam 2043. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees that this claimant did not take either exam.

Claimant 200007358 objected that he "had a list number of 8560 on exam no. 0084 which should also be included in the suit." However, the claims in this case, and the court's findings of liability, stem from the City's use of Written Exam 7029 and Written Exam 2043. The Final Relief Order specifies that individuals who took other exams but did not take Written Exam 7029 and Written Exam 2043 are ineligible for relief. (See Final Relief Order at 2.) Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

### 5. Claimant 200007450

Special Master Cohen recommended that Claimant 200007450 is ineligible for both monetary and priority hiring relief because he did not take Written Exam 7029 or Written Exam 2043. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees that this claimant did not take either exam.

Claimant 200007450 objected that he "should be eligible for benefits and priority hiring." However, the claims in this case, and the court's findings of liability, stem from the City's use of Written Exam 7029 and Written Exam 2043. Individuals who did not take either examination do not fall within the criteria for relief. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

6. <u>Claimant 200007076</u>

Special Master Gonzalez recommended that Claimant 200007076 is ineligible for both monetary and priority hiring relief because she did not take Written Exam 7029 or Written Exam 2043. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees that this claimant did not take either exam.

Claimant 200007076 submitted an objection form that did not list any specific ground for objection. Without a specific objection to the Special Master's determination, the court finds that this objection does not provide any basis for the court to modify or reject the Special Master's recommendation. <u>Cf.</u> <u>Yelich</u>, 2012 WL 5904359, at *1.

7. <u>Claimant 200007215</u>

Special Master Gonzalez recommended that Claimant 200007215 is ineligible for both monetary and priority hiring relief because he did not take Written Exam 7029 or Written Exam 2043. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees that this claimant did not take either exam.

Claimant 200007215 objected that he "took and passed the firefighter exam." However, he is not listed as having taken either of the Written Examinations—7029 or 2043—that would make him eligible for relief. The Final Relief Order specifies that individuals who took other exams but did not take Written Exam 7029 and Written Exam 2043 are ineligible for relief. (<u>See</u> Final Relief Order at 2.) Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

8. <u>Claimant 200007497</u>

Special Master Gonzelez recommended that Claimant 200007497 is ineligible for both monetary and priority hiring relief because he did not take Written Exam 7029 or Written Exam

2043. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees that this claimant did not take either exam.

Claimant 200007497 objected that he is "beyond capable of being hired as a firefighter and pass[ing] the hiring process" and "deserve[s] an equal opportunity to get hired to be a fireman just like anyone else." However, the claims in this case, and the court's findings of liability, stem from the City's use of Written Exam 7029 and Written Exam 2043. Individuals who did not take either examination do not fall within the criteria for relief. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

9.    Claimant 200007554

Special Master Gonzelez recommended that Claimant 200007554 is ineligible for both monetary and priority hiring relief because he did not take Written Exam 7029 or Written Exam 2043. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees that this claimant did not take either exam.

Claimant 200007554 objected that he passed Written Exam 6019. However, he is not listed as having taken either of the Written Examinations—7029 or 2043—that would make him eligible for relief. The Final Relief Order specifies that individuals who took other exams but did not take Written Exam 7029 and Written Exam 2043 are ineligible for relief. (See Final Relief Order at 2.) Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

10.    Claimant 200007565

Special Master Gonzelez recommended that Claimant 200007565 is ineligible for both monetary and priority hiring relief because he did not take Written Exam 7029 or Written Exam

2043.  The parties agreed to this determination.  The court reviewed the lists of individuals who took the two exams and agrees that this claimant did not take either exam.

Claimant 200007565 objected that he "felt that discriminatory actions was [sic] taken against me, that was unlawful on the FDNY written exam."  Although the court sympathizes with this claimant's feelings, the claims in this case, and the court's findings of liability, stem from the City's use of Written Exam 7029 and Written Exam 2043.  Individuals who did not take either examination do not fall within the criteria for relief.  Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

11.    Claimant 200007597

Special Master Gonzelez recommended that Claimant 200007597 is ineligible for both monetary and priority hiring relief because he did not take Written Exam 7029 or Written Exam 2043.  The parties agreed to this determination.  The court reviewed the lists of individuals who took the two exams and agrees that this claimant did not take either exam.

Claimant 200007597 objected that he has a strong passion for helping people, and "passed the required test (with a score of 94-96) to be qualified as Firefighter."  Despite this claimant's passion, however, the claims in this case, and the court's findings of liability, stem from the City's use of Written Exam 7029 and Written Exam 2043.  The Final Relief Order specifies that individuals who took other exams but did not take Written Exam 7029 and Written Exam 2043 are ineligible for relief.  (See Final Relief Order at 2.)  Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

12.    Claimant 200007622

Special Master Gonzelez recommended that Claimant 200007622 is ineligible for both monetary and priority hiring relief because she did not take Written Exam 7029 or Written Exam

2043. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees that this claimant did not take either exam.

