UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

UNITED STATES OF AMERICA,

                    Plaintiff,

       -and-

THE VULCAN SOCIETY, INC., *for itself and on
behalf of its members*, JAMEL NICHOLSON, *and*
RUSEBELL WILSON, *individually and on behalf
of a subclass of all other victims similarly situated
seeking classwide injunctive relief*;

ROGER GREGG, MARCUS HAYWOOD, *and*
KEVIN WALKER, *individually and on behalf of a
subclass of all other non-hire victims similarly
situated*; and

CANDIDO NUÑEZ *and* KEVIN SIMPKINS,
*individually and on behalf of a subclass of all other
delayed-hire victims similarly situated*,

                    Plaintiff-Intervenors,

       -against-

THE CITY OF NEW YORK,

                   Defendant.

------------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**07-CV-2067 (NGG) (RLM)**

NICHOLAS G. GARAUFIS, United States District Judge.

      As part of the remedial phase of this litigation, the Special Masters have issued a series of

Reports & Recommendations ("R&Rs") as to the eligibility of individual claimants for priority

hiring and monetary relief.  (<u>See</u> Jan. 22, 2013, R&Rs (Dkt. 1044); Feb. 5, 2013, R&Rs

(Dkt. 1057); Feb. 19, 2013, R&Rs (Dkt. 1062); Mar. 1, 2013, R&Rs (Dkt. 1068); Mar. 6, 2013,

R&Rs (Dkt. 1071); Mar. 13, 2013, R&Rs (Dkt. 1078).)  Each claimant was given the opportunity

to object to the Special Masters' recommendations, and for each objecting claimant the court has

performed an independent review of the claimant's eligibility.  This Memorandum & Order addresses objections to the February 19, 2013, and March 1, 2013, R&Rs.  For the reasons discussed below, the Special Masters' February 19, 2013, and March 1, 2013, R&Rs are ADOPTED IN FULL.

## I.      BACKGROUND

### A.      Overview of the Case

In 2007, the United States brought suit against the City of New York ("City"), alleging that certain aspects of the City's policies for selecting entry-level firefighters for the New York City Fire Department ("FDNY") violated Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000e et seq. ("Title VII").  The United States alleged that the City's use of Written Exams 7029 and 2043 as pass-fail screening and rank-ordering devices had a disparate impact on black and Hispanic candidates for entry-level firefighter positions.  The Vulcan Society and several individuals ("Plaintiff-Intervenors") intervened in the lawsuit as Plaintiffs, alleging similar claims of disparate impact and also alleging disparate treatment (raising both theories of liability under federal, state, and local law) on behalf of a class of black entry-level firefighter candidates.

In July 2009, the court granted summary judgment in favor of the United States and Plaintiff-Intervenors and found that the City's pass-fail and rank-order uses of Written Exams 7029 and 2043 had an unlawful disparate impact under Title VII.  (Dkt. 294.)  In addition, in January 2010, the court granted the Plaintiff-Intervenors' motion for summary judgment regarding disparate treatment liability,[1] holding that the City's use of Written Exams 7029 and 2043 constituted intentional discrimination in violation of Title VII, the Equal Protection Clause

---

[1]        The City has appealed the court's decision regarding disparate treatment liability, and the appeal is currently pending in the United States Court of Appeals for the Second Circuit.

of the Fourteenth Amendment to the United States Constitution, as well as disparate impact and disparate treatment liability under state and local laws. (Dkt. 385.)

After a finding of liability for employment discrimination under Title VII, there is a presumption that back pay, priority hiring, and retroactive seniority are the proper forms of relief to remedy past employment discrimination. <u>Wrenn v. Sec'y, Dep't of Veterans Affairs</u>, 918 F.2d 1073, 1076 (2d Cir. 1990). In this case, the court determined that victims of the City's discrimination who timely submit claim forms and are determined to be eligible may be awarded individual relief including priority hiring to the FDNY, back pay, retroactive seniority, and, for black claimants only, certain noneconomic damages. (Final Relief Order (Dkt. 1012); <u>see</u> Mem. & Order Addressing Objs. to Proposed Relief Order (Dkt. 1011).) After conducting a four-day Fairness Hearing and receiving objections on the proposed relief, the court issued a Final Relief Order setting forth the applicable definitions, individual eligibility criteria, and general framework for the claims process. (<u>See</u> Final Relief Order.)

### B. Individual Eligibility Determinations

As part of the claims process, the court has appointed Steven M. Cohen, Hector Gonzalez, Mitra Hormozi, and Breon S. Peace as Special Masters pursuant to Federal Rule of Civil Procedure 53(a)(1)(B)(i). (<u>See</u> Mem. & Order Appointing Special Masters (Dkt. 883).) The court tasked the Special Masters with several duties, including "recommending to the court a revised framework for the efficient and just processing of claims for relief of injured individuals" and "[c]onducting hearings and issuing findings of fact and conclusions of law on the eligibility for equitable monetary and hiring relief of individual claimants." (<u>Id.</u> at 2-3.)

The Special Masters collaborated with the parties and made several recommendations to the court about the claims process. (<u>See</u> Sept. 7, 2012, R&R (Dkt. 963); Sept. 7, 2012, Order

Adopting in Part Sept. 7, 2012, R&R; Dec. 17, 2012, R&R (Dkt. 1026); Jan. 14, 2013, Order Adopting Jan. 14, 2013, R&R.)  Based in part on their recommendations, the court adopted a framework that proceeded over the last several months as follows:  (1) the United States made preliminary determinations of eligibility for priority hiring and monetary relief and notified the City and Plaintiff-Intervenors of their determinations; (2) the City and Plaintiff-Intervenors were given the opportunity to object to the United States' determinations; (3) the United States notified via letter each claimant who submitted a claim form regarding his or her preliminary eligibility determination, and included instructions in the mailing for objecting and a form via which to do so; (4) the claimants were divided equally between the Special Masters, and the Special Masters began individualized determinations of claimants' eligibility and issued R&Rs with their recommendations; and (5) the Special Masters notified via letter each individual claimant of his/her eligibility determination and included instructions in the mailing for objecting and a form via which to do so.  (See Sept. 7, 2012, R&R at 5-10; Final Relief Order at 15-16.)

The next step in the process is for the court to review claimant objections and issue final determinations of eligibility for priority hiring and monetary relief.  (See Sept. 7, 2012, R&R at 5-10; Final Relief Order at 15-16.)

