UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

UNITED STATES OF AMERICA,

               Plaintiff,

     -and-

THE VULCAN SOCIETY, INC., *for itself and on
behalf of its members*, JAMEL NICHOLSON, *and*
RUSEBELL WILSON, *individually and on behalf
of a subclass of all other victims similarly situated
seeking classwide injunctive relief*;

ROGER GREGG, MARCUS HAYWOOD, *and*
KEVIN WALKER, *individually and on behalf of a
subclass of all other non-hire victims similarly
situated*; and

CANDIDO NUÑEZ *and* KEVIN SIMPKINS,
*individually and on behalf of a subclass of all other
delayed-hire victims similarly situated*,

               Plaintiff-Intervenors,

     -against-

THE CITY OF NEW YORK,

               Defendant.

-------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**07-CV-2067 (NGG) (RLM)**

NICHOLAS G. GARAUFIS, United States District Judge.

     As part of the remedial phase of this litigation, the Special Masters have issued a series of

Reports & Recommendations ("R&Rs") as to the eligibility of individual claimants for priority

hiring and monetary relief. (<u>See</u> Jan. 22, 2013, R&Rs (Dkt. 1044); Feb. 5, 2013, R&Rs

(Dkt. 1057); Feb. 19, 2013, R&Rs (Dkt. 1062); Mar. 1, 2013, R&Rs (Dkt. 1068); Mar. 6, 2013,

R&Rs (Dkt. 1071); Mar. 13, 2013, R&Rs (Dkt. 1078); March 22, 2013, R&Rs (Dkt. 1089); April

12, 2013, R&Rs (Dkt. 1096); April 19, 2013, R&Rs (Dkt. 1098); April 30, 2013, R&Rs

(Dkt. 1103).)  Each claimant was given the opportunity to object to the Special Masters'

recommendations, and for each objecting claimant the court has performed an independent

review of the claimant's eligibility.  This Memorandum & Order addresses objections to the

March 6, 2013, R&Rs, the March 13, 2013, R&Rs, the March 22, 2013, R&Rs, and the April 12,

2013, R&Rs.  For the reasons explained below, the Special Masters' March 6, 2013, R&Rs are

ADOPTED IN FULL; the Special Masters' March 13, 2013, R&Rs are ADOPTED IN PART

AND MODIFIED IN PART; the Special Masters' March 22, 2013, R&Rs are ADOPTED IN

FULL; and the Special Masters' April 12, 2013, R&Rs are ADOPTED IN PART AND

MODIFIED IN PART.

## I.    BACKGROUND

### A.    Overview of the Case

In 2007, the United States brought suit against the City of New York ("City"), alleging

that certain aspects of the City's policies for selecting entry-level firefighters for the New York

City Fire Department ("FDNY") violated Title VII of the 1964 Civil Rights Act, as amended,

42 U.S.C. § 2000e et seq. ("Title VII").  The United States alleged that the City's use of Written

Exams 7029 and 2043 as pass-fail screening and rank-ordering devices had a disparate impact on

black and Hispanic candidates for entry-level firefighter positions.  The Vulcan Society and

several individuals ("Plaintiff-Intervenors") intervened in the lawsuit as Plaintiffs, alleging

similar claims of disparate impact and also alleging disparate treatment (raising both theories of

liability under federal, state, and local law) on behalf of a class of black entry-level firefighter

candidates.

In July 2009, the court granted summary judgment in favor of the United States and

Plaintiff-Intervenors and found that the City's pass-fail and rank-order uses of Written Exams

7029 and 2043 had an unlawful disparate impact under Title VII. (Dkt. 294.) In addition, in January 2010, the court granted the Plaintiff-Intervenors' motion for summary judgment regarding disparate treatment liability,[1] holding that the City's use of Written Exams 7029 and 2043 constituted intentional discrimination in violation of Title VII, the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, as well as disparate impact and disparate treatment liability under state and local laws. (Dkt. 385.)

After a finding of liability for employment discrimination under Title VII, there is a presumption that back pay, priority hiring, and retroactive seniority are the proper forms of relief to remedy past employment discrimination. Wrenn v. Sec'y, Dep't of Veterans Affairs, 918 F.2d 1073, 1076 (2d Cir. 1990). In this case, the court determined that victims of the City's discrimination who timely submit claim forms and are determined to be eligible may be awarded individual relief including priority hiring to the FDNY, back pay, retroactive seniority, and, for black claimants only, certain noneconomic damages. (Final Relief Order (Dkt. 1012); see Mem. & Order Addressing Objs. to Proposed Relief Order (Dkt. 1011).) After conducting a four-day Fairness Hearing and receiving objections on the proposed relief, the court issued a Final Relief Order setting forth the applicable definitions, individual eligibility criteria, and general framework for the claims process. (See Final Relief Order.) The City did not appeal the Final Relief Order.

### B.    Individual Eligibility Determinations

As part of the claims process, the court has appointed Steven M. Cohen, Hector Gonzalez, Mitra Hormozi, and Breon S. Peace as Special Masters pursuant to Federal Rule of Civil Procedure 53(a)(1)(B)(i). (See Mem. & Order Appointing Special Masters (Dkt. 883).)

---

[1]    The City appealed the court's decision regarding disparate treatment liability. On May 14, 2013, the Second Circuit vacated the court's grant of summary judgment for disparate treatment liability. See United States of America v. City of New York, No. 11-5113-CV, 2013 WL 1955782, at *23 (2d Cir. May 14, 2013).

The court tasked the Special Masters with several duties, including "recommending to the court a revised framework for the efficient and just processing of claims for relief of injured individuals" and "[c]onducting hearings and issuing findings of fact and conclusions of law on the eligibility for equitable monetary and hiring relief of individual claimants." (Id. at 2-3.)

The Special Masters collaborated with the parties and made several recommendations to the court about the claims process. (See Sept. 7, 2012, R&R (Dkt. 963); Sept. 7, 2012, Order Adopting in Part Sept. 7, 2012, R&R; Dec. 17, 2012, R&R (Dkt. 1026); Jan. 14, 2013, Order Adopting Jan. 14, 2013, R&R.) Based in part on their recommendations, the court adopted a framework that proceeded over the last several months as follows: (1) the United States made preliminary determinations of eligibility for priority hiring and monetary relief and notified the City and Plaintiff-Intervenors of their determinations; (2) the City and Plaintiff-Intervenors were given the opportunity to object to the United States' determinations; (3) the United States notified via letter each claimant who submitted a claim form regarding his or her preliminary eligibility determination, and included instructions in the mailing for objecting and a form via which to do so; (4) the claimants were divided equally between the Special Masters, and the Special Masters began individualized determinations of claimants' eligibility and issued R&Rs with their recommendations; and (5) the Special Masters notified via letter each individual claimant of his/her eligibility determination and included instructions in the mailing for objecting and a form via which to do so. (See Sept. 7, 2012, R&R at 5-10; Final Relief Order at 15-16.)

The next step in the process is for the court to review claimant objections and issue final determinations of eligibility for priority hiring and monetary relief. (See Sept. 7, 2012, R&R at 5-10; Final Relief Order at 15-16.)

## II.    ELIGIBILITY CRITERIA

The court will award individual relief only to individuals who the court determines were victims of the City's discriminatory practices.   Thus, only black and Hispanic applicants who took Written Exams 7029 or 2043 will be eligible to receive individual relief.   In the Final Relief Order, the court adopted the following eligibility criteria for two types of claimants: (1) applicants who were not hired as a result of the City's discrimination ("Nonhire Claimants"); and (2) applicants whose hiring was delayed by the City's discrimination ("Delayed-Hire Claimants").   The Special Masters used these criteria in their eligibility determinations.   (See, e.g., Jan. 22, 2013, R&Rs (listing, in each Special Masters' R&R, the eligibility criteria used to make a recommendation as to each claimant's eligibility).)

### A.    Nonhire Claimant Criteria

A Nonhire Claimant is any black or Hispanic person who:

(a)    failed Written Exam 7029 with a score of 25 or higher and was not later appointed as an entry-level firefighter;

(b)    failed Written Exam 2043 with a score of 25 or higher and was not later appointed as an entry-level firefighter;

(c)    passed Written Exam 2043, had a list number higher than 5646 on the Exam 2043 eligible list, was not appointed as an entry-level firefighter, and was not given by the City's Department of Citywide Administration Services ("DCAS") (as indicated in the data produced by the City to the other parties on September 21, 2011 in a file entitled "Copy of EXAM2043 D092011 REV.xls") a disposition code of CNS (considered not selected), DEA (declined), DCE (deceased), FRA (failed to report after accepting appointment), FRI (failed to report for interview), NQA (not qualified for appointment), UNA (underage at time of appointment), or

UNF (underage at time of filing) the last time the person was certified from the Exam 2043 eligible list. (See Order (Dkt. 825) at 51-52, as modified by the court's minute Order dated March 22, 2012.)

Part "c" of this definition encompasses victims of the City's discrimination who passed Written Exam 2043, but whose rank on the eligible list had the same practical effect as failing the Written Exam by preventing their hiring as an entry-level firefighter. To this end, Part "c" properly excludes individuals who passed Written Exam 2043 but were not hired for a reason unrelated to their rank on the Exam 2043 eligible list. This definition appropriately excludes individuals who are demonstrably not victims of the discrimination in the hiring process that gave rise to the City's liability and, therefore, are not eligible for individual relief. As discussed in the Memorandum & Order addressing third-party objections to the Proposed Relief Order, the Special Masters could consider whether an individual's unique circumstances warrant an equitable exception to the eligibility criteria, but could not consider allegations that the City intentionally discriminated in its post-exam procedures. (Mem. & Order Addressing Objections (Dkt. 1011) at 15-17.)

## B. Delayed-Hire Claimant Criteria

A Delayed-Hire Claimant is any black or Hispanic person who:

(a)      passed Written Exam 7029, was given a list number on the Exam 7029 eligible list and was appointed as an entry-level firefighter after February 4, 2001 (the date of the first Exam 7029 academy class), and was not given by DCAS (as indicated in the data produced by the City to the other parties in November 2007 on a disk labeled "Exam 7029 Corrected Applicant Data") a disposition code of CNS (considered not selected), DEA (declined), DCE (deceased), FRA (failed to report after accepting appointment), FRI (failed to report for

interview), NQA (not qualified for appointment), OVA (overage), UNA (underage at time of appointment), or UNF (underage at time of filing) the last time the person was certified from the Exam 7029 eligible list;

(b) passed Written Exam 2043, was given a list number on the Exam 2043 eligible list and was appointed as an entry-level firefighter after May 25, 2004 (date of the first Exam 2043 academy class), and was not given by DCAS (as indicated in the data produced by the City to the other parties on September 21, 2011, in a file entitled "Copy of EXAM2043 D092011 REV.xls") a disposition code of CNS (considered not selected), DEA (declined), DCE (deceased), FRA (failed to report after accepting appointment), FRI (failed to report for interview), NQA (not qualified for appointment), OVA (overage), UNA (underage at time of appointment), or UNF (underage at time of filing) the last time the person was certified from the Exam 2043 eligible list;

(c) failed Written Exam 7029 and was appointed as an entry-level firefighter after February 4, 2001, from an eligible list other than the Exam 7029 eligible list; or

(d) failed Written Exam 2043 and was appointed as an entry-level firefighter after May 25, 2004, from an eligible list other than the Exam 2043 eligible list. (See Order re Compens. Relief (Dkt. 825) at 51-52, as modified by March 22, 2012, Order.)

