UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

UNITED STATES OF AMERICA,

                      Plaintiff,

    -and-

THE VULCAN SOCIETY, INC., *for itself and on behalf of its members*, JAMEL NICHOLSON, *and* RUSEBELL WILSON, *individually and on behalf of a subclass of all other victims similarly situated seeking classwide injunctive relief*;

ROGER GREGG, MARCUS HAYWOOD, *and* KEVIN WALKER, *individually and on behalf of a subclass of all other non-hire victims similarly situated*; and

CANDIDO NUÑEZ *and* KEVIN SIMPKINS, *individually and on behalf of a subclass of all other delayed-hire victims similarly situated*,

                      Plaintiff-Intervenors,

    -against-

THE CITY OF NEW YORK,

                      Defendant.

**MEMORANDUM & ORDER**

**07-CV-2067 (NGG) (RLM)**

----------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

     As part of the remedial phase of this litigation, the Special Masters have issued a series of Reports & Recommendations ("R&Rs") as to the eligibility of individual claimants for priority hiring and monetary relief. (See Jan. 22, 2013, R&Rs (Dkt. 1044); Feb. 5, 2013, R&Rs (Dkt. 1057); Feb. 19, 2013, R&Rs (Dkt. 1062); Mar. 1, 2013, R&Rs (Dkt. 1068); Mar. 6, 2013, R&Rs (Dkt. 1071); Mar. 13, 2013, R&Rs (Dkt. 1078); March 22, 2013, R&Rs (Dkt. 1089); April 12, 2013, R&Rs (Dkt. 1096); April 19, 2013, R&Rs (Dkt. 1098); April 30, 2013, R&Rs

1

(Dkt. 1103); April 30, 2013, R&Rs re Claimants Seeking Certs. Of Good Conduct ("Good Conduct R&R") (Dkt. 1104).) Each claimant was given the opportunity to object to the Special Masters' recommendations, and for each objecting claimant the court has performed an independent review of the claimant's eligibility. This Memorandum & Order addresses the April 19, 2013, R&Rs, and the two sets of R&Rs issued on April 30, 2013. For the reasons explained below, the Special Masters' April 19, 2013, R&Rs are ADOPTED IN FULL; the April 30, 2013, R&Rs (Dkt. 1103) are ADOPTED IN FULL, and the April 30, 2013, Good Conduct R&R is ADOPTED IN PART.

## I. BACKGROUND

### A. Overview of the Case

In 2007, the United States brought suit against the City of New York ("City"), alleging that certain aspects of the City's policies for selecting entry-level firefighters for the New York City Fire Department ("FDNY") violated Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"). The United States alleged that the City's use of Written Exams 7029 and 2043 as pass-fail screening and rank-ordering devices had a disparate impact on black and Hispanic candidates for entry-level firefighter positions. The Vulcan Society and several individuals ("Plaintiff-Intervenors") intervened in the lawsuit as Plaintiffs, alleging similar claims of disparate impact and also alleging disparate treatment (raising both theories of liability under federal, state, and local law) on behalf of a class of black entry-level firefighter candidates.

In July 2009, the court granted summary judgment in favor of the United States and Plaintiff-Intervenors and found that the City's pass-fail and rank-order uses of Written Exams 7029 and 2043 had an unlawful disparate impact under Title VII. (Dkt. 294.) In addition, in

January 2010, the court granted the Plaintiff-Intervenors' motion for summary judgment regarding disparate treatment liability,[1] holding that the City's use of Written Exams 7029 and 2043 constituted intentional discrimination in violation of Title VII, the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, as well as disparate impact and disparate treatment liability under state and local laws. (Dkt. 385.)

After a finding of liability for employment discrimination under Title VII, there is a presumption that back pay, priority hiring, and retroactive seniority are the proper forms of relief to remedy past employment discrimination. Wrenn v. Sec'y, Dep't of Veterans Affairs, 918 F.2d 1073, 1076 (2d Cir. 1990). In this case, the court determined that victims of the City's discrimination who timely submit claim forms and are determined to be eligible may be awarded individual relief including priority hiring to the FDNY, back pay, retroactive seniority, and, for black claimants only, certain noneconomic damages. (Final Relief Order (Dkt. 1012); see Mem. & Order Addressing Objs. to Proposed Relief Order (Dkt. 1011).) After conducting a four-day Fairness Hearing and receiving objections on the proposed relief, the court issued a Final Relief Order setting forth the applicable definitions, individual eligibility criteria, and general framework for the claims process. (See Final Relief Order.) The City did not appeal the Final Relief Order.

