UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

UNITED STATES OF AMERICA,

                    Plaintiff,

         -and-

THE VULCAN SOCIETY, INC., *for itself and on
behalf of its members*, JAMEL NICHOLSON, *and*
RUSEBELL WILSON, *individually and on behalf
of a subclass of all other victims similarly situated
seeking classwide injunctive relief*;

ROGER GREGG, MARCUS HAYWOOD, *and*
KEVIN WALKER, *individually and on behalf of a
subclass of all other non-hire victims similarly
situated*; and

CANDIDO NUÑEZ *and* KEVIN SIMPKINS,
*individually and on behalf of a subclass of all other
delayed-hire victims similarly situated*,

                    Plaintiff-Intervenors,

       -against-

THE CITY OF NEW YORK,

                    Defendant.

**MEMORANDUM & ORDER**

**07-CV-2067 (NGG) (RLM)**

----------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

      As part of the remedial phase of this litigation, the Special Masters have issued a series of

Reports & Recommendations ("R&Rs") as to the eligibility of individual claimants for monetary

relief.  (See June 6, 2013, R&Rs (Dkt. 1145); June 14, 2013, R&Rs (Dkt. 1148); June 19, 2013,

R&Rs (Dkt. 1149); June 24, 2013, R&Rs (Dkt. 1155); June 27, 2013, R&Rs (Dkt. 1157); June

28, 2013, R&Rs (Dkt. 1158).)  Each claimant was given the opportunity to object to the Special

Masters' recommendations, and for each objecting claimant the court has performed an

1

independent review of the claimant's eligibility.  This Memorandum & Order addresses

objections to the R&Rs issued as to the eligibility of individual claimants for monetary relief.

For the reasons explained below, Special Master Hormozi's June 27, 2013, R&R is

MODIFIED to reflect that Claimant 200001336 is ineligible for relief for the reasons given

herein rather than the reasons discussed in the R&R, and the other R&Rs are ADOPTED IN

FULL.

## I.   BACKGROUND

### A.   Overview of the Case

In 2007, the United States brought suit against the City of New York ("City"), alleging

that certain aspects of the City's policies for selecting entry-level firefighters for the New York

City Fire Department ("FDNY") violated Title VII of the 1964 Civil Rights Act, as amended,

42 U.S.C. § 2000e et seq. ("Title VII").  The United States alleged that the City's use of Written

Exams 7029 and 2043 as pass-fail screening and rank-ordering devices had a disparate impact on

black and Hispanic candidates for entry-level firefighter positions.  The Vulcan Society and

several individuals ("Plaintiff-Intervenors") intervened in the lawsuit as Plaintiffs, alleging

similar claims of disparate impact and also alleging disparate treatment (raising both theories of

liability under federal, state, and local law) on behalf of a class of black entry-level firefighter

candidates.

In July 2009, the court granted summary judgment in favor of the United States and

Plaintiff-Intervenors and found that the City's pass-fail and rank-order uses of Written Exams

7029 and 2043 had an unlawful disparate impact under Title VII.  (Dkt. 294.)  In addition, in

January 2010, the court granted the Plaintiff-Intervenors' motion for summary judgment

regarding disparate treatment liability,[1] holding that the City's use of Written Exams 7029 and

2043 constituted intentional discrimination in violation of Title VII, the Equal Protection Clause

of the Fourteenth Amendment to the United States Constitution, as well as disparate impact and

disparate treatment liability under state and local laws.  (Dkt. 385.)

    After a finding of liability for employment discrimination under Title VII, there is a

presumption that back pay, priority hiring, and retroactive seniority are the proper forms of relief

to remedy past employment discrimination.  Wrenn v. Sec'y, Dep't of Veterans Affairs, 918 F.2d

1073, 1076 (2d Cir. 1990).  In this case, the court determined that victims of the City's

discrimination who timely submit claim forms and are determined to be eligible may be awarded

individual relief including priority hiring to the FDNY, back pay, retroactive seniority, and, for

black claimants only, certain noneconomic damages.  (Final Relief Order (Dkt. 1012); see Mem.

& Order Addressing Objs. to Proposed Relief Order (Dkt. 1011).)  After conducting a four-day

Fairness Hearing and receiving objections on the proposed relief, the court issued a Final Relief

Order setting forth the applicable definitions, individual eligibility criteria, and general

framework for the claims process.  (See Final Relief Order.)  The City did not appeal the Final

Relief Order.

## B.    Individual Eligibility Determinations

    As part of the claims process, the court has appointed Steven M. Cohen, Hector

Gonzalez, Mitra Hormozi, and Breon S. Peace as Special Masters pursuant to Federal Rule of

Civil Procedure 53(a)(1)(B)(i).  (See Mem. & Order Appointing Special Masters (Dkt. 883).)

The court tasked the Special Masters with several duties, including "recommending to the court a

revised framework for the efficient and just processing of claims for relief of injured individuals"

---

[1]     The City appealed the court's grant of summary judgment for disparate treatment liability, which the
Second Circuit vacated and remanded.  See United States of America v. City of New York, No. 11-5113-CV, 2013
WL 1955782, at *23 (2d Cir. May 14, 2013).

and "[c]onducting hearings and issuing findings of fact and conclusions of law on the eligibility for equitable monetary and hiring relief of individual claimants." (Id. at 2-3.)

