UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X

UNITED STATES OF AMERICA,

                    Plaintiff,

                -and-

THE VULCAN SOCIETY, INC., *for itself and on
behalf of its members,* JAMEL NICHOLSON, *and*
RUSEBELL WILSON, *individually and on behalf
of a subclass of all other victims similarly situated
seeking classwide injunctive relief;*

ROGER GREGG, MARCUS HAYWOOD, *and*
KEVIN WALKER, *individually and on behalf of a
subclass of all other non-hire victims similarly
situated;* and

CANDIDO NUÑEZ *and* KEVIN SIMPKINS,
*individually and on behalf of a subclass of all other
delayed-hire victims similarly situated,*

                    Plaintiff-Intervenors,

                -against-

THE CITY OF NEW YORK,

                    Defendant.

---------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**07-CV-2067 (NGG) (RLM)**

NICHOLAS G. GARAUFIS, United States District Judge.

As part of the remedial phase of this litigation, the Special Masters have issued a series of

Reports & Recommendations ("R&Rs") as to the eligibility of individual claimants for priority

hiring and monetary relief.  (See Jan. 22, 2013, R&Rs (Dkt. 1044); Feb. 5, 2013, R&Rs

(Dkt. 1057); Feb. 19, 2013, R&Rs (Dkt. 1062); Mar. 1, 2013, R&Rs (Dkt. 1068); Mar. 6, 2013,

R&Rs (Dkt. 1071); Mar. 13, 2013, R&Rs (Dkt. 1078); March 22, 2013, R&Rs (Dkt. 1089); April

12, 2013, R&Rs (Dkt. 1096); April 19, 2013, R&Rs (Dkt. 1098); April 30, 2013, R&Rs

1

(Dkt. 1103); June 6, 2013, R&Rs (Dkt. 1145); June 14, 2013, R&Rs (Dkt. 1148); June 19, 2013, R&Rs (Dkt. 1149); June 24, 2013, R&Rs (Dkt. 1155); June 27, 2013, R&Rs (Dkt. 1157); June 28, 2013, R&Rs (Dkt. 1158).)  Each claimant was given the opportunity to object to the Special Masters' recommendations, and the court has independently reviewed each objecting claimant's eligibility.

Before the court are the renewed objections of Claimants 200004106, 20000777, 200004044, and 20005146 in relation to Special Masters Gonzalez and Hormozi's Reports and Recommendations stating that they are ineligible for priority hiring and monetary relief. Although claimants use the word "objection," and several filed objection forms, correspondence from these claimants comes in response to the court's final determination of their claims; thus the court will construe the submissions as motions for reconsideration.  (See Nov. 20, 2013, Ltr. Transmitting Objs. (Dkt. 1237); Sept. 9, 2013, Claimant Ltr.)  The court assumes familiarity with the background and procedural posture of this case.

## I.    LEGAL STANDARD

Federal Rule of Civil Procedure 60(b)(6) allows the court to reconsider a motion on any number of equitable grounds and is not time-limited.  After specifying a series of scenarios, none of which apply here, Rule 60(b) includes a catch-all provision, allowing reconsideration based on "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  Despite the apparent breadth of this clause, motions for reconsideration of a final judgment are "generally not favored," and are "properly granted only upon a showing of exceptional circumstances."  Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004) (quoting United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001)).  The party seeking relief has the burden of proving that there are "'extraordinary circumstances' justifying relief," under Rule 60(b)(6).  Fendi Adele S.R.L. v.

2

Burlington Coat Factory Warehouse Corp., 222 Fed. App'x 25, 26-27 (2d Cir. 2007) (citing

DeWeerth v. Baldinger, 38 F.3d 1266, 1272 (2d Cir. 1994); Schildhaus v. Moe, 335 F.2d 529,

530 (2d Cir.1964)). Extraordinary circumstances are circumstances such as jury verdict forms

that suggest a jury endorsed two, mutually exclusive outcomes, Azcel v. Labonia, 584 F.3d 52

(2d Cir. 2009), a complaint that was served on the Secretary of State pursuant to New York law

but never forwarded to the actual party, LaManna v. Concord Mortg. Corp., 244 F.R.D. 148

(N.D.N.Y. 2007), and undisclosed evidence that would have changed the outcome of the

litigation, Computer Professionals for Social Responsibility v. U.S. Secret Service, 72 F.3d 897

(D.C. Cir. 1996). These extraordinary circumstances all involve clear defects in the conduct of

the case itself.

## II.   RECONSIDERATION OF OBJECTIONS

### A. Claimant 200004106

On March 1, 2013, Special Master Gonzalez recommended that Claimant 200004106 was

not eligible for priority hiring and monetary relief because he did not meet the award criteria.

Specifically, Claimant 200004106 passed written examination 7029. (Mar. 5, 2013, R&R of

Special Master Hector Gonzalez (Dkt. 1068-2) at 12; see also Oct. 26, 2012, Final Relief Order

(Dkt. 1012); June 6, 2013, Modified Remedial Order (Dkt. 1143) (defining eligibility for priority

hiring and monetary relief).) On May 9, 2013, the court adopted Special Master Gonzalez's

recommendation. (Mem. & Order Adopting R&Rs.) Claimant 200004106 later attempted to

renew his objection by a letter dated September 9, 2013. (Compare Mar. 28, 2013, Notice of

Objs. to Special Master Eligibility Recs., (Dkt. 1091-1), at 46-47, with Sept. 9, 2013, Claimant

Ltr.)

