UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

UNITED STATES OF AMERICA,

      Plaintiff,

  -and-

THE VULCAN SOCIETY, INC., *for itself and on behalf of its members*, JAMEL NICHOLSON, *and* RUSEBELL WILSON, *individually and on behalf of a subclass of all other victims similarly situated seeking classwide injunctive relief*;

ROGER GREGG, MARCUS HAYWOOD, *and* KEVIN WALKER, *individually and on behalf of a subclass of all other non-hire victims similarly situated*; and

CANDIDO NUÑEZ *and* KEVIN SIMPKINS, *individually and on behalf of a subclass of all other delayed-hire victims similarly situated*,

      Plaintiff-Intervenors,

  -against-

THE CITY OF NEW YORK,

      Defendant.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**07-CV-2067 (NGG) (RLM)**
**13-CV-3123 (NGG) (RLM)**

NICHOLAS G. GARAUFIS, United States District Judge.

On December 30, 2015, Plaintiff-Intervenors filed a consent motion seeking preliminary approval of the parties' settlement of Plaintiff-Intervenors' claims for attorneys' fees and costs. (Mot. for Prelim. Approval (Dkt. 1655).) The court preliminarily approved the settlement on February 18, 2016, and authorized notice of the settlement to be sent to the class. (Feb. 18, 2016, Order (Dkt. 1664).)

Now before the court is Plaintiff-Intervenors' Motion for Final Approval of Settlement Respecting Attorneys' Fees. (Not. of Mot. for Approval of Settlement Agreement Respecting Att'ys' Fees (Dkt. 1673).) For the reasons stated below, the court GRANTS Plaintiff-Intervenors' motion.

## I. BACKGROUND

### A. Background on the Litigation

On a number of occasions, the court has recounted the length history of this action. (See, e.g., Aug. 30, 2013, Mem. & Order ("Interim Fee Order") (Dkt. 1194); June 5, 2015, Mem. & Order (Dkt. 1598).) The court incorporates those descriptions here.

For the purposes of this Memorandum and Order, the court need only briefly recount Plaintiff-Intervenors' counsel's involvement in the litigation. Plaintiff-Intervenors' counsel have been involved in this cases since 2002 when they filed an initial charge with the Equal Employment Opportunity Commission. (Decl. of Richard A. Levy in Supp. of Mot. for Att'ys' Fees ("Levy Decl.") (Dkt. 1655-1) ¶ 2.) Plaintiff-Intervenors' counsel has litigated before this court since 2007. (Id.) Plaintiff-Intervenors' counsel played an integral role in obtaining wide-ranging relief in this case. (Id. ¶¶ 20, 24.) Indeed, this litigation has resulted in not only significant monetary damages for class members, but also widespread changes to the New York City Fire Department. (Id.)

### B. The Proposed Attorneys' Fees Settlement

The proposed attorneys' fees settlement provides that Defendant will pay Plaintiff-Intervenors' counsel $9,500,000.00 "in settlement of all claims for attorneys' fees and costs as prevailing parties in this action for time expended through and including April 30, 2015." (Settlement Agreement (Proposed Order Preliminarily Approving Settlement Agreement

(Dkt. 1655-1) ¶ 1.) The parties further agree that Plaintiff-Intervenors' counsel is entitled to ongoing reasonable fees for their continued role in monitoring the relief ordered in this case (id. ¶ 4), and sets forth a procedure for the parties to claim future payments (id. ¶¶ 5-8).

