UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,

-and-

THE VULCAN SOCIETY, INC., *for itself and on behalf of its members*, JAMEL NICHOLSON, *and* RUSEBELL WILSON, *individually and on behalf of a subclass of all other victims similarly situated seeking classwide injunctive relief*;

ROGER GREGG, MARCUS HAYWOOD, *and* KEVIN WALKER, *individually and on behalf of a subclass of all other non-hire victims similarly situated*; and

CANDIDO NUÑEZ *and* KEVIN SIMPKINS, *individually and on behalf of a subclass of all other delayed-hire victims similarly situated*,

                Plaintiff-Intervenors,

-against-

THE CITY OF NEW YORK,

                Defendant.

**ORDER**

**07-CV-2067 (NGG) (RLM)**

-------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

In the Final Relief Order, the court found that "individuals who satisfy the definition of Nonhire Claimant or Delayed-Hire Claimant, as well as the other lawful qualifications, will be eligible to receive . . . damages for certain noneconomic harms." (Final Relief Order (Dkt. 1012) at 8.) Special Master Cohen found that Claimant 200000471 satisfied these criteria, and consequently was potentially entitled to damages for certain noneconomic harms. (June 6, 2013, R&R (Dkt. 1145-3) at 7.) The court adopted Special Master Cohen's Report and

1

Recommendation. (Mem. & Order (Dkt. 1112).) Accordingly, Claimant 200000471 was entitled to present his claim for noneconomic harm to a Special Master for a Report and Recommendation on damages. (Final Relief Order; Mem. & Order Confirming Appointment of Special Masters (Dkt. 883).)

On January 30, 2014, Claimant 200000471 submitted his claim to Special Master Jones. (Dec. 21, 2015, R&R (Dkt. 1653) at 3.) On July 9, 2015, Claimant 200000471 appeared before Special Master Jones for a damages hearing. (Id. at 3.) Before the court is Special Master Jones's Report and Recommendation, which found that Claimant 200001350 is eligible for a compensatory damages award in the amount of $15,000. (Id. at 13.)

On January 30, 2016, Claimant 200000471 filed an objection to the R&R. (Obj. to R&R (Dkt. 1659-1) at 1.) However, Claimant 200000471's specific basis of disagreement with the R&R is not clear. (Id.) He simply says that he "wishes to exercise the right to object," and that "can/will properly demonstrate all unknown facts during the next deserving litigation." (Id.) Nonetheless, the court has reviewed the R&R de novo and adopts the well-reasoned R&R. See Fed. R. Civ. P. 53; United States v. City of New York, No. 07-CV-2067 (NGG) (RLM), 2013 WL 4516108, at *1 (E.D.N.Y. Aug. 19, 2013). Accordingly, Special Master Jones's Report and Recommendation is ADOPTED IN FULL.

SO ORDERED.

Dated: Brooklyn, New York
August 3, 2016

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

2