

800 Third Avenue
New York, NY 10022
+1 212 957 7600 phone
www.cohengresser.com

July 30, 2021

VIA ELECTRONIC FILING

Hon. Nicholas G. Garaufis
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re: *United States v. City of New York,* No. 07-CV-2067(NGG)

Dear Judge Garaufis:

  As directed by the Court at the July 15, 2021 status conference and in the Court's subsequent July 15, 2021 Order, the Court Monitor writes to advise the Court regarding the City's plan to provide for ongoing fitness training for candidates who have passed the CPAT exam, in compliance with the relevant provision of the Court's June 9, 2021 Order resolving the Parties' dispute regarding CPAT processing (Dkt. # 2033) (the "June 9 Order").

City's Fitness Training Plan

  In relevant part, the Court's June 9 Order provided as follows:

> The City is directed to make available to all Black and Hispanic candidates who have already passed the CPAT examination, when safety permits, an opportunity to maintain fitness and to practice on a stairmill at least every two weeks (whether at the Bureau of Health Services, through an arrangement with a gym, at a leased site, or any other option the City may deem suitable.)

  As discussed at the July 15, 2021 conference, the City initially proposed a program for fitness training that would not immediately have served all Black and Hispanic candidates covered by the June 9 Order, in that the City's proposal focused on candidates likely to be called for further processing in the near future. However, in subsequent communications and discussions with the Monitor and the other Parties, the City has advised that it now plans to offer a program of fitness training, including a stairmill component, to all candidates, including all Black and Hispanic candidates, who remain in processing or currently eligible for further processing and who have passed the CPAT examination, consistent with the June 9 Order.

Case 1:07-cv-02067-NGG   Document 2045   Filed 07/30/21   Page 2 of 3 PageID #: 44941



      The City plans to offer three two-hour training sessions each week on alternating weeks, using five stairmills at the Fire Academy on Randall's Island.  The training will include work on the stairmill along with other fitness training intended to prepare candidates for the stairmill component of the Medical Exam.  The Monitor plans to obtain from the City and review participation figures from the program as it proceeds, and it will continue to assess whether the program provides sufficiently for all post-CPAT Black and Hispanic candidates who wish to participate.

      As discussed at the July 15 conference, the Monitor, Plaintiffs-Intervenors, and the United States have expressed concerns that with training offered only at the Fire Academy, and not at any sites more readily accessible by public transit, candidates may be prevented or discouraged from participating in the fitness program, and that consequently the program may not serve the required group effectively.  Counsel for Plaintiffs-Intervenors, as well as representatives of the Vulcan Society, have reported that travel to Randall's Island presents a challenge, and that travel time could significantly outweigh the actual stairmill training time; and Plaintiffs-Intervenors believe that training incorporating a stairmill component should be made available at additional sites.

      The City has expressed its belief that the Randall's Island location is not a barrier to candidate participation.  The City initially indicated that it believed certain prior survey responses demonstrate that candidates do not perceive travel to Randall's Island as a deterrent, but the Monitor was unable to locate any survey responses in the record that address this issue, and the City has not identified or provided such evidence in response to requests to do so from July 7th to date.  The City reports that it has received anecdotal information from discussions with candidates supporting its position that the Randall's Island location is not a barrier, and it reports that candidates who were previously offered the opportunity to participate in CPAT training programs at FDNY Headquarters in Brooklyn expressed a preference for the Randall's Island location.  However, the Monitor and the other Parties do not believe that these anecdotal reports relating to other programs are sufficient to show that an Academy-based training program will be fully effective in making training available to all the candidates covered by the June 9 Order.[1]

---

[1] The City has also noted that it recently resumed its program of FDNY Mobile Academy events, which include some fitness training elements, and which the City has previously held at various locations accessible to mass transit.  The first event in the revived program was held at a Bronx location on July 26.  As described by the City, Mobile Academy activities include calisthenics led by a Fitness Instructor; competitive hose drag and saw carry races; forcible entry technique training; and mobile CPR training.  Although these events may offer candidates some additional fitness training opportunities, they do not directly address the requirements of the June 9 Order:  as described, they do not include a stairmill component, and the City has not specified how frequently they will take place.



    The City has proposed including inquiries regarding candidates' ability and willingness to attend training at the Academy in questions it plans to pose to candidates as part of its effort to comply with the Court's requirement, in the June 9 Order, that the City conduct a focus group with candidates who have passed the CPAT and are expected to wait before being called for further processing.  The Monitor plans to review the responses to those questions along with participation figures for the Academy site in order to assess whether additional training sites may be needed to serve the target group identified in the Court's June 9 Order effectively.

<u>City Request for Modification of the Court's June 9 Order</u>

    Although the City's current plan is intended to serve all the candidates covered by the June 9 Order, the City has requested a modification that would permit it to exclude one subset of candidates.  The City has noted that the June 9 Order would compel it to make training available to some candidates with Adjusted Final Averages below 99, which make them unlikely to be reached for further processing or appointment from the current hiring list (following bonus point adjustments that dropped their scores below the scores based on which they were called for CPAT).  Accordingly, the City has advised the Monitor that it respectfully requests modification of the fitness training component of the June 9 Order to cover only those Black and Hispanic candidates who remain in processing or eligible for further processing and who have a current AFA of 99 or higher.  The Monitor agrees that this modification of the Court's Order is appropriate, provided that the limitation may be adjusted if it later appears that candidates with lower scores may be reached.

                   Respectfully submitted,

                   /s/ Mark S. Cohen

cc:  All counsel