Claimant 200007622 objected that she "duly swear[s]" that she took New York Police Department and Fire Department exams "around in or the year 1997, 1998, 2000 and passed." However, she is not listed as having taken Written Exam 7029 or Written Exam 2043, and the Final Relief Order specifies that individuals who took other exams but did not take Written Exam 7029 and Written Exam 2043 are ineligible for relief. (See Final Relief Order at 2.) Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

13.    Claimant 200007673

Special Master Gonzelez recommended that Claimant 200007673 is ineligible for both monetary and priority hiring relief because he did not take Written Exam 7029 or Written Exam 2043. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees that this claimant did not take either exam.

Claimant 200007673 submitted an objection form that did not list any specific ground for objection. Without a specific objection to the Special Master's determination, the court finds that this objection does not provide any basis for the court to modify or reject the Special Master's recommendation. Cf. Yelich, 2012 WL 5904359, at *1.

14. Claimant 200007749

Special Master Hormozi recommended that Claimant 200007749 is ineligible for both monetary and priority hiring relief because he did not take Written Exam 7029 or Written Exam 2043. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees that this claimant did not take either exam.

Claimant 200007749 objected that "[s]killed knowledge and intelligence should be the criteria by which this test should have been judged by" and he "won't accept that the color of my skin is the decision breaker." However, the claims in this case, and the court's findings of liability, stem from the City's use of Written Exam 7029 and Written Exam 2043. Individuals who did not take either examination do not fall within the criteria for relief. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

15. Claimant 200007787

Special Master Hormozi recommended that Claimant 200007787 is ineligible for both monetary and priority hiring relief because she did not take Written Exam 7029 or Written Exam 2043. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees that this claimant did not take either exam.

Claimant 200007787 objected that she took and passed an exam, and thus should be eligible for relief. She attached to her objection a "Notice of Result" indicating her results from Written Exam 6019. The Final Relief Order specifies that individuals who took other exams (including, specifically, Exam 6019) but did not take Written Exam 7029 and Written Exam 2043 are ineligible for relief. (See Final Relief Order at 2.) Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

16. Claimant 200007834

Special Master Hormozi recommended that Claimant 200007834 is ineligible for both monetary and priority hiring relief because she did not take Written Exam 7029 or Written Exam 2043. The parties agreed to this determination.

Claimant 200007834 objected that "I am 100% certain that I took the FDNY entrance exam in 2002 and obtained a passing grade. I feel that the FDNY should be able to produce a master copy of all applicants' results." As part of its obligation in this lawsuit, the City provided a list of the individuals who took Exam 2043 and/or 7029. The parties and the Special Masters used the lists in their eligibility determinations. The court reviewed these lists and that found no individual with Claimant 200007834's name and Social Security number is listed as having taken either exam. The Final Relief Order specifies that individuals who took other exams but did not take Written Exam 7029 and Written Exam 2043 are ineligible for relief. (See Final Relief Order at 2.) Thus, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

17. Claimant 200007942

Special Master Hormozi recommended that Claimant 200007942 is ineligible for both monetary and priority hiring relief because he did not take Written Exam 7029 or Written Exam 2043. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees that this claimant did not take either exam.

Claimant 200007942 objected that "as a[n] EMT with FDNY at the time of exam, it was considered to be a promotional exam. I was never given results from my exam results." However, the claims in this case, and the court's findings of liability, stem from the City's use of Written Exam 7029 and Written Exam 2043. Individuals who did not take either examination do

not fall within the criteria for relief.  Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

18.  Claimant 200007995

Special Master Hormozi recommended that Claimant 200007995 is ineligible for both monetary and priority hiring relief because he did not take Written Exam 7029 or Written Exam 2043.  The parties agreed to this determination.  The court reviewed the lists of individuals who took the two exams and agrees that this claimant did not take either exam.

Claimant 200007995 objected that he was "wrongly discriminated against" and alleges that he scored well on an entrance exam and trained for the physical exam but was never appointed.  However, he is not listed as having taken either of the Written Examinations—7029 or 2043—that would make him eligible for relief.  The Final Relief Order specifies that individuals who took other exams but did not take Written Exam 7029 and Written Exam 2043 are ineligible for relief.  (See Final Relief Order at 2.)  Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

19.  Claimant 200008004

Special Master Peace recommended that Claimant 200008004 is ineligible for both monetary and priority hiring relief because he did not take Written Exam 7029 or Written Exam 2043.  The parties agreed to this determination.  The court reviewed the lists of individuals who took the two exams and agrees that this claimant did not take either exam.

Claimant 200008004 objected that he "passed the written and the physical exams . . . and yet [has] never been called for duty."  He explains that "[t]he documentation I have had which supports my case had been inadvertently destroyed.  I am in the process of securing copies, and will forward such as soon as it's received."  However, he is not listed as having taken either of

the Written Examinations—7029 or 2043—that would make him eligible for relief. The Final Relief Order specifies that individuals who took other exams but did not take Written Exam 7029 and Written Exam 2043 are ineligible for relief. (See Final Relief Order at 2.) Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

### 20.    Claimant 200008059

Special Master Peace recommended that Claimant 200008059 is ineligible for both monetary and priority hiring relief because he did not take Written Exam 7029 or Written Exam 2043. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees that this claimant did not take either exam.