## II.     ELIGIBILITY CRITERIA

The court will award individual relief only to individuals who the court determines were victims of the City's discriminatory practices.   Thus, only black and Hispanic applicants who took Written Exams 7029 or 2043 will be eligible to receive individual relief.  In the Final Relief Order, the court adopted the following eligibility criteria for two types of claimants: (1) applicants who were not hired as a result of the City's discrimination ("Nonhire Claimants"); and (2) applicants whose hiring was delayed by the City's discrimination ("Delayed-Hire

4

Claimants"). The Special Masters used these criteria in their eligibility determinations. (See, e.g., Jan. 22, 2013, R&Rs (listing, in each Special Masters' R&R, the eligibility criteria used to make a recommendation as to each claimant's eligibility).)

## A. Nonhire Claimant Criteria

A Nonhire Claimant is any black or Hispanic person who:

(a)     failed Written Exam 7029 with a score of 25 or higher and was not later appointed as an entry-level firefighter;

(b)     failed Written Exam 2043 with a score of 25 or higher and was not later appointed as an entry-level firefighter;

(c)     passed Written Exam 2043, had a list number higher than 5646 on the Exam 2043 eligible list, was not appointed as an entry-level firefighter, and was not given by the City's Department of Citywide Administration Services ("DCAS") (as indicated in the data produced by the City to the other parties on September 21, 2011 in a file entitled "Copy of EXAM2043 D092011 REV.xls") a disposition code of CNS (considered not selected), DEA (declined), DCE (deceased), FRA (failed to report after accepting appointment), FRI (failed to report for interview), NQA (not qualified for appointment), UNA (underage at time of appointment), or UNF (underage at time of filing) the last time the person was certified from the Exam 2043 eligible list. (See Order (Dkt. 825) at 51-52, as modified by the court's minute Order dated March 22, 2012.)

Part "c" of this definition encompasses victims of the City's discrimination who passed Written Exam 2043, but whose rank on the eligible list had the same practical effect as failing the Written Exam by preventing their hiring as an entry-level firefighter. To this end, Part "c" properly excludes individuals who passed Written Exam 2043 but were not hired for a reason

unrelated to their rank on the Exam 2043 eligible list.  This definition appropriately excludes individuals who are demonstrably not victims of the discrimination in the hiring process that gave rise to the City's liability and, therefore, are not eligible for individual relief.  As discussed in the Memorandum & Order addressing third-party objections to the Proposed Relief Order, the Special Masters could consider whether an individual's unique circumstances warrant an equitable exception to the eligibility criteria, but could not consider allegations that the City intentionally discriminated in its post-exam procedures.  (Mem. & Order Addressing Objections (Dkt. 1011) at 15-17.)

### B.     Delayed-Hire Claimant Criteria

A Delayed-Hire Claimant is any black or Hispanic person who:

(a)     passed Written Exam 7029, was given a list number on the Exam 7029 eligible list and was appointed as an entry-level firefighter after February 4, 2001 (the date of the first Exam 7029 academy class), and was not given by DCAS (as indicated in the data produced by the City to the other parties in November 2007 on a disk labeled "Exam 7029 Corrected Applicant Data") a disposition code of CNS (considered not selected), DEA (declined), DCE (deceased), FRA (failed to report after accepting appointment), FRI (failed to report for interview), NQA (not qualified for appointment), OVA (overage), UNA (underage at time of appointment), or UNF (underage at time of filing) the last time the person was certified from the Exam 7029 eligible list;

(b)     passed Written Exam 2043, was given a list number on the Exam 2043 eligible list and was appointed as an entry-level firefighter after May 25, 2004 (date of the first Exam 2043 academy class), and was not given by DCAS (as indicated in the data produced by the City to the other parties on September 21, 2011, in a file entitled "Copy of EXAM2043 D092011

REV.xls") a disposition code of CNS (considered not selected), DEA (declined), DCE (deceased), FRA (failed to report after accepting appointment), FRI (failed to report for interview), NQA (not qualified for appointment), OVA (overage), UNA (underage at time of appointment), or UNF (underage at time of filing) the last time the person was certified from the Exam 2043 eligible list;

(c)     failed Written Exam 7029 and was appointed as an entry-level firefighter after February 4, 2001, from an eligible list other than the Exam 7029 eligible list; or

(d)     failed Written Exam 2043 and was appointed as an entry-level firefighter after May 25, 2004, from an eligible list other than the Exam 2043 eligible list.  (See Order re Compens. Relief (Dkt. 825) at 51-52, as modified by March 22, 2012, Order.)

### C.     Other Lawful Qualifications

In addition to meeting the definition of a Nonhire Claimant or a Delayed-Hire Claimant, in order to be eligible for individual relief, a black or Hispanic individual must also satisfy "other lawful qualifications" that were mandatory, minimum qualifications at the time the Claimant applied for a position of entry-level firefighter.  These "other lawful qualifications" are as follows:

> An applicant must meet the following minimum qualifications required at the time the applicant applied to be an entry-level firefighter as stated in the relevant Notices of Examination:
>
> (a)     Was not younger than 17 ½ years of age by the end of the application period for the relevant examination, which was October 16, 1998, for Exam 7029 and October 31, 2002, for Exam 2043;
>
> (b)     Was not older than 29 by the beginning of the application period for the relevant examination, which was September 2, 1998, for Exam 7029 and June 28, 2002, for Exam 2043 after a deduction of time, not to exceed six years, spent in military duty as defined in Section 243 of the New York State Military Law;

(c)     Can presently understand and be understood in English;

(d)     Had obtained citizenship by four years after the date of the establishment of the relevant eligible list: the relevant eligible list for Exam 7029 was established on November 15, 2000; and the relevant eligible list for Exam 2043 was established on May 5, 2004;

(e)     Had not been convicted of a felony as of four years after the date of the establishment of the relevant eligible list: the relevant eligible list for Exam 7029 was established on November 15, 2000; and the relevant eligible list for Exam 2043 was established on May 5, 2004; and

(f)     Had not received a dishonorable discharge from the Armed Forces as of four years after the date of the establishment of the relevant eligible list: the relevant eligible list for Exam 7029 was established on November 15, 2000; and the relevant eligible list for Exam 2043 was established on May 5, 2004.

(Order re Compens. Relief at 53-54 (alterations omitted).)

Only individuals who satisfy the definition of Nonhire Claimant or Delayed-Hire Claimant, as well as the other lawful qualifications, will be eligible to receive an individual award of back pay (including prejudgment interest), retroactive seniority, and/or compensatory damages for certain noneconomic harms.  Additionally, such individuals will be eligible for priority hiring relief only if they *presently* satisfy the other lawful qualifications set forth above.