### C. Other Lawful Qualifications

In addition to meeting the definition of a Nonhire Claimant or a Delayed-Hire Claimant, in order to be eligible for individual relief, a black or Hispanic individual must also satisfy "other lawful qualifications" that were mandatory, minimum qualifications at the time the Claimant applied for a position of entry-level firefighter. These "other lawful qualifications" are as follows:

An applicant must meet the following minimum qualifications required at the time the applicant applied to be an entry-level firefighter as stated in the relevant Notices of Examination:

(a)     Was not younger than 17 ½ years of age by the end of the application period for the relevant examination, which was October 16, 1998, for Exam 7029 and October 31, 2002, for Exam 2043;

(b)     Was not older than 29 by the beginning of the application period for the relevant examination, which was September 2, 1998, for Exam 7029 and June 28, 2002, for Exam 2043 after a deduction of time, not to exceed six years, spent in military duty as defined in Section 243 of the New York State Military Law;

(c)     Can presently understand and be understood in English;

(d)     Had obtained citizenship by four years after the date of the establishment of the relevant eligible list: the relevant eligible list for Exam 7029 was established on November 15, 2000; and the relevant eligible list for Exam 2043 was established on May 5, 2004;

(e)     Had not been convicted of a felony as of four years after the date of the establishment of the relevant eligible list: the relevant eligible list for Exam 7029 was established on November 15, 2000; and the relevant eligible list for Exam 2043 was established on May 5, 2004; and

(f)     Had not received a dishonorable discharge from the Armed Forces as of four years after the date of the establishment of the relevant eligible list: the relevant eligible list for Exam 7029 was established on November 15, 2000; and the relevant eligible list for Exam 2043 was established on May 5, 2004.

(Order re Compens. Relief at 53-54 (alterations omitted).)

Only individuals who satisfy the definition of Nonhire Claimant or Delayed-Hire Claimant, as well as the other lawful qualifications, will be eligible to receive an individual award of back pay (including prejudgment interest), retroactive seniority, and/or compensatory damages for certain noneconomic harms.  Additionally, such individuals will be eligible for priority hiring relief only if they *presently* satisfy the other lawful qualifications set forth above.

## III. REVIEW OF THE SPECIAL MASTERS' RECOMMENDATIONS

Federal Rule of Civil Procedure 53, which provides for the appointment of Special Masters, sets forth specific guidelines for how the court may act on Special Master R&Rs. See Fed. R. Civ. P. 53(f). According to Rule 53(f), the court must: "give the parties notice and an opportunity to be heard; may receive evidence; and may adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions." Id. at 53(f)(1). Parties may file objections to the R&Rs, and "[t]he court will decide de novo all objections to findings of fact made or recommended by a master." Id. at 53(f)(2)-(3). "The court must decide de novo all objections to conclusions of law made or recommended by a master."[2] Id. at 53(f)(4).

For each R&R, the Special Masters set forth the criteria they used for their determinations. The court has reviewed the R&Rs and finds them to apply the eligibility criteria as set forth in the Final Relief Order and the court's prior orders. Thus, the court adopts in full the portions of the R&Rs to which there have been no objection.

For each objecting claimant, however, the court will conduct an independent de novo review of the Special Master's eligibility determination. The United States received the objections to the Special Masters' determinations and filed them on the docket. (See Dkts. 1058, 1064, 1077, 1091, 1093, 1100.) Pursuant to the court's April 12, 2013, Order, the Special Masters submitted to the court a copy of the file pertaining to each objecting claimant, including the evidence upon which the Special Masters relied in making their determinations and the correspondence between the parties (if any) relating to the individual claimant. (See Order re Objs. (Dkt. 1094).) The Special Masters also submitted copies of the Excel files referred to in

---

[2] Although some Circuit Courts of Appeals have interpreted Rule 53 to require a hearing on objections, the Second Circuit has not adopted this interpretation. See Goodrich Corp. v. Town of Middlebury, 311 F.3d 154, 178 (2d Cir. 2002). What is more, it has never been contended by any party that the court must hold, nor has any individual objector requested, an oral hearing on the objections. Thus, even if the objectors were entitled to hearings, they waived any such rights by failing to request a hearing. Id.

the Eligibility Criteria. For each objecting claimant, the court examined the materials from the Special Masters in light of the objection and the eligibility criteria. The court's conclusions regarding each objecting claimant are as follows.

### A.    March 6, 2013, R&Rs

1.    <u>Claimant 200003148</u>

Special Master Cohen recommended that Claimant 200003148 is ineligible for priority hiring relief and monetary relief because: (1) the claimant does not meet the definition of "Nonhire Claimant" because he passed Exam 2043 and did not receive a list number; and (2) does not meet the definition of "Delayed Hire Claimant" because he has never been appointed as an entry-level firefighter. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200003148 objected that after taking Exam 2043, he received his test score but no further information as to taking his physical exam or proceeding in the application process. The claimant had "high hopes during all those years that I would acquire an equal & fair job opportunity with the FDNY that never surfaced." As set forth in the Memorandum & Order Addressing Objections, alleged intentional discrimination in the post-examination screening procedures is not within the scope of this court's liability finding, and thus cannot be considered in the criteria for relief. (<u>See</u> Mem. & Order Addressing Objections at 15-17.) Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

2.    <u>Claimant 200007131</u>

Special Master Cohen recommended that Claimant 200007131 is ineligible for priority hiring relief and monetary relief because: (1) the claimant does not meet the definition of

"Nonhire Claimant" because he passed Exam 7029, and passed Exam 2043 and received a list number on the Exam 2043 eligible list that was not higher than 5646; and (2) does not meet the definition of "Delayed Hire Claimant" because he has never been appointed as an entry-level firefighter. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200007131 objected that "I should qualify for monetary relief and priority hiring if disparate treatment liability existed in the FDNY hiring practices." However, the fact remains that this claimant does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination. Because this claimant objects to the criteria—and not the eligibility determination made by the Special Master—the objection presents no specific basis for the court to modify or reject the Special Master's recommendation.

    3.    <u>Claimant 200004178</u>

Special Master Gonzalez recommended that Claimant 200004178 is ineligible for priority hiring relief and monetary relief because: (1) the claimant does not meet the definition of "Nonhire Claimant" because he passed Exam 2043 and received a list number on the Exam 2043 eligible list that was not higher than 5646; and (2) does not meet the definition of "Delayed Hire Claimant" because he has never been appointed as an entry-level firefighter. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200004178 objected that "I am not aware at all as to what took place. I know that I passed my written, passed my physical training, and was told to look for paperwork regarding being scheduled for the next phase which I was told was the psych eval. But I never

11

heard anything at all after that." However, the fact remains that this claimant does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

4. Claimant 200003964

Special Master Gonzalez recommended that Claimant 200003964 is ineligible for priority hiring relief and monetary relief because: (1) the claimant does not meet the definition of "Nonhire Claimant" because he passed Exam 2043 and did not receive a list number on the Exam 2043 eligible list; and (2) does not meet the definition of "Delayed Hire Claimant" because he has never been appointed as an entry-level firefighter. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200003964 objected that he is an African-American who took Exam 2043 and filed a timely claim in this lawsuit. He objected that "Special Master Gonzalez's Report and Recommendation does not specify why I should have been excluded as an eligible claimant for relief." However, Special Master Gonzalez's R&R set forth the recommendation above, which explains that the claimant is ineligible because he did not have a list number for Exam 2043 that was higher than 5646, as required under the eligibility criteria.[3] Thus, the claimant does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

---

[3] Special Master Gonzalez's R&R lists Claimant 200003964 in a table of claimants who were ineligible for the same reason.

5. <u>Claimant 200004535</u>

Special Master Gonzalez recommended that Claimant 200004535 is ineligible for priority hiring relief and monetary relief because: (1) the claimant does not meet the definition of "Nonhire Claimant" because he passed Exam 2043 and did not receive a list number on the Exam 2043 eligible list; and (2) does not meet the definition of "Delayed Hire Claimant" because he has never been appointed as an entry-level firefighter. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200004535 objected that "I passed the test. No reason was given to reject my claim." However, as Special Master Gonzalez's R&R explains, this claimant is ineligible because he was not given a list number on the Exam 2043 eligible list, and thus does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

6. <u>Claimant 200003944</u>

Special Master Gonzalez recommended that Claimant 200003944 is ineligible for priority hiring relief and monetary relief because: (1) the claimant does not meet the definition of "Nonhire Claimant" because he passed Exam 2043 and did not receive a list number on the Exam 2043 eligible list; and (2) does not meet the definition of "Delayed Hire Claimant" because he has never been appointed as an entry-level firefighter. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200003944 objected "to the verdict and to the fact I was not included on the compensation list as well as a future position in the FDNY." However, the fact remains that this claimant does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

7. Claimant 200003644

Special Master Gonzalez recommended that Claimant 200003644 is ineligible for priority hiring relief and monetary relief because: (1) the claimant does not meet the definition of "Nonhire Claimant" because he passed Exam 2043 and he did not have a list number for Exam 2043 that was higher than 5646; and (2) does not meet the definition of "Delayed Hire Claimant" because he has never been appointed as an entry-level firefighter. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200003644 objected that his main reason for wanting to become a firefighter was because of what happened on September 11, 2001, and that all of his hard work and sacrifice to become a firefighter should be taken into account in the claims process. The claimant objected that "I don't see why I cannot become a fireman for the New York City, I had a passing score over average and a 100% on my physical examination." He expressed frustration that he had an Irish-Italian friend who had a lower score on the written examination and yet was selected into the fire academy. The court appreciates the claimant's hard work and passion for his goals. However, the fact remains that this claimant does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination.