B.  **Individual Eligibility Determinations**

As part of the claims process, the court has appointed Steven M. Cohen, Hector Gonzalez, Mitra Hormozi, and Breon S. Peace as Special Masters pursuant to Federal Rule of Civil Procedure 53(a)(1)(B)(i). (See Mem. & Order Appointing Special Masters (Dkt. 883).) The court tasked the Special Masters with several duties, including "recommending to the court a

---

[1] The City appealed the court's decision regarding disparate treatment liability. On May 14, 2013, the Second Circuit vacated the court's grant of summary judgment for disparate treatment liability. See United States of America v. City of New York, No. 11-5113-CV, 2013 WL 1955782, at *23 (2d Cir. May 14, 2013).

3

revised framework for the efficient and just processing of claims for relief of injured individuals" and "[c]onducting hearings and issuing findings of fact and conclusions of law on the eligibility for equitable monetary and hiring relief of individual claimants." (Id. at 2-3.)

The Special Masters collaborated with the parties and made several recommendations to the court about the claims process. (See Sept. 7, 2012, R&R (Dkt. 963); Sept. 7, 2012, Order Adopting in Part Sept. 7, 2012, R&R; Dec. 17, 2012, R&R (Dkt. 1026); Jan. 14, 2013, Order Adopting Jan. 14, 2013, R&R.) Based in part on their recommendations, the court adopted a framework that proceeded over the last several months as follows: (1) the United States made preliminary determinations of eligibility for priority hiring and monetary relief and notified the City and Plaintiff-Intervenors of their determinations; (2) the City and Plaintiff-Intervenors were given the opportunity to object to the United States' determinations; (3) the United States notified via letter each claimant who submitted a claim form regarding his or her preliminary eligibility determination, and included instructions in the mailing for objecting and a form via which to do so; (4) the claimants were divided equally between the Special Masters, and the Special Masters began individualized determinations of claimants' eligibility and issued R&Rs with their recommendations; and (5) the Special Masters notified via letter each individual claimant of his/her eligibility determination and included instructions in the mailing for objecting and a form via which to do so. (See Sept. 7, 2012, R&R at 5-10; Final Relief Order at 15-16.)

The next step in the process is for the court to review claimant objections and issue final determinations of eligibility for priority hiring and monetary relief. (See Sept. 7, 2012, R&R at 5-10; Final Relief Order at 15-16.)

## II. ELIGIBILITY CRITERIA

The court will award individual relief only to individuals who the court determines were victims of the City's discriminatory practices. Thus, only black and Hispanic applicants who took Written Exams 7029 or 2043 will be eligible to receive individual relief. In the Final Relief Order, the court adopted the following eligibility criteria for two types of claimants: (1) applicants who were not hired as a result of the City's discrimination ("Nonhire Claimants"); and (2) applicants whose hiring was delayed by the City's discrimination ("Delayed-Hire Claimants"). The Special Masters used these criteria in their eligibility determinations. (See, e.g., Jan. 22, 2013, R&Rs (listing, in each Special Masters' R&R, the eligibility criteria used to make a recommendation as to each claimant's eligibility).)

### A. Nonhire Claimant Criteria

A Nonhire Claimant is any black or Hispanic person who:

(a) failed Written Exam 7029 with a score of 25 or higher and was not later appointed as an entry-level firefighter;

(b) failed Written Exam 2043 with a score of 25 or higher and was not later appointed as an entry-level firefighter;

(c) passed Written Exam 2043, had a list number higher than 5646 on the Exam 2043 eligible list, was not appointed as an entry-level firefighter, and was not given by the City's Department of Citywide Administration Services ("DCAS") (as indicated in the data produced by the City to the other parties on September 21, 2011 in a file entitled "Copy of EXAM2043 D092011 REV.xls") a disposition code of CNS (considered not selected), DEA (declined), DCE (deceased), FRA (failed to report after accepting appointment), FRI (failed to report for interview), NQA (not qualified for appointment), UNA (underage at time of appointment), or

5

UNF (underage at time of filing) the last time the person was certified from the Exam 2043 eligible list. (See Order (Dkt. 825) at 51-52, as modified by the court's minute Order dated March 22, 2012.)