The Special Masters collaborated with the parties and made several recommendations to the court about the claims process. (See Sept. 7, 2012, R&R (Dkt. 963); Sept. 7, 2012, Order Adopting in Part Sept. 7, 2012, R&R; Dec. 17, 2012, R&R (Dkt. 1026); Jan. 14, 2013, Order Adopting Jan. 14, 2013, R&R.) Based in part on their recommendations, the court adopted a framework that proceeded over the last several months as follows: (1) the United States made preliminary determinations of eligibility for priority hiring and monetary relief and notified the City and Plaintiff-Intervenors of their determinations; (2) the City and Plaintiff-Intervenors were given the opportunity to object to the United States' determinations; (3) the United States notified via letter each claimant who submitted a claim form regarding his or her preliminary eligibility determination, and included instructions in the mailing for objecting and a form via which to do so; (4) the claimants were divided equally among the Special Masters, and the Special Masters began individualized determinations of claimants' eligibility and issued R&Rs with their recommendations; and (5) the Special Masters notified via letter each individual claimant of his/her eligibility determination and included instructions in the mailing for objecting and a form via which to do so. (See Sept. 7, 2012, R&R at 5-10; Final Relief Order at 15-16.)

The next step in the process is for the court to review claimant objections and issue final determinations of eligibility for priority hiring and monetary relief. (See Sept. 7, 2012, R&R at 5-10; Final Relief Order at 15-16.) The court has already reviewed claimant objections and issued final determinations of eligibility for those claimants seeking priority hiring relief and monetary relief. (See May 2, 2013, Order Adopting R&Rs (Dkt. 1106); May 9, 2013, Order Adopting R&Rs (Dkt. 1112); June 3, 2013, Order Adopting R&Rs (Dkt. 1135); June 7, 2013,

Order Adopting R&Rs (Dkt. 1144); see also Order Approving Priority Hire Lists (Dkt. 1147).)
Currently before the court are the Special Masters' R&Rs as to the eligibility for claimants
seeking only monetary relief.

## II.   ELIGIBILITY CRITERIA

The court will award individual relief only to individuals who the court determines were
victims of the City's discriminatory practices.   Thus, only black and Hispanic applicants who
took Written Exams 7029 or 2043 will be eligible to receive individual relief.   In the Final Relief
Order, the court adopted the following eligibility criteria for two types of claimants:
(1) applicants who were not hired as a result of the City's discrimination ("Nonhire Claimants");
and (2) applicants whose hiring was delayed by the City's discrimination ("Delayed-Hire
Claimants").   The Special Masters used these criteria in their eligibility determinations.   (See,
e.g., June 6, 2013, R&Rs (listing, in each Special Masters' R&R, the eligibility criteria used to
make a recommendation as to each claimant's eligibility).)

### A.   Nonhire Claimant Criteria

A Nonhire Claimant is any black or Hispanic person who:

(a)      failed Written Exam 7029 with a score of 25 or higher and was not later appointed
as an entry-level firefighter;

(b)      failed Written Exam 2043 with a score of 25 or higher and was not later appointed
as an entry-level firefighter;

(c)      passed Written Exam 2043, had a list number higher than 5646 on the Exam 2043
eligible list, was not appointed as an entry-level firefighter, and was not given by the City's
Department of Citywide Administration Services ("DCAS") (as indicated in the data produced
by the City to the other parties on September 21, 2011 in a file entitled "Copy of EXAM2043

D092011 REV.xls") a disposition code of CNS (considered not selected), DEA (declined), DCE (deceased), FRA (failed to report after accepting appointment), FRI (failed to report for interview), NQA (not qualified for appointment), UNA (underage at time of appointment), or UNF (underage at time of filing) the last time the person was certified from the Exam 2043 eligible list.  (See Order (Dkt. 825) at 51-52, as modified by the court's minute Order dated March 22, 2012.)

Part "c" of this definition encompasses victims of the City's discrimination who passed Written Exam 2043, but whose rank on the eligible list had the same practical effect as failing the Written Exam by preventing their hiring as an entry-level firefighter.  To this end, Part "c" properly excludes individuals who passed Written Exam 2043 but were not hired for a reason unrelated to their rank on the Exam 2043 eligible list.  This definition appropriately excludes individuals who are demonstrably not victims of the discrimination in the hiring process that gave rise to the City's liability and, therefore, are not eligible for individual relief.  As discussed in the Memorandum & Order addressing third-party objections to the Proposed Relief Order, the Special Masters could consider whether an individual's unique circumstances warrant an equitable exception to the eligibility criteria, but could not consider allegations that the City intentionally discriminated in its post-exam procedures.  (Mem. & Order Addressing Objections (Dkt. 1011) at 15-17.)