3

When considering a pro se motion, the court construes it to include the strongest arguments that it suggests. See McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999). However, Claimant 200004106's letter repeats an argument that he previously made—that he was ill at the time of the physical examination. Claimant 200004106's latest letter contains more detail about the physical examination and includes allegations that the claimant was unable to reschedule. Claimant 200004106 also attaches documents related to the physical fitness examination, but they relate to scheduling an examination in 2013, not at the time he passed examination 7029. He claims he faces unique circumstances under which a departure from the court's usual eligibility criteria would be justified. (Sept. 9, 2013, Ltr.)

Claimant 200004106's failure to reschedule the physical fitness examination is not a unique circumstance. Nor does the claimant provide any information regarding extraordinary circumstances that should cause the court to reconsider its decision. As a result, the information in Claimant 200004106's letter does not provide a new reason that would make Claimant 200004106 eligible for relief despite being outside the class of persons entitled to relief under the court's orders. His motion for reconsideration is denied.

### B. Claimant 200000777

Claimant 200000777 objected to the United States' preliminary determination that he was ineligible for relief. Special Master Gonzalez reviewed his objection, issuing an R&R on March 1, 2013. (Dkt. 1068-2.) The Special Master found Claimant 200000777 ineligible for relief because he was not a U.S. citizen at the relevant time, and thus not qualified for appointment as a firefighter. (Id. at 8.) Claimant 200000777 did not object to this recommendation, which the court adopted on May 2, 2013. (Mem. & Order Adopting R&R (Dkt. 1106).) Claimant 200000777 has now filed an objection, which the court construes as a motion for reconsideration,

4

stating that he was discriminated against and pointing out his qualifications as a welder. (Obj. (Dkt. 1237-1) at 1, 3-10.)

Although the claimant might be otherwise well-qualified to be a firefighter, he does not contest the Special Master's determination that he was not a U.S. citizen during the relevant period. Because he was not a U.S. citizen, he was not eligible for hiring. The new information that he has submitted does not suggest an extraordinary circumstance that would justify altering his eligibility determination when he still does not meet the criteria for relief. As a result, Claimant 200000777's motion is denied.

### C. Claimant 200004044

Claimant 200004044 did not object to the United States' preliminary determination that he was ineligible. (Feb. 19, 2013, Gonzalez R&R (Dkt. 1062-6) at 6, 11.) Special Master Gonzalez reviewed the United States' determination and agreed that Claimant 200004044 was ineligible for relief because he had passed written examination 7029, had not taken 2043, and had not been appointed as a firefighter. (Id. at 7, 11.) These characteristics put Claimant 200004044 outside the class eligible for relief. On May 9, 2013, the court adopted the Special Master's recommendation. (Mem. & Order Adopting R&R, at 1112.)

Claimant 200004044 now states that he passed both the written and physical examinations and never received any follow-up notice. (Obj. (Dkt. 1237-1) at 11.) This information does not create a circumstance demanding post hoc relief, as it merely confirms the previous determination that Claimant 200004044 is ineligible for relief because he is not part of the relevant class. As a result, his motion for reconsideration is denied.

5

**D. Claimant 200005146**

On April 12, 2013, Special Master Hormozi recommended that Claimant 200005146 was

not eligible for priority hiring and monetary relief because he did not meet the award criteria.

(Hormozi R&R (Dkt. 1096-3) at 13.)  Claimant 200005146 passed exam 2043 but did not

receive a list number higher than 5646 on the eligible list and received a designation code of

NQA, thus he did not meet the definition of "Nonhire Claimant."  Claimant 200005146 also did

not meet the definition of "Delayed Hire Claimant" because he had never been hired as an entry-

level firefighter.  (Id. at 13.)  In his previous objection Claimant 200005146 indicated he passed

both the written and physical examinations and was selected for an interview, but not hired.

(May 9, 2013, Objs. To Special Master Eligibility Recs. Received from Apr. 25 to May 9, 2013,

pt. 2 (Dkt. 1111-2) at 16-17.)  In its memorandum and order addressing objections, the court

noted that Claimant 200005146 received a code of NQA because he had not fulfilled the

educational requirements for appointment; however, it noted he would not be eligible for relief

"regardless" of this code because he did not meet the other criteria.  (June 3, 2013, Order

Adopting R&R (1135) at 60.)

Claimant 200005146 states in his most recent correspondence that the City's records are

wrong and that he does meet the educational requirements because he has six months of

satisfactory paid work experience.  (Aug. 24, 2013, Ltr. (Dkt. 1237-1).)  Even if the claimant

does meet this criterion, however, he would remain ineligible for relief based on the class

criteria.  Thus he has demonstrated no extraordinary circumstance justifying relief and his

motion for reconsideration is denied.

6

## III.   CONCLUSION

For the reasons discussed above, Claimants 200004106, 20000777, 200004044, and

20005146's motions for reconsideration are DENIED.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
       December 3, 2013

NICHOLAS G. GARAUFIS
United States District Judge

7