## II.   LEGAL STANDARD

"Although litigants are normally expected to pay their own expenses, '[t]here is a salient exception to this general rule that applies where an attorney succeeds in creating a common fund from which members of a class are compensated for a common injury inflicted on the class.'" Dupler v. Costco Wholesale Corp., 705 F. Supp. 2d 231, 242 (E.D.N.Y. 2010) (quoting Goldberger v. Integrated Res., Inc., 209 F.3d 43, 47 (2d Cir. 2000)). Accordingly, "in a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). "In such a situation, a court can apply two methods to assess the reasonableness of the requested fee: the percentage method or the lodestar method." Dupler, 705 F. Supp. 2d at 242. "With the percentage method, the court sets as the fee some percentage of the common benefit fund. Alternatively, a court may calculate the presumptively reasonable fee (formerly the 'lodestar method'), where the court multiplies what it determines to be a reasonable hourly rate by the number of hours reasonably expended on the case." Bezio v. Gen. Elec. Co., 655 F. Supp. 2d 162, 167 (N.D.N.Y. 2009) (internal quotation marks and citations omitted).

"Whatever method is used, the reasonableness of a common fund fee award is governed by the so-called Goldberger factors: (1) counsel's time and labor; (2) the litigation's complexities and magnitude; (3) the litigation risks; (4) quality of representation; (5) the relationship of the requested fee to the settlement; and (6) considerations of public policy." Masters v. Wilhelmina Model Agency, Inc., 473 F.3d 423, 436 (2d Cir. 2007); see also Dupler, 705 F. Supp. 2d at 243.

3

## III. DISCUSSION

### A. Percentage of the Fund

Here, the black subclasses (represented by Plaintiff-Intervenors' counsel) recovered approximately $68.7 million in back pay, fringe benefits, prejudgment interest, and compensatory damages. (Levy Decl. ¶ 24.) In addition, the black subclasses received considerable, although difficult to quantify, injunctive relief (including retroactive seniority, pension benefits, and pension interests). (Id. ¶¶ 24-27.) Even assuming that recovery was limited to pure monetary benefits, the $9.5 million in fees and costs is approximately 13.8 percent of the $68.7 million recovery. A 13.8 percent fee is well within the range of percentages that courts in this circuit have found reasonable. See, e.g., Ebbert v. Nassau County, No. 05-CV-5445 (AKT), 2011 WL 6826121, at *15 (E.D.N.Y. Dec. 22, 2011).

More important, the $9.5 million in attorneys' fees are not being taken from the class common fund at all. Instead, the attorneys' fees here were negotiated separately from the class recovery and are being paid directly by Defendant. "[T]he fact that the award here is lower than many awards actually taken from a common fund, at the expense of absent class members, is further evidence of its reasonableness." McBean v. City of New York, 233 F.R.D. 377, 393 (S.D.N.Y. 2006). Thus, using the percentage of the fund approach, the court finds the attorneys' fees settlement reasonable.

### B. Lodestar

The same is true using the lodestar method. Using the hourly rates approved in this court's Interim Fee Order, Plaintiff-Intervenors fees and costs as of April 30, 2015, total approximately $11.2 million. (Levy Decl. ¶¶ 35-36.) Thus, Plaintiff-Intervenors' counsel will be paid at a significant discount under the attorneys' fees settlement. Other courts have approved

attorneys' fees settlements that exceed the lodestar calculation where the attorneys' fees are not paid out of the class fund. See, e.g., McBean, 233 F.R.D. at 392. Accordingly, the court concludes that under the lodestar approach the settlement is reasonable.

### C. Goldberger factors

Finally, the Goldberger factors support the reasonableness of the attorneys' fees settlement.

First, Plaintiff-Intervenors' counsel has spent significant time and labor on this litigation. Indeed, even in the Interim Fee Order in 2013, the court recognized that:

> This long-running litigation has involved numerous complex issues and required continuous work by many of the litigation attorneys. The parties engaged in unusually contentious discovery, during which it was discovered on more than one occasion that the City had failed to disclose significant information or pertinent documents, causing significant prejudice to the other litigants. Plaintiff-Intervenors divided their attention between pursuing several different types of relief, including class relief, individualized damages, and equitable relief. This case has thus operated on many levels and has required high levels of skill and attention from counsel.