Claimant 200008059 objected that he has completed "all pre-hire requirements except for the drug testing and physiological test," but received paperwork saying that he is not eligible to be hired. Attached to his objection he included a "Notice of Result" from Exam 6019. The Final Relief Order specifies that individuals who took other exams (including, specifically, Exam 6019) but did not take Written Exam 7029 and Written Exam 2043 are ineligible for relief. (See Final Relief Order at 2.) Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

### 21.    Claimant 200008095

Special Master Peace recommended that Claimant 200008095 is ineligible for both monetary and priority hiring relief because he did not take Written Exam 7029 or Written Exam 2043. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees that this claimant did not take either exam.

Claimant 200008095 objected that he "took the fire examination in the time period that this case was brought up on" and thus "I feel I am entitled to the class action suit." However, he is not listed as having taken either of the Written Examinations—7029 or 2043—that would make him eligible for relief. The Final Relief Order specifies that individuals who took other exams but did not take Written Exam 7029 and Written Exam 2043 are ineligible for relief. (See Final Relief Order at 2.) Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

22.    Claimant 200008101

Special Master Peace recommended that Claimant 200008101 is ineligible for both monetary and priority hiring relief because he did not take Written Exam 7029 or Written Exam 2043. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees that this claimant did not take either exam.

Claimant 200008101 objected that he prepared for and took an exam in 2007, and that he is now above the cut-off age to take an entrance examination for the FDNY. The Final Relief Order specifies that individuals who took other exams (including, specifically, Exam 6019, which was administered in 2007) but did not take Written Exam 7029 and Written Exam 2043 are ineligible for relief. (See Final Relief Order at 2.) Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

23.    Claimant 200008138

Special Master Peace recommended that Claimant 200008138 is ineligible for both monetary and priority hiring relief because he did not take Written Exam 7029 or Written Exam 2043. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees that this claimant did not take either exam.

Claimant 200008138 objected that "under basis of the lawsuit filed on behalf of a subclass of all other victims similarly situated seeking classwide injunctive relief." Without a specific objection to the Special Master's determination, the court finds that this objection does not provide any basis for the court to modify or reject the Special Master's recommendation. Cf. Yelich, 2012 WL 5904359, at *1.

24.  Claimant 200008176

Special Master Peace recommended that Claimant 200008176 is ineligible for both monetary and priority hiring relief because the claimant did not take Written Exam 7029 or Written Exam 2043. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees that this claimant did not take either exam.

Claimant 200008176 objected that it has been her dream for years to be a part of the FDNY, and that she has "been very passionate about taking and passing the exam." However, she is not listed as having taken either of the Written Examinations—7029 or 2043—that would make her eligible for relief. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

25.  Claimant 200008257

Special Master Peace recommended that Claimant 200008257 is ineligible for both monetary and priority hiring relief because she did not take Written Exam 7029 or Written Exam 2043. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees that this claimant did not take either exam.

Claimant 200008257 objected that he took Written Exam 7022, scored very well, and passed the physical examination but was never hired into the FDNY. He argued that "it is unfair that others like myself that have taken the test before exam 7029 and 2043 are not covered in this

lawsuit." He also submitted a follow-up mailing to the court including a notice that he had passed Exam 7022. Although the court is sympathetic to this claimant's predicament, the claims in this case, and the court's findings of liability, stem from the City's use of Written Exam 7029 and Written Exam 2043. The Final Relief Order specifies that individuals who took other exams but did not take Written Exam 7029 and Written Exam 2043 are ineligible for relief. (See Final Relief Order at 2.) Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

26. Claimant 200008277

Special Master Peace recommended that Claimant 200008277 is ineligible for both monetary and priority hiring relief because she did not take Written Exam 7029 or Written Exam 2043. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees that this claimant did not take either exam.

Claimant 200008277 objected that "as advertised by the Department of Justice eligible examinees who took exam between 2006 and 2009 were advertised as eligible[.] I took the 06 exam." The Final Relief Order specifies that individuals who took other exams but did not take Written Exam 7029 and Written Exam 2043 (which were administered in 1999 and 2002, respectively) are ineligible for relief. (See Final Relief Order at 2.) Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

****

For the reasons explained above, none of the objections provide any basis for the court to modify or reject the Special Masters' recommendations. Therefore, the February 5, 2013, R&Rs are ADOPTED IN FULL.

IV.    **CONCLUSION**

The Special Masters' January 22, 2013, R&Rs are ADOPTED except as to as to Claimant 200000798, Claimant 200002006, Claimant 200000551, Claimant 200007146, and Claimant 200001685. Claimants 200000798, Claimant 200002006, Claimant 200000551 are to be considered in accordance with the court's March 1, 2013, Order, and the parties are directed to provide the court with an update as to Claimants 200001685 and 200007146. The Special Masters' February 5, 2013, R&Rs are ADOPTED IN FULL.

SO ORDERED.

_____/s/_____
NICHOLAS G. GARAUFIS
United States District Judge

Dated: Brooklyn, New York
      May 2, 2013