## III.    REVIEW OF THE SPECIAL MASTERS' RECOMMENDATIONS

Federal Rule of Civil Procedure 53, which provides for the appointment of Special Masters, sets forth specific guidelines for how the court may act on Special Master R&Rs.  See Fed. R. Civ. P. 53(f).  According to Rule 53(f), the court must: "give the parties notice and an opportunity to be heard; may receive evidence; and may adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions."  Id. at 53(f)(1).  Parties may file objections to the R&Rs, and "[t]he court will decide de novo all objections to findings of fact

made or recommended by a master." Id. at 53(f)(2)-(3). "The court must decide de novo all objections to conclusions of law made or recommended by a master."[2] Id. at 53(f)(4).

For each R&R, the Special Masters set forth the criteria they used for their determinations. The court has reviewed the R&Rs and finds them to apply the eligibility criteria as set forth in the Final Relief Order and the court's prior orders. Thus, the court adopts in full the portions of the R&Rs to which there have been no objection.

For each objecting claimant, however, the court will conduct an independent de novo review of the Special Master's eligibility determination. The United States received the objections to the Special Masters' determinations and filed them on the docket. (See Dkts. 1058, 1064, 1077, 1091, 1093, 1100.) Pursuant to the court's April 12, 2013, Order, the Special Masters submitted to the court a copy of the file pertaining to each objecting claimant, including the evidence upon which the Special Masters relied in making their determinations and the correspondence between the parties (if any) relating to the individual claimant. (See Order re Objs. (Dkt. 1094).) The Special Masters also submitted copies of the Excel files referred to in the Eligibility Criteria. For each objecting claimant, the court examined the materials from the Special Masters in light of the objection and the eligibility criteria. The court's conclusions regarding each objecting claimant are as follows.

**A.    February 19, 2013, R&Rs**

1.    Claimant 200002462

Special Master Cohen recommended that Claimant 200002462 is ineligible for both monetary and priority hiring relief because he passed Written Exam 7029, did not take Written

---

[2]    Although some Circuit Courts of Appeals have interpreted Rule 53 to require a hearing on objections, the Second Circuit has not adopted this interpretation. See Goodrich Corp. v. Town of Middlebury, 311 F.3d 154, 178 (2d Cir. 2002). What is more, it has never been contended by any party that the court must hold, nor has any individual objector requested, an oral hearing on the objections. Thus, even if the objectors were entitled to hearings, they waived any such rights by failing to request a hearing. Id.

Exam 2043, and has never been appointed as an entry-level firefighter. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200002462 objected that he was deemed ineligible because he passed Exam 7029, and he finds it "disturbing" that he passed the exam and the physical and yet was never appointed to be a firefighter. He noted that he had high scores on both exams, and that his civil rights were violated by not being appointed. He also objected to the separate treatment of Exam 2043 and 7029 in the eligibility criteria.

As set forth in the Memorandum & Order Addressing Objections, alleged intentional discrimination in the post-examination screening procedures is not within the scope of this court's liability finding, and thus cannot be considered in the criteria for relief. (See Mem. & Order Addressing Objections at 15-17.) The differences between Exam 2043 and 7029 necessitating the difference in relief for candidates who took the different exams (but did not take both) is discussed fully in the court's March 8, 2012, Order. (See Mar. 8, 2012, Order (Dkt. 825) at 2-12.) However, because this claimant objects to the criteria—and not the eligibility determination made by the Special Master—the objection presents no specific basis for the court to modify or reject the Special Master's recommendation.

2.    Claimant 200002545

Special Master Cohen recommended that Claimant 200002545 is ineligible for both monetary and priority hiring relief because he passed Written Exam 7029, did not take Written Exam 2043, and has never been appointed as an entry-level firefighter. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200002545 objected that he "was not given a chance."  According to his objection, "I was asked how to say my name and then told I should change it so people could pronounce it and say it properly in English."  Although the court is sympathetic to the difficulties this claimant faced, alleged intentional discrimination in the post-examination screening procedures is not within the scope of this court's liability finding, and thus cannot be considered in the criteria for relief.  (See Mem. & Order Addressing Objections at 15-17.)  Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

       3.     <u>Claimant 200002597</u>

Special Master Cohen recommended that Claimant 200002597 is ineligible for both monetary and priority hiring relief because he passed Written Exam 7029, did not take Written Exam 2043, and has never been appointed as an entry-level firefighter.  The parties agreed to this determination.  The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200002597's widow objected on his behalf on the ground that her husband "was unaware as to the reason that he was not hired by the New York Fire Department."  Without a specific objection to the Special Master's determination, however, the court finds that this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.  Cf. <u>Thompson v. Yelich</u>, No. 09-CV-5039 (KAM), 2012 WL 5904359, at *1 (E.D.N.Y. Nov. 12, 2012) ("[W]hen a party makes only conclusory or general objections . . . the Court reviews the Report and Recommendation only for clear error." (citation omitted)).

### 4. Claimant 200002948

Special Master Cohen recommended that Claimant 200002948 is ineligible for both monetary and priority hiring relief because he passed Written Exam 7029, did not take Written Exam 2043, and has never been appointed as an entry-level firefighter. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200002948 objected that he "passed all phases of examination and still got no response." However, alleged intentional discrimination in the post-examination screening procedures is not within the scope of this court's liability finding, and thus is not considered in the criteria for relief. (See Mem. & Order Addressing Objections at 15-17.) Therefore, this objection does not provide any specific basis for the court to modify or reject the Special Master's recommendation.

### 5. Claimant 200002981

Special Master Cohen recommended that Claimant 200002981 is ineligible for both monetary and priority hiring relief because he passed Written Exam 7029, did not take Written Exam 2043, and has never been appointed as an entry-level firefighter. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200002981 objected that "[m]y grade on the exam would have been higher and I could have been given an opportunity." Without a specific objection to the Special Master's determination, however, the court finds that this objection does not provide any basis for the court to modify or reject the Special Master's recommendation. Cf. Yelich, 2012 WL 5904359, at *1.