As set forth in the Memorandum & Order Addressing Objections, alleged intentional discrimination in the post-examination screening procedures is not within the scope of this court's liability finding, and thus cannot be considered in the criteria for relief.  (See Mem. & Order Addressing Objections at 15-17.)  Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

8.    Claimant 200003510

Special Master Gonzalez recommended that Claimant 200003510 is ineligible for priority hiring relief and monetary relief because:  (1) the claimant does not meet the definition of "Nonhire Claimant" because he passed Exam 2043 and he did not have a list number for Exam 2043 that was higher than 5646; and (2) does not meet the definition of "Delayed Hire Claimant" because he has never been appointed as an entry-level firefighter.  The parties agreed to this determination.  The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200003510 submitted an objection reading simply "NOT FAIR."  Without a specific objection to the Special Master's determination, the court finds that this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.  Cf. Thompson v. Yelich, No. 09-CV-5039 (KAM), 2012 WL 5904359, at *1 (E.D.N.Y. Nov. 12, 2012) ("[W]hen a party makes only conclusory or general objections . . . the Court reviews the Report and Recommendation only for clear error." (citation omitted)).

9.    Claimant 200003506

Special Master Gonzalez recommended that Claimant 200003506 is ineligible for priority hiring relief and monetary relief because:  (1) the claimant does not meet the definition of "Nonhire Claimant" because he passed Exam 2043 and he did not have a list number for Exam

2043 that was higher than 5646; and (2) does not meet the definition of "Delayed Hire Claimant" because he has never been appointed as an entry-level firefighter. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200003506 objected that "[I] passed all exams and was not allowed an interview." However, the fact remains that this claimant does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

10.    Claimant 200005719

Special Master Hormozi recommended that Claimant 200005719 is ineligible for priority hiring relief and monetary relief because: (1) the claimant does not meet the definition of "Nonhire Claimant" because he passed Exam 2043 and he did not have a list number for Exam 2043 that was higher than 5646; and (2) does not meet the definition of "Delayed Hire Claimant" because he has never been appointed as an entry-level firefighter. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200005719 submitted a thoughtful and detailed objection describing the reasons he wanted to be a firefighter and some of the obstacles that stood in his path. He explained that he was originally disqualified from the application process because of a prior felony conviction, and that he had heard that another individual with a prior felony had been appointed to the fire academy. He attached a newspaper article reporting that the FDNY will now consider hiring felons who obtain a Certificate of Good Conduct from the state parole board. The court

appreciates the claimant's submission.  However, the fact remains that this claimant does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination.  Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

11.    Claimant 200005702

Special Master Hormozi recommended that Claimant 200005702 is ineligible for priority hiring relief and monetary relief because:  (1) the claimant does not meet the definition of "Nonhire Claimant" because he passed Exam 2043 and he did not have a list number for Exam 2043; and (2) does not meet the definition of "Delayed Hire Claimant" because he has never been appointed as an entry-level firefighter.  The parties agreed to this determination.  The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200005702 objected that "I was discriminated against and not given an equal opportunity to serve my community as a firefighter.  Having scored a favorable grade on the written exam I was shocked that I was never contacted or called for a physical exam.  Several of my friends of non Hispanic descent were called to take the physical exam after receiving a less favorable score on the written exam."  The court is sympathetic to the struggles the claimant has faced.  However, as set forth in the Memorandum & Order Addressing Objections, alleged intentional discrimination in the post-examination screening procedures is not within the scope of this court's liability finding, and thus cannot be considered in the criteria for relief.  (See Mem. & Order Addressing Objections at 15-17.)  Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

12. <u>Claimant 200005464</u>

Special Master Hormozi recommended that Claimant 200005464 is ineligible for priority hiring relief and monetary relief because: (1) the claimant does not meet the definition of "Nonhire Claimant" because he passed Exam 2043 and he did not have a list number for Exam 2043 that was higher than 5646; and (2) does not meet the definition of "Delayed Hire Claimant" because he has never been appointed as an entry-level firefighter. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200005464 objected that "I scored high on both writing and physical exams. I never got an interview." As set forth in the Memorandum & Order Addressing Objections, alleged intentional discrimination in the post-examination screening procedures is not within the scope of this court's liability finding, and thus cannot be considered in the criteria for relief. (<u>See</u> Mem. & Order Addressing Objections at 15-17.) Accordingly, this claimant does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

13. <u>Claimant 200004867</u>

Special Master Hormozi recommended that Claimant 200004867 is ineligible for priority hiring relief and monetary relief because: (1) the claimant does not meet the definition of "Nonhire Claimant" because he passed Exam 2043 and he did not have a list number for Exam 2043 that was higher than 5646; and (2) does not meet the definition of "Delayed Hire Claimant" because he has never been appointed as an entry-level firefighter. The parties agreed to this

determination.  The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200004867 objected that "[a]s a firefighter candidate of List 2043, I passed my written & physical exams" and did all that was required for the application process, and "provided my candidate investigator . . . with all requirements asked of me.  [I made] attempts to follow up with him via phone and . . . my messages [were not] returned."  The claimant further objected that "I can't speak for every case, but personally I can't comprehend what I've done incorrectly during my original attempt, second attempt & during this class action suit not to be considered for hire."  As set forth in the Memorandum & Order Addressing Objections, alleged intentional discrimination in the post-examination screening procedures is not within the scope of this court's liability finding, and thus cannot be considered in the criteria for relief.  (See Mem. & Order Addressing Objections at 15-17.)  Accordingly, this claimant does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination.  Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

14.    Claimant 200004885

Special Master Hormozi recommended that Claimant 200004885 is ineligible for priority hiring relief and monetary relief because:  (1) the claimant does not meet the definition of "Nonhire Claimant" because he passed Exam 2043 and he did not have a list number for Exam 2043; and (2) does not meet the definition of "Delayed Hire Claimant" because he has never been appointed as an entry-level firefighter.  The parties agreed to this determination.  The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200004885 objected that "the City of New York 'failed' to provide a [sic] equal testing system in which I was a subject to unlawful 'Discrimination'!" He further objected that "[a]ll these stipulations regarding each individual's eligibility is beyond unconstitutional." He concluded by admonishing that "no matter what the decision comes out to, the test and the FDNY should be ashamed, and every single person, black, Hispanic, was discriminated upon as soon as we all picked up that pencil and believed!" The court is sympathetic to this claimant's frustration. However, because this claimant objects to the criteria—and not the eligibility determination made by the Special Master—the objection presents no specific basis for the court to modify or reject the Special Master's recommendation.

15.    Claimant 200005098

Special Master Hormozi recommended that Claimant 200005098 is ineligible for priority hiring relief and monetary relief because: (1) the claimant does not meet the definition of "Nonhire Claimant" because he passed Exam 2043 and he did not have a list number for Exam 2043; and (2) does not meet the definition of "Delayed Hire Claimant" because he has never been appointed as an entry-level firefighter. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200005098 objected that "I never received proper notification from the NYC Fire department stating where and when I would be taking the physical fitness exam. If I would have been properly notified I would have taken the physical and passed. I was activated for active duty Military service in January 2003 and deployed to Iraq in March of 2003." However, the fact remains that this claimant does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination. Therefore, this

objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

16. Claimant 200005321

Special Master Hormozi recommended that Claimant 200005321 is ineligible for priority hiring relief and monetary relief because: (1) the claimant does not meet the definition of "Nonhire Claimant" because he passed Exam 2043 and he did not have a list number for Exam 2043; and (2) does not meet the definition of "Delayed Hire Claimant" because he has never been appointed as an entry-level firefighter. The parties agreed to this determination.

Claimant 200005321 objected that "I did pass the FDNY examination and but the have not received specific information from The Special Master to clarify why exactly I was not considered. I have no recollection as to the disposition [of] my hiring process as to wether [sic] it was a CNS, DEA, FRA, etc." The claimant requested that "I would like to see specific documentation from the Special Master to support his recommendations." The court reviewed the City's records of all of the individuals who took Exam 2043, and their scores and dispositions in the application process. The court verified that the claimant indeed passed Exam 2043, was not given a list number, and was not assigned a disposition code. Therefore, the claimant is ineligible for relief, and this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

17. Claimant 200004721

Special Master Hormozi recommended that Claimant 200004721 is ineligible for priority hiring relief and monetary relief because: (1) the claimant does not meet the definition of "Nonhire Claimant" because he passed Exam 2043 and he did not have a list number for Exam 2043; and (2) does not meet the definition of "Delayed Hire Claimant" because he has never

been appointed as an entry-level firefighter. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200004721 objected that "[a]fter receiving notice of my test score and passing I never received any information on when I should attend the agilities physical testing." However, the fact remains that this claimant does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

18.   Claimant 200004739

Special Master Hormozi recommended that Claimant 200004739 is ineligible for priority hiring relief and monetary relief because: (1) the claimant does not meet the definition of "Nonhire Claimant" because he passed Exam 2043 and he did not have a list number for Exam 2043; and (2) does not meet the definition of "Delayed Hire Claimant" because he has never been appointed as an entry-level firefighter. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200004739 submitted an objection form that did not indicate any specific ground for objection. Without a specific objection to the Special Master's determination, the court finds that this objection does not provide any basis for the court to modify or reject the Special Master's recommendation. Cf. Yelich, 2012 WL 5904359, at *1.

19.   Claimant 200006561

Special Master Peace recommended that Claimant 200006561 is ineligible for priority hiring relief and monetary relief because: (1) the claimant does not meet the definition of "Nonhire Claimant" because he passed Exam 2043 and he did not have a list number for Exam

2043; and (2) does not meet the definition of "Delayed Hire Claimant" because he has never been appointed as an entry-level firefighter. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200006561 objected that he "believes he meets the criteria as a 'nonhire' claimant and for monetary relief." He further objects that "it is unreasonable to expect him to be able to object to any rulings without a copy of the original 'Notice of Result' . . . which was not saved by the candidate and should have been made available." He "would [like] to know what information provided by the NYC DCAS was used to compile data." The eligibility criteria, set forth in the previous section, directed that eligibility for relief for claimants who passed Exam 2043 would be determined by the data produced by the City in a certain file containing the list numbers and disposition codes of the individuals who took the exam. The fact that the claimant has not been provided an additional copy of his Notice of Result does not change the fact that he does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

20.   Claimant 200006464

Special Master Peace recommended that Claimant 200006464 is ineligible for priority hiring relief and monetary relief because: (1) the claimant does not meet the definition of "Nonhire Claimant" because he passed Exam 2043 and he did not have a list number for Exam 2043; and (2) does not meet the definition of "Delayed Hire Claimant" because he has never been appointed as an entry-level firefighter. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200006464 objected that "I feel very strongly I was discriminated. This has changed my life. I feel I would have been a City fireman and because of this I'm not. This was very unfair to me." However, the fact remains that this claimant does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination. As set forth in the Memorandum & Order Addressing Objections, alleged intentional discrimination in the post-examination screening procedures is not within the scope of this court's liability finding, and thus cannot be considered in the criteria for relief. (See Mem. & Order Addressing Objections at 15-17.) Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

21. Claimant 200005848

Special Master Peace recommended that Claimant 200005848 is ineligible for priority hiring relief and monetary relief because: (1) the claimant does not meet the definition of "Nonhire Claimant" because he passed Exam 2043 and he did not have a list number for Exam 2043; and (2) does not meet the definition of "Delayed Hire Claimant" because he has never been appointed as an entry-level firefighter. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200005848 objected that "I, like many other minorities that took this exam should benefit, in any way possible." Without a specific objection to the Special Master's determination, however, the court finds that this objection does not provide any basis for the court to modify or reject the Special Master's recommendation. Cf. Yelich, 2012 WL 5904359, at *1.