Part "c" of this definition encompasses victims of the City's discrimination who passed Written Exam 2043, but whose rank on the eligible list had the same practical effect as failing the Written Exam by preventing their hiring as an entry-level firefighter. To this end, Part "c" properly excludes individuals who passed Written Exam 2043 but were not hired for a reason unrelated to their rank on the Exam 2043 eligible list. This definition appropriately excludes individuals who are demonstrably not victims of the discrimination in the hiring process that gave rise to the City's liability and, therefore, are not eligible for individual relief. As discussed in the Memorandum & Order addressing third-party objections to the Proposed Relief Order, the Special Masters could consider whether an individual's unique circumstances warrant an equitable exception to the eligibility criteria, but could not consider allegations that the City intentionally discriminated in its post-exam procedures. (Mem. & Order Addressing Objections (Dkt. 1011) at 15-17.)

### B. Delayed-Hire Claimant Criteria

A Delayed-Hire Claimant is any black or Hispanic person who:

(a) passed Written Exam 7029, was given a list number on the Exam 7029 eligible list and was appointed as an entry-level firefighter after February 4, 2001 (the date of the first Exam 7029 academy class), and was not given by DCAS (as indicated in the data produced by the City to the other parties in November 2007 on a disk labeled "Exam 7029 Corrected Applicant Data") a disposition code of CNS (considered not selected), DEA (declined), DCE (deceased), FRA (failed to report after accepting appointment), FRI (failed to report for

interview), NQA (not qualified for appointment), OVA (overage), UNA (underage at time of appointment), or UNF (underage at time of filing) the last time the person was certified from the Exam 7029 eligible list;

      (b)      passed Written Exam 2043, was given a list number on the Exam 2043 eligible list and was appointed as an entry-level firefighter after May 25, 2004 (date of the first Exam 2043 academy class), and was not given by DCAS (as indicated in the data produced by the City to the other parties on September 21, 2011, in a file entitled "Copy of EXAM2043 D092011 REV.xls") a disposition code of CNS (considered not selected), DEA (declined), DCE (deceased), FRA (failed to report after accepting appointment), FRI (failed to report for interview), NQA (not qualified for appointment), OVA (overage), UNA (underage at time of appointment), or UNF (underage at time of filing) the last time the person was certified from the Exam 2043 eligible list;

      (c)      failed Written Exam 7029 and was appointed as an entry-level firefighter after February 4, 2001, from an eligible list other than the Exam 7029 eligible list; or

      (d)      failed Written Exam 2043 and was appointed as an entry-level firefighter after May 25, 2004, from an eligible list other than the Exam 2043 eligible list. (See Order re Compens. Relief (Dkt. 825) at 51-52, as modified by March 22, 2012, Order.)

      **C.**      **Other Lawful Qualifications**

In addition to meeting the definition of a Nonhire Claimant or a Delayed-Hire Claimant, in order to be eligible for individual relief, a black or Hispanic individual must also satisfy "other lawful qualifications" that were mandatory, minimum qualifications at the time the Claimant applied for a position of entry-level firefighter. These "other lawful qualifications" are as follows:

7

An applicant must meet the following minimum qualifications required at the time the applicant applied to be an entry-level firefighter as stated in the relevant Notices of Examination:

(a) Was not younger than 17 ½ years of age by the end of the application period for the relevant examination, which was October 16, 1998, for Exam 7029 and October 31, 2002, for Exam 2043;

(b) Was not older than 29 by the beginning of the application period for the relevant examination, which was September 2, 1998, for Exam 7029 and June 28, 2002, for Exam 2043 after a deduction of time, not to exceed six years, spent in military duty as defined in Section 243 of the New York State Military Law;