### B.    Delayed-Hire Claimant Criteria

A Delayed-Hire Claimant is any black or Hispanic person who:

(a)    passed Written Exam 7029, was given a list number on the Exam 7029 eligible list and was appointed as an entry-level firefighter after February 4, 2001 (the date of the first Exam 7029 academy class), and was not given by DCAS (as indicated in the data produced by

the City to the other parties in November 2007 on a disk labeled "Exam 7029 Corrected

Applicant Data") a disposition code of CNS (considered not selected), DEA (declined), DCE

(deceased), FRA (failed to report after accepting appointment), FRI (failed to report for

interview), NQA (not qualified for appointment), OVA (overage), UNA (underage at time of

appointment), or UNF (underage at time of filing) the last time the person was certified from the

Exam 7029 eligible list;

   (b)  passed Written Exam 2043, was given a list number on the Exam 2043 eligible

list and was appointed as an entry-level firefighter after May 25, 2004 (date of the first Exam

2043 academy class), and was not given by DCAS (as indicated in the data produced by the City

to the other parties on September 21, 2011, in a file entitled "Copy of EXAM2043 D092011

REV.xls") a disposition code of CNS (considered not selected), DEA (declined), DCE

(deceased), FRA (failed to report after accepting appointment), FRI (failed to report for

interview), NQA (not qualified for appointment), OVA (overage), UNA (underage at time of

appointment), or UNF (underage at time of filing) the last time the person was certified from the

Exam 2043 eligible list;

   (c)  failed Written Exam 7029 and was appointed as an entry-level firefighter after

February 4, 2001, from an eligible list other than the Exam 7029 eligible list; or

   (d)  failed Written Exam 2043 and was appointed as an entry-level firefighter after

May 25, 2004, from an eligible list other than the Exam 2043 eligible list.  (See Order re

Compens. Relief (Dkt. 825) at 51-52, as modified by March 22, 2012, Order.)

   **C.  Other Lawful Qualifications**

   In addition to meeting the definition of a Nonhire Claimant or a Delayed-Hire Claimant,

in order to be eligible for individual relief, a black or Hispanic individual must also satisfy "other

lawful qualifications" that were mandatory, minimum qualifications at the time the Claimant applied for a position of entry-level firefighter.  These "other lawful qualifications" are as follows:

> An applicant must meet the following minimum qualifications required at the time the applicant applied to be an entry-level firefighter as stated in the relevant Notices of Examination:
>
> (a)    Was not younger than 17 ½ years of age by the end of the application period for the relevant examination, which was October 16, 1998, for Exam 7029 and October 31, 2002, for Exam 2043;
>
> (b)    Was not older than 29 by the beginning of the application period for the relevant examination, which was September 2, 1998, for Exam 7029 and June 28, 2002, for Exam 2043 after a deduction of time, not to exceed six years, spent in military duty as defined in Section 243 of the New York State Military Law;
>
> (c)    Can presently understand and be understood in English;
>
> (d)    Had obtained citizenship by four years after the date of the establishment of the relevant eligible list: the relevant eligible list for Exam 7029 was established on November 15, 2000; and the relevant eligible list for Exam 2043 was established on May 5, 2004;
>
> (e)    Had not been convicted of a felony as of four years after the date of the establishment of the relevant eligible list: the relevant eligible list for Exam 7029 was established on November 15, 2000; and the relevant eligible list for Exam 2043 was established on May 5, 2004; and
>
> (f)    Had not received a dishonorable discharge from the Armed Forces as of four years after the date of the establishment of the relevant eligible list: the relevant eligible list for Exam 7029 was established on November 15, 2000; and the relevant eligible list for Exam 2043 was established on May 5, 2004.

(Order re Compens. Relief at 53-54 (alterations omitted).)

Only individuals who satisfy the definition of Nonhire Claimant or Delayed-Hire Claimant, as well as the other lawful qualifications, will be eligible to receive an individual

award of back pay (including prejudgment interest), retroactive seniority, and/or compensatory

damages for certain noneconomic harms.

## III.   REVIEW OF THE SPECIAL MASTERS' RECOMMENDATIONS

Federal Rule of Civil Procedure 53, which provides for the appointment of Special

Masters, sets forth specific guidelines for how the court may act on Special Master R&Rs.  See

Fed. R. Civ. P. 53(f).  According to Rule 53(f), the court must: "give the parties notice and an

opportunity to be heard; may receive evidence; and may adopt or affirm, modify, wholly or

partly reject or reverse, or resubmit to the master with instructions."  Id. at 53(f)(1).  Parties may

file objections to the R&Rs, and "[t]he court will decide de novo all objections to findings of fact

made or recommended by a master."  Id. at 53(f)(2)-(3).  "The court must decide de novo all

objections to conclusions of law made or recommended by a master."[2]  Id. at 53(f)(4).

For each R&R, the Special Masters set forth the criteria they used for their

determinations.  The court has reviewed the R&Rs and finds them to apply the eligibility criteria

as set forth in the Final Relief Order and the court's prior orders.  Thus, the court adopts in full

the portions of the R&Rs to which there have been no objection.

For each objecting claimant, however, the court will conduct an independent de novo

review of the Special Master's eligibility determination.  Claimants submitted their objections to

the claims administrator, and the Special Masters filed the objections on the docket.  (See Dkts.