(Interim Fee Order at 13-14.) Plaintiff-Intervenors' attorneys have continued to work diligently since then. Indeed, since 2013, Plaintiff-Intervenors' attorneys have, among other things, (1) continued to engage in weekly calls with the Special Masters overseeing compensatory damages awards (Levy Decl. ¶ 7); (2) continued to engage in weekly calls with the Court Monitor (id. ¶ 8); (3) worked with members of the class to understand the requirements of the claims process (id. ¶ 10); and (4) settled the intentional discrimination claim following extensive trial preparation (id. ¶ 11). Thus, the court easily concludes that Plaintiff-Intervenors' counsel has spent significant time and labor on this litigation.

5

Second, the court finds that this litigation was complex and large. In fact, the court already found in the Interim Fee Order that the litigation has been "complex." (Interim Fee Order at 13.) Likewise, there is no doubt that this litigation has been large. As the court found in 2013, this case operated "on many levels" and resulted in "wide-ranging equitable relief." (Id. at 14.) The court sees no reason to revisit these conclusions.

Third, Plaintiff-Intervenors' attorneys took on significant risk in litigating this case. As the court noted in the Interim Fee Order:

> Plaintiff-Intervenors faced some unique and significant obstacles in this litigation. The United States did not join in the hearing regarding injunctive relief, and Plaintiff-Intervenors opposed a defendant who aggressively opposed their evidence and their arguments. They and their clients were subjected to continuous negative press questioning their motives and berating their efforts to end discrimination. They litigated against a defendant with a team of attorneys, significant resources (both political and financial), and seemingly unlimited resolve to oppose their every move. Nevertheless, they worked tirelessly in the name of civil rights, and worked without remuneration.

(Interim Fee Order at 14.)

Fourth, Plaintiff-Intervenors' counsel has provided exceptional representation throughout this litigation. Indeed, the court has recognized that "this case has required extraordinary effort and skill." (Id.)

Fifth, the relationship of the requested fee to the settlement supports approval. As noted above, the requested attorneys' fees are being paid directly by Defendant, and rather than from the class's recovery. This weighs in favor of approval. Dupler, 705 F. Supp. 2d at 243-44.

Finally, the court finds that the public interest favors approving the fee settlement because "the proposed fee award properly balances the policy goal of encouraging counsel to pursue meritorious actions while protecting against excessive fees." Id. at 244.

6

### D. The Objections

The court has reviewed the objections to the settlement and finds them to lack merit. First, on the whole there are very few objections. Notices and objection forms were delivered to 741 individuals, of which only 18 objected. (Pls.' Mem. in Supp. of Final Approval ("Pls.' Final Approval Mem.") (Dkt. 1673-1) at 3.) "[T]his small number of objections weigh[s] in favor of the settlement." D'Amato v. Deutsche Bank, 236 F.3d 78, 87 (2d Cir. 2001). Second, the vast majority of the objections are based on the mistaken belief that attorneys' fees are being taken from the class's recovery. (See generally id. at 3-4.) As noted above, the attorneys' fees settlement was negotiated after the class relief was negotiated. Moreover, the attorneys' fees are being paid directly by Defendant, and therefore are not being deducted from the class's recovery at all. Third, many objectors believe that the fee is either objectively too large, or too large in relation to the individual monetary awards provided to the class. (See generally Pls.' Final Approval Mem. at 4-7.) The court has already found that the amount of attorneys' fees provided by the settlement is reasonable when measured either under the percentage of the fund or the lodestar method. Moreover, to the extent the objections are based on the belief that the class should have been paid more, the court has already found the settlement of the class's claims to be fair. In any event, the settlement of the attorneys' fees has been entirely independent of the settlement of the class's claims. Thus, the court rejects these objections. The court has reviewed the remaining miscellaneous objections and finds them to be without merit.

## IV. CONCLUSION

For the reasons stated above, Plaintiff-Intervenors' motion for approval of the attorneys' fees and costs settlement is GRANTED.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
June 15, 2016

NICHOLAS G. GARAUFIS
United States District Judge