6. Claimant 200003150

Special Master Cohen recommended that Claimant 200003150 is ineligible for both monetary and priority hiring relief because he passed Written Exam 7029, did not take Written Exam 2043, and has never been appointed as an entry-level firefighter. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200003150 objected that he "overwent every single obstacle or wall" that his investigator gave him, but "still wasn't able to reach the academy." However, alleged intentional discrimination in the post-examination screening procedures is not within the scope of this court's liability finding, and thus is not considered in the criteria for relief. (See Mem. & Order Addressing Objections at 15-17.) Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

7. Claimant 200003352

Special Master Cohen recommended that Claimant 200003352 is ineligible for both monetary and priority hiring relief because he passed Written Exam 7029, did not take Written Exam 2043, and has never been appointed as an entry-level firefighter. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200003352 objected that he passed Exam 7029 due to training courses and hard work, and that he belongs to a "special subclass of candidates who passed only because we took study courses." Unfortunately, this explanation of the claimant's performance does not change the fact that he did pass Exam 7029, and this makes him ineligible for relief. Therefore, this

objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

8.    Claimant 200004278

Special Master Gonzalez recommended that Claimant 200004278 is ineligible for both monetary and priority hiring relief because he passed Written Exam 7029, did not take Written Exam 2043, and has never been appointed as an entry-level firefighter.  The parties agreed to this determination.  The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200004278 objected that "[t]his determination validates my claim and yet disqualifies me."  He explained that he took and passed Exam 7029 and then was not properly contacted for further steps in the hiring process.  He feels that he was "outright ignored" and discriminated against in the hiring process.  Although the court is sympathetic to the difficulties this claimant faced, alleged intentional discrimination in the post-examination screening procedures is not within the scope of this court's liability finding, and thus cannot be considered in the criteria for relief.  (See Mem. & Order Addressing Objections at 15-17.)  Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

9.    Claimant 200003970

Special Master Gonzalez recommended that Claimant 200003970 is ineligible for both monetary and priority hiring relief because he passed Written Exam 7029, did not take Written Exam 2043, and has never been appointed as an entry-level firefighter.  The parties agreed to this determination.  The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200003970 objected that although he passed the written exam, the FDNY did not offer him a firefighter position. However, alleged intentional discrimination in the post-examination screening procedures is not within the scope of this court's liability finding, and thus cannot be considered in the criteria for relief. (See Mem. & Order Addressing Objections at 15-17.) Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

10.    Claimant 200003828

Special Master Gonzalez recommended that Claimant 200003828 is ineligible for both monetary and priority hiring relief because he passed Written Exam 7029, did not take Written Exam 2043, and has never been appointed as an entry-level firefighter. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200003828 objected that he received notification that he passed Exam 7029, but was never given any notification of how to proceed in the application process. He called to inquire about his status and was told he would receive information via mail, but never received a mailing. However, alleged intentional discrimination in the post-examination screening procedures is not within the scope of this court's liability finding, and thus cannot be considered in the criteria for relief. (See Mem. & Order Addressing Objections at 15-17.) Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

11.    Claimant 200004938

Special Master Hormozi recommended that Claimant 200004938 is ineligible for both monetary and priority hiring relief because he passed Written Exam 7029, did not take Written

Exam 2043, and has never been appointed as an entry-level firefighter. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200004938 objected that he feels that he was not hired because of his race. However, alleged intentional discrimination in the post-examination screening procedures is not within the scope of this court's liability finding, and thus cannot be considered in the criteria for relief. (See Mem. & Order Addressing Objections at 15-17.) Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

12.     Claimant 200005554

Special Master Hormozi recommended that Claimant 200005554 is ineligible for both monetary and priority hiring relief because he passed Written Exam 7029, did not take Written Exam 2043, and has never been appointed as an entry-level firefighter. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200005554 objected that he was the victim of "Ethnic Discrimination." However, alleged intentional discrimination in the post-examination screening procedures is not within the scope of this court's liability finding, and thus is not considered in the criteria for relief. (See Mem. & Order Addressing Objections at 15-17.) Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

13.     Claimant 200004837

Special Master Hormozi recommended that Claimant 200004837 is ineligible for both monetary and priority hiring relief because she passed Written Exam 7029, did not take Written Exam 2043, and has never been appointed as an entry-level firefighter. The parties agreed to this

determination.  The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200004837 objected that "whether pass or fail the written test was not fair" and thus she requests a fair test and to be reconsidered.  However, the fact remains that this claimant does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination.  Therefore, this objection presents no specific basis for the court to modify or reject the Special Master's recommendation.

14.     Claimant 200005817

Special Master Hormozi recommended that Claimant 200005817 is ineligible for both monetary and priority hiring relief because he passed Written Exam 7029, did not take Written Exam 2043, and has never been appointed as an entry-level firefighter.  The parties agreed to this determination.  The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200005817 objected that "if any question on the exam 7029 were wrong on the basis of discrimination, that my list number would have been lower and my chances to be appointed become higher."  However, the fact remains that this claimant does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination.  Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

15.     Claimant 200007071

Special Master Peace recommended that Claimant 200007071 is ineligible for both monetary and priority hiring relief because the claimant passed Written Exam 7029, did not take Written Exam 2043, and has never been appointed as an entry-level firefighter.  The parties

agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200007071 objected that "I object due to the fact that this lawsuit was supposed to be about racism not the fact if I'm smart or stupid!" The differences between Exam 2043 and 7029 meriting the difference in relief for candidates who took the different exams (but did not take both) is discussed fully in the court's March 8, 2012, Order. (See Mar. 8, 2012, Order (Dkt. 825) at 2-12.) Because this claimant objects to the criteria—and not the eligibility determination made by the Special Master—the objection presents no specific basis for the court to modify or reject the Special Master's recommendation.

### 16. Claimant 200007013

Special Master Peace recommended that Claimant 200007013 is ineligible for both monetary and priority hiring relief because the claimant passed Written Exam 7029, did not take Written Exam 2043, and has never been appointed as an entry-level firefighter. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200007013 objected that "[I] passed written exam an [sic] was given a list number that wasn't called. I had an eligible list number that should have been given a job." However, this claimant does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

17. Claimant 200006501

Special Master Peace recommended that Claimant 200006501 is ineligible for both monetary and priority hiring relief because the claimant passed Written Exam 7029, did not take Written Exam 2043, and has never been appointed as an entry-level firefighter. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200006501 objected that "I joined FDNY EMS to fulfill my dream to be a NYC firefighter. I was told that that would be the best and most direct route to achieve that dream. I passed the exam and wasn't properly directed to achieve it." However, this claimant does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

****

For the reasons explained above, none of the objections provide any basis for the court to modify or reject the Special Masters' recommendations. Therefore, the February 19, 2013, R&Rs are ADOPTED IN FULL.

**B.     March 1, 2013, R&Rs**

1. Claimant 200002281

Special Master Cohen recommended that Claimant 200002281 be deemed ineligible for priority hiring relief and monetary relief because: (1) Claimant 200002281 does not meet the definition of "Nonhire Claimant" because he passed Exam 7029, and (2) he does not meet the definition of "Delayed Hire Claimant" because he received a list number on the Exam 7029 and never has been appointed as an entry-level firefighter. The parties agreed to this determination.