22. <u>Claimant 200006672</u>

Special Master Peace recommended that Claimant 200006672 is ineligible for priority hiring relief and monetary relief because: (1) the claimant does not meet the definition of "Nonhire Claimant" because he passed Exam 2043 and he did not have a list number for Exam 2043; and (2) does not meet the definition of "Delayed Hire Claimant" because he has never been appointed as an entry-level firefighter. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200006672 objected that he has met all of the requirements to be a firefighter but was not called for the physical exam. However, the fact remains that this claimant does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

23. <u>Claimant 200006720</u>

Special Master Peace recommended that Claimant 200006720 is ineligible for priority hiring relief and monetary relief because: (1) the claimant does not meet the definition of "Nonhire Claimant" because he passed Exam 2043 and did not have a list number for Exam 2043 higher than 5646; and (2) does not meet the definition of "Delayed Hire Claimant" because he has never been appointed as an entry-level firefighter. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200006720 objected that "I was disqualified under the basis that I was taking prescription medicine for hypertension. I had no knowledge that do you cannot be consider [sic] for the position if under medication." However, the fact remains that this claimant had a list

number that was lower than 5646 and thus does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

24.  Claimant 200007007

Special Master Peace recommended that Claimant 200007007 is ineligible for priority hiring relief and monetary relief because:  (1) the claimant does not meet the definition of "Nonhire Claimant" because he passed Exam 2043 and did not have a list number for Exam 2043 higher than 5646; and (2) does not meet the definition of "Delayed Hire Claimant" because he has never been appointed as an entry-level firefighter.  The parties agreed to this determination.  The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200007007 objected that "I am a veteran with a list number of 107.  The games these people played with me were sad.  They placed a lot of obstacles in my path . . . intentionally, i.e.: leaving me on the stairs for over 10 minutes, then telling me my heart rate was too high."  The claimant attached to his objection a copy of his application materials, including paperwork and notifications from the post-examination screening process.  However, as set forth in the Memorandum & Order Addressing Objections, alleged intentional discrimination in the post-examination screening procedures is not within the scope of this court's liability finding, and thus cannot be considered in the criteria for relief.  (See Mem. & Order Addressing Objections at 15-17.)  The fact remains that this claimant does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past

discrimination.  Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

      25.    <u>Claimant 200003835</u>

Special Master Gonzalez recommended that Claimant 200003835 is ineligible for priority hiring and monetary relief because the claimant:  (1) passed Exam 2043 and received a list number that was not higher than 5646 and thus does not satisfy the definition of "Nonhire Claimant"; and (2) does not meet the definition of "Delayed Hire Claimant" because he has never been appointed as an entry-level firefighter.  The parties agreed to this determination.  The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200003835 objected that "[d]uring my hiring process I was disqualified because I could not afford 15 college credits tuition at the time of appointment date."  He further objected that he was denied the opportunity to have more time to get the credits, and that he was held back from the position.  However, the fact remains that this claimant does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination.  Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

****

Therefore, for the reasons stated above, the Special Masters' March 6, 2013, R&Rs are ADOPTED IN FULL.

**B.  March 13, 2013, R&Rs**

1.  Claimant 200000580

Special Master Gonzalez recommended that Claimant 200000580 is ineligible for priority hiring relief and monetary relief because the claimant is not a United States citizen and thus does not satisfy the "other lawful qualifications" necessary to be eligible for relief.

Claimant 200000580 objected that he is indeed a United States citizen, and provided a photocopy of his birth certificate to prove that he was born in the United States.  The claimant indicated on his claim form that he is a United States citizen.

The court reviewed all of the available data on the claimant.  It appears to the court that the claimant indeed failed Exam 7029 with a score higher than 25, and was not later appointed as a firefighter.  Unfortunately, however, he does not meet the other lawful qualifications.  Special Master Gonzalez's determination that he is not a United States citizen is unsupported by the underlying evidence.  However, to be eligible for relief, the claimant must not have been older than 29 on September 2, 1998.  This claimant was older than 29 on September 2, 1998. Therefore, based on this objection, Special Master Gonzalez's recommendation is modified, and Claimant 200000580 is deemed ineligible for priority hiring relief and monetary relief because he was older than 29 by the beginning of the application period for Exam 7029, and thus does not satisfy the "other lawful qualifications" necessary to be eligible for relief.

2.  Claimant 200001185

Special Master Hormozi recommended that Claimant 200001185 is ineligible for priority hiring relief and monetary relief because the claimant was older than 29 on September 2, 1998, and thus does not satisfy the "other lawful qualifications" necessary to be eligible for relief.  The

parties agreed to this determination.  The court reviewed the lists of individuals who took the two exams and the claimant's claim form and agrees with this determination.

Claimant 200001185 objected that "[a]t the time of taking the written examination I was twenty-nine years old, which declared me eligible."  However, the relevant date for purposes of determining eligibility is September 2, 1998.  Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

      3.    <u>Claimant 200001149</u>

Special Master Hormozi recommended that Claimant 200001149: (1) is ineligible for priority hiring relief because he has been appointed as an entry-level firefighter by the FDNY, and thus does not meet the definition of "Nonhire Claimant"; but (2) does meet the definition of "Delayed Hire Claimant," and has a presumptive hire date of June 11, 2006.  The parties agreed to this determination.  The court reviewed the lists of individuals who took the two exams and the claimant's claim form and agrees with this determination.

Claimant 200001149 objected that he was "left off the Special Master's list" and believes that he should be entitled to relief "due to the delay in [his] hiring."  The court agrees that he is indeed entitled to relief as a Delayed Hire Claimant.  Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

      4.    <u>Claimant 200001492</u>

Special Master Hormozi recommended that Claimant 200001492: (1) is ineligible for priority hiring relief because he has been appointed as an entry-level firefighter by the FDNY, and thus does not meet the definition of "Nonhire Claimant"; but (2) does meet the definition of "Delayed Hire Claimant," and has a presumptive hire date of February 2, 2003.  The parties

agreed to this determination. The court reviewed the lists of individuals who took the two exams and the claimant's claim form and agrees with this determination.

Claimant 200001492 objected that "I would like to be considered for appointment as a firefighter with the New York City Fire Department." Although he was appointed in late 2003, he resigned after six months due to a hostile work environment: "Jokes would be made that included mocking my ethnicity, matter of speech or accent in order to ridicule and mock my background and ethnicity. At the time I never filed a grievance with the department because I felt doing so would have been inappropriate and perhaps over reactant on my part." Although the court is sympathetic to this claimant's experience, the fact remains that he was appointed as an entry-level firefighter, and thus is ineligible for priority hiring relief. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

5.   Claimant 200002065

Special Master Peace recommended that Claimant 200002065 is ineligible for priority hiring relief and monetary relief because the claimant was older than 29 on September 2, 1998, and thus does not satisfy the "other lawful qualifications" necessary to be eligible for relief. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and the claimant's claim form and agrees with this determination.

Claimant 200002065 objected that "[a]t the time of filing for the FDNY test I was not older than 29 years old. They day I took the exam I was currently 29 years old and was eligible at that time." However, the relevant date for purposes of determining eligibility is September 2, 1998. This claimant was older than 29 on September 2, 1998. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

6. <u>Claimant 200002157</u>

Special Master Peace recommended that Claimant 200002157 is ineligible for priority hiring relief and monetary relief because the claimant was older than 29 on September 2, 1998, and thus does not satisfy the "other lawful qualifications" necessary to be eligible for relief. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and the claimant's claim form and agrees with this determination.

Claimant 200002157 submitted an objection form that did not indicate any specific ground for objection. Without a specific objection to the Special Master's determination, the court finds that this objection does not provide any basis for the court to modify or reject the Special Master's recommendation. <u>Cf.</u> <u>Yelich</u>, 2012 WL 5904359, at *1.

7. <u>Claimant 200001185</u>

Special Master Hormozi recommended that Claimant 200001185 is ineligible for priority hiring relief and monetary relief because the claimant was older than 29 on September 2, 1998, and thus does not satisfy the "other lawful qualifications" necessary to be eligible for relief. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and the claimant's claim form and agrees with this determination.

Claimant 200001185 objected that "[m]y objection is my age that was determined by the City of New York. When I took the written examination for the FDNY I was not twenty-nine years old." However, the relevant date for purposes of determining eligibility is September 2, 1998. This claimant was older than 29 on September 2, 1998. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

**\*\*\*\***

Therefore, for the reasons explained above, the Special Masters' March 13, 2013, R&Rs are ADOPTED IN PART AND MODIFIED IN PART. Special Master Gonzalez's R&R is MODIFIED to reflect that Claimant 200000580 is ineligible for priority hiring and monetary relief because he was older than 29 on September 2, 1998, and the R&Rs are otherwise ADOPTED.

### C.    March 22, 2013, R&Rs

No objections have been received from claimants who were the subject of recommendations in the March 22, 2013, R&Rs. Therefore, the Special Masters' March 22, 2013, R&Rs are ADOPTED IN FULL.

### D.    April 12, 2013 R&Rs

1.    <u>Claimant 200002225</u>

Special Master Cohen recommended that Claimant 200002225 is ineligible for both priority hiring and monetary relief because the claimant: (1) does not meet the definition of "Nonhire Claimant" because the claimant passed Exam 2043 and did not receive a list number higher than 5646 on the eligible list, and (2) the claimant does not meet the definition of "Delayed Hire Claimant" because he has never been appointed as an entry-level firefighter. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200002225 objected that "[a]lthough I passed exam 2043 and didn't receive a list number higher than 5646 on the exam list, I never received any information/correspondence in regards to beginning the pre-employment background investigation process, nor any information regarding employment consideration at that time period." The claimant submitted an additional objection that explaining that he lives at the same address where he lived during the

32

application process, and that he did not receive any mailings relating to his application. As set forth in the Memorandum & Order Addressing Objections, alleged intentional discrimination in the post-examination screening procedures is not within the scope of this court's liability finding, and thus cannot be considered in the criteria for relief. (See Mem. & Order Addressing Objections at 15-17.) The fact remains that this claimant does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

      2.    <u>Claimant 200002583</u>

Special Master Cohen recommended that Claimant 200002583 is ineligible for both priority hiring and monetary relief because the claimant: (1) does not meet the definition of "Nonhire Claimant" because the claimant passed Exam 7029, and (2) the claimant does not meet the definition of "Delayed Hire Claimant" because he has never been appointed as an entry-level firefighter. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and the correspondence between the parties regarding this claimant and agrees with this determination.