(c) Can presently understand and be understood in English;

(d) Had obtained citizenship by four years after the date of the establishment of the relevant eligible list: the relevant eligible list for Exam 7029 was established on November 15, 2000; and the relevant eligible list for Exam 2043 was established on May 5, 2004;

(e) Had not been convicted of a felony as of four years after the date of the establishment of the relevant eligible list: the relevant eligible list for Exam 7029 was established on November 15, 2000; and the relevant eligible list for Exam 2043 was established on May 5, 2004; and

(f) Had not received a dishonorable discharge from the Armed Forces as of four years after the date of the establishment of the relevant eligible list: the relevant eligible list for Exam 7029 was established on November 15, 2000; and the relevant eligible list for Exam 2043 was established on May 5, 2004.

(Order re Compens. Relief at 53-54 (alterations omitted).)

Only individuals who satisfy the definition of Nonhire Claimant or Delayed-Hire Claimant, as well as the other lawful qualifications, will be eligible to receive an individual award of back pay (including prejudgment interest), retroactive seniority, and/or compensatory damages for certain noneconomic harms. Additionally, such individuals will be eligible for priority hiring relief only if they *presently* satisfy the other lawful qualifications set forth above.

## III. REVIEW OF THE SPECIAL MASTERS' RECOMMENDATIONS

Federal Rule of Civil Procedure 53, which provides for the appointment of Special Masters, sets forth specific guidelines for how the court may act on Special Master R&Rs. See Fed. R. Civ. P. 53(f). According to Rule 53(f), the court must: "give the parties notice and an opportunity to be heard; may receive evidence; and may adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions." Id. at 53(f)(1). Parties may file objections to the R&Rs, and "[t]he court will decide de novo all objections to findings of fact made or recommended by a master." Id. at 53(f)(2)-(3). "The court must decide de novo all objections to conclusions of law made or recommended by a master."[2] Id. at 53(f)(4).

For each R&R, the Special Masters set forth the criteria they used for their determinations. The court has reviewed the R&Rs and finds them to apply the eligibility criteria as set forth in the Final Relief Order and the court's prior orders. Thus, the court adopts in full the portions of the R&Rs to which there have been no objection.

For each objecting claimant, however, the court conducts an independent de novo review of the Special Master's eligibility determination. The United States received the objections to the Special Masters' determinations and filed them on the docket. (See Dkts. 1058, 1064, 1077, 1091, 1093, 1100.) Pursuant to the court's April 12, 2013, Order, the Special Masters submitted to the court a copy of the file pertaining to each objecting claimant, including the evidence upon which the Special Masters relied in making their determinations and the correspondence between the parties (if any) relating to the individual claimant. (See Order re Objs. (Dkt. 1094).) The Special Masters also submitted copies of the Excel files referred to in the Eligibility Criteria. For

---

[2] Although some Circuit Courts of Appeals have interpreted Rule 53 to require a hearing on objections, the Second Circuit has not adopted this interpretation. See Goodrich Corp. v. Town of Middlebury, 311 F.3d 154, 178 (2d Cir. 2002). What is more, it has never been contended by any party to this litigation that the court must hold, nor has any individual objector requested, an oral hearing on the objections. Thus, even if the objectors were entitled to hearings, they waived any such rights by failing to request a hearing. Id.

9

each objecting claimant, the court examined the materials from the Special Masters in light of the objection and the eligibility criteria. The court's conclusions regarding each objecting claimant are as follows.

### A. April 19, 2013, R&Rs

#### 1. Claimant 200002323

Special Master Cohen recommended that Claimant 200002323 is ineligible for both priority hiring and monetary relief because the claimant: (1) passed Exam 2043 and did not receive a list number on the Exam 2043 eligible list and therefore does not meet the definition of "Nonhire Claimant"; and (2) has never been appointed to the FDNY as an entry-level firefighter and thus does not meet the definition of "Delayed Hire Claimant." The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and agrees with this determination.