1160, 1171.)  Pursuant to the court's April 12, 2013 Order, the Special Masters submitted to the

court a copy of the file pertaining to each objecting claimant, including the evidence upon which

the Special Masters relied in making their determinations and the correspondence between the

---

[2]      Although some Circuit Courts of Appeals have interpreted Rule 53 to require a hearing on objections, the
Second Circuit has not adopted this interpretation.  See Goodrich Corp. v. Town of Middlebury, 311 F.3d 154, 178
(2d Cir. 2002).  Moreover, it has never been contended by any party that the court must hold, nor has any individual
objector requested, an oral hearing on the objections.  Thus, even if the objectors were entitled to hearings, they
waived any such rights by failing to request a hearing.  Id.

parties (if any) relating to the individual claimant.  (See Order re Objs. (Dkt. 1094).)  The Special

Masters also submitted copies of the Excel files referred to in the Eligibility Criteria.  For each

objecting claimant, the court examined the materials from the Special Masters in light of the

objection and the eligibility criteria.  The court's conclusions regarding each objecting claimant

are as follows.

### A.     June 6, 2013, R&Rs

#### 1.     Claimant 200001990

Special Master Peace recommended that Claimant 200001990 is eligible for monetary

relief because the claimant failed Exam 7029 with a score higher than 25, has never been

appointed as a firefighter with the FDNY, and satisfies the "other lawful qualifications" to be

eligible for relief.  The parties agreed to this determination.

Claimant 200001990 objected that he passed the test but never heard from the FDNY.

However, according to the City's data, which the court reviewed, the claimant failed the test.

Therefore, this objection does not provide any basis for the court to modify or reject the Special

Master's recommendation, and this claimant is eligible for monetary relief.

#### 2.     Claimant 200006000

Special Master Peace recommended that Claimant 200006000 is eligible for monetary

relief because he meets the definition for "Delayed-Hire Claimant," satisfies the "other lawful

qualifications," and has a presumptive hire date of June 11, 2006.  The parties agreed to this

determination.  The court reviewed the lists of individuals who took the two exams and the

claimant's claim form and agrees with this determination.

Claimant 200006000 objected that he was originally considered for entry to the FDNY

for class hire on May 5, 2004, and thus should have a presumptive hire date in May 2004.

Claimant 200006000 took Exam 2043, and thus under the Final Relief Order has a presumptive hire date of June 11, 2006.  (See Final Relief Order at 15.)  The presumptive hire dates were adopted based on the median dates of hires from the relevant examination.  (Id.)  Because this claimant objects to the court's order regarding presumptive hire dates—and not the eligibility determination made by the Special Master—the objection presents no specific basis for the court to modify or reject the Special Master's recommendation.

**B.    June 14, 2013, R&Rs**

1.    Claimant 200007869

Special Master Hormozi recommended that Claimant 200007869 is ineligible for monetary relief because he did not take Exam 7029 or Exam 2043.  The parties agreed to this determination.  The court reviewed the lists of individuals who took the two exams and the claimant's claim form and agrees with this determination.

Claimant 200007869 objected that "I feel that an error has occurred and I took this exam" and that "I am entitled to be a part of this exam."  The claimant explained that he lost copies of his test results in Hurricane Sandy.  However, no one with his name or Social Security number is in the City's records as having taken Exam 7029 or Exam 2043.  Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

2.    Claimant 200007199

Special Master Hormozi recommended that Claimant 200007199 is ineligible for monetary relief because he did not take Exam 7029 or Exam 2043.  The parties agreed to this determination.  The court reviewed the lists of individuals who took the two exams and the claimant's claim form and agrees with this determination.

Claimant 200007199 submitted a claim form that did not explain the basis of his objection. Without a specific objection to the Special Master's determination, the court finds that this objection does not provide any basis for the court to modify or reject the Special Master's recommendation. Cf. Thompson v. Yelich, No. 09-CV-5039 (KAM), 2012 WL 5904359, at *1 (E.D.N.Y. Nov. 12, 2012) ("[W]hen a party makes only conclusory or general objections . . . the Court reviews the Report and Recommendation only for clear error." (citation omitted)).

        3.     <u>Claimant 200007311</u>

Special Master Cohen recommended that Claimant 200007311 is ineligible for monetary relief because he did not take Exam 7029 or Exam 2043. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and the claimant's claim form and agrees with this determination.

Claimant 200007311 objected that he took an exam and does not remember which exam he took, but believes it was Exam 7029. However, he is not in the City's records as having taken either exam, and does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

**C.     June 19, 2013, R&Rs**

        1.     <u>Claimant 200004038</u>

Special Master Gonzalez recommended that Claimant 200004038 is ineligible for monetary relief because the claimant: (1) does not meet the definition of "Nonhire Claimant" because he passed Exam 7029 and did not take Exam 2043, and (2) does not meet the definition

of "Delayed-Hire Claimant" because he was not appointed as a firefighter with the FDNY.  The parties agreed to this determination.  The court reviewed the lists of individuals who took the two exams and the claimant's claim form and agrees with this determination.

Claimant 200004038 objected that "I am disputing the fact that I'm not entitled to any monetary relief because I passed the test with a high grade and I never received a call from the FDNY.  If that's not discrimination then I don't know what is."  Because this claimant objects to the criteria—and not the eligibility determination made by the Special Master—the objection presents no specific basis for the court to modify or reject the Special Master's recommendation.