19

The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200002281 objected that although he passed Exam 7029 and was given a list number, but "was later told after having completed and passed all tasks that I was considered overage at the time I took the exam." Specifically, he objected that he had been improperly deemed overage because his military service had not been subtracted from his age. According to the City's files, this claimant passed Exam 7029 but was not appointed as a fire-fighter, and thus does not fall within the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination. The court has ruled that "[i]ndividuals in the claims process may argue that they should not be excluded from eligibility because, based on the facts as they existed at the time of the designation, they should not have been given a particular designation code." (See Mem. & Order Addressing Objections at 16.) Here, however, the claimant's assignment of a particular disposition code is not preventing him from getting relief, but rather the fact that he passed the test and was not hired. This claimant does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

2.  Claimant 200002374

Special Master Cohen recommended that Claimant 200002374 be deemed ineligible for priority hiring relief and monetary relief because: (1) Claimant 200002374 does not meet the definition of "Nonhire Claimant" because he passed Exam 2043, and (2) he does not meet the definition of "Delayed Hire Claimant" because he did not receive a list number on the exam 2043 eligible list and never has been appointed as an entry-level firefighter. The parties agreed

to this determination.  The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200002374 objected that he missed several questions on Exam 2043 and consulted with FDNY hiring officials and firefighters who told him that based on his score, it would be impossible for him to get a job as a firefighter.  He was so discouraged by these remarks that he did not take the physical exam or proceed further in the hiring process. However, alleged discrimination in the City's post-examination screening procedures is not within the scope of this court's liability finding, and thus cannot be considered in the criteria for relief.  (See Mem. & Order Addressing Objections at 15-17.)  Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

3.      Claimant 200000121

Special Master Cohen recommended that Claimant 200000121 be deemed ineligible for priority hiring relief and monetary relief because he took Exam 7029 and was younger than 17 ½ years of age as of October 16, 1998, the end of the application period for the exam, and thus he does not satisfy the "other lawful qualifications" required to be eligible for priority hiring and monetary relief.  The parties agreed to this determination.  The court reviewed the lists of individuals who took the two exams and the claimant's claim form and agrees with this determination.

Claimant 200000121 objected that he was not aware that he needed to be 17 ½ years old. However, the claimant's knowledge about the requirements to be appointed as a firefighter is not a consideration in the eligibility criteria.  Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

4. <u>Claimant 200000236</u>

Special Master Cohen recommended that Claimant 200000236 be deemed ineligible for priority hiring relief and monetary relief because the claimant took Exam 2043 and was older than 29 years of age as of June 28, 2002, and thus he does not satisfy the "other lawful qualifications" required to be eligible for priority hiring and monetary relief. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and the claimant's claim form and agrees with this determination.

Claimant 200000236 objected that "[i]f I was to [sic] old by the standards of the NYFD, I would have never been allowed to take the exam; but I was." Therefore, he argues, his disqualification on this basis is unfair and evinces the discrimination in the City's hiring processes. First, alleged discrimination in the City's post-examination screening procedures is not within the scope of this court's liability finding, and thus cannot be considered in the criteria for relief. (<u>See</u> Mem. & Order Addressing Objections at 15-17.) Second, whether the claimant should have been allowed to sit for the exam is outside the scope of this lawsuit, and irrelevant to whether he is eligible for relief. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

5. <u>Claimant 200003014</u>

Special Master Cohen recommended that Claimant 200003014 be deemed ineligible for priority hiring relief and monetary relief because the claimant: (1) does not meet the definition of "Nonhire Claimant" because he passed exam 7029; and (2) does not meet the definition of "Delayed Hire Claimant" because although he received a list number for Exam 7029, he received a disposition code of "CNS" and has never been appointed as a firefighter. The parties agreed to

this determination. The court reviewed the lists of individuals who took the two exams and the claimant's claim form and agrees with this determination.

Claimant 200003014 objected that he gave his application packet to a white man who told him he needed to resolve his court case in the Bronx before he could get hired. After the case was dismissed, the claimant was told he was ineligible and no reason was given to him as to why. He feels discriminated against due to the color of his skin. However, alleged discrimination in the City's post-examination screening procedures is not within the scope of this court's liability finding, and thus cannot be considered in the criteria for relief. (See Mem. & Order Addressing Objections at 15-17.) Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

6.    Claimant 200003188

Special Master Cohen recommended that Claimant 200003188 be deemed ineligible for priority hiring relief and monetary relief because the claimant: (1) does not meet the definition of "Nonhire Claimant" because he passed Exam 7029; and (2) does not meet the definition of "Delayed Hire Claimant" because he did not receive a list number on the Exam 7029 eligible list and was never appointed as a firefighter. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200003188 objected that "[m]y list number would have been higher if the exam was not discriminatory." The fact remains that this claimant does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination. Alleged discrimination in the City's post-examination screening procedures is not within the scope of this court's liability finding, and thus cannot be considered in the criteria

for relief.  (See Mem. & Order Addressing Objections at 15-17.)  Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

>    7.    Claimant 200007141

Special Master Cohen recommended that Claimant 200007141 be deemed ineligible for priority hiring relief and monetary relief because the claimant:  (1) does not meet the definition of "Nonhire Claimant" because he passed Exam 7029; and (2) does not meet the definition of "Delayed Hire Claimant" because he did not receive a list number on the Exam 7029 eligible list and was never appointed as a firefighter.  The parties agreed to this determination.  The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200007141 submitted an objection that thanked the court for the opportunity to express his concern, and stated that this is a great and wonderful nation.  The court thanks the claimant for his thoughts.  However, the objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

>    8.    Claimant 200007324

Special Master Cohen recommended that Claimant 200007324 be deemed ineligible for priority hiring relief and monetary relief.  Claimant 200007324 was preliminarily deemed ineligible on the ground that he had not taken Exam 2043 or Exam 7029.  He objected to Special Master Cohen and asserted that he took two exams between 1999 and 2002.  Special Master Cohen recommended that Claimant 200007324 be deemed ineligible on the ground that even if he did take either exam, does not satisfy the "other lawful qualifications" because he did not become a citizen until January 21, 2009.  The parties agreed to this determination.  The court reviewed the lists of individuals who took the two exams and the claimant's claim form and agrees with this determination.