Claimant 200002583 objected that he never received a disposition code stating the reason for his disqualification from being hired as a firefighter. The claimant further objected that "[i]f I had been called I would have meet [sic] the requirements" and that he has heard that white candidates with less qualifications were waived through the process. According to the claimant, "[i]t seem like you're splitting hairs- discrimination is discrimination no matter how you choose to dress it up." However, as set forth in the Memorandum & Order Addressing Objections, alleged intentional discrimination in the post-examination screening procedures is not within the

scope of this court's liability finding, and thus cannot be considered in the criteria for relief. (See Mem. & Order Addressing Objections at 15-17.) The fact remains that this claimant does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

3.    Claimant 200007164

Special Master Cohen recommended that Claimant 200007164 is ineligible for both priority hiring and monetary relief because the claimant: (1) does not meet the definition of "Nonhire Claimant" because the claimant passed Exam 2043 and did not receive a list number on the eligible list, and (2) the claimant does not meet the definition of "Delayed Hire Claimant" because she has never been appointed as an entry-level firefighter. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200007164 objected that "[i]n 2002 I took exam 2043 that was revamped due to discrimination allegations that were made. In 2011 I took exam 2000 and 2500 and passed." However, the claimant's scores on tests other than Exam 2043 and Exam 7029 are irrelevant to her eligibility for relief. The fact remains that this claimant does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

4.    Claimant 200002895

Special Master Cohen recommended that Claimant 200002985 is ineligible for both priority hiring and monetary relief because the claimant: (1) does not meet the definition of

"Nonhire Claimant" because the claimant passed both Exam 7029 and Exam 2043, received a disposition code of "NQA" on the 7029 list, and did not receive a list number on the Exam 2043 list; and (2) does not meet the definition of "Delayed Hire Claimant" because he has never been appointed as an entry-level firefighter. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200002895 objected that "I was not called off Either List # 7029 & 2043 and had sent in a protest of discrimination [sic] after the Physical # 7029 for which I have received no consideration." However, the fact remains that this claimant does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination, because he did not receive a list number on the Exam 2043 eligible list, and his list number on Exam 7029 was not higher than 5646. As set forth in the Memorandum & Order Addressing Objections, alleged intentional discrimination in the post-examination screening procedures is not within the scope of this court's liability finding, and thus cannot be considered in the criteria for relief. (See Mem. & Order Addressing Objections at 15-17.) Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

5.    Claimant 200003497

Special Master Gonzalez recommended that Claimant 200003497 is ineligible for both monetary relief and priority hiring relief because the claimant passed Exam 2043, did not receive a list number and was not later hired as an entry-level firefighter, and therefore does not meet the definition of "Nonhire Claimant" or "Delayed Hire Claimant." The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and the correspondence between the parties regarding this claimant and agrees with this determination.

Claimant 200003497 objected that he met all the criteria and was never contacted for a physical exam, and followed up several times only to be told to wait until called for his exam. He alleged that he was never called for his physical examination, and believes that he should be considered for monetary relief because he feels that he was discriminated against. However, as set forth in the Memorandum & Order Addressing Objections, alleged intentional discrimination in the post-examination screening procedures is not within the scope of this court's liability finding, and thus cannot be considered in the criteria for relief. (See Mem. & Order Addressing Objections at 15-17.) Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

6.    Claimant 200004129

Special Master Gonzalez recommended that Claimant 200004129 is ineligible for both monetary relief and priority hiring relief because the claimant passed Exam 2043, did not receive a list number and was not later hired as an entry-level firefighter, and therefore does not meet the definition of "Nonhire Claimant" or "Delayed Hire Claimant." The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and the correspondence between the parties regarding this claimant and agrees with this determination.

Claimant 200004129 objected that "the court did not considered [sic] a claim for individuals who did not receive a list number. Due to this oversight, I have fallen outside of this claim. . . . I am looking for the court to remedy this oversight." However, the exclusion of claimants who did not receive a list number on the Exam 2043 eligible list is not due to oversight. The criteria for eligibility were determined based on the class of individuals determined to be victims of the City's discrimination. According to the information provided by the City, the claimant did not receive a list number because he failed to appear for his scheduled

physical examination and thus falls outside the eligibility criteria. Therefore, the fact remains that this claimant does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination, and this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

7.   Claimant 200007088

Special Master Gonzalez recommended that Claimant 200007088 is ineligible for both monetary relief and priority hiring relief because the claimant did not take either Exam 2043 or Exam 7029, and therefore does not meet the definition of Nonhire or Delayed-Hire Claimant. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and the correspondence between the parties regarding this claimant and agrees with this determination.

Claimant 200007088 objected that he took Exam 7514, which was administered to EMTs and Paramedics already working for the FDNY and was the same test as Exam 7029. He objected that this means that he "undeniably took Exam 7029" and thus should be eligible for relief. However, this court's liability findings were limited to Exam 7029 and Exam 2043, and did not involve Exam 7514 or other exams. Therefore, the fact remains that this claimant does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination. This objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

8.   Claimant 200004529

Special Master Gonzalez recommended that Claimant 200004529 is ineligible for both monetary relief and priority hiring relief because the claimant passed Exam 7029 and was not later hired as an entry-level firefighter, and therefore does not meet the definition of Nonhire or

Delayed-Hire Claimant.  The parties agreed to this determination.  The court reviewed the lists of individuals who took the two exams and the correspondence between the parties regarding this claimant and agrees with this determination.

Claimant 200004529 objected that he presents unique circumstances that merit an exception to the eligibility criteria.  He objected that "I have met all FDNY requirements and complied with all FDNY criteria, however, I was subject to clear issues with FDNY rank order hiring practices which very well may not have been intentional however the impact to me is clearly evident."  He objected that although he passed Exam 7029, he "was otherwise NOT found to have any code that would disqualify me from entry level firefighter employment."  However, as discussed fully in the court's March 8, 2012, Order, individuals who passed Exam 7029 are not within the category of individuals considered to be victims of the City's discrimination.  (See Mar. 8, 2012, Order (Dkt. 825) at 2-12.)  The fact remains that because the claimant passed Exam 7029, he falls outside the class of persons determined to be victims of the City's past discrimination.  Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

9.    Claimant 200004817

Special Master Hormozi recommended that Claimant 200004817 is ineligible for both monetary relief and priority hiring relief because the claimant:  (1) passed Exam 7029 and thus does not meet the definition of "Nonhire Claimant"; and (2) does not meet the definition of "Delayed Hire Claimant" because the claimant received a code of FRI and was not hired from the 7029 list, and thus does not meet the definition of "Delayed Hire Claimant."  The parties agreed to this determination.  The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200004817 objected that "I object to the disposition code FRI (failed to report for interview), I was not given an interview date for a position as an entry-level firefighter for FDNY." However, the fact remains that this claimant does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination. Even if the claimant was improperly given the disposition code, he does not meet the criteria for relief because he passed Exam 7029 and was not hired. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

      10.   <u>Claimant 200004849</u>

Special Master Hormozi recommended that Claimant 200004849 is ineligible for both monetary relief and priority hiring relief because the claimant: (1) passed Exam 7029 and thus does not meet the definition of "Nonhire Claimant"; and (2) was never been appointed as an entry-level firefighter and thus does not meet the definition of "Delayed Hire Claimant." The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200004849 objected that "[a]lthough I passed Exam 7029, a low score is what prevented me from being hired." As discussed fully in the court's March 8, 2012, Order, the City exhausted the list of individuals who passed Exam 7029 and were certified eligible for hire. (<u>See</u> Mar. 8, 2012, Order at 2-12.) Therefore, because he passed Exam 7029, the claimant does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

11.    Claimant 200004911

Special Master Hormozi recommended that Claimant 200004911 is ineligible for both

monetary relief and priority hiring relief because the claimant:  (1) passed Exam 7029 and thus

does not meet the definition of "Nonhire Claimant"; and (2) was never been appointed as an

entry-level firefighter and thus does not meet the definition of "Delayed Hire Claimant."  The

parties agreed to this determination.  The court reviewed the lists of individuals who took the two

exams and agrees with this determination.

Claimant 200004911 objected that "I allege that the City's discrimination was not limited

to the bias[ed] written examinations.  It reached far beyond that.  It is evident that discriminatory

hiring practices were pervasive throughout the post-examination hiring process as well."  The

claimant asserted that "[i]t is therefore my belief that my situation warrants eligibility for relief

and therefore should be re-evaluated."  However, as set forth in the Memorandum & Order

Addressing Objections, alleged intentional discrimination in the post-examination screening

procedures is not within the scope of this court's liability finding, and thus cannot be considered

in the criteria for relief.  (See Mem. & Order Addressing Objections at 15-17.)  Therefore, this

objection does not provide any basis for the court to modify or reject the Special Master's

recommendation.

12.    Claimant 200005228

Special Master Hormozi recommended that Claimant 200005228 is ineligible for both

monetary relief and priority hiring relief because the claimant:  (1) does not meet the definition

of "Nonhire Claimant" because the claimant passed Exam 2043, did not receive a list number

higher than 5646, and received a disposition code of "CNS" the last time the claimant was

certified from the Exam 2043 eligible list; and (2) the claimant does not meet the definition of

"Delayed Hire Claimant" because the claimant has never been appointed as an entry-level firefighter.  Special Master Hormozi additionally recommended that, even if the claimant did meet either definition, the claimant would still be ineligible for relief because the claimant was convicted of felonies in 1995 and 2004, and thus does not satisfy the "other lawful qualifications" required for relief.  The parties agreed to this determination.

Claimant 200005228 objected that despite having a list number of 2178 and meeting all of the qualifications, he was improperly given a disposition code of CNS.  Therefore, the Special Masters and the court should find that his unique circumstances warrant an equitable exception to the criteria.  He further objected that his prior contacts with the law were not felonies, and that "just because I am a Latino, I am being discriminated against for felonies I do not have."  The claimant attached the certificates of disposition from both of his prior offenses.