Claimant 200002323 objected that "I took exam #2043 and passed it, I went to someplace (I don't recall the name) in Queens, NY and took a pre-physical. I know I was given a list number and I don't have it now, please look for it." The claimant further objected that starting from the time of his pre-physical, his military service "got in the way and being on active duty five times I had no time to address this matter until now." However, the fact remains that this claimant did not receive a list number and thus does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

### B.     April 30, 2013, R&Rs (Dkt. 1103)

The court has not received any objections to the April 30, 2013, R&Rs (Dkt. 1103). Therefore, they are ADOPTED IN FULL.

### IV.    April 30, 2013, R&R Regarding Claimants Seeking Certificates of Good Conduct

The Special Masters submitted a joint R&R on April 30, 2013, making recommendations with respect to the eligibility of claimants who have been convicted of felonies. (See Good Conduct R&R.) The Special Masters explained that in the state of New York, there are two types of certificates that can be issued with respect to individuals who have been convicted of felonies: Certificates of Relief and Certificates of Good Conduct. (Id. at 7.) A Certificate of Relief will not remove a statutory bar to employment in public office, but a Certificate of Good Conduct may do so. (Id.) In past hiring processes, when a candidate has obtained only a Certificate of Relief, the investigator informs the candidate that he or she must obtain a Certificate of Good Conduct in order to be considered for appointment with the FDNY. (Id.) The Special Masters recommended that the claimants who had obtained a Certificate of Relief, but not a Certificate of Good Conduct, before the expiration of their relevant eligible list be considered eligible for relief if they can obtain the Certificate of Good Conduct before July 1, 2013. (Id. at 11.)

Claimant 200000978 objected that "I may need my time extended, it has been made know[n] to me by the department of correction and community supervision clemency bureau, that it could take 3 month to 1 year to obtain a certificate of good conduct. . . . As part of my relief in all fairness I should be able to continue to the July class and remain on the priority hire [list] until I receive my certificate of good conduct." The United States also objected to the Special Masters' R&R, arguing that setting a July 1, 2013, deadline would effectively preclude

these claimants from relief because they would likely be unable to obtain their certificates in time.[3] (United States Obj. (Dkt. 1114).) The City submitted a response in opposition to the United States arguing that it planned to exhaust the list of priority hire claimants in the July 2013 class and thus claimants on suspended status would have no future priority hire list to rejoin. (City Resp. (Dkt. 1119).) The court held a status conference to address this issue with the parties. (May 22, 2013, Minute Entry.) At the status conference, the court ordered that it would defer ruling on the Certificate of Good Conduct issue until the City ascertains the number of priority hire claimants put onto the eligible hiring list for the July 2013 class. (Id.)

On May 31, 2013, the City advised the court of the tentative numbers of priority hire claimants it expects to put onto the eligible hiring list for the July 2013 class. (May 31, 2013, City Ltr. (Dkt. 1130).) The City also informed the court that it is likely that it will not exhaust its priority hire list in July 2013, and thus whether there is a deadline for claimants to obtain Certificates of Good Conduct may not need to be determined. (Id. at 3.)

Accordingly, the court need not decide whether to adopt the Special Masters' recommendation as to the July 1, 2013, deadline. If necessary at a future time in the priority hiring process, the parties or the Special Masters may re-raise the deadline issue and the court will revisit it. Therefore, the Special Masters' Good Conduct R&R is ADOPTED IN PART as to the uncontested recommendation that the claimants therein are eligible for monetary relief and are eligible for priority hiring on the condition that they each obtain a Certificate of Good Conduct.

---

[3]  As an exhibit to its objection, the United States submitted a letter from the New York Department of Corrections advising that processing of requests for Certificates of Good Conduct usually takes approximately 6-12 months. (Dep't of Corr. Ltr., Ex. 2 to U.S. Obj. (Dkt. 1114-2).)

## V. CONCLUSION

Therefore, for the reasons stated above, the Special Masters' April 19, 2013, R&Rs are ADOPTED IN FULL; the April 30, 2013, R&Rs (Dkt. 1103) are ADOPTED IN FULL, and the April 30, 2013, Good Conduct R&R is ADOPTED IN PART.

SO ORDERED.

Dated: Brooklyn, New York  
   June 7, 2013

/s/  
NICHOLAS G. GARAUFIS  
United States District Judge