### 2.    Claimant 200006475

Special Master Peace recommended that Claimant 200006475 is ineligible for monetary relief because the claimant:  (1) does not meet the definition of "Nonhire Claimant" because he passed Exam 7029 and did not take Exam 2043, and (2) does not meet the definition of "Delayed-Hire Claimant" because he was not appointed as a firefighter with the FDNY.  The parties agreed to this determination.  The court reviewed the lists of individuals who took the two exams and the claimant's claim form and agrees with this determination.

Claimant 200006475 objected that "[s]ince I am a part of those parties discriminated against regardless of my ability to pass the exam and be considered to move onto the physical part of the exam.  I was still in fact discriminated against."  However, the fact remains that this claimant does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination.  Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

3. Claimant 200002626

Special Master Cohen recommended that Claimant 200002626 is ineligible for monetary relief because the claimant: (1) does not meet the definition of "Nonhire Claimant" because he passed Exam 7029 and did not take Exam 2043, and (2) does not meet the definition of "Delayed-Hire Claimant" because he was not appointed as a firefighter with the FDNY. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and the claimant's claim form and agrees with this determination.

Claimant 200002626 objected that "I was not given employment due to my race. I object to this determination of my eligibility." He enclosed his scores from Exam 7029 with his objection. His scores confirm that he received a passing score on Exam 7029, and therefore does not fall within the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

4. Claimant 200003222

Special Master Cohen recommended that Claimant 200003222 is ineligible for monetary relief because the claimant: (1) does not meet the definition of "Nonhire Claimant" because he passed Exam 2043, did not receive a list number on the Exam 2043 eligible list, and did not take Exam 7029, and (2) does not meet the definition of "Delayed-Hire Claimant" because he was not appointed as a firefighter with the FDNY. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and the claimant's claim form and agrees with this determination.

Claimant 2000032222 objected that "I am eligible for monetary compensation because I received a list number, and I believe my list number was greater than 5646." According to the

14

records of the examination used for eligibility determinations, however, this claimant did not receive a list number.  He thus does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination, and this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

5.      Claimant 200007625

Special Master Gonzalez recommended that Claimant 200007625 is ineligible for monetary relief because the claimant did not take Exam 2043 or Exam 7029.  The parties agreed to this determination.  The court reviewed the lists of individuals who took the two exams and the claimant's claim form and agrees with this determination.

Claimant 200007625 objected that "I am a African American male, I took the FDNY exam first in 1988 and I believe next exam between 1990-2001."  He further objected that "I was never contacted by the FDNY, I believe because I'm African American."  However, no one with his name or Social Security number is in the City's records as having taken Exam 7029 or Exam 2043, and he thus does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination.  Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

6.      Claimant 200006770

Special Master Peace recommended that Claimant 200006770 is ineligible for monetary relief because the claimant:  (1) does not meet the definition of "Nonhire Claimant" because he passed Exam 2043, did not receive a list number higher than 5646 on the Exam 2043 eligible list, and did not take Exam 7029, and (2) does not meet the definition of "Delayed-Hire Claimant"

15

because he was not appointed as a firefighter with the FDNY.  The parties agreed to this determination.  The court reviewed the lists of individuals who took the two exams and the claimant's claim form and agrees with this determination.

Claimant 200006770 objected that "although list number was below 5646 does not clearly and reasonably produce cause that the claimant was discriminated [against].  Had he not been discriminated against he would have taken a position based on higher score on list."  However, the fact remains that this claimant does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination.  Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

7.    Claimant 200006396

Special Master Peace recommended that Claimant 200006396 is ineligible for monetary relief because the claimant:  (1) does not meet the definition of "Nonhire Claimant" because the claimant passed Exam 7029 and did not take Exam 2043, and (2) does not meet the definition of "Delayed-Hire Claimant" because he was not appointed as a firefighter with the FDNY.  The parties agreed to this determination.  The court reviewed the lists of individuals who took the two exams and the claimant's claim form and agrees with this determination.

Claimant 200006396 objected that there was an "unfair physical examination, not the same as the white candidates" and that the physical examination thus discriminated against minorities.  As set forth in the Memorandum & Order Addressing Objections, alleged intentional discrimination in the screening procedures used after the written examination is not within the scope of this court's liability finding, and thus cannot be considered in the criteria for relief.

(See Mem. & Order Addressing Objections at 15-17.)  Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

8.      Claimant 200005208

Special Master Hormozi recommended that Claimant 200005208 is ineligible for monetary relief because the claimant:  (1) does not meet the definition of "Nonhire Claimant" because the claimant passed Exam 7029 and did not take Exam 2043, and (2) does not meet the definition of "Delayed-Hire Claimant" because he was not appointed as a firefighter with the FDNY.  The parties agreed to this determination.  The court reviewed the lists of individuals who took the two exams and the claimant's claim form and agrees with this determination.