Claimant 200007324 objected that he was a permanent resident before he became a citizen, and it is unfair that he was allowed to take the exams if citizenship was required. He also asks that he be sent "the law pertaining to a person who is a permanent resident who pays these [sic] money to take the FDNY test." As set forth in the previous section of this Order, the criteria for eligibility for relief require that a claimant have obtained citizenship by certain dates. This is based on the requirement that in order to be appointed as a firefighter for the FDNY an individual must be a United States citizen at the time of appointment.[3] Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

9.   Claimant 200003692

Special Master Gonzalez recommended that Claimant 200003692 be deemed ineligible for priority hiring or monetary relief because the claimant passed Exam 7029 but was not hired as an entry-level firefighter, and therefore does not meet the definition of Nonhire Claimant or Delayed-Hire Claimant. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200003692 objected that he was never contacted to take the physical examination. However, alleged discrimination in the City's post-examination screening procedures that may have led to him not being contacted are not within the scope of this court's liability finding, and thus cannot be considered in the criteria for relief. (See Mem. & Order Addressing Objections at 15-17.) Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

---

[3]   The current qualifications, including the citizenship requirement, can be viewed on the City's website at www.nyc.gov/html/fdny.

10.    Claimant 200004378

Special Master Gonzalez recommended that Claimant 200004378 be deemed ineligible for priority hiring or monetary relief because the claimant passed Exam 7029 but was not hired as an entry-level firefighter, and therefore does not meet the definition of Nonhire Claimant or Delayed-Hire Claimant.  The parties agreed to this determination.  The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200004378 objected that "[i]t seem these class action are a test of one's intelligence," that the relief in this lawsuit is only making things worse, and that the court is willing to let the FDNY continue to discriminate.  He further objected that "I'm not willing to accept your decision."  However, without a specific objection to the Special Master's determination, the court finds that this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.  Cf. Yelich, 2012 WL 5904359, at *1.

11.    Claimant 200004444

Special Master Gonzalez recommended that Claimant 200004444 be deemed ineligible for priority hiring or monetary relief because the claimant passed Exam 7029 but was not hired as an entry-level firefighter, and has several felony convictions, and therefore does not meet the definition of Nonhire Claimant or Delayed-Hire Claimant.  The parties agreed to this determination.  The court reviewed the lists of individuals who took the two exams and the claimant's claim form and agrees with this determination.

Claimant 200004444 objected that Special Master Gonzalez's contention that he has several felony contentions.  He asserted that he has an arrest record that he disclosed to the FDNY, and asked that his file be corrected and he be deemed eligible.  In any case, this claimant is not a Nonhire Claimant because he passed Exam 7029 but was not hired, and is not a Delayed-

Hire Claimant because he has never been appointed as a firefighter.  Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

12.     Claimant 200004223

Special Master Gonzalez recommended that Claimant 200004223 be deemed ineligible for priority hiring or monetary relief because the claimant passed Exam 7029 but was not hired as an entry-level firefighter and therefore does not meet the definition of Nonhire Claimant or Delayed-Hire Claimant.  The parties agreed to this determination.  The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200004223 objected that he passed Exam 7029 and is Hispanic, and "it is unfair that I had not been appointed or possibly notified of being appointed to a position of Firefighter." The differences between Exam 2043 and 7029 meriting the difference in relief for candidates who took the different exams (but did not take both) is discussed fully in the court's March 8, 2012, Order.  (See Mar. 8, 2012, Order at 2-12.)  However, because this claimant objects to the criteria—and not the eligibility determination made by the Special Master—the objection presents no specific basis for the court to modify or reject the Special Master's recommendation.

13.     Claimant 200007170

Special Master Gonzalez recommended that Claimant 200007170 be deemed ineligible for priority hiring or monetary relief because the claimant passed Exam 2043 but did not receive a list number, and therefore does not meet the definition of Nonhire Claimant or Delayed-Hire Claimant.  The parties agreed to this determination.  The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200007170 objected that "I took [an] exam, passed it, and received no response" and his life is "filled with unemployment and stress."  Although the court is sympathetic to the claimant's situation, alleged discrimination in the City's post-examination screening procedures are not within the scope of this court's liability finding, and thus cannot be considered in the criteria for relief.  (See Mem. & Order Addressing Objections at 15-17.) Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

14.     Claimant 200000866

Special Master Gonzalez recommended that Claimant 200000866 be deemed ineligible for priority hiring or monetary relief because the claimant is not a United States citizen, and therefore does not satisfy the "other lawful qualifications."  The parties agreed to this determination.  The court reviewed the claimant's claim form and agrees with this determination.

Claimant 200000866 objected that at the time he took the test, he was told that he could take the written examination, and that he could then have several years of waiting on a list for hiring to be working on obtaining his citizenship.  He argued that he has prepared himself for the test and has the requirements to become a citizen.  However, as set forth in the previous section of this Order, the criteria for eligibility for relief require that a claimant have obtained citizenship by certain dates.  This is based on the requirement that in order to be appointed as a firefighter for the FDNY an individual must be a United States citizen at the time of appointment.[4] Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

_____

[4]        The current qualifications, including the citizenship requirement, can be viewed on the City's website at www.nyc.gov/html/fdny.

15.    Claimant 200000769

Special Master Gonzalez recommended that Claimant 200000769 be deemed ineligible for priority hiring or monetary relief because the claimant is not a United States citizen and was convicted of a felony within four years of the eligible list for Exam 7029, and thus does not satisfy the "other lawful qualifications" for relief.  The parties agreed to this determination.  The court reviewed the claimant's claim form and agrees with this determination.

Claimant 200000769 objected that he feels it is unfair that he was discriminated against on the basis of his race and yet is unable to receive relief because of his citizenship status and prior felony.  However, the fact remains that this claimant does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination.  Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

16.    Claimant 200004025

Special Master Gonzalez recommended that Claimant 200004025 be deemed ineligible for priority hiring or monetary relief because the claimant passed Exam 2043 but did not receive a list number, and therefore does not meet the definition of Nonhire Claimant or Delayed-Hire Claimant.  The parties agreed to this determination.  The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200004025 objected that he passed the written examination but did not receive a list number because he did not pass the physical examination.  He argued that because he was a victim of discrimination in the written test, he should have a chance to take the new physical examination that has been adopted for the hiring process, which he believes to be easier than the test he took and failed.  However, the fact remains that this claimant does not meet the criteria

for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

17. Claimant 200004106

Special Master Gonzalez recommended that Claimant 200004106 be deemed ineligible for priority hiring or monetary relief because the claimant passed Exam 7029 but was not hired as an entry-level firefighter, and therefore does not meet the definition of Nonhire Claimant or Delayed-Hire Claimant. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200004106 raised several objections. First, he objected that Special Master Gonzales's determination deprived him of due process because he was not given the opportunity to address, correct, and provide explanations for the Special Master's conclusions before the publication of his report. However, the claimant has now objected to the Special Master's conclusions and the court has carefully reviewed his objection and all of his submissions to the parties. Therefore, he has had sufficient process.