The court reviewed the City's records of the individuals who took Exam 2043, and agrees that the claimant had a list number that was not higher than 5646.  Therefore, he is not within the class of persons determined to have been victims of the City's discrimination, and is ineligible for relief.  As set forth in the Memorandum & Order Addressing Objections, alleged intentional discrimination in the post-examination screening procedures is not within the scope of this court's liability finding, and thus cannot be considered in the criteria for relief.  (See Mem. & Order Addressing Objections at 15-17.)  Because the court concludes that it is the claimant's list number that precludes him from satisfying the criteria for a "Non-Hire Claimant," Special Master Hormozi's R&R is modified to the extent that it refers to the claimant's felonies as disqualifying him from relief.

13.    Claimant 200005727

Special Master Hormozi recommended that Claimant 200005727 is ineligible for both monetary relief and priority hiring relief because the claimant: (1) passed Exam 2043 and did not receive a list number on the Exam 2043 eligible list, and thus does not meet the definition of "Nonhire Claimant"; and (2) has never been appointed as an entry-level firefighter and thus does not meet the definition of "Delayed Hire Claimant." The parties agreed to this determination.

Claimant 200005727 objected that he once had a list number, and that his list number has "miraculously disappeared so conveniently to disqualify [him] from relief." The claimant objected that denying him relief based on his lack of list number is akin to a poll tax or a grandfather clause for voting. The claimant requested information about why he did not receive a list number.

The court reviewed the list of individuals who took Exam 2043, which was provided by the City as part of this lawsuit. The court also reviewed all of the parties' correspondence relating to this claimant. Before making her recommendation, Special Master Hormozi asked that the City provide information and any existing supporting evidence on why this claimant was not given a list number. The City provided its record that the claimant was not given a list number because he failed to appear for the physical component of the exam, which was scheduled for August 12, 2003. Thus, this claimant does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination, and this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

14.  Claimant 200006309

Special Master Peace recommended that Claimant 200006309 is ineligible for both monetary relief and priority hiring relief because the claimant:  (1) passed Exam 7029 and thus does not meet the definition of "Nonhire Claimant"; and (2) has never been appointed as an entry-level firefighter and thus does not meet the definition of "Delayed Hire Claimant."  The parties agreed to this determination.  The court reviewed the lists of individuals who took the two exams and the correspondence between the parties regarding this claimant and agrees with this determination.

Claimant 200006309 objected that "[d]espite me passing exam #7029, [neither] DCAS nor FDNY contacted me to take the physical portion of [the] exam to get an established list number.  I can't understand why I am not eligible for the job, being that I was passed over." Before making his recommendation, Special Master Peace asked that the City provide information and any existing supporting evidence on why this claimant was not given a list number.  The City provided its record that the claimant was not given a list number because he failed to appear for the physical component of the exam, which was scheduled for May 15, 2000. The fact remains that this claimant does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

15.  Claimant 200006800

Special Master Peace recommended that Claimant 200006800 is ineligible for both monetary relief and priority hiring relief because the claimant:  (1) passed Exam 2043 and had a list number that was not higher than 5646, and thus does not meet the definition of "Nonhire

Claimant"; and (2) has never been appointed as an entry-level firefighter and thus does not meet the definition of "Delayed Hire Claimant." The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and the correspondence between the parties regarding this claimant and agrees with this determination.

Claimant 200006800 objected that "I have looked back at my test results card and the list number is left blank. I don't understand where this number came from based on the fact it is left blank on my test results card." As explained in the in the court's March 8, 2012, Order, applicants who passed the written examinations were called to take a physical performance test, and, if they passed, were put on a rank-order hiring eligibility list. (See Mar. 8, 2012, Order at 2-12.) Therefore, this claimant's list number was not assigned to him at the time he received his written test results, but later in the application process. However, the fact remains that this claimant's list number was not higher than 5646 and he thus does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

16.     Claimant 200006852

Special Master Peace recommended that Claimant 200006852 is ineligible for both monetary relief and priority hiring relief because the claimant: (1) passed Exam 2043 and did not receive a list number and thus does not meet the definition of "Nonhire Claimant"; and (2) has never been appointed as an entry-level firefighter and thus does not meet the definition of "Delayed Hire Claimant." The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and the correspondence between the parties regarding this claimant and agrees with this determination.

Claimant 200006852 objected that "[I] was dismissively not given a list number higher than 5646 even though I passed the written exam. Culpability lies with the FDNY for not doing so as again I was biased against." Before making his recommendation, Special Master Peace asked that the City provide information and any existing supporting evidence on why this claimant was not given a list number. The City provided its record that the claimant was not given a list number because he failed to appear for the physical component of the exam, which was scheduled for October 14, 2003. As set forth in the Memorandum & Order Addressing Objections, alleged intentional discrimination in the post-examination screening procedures is not within the scope of this court's liability finding, and thus cannot be considered in the criteria for relief. (See Mem. & Order Addressing Objections at 15-17.) The fact remains that this claimant does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

17. Claimant 200007025

Special Master Peace recommended that Claimant 200007025 is ineligible for both monetary relief and priority hiring relief because the claimant: (1) passed Exam 2043 and had a list number that was not higher than 5646, and thus does not meet the definition of "Nonhire Claimant"; and (2) has never been appointed as an entry-level firefighter and thus does not meet the definition of "Delayed Hire Claimant." The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and the correspondence between the parties regarding this claimant and agrees with this determination.

Claimant 200007025 objected that "I was never notified of my date to attend the physical portion of the exam." She further objected that she visited the DCAS location and "they could

not identify whether a notification was sent to my address when the physical occurred . . . [but] it shows in their system that I did not attend." Before making his recommendation, Special Master Peace asked that the City provide information and any existing supporting evidence on why this claimant was not given a list number. The City provided its record that the claimant was not given a list number because she failed to appear for the physical component of the exam, which was scheduled for July 22, 2003. The fact remains that this claimant does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

18.     Claimant 200002621

Special Master Cohen recommended that Claimant 200002621 is ineligible for both monetary relief and priority hiring relief because the claimant:  (1) passed Exam 7029 and therefore does not meet the definition of "Nonhire Claimant"; and (2) has never been appointed as an entry-level firefighter and therefore does not meet the definition of a "Delayed Hire Claimant."  He additionally recommended that the claimant does not meet the "other lawful qualifications" because the claimant reached his 29th birthday before the beginning of the application period for Exam 7029. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200002621 objected that "I was not hired based on my race (African-American)."  He further objected that "the age requirement for list #7029 needs reviewing."  As set forth in the Memorandum & Order Addressing Objections, alleged intentional discrimination in the post-examination screening procedures is not within the scope of this court's liability finding, and thus cannot be considered in the criteria for relief.  (See Mem. & Order Addressing

Objections at 15-17.)  This claimant's objection to the age requirement is an objection to the criteria—and not the eligibility determination made by the Special Master—and presents no specific basis for the court to modify or reject the Special Master's recommendation.  Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

19.    Claimant 200002713

Special Master Cohen recommended that Claimant 200002713 is ineligible for both monetary relief and priority hiring relief because the claimant:  (1) passed Exam 7029 and therefore does not meet the definition of "Nonhire Claimant"; and (2) has never been appointed as an entry-level firefighter and therefore does not meet the definition of a "Delayed Hire Claimant."  The parties agreed to this determination.  The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200002713 objected that the court should re-evaluate his eligibility based on the recent media evidence of widespread racial animosity in the FDNY.  He argued that this evidence shows that despite his passing score on the written examination, racial animus and discrimination in the FDNY prevented him from being hired.  However, as set forth in the Memorandum & Order Addressing Objections, alleged intentional discrimination in the post-examination screening procedures is not within the scope of this court's liability finding, and thus cannot be considered in the criteria for relief.  (See Mem. & Order Addressing Objections at 15-17.)  Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

20.    <u>Claimant 200002927</u>

Special Master Cohen recommended that Claimant 200002927 is ineligible for both monetary relief and priority hiring relief because the claimant:  (1) passed Exam 7029 and therefore does not meet the definition of "Nonhire Claimant"; and (2) has never been appointed as an entry-level firefighter and therefore does not meet the definition of a "Delayed Hire Claimant."  The parties agreed to this determination.  The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200002927 objected that he is a Hispanic applicant and took an examination that has been found to be discriminatory.  However, the fact remains that the claimant passed Exam 7029 and thus does not fall within the class of persons determined to be victims of the City's past discrimination.  Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

21.    <u>Claimant 200002987</u>

Special Master Cohen recommended that Claimant 200002987 is ineligible for both monetary relief and priority hiring relief because the claimant:  (1) passed Exam 7029 and therefore does not meet the definition of "Nonhire Claimant"; and (2) has never been appointed as an entry-level firefighter and therefore does not meet the definition of a "Delayed Hire Claimant."  The parties agreed to this determination.  The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200002987 objected that it was an "unfair hiring process.  I scored a 98 on the written and a 100 on the physical exam and was not hired."  The claimant further objected that he was told that he was not hired because he failed the heart monitor exam, which was administered by an off-duty white firefighter who had a biased attitude toward him.  However, as

set forth in the Memorandum & Order Addressing Objections, alleged intentional discrimination in the post-examination screening procedures is not within the scope of this court's liability finding, and thus cannot be considered in the criteria for relief.  (See Mem. & Order Addressing Objections at 15-17.)  The fact remains that this claimant does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination.  Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

22.    Claimant 200003065

Special Master Cohen recommended that Claimant 200003065 is ineligible for both monetary relief and priority hiring relief because the claimant:  (1) passed Exam 7029 and therefore does not meet the definition of "Nonhire Claimant"; and (2) has never been appointed as an entry-level firefighter and therefore does not meet the definition of a "Delayed Hire Claimant."  The parties agreed to this determination.  The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200003065 objected that "I was never issued a list number, never given correct disposition code, which had a disparate effect on my candidacy.  I now seek punitive damages for mental stress this has caused me."  However, as set forth in the Memorandum & Order Addressing Objections, alleged intentional discrimination in the post-examination screening procedures is not within the scope of this court's liability finding, and thus cannot be considered in the criteria for relief.  (See Mem. & Order Addressing Objections at 15-17.)  The fact remains that this claimant does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination.  Therefore, this objection

does not provide any basis for the court to modify or reject the Special Master's recommendation.

      23.   <u>Claimant 200003076</u>

Special Master Cohen recommended that Claimant 200003076 is ineligible for both monetary relief and priority hiring relief because the claimant:  (1) passed Exam 2043 and did not receive a list number higher than 5646 on the eligible list and therefore does not meet the definition of "Nonhire Claimant"; and (2) has never been appointed as an entry-level firefighter and therefore does not meet the definition of a "Delayed Hire Claimant."  The parties agreed to this determination.  The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200003076 objected that "I believe that the investigation of my original objection was not thoroughly conducted.  I believe there should be further investigation of my claims."  He further objected that Special Master Cohen's recommendation does not explain why a list number lower than 5646 precludes the claimant from eligibility.  He asserted that he knows of claimants who passed Exam 2043 and have been deemed eligible for relief and does not understand how he is any different from those individuals.