Claimant 200005208 objected that "I feel as though I was wrongly excluded from the firefighters list based on my gender."  Allegations of gender discrimination are outside the scope of this lawsuit.[3]  Even if this claimant meant to indicate that he felt he had been discriminated against because of his race, the fact remains that he does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination.  Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

9.      Claimant 200004384

Special Master Gonzalez recommended that Claimant 200004384 is ineligible for monetary relief because the claimant:  (1) does not meet the definition of "Nonhire Claimant" because the claimant passed Exam 2043 and received a list number that was not higher than 5646, and (2) does not meet the definition of "Delayed-Hire Claimant" because he was not appointed as a firefighter with the FDNY.  The parties agreed to this determination.  The court

---

[3]      This claimant is listed in the City's records as having indicated male gender when he took Exam 7029.

reviewed the lists of individuals who took the two exams and the claimant's claim form and agrees with this determination.

Claimant 200004384 objected that "I passed the written exam and successfully completed the physical exam, thus is appears that I was not offered employment as an entry level firefighter solely due to my race/ethnicity."  However, the fact remains that this claimant does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination.  Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

10.   Claimant 200004202

Special Master Gonzalez recommended that Claimant 200004202 is ineligible for monetary relief because the claimant:  (1) does not meet the definition of "Nonhire Claimant" because the claimant passed Exam 2043 and did not receive a list number, and (2) does not meet the definition of "Delayed-Hire Claimant" because he was not appointed as a firefighter with the FDNY.  The parties agreed to this determination.  The court reviewed the lists of individuals who took the two exams and the claimant's claim form and agrees with this determination.

Claimant 200004202 objected that after coming home from service in the Army "I paid for test [and] passed!  Then went to work out and training on Randle's [sic] Island hoping to be a fire fighter.  After a while it felt like a scam so I took whatever employment was available for my family.  I received no notice of any kind or a refund for money or the impossible of my time."  The fact remains that this claimant does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination.  Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

11.    Claimant 200002628

Special Master Cohen recommended that Claimant 200002628 is ineligible for monetary relief because the claimant:  (1) does not meet the definition of "Nonhire Claimant" because the claimant passed Exam 2043 and did not receive a list number, and (2) does not meet the definition of "Delayed-Hire Claimant" because he was not appointed as a firefighter with the FDNY.  The parties agreed to this determination.  The court reviewed the lists of individuals who took the two exams and the claimant's claim form and agrees with this determination.

Claimant 200002628 objected that "[I] passed written exam and was given a list number. . . . I never received any correspondence to proceed with the application process afterwards, nor any correspondence eliminating myself from the process."  As set forth in the Memorandum & Order Addressing Objections, alleged intentional discrimination in the post-examination screening procedures is not within the scope of this court's liability finding, and thus cannot be considered in the criteria for relief.  (See Mem. & Order Addressing Objections at 15-17.)  The fact remains that this claimant does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

**D.    June 24, 2013, R&Rs**

1.    Claimant 200001310

Special Master Hormozi recommended that Claimant 200001310 is ineligible for monetary relief because he was older than 29 by the beginning of the application period for Exam 7029 on September 2, 1998, and thus does not satisfy the "other lawful qualifications" required to be eligible for relief.  The parties agreed to this determination.  The court reviewed

19

the lists of individuals who took the two exams and the claimant's claim form and agrees with this determination.

Claimant 200001310 objected that "I feel that I was objected to this lawsuit because they wasn't looking for certain qualifications." However, the fact remains that the claimant was 34 years old at the beginning of the application period for Exam 7029 and does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

  2. <u>Claimant 200001018</u>

Special Master Gonzalez recommended that Claimant 200001018 is ineligible for monetary damages because he was older than 29 years of age by the beginning of the application period for Exam 7029 on September 2, 1998, and thus does not satisfy the "other lawful qualifications" required to be eligible for relief. The parties agreed to this determination.

Claimant 200001018 objected that there is a mistake in the records, and that he was not older than 29 on September 2, 1998. He submitted a copy of his birth certificate, listing his birth date as July 25, 1978. The birth certificate, issued to a person of claimant's name, indeed shows a birth date of July 25, 1978.

However, the claim form submitted by this claimant lists his birth date as June 6, 1951. Moreover, the claim form submitted by this claimant lists a Social Security number that does not match to any individual who took Exam 2043 or Exam 7029. Thus the initial claim form indicates that this claimant is ineligible for relief both because he does not satisfy the "other lawful qualifications" and because he is not listed as having taken either exam. This claimant did not object to the United States' initial determination that he was ineligible for relief. His

objection presents information that contradicts his claim form, which he signed and certified to be accurate. Even if the court were to accept his birth date as set forth in his objection, the fact remains that his Social Security number does not match to any individual who took Exam 2043 or 7029. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

        3.     <u>Claimant 200001285</u>

Special Master Gonzalez recommended that Claimant 200001285 is ineligible for monetary damages because he was older than 29 by the beginning of the application period for Exam 7029 on September 2, 1998, and thus does not satisfy the "other lawful qualifications" required to be eligible for relief. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and the claimant's claim form and agrees with this determination.