Second, he argued, citing the section of the court's Memorandum & Order Addressing Objections providing that the claimants may argue that they should not be excluded from eligibility due to special individual circumstances (see Mem. & Order Addressing Objections at 16) that he is entitled to an equitable exception because he would not have passed the exam if it were not for the residency credit included in his score. He further argued that at the time of the test he was not actually a resident of New York City, and thus the residency credit should be subtracted. However, the claimant's raw score on the test—before any residency credit—was

high enough to pass. What is more, it does not appear that he was given a residency credit. Therefore, he is not entitled to an equitable exception.

Last, the claimant objects that Special Master Gonzalez did not consider the special circumstances he raised in his objection to the preliminary determination of eligibility, specifically that he was compelled to take the physical examination on a day that he was ill and thus failed the test. The court has reviewed the claimant's submissions relating to this claim, and does not find them relevant to the claimant's eligibility for relief in this case. Therefore, none of this claimant's objections provide any basis for the court to modify or reject the Special Master's recommendation.

18. Claimant 200003662

Special Master Gonzalez recommended that Claimant 200003662 be deemed ineligible for priority hiring or monetary relief because the claimant passed Exam 7029, and passed Exam 2043 but did not receive a list number, and therefore does not meet the definition of Nonhire or Delayed-Hire Claimant. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200003662 objected that "I feel I meet the requirements of test 7029." Without a specific objection to the Special Master's determination, the court finds that this objection does not provide any basis for the court to modify or reject the Special Master's recommendation. Cf. Yelich, 2012 WL 5904359, at *1.

19. Claimant 200003511

Special Master Gonzalez recommended that Claimant 200003511 be deemed ineligible for priority hiring or monetary relief because the claimant passed Exam 2043 and received a list number below 5646 but was given a disposition code of FRI by the City's Department of

Citywide Administration Services, and therefore does not meet the definition of Nonhire or Delayed-Hire Claimant. The parties agreed to this determination. The court reviewed the lists of individuals who took the exam and agrees with this determination.

Claimant 200003511 objected that "I had all my documents for List # 2043 and I was never called after passing exam written part for 7029." This claimant was designated by the City as having "failed to report for interview," but claims that he was never contacted for further processing. However, this does not change the fact that this claimant's list number was below 5646, so he does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

20.    Claimant 200004463

Special Master Gonzalez recommended that Claimant 200004463 be deemed ineligible for priority hiring or monetary relief because the claimant passed Exam 7029 but was not hired as an entry-level firefighter, and therefore does not meet the definition of Nonhire or Delayed-Hire Claimant. The parties agreed to this determination. The court reviewed the lists of individuals who took the exam and agrees with this determination.

Claimant 200004463 objected that "I took and passed the test, also passed the physical. But I never heard anything after that. Please provide supporting documents as to why." The fact remains that this claimant does not fall within the eligibility criteria, which were set forth based on the class of persons determined to be victims of the City's past discrimination. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

21.     Claimant 200001090

Special Master Hormozi recommended that Claimant 200001090 be deemed ineligible for priority hiring or monetary relief because the claimant took Exam 7029 but was over 29 years of age on September 2, 1998, and thus does not satisfy the "other lawful qualifications" required for relief.  The parties agreed to this determination.  The court reviewed the lists of individuals who took the exam and the claimant's claim form and agrees with this determination.

Claimant 200001090 objected that at the start of the application period he was 28 years old, and that at the beginning of the testing period he was 29, and thus he falls within the criteria for relief.  However, the relevant date for purposes of determining eligibility is September 2, 1998, the beginning of the application period for Exam 7029.  Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

22.     Claimant 200006386

Special Master Peace recommended that Claimant 200006386 be deemed ineligible for priority hiring or monetary relief because the claimant passed Exam 2043 and had a list number lower than 5646, and has never been appointed as an entry-level firefighter.  The parties agreed to this determination.  The court reviewed the lists of individuals who took the exam and agrees with this determination.

Claimant 200006386 objected that he was repeatedly questioned about his race by test site administrators and hiring officials, and experienced discrimination in the process of applying for the FDNY.  He asked that the court consider his unique circumstances and grant him an equitable exception to the eligibility criteria.  However, alleged discrimination in the City's post-examination screening procedures is not within the scope of this court's liability finding, and the court has ruled that they cannot be considered in the criteria for relief.  (See Mem. & Order

Addressing Objections at 15-17.)  Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

            23.   <u>Claimant 200007035</u>

Special Master Peace recommended that Claimant 200007035 be deemed ineligible for priority hiring or monetary relief because the claimant:  (1) passed Exam 7029 and has never been appointed as an entry-level firefighter, and therefore does not meet the definition of Nonhire or Delayed-Hire Claimant; and (2) had not obtained United States citizenship in time to meet the "other lawful qualifications" required to be eligible for relief.  The parties agreed to this determination.  The court reviewed the lists of individuals who took the exam and agrees with this determination.

Claimant 200007035 objected that "because the investigator was giving me a hard time with the paperwork and documentation as well.  As far as my selective service and social security card is concerned."  Insofar as this claimant refers to allegations of discrimination in the City's post-examination screening procedures are not within the scope of this court's liability finding, and the court has ruled that they cannot be considered in the criteria for relief.  (<u>See</u> Mem. & Order Addressing Objections at 15-17.)  Insofar as he refers to the parties and the Special Master requesting materials to aid in his eligibility determinations, the court does not find this to be relevant to the fact that he is indeed ineligible.  Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

            24.   <u>Claimant 200007006</u>

Special Master Peace recommended that Claimant 200007006 be deemed ineligible for priority hiring or monetary relief because the claimant passed Exam 7029, passed Exam 2043 and did not have a list number higher than 5646 (because he did not have a list number), and has

never been appointed as an entry-level firefighter, and therefore does not satisfy the definition of Nonhire Claimant or Delayed-Hire Claimant. The parties agreed to this determination. The court reviewed the lists of individuals who took the exam and agrees with this determination.

Claimant 200007006 objected that "there are no reasons as to why I was not hired while having passed all requirements for test exam 7029." However, this claimant does not meet the criteria to be eligible for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

25.     Claimant 200002090

Special Master Peace recommended that Claimant 200002090 be deemed ineligible for priority hiring or monetary relief because the claimant was older than 29 by the beginning of the application period for Exam 2043 and therefore does not satisfy the "other lawful qualifications" required to be eligible for priority hiring and monetary relief. The parties agreed to this determination. The court reviewed the lists of individuals who took the exam and the claimant's claim form and agrees with this determination.