As discussed more fully in the court's March 8, 2012, Order, the City did not exhaust the entire eligible list for Exam 2043, but it did exhaust the entire eligible list for Exam 7029.  (See Mar. 8, 2012, Order at 2-12.)  Therefore, "candidates who ranked too poorly on [Exam 2043] had 'failed' the 'rankings test' of the Exam."  (Id. at 7.)  Thus, the court determined that relief must be awarded to certain black and Hispanic individuals who took Exam 2043 and passed but received a list number so low that they had essentially failed the test.  This claimant does not fall

into that group. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

24. Claimant 200006937

Special Master Cohen recommended that Claimant 200006937 is ineligible for both monetary relief and priority hiring relief because the claimant: (1) passed Exam 7029 and therefore does not meet the definition of "Nonhire Claimant"; and (2) has never been appointed as an entry-level firefighter and therefore does not meet the definition of a "Delayed Hire Claimant." The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200006937 objected that based on the qualifications listed in the Special Master's report and recommendation, "I was more than qualified to hold a position at the FDNY. Furthermore I actually took and passed the written exam on two separate occasions and no action leading towards my employment with FDNY was ever taken or brought to my attention." However, the fact remains that this claimant passed Exam 7029 and is therefore not within the class of persons determined to be victims of the City's past discrimination. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

25. Claimant 200003518

Special Master Gonzalez recommended that Claimant 200003518 is ineligible for both monetary relief and priority hiring relief because the claimant: (1) passed Exam 7029 and therefore does not meet the definition of "Nonhire Claimant"; and (2) has never been appointed as an entry-level firefighter and therefore does not meet the definition of a "Delayed Hire

Claimant."  The parties agreed to this determination.  The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200003518 objected that he is entitled to an equitable exception to the eligibility criteria based on the fact that he passed Exam 7029 but did not receive a list number due to "administrative or other failures on the part of the City and/or the FDNY."  Specifically, he objected that those failures included "(a) not advising me in the first instance that I had successfully passed the Exam, and (b) not notifying me of additional physical testing and other background investigatory work necessary to obtain a list number and compete for an entry-level firefighter position with the FDNY."  The claimant set forth all of the steps he has taken to apply to the FDNY in recent months, and argued that he is in all other ways qualified to be a firefighter.

Though the court acknowledges the effort this claimant has made to attain his goal of appointment as an entry-level firefighter, the fact remains that this claimant is not within the class of individuals determined to be victims of the City's past discrimination.  The liability finding in this case relates to the disparate impact of Written Examinations 2043 and 7029, not the post-examination screening procedures used by the City.  The equitable exceptions described in the court's Memorandum & Order Addressing Objections may, for example, apply to persons who are within the class of victims but due to an administrative error are given a disposition code that would exclude them from relief.  (See Mem. & Order Addressing Objections at 15-17.) Because this claimant passed Exam 7029, he is not within the class of victims.  Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

26.     Claimant 200003531

Special Master Gonzalez recommended that Claimant 200003531 is ineligible for both monetary relief and priority hiring relief because the claimant: (1) passed Exam 7029 and therefore does not meet the definition of "Nonhire Claimant"; and (2) has never been appointed as an entry-level firefighter and therefore does not meet the definition of a "Delayed Hire Claimant." The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200003531 objected that "I did not receive any correspondence from DCAS or FDNY to indicate my status in the whole process." However, the fact remains that this claimant does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

27.     Claimant 200003645

Special Master Gonzalez recommended that Claimant 200003645 is ineligible for both monetary relief and priority hiring relief because the claimant: (1) passed Exam 7029 and therefore does not meet the definition of "Nonhire Claimant"; and (2) has never been appointed as an entry-level firefighter and therefore does not meet the definition of a "Delayed Hire Claimant." The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200003645 objected that "I sincerely and strongly feel I was discriminated on the second part of the exam. The monitor that was assigned to me was not paying attention to me throughout my engagement of the exam . . . he intentionally ignored me." He further objected that "I never received my scores for the 2nd part of the firefighter physical ability exam

for 7029." However, as set forth in the Memorandum & Order Addressing Objections, alleged intentional discrimination in the post-examination screening procedures is not within the scope of this court's liability finding, and thus cannot be considered in the criteria for relief. (See Mem. & Order Addressing Objections at 15-17.) Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

28.     Claimant 200003727

Special Master Gonzalez recommended that Claimant 200003727 is ineligible for both monetary relief and priority hiring relief because the claimant: (1) passed Exam 2043, did not receive a list number, and therefore does not meet the definition of "Nonhire Claimant"; and (2) has never been appointed as an entry-level firefighter and therefore does not meet the definition of a "Delayed Hire Claimant." The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and the correspondence between the parties relating to this claimant and agrees with this determination.

Claimant 200003727 objected that "the sole reason I don't have a list number is because I didn't take the physical. I never received anything in the mail regarding my physical date or time." He further objected that "[i]t is unjust to lose this opportunity again based on not receiving a piece of mail." However, the fact remains that this claimant does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

29.     Claimant 200003728

Special Master Gonzalez recommended that Claimant 200003728 is ineligible for both monetary relief and priority hiring relief because the claimant: (1) passed Exam 7029 and

therefore does not meet the definition of "Nonhire Claimant"; and (2) has never been appointed as an entry-level firefighter and therefore does not meet the definition of a "Delayed Hire Claimant." The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and the correspondence between the parties relating to this claimant and agrees with this determination.

Claimant 200003728 objected that "[m]y understanding is that the written test was ruled biased against minorities. And although I passed the test, logic would dictate that I would have gotten a higher score if it wasn't biased. It's my belief that a higher score would have resulted in me being chosen." However, as discussed in the court' March 8, 2012, Order, the City exhausted the list created from Exam 7029. According to the City's records, this claimant was not put on the list because he did not appear for his scheduled physical exam. Because he passed Exam 7029, he does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

30.  Claimant 200000103

Special Master Gonzalez recommended that Claimant 200000103 is ineligible for both monetary relief and priority hiring relief because the claimant had not obtained United States citizenship by four years after May 5, 2004, the date of establishment of the eligible list for Exam 2043, and therefore the claimant does not satisfy the "other lawful qualifications" required to be eligible for relief. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and the claimant's claim form and agrees with this determination.

Claimant 200000103 objected that he has been training very hard and making sacrifices to attain his goal of becoming a firefighter. Unfortunately, however, because he did not attain citizenship until August 2010, he does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

31.     Claimant 200004583

Special Master Hormozi recommended that Claimant 200004583 is ineligible for both monetary relief and priority hiring relief because the claimant: (1) passed Exam 7029 and therefore does not meet the definition of "Nonhire Claimant"; and (2) has never been appointed as an entry-level firefighter and therefore does not meet the definition of a "Delayed Hire Claimant." The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200004583 objected that "there is no legitimate reason for my not receiving a list number on the eligible list or my never being appointed by the FDNY as an entry-level firefighter. . . . Not only did the exam have 'discriminating factors,' the hiring process did as well." However, as set forth in the Memorandum & Order Addressing Objections, alleged intentional discrimination in the post-examination screening procedures is not within the scope of this court's liability finding, and thus cannot be considered in the criteria for relief. (See Mem. & Order Addressing Objections at 15-17.) The fact remains that this claimant does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

32.    Claimant 200004697

Special Master Hormozi recommended that Claimant 200004697 is ineligible for both monetary relief and priority hiring relief because the claimant:  (1) passed Exam 7029 and therefore does not meet the definition of "Nonhire Claimant"; and (2) after being certified for the Exam 7029 eligible list, received a disposition code of "NQA" and was never been appointed as an entry-level firefighter and therefore does not meet the definition of a "Delayed Hire Claimant."  The parties agreed to this determination.  The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200004697 objected that he received the disposition code of "NQA" (Not Qualified for Appointment) because the City improperly excluded him and failed to respond to his attempts to proceed in the post-examination screening procedures.  The claimant asked that the court make an exception for him based on his unique circumstances.  However, as set forth in the Memorandum & Order Addressing Objections, alleged intentional discrimination in the post-examination screening procedures is not within the scope of this court's liability finding, and thus cannot be considered in the criteria for relief.  (See Mem. & Order Addressing Objections at 15-17.)  The fact remains that this claimant does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination.  Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

33.    Claimant 200004789

Special Master Hormozi recommended that Claimant 200004789 is ineligible for both monetary relief and priority hiring relief because the claimant:  (1) passed Exam 2043, did not receive a list number higher than 5646 on the Exam 2043 eligible list, and received a disposition

code of "CNS," and therefore does not meet the definition of "Nonhire Claimant"; and (2) has never been appointed as an entry-level firefighter and therefore does not meet the definition of a "Delayed Hire Claimant." The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200004789 objected that the disposition code of CNS was not "specific of why I was not hired, when I passed all the necessary steps I needed in order to get hired . . . . I feel that I was turned down and looked over because I was not a white applicant which is ninety percent of the FDNY." However, as set forth in the Memorandum & Order Addressing Objections, alleged intentional discrimination in the post-examination screening procedures is not within the scope of this court's liability finding, and thus cannot be considered in the criteria for relief. (See Mem. & Order Addressing Objections at 15-17.) The fact remains that this claimant does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

34.     Claimant 200004878

Special Master Hormozi recommended that Claimant 200004787 is ineligible for both monetary relief and priority hiring relief because the claimant: (1) passed Exam 7029 and therefore does not meet the definition of "Nonhire Claimant"; and (2) received a disposition code of "NQA" (Not Qualified for Appointment) and has never been appointed as an entry-level firefighter and therefore does not meet the definition of a "Delayed Hire Claimant." The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200004878 objected that "I was never informed that I was not qualified for appointment to become a firefighter, be it verbally in person, over the phone, or by any written correspondence through the mail. I am still trying to ascertain why I'm being penalized for passing the written exam." The claimant further objected to the timing of his receipt of the Special Master's recommendation, and argued that he was not given enough time to submit a timely objection.[4] However, because he passed Exam 7029, this claimant does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

35.    Claimant 200005146

Special Master Hormozi recommended that Claimant 200005146 is ineligible for both monetary relief and priority hiring relief because the claimant: (1) passed Exam 2043, did not receive a list number higher than 5646 on the Exam 2043 eligible list, and received a disposition code of "NQA" (Not Qualified for Appointment) and therefore does not meet the definition of "Nonhire Claimant"; and (2) has never been appointed as an entry-level firefighter and therefore does not meet the definition of a "Delayed Hire Claimant." The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and the correspondence between the parties regarding this claimant and agrees with this determination.