Claimant 200001285 objected that "I always wanted to be a firefighter. This was also age discrimination NYFD should have hired me. In the year 1998 I was in the best of health and now at age 44 I am still in best of health." Allegations of age discrimination are outside the scope of this lawsuit. The fact remains that this claimant does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

        4.     <u>Claimant 200000884</u>

Special Master Gonzalez recommended that Claimant 200000884 is ineligible for monetary damages because, even deducting three years of active military service from his age, he was older than 29 by the beginning of the application period for Exam 7029 on September 2,

1998, and he thus does not satisfy the "other lawful qualifications" required to be eligible for relief. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and the claimant's claim form and agrees with this determination.

Claimant 200000884 objected that "I'm a six year Navy veteran. 4 years active, 2 reserves. I met all requirements requested by NYFD. I was forthcoming about age with NYFD and they accepted me to participate in the open exam #7029, why take my money?" The fact remains that this claimant does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination. Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

### E.    June 27, 2013, R&Rs

#### 1.    Claimant 200002100

Special Master Peace recommended the Claimant 200002100 is ineligible for monetary relief because he was older than 29 by the beginning of the application period for Exam 7029 on September 2, 1998, and thus does not satisfy the "other lawful qualifications" required to be eligible for relief. The parties agreed to this determination. The court reviewed the lists of individuals who took the two exams and the claimant's claim form and agrees with this determination.

Claimant 200002100 objected that "I [claimant's name] being a black man didn't have a chance to take the test at the age limited. So I didn't see why I should be discriminated twice or age discriminated." However, the fact remains that the claimant was 32 years old at the beginning of the application period for Exam 7029 and does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past

discrimination.  Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

2.  Claimant 200003059

Special Master Cohen recommended that Claimant 200003059 is ineligible for monetary relief because the claimant:  (1) does not meet the definition of "Nonhire Claimant" because she passed Exam 2043 and did not receive a list number, and (2) does not meet the definition of "Delayed-Hire Claimant" because she was not appointed as an entry-level firefighter with the FDNY.  The parties agreed to this determination.  The court reviewed the lists of individuals who took the two exams and the claimant's claim form and agrees with this determination.

Claimant 200003059 objected that she "was supposed to get priority hiring due to waiver signed as FDNY fire safety cadet on 10/11/02.  Was given list number based on written exam. White candidates who scored lower were hired and everyone receives a list number based off of written exam."  However, the fact remains that this claimant does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination.  Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

3.  Claimant 200003110

Special Master Cohen recommended that Claimant 200003110 is ineligible for monetary relief because the claimant:  (1) does not meet the definition of "Nonhire Claimant" because he passed Exam 7029, and (2) does not meet the definition of "Delayed-Hire Claimant" because he received a disposition code of "NQA" the last time the claimant was certified from the Exam 7029 eligible list, and was not appointed as an entry-level firefighter with the FDNY.  The

parties agreed to this determination.  The court reviewed the lists of individuals who took the two exams and the claimant's claim form and agrees with this determination.

Claimant 200003110 objected that "[a]lthough I passed exam #7029, the FDNY failure to notify me of my eligibility after taking the exam resulting in multiple turn down of employment while waiting."  However, as set forth in the Memorandum & Order Addressing Objections, alleged intentional discrimination in the post-examination screening procedures is not within the scope of this court's liability finding, and thus cannot be considered in the criteria for relief. (See Mem. & Order Addressing Objections at 15-17.)  Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

4. <u>Claimant 200008295</u>

Special Master Peace recommended that 200008295 is ineligible for monetary relief because the claimant did not take Exam 2043 or Exam 7029.  The parties agreed to this determination.  The court reviewed the lists of individuals who took the two exams and the claimant's claim form and agrees with this determination.

Claimant 200008295 objected that "I was treated in the same manner as those who take exams 7029/2043 when I took the FDNY exam in the late 80's. . . . For this I should be greatly considered for monetary relief since I am too old to be a firefighter now."  The relief in this case was based on the court's finding that the City discriminated through the use of Exams 7029 and 2043.  The fact remains that this claimant does not meet the criteria for relief.  Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

5.    Claimant 200001336

The Special Master's R&R switched this claimant's number with another claimant discussed in the R&R.[4]  Special Master Hormozi recommended that both claimants were ineligible, but for different reasons.  Thus, the court undertook its own analysis of Claimant 200001336's eligibility based on the claimant's claim form, objection, and supporting materials from the Special Masters.

According to Claimant 200001336's claim form, he did not become a United States Citizen until July 13, 2009.  According to his objection, he became a citizen on May 6, 2008.  In either case, he thus does not satisfy the "other lawful qualifications" required to be eligible for relief because he was not a citizen by four years after the relevant eligible list for Exam 2043 was established on May 5, 2004.

The court thus concludes that Claimant 200001336 is ineligible for monetary relief because he does not satisfy the "other lawful qualifications" required to be eligible for relief due to the date he became a citizen.  Special Master Hormozi's R&R is modified to the extent that it reflects reasons for this claimant's ineligibility other than the claimant's citizenship.

6.    Claimant 200007919

Special Master Hormozi recommended that Claimant 200007919 is ineligible for monetary relief because the claimant did not take Exam 2043 or Exam 7029.  The parties agreed to this determination.  The court reviewed the lists of individuals who took the two exams and the claimant's claim form and agrees with this determination.