Claimant 200002090 objected that he passed the written test and the physical test and "I feel I should be eligible for relief based on these reasons. I was led to believe that I was on the list to be called for a position with the FDNY as a firefighter." However, the fact remains that he does not meet the criteria for relief due to his age. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

26.     Claimant 200006415

Special Master Peace recommended that Claimant 200006415 be deemed ineligible for priority hiring or monetary relief because the claimant passed Exam 2043 and did not have a list

number higher than 5646 (because he did not have a list number), has never been appointed as an entry-level firefighter, and thus he does not satisfy the definition of Nonhire Claimant or Delayed-Hire Claimant. The parties agreed to this determination. The court reviewed the lists of individuals who took the exam and the claimant's claim form and agrees with this determination.

Claimant 200006415 objected that because of the City's discrimination, "the test scores should be thrown out because they weren't based on anything but trying to limit minority hiring." However, the fact remains that this claimant does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

27. Claimant 200006364

Special Master Peace recommended that Claimant 200006364 be deemed ineligible for priority hiring or monetary relief because the claimant: (1) passed Exam 7029, did not take Exam 2043, and has never been appointed as an entry-level firefighter, and therefore does not satisfy the definition of Nonhire Claimant or Delayed-Hire Claimant; and (2) was older than 29 by the beginning of the application period for Exam 7029 and thus does not satisfy the "other lawful qualifications" required to be eligible for relief. The parties agreed to this determination. The court reviewed the lists of individuals who took the exam and the claimant's claim form and agrees with this determination.

Claimant 200006364 objected that "I was never aware of the age requirement when I sat for the exam in 1999." However, the claimant's knowledge about the requirements to be appointed as a firefighter is not among the criteria to be eligible for relief. Therefore, this

objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

28.    Claimant 200006272

Special Master Peace recommended that Claimant 200006272 be deemed ineligible for priority hiring or monetary relief because the claimant passed Exam 2043, did not have a list number higher than 5646 (because the claimant did not have a list number), has never been appointed as an entry-level firefighter, and therefore does not satisfy the definition of Nonhire Claimant or Delayed-Hire Claimant. The parties agreed to this determination. The court reviewed the lists of individuals who took the exam and agrees with this determination.

Claimant 200006272 objected that "[t]he test was bias [sic]. The only reason why I passed is I was lucky to find the FDNY cadets who trained me in traditional fire fighting procedures." Without a specific objection to the Special Master's determination, the court finds that this objection does not provide any basis for the court to modify or reject the Special Master's recommendation. Cf. Yelich, 2012 WL 5904359, at *1.

29.    Claimant 200001724

Special Master Peace recommended that Claimant 200001724 be deemed ineligible for priority hiring or monetary relief because the claimant was convicted of a felony in August 1995 and did not receive a Certificate of Relief from Disabilities[5] until 2007. Thus, he was convicted of a felony before the eligible list for Exam 7029 expired in 2004, and did not receive a Certificate of Relief from Disabilities covering that conviction until after the relevant eligible list had expired. Therefore, he does not satisfy the "other lawful qualifications" required to be eligible for priority hiring and monetary relief. The parties agreed to this determination. The

---

[5]    According to the materials submitted by the Special Masters, a Certificate of Relief from Disabilities relieves the holder from most legal bars and disabilities to employment.

court reviewed the lists of individuals who took the exam, the claimant's claim form, and the correspondence between the parties relating to consideration of Certificates of Relief from Disabilities and agrees with this determination.

Claimant 200001724 objected that he was convicted of a felony over 18 years ago and in the time since has led an exemplary life. He argued that because he was discriminated against, the "technicality" of his conviction should not be allowed to be held against him. However, the fact remains that this claimant does not meet the eligibility criteria for relief. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

             30.    <u>Claimant 200007044</u>

Special Master Peace recommended that Claimant 200007044 be deemed ineligible for priority hiring or monetary relief because the claimant passed Exam 7029, passed Exam 2043 and did not have a list number higher than 5646, and has never been appointed as an entry-level firefighter. The parties agreed to this determination. The court reviewed the lists of individuals who took the exam and agrees with this determination.

Claimant 200007044 objected that it is unfair that he is denied relief because he did well on the exam. He asserted that "I am being punished for doing well on test as Hispanic that I should've been called for further processing." However, the fact remains that this claimant does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

31. <u>Claimant 200006484</u>

Special Master Peace recommended that Claimant 200006484 be deemed ineligible for priority hiring or monetary relief because the claimant passed Exam 2043 and did not have a list number higher than 5646 (because he did not have a list number), has never been appointed as an entry-level firefighter, and thus does not satisfy the definition of Nonhire Claimant or Delayed-Hire Claimant. The parties agreed to this determination.

Claimant 200006486 objected that "I passed written exam 2043 with a score above 96. I remember this in addition to a list number (which I have since forgotten). The City must have a record of my exam score with an appropriate list number." The court reviewed the list, provided by the City, and confirmed that the claimant passed Exam 2043 but did not have a list number. Thus, this claimant does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

32. <u>Claimant 200006199</u>

Special Master Peace recommended that Claimant 200006199 be deemed ineligible for priority hiring or monetary relief because the claimant passed Exam 2043 and did not have a list number higher than 5646 (because he did not have a list number), has never been appointed as an entry-level firefighter, and therefore fails to satisfy the definition of Nonhire Claimant or Delayed-Hire Claimant. The parties agreed to this determination. The court reviewed the lists of individuals who took the exam and agrees with this determination.

Claimant 200006199 objected that he "paid the test fee just to be considered for this prestigious position" only to be told later that he is not eligible "solely on the basis of not having

a list number." He argued that "[n]owhere on the [Notice of Examination] does it indicate that as a requirement to become eligible or appointed [as a firefighter] that you as an individual have to obtain a certain list number." The list number requirement is part of the eligibility criteria for this lawsuit, which were set forth based on the class of persons determined to be victims of the City's past discrimination. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

****

For the reasons explained above, none of the objections provide any basis for the court to modify or reject the Special Masters' recommendations. Therefore, the March 1, 2013, R&Rs are ADOPTED IN FULL.

IV.     **CONCLUSION**

The Special Masters' February 19, 2013, and March 1, 2013, R&Rs are ADOPTED IN FULL.

SO ORDERED.

_____/s/_____
Dated: Brooklyn, New York                    NICHOLAS G. GARAUFIS
       May 9, 2013                           United States District Judge