Claimant 200005146 objected that he scored well on the written examination and physical examination and has not been given an explanation for why he was not appointed as an entry-level firefighter. He further objected that it is not fair that he is excluded from relief based

---

[4]    According to the claimant, he received the Special Master's R&R on April 24, 2013. He expressed concern that the objection would not be received by the court by April 26, 2013, as required by the Special Master's R&R, and thus would not be considered by the court. He included in his objection proof of mailing. The court considered this claimant's objection timely and conducted a de novo review of the Special Master's recommendation regarding the claimant's eligibility.

on the fact that he passed the written test.  According to the City's records, the claimant was given the code of NQA because he had not fulfilled the education requirements necessary for appointment.  Regardless, the fact remains that this claimant does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

  36. <u>Claimant 200005163</u>

  Special Master Hormozi recommended that Claimant 200005163 is ineligible for both monetary relief and priority hiring relief because the claimant:  (1) passed Exam 2043, did not receive a list number higher than 5646 on the Exam 2043 eligible list, and therefore does not meet the definition of "Nonhire Claimant"; and (2) has never been appointed as an entry-level firefighter and therefore does not meet the definition of a "Delayed Hire Claimant."  The parties agreed to this determination.  The court reviewed the lists of individuals who took the two exams and the parties' correspondence regarding this claimant and agrees with this determination.

  Claimant 200005163 objected that he never received any correspondence from the FDNY with respect to his list number or status, even though DCAS had his updated address.  According to the City's records, the claimant was disqualified from the hiring process because he failed to report to his intake interview.  Although the claimant objected that this was due to lack of notice from the City, the fact remains that this claimant scored high enough on Exam 2043 that he does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination.  Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

37.   Claimant 200005384

Special Master Hormozi recommended that Claimant 200005384 is ineligible for both monetary relief and priority hiring relief because the claimant:  (1) passed Exam 7029 and therefore does not meet the definition of "Nonhire Claimant"; and (2) has never been appointed as an entry-level firefighter and therefore does not meet the definition of a "Delayed Hire Claimant."  Special Master Hormozi recommended that even if the claimant did meet either of these definitions, the claimant would be ineligible for relief because he reached his 29th birthday before September 2, 1998, and thus does not satisfy the "other lawful qualifications" required for relief.  The parties agreed to this determination.  The court reviewed the lists of individuals who took the two exams and the parties' correspondence about this claimant and agrees with this determination.

Claimant 200005384 objected that he was subjected to discrimination in the post-examination screening process, and that he was unfairly disqualified from the application process.  However, as set forth in the Memorandum & Order Addressing Objections, alleged intentional discrimination in the post-examination screening procedures is not within the scope of this court's liability finding, and thus cannot be considered in the criteria for relief.  (See Mem. & Order Addressing Objections at 15-17.)  Moreover, the City's records indicate that this claimant was disqualified as overage.  Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

38.   Claimant 200005391

Special Master Hormozi recommended that Claimant 200005391 is ineligible for both monetary relief and priority hiring relief because the claimant:  (1) passed Exam 7029 and therefore does not meet the definition of "Nonhire Claimant"; and (2) has never been appointed

as an entry-level firefighter and therefore does not meet the definition of a "Delayed Hire Claimant." The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200005391 objected that "I have met the criteria aforementioned [eligibility as a claimant]. I am a Black applicant and I took and passed Exam No. 7029 in 1999." He further objected that he was improperly disqualified from appointment as an entry-level firefighter because the City never contacted him for further processing after his physical examination. However, the fact remains that this claimant does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination. As set forth in the Memorandum & Order Addressing Objections, alleged intentional discrimination in the post-examination screening procedures is not within the scope of this court's liability finding, and thus cannot be considered in the criteria for relief. (See Mem. & Order Addressing Objections at 15-17.) Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

39.     Claimant 200005632

Special Master Hormozi recommended that Claimant 200005632 is ineligible for both monetary relief and priority hiring relief because the claimant: (1) passed Exam 2043, did not receive a list number on the Exam 2043 eligible list, and therefore does not meet the definition of "Nonhire Claimant"; and (2) has never been appointed as an entry-level firefighter and therefore does not meet the definition of a "Delayed Hire Claimant." The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and the parties' correspondence regarding this claimant and agrees with this determination.

Claimant 200005632 objected that "I feel that due to the fact that I passed the FDNY test in the year of 2005 . . . I should not be penalized as I was in fact on the eligible list however, did not receive any further notice to continue in the process." He further objected that the City had not given him an explanation as to why he was not given a list number, and that he feels he was not given the opportunity to proceed because of his race. According to the City's records, this claimant did not receive a list number because he did not appear as scheduled for the physical exam. As set forth in the Memorandum & Order Addressing Objections, alleged intentional discrimination in the post-examination screening procedures is not within the scope of this court's liability finding, and thus cannot be considered in the criteria for relief. (See Mem. & Order Addressing Objections at 15-17.) Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

40. Claimant 200005942

Special Master Peace recommended that Claimant 200005942 is ineligible for both monetary relief and priority hiring relief because the claimant: (1) passed Exam 7029 and therefore does not meet the definition of "Nonhire Claimant"; and (2) has never been appointed as an entry-level firefighter and therefore does not meet the definition of a "Delayed Hire Claimant." The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and the parties' correspondence regarding this claimant and agrees with this determination.

Claimant 200005942 objected that he was never contacted about employment, even though he passed the written examination. However, the fact remains that because this claimant passed Exam 7029 he does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination. Therefore, this objection

does not provide any basis for the court to modify or reject the Special Master's recommendation.

41. <u>Claimant 200006322</u>

Special Master Peace recommended that Claimant 200006322 is ineligible for both monetary relief and priority hiring relief because the claimant:  (1) passed Exam 7029 and therefore does not meet the definition of "Nonhire Claimant"; and (2) has never been appointed as an entry-level firefighter and therefore does not meet the definition of a "Delayed Hire Claimant."  The parties agreed to this determination.  The court reviewed the lists of individuals who took the two exams and the parties' correspondence regarding this claimant and agrees with this determination.

Claimant 200006322 objected that "I feel that I am being penalized for my education. Others that were hired with scores that were similar to my scores."  However, according to the City's records, this claimant was disqualified for failure to appear for his scheduled physical exam.  The fact remains that he does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination.  Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

42. <u>Claimant 200006418</u>

Special Master Peace recommended that Claimant 200006418 is ineligible for both monetary relief and priority hiring relief because the claimant:  (1) passed Exam 7029 and therefore does not meet the definition of "Nonhire Claimant"; and (2) has never been appointed as an entry-level firefighter and therefore does not meet the definition of a "Delayed Hire Claimant."  The parties agreed to this determination.  The court reviewed the lists of individuals

who took the two exams and the parties' correspondence regarding this claimant and agrees with this determination.

Claimant 200006418 objected that "[a]lthough I passed the written portion of the exam, I was never given or offered the opportunity to take the physical portion of the exam." According to the City's records, due to a DCAS administrative error, this claimant was indeed never scheduled for a physical examination. However, because he passed Exam 7029, he is not within the class of individuals who were determined to be the victims of the City's discrimination. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

43. Claimant 200006872

Special Master Peace recommended that Claimant 200006872 is ineligible for both monetary relief and priority hiring relief because the claimant: (1) passed Exam 2043, was not assigned a list number, and therefore does not meet the definition of "Nonhire Claimant"; and (2) has never been appointed as an entry-level firefighter and therefore does not meet the definition of a "Delayed Hire Claimant." The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and the parties' correspondence regarding this claimant and agrees with this determination.

Claimant 200006872 submitted an objection requesting that he be granted additional time to object in order to obtain documents from the FDNY relating to his application file. His request for additional time to object is denied because the court has sufficient evidence upon which to determine that this claimant is not eligible for relief. According to the City's records, which the Special Master requested from the City and the court reviewed, this claimant was not assigned a list number because he failed to appear for his scheduled physical examination.

Although the claimant contends that he was not notified of his physical examination, the fact remains that because he did not receive a list number, he is not among those determined in this lawsuit to have been a victim of the City's discrimination. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

44. Claimant 200006886

Special Master Peace recommended that Claimant 200006886 is ineligible for both monetary relief and priority hiring relief because the claimant: (1) passed Exam 2043, was not assigned a list number, and therefore does not meet the definition of "Nonhire Claimant"; and (2) has never been appointed as an entry-level firefighter and therefore does not meet the definition of a "Delayed Hire Claimant." The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and the parties' correspondence regarding this claimant and agrees with this determination.

Claimant 200006886 objected that "I never received a letter from FDNY with an appointment for the physical agility test. . . . It is my dream to be a FDNY Firefighter, had I received the letter with a physical test date I would have most certainly attended." However, according to the City's records, the claimant was scheduled for a physical examination, sent a notice of the examination, and failed to appear. The fact remains that this claimant does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

45. Claimant 200007017

Special Master Peace recommended that Claimant 200007017 is ineligible for both monetary relief and priority hiring relief because the claimant: (1) passed Exam 2043, was not

assigned a list number, and therefore does not meet the definition of "Nonhire Claimant"; and (2) has never been appointed as an entry-level firefighter and therefore does not meet the definition of a "Delayed Hire Claimant." The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and the parties' correspondence regarding this claimant and agrees with this determination.

Claimant 200007017 objected that "I never received notice from the City of an opportunity to advance in the hiring process. I strongly believe that I should not have been excluded from eligibility because, based on the facts as they existed at the time of the designation, I should have been given a list number." The fact remains that this claimant does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

****

For the reasons explained above, the Special Masters' April 12, 2013, R&Rs are ADOPTED IN PART AND MODIFIED IN PART. Special Master Hormozi's R&R is MODIFIED to the extent it relies on Claimant 200005228's prior felonies as the reason he is ineligible for relief and the R&Rs are otherwise ADOPTED.

IV.    CONCLUSION

Therefore, for the reasons stated above, the Special Masters' March 6, 2013, R&Rs are ADOPTED IN FULL; Special Master Gonzalez's March 13, 2013, R&R is MODIFIED to reflect that Claimant 200000580 is ineligible for priority hiring and monetary relief because he was older than 29 on September 2, 1998, and the March 13, 2013, R&Rs are otherwise ADOPTED; the Special Masters' March 22, 2013, R&Rs are ADOPTED IN FULL; Special

Master Hormozi's April 12, 2013, R&R is MODIFIED to the extent it relies on Claimant

200005228's prior felonies as the reason he is ineligible for relief, and the April 12, 2013, R&Rs

are otherwise ADOPTED.

       SO ORDERED.

_____/s/_____

NICHOLAS G. GARAUFIS

United States District Judge

Dated: Brooklyn, New York
      June 3, 2013