Claimant 200007919 objected that there was a "tainted application process" that violated various federal laws, and also alleged that the FDNY is one of numerous governmental entities,

---

[4]        This switch is clear from a review of the claimant's information when compared with the reasons given for each claimant's ineligibility.

including this court, that has violated his rights.  However, the fact remains that this claimant does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination.  This claimant's other allegations of discrimination and violation of his rights are outside the scope of this lawsuit.  Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

       7.   <u>Claimant 200004902</u>

Special Master Hormozi recommended that Claimant 200004902 is ineligible for monetary relief because the claimant:  (1) does not meet the definition of "Nonhire Claimant" because the claimant passed Exam 7029, and (2) does not meet the definition of "Delayed-Hire Claimant" because he was not appointed as an entry-level firefighter with the FDNY.  The parties agreed to this determination.  The court reviewed the lists of individuals who took the two exams and the claimant's claim form and agrees with this determination.

Claimant 200004902 objected that he took Exam 7029 and assumed that he had failed the test because he never heard back from the FDNY.  He further objected that it is unfair that he passed the test, was not offered a job, and is nevertheless ineligible for relief in this lawsuit.  As set forth in the Memorandum & Order Addressing Objections, alleged intentional discrimination in the post-examination screening procedures is not within the scope of this court's liability finding, and thus cannot be considered in the criteria for relief.  (<u>See</u> Mem. & Order Addressing Objections at 15-17.)  The fact remains that this claimant does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination.  Therefore, this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

8.     Claimant 200000363

Special Master Cohen recommended that Claimant 200000363 is ineligible for monetary relief because even taking into account his time spent on active military duty, he was older than 29 by the beginning of the application period for Exam 2043 on June 28, 2002, and thus does not satisfy the "other lawful qualifications" required to be eligible for relief.  The parties agreed to this determination.  The court reviewed the lists of individuals who took the two exams and the claimant's claim form and agrees with this determination.

Claimant 20000363 objected on the basis of "age deduction for military service." Included with the materials relating to this claimant was a certificate showing that the claimant was in active military service for just over four years.  Unfortunately, even deducting his active military service, the claimant was still older than 29 years of age (approximately 29 years and two months) on June 28, 2002.  Therefore, he does not meet the criteria for relief, which were set forth based on the class of persons determined to be victims of the City's past discrimination, and this objection does not provide any basis for the court to modify or reject the Special Master's recommendation.

9.     Claimant 200006973

Special Master Peace recommended that Claimant 200006973 is ineligible for monetary relief because the claimant:  (1) does not meet the definition of "Nonhire Claimant" because the claimant passed Exam 7029, and (2) was not appointed as an entry-level firefighter with the FDNY.  The parties agreed to this determination.  The court reviewed the lists of individuals who took the two exams and the claimant's claim form and agrees with this determination.

Claimant 200006973 objected that "I passed written exam 7029 and was never called for investigation, appointed an investigator, or contacted further.  I was not offered the opportunity

27

to become a firefighter because of my ethnicity."  As set forth in the Memorandum & Order

Addressing Objections, alleged intentional discrimination in the post-examination screening

procedures is not within the scope of this court's liability finding, and thus cannot be considered

in the criteria for relief.  (See Mem. & Order Addressing Objections at 15-17.)  Therefore, this

objection does not provide any basis for the court to modify or reject the Special Master's

recommendation.

   **F.**  **June 28, 2013, R&Rs**

    1.  <u>Claimant 200002934</u>

   Special Master Cohen recommended that Claimant 200002934 is ineligible for monetary

relief because the claimant:  (1) does not meet the definition of "Nonhire Claimant because the

claimant was appointed by the FDNY as an entry-level firefighter on July 1, 2008; and (2) does

not meet the definition of a "Delayed-Hire Claimant" because although he took both Exam 2043

and Exam 7029, he did not receive a list number on the Exam 2043 eligible list, and received a

code of FRI the last time he was certified from the Exam 7029 eligible list.  The parties agreed to

this determination.  The court reviewed the lists of individuals who took the two exams and the

claimant's claim form and agrees with this determination.

   Claimant 200002934 objected that he took Exam 2043 and Exam 7029, but was

appointed as a firefighter through the EMT promotional exam on July 1, 2008.  He further

objected that "I should [have] been a firefighter more than 5 years before I was appointed to

firefighter."  However, the fact remains that that this claimant does not meet the criteria for

relief, which were set forth based on the class of persons determined to be victims of the City's

past discrimination.  Therefore, this objection does not provide any basis for the court to modify

or reject the Special Master's recommendation.

**IV.     CONCLUSION**

For the reasons explained above, Special Master Hormozi's June 27, 2013, R&R is

MODIFIED to reflect that Claimant 200001336 is ineligible for relief for the reasons given

herein rather than the reasons discussed in the R&R and otherwise ADOPTED, and the June 6,

2013, R&Rs, June 14, 2013, R&Rs, June 19, 2013, R&Rs, June 24, 2013, R&Rs, and June 28,

2013, R&Rs are ADOPTED IN FULL.

SO ORDERED.

/s/
_____
NICHOLAS G. GARAUFIS
United States District Judge

Dated: Brooklyn, New York
      August 8, 2013